UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| **United Association National Pension Fund, et al.,** | ) ) ) | No. 22-cv-02126-PHX-MTL |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Phoenix, Arizona January 19, 2023 |
| **Carvana Company, et al.,** | ) ) | 11:41 a.m. |
| Defendants. | ) ) | |

_____

BEFORE:   THE HONORABLE MICHAEL T. LIBURDI, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

STATUS HEARING

Official Court Reporter:
Cathy J. Taylor, RMR, CRR, CRC
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 31
Phoenix, Arizona 85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**A P P E A R A N C E S**

For the Plaintiffs:
    ROBBINS, GELLER, RUDMAN & DOWD
    By:  **Mr. Daneil S. Drosman, Esq.  (Telephonic)**
    655 West Broadway, Suite 1900
    San Diego, California  92101

For the Defendants:
    FENNEMORE CRAIG
    By:  **Ms. Andrea Lynn Marconi, Esq.  (Telephonic)**
    2394 East Camelback Road, Suite 600
    Phoenix, Arizona  85016

For the Defendants:
    LATHAM & WATKINS
    By:  **Ms. Susan Engel, Esq.  (Telephonic)**
         **Mr. Matthew Peters, Esq.  (Telephonic)**
    555 11th Street NW, Suite 1000
    Washington, DC  20004-1304

UNITED STATES DISTRICT COURT

# P R O C E E D I N G S

(Court was called to order by the courtroom deputy.)

(Proceedings commence at 11:41 a.m.)

THE COURTROOM DEPUTY:  Civil Case 22-2126, United Association National Pension Fund, and others, vs. Carvana Company.  This is the time set for status conference.

Please announce your presence for the record starting with the plaintiff.

MR. DROSMAN:  Good morning, Your Honor.  Daniel Drosman on behalf of plaintiffs from the law firm of Robbins, Geller, Rudman & Dowd.

THE COURT:  Okay.  Good morning.

Who else?

MS. MARCONI:  Good morning, Your Honor.  Andrea Marconi with the law firm of Fennemore Craig for defendants Carvana Co., Ernest Garcia, III, and Mark Jenkins.

I also have with me this morning from Latham & Watkins Susan Engel and Matthew Peters, also counsel for defendants.

THE COURT:  Okay.  Thank you.

Anybody else?

I don't think this will take long, and let's try and bear with this feedback on the line.

This case, I guess two cases, were received from the District of New Jersey.  I've ordered the two cases consolidated.  The reason why I wanted to have this conference

was to address an anomaly that our clerk's office staff has identified. And maybe we're missing something or, you know, something that -- that counsel can identify -- help us figure out, is there -- is that it appears that the District Court in New Jersey appointed lead counsel and a lead plaintiff, and that being the United Association National Pension Fund and Saskatchewan Healthcare Employees Pension Fund -- or Pension Plan, and then appointed the Robbins Geller firm as lead counsel for plaintiffs, but I cannot determine if these parties are actual plaintiffs in these cases that I've received.

Would somebody like to --

MR. DROSMAN: Your Honor, this is Daniel -- I'm sorry.

THE COURT: Yeah. Go ahead.

MR. DROSMAN: I didn't mean to interrupt you.

I was just going to say, these are -- these are actual plaintiffs in the law firm -- in the lawsuit. The United Association National Pension Fund and the Saskatchewan Healthcare Employees Pension Plan have not yet filed a complaint, which may be the source of the confusion. But under the governance and statute, the PSLRA, the Private Securities Litigation Reform Act, a plaintiff or plaintiffs may be appointed lead plaintiff without filing a complaint. And then, as Your Honor is aware, we filed a joint stipulation with defendants on January 3rd, 2023, seeking to file a consolidated complaint on February 14th.

So I guess the short answer to your question is, yes, those two plaintiffs are, indeed, actual plaintiffs.

THE COURT:  Okay.  So then what I'm hearing from you is that after I grant your stipulation that sets forth the filing events, when the -- when the amended complaint is filed, it will identify your clients as plaintiffs, and it'll just follow through on the prior order from the District of New Jersey that your clients will be lead plaintiffs.

Am I understanding that correctly?

MR. DROSMAN:  Exactly right.

THE COURT:  Okay.  All right.  Does anybody have anything else to add to that issue?

Ms. Marconi?

MS. ENGEL:  This is Susan Engel for defendants, Your Honor --

THE COURT:  I'm sorry.  Sorry.  You have to stop.  Stop.  Stop.

I think we may have identified the source of our -- of our interference.  But whoever was just speaking, you sound like a robot transmitting from outer space.  I think that's the best way for me to describe that.

MS. ENGEL:  Well, I'm so sorry.  I don't hear anything on my end.

THE COURT:  Yeah.  That's not working.  That's not working.  Sorry.

MS. MARCONI:  If I may, Your Honor, I will -- this is Andrea Marconi.  I'll jump in for Ms. Engel.  I believe she was trying to say that there's nothing else further on the defendant's end.

THE COURT:  Okay.  Well, thanks, Ms. Marconi.

MS. MARCONI:  You're welcome.

THE COURT:  One moment, everybody.

(The Court and the courtroom deputy confer.)

THE COURT:  Okay.  Just -- just -- so I just have one other thing, and this is a nit.  And I -- and I feel -- I feel bad bringing this up, but I just want you all to know I was a bit taken aback in your stipulation when you all -- you used this -- used the language that -- that this conference shall be adjourned.  And -- and I just say that because when I read that, I -- I drew the conclusion that you all assumed why I wanted to have this conference.  And you -- and if you did, you assumed incorrectly.

So just -- just as a practice pointer, at least with respect to this case, please don't do that again, because, as you could tell, I had an issue that I wanted to discuss with you all that -- that you did not address in that stipulation.

Would anybody like to address that?  And if the answer is no, that's fine with me.  Anybody?  No?  Okay.

All right.  Well, I'm going to issue the order granting your stipulation.  That'll come out in written order

later today.  And just to recap, lead plaintiff shall file a consolidated complaint by February 14, 2023.  The defendants shall move to dismiss the consolidated complaint no later than April 13.  And then the lead plaintiffs can file their opposition to the motion to dismiss on May 30th.  The reply shall be filed no later than June 23rd, 2023.  And then when I receive the -- when the briefing is closed, I'll make a determination as to whether oral argument is appropriate.

So you all can -- can identify, and, in fact, it would be helpful to put in your briefs, if you wish to have oral argument.  I'll take -- I'll look at that.  And if I feel oral argument is necessary, I'll set an oral argument.

All right.  Last time for the good of the order.  Does anybody have anything else?

MR. DROSMAN:  Nothing from plaintiffs, Your Honor.  Thank you for your time.

MS. MARCONI:  Nothing for defendants, Your Honor.  Thank you again for your time.  We appreciate it.

THE COURT:  Thank you all.

Court is adjourned.

(Proceedings conclude at 11:49 a.m.)

---oOo---

UNITED STATES DISTRICT COURT

**C E R T I F I C A T E**

I, CATHY J. TAYLOR, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 21st day of January, 2023.


s/Cathy J. Taylor_____
Cathy J. Taylor, RMR, CRR, CRC


UNITED STATES DISTRICT COURT