FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona  85016
Telephone:  (602) 916-5000
Email:  dnorthup@fennemorelaw.com
Email:  amarconi@fennemorelaw.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Susanna M. Buergel (*pro hac vice*)
David P. Friedman (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: sbuergel@paulweiss.com
Email: dfriedman@paulweiss.com

*Counsel for Defendants Citigroup Global Markets
Inc. and J.P. Morgan Securities LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation, | No. CV-22-2126-PHX-MTL |
|---|---|
| | **JOINDER OF UNDERWRITER DEFENDANTS IN CARVANA DEFENDANTS' REPLY IN FURTHER SUPPORT OF THE MOTION TO DISMISS** |
| | **(Oral Argument Requested)** |

The Underwriter Defendants[1] submit this brief joinder in further support of the Carvana Defendants' Motion to Dismiss and in response to Lead Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss ("Opp.").

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs have no response to the legal defects mandating dismissal of their claims under Sections 11 and 12(a)(2) of the Securities Act (the only claims against the

---

[1] Capitalized terms not otherwise defined herein have the meaning set forth in the Joinder of Underwriter Defendants in the Carvana Defendants' Motion to Dismiss Lead Plaintiffs' Consolidated Complaint (the "Joinder") (ECF No. 52).

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

Underwriter Defendants).  Instead, their brief—like the complaint—merely lumps all allegations and defendants together, fails to explain how any of the alleged misstatements were false or material, and fails to allege that J.P. Morgan was a statutory seller.

### A.    Plaintiffs' Securities Act Violations Sound in Fraud

Plaintiffs' argument that their claims are governed by Rule 8 because they "'expressly plead only negligence' and 'carefully crafted the complaint so that their negligence-based claims are wholly separate from their allegations of fraud'" fails.  Opp. 56. Plaintiffs' Securities Act allegations are premised on the same subjects and theories of falsity as the corresponding Exchange Act allegations.  Joinder 3–4.  That Plaintiffs added the word "negligently" to their Securities Act allegations does not change that they rely on a unified course of alleged fraudulent conduct.  *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1068 (N.D. Cal. 2010) ("[I]t is the conduct pled that matters—not necessarily the words with which plaintiffs artfully seek to allege their claims."); *see also Dresner* v. *Silverback Therapeutics, Inc.*, 2022 WL 16716165, at *6–7 (W.D. Wash. Nov. 4, 2022) ("[A]lleging . . . the same set of facts are fraudulent in one claim, but negligent in another," without adequate rationale, means Securities Act claims sounded in fraud).

### B.    Plaintiffs Fail to Plead Violations of Sections 11 and 12(a)(2)

Plaintiffs' Securities Act allegations are premised on four categories of alleged falsity: misstatements regarding "retail sales unit growth," "the benefits of purchasing cars from customers," "nationwide market expansion," and "title and registration practices." Joinder 3–4.  In their opposition, Plaintiffs do not engage with the Underwriter Defendants' arguments that 1) most of the challenged statements are non-actionable puffery, forward-looking statements, or opinions; and 2) Plaintiffs fail to allege that the statements are false or misleading.  *See id.* at 4.  Instead, they rely solely on their Exchange Act arguments, without specifically addressing the statements in the registration statement underlying their Securities Act claims.  Opp. 55.  For example, while Plaintiffs contend that Defendants falsely stated that Carvana "expect[ed] wholesale sales to increase with retail units," Carvana viewed "growth in retail units sold" as a "key measure of growth," and Carvana

planned to build infrastructure to support growth in retail units and "plan[ned] to grow the number of vehicles that [it] purchase[s] from [its] customers," ¶¶ 433–435, nowhere do they dispute that these are forward-looking statements that are not actionable, or explain how these statements about Carvana's expectations for and methods of measuring growth were false.  Plaintiffs' contention that it was misleading for Carvana to state that it "assess[ed] vehicles on the basis of quality" ignores that the statement relates to Carvana's assessment of *how much to pay for a vehicle*, *see* ¶ 432, and Plaintiffs do not allege vehicle quality was not one of (multiple) criteria Carvana assessed in determining an offer price. And Carvana's statements concerning the advantages of its business model over traditional dealerships were—in context—both non-actionable puffery and opinions.  *See* ¶¶ 427–430; *see also In re FuboTV Inc. Sec. Litig.*, 2023 WL 2711826, at *14 (S.D.N.Y. Mar. 30, 2023) (statements about "competitive strength" were puffery); *In re Teladoc Health, Inc. Sec. Litig.*, 2023 WL 4351455, at *9 (S.D.N.Y. July 5, 2023) (optimistic statements about company's offerings versus peers were "classic statements of opinion").

