FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona  85016
Telephone:  (602) 916-5000
Email:  dnorthup@fennemorelaw.com
Email:  amarconi@fennemorelaw.com

LATHAM & WATKINS LLP
Jeff G. Hammel (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com

LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: aclubok@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

*Attorneys for Defendants Carvana Co., Ernest Garcia III and Mark Jenkins*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation, | No. CV-22-2126-PHX-MTL |
|---|---|
| This Document Relates to:<br><br>ALL ACTIONS. | **DEFENDANTS CARVANA, CO., ERNEST GARCIA III AND MARK JENKINS' MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT FOR FAILURE TO COMPLY WITH THE COURT'S FEBRUARY 29, 2024 ORDER AND FED. R. CIV. P. 8, OR ALTERNATIVELY,  FOR AN EXTENSION OF DEFENDANTS' TIME TO FILE, AND AN EXTENSION OF PAGE LIMITS FOR, A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12** |

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

At the hearing on Plaintiffs' Consolidated Complaint, this Court remarked that he "didn't get through the [Consolidated C]omplaint on that four-and-a-half-hour flight." Jan. 19, 2024 Hr'g Tr. at 66 (Ex. A). A few weeks later, the Court dismissed the Consolidated Complaint because it failed to comply not only with the PSLRA's pleading standards but also with Rule 8's requirement of a "short and plain statement" of their claims and "simple, concise, and direct" allegations. Dkt. 70 at 14 (citing Fed. R. Civ. P. 8(a) and 8(d)). The Court granted Plaintiffs leave to file an amended complaint but the Court "directed" Plaintiffs "to comply with the standards stated above," including to **set forth their claims in a "clear and concise manner**." Dkt. 70 at 18, 22 (emphasis added).

Plaintiffs have ignored and violated this Court's February 29 order and Rule 8. On March 29, 2024, Plaintiffs filed an Amended Consolidated Complaint ("ACC") that is longer and more unwieldly than the one this Court dismissed. The ACC is **126 pages longer** than the CC, reaching **320 pages** (without including 107 pages of appendices and exhibits), and it is rife with verbose and repetitive allegations and argument.

Just this week, another district court recognized that the same office of the same law firm has been repeatedly "admonished" for submitting "hydra-like" complaints that "run[] afoul of Rule 8" due to "unnecessary summaries and recapitulation, boilerplate, and simply excess verbiage." *Cupat v. Palantir Techs., Inc.*, 2024 WL 1374903, at *1-2 (D. Colo. Mar. 31, 2024) (**212-page** complaint was excessively long, warranting dismissal) (citing *In re Level 3 Comms., Inc. Sec. Litig.*, 2010 WL 5129524, at *7 (D. Colo. Dec. 10, 2010) (dismissing Plaintiffs' counsel's complaint with prejudice where **135-page** complaint's "extreme length" was an "independent ground for dismissal" and plaintiff had already been afforded opportunity to amend) and *Oklahoma Pol. Pens. & Ret. Sys. v. Boulder Brands, Inc.*, 2017 WL 1148689, at *3 (D. Colo. Mar. 28, 2017) (dismissing Plaintiffs' counsel's "hefty" **69-page** complaint)).

Given the Court's clear instruction to file a **clear and concise** amended complaint, if any at all, neither Defendants nor this Court should be required to sift through the ACC's excessive length and lack of clarity. The default time period for responding to Plaintiffs'

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

- 1 -

tome is Friday, April 12, and the default page limit is 17 pages. *See* LRCiv 7.2(e)(1); 15.1(a). Defendants Carvana Co. ("Carvana"), Ernest Garcia III, and Mark Jenkins (together, "Carvana Defendants") respectfully request that, pursuant to its inherent authority to enforce its orders and also pursuant to Rule 41(b), the Court dismiss the ACC without leave to amend for failure to comply with the Court's order and Rule 8,[1] or alternatively, Carvana Defendants respectfully request an extension of the time to respond until 60 days after the Court rules on this Motion, with an opening brief of 45 pages and a reply brief half the number of pages Plaintiffs are allowed to file, as set forth more fully below[2]:

1. The dismissed Consolidated Complaint ("CC," Dkt. 36) was 225 pages and more than 447 paragraphs. The CC devoted 200 paragraphs to the challenged statements, "generally group[ing] the alleged statements by fiscal year and then follows each group of allegedly false or misleading statements with broad, general explanations that fail to identify the specific statements to which they apply." Dkt. 70 at 16. Together, the parties filed 149 pages of briefing addressing Plaintiffs' verbose allegations. Dkt. 50, 52, 54, 56, 58-60.

2. On February 29, 2024, the Court dismissed the CC because it violated both Rule 8 and the PSLRA's heightened pleading standards: "After reviewing the 229-page Consolidated Complaint, the Court finds that Plaintiffs have

---

[1] This motion is not submitted pursuant to Rule 12 and does not raise any Rule 12 defense. Instead, this motion requests dismissal pursuant to the Court's inherent authority to enforce its February 29, 2024 order requiring that any amended complaint be clear and concise, and pursuant to Rule 41(b), which permits dismissal for failure to comply with Rule 8 or a court order. *See Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1393 (9th Cir. 1991) ("district courts have power to enforce their own orders"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice pursuant to rule 41(b)."). Defendants expressly preserve and do not waive their Rule 12 defenses, including whether Plaintiffs have stated a claim upon which relief can be granted.

