ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
RACHEL A. COCALIS (CA 312376)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation | ) | No. CV-22-2126-PHX-MTL |
|---|---|---|
| | ) | |
| | ) | PLAINTIFFS' MEMORANDUM OF |
| This Document Relates To: | ) | LAW IN OPPOSITION TO MOTION |
| | ) | FOR EXTENSION OF TIME FOR |
| | ) | DEFENDANTS TO RESPOND TO |
| All Actions. | ) | AMENDED CONSOLIDATED |
| | ) | COMPLAINT |

4870-3476-3956.v1

Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Fund ("Plaintiffs") respectfully submit this memorandum of law in opposition to the Motion for Extension of Time for Defendants to Respond to Amended Consolidated Complaint (the "Motion") (ECF 74).  Defendants Carvana Co., Ernest Garcia III, and Mark Jenkins (collectively, "Defendants")[1] seek 60 days to respond to the ACC *after the Court denies* their Motion to Dismiss the Amended Consolidated Complaint for Failure to Comply with the Court's February 29, 2024 Order and Fed. R. Civ. P. 8 (the "Dismissal Motion") (ECF 73).  Given that Plaintiffs intend to respond to the Dismissal Motion by April 17, 2024 pursuant to Local Rule of Civil Procedure 7.2(c) and Defendants presumably intend to file a reply 7 days later, the briefing on the Dismissal Motion will not be completed until April 24, 2024 – nearly 30 days after Plaintiffs filed the ACC.  Thus, Defendants' request for 60 days after the Court denies the Dismissal Motion is a thinly veiled attempt to delay their response to the ACC by nearly 90 days and, almost certainly, much longer in light of the time required for the Court to rule on Defendants' Dismissal Motion.

This unreasonable, indeterminate delay will significantly prejudice Plaintiffs, who filed the Consolidated Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint") (ECF 36) on February 14, 2023 – more than a year ago.  As the court in *Snow Covered Cap., LLC v. Fonfa*, 2023 WL 205774 (D. Nev. Jan. 17, 2023) observed, "[i]n my experience, defense attorneys sometimes attempt to frustrate litigation with unreasonable delays.  These types of delay tactics fly in the face of Rule 1 to the Federal Rules, which states that the rules, 'should be construed, administered, and employed by the

---

[1]    Defendants Ernest Garcia II, Citigroup Global Markets Inc., and J.P. Morgan Securities LLC filed joinders to Defendants' Motion.  ECF 76-77.  However, defendants Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan have not filed any joinders.  To prevent unnecessary piecemeal briefing of any Rule 12(b)(6) motions to dismiss Lead Plaintiffs' Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "ACC") (ECF 71), any schedule imposed should apply to all defendants.  Citations and footnotes are omitted and emphasis is added unless otherwise noted.

- 1 -

4870-3476-3956.v1

court ***and the parties*** to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* at \*2. (Emphasis in original.) As the Court is aware, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), imposes a discovery stay "during the pendency of any motion to dismiss" in this case. 15 U.S.C. §78u-4(b)(3)(B). Thus, until Plaintiffs overcome Defendants' motion to dismiss, Plaintiffs are unable to obtain documents, which may be destroyed in the interim, or obtain testimony from witnesses, whose memories may fade or who may become unavailable for a deposition. In this context, "'a substantial delay . . . that might ultimately result in a defendant escaping liability' has been held to constitute undue prejudice under the PSLRA." *See In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, 2012 WL 538267, at \*2 (C.D. Cal. Feb. 14, 2012). Accordingly, the open-ended delay sought by Defendants here would prejudice Plaintiffs.

An indeterminate delay is also unnecessary; Defendants should file any response to the ACC no later than 30 days from the date Plaintiffs filed it. Thirty days is a reasonable extension – more than double the amount provided under the local rules. The Court gave Plaintiffs 30 days to amend their Consolidated Complaint. During that time, in order to comply with the Court's February 29, 2024 Order, Plaintiffs substantially reworked the ACC. Not surprisingly, therefore, courts in this District routinely grant defendants 30 days to file motions to dismiss. *See, e.g.*, *Tanooryan v. Pima Cnty.*, 2019 WL 2603724, at \*3 (D. Ariz. June 25, 2019) ("Defendant shall have thirty (30) days from the date of this Order [granting plaintiffs' motion attaching an amended complaint] to answer the Fifth Amended Complaint"). Here, too, Defendants should file any response no later than 30 days after Plaintiffs filed the ACC.

