FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona  85016
Telephone:  (602) 916-5000
Email:  dnorthup@fennemorelaw.com
Email:  amarconi@fennemorelaw.com

LATHAM & WATKINS LLP
Jeff G. Hammel (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com

LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: aclubok@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation, | No. CV-22-2126-PHX-MTL |
|---|---|
| | **CARVANA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF CARVANA DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT** |
| This Document Relates to:<br><br>ALL ACTIONS. | **(Oral Argument Requested)** |

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

## I.    INTRODUCTION

Defendants Carvana Co. ("Carvana"), Ernest Garcia III ("Garcia Junior"), Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, the "Carvana Defendants") respectfully request that the Court consider certain documents submitted in connection with the Carvana Defendants' Motion to Dismiss Lead Plaintiffs' Amended Consolidated Complaint ("Motion"). All of these materials are incorporated by reference into the Amended Consolidated Complaint ("ACC"), subject to judicial notice, or both.

Specifically, the Carvana Defendants submit the following documents, which are attached to the Declaration Of Matthew J. Peters In Support Of Carvana Defendants' Motion To Dismiss Lead Plaintiffs' Consolidated Complaint ("Peters Declaration"), and listed by exhibit number:

1.    **Exhibit 1**: a true and correct copy of Carvana's Form S-1, which was filed with the Securities and Exchange Commission ("SEC") on March 31, 2017.

2.    **Exhibit 2**: a true and correct copy of Carvana's Letter to Shareholders for Q1 2017, dated June 6, 2017.

3.    **Exhibit 3**: a true and correct copy of Carvana's Letter to Shareholders for Q1 2019, dated May 8, 2019.

4.    **Exhibit 4**: a true and correct copy of Carvana's Letter to Shareholders for Q1 2020, dated May 6, 2020.

5.    **Exhibit 5**: a true and correct copy of Carvana's Form 10-Q for the quarterly period ended March 31, 2020, which was filed with the SEC on May 6, 2020.

6.    **Exhibit 6**: a true and correct copy of Carvana's Letter to Shareholders for Q3 2020, dated October 29, 2020.

7.    **Exhibit 7**: a true and correct copy of Carvana's Form 10-K for the fiscal year ended December 31, 2020, which was filed with the SEC on February 25, 2021.

8.    **Exhibit 8**: a true and correct copy of Carvana's Letter to Shareholders for Q4 2020, dated February 25, 2021.

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

9. **Exhibit 9**: a true and correct copy of Carvana's Form 10-Q for the quarterly period ended March 31, 2021, which was filed with the SEC on May 6, 2021.

10. **Exhibit 10**: a true and correct copy of Carvana's Q1 2021 Earnings Call Transcript, dated May 6, 2021.

11. **Exhibit 11**: a true and correct copy of Carvana's Q2 2021 Earnings Call Transcript, dated August 5, 2021.

12. **Exhibit 12**: a true and correct copy of a Wall Street Journal article entitled, "Carvana Barred from Selling Vehicles in Raleigh, N.C, Area Until January," dated August 11, 2021.

13. **Exhibit 13**: a true and correct copy of the transcript of Carvana's presentation to the August 11, 2021, J.P. Morgan Automotive Conference.

14. **Exhibit 14**: a true and correct copy of a Wall Street Journal article entitled, "Carvana Faces Government Scrutiny and Fines Following Consumer Complaints," dated October 22, 2021.

15. **Exhibit 15**: a true and correct copy of Carvana's Letter to Shareholders for Q3 2021, dated November 4, 2021.

16. **Exhibit 16**: a true and correct copy of Carvana's Form 10-Q for the quarterly period ended September 30, 2021, which was filed with the SEC on November 4, 2021.

17. **Exhibit 17**: a true and correct copy of Carvana's Letter to Shareholders for Q4 2021, dated February 24, 2022.

18. **Exhibit 18**: a true and correct copy of Carvana's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on February 24, 2022.

