**DLA PIPER LLP (US)**
Madeline A. Cordray (Bar No. 035788)
madeline.cordray@us.dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
480.606.5100

Melanie Walker. *(pro hac vice)*
melanie.walker@us.dlapiper.com
2000 Avenue of the Stars #400,
Los Angeles, California 90067
310.595.3000

Yan Grinblat (*pro hac vice*)
yan.grinblat@us.dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000

Attorneys for Defendant *Ernest Garcia II*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

In re Carvana Co. Securities Litigation.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:22-CV-2126-MTL

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ERNEST GARCIA II'S MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Ernest Garcia II ("Mr. Garcia Sr.") respectfully requests that this Court take judicial notice of the exhibit set forth below, which Mr. Garcia Sr. submits in support of his Motion to Dismiss plaintiffs' Amended Consolidated Complaint (the "AAC," cited herein as "(¶__)").

**Exhibit 1** to this request are true and correct copies of Statements of Changes in Beneficial Ownership of Securities on Form 4 filed with the Securities and Exchange Commission ("SEC") on behalf of Ernest Garcia Sr., filed between May 6, 2020 and February 23, 2023, inclusive, arranged in chronological order.

## I.  AUTHORITIES

When ruling on a motion to dismiss, courts "must consider the complaint in its entirety" and may consider both "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Knievel v. ESPN*, 393 F.3d 1031, 1038 (9th Cir. 2010) (courts may consider documents referenced in or attached to a complaint, as well as documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."). Even documents not expressly referenced in the complaint may be incorporated by reference when they "form the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics*, *Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Separately, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As such, courts have generally found documents that were filed with the SEC to be "properly subject to judicial notice." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 2011 WL 1253250, at *1 n.3 (D. Ariz. Mar. 31, 2011).

The court should consider the Forms 4 filed on behalf of Mr. Garcia Sr. both because they necessarily form the basis of the claims against Mr. Garcia Sr. in the ACC and because they are a matter of public record whose accuracy cannot reasonably be questioned.

First, Mr. Garcia Sr.'s Forms 4 should be judicially noticed because the ACC's stock sales allegations necessarily rely on the trading data reflected therein. *See, e.g.*, ¶¶ 164, 261-67 & n.157; AAC, App'x A. Even where, as here, the complaint does not expressly reference the Forms 4, courts have found claims regarding stock sales to necessarily rely on these disclosures when "they are the only public source for the allegations concerning the sales dates, number of shares sold, and price per share." *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020); *see Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice of Forms 4 that were "not explicitly incorporated" in the complaint, but "are clearly integral to the stock sale allegations" at issue).

Second, Mr. Garcia Senior's Forms 4 should be judicially noticed because they were publicly filed with the SEC. *See Azar v. Yelp, Inc.*, 2018 WL 6182765, at *4 (N.D. Cal. Nov. 27, 2018) ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan.").

## II.    <u>CONCLUSION</u>

For the foregoing reasons, Mr. Garcia Sr. respectfully requests that the Court take judicial notice of, and consider, Exhibit 1 in connection with his motion to dismiss.

Dated: May 24, 2024                                  **DLA PIPER LLP (US)**

**Of Counsel**                                       By: *s/ Madeline A. Corday*
Melanie Walker. (*pro hac vice*)                          Madeline A. Cordray
melanie.walker@us.dlapiper.com                           madeline.cordray@us.dlapiper.com
2000 Avenue of the Stars #400                            2525 East Camelback Road, Suite 1000
Los Angeles, California 90067                            Phoenix, Arizona 85016
310.595.3000                                             480.606.5100

Yan Grinblat (*pro hac vice*)                            *Attorneys for Defendant*
yan.grinblat@us.dlapiper.com                             *Ernest Garcia II*
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 24, 2024, I electronically filed the foregoing document using the ECF System for the United States District Court for the District of Arizona. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record registered on the ECF system.

*s/ Madeline A. Cordray*