ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | PLAINTIFFS' OMNIBUS STATEMENT OF NON-OPPOSITION TO CARVANA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE (ECF 84) AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ERNEST GARCIA II'S MOTION TO DISMISS (ECF 86) |
| All Actions. | |

4876-9950-7410.v1

Plaintiffs respectfully submit this Omnibus Statement of Non-Opposition to Defendants' RJNs.[1]

Defendants request that the Court consider, through judicial notice or incorporation by reference, over 3,700 pages of exhibits in support of their motions.  ECF 83-84, 86.

In the Ninth Circuit, "[g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  There are two limited exceptions to this rule.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  First, Federal Rule of Evidence 201 permits courts to take judicial notice of a fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Second, pursuant to the incorporation by reference doctrine, a court may consider a document only "'if the plaintiff refers ***extensively*** to the document or the document forms the basis of the plaintiff's claim.'"  *Khoja*, 899 F.3d at 1002; *see also id.* ("'the mere mention of the existence of a document is insufficient to incorporate the contents of a document'").

Plaintiffs do not oppose the incorporation by reference of exhibits that are extensively relied upon by the ACC or the judicial notice of undisputed facts contained in exhibits that are the proper subjects of judicial notice under Federal Rule of Evidence 201(b), ***so long as*** they are not used for the improper purpose of prematurely resolving fact disputes in Defendants' favor at the pleadings stage.  As this Court has previously recognized with respect to documents that are incorporated by reference, "[i]t is improper . . . for courts 'to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint'" and thus "courts must be cautious when drawing inferences from incorporated documents."  *Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL

---

[1] Unless otherwise stated, capitalized terms herein have the same meaning as in Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Amended Consolidated Complaint.  ECF 91.

- 1 -

3089118, at *4 (D. Ariz. 2021) (Liburdi, J.) (quoting *Khoja*, 899 F.3d at 1003).  As the Ninth Circuit has made clear with respect to judicial notice, while "'[a] court may take judicial notice of matters of public record,' . . . a court cannot take judicial notice of disputed facts contained in such public records."  *Khoja*, 899 F.3d at 998-1003 (warning district courts about a "concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage").

DATED:  July 29, 2024                         Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                                        s/ Daniel S. Drosman
                                    DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

- 2 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
BRENT E. MITCHELL
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 3 -

4876-9950-7410.v1