ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To:<br><br>    All Actions. | PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF 99) |

4892-5099-1854.v1

Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Lead Plaintiffs") respectfully move the Court, pursuant to Local Rule of Civil Procedure 7.2(m)(1), to strike defendants Carvana Co., Ernest Garcia II, Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, Greg Sullivan, Citigroup Global Markets Inc., and J.P. Morgan Securities LLC's (collectively, "Defendants") Notice of Supplemental Authority in Support of Defendants' Motions to Dismiss Lead Plaintiffs' Amended Consolidated Complaint ("Notice") (ECF 99).[1]

Notices of supplemental authority are intended to be limited to informing the Court of a new judicial opinion; they are **not** "'occasion to argue outside the pleadings.'" *Doe v. Blue Cross Blue Shield of Ill.*, 492 F. Supp. 3d 970, 980 (D. Ariz. 2020).[2]  Rather than being limited to flagging for the Court the issuance of *Schertz v. Garcia*, C.A. No. 2023-0600-KSJM (Del. Ch. Sept. 25, 2024), Defendants' Notice spans multiple pages and includes improper argument not authorized by any statute, rule, or Court order.  *See, e.g.*, Notice at 1 (characterizing title and registration allegations in *Schertz* as "mirror[ing] the allegations here"); *id.* (characterizing both cases as "fail[ing] to allege that Garcia Sr. 'received information about Carvana's title and registration issues or that anyone was obligated to report those things to him'").  This and other courts in this District have repeatedly rejected this tactic.  *See, e.g.*, *Myers v. Freescale Semiconductor Inc.*, 2020 WL 2064116, at *3 (D. Ariz. Apr. 29, 2020) (Liburdi, J.) (striking notice of supplemental authority "which contained a number of factual assertions rather than limiting itself to flagging legal authorities"), *aff'd*, 2022 WL 266638 (9th Cir. Jan. 26, 2022); *see also, e.g.*, *B St. Grill & Bar LLC v. Cincinnati Ins. Co.*, 525 F. Supp. 3d 1008, 1013 (D. Ariz. 2021) ("[t]he purpose of a Notice of Supplemental Authority is to inform the Court of a newly decided case that is relevant to the

---

[1]   On October 10, 2024, Lead Plaintiffs conferred with Defendants and requested that they withdraw the improper Notice.  Although Defendants conceded that their Notice included an explanation of the authority and its purported relevance to this action, they refused to withdraw it.

[2]   Unless otherwise noted, citations are omitted and emphasis is added.

- 1 -

dispute before it, not a venue for submission of additional argument"). Tellingly, Defendants' previously-filed notice of supplemental authority did not contain argument or factual assertions. *Compare* ECF 63, *with* ECF 99.

Further, the Notice violates the Court's orders governing the timing and length of briefing in this case. ECF 81, 90, 94; *see Scala v. Comm'r of Soc. Sec. Admin.*, 2022 WL 3754720, at *1 n.1 (D. Ariz. Aug. 30, 2022) (Liburdi, J.) (striking notice of supplemental authority which "[w]ithout leave of the Court, . . . offers seven pages of additional argument and briefing" because "[t]he Scheduling Order [wa]s clear about the page lengths and timing of briefing"). Lead Plaintiffs will readily provide a substantive response to Defendants' arguments regarding *Schertz* if the Court so requests.

Because Defendants' Notice improperly contains factual assertions and argument, it "is prohibited (or not authorized) by a statute, rule, or court order" and should be stricken. LRCiv 7.2(m)(1). If, however, the Court does not wish to strike the Notice, Lead Plaintiffs respectfully request leave to submit a short response, as the purported authority itself notes that, although "[t]he allegations in this case are similar to those of the federal complaint[, t]he legal theories are different." ECF 99-1 at 5.

DATED: October 11, 2024                     Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                              s/ DANIEL S. DROSMAN
                              DANIEL S. DROSMAN

4892-5099-1854.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
BRENT E. MITCHELL
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 3 -

4892-5099-1854.v1