ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF 99) |
| All Actions. | |

4902-9258-6497.v1

Lead Plaintiffs respectfully submit this response to Defendants' Notice of Supplemental Authority (ECF 99), pursuant to the Court's Order. ECF 103.[1]

Defendants speciously contend that *Schertz* "was premised on identical allegations" and the "court's rulings are particularly relevant to this case." Notice at 1. They are wrong. The court itself made clear that "***[t]he legal theories are different***" between the two cases. *See* ECF 99-1 at 4. *Schertz* involves claims of breach of fiduciary duty (*id.* at 17-18) by Carvana's Board of Directors ("Board") and Garcia Senior (*id.* at 24). As to the facts, the court's discussion concerning the allegations purportedly in this case concerned Lead Plaintiffs' initial complaint, not the operative ACC. *Compare* Verified Stockholder Derivative Complaint, *Schertz v. Garcia II, et. al.*, C.A. No. 2023-0600-KSJM (Del. Ch. Oct. 18, 2023) *with* ECF 36. Among other things, the ACC adds categories of misstatements (¶¶236-243) and an additional CW (¶¶121-124); clarifies what information, including regulatory actions, was not disclosed at the time of each alleged title and registration misstatement (¶¶173-189); and incorporates recent disclosures by Defendants (*see* ¶¶244-260). And unlike in *Schertz*, Lead Plaintiffs' allegations are not limited to Carvana's violations of title and registration regulations and laws. In any event, as discussed below, *Schertz*'s rulings regarding title and registration do not add to Defendants' infirm arguments attacking the ACC's alleged scheme and risk disclosure misstatements.

First, the court's telephonic bench ruling that the plaintiffs did not establish, under Delaware's "***extreme standard***," that Carvana's Board engaged in "deliberate law-breaking" as they "took concrete steps to address compliance issues" is irrelevant here. *See* ECF 99-1 at 23-24; Notice at 1. That Carvana's Board addressed Carvana's violations ***after*** its license was suspended or revoked says nothing about the ACC, which alleges Garcia Junior and Jenkins flouted state title and registration laws in order to secure retail sales before its competitors and, thus, exposed Carvana to financial, regulatory, legal, and reputational loss.

---

[1]    Unless otherwise noted, all defined terms are the same as in Plaintiffs' Motion to Strike Defendants' Notice of Supplemental Authority (ECF 100), all "¶__" and "¶¶__" references are to Lead Plaintiffs' Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "ACC") (ECF 71), emphasis is added, and citations are omitted.

- 1 -

¶¶11, 144-149.  If anything, *Schertz* supports the ACC's allegations.  The plaintiffs' "concession" that "the Board knew and was repeatedly being told at board meetings of [title and registration] deficiencies prior to the pandemic" (ECF 99-1 at 21) bolsters the ACC's allegations that Garcia Junior and Jenkins were aware of widespread violations at the time of their misstatements (¶¶149, 173-189, 269, 282).

Second, contrary to Defendants' claim, the court's telephonic bench ruling regarding Defendants' trading is irrelevant here because the court expressly relied on Defendants' false and misleading risk disclosures to find that all material information regarding the title violations was purportedly disclosed.  ECF 99-1 at 31-32.  Unlike the derivative plaintiffs, Lead Plaintiffs allege Carvana's risk disclosures were misleading under the Ninth Circuit's well-stated standard that a risk disclosure is materially misleading "when it 'speaks entirely of as-yet-unrealized risks' when the risks have 'already come to fruition.'"  *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 950 (9th Cir. 2023), *cert. dismissed*, 604 U.S. __, 2024 WL 4861195 (Nov. 22, 2024); *see* ECF 91 at 21-26.

Third, Defendants' reliance on the court's telephonic bench ruling as to Garcia Senior fares no better as it is inconsistent with Ninth Circuit law and the ACC's allegations.  Notice at 1.  For example, while "[i]mposing *Caremark* duties on a controlling stockholder like Garcia [Senior] . . . would be a big move under Delaware law" (ECF 99-1 at 26), under §20(a), "a majority or otherwise controlling shareholder is prima facie a controlling person" (*In re Musicmaker.com Sec. Litig.*, 2001 WL 34062431, at *16-*17 (C.D. Cal. June 4, 2001)).  Further, far from providing no information that Garcia Senior had material nonpublic information or controlled Carvana, the ACC alleges that Garcia Senior was clearly aware of the sham pass-through deal with his company, DriveTime; controlled Carvana's operations behind the scenes; and emailed with his son regarding internal, material Carvana matters. ¶¶26, 37, 297, 303 n.165; *see also* ¶¶298-303 (detailing Garcia Senior's extensive material business dealings with Carvana during the Class Period).

In sum, *Schertz* is of no import here, and the Court should deny Defendants' motion to dismiss the well-stated ACC.

4902-9258-6497.v1

DATED: December 2, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)

s/ Daniel S. Drosman

DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
BRENT E. MITCHELL
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
Telephone: 202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

- 3 -

4902-9258-6497.v1

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

4902-9258-6497.v1