FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona  85016
Telephone:  (602) 916-5000
Email:  dnorthup@fennemorelaw.com
Email:  amarconi@fennemorelaw.com

LATHAM & WATKINS LLP
Jeff G. Hammel (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com

LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: aclubok@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation,<br><br>This Document Relates to:<br><br>    ALL ACTIONS. | No. CV-22-2126-PHX-MTL<br><br>**CARVANA DEFENDANTS' MOTION FOR RECONSIDERATION** |

Defendants Carvana Co. ("Carvana"), Ernest Garcia III ("Garcia Junior"), Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan ("Carvana Defendants")[1] appreciate the careful reasoning of the Court's December 16, 2024 Order ("Order") (ECF 105), which granted in part and denied in part Defendants' Motion to Dismiss Lead Plaintiffs' Amended Consolidated Complaint ("MTD") (ECF 82), and move for reconsideration of three discrete issues. Local Rule of Civil Procedure 7.2(g) allows for reconsideration of "matters that the movant believes were overlooked or misapprehended by the Court." L.R.Civ. 7.2(g); *Large v. Hilton*, 2013 WL 694662, at *1-3 (D. Ariz. Feb. 26, 2013) (reconsideration granted where court overlooked controlling law). Such reconsideration is warranted here.

## BACKGROUND

On December 16, 2024, the Court issued the Order dismissing all the Exchange Act claims except for those based on title and registration statements or omissions (Statement Nos. 1-8, 19-20). *See* Order at 11-20 (T&R statements), 23-26 (Retail Sales Growth statements), 40 (scheme liability), and 59-60 (control liability). For the surviving title and registration-based claims, the Court found that the ACC sufficiently alleged claims based on statements made from February 25, 2021 to June 24, 2022, including in the April 2022 offering documents, because those statements omitted information about title and registration issues. *Id.* at 33. The Court also declined to dismiss scheme liability claims against the Exchange Act Defendants because an artifice Plaintiffs alleged was based on the same statements and omissions regarding compliance with title and registration laws. *See id.* at 35, 40, 57. With respect to scienter, the Court rejected Plaintiffs' "pump and dump" theory, *id.* at 42, but found sufficient Plaintiffs' argument that Garcia Junior and Jenkins had acted with scienter because they had knowledge of title and registration issues,

---

[1] Plaintiffs bring claims under the Securities Exchange Act of 1934 (the "Exchange Act") against Carvana, Garcia Junior, and Jenkins (together, the "Exchange Act Defendants"). ACC ¶¶ 24-28. Plaintiffs bring claims under the Securities Act of 1933 (the "Securities Act") against the Exchange Act Defendants, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, the "Securities Act Defendants"). ACC ¶¶ 367-70.

*id.* at 43-52. Likewise, the Court dismissed Plaintiffs' Securities Act claims except those based on two identical statements relating to title and registration omissions (Statements B and C). *Id.* at 66-67. Carvana Defendants' narrow motion to reconsider three aspects of the Court's ruling follows.

### A.   The Court overlooked Carvana Defendants' unresponded-to argument that the ACC lacks a single fact alleging that the speakers of Statements Nos. 4 and 8 acted with scienter.

The Court's Order found that only two Individual Defendants (Garcia Junior and Jenkins) acted with scienter, Order at 52, yet it denied dismissal of Plaintiffs' claims based on statements attributed to others: specifically, Statement No. 4, by non-party Mike Levin,[2] and Statement No. 8, by an unnamed corporate spokesperson (together with Levin, the "Non-Party Speakers"). Order at 73. The Court appears to have overlooked Carvana Defendants' dispositive arguments that those claims must be dismissed because Plaintiffs failed to allege that the *makers* of the statement (the Non-Party Speakers) acted with scienter. MTD at 17 n.12, 18 n.14, 36 n.30. Plaintiffs did not respond, and therefore waived any response, to Carvana Defendants' arguments, *see* ECF 91 ("Opposition") at 26-27, which therefore requires dismissal of Plaintiffs' Exchange Act claims based on Levin's portion of Statement No. 4 and also Statement No. 8.

