ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | PLAINTIFFS' RESPONSE TO CARVANA DEFENDANTS' MOTION FOR RECONSIDERATION (ECF 107) |
|     All Actions. | |

4911-6150-3246.v1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................ 3

III. LEGAL STANDARD ........................................................................................ 4

IV. ARGUMENT .................................................................................................... 4

    A.    The Court Correctly Found that Plaintiffs Adequately Alleged a Strong Inference of Scienter ......................................................................... 4

    B.    The Court Correctly Found that the Materially Misleading Risk Disclosures Are Not Protected by the PSLRA Safe Harbor ........................ 9

    C.    The Court Correctly Found that Statement Nos. 4 and 8 Are Actionable ....................................................................................... 13

V. CONCLUSION ............................................................................................... 17

4911-6150-3246.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Altschuler v. Chubb Nat'l Ins. Co.*,
2024 WL 1406297 (D. Ariz. Apr. 2, 2024) .................................................... 4

*Azar v. Yelp, Inc.*,
2019 WL 285196 (N.D. Cal. Jan. 22, 2019) .................................................. 9

*Berson v. Applied Signal Tech., Inc.*,
527 F.3d 982 (9th Cir. 2008) ................................................................. 5, 9

*Christie's Cabaret of Glendale LLC v. United Nat'l Ins. Co.*,
2022 WL 137625 (D. Ariz. Jan. 14, 2022) ........................................ 1, 11, 14

*City of Birmingham Relief & Ret. Sys. v. Acadia Pharms., Inc.*,
2023 WL 1769810 (S.D. Cal. Feb. 2, 2023) .................................................. 8

*City of Hollywood Firefighters Pension Fund v. Atlassian Corp.*,
2024 WL 235183 (N.D. Cal. Jan. 22, 2024) ................................................. 7

*Crossfirst Bank v. Vieste SPE LLC*,
2021 WL 2517855 (D. Ariz. Apr. 16, 2021) ........................................... 4, 13

*Damwyk v. Kendall*,
2024 WL 4867223 (C.D. Cal. Nov. 8, 2024) ............................................... 14

*Est. of Saunders v. Comm'r of Internal Revenue*,
745 F.3d 953 (9th Cir. 2014) .............................................................. 2, 14

*Evanston Ins. Co. v. Venture Point, LLC*,
2021 WL 5500486 (D. Nev. Nov. 23, 2021) ............................................... 14

*Evanston Police Pension Fund v. McKesson Corp.*,
411 F. Supp. 3d 580 (N.D. Cal. 2019) ...................................................... 5, 7

*Ferreira v. Funko Inc.*,
2021 WL 880400 (C.D. Cal. Feb. 25, 2021) ............................................... 11

*Friends of Yosemite Valley v. Kempthorne*,
520 F.3d 1024 (9th Cir. 2008) ............................................................... 15

*Gebhart v. SEC*,
595 F.3d 1034 (9th Cir. 2010) ................................................................. 5

4911-6150-3246.v1

**Page**

*Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*,
    63 F.4th 747 (9th Cir. 2023) .............................................................................. 5, 6, 8, 12

*Glazer Cap. Mgmt., LP v. Magistri*,
    549 F.3d 736 (9th Cir. 2008) ............................................................................ 15, 16, 17

*Hadian v. Fate Therapeutics, Inc.*,
    2024 WL 4246083 (S.D. Cal. Sept. 19, 2024)....................................................... 2, 7, 12

*In re Aetna, Inc. Sec. Litig.*,
    617 F.3d 272 (3d Cir. 2010) ........................................................................................ 11

*In re Alphabet, Inc. Sec. Litig.*,
    1 F.4th 687 (9th Cir. 2021) ................................................................................... 6, 7, 9

*In re Facebook, Inc. Sec. Litig.*,
    87 F.4th 934 (9th Cir. 2023),
    *cert. granted in part sub nom.*,
    ___ U.S. ___, 144 S. Ct. 2629 (2024) and
    *cert. dismissed as improvidently granted sub nom.*,
    604 U.S. 4 (2024)........................................................................................................ 9, 11

*In re LDK Solar Sec. Litig.*,
    584 F. Supp. 2d 1230 (N.D. Cal. 2008) ........................................................................ 13

*In re MF Glob. Holdings Ltd. Inv. Litig.*,
    2014 WL 8184606 (S.D.N.Y. Mar. 11, 2014) .............................................................. 14

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014) ......................................................................... 6, 15, 17

*In re Plantronics, Inc. Sec. Litig.*,
    2022 WL 17974627 (N.D. Cal. Nov. 7, 2022) ......................................................... 4, 13

*In re Quality Sys., Inc. Sec. Litig.*,
    865 F.3d 1130 (9th Cir. 2017) .............................................................................. 11, 12

*In re Rigel Pharms., Inc. Sec. Litig.*,
    697 F.3d 869 (9th Cir. 2012) ........................................................................................ 6

*In re Splunk Inc. Sec. Litig.*,
    592 F. Supp. 3d 919 (N.D. Cal. 2022) ........................................................................... 5

4911-6150-3246.v1

**Page**

*In re SunPower Corp. Sec. Litig.*,
    2018 WL 4904904 (N.D. Cal. Oct. 9, 2018) .................................................................. 11

*In re VeriFone Holdings, Inc. Sec. Litig.*,
    704 F.3d 694 (9th Cir. 2012) ......................................................................... 2, 5, 9

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    2017 WL 66281 (N.D. Cal. Jan. 4, 2017)...................................................................... 16

*In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*,
    694 F. Supp. 2d 1192 (W.D. Wash. 2009).................................................................... 5

*Kona Enters., Inc. v. Est. of Bishop*,
    229 F.3d 877 (9th Cir. 2000) ...................................................................... 17

*Lipton v. Pathogenesis Corp.*,
    284 F.3d 1027 (9th Cir. 2002) .................................................................... 13

*Makor Issues & Rts., Ltd. v. Tellabs Inc.*,
    513 F.3d 702 (7th Cir. 2008) ....................................................................... 8