Plaintiffs have also failed to plead actionable misstatements or omissions about titling and registration risks, including under Item 105.  Plaintiffs do not allege that any of the challenged risk disclosures were false, nor do they allege how any alleged omissions related to "titling issues" were material when the challenged statements were made in April 2022. Joinder 4–5.  Instead, Plaintiffs claim that Defendants did not disclose that Carvana's titling practices had increased the risk of regulatory penalties, Opp. 56, but that is not a violation of the securities laws.  *See* Joinder 4–5; *see also City of Pontiac Policemen's and Firemen's Ret. Sys.* v. *UBS Asset Mgmt. Holding AG*, 752 F.3d 173, 184 (2d Cir. 2014).

### C.      Plaintiffs Fail to Allege that J.P. Morgan is a Statutory Seller.

To plead a Section 12(a)(2) claim, Plaintiffs must allege facts establishing that each Defendant either passed title in Carvana stock to Plaintiffs or solicited their purchase of Carvana stock in the Offering.  *See* Joinder 5.  Plaintiffs do not allege that J.P. Morgan passed title in Carvana stock to Plaintiffs; they allege that they purchased stock in the Offering from another Defendant.  ¶¶ 18–19.  The opposition does not dispute this point.

Nor do Plaintiffs sufficiently allege that J.P. Morgan solicited the sale of such stock to Plaintiffs.  Plaintiffs' reliance on *Pino* v. *Cardone Capital, LLC*, 55 F.4th 1253 (9th Cir. 2022), is misplaced.  In *Pino*, the Ninth Circuit found that detailed allegations about defendants' "extensive solicitation efforts," including specifically identified social media posts, online videos, and a marketing presentation attended by plaintiff, sufficed to satisfy the solicitation prong under *Pinter*.[2]  *Id.* at 1257–60.  Here, Plaintiffs do not allege when, where, or how J.P. Morgan allegedly solicited the purchase of Carvana stock.  Instead, Plaintiffs merely rely on entirely conclusory allegations that J.P. Morgan, lumped in with other Defendants, "marketed Carvana common stock to potential investors," and that "[b]ut for their participation in the 2022 Public Offering, including their solicitation, the Public Offering could not, and would not have been accomplished."  Opp. 59.  Allegations that an underwriter generally marketed or participated in an offering are too "conclusory and insufficient" to make the underwriter a statutory seller.  *Welgus* v. *TriNet Grp., Inc.*, 2017 WL 6466264, at *31 (N.D. Cal. Dec. 18, 2017), *aff'd*, 765 F. App'x 239 (9th Cir. 2019).

### CONCLUSION

For these reasons, and all of the reasons set forth in the Carvana Defendants' motion and reply in support of its motion, the Underwriter Defendants respectfully submit that the claims against them be dismissed with prejudice.

---

[2] Plaintiffs' other cases are similarly inapposite.  In *Primo* v. *Pacific Biosciences of California*, 940 F. Supp. 2d 1105, 1126 (N.D. Cal. 2013), the court held that signing the registration statement (which J.P. Morgan is not alleged to have done) was sufficient to "allege[] more than mere participation" in the solicitation.  *In re Charles Schwab Corporation Securities Litigation*, 257 F.R.D. 534, 549–50 (N.D. Cal. 2009), likewise relied in part on defendants' signing of the registration statement to conclude that plaintiffs satisfied the "lenient pleading standards" under Rule 8(a) predating *Iqbal*.  And *In re Violin Memory, Inc. Securities Litigation*, 2015 WL 1968766, at *4 (N.D. Cal. Apr. 30, 2015), relied not on the "solicitation" argument that Plaintiffs press here, but rather on the theory that the underwriters directly sold stock to other "putative plaintiffs" in the class, a theory that runs counter to the requirement that *named plaintiffs* satisfy the elements of a claim against each defendant, *see Griffin* v. *PaineWebber, Inc.*, 2001 WL 740764, at *2 (S.D.N.Y. June 29, 2001).

Respectfully submitted this 10th day of July, 2023.

FENNEMORE CRAIG, P.C.

By:  *s/ Andrea Marconi*
      Douglas C. Northup
      Andrea L. Marconi

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Susanna M. Buergel (*Pro Hac Vice*)
David P. Friedman (*Pro Hac Vice*)

*Counsel for Defendants Citigroup Global
Markets Inc. and J.P. Morgan Securities
LLC*

Fennemore Craig, P.C.
Attorneys at Law
Phoenix

- 5 -