[2] Carvana Defendants requested that Plaintiffs agree to Carvana Defendants' (i) request for an extension of the time to respond to the ACC until the Court has an opportunity to decide this Motion and (ii) request to seek expedited consideration of this Motion. Plaintiffs did not consent. Carvana Defendants also requested that Plaintiffs consent to Carvana Defendants' alternative request for additional time and pages. Plaintiffs did not consent.

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

failed to set forth a 'short and plain statement' of their claims in violation of Rule 8(a), to make their allegations 'simple, concise, and direct' in violation of Rule 8(d), or to fulfill the requirements of the PSLRA for their securities claims." Dkt. 70 at 14.  The Court granted Plaintiffs leave to amend but gave clear instructions for any amendment:  "[f]or any statements that are alleged to be false or misleading by omission, Plaintiffs must clearly specify what the omission is and why the omission is material.  This must be done on a statement-by-statement basis. Plaintiffs should also, ***in a clear and concise manner***, explain which Exchange Act Defendant, if he did not make the statement, disseminated the false or misleading statements or how a Defendant either engaged in or employed the alleged fraudulent scheme."  *Id.* at 18-19; *see also id.* at 22 ("Plaintiffs are directed to comply with the standards stated above.").

3. On March 29, 2024, Plaintiffs filed the ACC.  The ACC is much ***longer than the CC***, which the Court ***dismissed*** for failing to be clear and ***concise***.  The complaint itself is 320 pages and 448 paragraphs.  But those numbers understate the increased size of the pleading because they do not include 107 pages of appendices and exhibits.  Indeed, the ACC pushes to an appendix 31 pages of stock sale data that previously had been included within the CC's page count.  Dkt. 36 at 174-205; Dkt. 71-2.  The ACC also extends the class period by four months and adds a purported corrective disclosure on February 23, 2023, ¶ 327—even though the CC alleged that Defendants' purported fraud was already revealed by November 3, 2022, CC ¶ 375, and these additions are not clearly within the amendment allowed.  So the ACC is 126 pages ***longer*** than the CC was and now covers a longer time period as well.

4. Moreover, like the CC, the ACC's length and scope is just the beginning of its problems.  Plaintiffs made organizational changes in response to the Court's instruction to comply with the PSLRA's requirement to match the challenged statements with the reasons they were allegedly false.  This time, Plaintiffs group the challenged statements by subject matter (instead of chronologically).  But then in purporting to explain why each purported statement is misleading, Plaintiffs include pages and pages of what amounts to argument

rather than fact for each challenged statement, and they often repeat the same purported omissions even where the omissions have no connection to the challenged statements—cutting and pasting large sections of allegations indiscriminately.

5.  To take just one example (of many), in challenging Statement 9 about Carvana making offers for vehicles "on the basis of quality, inventory fit, consumer desirability," ¶ 191, Plaintiffs include six rambling pages of purported explanation as to why this statement was false or misleading.  They first allege that Carvana's statement failed to disclose that Carvana "was intentionally buying lower quality cars," but then they shift gears to complain that this statement failed to disclose information about Carvana's GPU metrics, alleging that the GPU metrics did not include certain expenses or disclose Carvana's lack of profitability—with no explanation at all about how the GPU metric is connected to a statement about Carvana's car buying practices.  ACC at pp. 83–86. Plaintiffs repeat similar allegations nearly ten times for each of the ten statements that fall under their "Buying Cars" category.  Even worse, Plaintiffs *repeat* their GPU allegations in supposedly explaining why *other* statements—that are supposedly in different categories such as Expansion and Logistics Infrastructure (p. 146) and Profitability Per Vehicle (p. 183)—are misleading.[3]

6.  Other examples disclose the indigestible length of Plaintiffs' purported explanations as to why each challenged statement is misleading.  Take Statement 33 about Carvana's Q1 2020 retail GPU.  Plaintiffs devote *ten pages* to arguing that the retail GPU metric was supposedly misleading.  ACC at pp. 184-93.  Statement 38's explanation is even worse, running twelve pages in length.  ACC at pp. 232-43.

7.  Defendants do not believe that Plaintiffs have complied with the PSLRA's

---

[3]  This is just one example of the repetition.  Another ready example is that Plaintiffs repeat the same two charts 13 separate times in the complaint, including 9 times within the span of 52 pages.  ACC at pp. 83-135.  And they repeat the same 11-line footnote purporting to provide reasons that Defendant Jenkins believed operations expenses were important for assessing profitability—they repeat that footnote 10 times.  ACC at pp. 84-136.  Again, the repetition comes with no explanation about how the challenged statements were misleading without also stating facts about operations expenses (which were separately disclosed in a category of expenses, SG&A expenses).  ¶¶ 190–210.

requirements to explain why particular statements are misleading with particularized facts. But Defendants are not asking in this threshold request for relief for the Court to decide that question.  Rather, Defendants believe that the massive ACC so plainly violates Rule 8 and this Court's order that any amendment be clear and concise that the relief requested below is warranted—in order to save both this Court and Defendants the enormous time and costs of wading through a complaint that is not at all clear and concise.