In addition, Defendants' meritless Dismissal Motion provides no reason to delay indefinitely the litigation. Plaintiffs complied with the Court's February 29, 2024 Order. Plaintiffs dramatically cut the number of allegedly false or misleading statements and then identified each remaining allegedly false or misleading statement, specified whether each such statement is affirmatively false or misleading by omission, and described why each statement was false or misleading when made on a statement-by-statement basis. In

- 2 -

4870-3476-3956.v1

particular, Plaintiffs reduced the number of allegedly false or misleading statements by more than 60%, from "***over a hundred different statements***" (ECF 50 at 2) (emphasis in original) to just 39.  Pursuant to the PSLRA, Plaintiffs pleaded "with particularity all facts" on which an allegation made on information or belief is formed.  *See* 15 U.S.C. §78u-4(b)(1)(B).[2] Plaintiffs also included a plain and short statement of the claim showing that the pleader is entitled to relief in accordance with Rule 8(a)(2).  *See* ACC, ¶¶1-21.  Notably, Defendants do not claim – nor could they – that the ACC's allegations are unclear.  Defendants do not contend that they are unable to discern each false or misleading statement.  Nor do Defendants claim that they are required to match statements with inter-referenced reasons why false.  As such, Plaintiffs complied with the Court's February 29, 2024 Order.

Defendants' entire Dismissal Motion boils down to a single criticism: the ACC is too long.  The ACC's length – which largely results from Plaintiffs' compliance with the PSLRA, Rule 9(b), and the Court's February 29, 2024 Order – does not warrant dismissal under Rule 8.  As this Court made clear, "the length and scope of the Consolidated Complaint do not, by themselves, result in a puzzle pleading warranting dismissal . . . ." ECF 70 at 17.  The court in *In re New Century*, 588 F. Supp. 2d 1206 (C.D. Cal. 2008) also distinguished between puzzle pleading, which may warrant dismissal, and length, which does not.  In *New Century*, the court dismissed a 100-page complaint because it was unable to understand the plaintiffs' allegations.  588 F. Supp. 2d at 1218.  Following the court's dismissal, the plaintiffs filed a 375-page amended complaint.  *Id.*  In denying the defendants' motion to dismiss the amended complaint, the court aptly noted, "a long and detailed complaint is not a work of 'puzzle pleading' as a matter of law." *See id.* at 1219.

Similarly, in *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124 (9th Cir. 2008), the Ninth Circuit held that a district court "abused its discretion" and made an "'error of

---

[2]     The ACC also satisfies Rule 9(b), which provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  This requires a plaintiff to include "'an account of the time, place, and specific content of the false misrepresentations' at issue." ECF 70 at 12 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).

- 3 -

law'" by doing precisely what Defendants urge this Court to do here – dismiss an amended complaint under Rules 41 and 8 because of its length. *Id.* at 1129-32. Indeed, the Ninth Circuit held that the cases the defendants cited do not "stand[] for the proposition that a complaint may be found to be in violation of Rule 8(a) solely based on excessive length, nor does any other Ninth Circuit case contain such a holding." *Id.* at 1131.[3]

Thus, the Court should deny Defendants' unreasonable and unnecessary request for an indeterminate extension and require Defendants to file a response to the ACC no later than 30 days from the date the ACC was filed.

DATED: April 4, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                          s/ DANIEL S. DROSMAN
                          DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

---

[3]    *See also In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at \*8 n.4 (N.D. Cal. June 2, 2020) ("[T]he Ninth Circuit has cautioned against applying a strict requirement for a 'short' statement under Rule 8 in light of the heightened pleading standards of Rule 9(b) and PSLRA."); *Murphy v. Precision Castparts Corp.*, 2017 WL 3084274, at \*7 (D. Or. June 27, 2017) (upholding complaint and citing authority that plaintiffs "'abuse the principles of Rule 8 not because they are not short' but because they are not plain"), *report and recommendation adopted*, 2017 WL 3610523 (D. Or. Aug. 22, 2017); *In re Intuitive Surgical Sec. Litig.*, 65 F. Supp. 3d 821, 831 (N.D. Cal. 2014) (same); *Barnes v. Edison Int'l*, 2021 WL 2325060, at \*6 (C.D. Cal. Apr. 27, 2021) (dismissing the complaint on other grounds, but holding 510-paragraph complaint (in contrast to the 448-paragraph ACC in this case) "meets the Rule 8(a) requirement"), *aff'd*, 2022 WL 822191 (9th Cir. Mar. 18, 2022); *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1156 (C.D. Cal. 2008) (sustaining 416-page complaint and noting that satisfying Rule 9(b) and the PSLRA in a complex case can be an "onerous task").

- 4 -

4870-3476-3956.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
BRENT E. MITCHELL
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 5 -

4870-3476-3956.v1