19. **Exhibit 19**: a true and correct copy of Carvana's Schedule 14A, which was filed with the SEC on March 23, 2022.

20. **Exhibit 20**: a true and correct copy of Carvana's Letter to Shareholders for Q1 2022, dated April 20, 2022.

21. **Exhibit 21**: a true and correct copy of Carvana's Form S-3, which was filed with the SEC on April 20, 2022.

22. **Exhibit 22**: a true and correct copy of Carvana's Form 10-Q for the quarterly period ended March 31, 2022, which was filed with the SEC on May 10, 2022.

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

23. **Exhibit 23**: a true and correct copy of Carvana's Form 8-K, which was filed with the SEC on May 10, 2022.

24. **Exhibit 24**: a true and correct copy of a Barron's article entitled, "Carvana Sought to Disrupt Auto Sales. It Delivered Undriveable Cars," dated June 24, 2022.

25. **Exhibit 25**: a true and correct copy of Carvana's Letter to Shareholders for Q2 2022, dated August 4, 2022.

26. **Exhibit 26**: a true and correct copy of Carvana's Form 10-Q for the quarterly period ended June 30, 2022, which was filed with the SEC on August 4, 2022.

27. **Exhibit 27**: a true and correct copy of a Michigan Department of State announcement entitled, "Department of State suspends Novi Dealership," dated October 7, 2022.

28. **Exhibit 28**: a true and correct copy of Order Denying Plaintiff's Motion for Temporary Restraining Order, *Carvana LLC v. Benson*, No. 22-000172-MZ, (Mich. Ct. Cl.), filed October 19, 2022.

29. **Exhibit 29**: a true and correct copy of Carvana's Letter to Shareholders for Q3 2022, dated November 3, 2022.

30. **Exhibit 30**: a true and correct copy of Carvana's Form 10-Q for the quarterly period ended September 30, 2022, which was filed with the SEC on November 3, 2022.

31. **Exhibit 31**: a true and correct copy of a Fox 28 article entitled, "No titles, no registration: Car owners in Ohio file complaints against Carvana," dated November 22, 2022.

32. **Exhibit 32**: a true and correct copy of Carvana's Letter to Shareholders for Q4 2022, dated February 23, 2023.

33. **Exhibit 33**: a true and correct copy of Carvana's Form 10-K for the fiscal year ended December 31, 2022, which was filed with the SEC on February 23, 2023.

34. **Exhibit 34**: a true and correct copy of Minute Entry granting motions to dismiss in *City of Warwick Ret. Sys. v. Carvana Co.*, CV 2022-013054 (Ariz. Sup. Ct., Maricopa Cnty.), filed on March 15, 2023.

35. **Exhibit 35**: a true and correct copy of Carvana's presentation to the J.P. Morgan Automotive Conference, dated August 9, 2023.

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

36.    **Exhibit 36**: a true and correct copy of Carvana's presentation entitled, "Cost Structure Details," dated November 2, 2023.

37.    **Exhibit 37**: a true and correct copy of Carvana's Letter to Shareholders for Q3 2023, dated November 2, 2023.

38.    **Exhibit 38**: a true and correct copy of Carvana's Form 10-Q for the quarterly period ended September 30, 2023, which was filed with the SEC on November 3, 2023.

39.    **Exhibit 39**: a true and correct copy of Mark Jenkins' Form 4s filed with the SEC during the periods of May 2, 2018 to November 26, 2019 and May 6, 2020 to February 23, 2023.

40.    **Exhibit 40**: a true and correct copy of Carvana's Letter to Shareholders for Q2 2021, dated August 5, 2021.