As this Court recognized, a company acts with scienter only where the individual speakers made actionable statements with scienter. Order at 40 ("A complaint supporting a strong inference of scienter must allege that *each* defendant made *each* false or misleading statements with an 'intent to deceive, manipulate, or defraud,' or with deliberate recklessness.") (emphasis added). In other words, scienter must be pleaded with respect to the individuals "who actually made the false statements." *Glazer Cap. Mgmt., LP v. Magistri*, 549 F.3d 736, 745 (9th Cir. 2008). The Ninth Circuit has not adopted any

---

[2] Statement No. 4 includes portions made by Levin and also portions spoken by Jenkins. With respect to the lack of allegations that the Non-Party Speakers made statements with scienter, Defendants' request for reconsideration relates only to the portion of Statement No. 4 spoken by Levin.

corporate scienter doctrine. Order at 51 (citing *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1063 (9th Cir. 2014)).

Plaintiffs pleaded no facts establishing that the Non-Party Speakers acted with scienter in making Statement Nos. 4 and 8. MTD at 36 n.30. Instead, the Non-Party Speakers were superficially mentioned only a handful of times in the ACC. *See, e.g.*, ACC ¶¶ 180, 188.

In its scienter ruling, the Court held only that Garcia Junior and Jenkins—across all individuals described in the ACC—had acted with scienter in making the challenged statements, Order at 52, and it allowed claims to proceed against the Exchange Act Defendants, ostensibly based on Garcia Junior and Jenkins's scienter in making those statements. The Court appears to have overlooked that Statement Nos. 4 and 8 were not made by Garcia Junior or Jenkins (in relevant part), and that Plaintiffs had no response to, and thereby conceded, Defendants' argument that the ACC did not allege the Non-Party Speakers' scienter. *Doe v. Dickenson*, 615 F. Supp. 2d 1002, 1010 (D. Ariz. 2009) (issue waived where plaintiffs did not respond to defendants' arguments); *see also Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (similar).

Accordingly, reconsideration is warranted and the Exchange Act claims against the Exchange Act Defendants should be dismissed to the extent they are based on those statements.

**B.      The Court's finding that Garcia Junior and Jenkins acted with scienter contradicts Ninth Circuit precedent, given the Court's rejection of Plaintiffs' pump and dump theory.**

The Court rejected Plaintiffs' theory of fraud—namely, that Individual Defendants Garcia Junior and Jenkins supposedly engaged in a scheme to pump the stock price through misstatements, omissions, and artifices—in order to benefit financially through their own and Garcia Senior's stock sales. Order at 41-43. Yet the Court nonetheless found that Garcia Junior and Jenkins acted with scienter in connection with the title and registration statements and omissions and artifices, on the ground that they had *knowledge* of title and registration noncompliance. *Id.* at 43-49, 52. But this holding is contrary to law: Under

binding Ninth Circuit precedent, knowledge alone cannot provide the "cogent" and "compelling" inference of scienter required by *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007).

While Plaintiffs were not required to plead motive, Ninth Circuit law holds that "the lack of a plausible motive" allegation "makes it much less likely that a plaintiff can show a strong inference of scienter." *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1108 (9th Cir. 2021).[3] The Court stated the proper standard in its Order, holding that scienter requires "an intent to deceive" or "deliberate recklessness" towards "a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." Order at 40-41. But it then made a clear error under Ninth Circuit law in finding that Plaintiffs satisfied this burden based only on allegations that Garcia Junior and Jenkins had *knowledge* of the allegedly omitted facts about title and registration. Order at 43-52. The Court stated that it would be "absurd to suggest" that the CEO and CFO of Carvana "did not *know* of Carvana's title and registration issues, as well as the drivers of its retail sales," and found that the allegations showed that Garcia Junior and Jenkins were "well *aware of*" "noncompliance with title and registration requirements," and "had actual access to information related to the misstatements." *Id.* at 48, 50 (emphasis added). The Court did not find, and the ACC does not allege any facts suggesting, that Jenkins or Garcia Junior *were deliberately misleading* investors about title and registration issues when, *e.g.*, they signed SEC filings warning of the risk that legal violations could adversely impact financial results (Statement Nos. 1-3, 5-7), Jenkins responded to analyst questions about the NC vending machine ban (Statement No. 4), and

---

[3] The ACC does not allege that Garcia Junior sold a single share or present any other allegations indicating a motive to commit fraud. Order at 42. A "lack of stock sales can detract from a scienter finding," and it appears the Court overlooked "an inference of innocence" regarding his purchase of two million shares during the Class Period. *Webb v. Solarcity Corp.*, 884 F.3d 844, 856 (9th Cir. 2018); MTD at 32; ACC ¶ 266 n.157. Even as to Jenkins' sales, the Court found that Plaintiffs did not allege that they were unusual or suspicious. Order at 43. And even as to those non-suspicious sales, because the Court allowed the Exchange Act claims to proceed only based on statements *beginning* on February 25, 2021, the *vast majority* of Jenkins' non-suspicious sales were made *prior* to the statements. MTD Ex. 39. Jenkins sold only 56,929 shares during the remaining Class Period. *Id.*

they discussed strong demand as a primary driver of retail sales growth (Statement Nos. 19-20). *Id.*