*Matrixx Initiatives, Inc. v. Siracusano*,
    563 U.S. 27 (2011)...................................................................................... 7

*Mogan v. Airbnb, Inc.*,
    2024 WL 3738480 (9th Cir. Aug. 9, 2024) ................................................................ 1

*N.M. State Inv. Council v. Ernst & Young LLP*,
    641 F.3d 1089 (9th Cir. 2011) ................................................................... 5

*Network Appliance Inc. v. Sun Microsystems Inc.*,
    2008 WL 4712604 (N.D. Cal. Oct. 22, 2008) .......................................................... 14

*Okla. Police Pension & Ret. Sys. v. LifeLock, Inc.*,
    780 F. App'x 480 (9th Cir. 2019) .............................................................................. 10

*Owino v. CoreCivic, Inc.*,
    2021 WL 120874 (S.D. Cal. Jan. 13, 2021),
    *aff'd*, 60 F.4th 437 (9th Cir. 2022)......................................................................... 14

*S. Ferry LP #2 v. Killinger*,
    687 F. Supp. 2d 1248 (W.D. Wash. 2009)........................................................... 8, 16

4911-6150-3246.v1

**Page**

*S. Ferry LP v. Killinger*,
542 F.3d 776 (9th Cir. 2008) ................................................................................. 9

*Schueneman v. Arena Pharms., Inc.*,
840 F.3d 698 (9th Cir. 2016) ................................................................................. 5

*Surf City Steel, Inc. v. Int'l Longshore & Warehouse Union*,
2016 WL 10637079 (C.D. Cal. Dec. 28, 2016),
*aff'd*, 780 F. App'x 467 (9th Cir. 2019)............................................................... 10

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007)................................................................................................ 7

*Turner v. Ryan*,
2019 WL 5188818 (D. Ariz. Oct. 15, 2019).......................................................... 1

*Weeks v. Bayer*,
246 F.3d 1231 (9th Cir. 2001) ............................................................................. 10

*Weston v. DocuSign, Inc.*,
669 F. Supp. 3d 849 (N.D. Cal. 2023) ................................................................. 12

*York Cnty. ex rel. Cnty. of York Ret. Fund v. HP, Inc.*,
65 F.4th 459 (9th Cir. 2023) .................................................................................. 5

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
§77k...................................................................................................................... 3
§77l(a)(2) ............................................................................................................. 3
§77o...................................................................................................................... 3
§78j(b)................................................................................................................... 3
§78t-1 ................................................................................................................... 3
§78t(a) .................................................................................................................. 3

17 C.F.R.
§240.10b-5(a)....................................................................................................... 3
§240.10b-5(b)....................................................................................................... 3
§240.10b-5(c)....................................................................................................... 3

4911-6150-3246.v1

Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan (together, "Plaintiffs") respectfully submit this response in opposition to the Carvana Defendants' Motion for Reconsideration ("Motion" or "Mtn.") (ECF 107) of the Court's December 16, 2024 Order ("Order") (ECF 105).[1]

## I.    INTRODUCTION

Defendants do precisely what is prohibited on a motion for reconsideration – raise arguments they could have raised before and renew arguments the Court has already considered and rejected.  Neither tactic satisfies Defendants' heavy burden on this "'disfavored'" Motion of establishing that the Court manifestly erred when it issued its painstakingly detailed, well-reasoned, 73-page Order. *Christie's Cabaret of Glendale LLC v. United Nat'l Ins. Co.*, 2022 WL 137625, at *1 (D. Ariz. Jan. 14, 2022) (Liburdi, J.).  Because Defendants are expressly prohibited from "repeat[ing] any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order" (LRCiv 7.2(g)), and because a "'motion for reconsideration is not an appropriate method for an unsuccessful party to rehash arguments previously presented'" (*Turner v. Ryan*, 2019 WL 5188818, at *1 (D. Ariz. Oct. 15, 2019)), their Motion should be summarily denied.  *See* LRCiv 7.2(g) ("Failure to comply with this subsection may be grounds for denial of the motion."); *see also Mogan v. Airbnb, Inc.*, 2024 WL 3738480, at *4 (9th Cir. Aug. 9, 2024) (affirming denial of reconsideration where movant "improperly sought to reargue many of the same arguments earlier made in opposition to the [opening] [m]otion").  But even if the Court considers Defendants' Hail Mary arguments, they fail (again) on the merits.

---

[1]    "Carvana Defendants" refers to defendants Carvana Co. ("Carvana" or the "Company"), Ernest Garcia III ("Garcia Jr."), Mark Jenkins ("Jenkins"), Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan.  Defendant Ernest Garcia II ("Garcia Sr.") and defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC (together, the "Underwriter Defendants") filed joinders to Carvana Defendants' Motion. ECF 108, 110.  Carvana Defendants, Garcia Sr., and the Underwriter Defendants are referred to collectively as "Defendants."  Unless otherwise stated, citations and footnotes are omitted, emphasis is added, and all "¶__" or "¶¶__" references are to Lead Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws (the "ACC") (ECF 71).

- 1 -

***First***, cognizant of the strength of Plaintiffs' allegations, Defendants move the goal posts for pleading scienter, arguing that the Court's finding that Defendants actually knew their statements were materially false and/or misleading is insufficient to support a strong inference of scienter.  As the Ninth Circuit has unequivocally held, "[s]cienter can be established by intent, ***knowledge***, or certain levels of recklessness."  *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 702 (9th Cir. 2012).  In any event, Defendants' argument conspicuously ignores that the Court found myriad bases that individually and collectively support a strong inference of scienter.  *Infra*, §IV.A.