8.  Even apart from the Court's instruction in its February 29 order, Plaintiffs should already have been on notice that dismissal is a consequence of failing to comply with Rule 8's requirements of a "short and plain statement" that is "simple, concise, and direct."  "A complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8."  *Baker v. Twitter, Inc.*, 2023 WL 6932568, at *2 (C.D. Cal. 2023) (citing *Cafasso v. Gen . Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011)).  A complaint also should be free of "argument," *Clayburn v. Schirmer*, 2008 WL 564958, at *3 (E.D. Cal. 2008), otherwise a plaintiff is effectively filing a brief of hundreds of pages, while defendant would be required to respond with a default 17 pages.  A court may dismiss for failure to comply with Rule 8 either on motion or *sua sponte*.  *See Gjovik v. Apple Inc.*, 2024 WL 347922, at *1 (N.D. Cal. Jan. 30, 2024).

9.  Plaintiffs were further on notice because Plaintiffs' law firm has been chastised for the same disregard of Rule 8 on multiple occasions.  Earlier this week, a U.S. District of Colorado judge admonished the law firm that represents Plaintiffs in this action for filing an "extraordinarily long" securities complaint of 212 pages, recognizing that they had been so admonished before in the same district.  *Cupat*, 2024 WL 1374903, at *1–2.  That court dismissed the complaint for failing to comply with Rule 8.  *Id.* at *2.  That court recognized that the securities issues were complex and included novel questions of statutory standing—but found that plaintiffs "confuse[d] length and repetition with particularity."  *Id.* at *2 & n.2. The judge also recognized that, even within the District of Colorado, it was "not the first time" and "not the second time" that Plaintiffs' counsel has been admonished for submitting complaints rife with "unnecessary summaries and recapitulation,

boilerplate, and simply excess verbiage." *Id.* (citing *In re Level 3 Comms*, 2010 WL 5129524, at \*7 and *Oklahoma Pol. Pens. & Ret. Sys.*, 2017 WL 1148689, at \*3).

10. A complaint of this volume and repetition is almost impossible to digest. Just last month, the U.S. District Court for the Northern District of California dismissed a complaint hundreds of pages long, finding that "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." *Gjovik*, 2024 WL 347922, at \*1-2 (citing *United States ex Rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Orea v. Quality Loan Serv., Corp.*, 2019 WL 8884117, at \*4 (C.D. Cal. 2019) (97-page complaint was "unnecessarily long"); *In re Merrill Lynch & Co.*, *Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 77–78 (S.D.N.Y. 2003) (98-page complaint was not "short and plain"). Rule 8 does not allow plaintiffs "to try the entirety of [their] case in the complaint." *Gjovik*, 2024 WL 347922, at \*1-2. The same rationale applies here.

11. Further, dismissal ***without further leave to amend*** is warranted here because the Plaintiffs have so blatantly violated the Court's February 29 order and Rule 8. The District Court for the Central District of California recently denied leave to amend a securities complaint where the Lead Plaintiff had "acted in bad faith by submitting yet another unnecessarily lengthy, puzzling and burdensome complaint," *Baker v. Twitter, Inc.*, 2024 WL 1178168, at \*12 (C.D. Cal. Mar. 5, 2024), and the Court had in its prior dismissal ruling expressly cautioned the plaintiff "against refiling a complaint that is unduly burdensome or needlessly complex." *Baker*, 2023 WL 6932568, at \*13.

\* \* \* \* \*

Accordingly, Defendants respectfully request that the Court dismiss the ACC without leave to amend for violating this Court's February 29, 2024 order and Rule 8 by filing an amended complaint that is not clear and concise. Plaintiffs have acted in bad faith

given that they must have known that a longer complaint would not satisfy the Court's order dismissing the shorter CC for failing to be concise, and the same firm has been repeatedly admonished for the same practice of filing unwieldy and extremely lengthy complaints.

*Alternatively*, given the length of the ACC and the difficulty in digesting its cumbersome and repetitive allegations, Defendants respectfully request an extension of the time to file a response and a modification of the page limits set by the Local Rules of Civil Procedure for such briefing:

- Defendants' response deadline to move to dismiss the ACC is extended to 60 days after any order denying this Motion;
- Carvana Defendants' motion to dismiss shall be extended to 45 pages;
- Carvana Defendants' reply in support of the motion to dismiss shall be one half of the number of pages Plaintiffs are granted.

Respectfully submitted this 3rd day of April, 2024.

FENNEMORE CRAIG, P.C.

By:  *s/ Andrea L. Marconi*
Douglas C. Northup
Andrea L. Marconi

LATHAM & WATKINS LLP
Jeff G. Hammel (*Pro Hac Vice*)
Andrew B. Clubok (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice*)

*Attorneys for Defendants Carvana Co.,
Ernest Garcia III and Mark Jenkins*