All of these documents are properly considered by the Court because they are incorporated by reference into the ACC and/or are properly subject to judicial notice under Federal Rule of Evidence 201. *First*, Plaintiffs rely on numerous publicly available documents in the ACC, such as SEC filings, shareholder letters, earnings call transcripts, and news articles, to such a degree that they are incorporated by reference into the ACC and may be considered in connection with the Motion. *Second*, all exhibits to the Peters Declaration are also properly subject to judicial notice under Federal Rule of Evidence 201 because each is a matter of public record and/or otherwise available in the public domain, and each can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

## II.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court, in other words, should look beyond the four corners of the ACC in ruling on Carvana Defendants' Motion. *Id.*; *see also Swartz v. KPMG LLP*, 476

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

F.3d 756, 763 (9th Cir. 2007).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss," *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014), which precludes plaintiffs from "selecting only portions of documents that support their claims, while omitting portions" that do not, *Khoja*, 899 F.3d at 1002; *see also Hutton v. McDaniel*, 264 F. Supp. 3d 996, 1007 (D. Ariz. 2017) ("Under the incorporation by reference doctrine, if a document is referenced in a complaint, a court may 'properly consider the [document] in its entirety.'") (quoting *NVIDIA*, 768 F.3d at 1058 n.10). A document is incorporated by reference "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (emphasis added).

Independently, the Court may take judicial notice of matters that are "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, "such as SEC filings," are properly the subject of judicial notice and are routinely considered in deciding a motion to dismiss in a securities case. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *accord In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at \*6 (N.D. Cal. Oct. 31, 214). Likewise, news articles and other publicly available reports and information are judicially noticeable to show "what information was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *accord Helitrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at \*6 (N.D. Cal. June 2, 2020) (granting judicial notice of various documents "for the purpose of showing that particular information was available to the stock market").

## III.    ARGUMENT

### A.    Almost All Exhibits Are Incorporated By Reference

Thirty-seven of the forty total exhibits—*i.e.*, Exhibits 1-11, 13-18, 20-33, 35-40—are incorporated by reference into the ACC twice over. They are referenced "extensively" throughout the ACC, and they also "form[] the basis" of Plaintiffs' allegations. *Khoja*, 899 F.3d at 1002 (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see also Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at \*3-4 (D. Ariz. July 22, 2021). Indeed, these exhibits fall precisely within the sources that the ACC explicitly acknowledges its allegations are based upon—*e.g.*, Plaintiffs' counsel's "review of [SEC] filings by Carvana Co.," "review of transcripts of Carvana's public conference calls, press releases, and other publications," "review of media reports about the Company," and "review of public filings and court orders in other litigation against one or more defendant." ACC at 1 n.1. This Court should therefore consider the following exhibits in ruling on Defendants' Motion to Dismiss.

**SEC Filings (Exhibits 1, 5, 7, 9, 16, 18, 21-23, 26, 30, 33, 38)**. These SEC filings are extensively referenced throughout the ACC. *See* ¶¶ 11, 40, 42-44, 152, 156, 173-74, 176-79, 182-83, 186, 191-93, 195-96, 198-99, 200, 202, 206-08, 210, 224, 236, 239-43, 248, 250, 252, 254, 256, 258, 260, 297, 299, 300, 317, 319, 368-70, 373, 376, 380, 382, 384, 387, 389, 391-92, 401, 421, 422, 426, 431, 439, 447. Furthermore, numerous of these SEC filings contain the statements that Plaintiffs contend are false or misleading. ¶¶ 174, 195, 224 (Ex. 7); ¶¶ 184, 209, 234, 238, 240, 242, 381, 383 (Ex. 18); ¶¶ 176, 199 (Ex. 9); ¶¶ 182, 207 (Ex. 16); ¶¶ 186, 240 (Ex. 22); ¶ 242 (Ex. 26). Additionally, Plaintiffs allege certain SEC filings constituted a corrective disclosure. ¶ 314 (Ex. 22); ¶ 317 (Ex. 23); ¶ 323 (Ex. 30); ¶ 327 (Ex. 33). Plaintiffs also allege that all SEC filings described in the ACC are part of a fraudulent "scheme," ¶ 344, and that "each" SEC filing leading up to or during the Class Period supports its allegations, ¶¶ 11, 26, 41, 43, 128, 173, 190. Plaintiffs further allege that the signing of SEC filings throughout the Class Period is evidence of scienter, ¶ 295, and that disclosures in SEC filings evidence control of Carvana by Garcia Senior,

¶¶ 297, 303.