The Court's scienter ruling is contrary to Ninth Circuit law, which requires Plaintiffs to allege not only that each Individual Defendant had knowledge of the concealed information, but also that each deliberately misled investors. *See, e.g.*, *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 706-07 (9th Cir. 2021) (finding adequate allegations of scienter only where plaintiffs alleged facts supporting an inference that each individual defendant had sufficient knowledge of the material omission *and* "decided to conceal" the information "to avoid regulatory scrutiny and testimony before Congress"); *see also City of Hollywood Firefighters Pension Fund v. Atlassian Corp.*, 2024 WL 235183, at *14 (N.D. Cal. Jan. 22, 2024) (applying *Alphabet* and finding insufficient allegations of scienter where, "[e]ven assuming [the individual defendant] knew of the [omission], there are no allegations that she knew or must have been aware that withholding the information would present a danger of misleading buyers or sellers").

The Ninth Circuit has repeatedly held that knowledge allegations alone do "not plausibly allege that [a defendant] intentionally misled investors, or acted with deliberate recklessness, by not disclosing the [omitted facts] sooner." *In re NVIDIA*, 768 F.3d at 1056-57; *see also In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 884 (9th Cir. 2012) (defendant's knowledge that reporting was incomplete was insufficient to allege that he "believed that [he] was making false or misleading statements"). Rather, a plaintiff alleges a strong inference of scienter only with facts showing an individual knew of information contradicting his statement and *also* deliberately concealed that information from investors with the intention of misleading them. *See Alphabet*, 1 F.4th at 706-07; *Atlassian*, 2024 WL 235183, at *14. To hold otherwise risks collapsing the distinct falsity and scienter standards.

Ninth Circuit law provides that "the PSLRA neither allows nor requires [the Court] to check [its] disbelief at the door," *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 415 (9th Cir. 2020), but without the pump and dump theory, Plaintiffs have no theory as to *why* Garcia

Junior and Jenkins allegedly acted to deceive investors. Had Defendants wanted to mislead investors about Carvana's title and registration compliance, they "could have chosen far less ambiguous language," *e.g.*, "we are not, and have not violated title and registration laws," rather than highlighting the extensive regulatory regime with which Carvana must comply. *See Boykin v. K12, Inc.*, 54 F.4th 175, 186 (4th Cir. 2022); *see also Tellabs*, 551 U.S. at 326 ("[O]missions and ambiguities count against inferring scienter.").

Without a pump and dump theory, Plaintiffs make no allegations as to why Defendants would conceal title and registration issues, ACC § VI.D, particularly given that those issues were publicly reported throughout the Class Period, as Plaintiffs own allegations confirm. *See Nguyen,* 962 F.3d at 415 (rejecting theory that "depends on the supposition that defendants would rather keep the stock price high for a time and then face the inevitable fallout once [omitted information] was revealed"); *Atlassian*, 2024 WL 235183, at *14 (stock sales not sufficient to show defendants had motive to defraud and "without more, it is not logical that [defendants would] affirmatively omit the full picture about the status of the company when talking to investors and analysts, and instead reveal the details eight weeks later in a letter to shareholders"). Plaintiffs do not offer any theory as to why Defendants would have concealed the information *temporarily*, when they were not personally benefitting from insider sales nor trying to profit through a transaction for Carvana itself. Yet their own allegations make clear that title and registration issues were repeatedly reported on by local and nationwide media, and in litigation proceedings between local agencies and Carvana. *See, e.g.*, ACC ¶¶ 148(b), 311-313. Without their pump and dump theory, Plaintiffs' allegations of scienter "do[] not resonate in common experience," *Nguyen*, 962 F.3d at 415.

Because the Court committed "manifest error" in finding scienter based on inferences and allegations of knowledge alone, *see* L.R.Civ. 7.2(g), reconsideration is warranted, and the Exchange Act claims against the Exchange Act Defendants should be dismissed in their entirety because they are all based on the remaining statements and omissions and artifices relating to title and registration issues.