***Second***, the Court did not err by finding certain risk disclosures were not protected by the Private Securities Litigation Reform Act of 1995 ("PSLRA") safe harbor.  The statements were not forward-looking or accompanied by meaningful cautionary language, and Defendants admit that the Court found they had actual "knowledge" of their statements' falsity.  Mtn. at 3-4.  Nevertheless, Defendants accuse the Court of applying an incorrect, too-lenient standard.  But a plain reading of the Court's analysis regarding actual knowledge makes clear it is consistent with, and not contrary to, prevailing law – a fact that Defendants' leading authority concedes.  *See Hadian v. Fate Therapeutics, Inc.*, 2024 WL 4246083, at *25-*39 (S.D. Cal. Sept. 19, 2024); *infra*, §IV.B.

***Third***, the Court did not err by rejecting Defendants' argument – relegated to mere footnotes in their opening brief – that Plaintiffs did not adequately allege scienter with respect to some of the makers of Statement Nos. 4 and 8.  The Court acted appropriately when it implicitly rejected Defendants' perfunctory, footnoted assertion.  Indeed, courts routinely decline to address "[a]rguments raised only in footnotes" as they "are generally deemed waived."  *Est. of Saunders v. Comm'r of Internal Revenue*, 745 F.3d 953, 962 n.8 (9th Cir. 2014).  Regardless, Plaintiffs adequately alleged the speakers had scienter as they made the statements in response to direct questions from analysts and the media, and the corporate scienter doctrine is particularly apt here.  *Infra*, §IV.C.

For these reasons and those set forth more fully below, the Motion should be denied.

- 2 -

4911-6150-3246.v1

## II.   BACKGROUND

On March 29, 2024, Plaintiffs filed the ACC alleging violations of §§10(b), 20(A), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") and §§11, 12(a)(2), and 15 of the Securities Act of 1933 (the "1933 Act").  *See* ACC.  Relevant here, Plaintiffs alleged that defendants Carvana, Garcia Jr., and Jenkins engaged in a fraudulent scheme to boost Carvana's retail sales – its most important metric – in violation of Rule 10b-5(a) and (c), and made misleading statements and omissions regarding title and registration and retail unit growth in violation of Rule 10b-5(b).  *See, e.g.*, ¶¶10, 125.  Defendants filed multiple motions to dismiss the ACC, totaling more than 3,855 pages.  ECF 73, 76-77, 79, 82, 85, 87, 96-98.  After considering the parties' voluminous briefing, the Court issued a painstakingly detailed 73-page order granting in part and denying in part Defendants' second motion to dismiss the ACC.  The Court upheld Plaintiffs' 1934 Act claims, finding Plaintiffs adequately alleged Defendants made materially misleading statements regarding title and registration (Statement Nos. 1-8) and retail unit sales growth (Statement Nos. 19-20) with scienter.  Order at 11-20, 25-26, 40-52.  In addition, the Court upheld Plaintiffs' scheme liability claim regarding Defendants' deceptive conduct involving retail unit sales growth and title and registration.  *Id.* at 40.  And, the Court upheld Plaintiffs' §20(a) claim against Garcia Sr., Garcia Jr., and Jenkins.  *Id.* at 58-60.  The Court also upheld Plaintiffs' 1933 Act claims, finding Plaintiffs adequately alleged Statement C regarding title and registration and Statement B regarding retail unit sales were false or misleading under §11.  *Id.* at 66-67.[2] This Motion followed.

---

[2]   Defendants mischaracterize and misconstrue the Court's Order in an effort to narrow it.  For example, Defendants claim that the Court upheld "two ***identical*** statements relating to title and registration omissions" only.  Mtn. at 2 (citing Statements B and C).  But as Plaintiffs alleged, and as the Court held, Statement B regarding the drivers of its retail unit sales was false and misleading because Carvana identified specific drivers of its growth, "while omitting the purportedly ***fraudulent artifices*** that contributed to Carvana's sales." Order at 66; *see also id.* at 25 (finding certain retail unit statements misleading because "some of Carvana's ***other expansion practices*** [apart from the DriveTime deal], such as its alleged practice of selling vehicles without proper title and registration, may not have been known").  Defendants also attempt to limit the alleged scheme to statements "regarding compliance with ***title and registration laws***." Mtn. at 1; *see also id.* at 4 n.3.  But again, the Court's Order was not so limited.  Order at 40.  Because Defendants' mischaracterization is

- 3 -

## III.    LEGAL STANDARD

"Motions for reconsideration should be granted only in *rare* circumstances." *Crossfirst Bank v. Vieste SPE LLC*, 2021 WL 2517855, at *1 (D. Ariz. Apr. 16, 2021); *see also Altschuler v. Chubb Nat'l Ins. Co.*, 2024 WL 1406297, at *2 (D. Ariz. Apr. 2, 2024) (Liburdi, J.) ("Cases rarely arise which meet the standard for review on reconsideration and granting a motion to reconsider should be equally rare."). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Crossfirst Bank*, 2021 WL 2517855, at *1; *see also In re Plantronics, Inc. Sec. Litig.*, 2022 WL 17974627, at *8 (N.D. Cal. Nov. 7, 2022) ("Defendants appear to disagree with the inferences that the Court has drawn . . . but any such disagreement is not a proper ground for reconsideration."). Rather, reconsideration is appropriate *only* when a party has made a showing of "manifest error" or "new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g).

## IV.    ARGUMENT

### A.    The Court Correctly Found that Plaintiffs Adequately Alleged a Strong Inference of Scienter

In their motion to dismiss briefing, Defendants spilled much ink arguing that the ACC failed to plead scienter. *See* ECF 82 at 31-35; ECF 96 at 18-22. The Court's Order carefully considered the arguments presented, accepting some and rejecting others, to ultimately – and correctly – conclude that Jenkins's and Garcia Jr.'s scienter was adequately pleaded based on their actual knowledge of or access to the very facts that they concealed, as evidenced by their statements concerning the subjects and as bolstered by a mosaic of additional facts. Order at 40-52.

Notwithstanding the Court's thoughtful analysis, Defendants attempt another bite at the dismissal apple, presenting a hodgepodge of rehashed arguments that amount to nothing more than mere disagreement with the Court's sound analysis. Defendants claim that the

irrelevant to the resolution of Defendants' Motion, however, Plaintiffs will not address this issue further here. To be clear, however, the Order is plain on its face, and Plaintiffs disagree with Defendants' mischaracterization of it.