**Shareholder Letters and Investor Presentations (Exhibits 2-4, 6, 8, 15, 17, 20, 25, 29, 32, 35-37, 40)**. These exhibits consist of shareholder letters and investor presentations that are referred to extensively throughout the ACC. *See* ¶¶ 14, 16, 39-42, 154, 190, 192, 194, 196, 198, 200, 202, 204, 206, 208, 210, 211, 216, 218, 222, 232-33, 235, 239, 241, 243-44, 248-50, 252, 254, 256, 258, 260, 281, 292, 382. The ACC explicitly references certain shareholder letters, ¶¶ 192, 194, 196, 198, 200, 202, 204, 206, 208, 210, 248, 250, 252, 254, 256, 258, 260, 382 (Ex. 37); ¶ 218 (Ex. 4); ¶ 222 (Ex. 8); ¶ 232 (Ex. 15); ¶¶ 39-40 (Ex. 2); ¶ 154 (Ex. 17); ¶¶ 212, 230 (Ex. 40), and investor presentations, ¶¶ 233, 235, 239, 241, 243 (Ex. 35); ¶¶ 192, 194, 196, 198, 200, 202, 204, 206, 208, 210, 248, 249, 252, 254, 256, 258, 260, 382 (Ex. 36), to support its allegations. The ACC also directly references Carvana's shareholder letters for various time periods. ¶ 190 (discussing shareholder letters "leading up to and during much of the Class Period"); ¶¶ 211, 281 (discussing "every" shareholder letter); ¶¶ 14, 16, 41-42, 154, 216, 244 (discussing shareholder letters issued during the Class Period). Additionally, certain shareholder letters contain statements that Plaintiffs contend are false or misleading, ¶ 218 (Ex. 4); ¶ 222 (Ex. 8); ¶ 232 (Ex. 15); ¶¶ 212, 230 (Ex. 40). *See Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *8 (C.D. Cal. Feb. 16, 2023) (holding that shareholder letter is deemed incorporated into complaint by reference because it "constitute[s] the subject matter of the claim").

**Investor Call Transcripts (Exhibits 10-11, 13)**. These exhibits consist of investor call transcripts, referred to throughout the ACC, which are similarly incorporated by reference because they are relied on extensively to support Plaintiffs' allegations and form the basis for Plaintiffs' claims, ¶¶ 16, 41-42, 154, 197, 226, 228-29, 244, 247, 249, 251, 253, 255, 257, 259 (Ex. 10); ¶¶ 16, 41-42, 154, 201, 244, 255-56 (Ex. 11); ¶¶ 152, 180, 181, 183, 287, 312 (Ex. 13). These transcripts contain the statements that Plaintiffs contend are false or misleading. ¶¶ 192, 226, 228, 253 (Ex. 10); ¶¶ 201, 255 (Ex. 11); ¶ 180 (Ex. 13). *See Mesa Air Grp.*, 2021 WL 3089118, at *4 (considering earnings call transcripts under incorporation-by-reference doctrine because transcripts were referenced extensively

or single reference was "relatively lengthy"); *see also In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at \*5 (incorporating by reference transcripts of shareholder/analyst calls); *Sanders v. The RealReal, Inc.*, 2021 WL 1222625, at \*4 (N.D. Cal. Mar. 31, 2021) (incorporating by reference SEC filings and transcripts of public statements that plaintiff relied on to support their claims).

**News Articles and Press Releases (Exhibits 14, 24, 27, 31)**. These exhibits consist of news articles and Carvana press releases that are quoted and relied upon throughout the ACC. *See* ¶¶ 144, 146, 148, 175, 177, 179, 181, 183, 185, 187, 188, 213, 311-13, 320-21, 386, 395. These also form the basis for Plaintiffs' claims either because they are relied upon by Plaintiffs for allegations underlying their claims, ¶ 148(i), 175, 177, 179, 181, 183, 185, 187, 189, 213, 215, 384, 386, 395-96, or Plaintiffs claim they functioned as corrective disclosures (or both), ¶¶ 313, 320-22. *See In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (incorporating by reference news articles quoted in the complaint); *Park v. GoPro, Inc.*, 2019 WL 1231175, \*6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference documents relied on "to show the truth being revealed" to the market).