### C.     The Court's ruling on the actual knowledge prong of the PSLRA safe harbor is contrary to law.

Carvana Defendants request that the Court reconsider its ruling on the PSLRA safe harbor protection for the compliance risk disclosures (Statement Nos. 1 and 6 and Statement C) because the Court erred in finding that the actual knowledge standard is "less exacting" than the scienter standard. Order at 16 & n.7 (finding that "ACC meets the *less exacting* requirements for alleging actual knowledge of falsity") (emphasis added). Under Ninth Circuit law, the actual knowledge standard under the PSLRA safe harbor is *more exacting* than the scienter standard, which allows for deliberate recklessness. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 n.18 (9th Cir. 2002) (noting the "stricter standard of actual knowledge of falsity as the required state of mind" for denying protection under the PSLRA safe harbor); *Hadian v. Fate Therapeutics, Inc.*, 2024 WL 4246083, at *25 (S.D. Cal. Sept. 19, 2024) ("'Actual knowledge' is a 'stricter standard' than the heightened pleading requirement for scienter under the PSLRA."). It is also *Plaintiffs'* burden to allege particular facts showing "a strong inference" that the speaker made the statement "with '*actual knowledge* … that the statement was false or misleading.'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1112 (9th Cir. 2010) (quoting 15 U.S.C. § 78u-5(c)(1)(B)(i)) (emphasis added).

Under the PSLRA, Plaintiffs had to allege particular facts showing that the individual speakers made the compliance risk disclosures with actual knowledge that the statements were false or misleading at the time they were made, in February 2021 for Statement No. 1, February 2022 for Statement No. 6, and April 2022 for Statement C. None of the allegations in the 320-page ACC speak to what either Garcia Junior, Jenkins, or any of the individual Securities Act Defendants, actually knew about allegedly concealed title and registration noncompliance at the time of any of the challenged risk disclosures, let alone suggest any individual defendant had actual knowledge that noncompliance had materially and adversely impacted the Company's results. Plaintiffs'

generalized scienter arguments fail to meet the higher standard of actual knowledge required to negate the safe harbor.

While the Court did not make a definitive finding on whether the compliance risk disclosure is "forward-looking," Order at 16 ("It is not clear that any of Statements 1-8 can properly be termed 'forward-looking'"), this type of statement is protected by the PSLRA safe harbor because it is a "projection[]of future performance and 'the assumptions underlying or relating to such projections.'" *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 (N.D. Cal. Oct. 9, 2018); *In re Aetna, Inc. Sec. Litig.*, 617 F.3d 272, 279 (3d Cir. 2010) (citing 15 U.S.C. § 78u-5(i)(1)); *see also* MTD at 17; ECF 96 at 5. These disclosures were made in Carvana's SEC filings under the title "Item 1A. Risk Factors," which describes risks that may materially and adversely affect "*future* results" such that they differ materially from "*historical* results." *See, e.g.*, MTD Ex. 33 (2022 10-K) at 15-16. Even where Plaintiffs have adequately pleaded falsity and scienter, statements protected by the safe harbor are not actionable. *See Glazer Cap. Mgmt., LP v. Forescout Techs., Inc.*, 63 F.4th 747, 774 (9th Cir. 2023). The Court's refusal to dismiss these risk disclosure statements warrants reconsideration.

## **CONCLUSION**

For these reasons, Carvana Defendants respectfully request that the Court reconsider its December 16, 2024 Order and dismiss Plaintiffs' remaining Exchange Act claims against the Exchange Act Defendants (Counts I and II) and the Securities Act claims against the Securities Act Defendants to the extent based on Statement C (Counts IV and VI). Without an underlying primary violation, Plaintiffs' Section 20(a) claims should be dismissed, along with their Section 15 claims, to the extent based on Statement C. *Nguyen*, 962 F.3d at 419; *Greenberg v. Sunrun Inc.*, 233 F. Supp. 3d 764, 772 (N.D. Cal. 2017).

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

Respectfully submitted this 30th day of December, 2024.

FENNEMORE CRAIG, P.C.


By: */s/ Andrea L. Marconi*
Douglas C. Northup
Andrea L. Marconi


LATHAM & WATKINS LLP

Andrew B. Clubok (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

LATHAM & WATKINS LLP

Jeff G. Hammel (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com

*Counsel for Defendants Carvana Co.,
Ernest Garcia III, Mark Jenkins, Stephen
Palmer, Michael Maroone, Neha Parikh, Ira
Platt, and Greg Sullivan*