- 4 -

4911-6150-3246.v1

Court erred in holding that Defendants' "**knowledge** of the allegedly omitted facts" was sufficient to establish scienter because Plaintiffs must purportedly establish that Defendants also "deliberately misled investors." Mtn. at 3-6 (emphasis in original). But the Court committed no error, let alone a manifest one. In fact, the opposite is true – the Court's scienter analysis and conclusion are correct and strongly supported by controlling precedent. The Ninth Circuit makes clear that "[s]cienter can be established by intent, **knowledge, or certain levels of recklessness**." *VeriFone*, 704 F.3d at 702. In analyzing scienter, "'**the ultimate question is whether the defendant knew his or her statements were false**, or was consciously reckless as to their truth or falsity.'" *Id.* (quoting *Gebhart v. SEC*, 595 F.3d 1034, 1042 (9th Cir. 2010)). Accordingly, where, as here, Defendants "disclosed information about [the omitted information] that contradicted [their] own internal data," there is "'a strong inference' that [they] '**knowingly misled**' the public as to the state of the company." *York Cnty. ex rel. Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 467-68 (9th Cir. 2023); *see* Order at 44; *see also Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 779-80 (9th Cir. 2023) ("*Glazer II*") (finding scienter as to a misstatement based solely on the defendants' actual knowledge that the alleged statement was misleading).[3]

Moreover, actual knowledge is **not** required; "deliberate recklessness" suffices. *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 987 (9th Cir. 2008); *see also N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1095 (9th Cir. 2011) ("[a] complaint can plead scienter by raising a strong inference that the defendant **possessed actual knowledge or acted with deliberate recklessness**"); *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698, 705 (9th Cir. 2016) ("[Plaintiffs'] burden, therefore, is to allege sufficiently particular facts to

---

[3] District courts in this Circuit are in accord. *See In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 694 F. Supp. 2d 1192, 1210 (W.D. Wash. 2009) (finding a strong inference of scienter where the "allegations show [the defendant's] actual knowledge of the risk management problems of which Plaintiffs complain"); *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 947 (N.D. Cal. 2022) (finding the allegations support a strong inference of scienter "because they strongly suggest that individual Defendants had actual knowledge that the challenged statements . . . would be misleading to investors"); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 607 (N.D. Cal. 2019) (holding that core operations alone "can give rise to an inference" of scienter and denying defendants' motion for reconsideration of scienter).

- 5 -

4911-6150-3246.v1

demonstrate a strong inference of scienter – a mental state that not only covers 'intent to deceive, manipulate, or defraud,' **but also 'deliberate recklessness'**"). "'[R]ecklessness . . . satisfies scienter under §10(b) to the extent that it reflects some degree of intentional **or conscious misconduct**.'" *Glazer II*, 63 F.4th at 765.

None of Defendants' authority – new or recycled – supports their ultra-heightened pleading standard that a defendant's actual knowledge that his or her statements were false and misleading is insufficient to establish scienter. In *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869 (9th Cir. 2012), unlike here, the court not only did not find knowledge, but also found that knowledge of the allegedly omitted information – a "country effect" in a clinical study – would not lead to a finding of scienter where it did not render any statement misleading. *Id.* at 883. In *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046 (9th Cir. 2014), the Ninth Circuit determined that knowledge of a product issue was insufficient to allege scienter because the defendants had not yet determined that the company would bear any liability for the issue. *Id.* at 1059. In other words, knowledge of the omission was insufficient because, under those facts, the omission was not material to investors as it may have had no bearing on the company. *Id.* And *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687 (9th Cir. 2021), supports Plaintiffs, given the Court's determination that the "specific allegations, taken as a whole, raise a strong inference that Page, and therefore Alphabet, **knew** about the [omitted information], and that Alphabet intentionally did not disclose this information in its 10-Q statements." *Id.* at 705. The Court merely rejected as "not plausible" the competing inference that Alphabet was negligent in not disclosing the omitted information in light of Alphabet's concealment of the omitted information to "delay the impacts disclosure could have on regulatory scrutiny, public criticism, and loss of consumer confidence." *Id.* at 706-07. The same is true here: Defendants – who offered no plausible competing inference in their original briefs other than to argue that their statements were true (ECF 82 at 36) – admitted that "'the damage to Carvana's reputation and goodwill posed

- 6 -

by'" even one "'suspension order [would be] incalculable and irreparable.'" *E.g.*, ¶¶11, 189(c).[4]

Defendants' argument essentially boils down to mere disagreement with the Court's conclusion that scienter was pleaded despite its determination that Jenkins's and Garcia Jr.'s trades did not support an inference of scienter as to them.[5]  *See* Mtn. at 5-6 ("without the pump and dump theory, Plaintiffs have no theory as to why Garcia Junior and Jenkins allegedly acted to deceive investors"); *id.* at 6 (stating similarly).  Or, as they have said repeatedly, "'the lack of a plausible motive' allegation 'makes it much less likely that a plaintiff can show a strong inference of scienter.'"  *Id.* at 4, 6; ECF 82 at 35 (same quote).  But the Court already considered and correctly rejected this assertion, and repeating it in a motion for reconsideration makes it no more persuasive.  *See, e.g.*, *McKesson*, 411 F. Supp. 3d at 607 ("[Defendant] is of course entitled to disagree with the Court's [scienter] conclusions.  But such disagreement does not warrant a motion for reconsideration that rehashes arguments the Court has already rejected or which fail to undermine the Court's analysis.").