**Court Order (Exhibit 28)**. As a basis for its materiality allegations, the ACC repeatedly references this court filing with the Michigan Court of Claims. ¶¶ 148(b), 173, 175(c), 177(c), 179(c), 181(d), 183(c), 185(c), 187(d), 189(c), 386(c). Exhibit 28 is therefore incorporated by reference and this court can consider it when deciding a motion to dismiss. *See In re Twitter, Inc. Sec. Litig,* 506 F. Supp. 3d at 874 n.1 (incorporating by reference court documents).

**Def. Jenkins' SEC Form 4s (Exhibit 39)**. As a basis for its scienter allegations, the ACC explicitly references stock sales by Mr. Jenkins between May 6, 2020 and February 23, 2023, which were publicly disclosed in the SEC Form 4s attached as Exhibits 39. ¶¶ 27, 268-69; *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at \*5 (incorporating by reference Form 4s because they are integral to plaintiff's claims regarding scienter). Courts regularly find that such forms can be incorporated by reference, despite not being explicitly

named in a complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (extending the incorporation by reference doctrine to documents that the plaintiff does not explicitly allege the contents of in the complaint but on which the plaintiff's claim depends); *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (considering Form 4s not specifically referenced in the complaint but which "necessarily form the basis for Plaintiffs' allegations" and "provide relevant information concerning an inference of scienter"); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867 at 874 n.1 (taking judicial notice of SEC Form 4s "even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan") (quoting *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012)).

### B.    All Exhibits Are Properly Subject To Judicial Notice

Separately, judicial notice of all forty exhibits is appropriate because each is a "matter[] of public record" or otherwise available in the public domain, *Khoja*, 899 F.3d at 999, and each "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b). "Courts routinely take judicial notice of such things as public SEC filings, corporate press releases, and court proceedings." *Hutton*, 264 F. Supp. 3d at 1008. Indeed, this Court has previously taken judicial notice of analogous documents in other securities-fraud cases. *See, e.g.*, *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 2011 WL 1253250, at *1 (D. Ariz. Mar. 31, 2011); *Bajjuri v. Raytheon Techs. Corp.*, 641 F. Supp. 3d 735, 745 (D. Ariz. 2022); *Bien v. LifeLock Inc.*, 2014 WL 7641546, at *2 (D. Ariz. Dec. 17, 2014), *aff'd*, 690 F. App'x 947 (9th Cir. 2017).

**SEC Filings (Exhibits 1, 5, 7, 9, 16, 18, 19, 21-23, 26, 30, 33, 38, 39)**. "SEC filings are properly subject to judicial notice." *Apollo Grp.*, 2011 WL 1253250, at *1 (D. Ariz. Mar. 31, 2011) (taking judicial notice of Form 10-Ks and Form 4s). "Courts routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned." *In re Apple Inc. Sec. Litig.*, 2020 WL

2857397, at \*6; *see also Metzler Inv. GMBH v. Corinthian Colls. Inc.,* 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *Dreiling*, 458 F.3d at 946 n.2 (same). These exhibits were filed publicly with the SEC, so the representations made in these documents are capable of accurate and ready determination, including via the SEC's public website. The Court may therefore "take judicial notice of the 'the content' of these . . . filings, 'and the fact that they were filed with the agency.'" *In re Medicis Pharm. Corp. Sec. Litig.*, 689 F. Supp. 2d 1192, 1201 (D. Ariz. 2009); *see also In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("The court is also permitted to take judicial notice of the content of relevant public disclosure documents required to be filed with the SEC, as well as of press releases and conference call transcripts cited in the complaint.").