More importantly, the Supreme Court and Ninth Circuit are clear that "the absence of a motive allegation is ***not*** fatal."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 325 (2007); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 48 (2011) (same); *Alphabet*, 1 F.4th at 707 ("[a]llegations of suspicious stock sales . . . are not needed").  Defendants' own authority is in accord.  *See Hadian*, 2024 WL 4246083, at *39 (finding that

[4]    Further, the *Alphabet* court's finding a specific reason to conceal information simply made the competing inference implausible; the court did not hold that a motive is necessary in every case.  *Alphabet*, 1 F.4th at 706-07.  Defendants' other recycled authority is inapt.  In *City of Hollywood Firefighters Pension Fund v. Atlassian Corp.*, 2024 WL 235183, at *14 (N.D. Cal. Jan. 22, 2024), the court found there were no knowledge allegations.  If there were, the plaintiffs needed only allege that the defendant knew "but ***recklessly*** chose not to reveal that information."  *Id.*  As the Court found, the ACC here satisfies that standard.  *See* Order at 44 (Defendants' statements evinced either "actual knowledge" or "at least . . . deliberate recklessness").

[5]    In light of this holding, Defendants are wrong that the Court "overlooked 'an inference of innocence'" stemming from Garcia Jr.'s stock transactions.  Mtn. at 4 n.3.  Indeed, the Court expressly acknowledged that "Garcia Junior never sold a single share – and in fact purchased two million shares – during the Class Period."  Order at 42.

- 7 -

4911-6150-3246.v1

"while the Court does not find [p]laintiffs' stock sale . . . allegations persuasive," plaintiffs nevertheless alleged a strong inference of scienter because defendants "had actual knowledge").[6]

Even if Defendants' new heightened pleading standard is correct (it is not), Defendants' argument still fails because they ignore that the Court did not rest its scienter analysis solely on Jenkins's and Garcia Jr.'s actual knowledge of or access to the concealed facts. Instead, the Court engaged in a holistic analysis of the allegations, the sum total of which pleaded the requisite state of mind. In particular, the Court noted that Defendants' "specific representations about Carvana's title and registration issues and retail unit sales" supported an inference of scienter (Order at 44 (citing ¶¶174-189, 212-215)) as their "statements would at least evince deliberate recklessness" (*id.* (citing *S. Ferry LP #2 v. Killinger*, 687 F. Supp. 2d 1248, 1259-60 (W.D. Wash. 2009)). In addition, the Court found that the "CWAs are probative of Defendants' scienter by suggesting precisely what Plaintiffs allege – that Carvana's noncompliance with title and registration requirements was widespread and persistent, and Defendants were well aware of the issue." *Id.* at 48 (citing *Glazer II*, 63 F.4th at 772-73) (finding confidential witness accounts supported an inference of scienter). Moreover, the Court considered "the various government investigations and penalties against Carvana" (*id.* at 51); Garcia Jr.'s and Jenkins's Sarbanes-Oxley certifications (*id.*); and "[Jenkins's] stock sales" (*id.* at 43). Lastly, the Court found the "core

---

[6] Understanding the weakness of their argument, Defendants try to insert a new competing inference in their Motion, arguing that title and registration "issues were publicly reported." Mtn. at 6. But Defendants did not raise this as a competing inference in their original brief, and, thus, it is not a proper basis for a motion for reconsideration. Further, it was not **Defendants** who did the reporting but "local and nationwide media, and . . . litigation proceedings." *Id.* This lends no innocent inference; rather, it supports an inference that Defendants were motivated to conceal the issues, having no intent of ever "'fac[ing] the inevitable fallout,'" as they suggest. *Id.*; *see Makor Issues & Rts., Ltd. v. Tellabs Inc.*, 513 F.3d 702, 710 (7th Cir. 2008) (rejecting a similar argument that plaintiffs must allege motive and further noting that defendants "may have thought that there was a chance that the situation . . . would right itself" and thus have been motivated to conceal the information until it did so). Second, "the burden is on Defendants to support their [truth-on-the-market] defense." *City of Birmingham Relief & Ret. Sys. v. Acadia Pharms., Inc.*, 2023 WL 1769810, at *6 (S.D. Cal. Feb. 2, 2023). And this Court has already evaluated and rejected that defense. *See* Order at 15.

4911-6150-3246.v1

operations doctrine" supported an inference of scienter as: (i) "the Carvana Defendants had actual access to the information related to the misstatements that are actionably misleading"; (ii) "'it would be absurd to suggest' that Garcia Junior and Jenkins did not know of Carvana's title and registration issues, as well as the drivers of its retail unit sales"; and (iii) "the Garcias' employed a hands-on management style." *Id.* at 50 (citing *S. Ferry LP v. Killinger*, 542 F.3d 776, 785 (9th Cir. 2008); *Alphabet*, 1 F.4th at 706; *VeriFone*, 704 F.3d at 710)). This is more than sufficient to establish scienter – even considering Defendants' fictitious "rule" regarding the sufficiency of actual knowledge. *Berson*, 527 F.3d at 988-89 (finding scienter adequately alleged based on core operations doctrine alone); *see also Azar v. Yelp, Inc.*, 2019 WL 285196, at *4 (N.D. Cal. Jan. 22, 2019) (denying reconsideration because "the premise of [defendant's] motion . . . is flawed" where it misconstrued the allegations).

In sum, Defendants are wrong on both the applicable legal standard and the Court's Order when they insist that "[t]he Court did not find, and the ACC does not allege any facts suggesting, that Jenkins or Garcia Junior *were deliberately misleading* investors about title and registration issues." Mtn. at 4-5 (emphasis in original). The Court evaluated the allegations under the proper standard and, "weighing the allegations holistically," correctly determined that "Plaintiffs have adequately pled a strong inference of scienter as to the Carvana Defendants." Order at 52. Defendants' Motion should be denied.

## B.    The Court Correctly Found that the Materially Misleading Risk Disclosures Are Not Protected by the PSLRA Safe Harbor

Relying on a wealth of Ninth Circuit authority and over Defendants' strident objections, the Court determined that Statement Nos. 1 and 6 and Statement C, which is identical to Statement No. 6, are actionable.[7] Order at 11-16 (citing *Alphabet*, 1 F.4th at 703; *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 949-50 (9th Cir. 2023), *cert. granted in part*

---

[7]    Defendants do not challenge the Court's ruling that Statement Nos. 2-5 and 7-8 are actionable. *See* Mtn. at 7 ("Carvana Defendants request that the Court reconsider its ruling on the PSLRA safe harbor protection for the compliance risk disclosures (*Statement Nos. 1 and 6 and Statement C*").