**Investor Call Transcripts (Exhibits 10-11, 13)**. Transcripts of investor calls following earnings reports "are [] matters of public record." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019), *rev'd on other grounds*, 84 F.4th 844 (9th Cir. 2023). The transcripts are not subject to reasonable dispute and can be accurately and readily determined through public websites, including www.spglobal.com. "Courts routinely take judicial notice of transcripts of calls with and presentations to investors in securities cases." *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at \*4 (N.D. Cal. Mar. 18, 2024); *see also Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at \*10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of "transcripts of the conference calls, for the purposes of demonstrating what was disclosed to investors"); *SEC v. Mozilo*, 2009 WL 3807124, at \*7 n.2 (C.D. Cal. Nov. 3, 2009) (taking judicial notice of "transcripts of earnings conference calls and investor forums"); *Karpov v. Insight Enterprises, Inc.*, 2010 WL 4867634, at \*2 (D. Ariz. Nov. 16, 2010), *aff'd*, 471 F. App'x 607 (9th Cir. 2012) (taking judicial notice of earnings conference calls).

**News Articles and Press Releases (Exhibits 12, 14, 24, 27, 31)**. "[T]he Court 'may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements.'" *In re White Elec. Designs Corp.*

*Sec. Lit.*, 416 F. Supp. 2d 754, 760 (D. Ariz. 2006) ("[j]udicial notice is appropriate for SEC filings [and] press releases"); *see also Hutton*, 264 F. Supp. 3d at 1008 ("Courts routinely take judicial notice of such things as public SEC filings, corporate press releases, and court proceedings."). Each of these exhibits is publicly available on the Internet. This Court may consider news articles and press releases to "indicate what was in the public realm at the time." *Mesa Air Grp.*, 2021 WL 3089118, at *5; *see also Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 633 F. Supp. 2d 763, 777 (D. Ariz. 2009), *judgment vacated on other grounds*, 690 F. Supp. 2d 959 (D. Ariz. 2010) ("It is appropriate for the court to take judicial notice of news articles regarding defendants' stock or corporate activities").

**Court Proceedings (Exhibits 28, 34)**. "Courts routinely take judicial notice of such things as public SEC filings, corporate press releases, and court proceedings." *Hutton*, 264 F. Supp. 3d at 1008. This Court may properly take judicial notice of orders and proceedings in other courts. *See, e.g.*, *Loreto v. Cochise Cnty. Sup. Ct.*, 2021 WL 2138776, at *2 (D. Ariz. May 26, 2021) ("Arizona state court orders and proceedings are proper material for judicial notice.") (citing *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006)).

**Shareholder Letters and Investor Presentation (Exhibits 2-4, 6, 8, 15, 17, 20, 25, 29, 32, 35-37)**. Carvana's quarterly shareholder letters and investor presentation are appropriate for judicial notice because they are "matters of public record not subject to reasonable dispute." *Sanders*, 2021 WL 1222625, at *4; *see also City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) (taking "judicial notice of both presentations for investors and investor conference calls."). The Court may take judicial notice of publicly available shareholder letters and investor presentations for the "purpose of identifying what statements were available to the market." *Sanders*, 2021 WL 1222625 at *4.

## IV.    CONCLUSION

For the foregoing reasons, Carvana Defendants respectfully request that the Court consider Exhibits 1 through 40 in assessing the Motion.

Respectfully submitted this 24th day of May, 2024.

FENNEMORE CRAIG, P.C.


By: *s/ Andrea L. Marconi*
     Douglas C. Northup
     Andrea L. Marconi


LATHAM & WATKINS LLP
Jeff G. Hammel (*Pro Hac Vice*)
Andrew B. Clubok (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice)*
Matthew J. Peters (*Pro Hac Vice)*

*Counsel for Defendants Carvana Co.,
Ernest Garcia III, Mark Jenkins, Stephen
Palmer, Michael Maroone, Neha Parikh, Ira
Platt, and Greg Sullivan*

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

- 13 -