- 9 -

*sub nom.*, ___ U.S. ___, 144 S. Ct. 2629 (2024) and *cert. dismissed as improvidently granted sub nom.*, 604 U.S. 4 (2024); *Okla. Police Pension & Ret. Sys. v. LifeLock, Inc.*, 780 F. App'x 480, 484 (9th Cir. 2019)); *see* ECF 82 at 12-17.  In these statements, Defendants couched as a mere hypothetical Carvana's "failure to comply" with title and registration laws and regulations.  ¶¶174, 184, 385.  Defendants purported to warn that the Company's hypothetical violations of state regulations and laws "***could***" result in penalties and/or cease-and-desist orders, which "***could*** damage our reputation and have a material adverse effect on our business, sales, and results of operations" when, in truth, the risk that Carvana "could" fail to comply with and violate title and registration laws had already come to fruition and had already resulted in penalties.  ¶¶174-175(a)-(b), 184-185(a)-(b), 385-386.

Defendants demand a redo as to Statement Nos. 1 and 6 and Statement C, quibbling with a footnote in the Court's Order and extrapolating from there that the Court erred in holding that the PSLRA safe harbor did not apply to the statements.  Mtn. at 7-8.  According to Defendants: (1) these statements are forward-looking and thus protected by the PSLRA safe harbor; and (2) the Court erred in finding the safe harbor inapplicable because it applied a too-lenient standard when assessing the applicability of an exception to the safe harbor.  *Id.*  Once again, the Court was right, and Defendants are wrong.

First, the purported error is irrelevant because the Court determined that Statement Nos. 1 and 6 and Statement C are not forward-looking and, thus, not protected by the safe harbor.  *See Surf City Steel, Inc. v. Int'l Longshore & Warehouse Union*, 2016 WL 10637079, at *6 (C.D. Cal. Dec. 28, 2016) (denying reconsideration of an issue "in a footnote of its Order" because it was "not dispositive to this Court's determination"), *aff'd*, 780 F. App'x 467 (9th Cir. 2019).  Contrary to Defendants' insinuation (Mtn. at 8), the Court held that "Statement Nos. 1 and 6 [*i.e.*, the only statements Defendants now challenge] identified Carvana's ***then-existing*** responsibility to comply with applicable laws and regulations and the potential consequences if it failed." Order at 16.  Defendants' attempt to rehash the argument that these statements are forward-looking and inject authority they could have presented in their motion to dismiss but did not is not appropriate.  *See Weeks v. Bayer*,

- 10 -

246 F.3d 1231, 1236 (9th Cir. 2001) (stating that granting a party a "'second bite at the apple'" is "not the purpose of Rule 59"); *see also* LRCiv 7.2(g) (reconsideration will not be granted "absent . . . a showing of new facts or legal authority ***that could not have been brought to its attention earlier with reasonable diligence***").[8]

Second, even if Statement Nos. 1 and 6 and Statement C are forward-looking (they are not), this would not be sufficient to claim the protections of the PSLRA safe harbor. "Under the PSLRA, 'a defendant will not be liable for a false or misleading statement if it is forward-looking ***and*** either is accompanied by cautionary language or is made without actual knowledge that it is false or misleading.'"  Order at 15-16 (quoting *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1141 (9th Cir. 2017)).  The Court found – and Defendants do not now contest – that "these statements are not accompanied by meaningful cautionary language" and, thus, are not protected by the PSLRA safe harbor. *Id.* at 16 (citing *Ferreira v. Funko Inc.*, 2021 WL 880400, at \*18-\*19 (C.D. Cal. Feb. 25, 2021)) (finding forward-looking statement "actionable because Plaintiffs sufficiently have alleged particularized facts to show the statement was misleading and the accompanying cautionary language was not meaningful"); *Facebook*, 87 F.4th at 951 (finding a risk disclosure "without meaningful acknowledgement of the known risks . . . d[id] not suffice to invoke the safe harbor provision" without reaching the knowledge exception).

Third, the Court found that Jenkins and Garcia Jr. made these statements with "actual knowledge that [they are] false or misleading." *Quality Sys.*, 865 F.3d at 1141.  Indeed, the Court unequivocally held they "had ***actual knowledge of the alleged omission***."  Order at 44; *see also id.* at 48; *id.* at 16 ("Plaintiffs sufficiently allege knowledge of falsity.").  Not

---

8    Defendants' new and improper authorities all predate the Court's Order by years and thus should have been included in their initial brief.  Because they were not, they cannot be considered now. *Christie's*, 2022 WL 137625, at \*1 (denying reconsideration and declining to consider "several cases" which were introduced in the reconsideration motion but not in original briefing); *see also* LRCiv 7.2(g).  At any rate, they are inapt and should be disregarded. *See In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at \*3 (N.D. Cal. Oct. 9, 2018) (statements concerned "long term market growth prospects"); *In re Aetna, Inc. Sec. Litig.*, 617 F.3d 272, 280 (3d Cir. 2010) (statements "expressed expectations about Aetna's medical cost trend").

- 11 -

surprisingly, Defendants' Motion concedes that the Court found Defendants "had ***knowledge***" of Carvana's title and registration violations.  Mtn. at 3-6 (emphasis in original).  As such, "Defendants cannot [belatedly] invoke safe-harbor protection on the basis that they lacked 'actual knowledge of falsity,' because [they] received the news [of Carvana's title and registration violations]."  *Glazer II*, 63 F.4th at 781.

Nevertheless, Defendants take issue with the phrasing in a footnote in the Court's Order, where the Court *in dicta* described the knowledge requirement that applies to falsity as "less exacting" than that which applies to scienter.  Order at 16 n.7.  According to Defendants, the standard that applies to the knowledge exception to the safe harbor is actually "***more exacting***" than the knowledge standard for scienter.  Mtn. at 7 (emphasis in original).  But Defendants' argument and the Court's Order are ships passing in the night.  The Court was plainly comparing pleading actual knowledge for scienter (under its heightened pleading standard) and actual knowledge for falsity.  Defendants' argument compares pleading scienter generally (which can include recklessness) with actual knowledge for the safe harbor.  When the proper comparison is made, the Court is right.  Indeed, Defendants' own leading authority, *Hadian*, supports the Court's conclusion.  There, the court ***exclusively*** relied on its scienter analysis to find that the plaintiffs adequately alleged the actual knowledge standard for purposes of its safe harbor analysis.  *Compare Hadian*, 2024 WL 4246083, at \*25 ("As set forth in more detail below (***see Section II.B.2.g***), these statements, made after Defendants knew Janssen had terminated FT562, fall outside of the PSLRA's safe harbor [as] Plaintiffs have alleged facts creating a strong inference that Defendants made these IND forecasts with 'actual knowledge . . . .'"), *with id.* at \*39 (***Section II.B.2.g, the conclusion of the court's scienter analysis*** finding a strong inference of scienter based on the "'core operations' doctrine" and "actual knowledge").  Other courts, including the Ninth Circuit, are in accord.  *See, e.g.*, *Quality Sys.*, 865 F.3d at 1149 (safe harbor inapplicable because, "[a]s described above [in the court's scienter analysis], Defendants had actual knowledge that their non-forward-looking statements were false and misleading"); *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 880 (N.D. Cal. 2023)

- 12 -

(recognizing the "higher standard" for scienter, and holding that those allegations are "enough to plausibly allege that the defendants had actual knowledge" such that their statements are not protected by the safe harbor); *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1248, 1250 (N.D. Cal. 2008) (holding that, having already found knowledge in its scienter analysis, "plaintiffs have adequately alleged that defendants actually knew that the statements were false when the statements were made, [so] the safe harbor does not apply").[9]

At bottom, Defendants merely disagree with the Court's assessment that Statement Nos. 1 and 6 and Statement C are not forward-looking and, even if they are, that the safe harbor does not apply. But "disagreement with [the Court's] order" does not warrant reconsideration. *Crossfirst Bank*, 2021 WL 2517855, at \*1; *see also Plantronics*, 2022 WL 17974627, at \*8 (same). Defendants' Motion should be denied.

### C.    The Court Correctly Found that Statement Nos. 4 and 8 Are Actionable

In the Order, the Court carefully considered and rejected Defendants' many arguments that Statement Nos. 4 and 8 were puffery, opinion, immaterial, or simply not false to conclude that the two statements are actionable. *Compare* Order at 17-20, *with* ECF 82 at 17-18 and ECF 96 at 5-6. Nonetheless, Defendants claim that the Court manifestly erred by purportedly "overlook[ing]" an argument they relegated to footnotes in their motion to dismiss, specifically, that the ACC purportedly failed to allege the scienter of the statements' speakers, Carvana's Vice President of Investor Relations, Mike Levin ("Levin"), and a Carvana spokesperson. Mtn. at 2-3 (citing ECF 82 at 17 n.12, 18 n.14, 36 n.30).[10]

As an initial matter, Defendants' accusation rests on a faulty premise, *i.e.*, that the Court overlooked the argument. Not so. "When the Court does not 'explicitly address [an]

---

[9]    Defendants' other authority – *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 n.18 (9th Cir. 2002) – does not stand for the proposition that a finding of actual knowledge for scienter would be insufficient to find the safe harbor inapplicable. Rather, it merely found that "plaintiffs' allegations do not satisfy the general standard of deliberate or conscious recklessness" and, thus, would also be insufficient to find actual knowledge. *Id.*

[10]    Defendants do not challenge the Court's holding insofar as it applies to the portions of Statement No. 4 which were made by defendant Jenkins. *See* Mtn. at 2 n.2.

- 13 -

4911-6150-3246.v1

argument when [denying a motion],' it 'implicitly reject[s] the argument.'" *Damwyk v. Kendall*, 2024 WL 4867223, at \*2 (C.D. Cal. Nov. 8, 2024); *see also Evanston Ins. Co. v. Venture Point, LLC*, 2021 WL 5500486, at \*1 (D. Nev. Nov. 23, 2021) (denying reconsideration and holding that "the fact that the Court did not explicitly mention [the issue] in its analysis does not mean that the Court did not consider all the arguments").

Setting that aside, the Court's refusal to explicitly analyze a footnoted argument is not erroneous, manifest or otherwise.  In the Ninth Circuit, it is well settled that "[a]rguments raised only in footnotes . . . are generally deemed waived." *Est. of Saunders*, 745 F.3d at 962 n.8 (declining to address argument made only in footnotes); *Owino v. CoreCivic, Inc.*, 2021 WL 120874, at \*4 n.2 (S.D. Cal. Jan. 13, 2021) (denying reconsideration, holding a court is free to "decline[] to address an argument only raised in a footnote"), *aff'd*, 60 F.4th 437 (9th Cir. 2022).  "This principle alone suffices to reject [Defendants'] arguments for reconsideration." *In re MF Glob. Holdings Ltd. Inv. Litig.*, 2014 WL 8184606, at \*2 (S.D.N.Y. Mar. 11, 2014) (denying reconsideration as "[i]t is generally inappropriate to make substantive arguments in footnotes"); *see also Network Appliance Inc. v. Sun Microsystems Inc.*, 2008 WL 4712604, at \*1 (N.D. Cal. Oct. 22, 2008) (denying reconsideration based on footnoted argument in original brief, as "a legal argument and supporting evidence purportedly important enough to warrant reconsideration should not be relegated to a footnote . . . in an attempt to preserve the contention that the Court manifestly failed to consider facts or argument").

That Plaintiffs did not respond to a waived argument was not some abandonment of Statement Nos. 4 and 8, as Defendants wrongly insinuate. *See* Mtn. at 3.  This is obvious given Plaintiffs' lengthy defense of these statements in their opposition to the motion to dismiss the ACC.  ECF 91 at 26-27.  Tellingly, Defendants did not raise this assertion in their reply. *See* ECF 96 at 5-6.  They cannot use their Motion to do so now, particularly where they support the new, perfunctory argument with cases that predate the motion to dismiss briefing by upwards of nearly two decades.  Mtn. at 3; *see* LRCiv 7.3(g); *Christie's*, 2022 WL 137625, at \*1 (declining to consider "several cases" which were first introduced in

- 14 -

motion for reconsideration).  In sum, the Court did not commit manifest error by not considering Defendants' half-hearted footnote argument.

Even if the Court had erred (it did not), Defendants' argument fails.  The Court aptly recognized that "the corporate scienter doctrine may apply if 'a company's public statements were so important and so dramatically false that they would create a strong inference that at least some corporate officials knew of the falsity upon publication.'"  Order at 51 n.19 (citing *Glazer Cap. Mgmt., LP v. Magistri*, 549 F.3d 736, 744 (9th Cir. 2008) ("*Glazer I*")).[11] Defendants do not even attempt to argue that Plaintiffs cannot meet this standard and, thus, this argument is waived.  *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("Arguments not raised by a party in its opening brief are deemed waived.").

In any event, the ACC pleads that the speakers of Statement Nos. 4 and 8 and at least some Carvana "'officials knew of the falsity upon publication'" (Order at 51 n.19), as the Court already found a strong inference of scienter as to Jenkins who largely made Statement No. 4. *Id.* at 44 (holding that Statement No. 4 itself "suggests Jenkins had actual knowledge of the alleged omission").

The challenged portion of Statement No. 4 is underlined below:

> [J.P. Morgan Analyst:]  Got it.  And are you comfortable that this is a very North Carolina specific issue and not something you might need to investigate in like other states, just to make sure it's covered? . . .
>
> [Jenkins:]  Sure.  Well, I would make 2 points on that.  ***One, our understanding is that this is quite unprecedented***.
>
> *    *    *
>
> [Levin:]  ***Yes.  . . .  And this was a relatively unusual action, but is also pretty small in scope, relatively speaking***.

___

[11]    Defendants' authority does not stand for the proposition that the corporate scienter doctrine cannot be used in the Ninth Circuit.  Mtn. at 2-3; *see Glazer I*, 549 F.3d at 745 (requiring scienter be pleaded on an individual basis "given the limited nature and unique context of the alleged misstatements in this case"); *NVIDIA*, 768 F.3d at 1063 (acknowledging corporate scienter may apply, but concluding "[w]e do not believe the facts alleged in this case would give rise to an inference of scienter under the collective scienter doctrine").

4911-6150-3246.v1

¶180.  As was Jenkins's statement in Statement No. 4, Levin's unequivocal statement was "made in response to [a] direct question[] from [an] analyst[]," which is "'sufficient to satisfy the actual knowledge analysis and allow[] the Court to infer scienter.'"  *See* Order at 44 (quoting *S. Ferry*, 687 F. Supp. 2d at 1259-60); *see also id.* (to the extent the speaker "'did not in fact have such knowledge, it would be at least actionably reckless to reassure the public about these matters at all'").  Likewise, in Statement No. 8, a Carvana spokesperson trivialized the title violations as occurring "[i]n a very small percentage of a very small percentage of instances" and touted Carvana's "productive conversations" with state regulators in direct response to *Barron's* and the issues raised in its exposé.  ¶188.

In addition, Statement Nos. 4 and 8 are both sufficiently false and important "that they would create a strong inference that at least some corporate officials knew of the falsity upon publication." *Glazer I*, 549 F.3d at 744.  For example, at the time that Levin spoke, Ohio had already suspended Carvana's temporary tag issuance privileges for all Ohio locations and Michigan had fined Carvana thousands of dollars and placed the Company on an 18-month probation after meeting with its executives.  ¶181(a); *see also* ¶181(b); Order at 18 (finding falsity sufficiently alleged as to Statement No. 4 based on numerous allegations).  Further, the Court found falsity was sufficiently pleaded as to Statement No. 8 because "the ACC is *replete* with allegations that Carvana systemically violated title and registration regulations, which resulted in customer delays and regulatory actions against Carvana." Order at 19-20; *see also* ¶189.  The statements were also sufficiently important.  Carvana's board materials revealed that the Company had undertaken an initiative to reduce registration delays as one of its "Key Focus Areas and Risks"; Carvana's board discussed title and registration issues in every meeting thereafter, including how to "explain the NC situation, amongst others"; Carvana argued in court that the "'damage to Carvana's reputation and goodwill posed by [one] suspension order is *incalculable and irreparable*'"; and the statements maintained some of the artificial inflation in Carvana's stock price.  *See* ¶¶181(a)-(d), 189(a)-(c), 312, 320-321.  This is more than sufficient. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 66281, at *14 (N.D. Cal. Jan. 4, 2017) (finding

- 16 -

4911-6150-3246.v1

"a plausible inference of VW AG's corporate scienter" where alleged statements falsely touted clean diesel vehicles' compliance with emissions and the clean diesel vehicles were critical to the company's growth "strategy" (citing *Glazer I*, 549 F.3d at 744; *NVIDIA*, 768 F.3d at 1063)).  In sum, Plaintiffs have established Carvana's scienter for Statement Nos. 4 and 8.

Because Defendants have failed to show that the Court committed manifest error by rejecting Defendants' conclusory and incorrect footnote argument and Plaintiffs adequately alleged Carvana's scienter as to these statements, the Motion must be denied.

## V.   CONCLUSION

Reconsideration of a court's prior ruling is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Because nothing presented in Defendants' Motion warrants such extraordinary relief, Plaintiffs respectfully request that the Court deny Defendants' Motion.

DATED:  January 14, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                        s/ DANIEL S. DROSMAN
                       DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

- 17 -

4911-6150-3246.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
BRENT E. MITCHELL
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 18 -

4911-6150-3246.v1