FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Susanna M. Buergel (*pro hac vice*)
David P. Friedman (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: sbuergel@paulweiss.com
Email: dfriedman@paulweiss.com

*Counsel for Defendants Citigroup Global Markets
Inc. and J.P. Morgan Securities LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation, | No. 2:22-cv-2126-PHX-MTL |
| | **UNDERWRITER DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO LEAD PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| This Document Relates to: | |
| ALL ACTIONS. | |

## I. <u>**INTRODUCTION**</u>

  Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC (the "Underwriter Defendants"), by and through their undersigned attorneys, Fennemore Craig, P.C. and Paul, Weiss, Rifkind, Wharton & Garrison LLP, hereby answer the Amended Consolidated Complaint for Violations of the Federal Securities Laws, filed on March 29, 2024 (ECF No. 71) (the "Amended Complaint") by United Association National Pension Fund ("UANPF") and Saskatchewan Healthcare Employees' Pension Plan ("SHEPP," and together with UANPF, "Plaintiffs").

  The following matters are incorporated by reference into the Underwriter Defendants' response to each paragraph of the Amended Complaint:

  A. Except as otherwise defined or qualified herein, capitalized terms have the meanings assigned to such terms in the Amended Complaint.

  B. Except where expressly stated otherwise, responses to the individual paragraphs of the Amended Complaint incorporate any allegations made in the footnotes referenced therein and any graphics or images within or below them.

  C. The Amended Complaint contains purported excerpts from and references to a number of documents, public filings, call transcripts, and third-party publications, which often have been modified and taken out of context. Such documents, public filings, call transcripts, and third-party publications should be considered, if at all, in context, in their entirety, and without modification, and the Underwriter Defendants respectfully refer the Court to the respective documents for a complete statement of their contents. *See* Order dated December 16, 2024 (ECF No. 105) (the "Motion to Dismiss Order") at 5-6 (taking judicial notice of 40 documents incorporated into the Amended Complaint).

  D. In the Motion to Dismiss Order, the Court concluded that Plaintiffs failed to adequately allege falsity with respect to Statement Nos. 9-18 and 21-39 and

Statement A (as defined therein).  Additionally, the Court dismissed Count III in its entirety and Count I against Defendant Garcia Senior.  As a result, large portions of the Amended Complaint are now legally inoperative and do not require a response.  To the extent the Underwriter Defendants answer such allegations or paragraphs, such answers do not constitute an admission as the relevance or legal viability of such Statements, paragraphs, claims or counts.  Defendants have moved for reconsideration by the Court of certain rulings in the Motion to Dismiss Order.  ECF Nos. 107, 108, 110.  The Underwriter Defendants' responses herein are submitted conditionally, upon the Court's potential denial of the requested reconsideration; these answers are not an admission as the relevance or legal viability of Statements, paragraphs, claims or counts for which Defendants are seeking reconsideration.

E.  By the Amended Complaint's own allegations (*see* Counts IV and V, paragraphs 428 and 436), only paragraphs 19-23, 32-33, 39-42, 44, and 365-442 (and Counts IV and V themselves) are alleged in support of the purported claims against the Underwriter Defendants; accordingly, for all other paragraphs of the Amended Complaint, the Underwriter Defendants are not obligated to respond.  To the extent the Underwriter Defendants answer such allegations or paragraphs, such answers do not constitute an admission as the relevance or legal viability of such allegations, paragraphs, claims or counts.

F.  The Underwriter defendants deny any and all allegations in the Amended Complaint to the extent such allegations assert or suggest that the Underwriter Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading.

G.  The Underwriter Defendants specifically deny any liability to any Plaintiff or any member of a putative class.

2

H.      To the extent that any response is required, the Underwriter Defendants deny any allegations or averments in the table of contents, exhibits, headings and subheadings of the Amended Complaint.

## II.      RESPONSE TO THE SPECIFIC ALLEGATIONS

The Underwriter Defendants respond to the specific allegations in the Amended Complaint as follows:

The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in the Amended Complaint's introductory paragraph, admit that the Amended Complaint contains Plaintiffs' allegations and claims against Defendants, and admit that Plaintiffs purport to use the defined terms as alleged.

1.      The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 and footnote 2 thereto regarding the purported actions and conduct of others, admit that the Amended Complaint contains Plaintiffs' allegations and claims against Defendants, and admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations.

2.      The Underwriter Defendants need not respond to the allegations in paragraph 2 because they are directed solely at other Defendants.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

3.      The Underwriter Defendants need not respond to the allegations in paragraph 3 because they are directed solely at other Defendants. To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

4.      The Underwriter Defendants need not respond to the allegations in paragraph 4 because they are directed solely at other Defendants.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to

form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations.

5.      The Underwriter Defendants need not respond to the allegations in paragraph 5 because they are directed solely at other Defendants.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

6.      The Underwriter Defendants need not respond to the allegations in paragraph 6 because they are directed solely at other Defendants.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations.

7.      The Underwriter Defendants need not respond to the allegations in paragraph 7 because they are directed solely at other Defendants and state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

8.      The Underwriter Defendants need not respond to the allegations in paragraph 8 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Carvana Class A common stock reached a price of $376.83 per share on August 10, 2021, and otherwise deny the allegations.

9.      The Underwriter Defendants need not respond to the allegations in paragraph 9 and footnote 3 thereto because they are directed solely at other Defendants.

4

To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

10. The Underwriter Defendants need not respond to the allegations in paragraph 10 because they are directed solely at other Defendants and state legal conclusions. To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

11. The Underwriter Defendants need not respond to the allegations in paragraph 11 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

12. The Underwriter Defendants need not respond to the allegations in paragraph 12 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

13. The Underwriter Defendants need not respond to the allegations in paragraph 13 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

14. The Underwriter Defendants need not respond to the allegations in paragraph 14 because they are directed solely at other Defendants and the Court dismissed

these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

15.    The Underwriter Defendants need not respond to the allegations in paragraph 15 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

16.    The Underwriter Defendants need not respond to the allegations in paragraph 16 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

17.    The Underwriter Defendants need not respond to the allegations in paragraph 17 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

18.    The Underwriter Defendants need not respond to the allegations in paragraph 18 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the publicly available historical stock price data for Carvana stock, admit that Plaintiffs purport to assert claims for damages on behalf of a putative Class, and otherwise deny the allegations.

19.     The Underwriter Defendants need not respond to the allegations in paragraph 19 because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to assert claims under various U.S. securities laws, and this Court therefore has jurisdiction over those claims, and otherwise deny the allegations.

20.     The Underwriter Defendants need not respond to the allegations in paragraph 20 because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to describe the basis for venue in this action, and otherwise deny the allegations.

21.     The Underwriter Defendants need not respond to the allegations in paragraph 21 because they state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants deny the allegations.

22.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning UANPF's purpose, structure and assets, respectfully refer the Court to the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, admit that shares in the 2022 Public Offering were priced at $80.00, and otherwise deny the allegations.

23.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning SHEPP's purpose, structure and assets, respectfully refer the Court to the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, admit that shares in the 2022 Public Offering were priced at $80.00, and otherwise deny the allegations.

24.     The Underwriter Defendants need not respond to the allegations in paragraph 24 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants admit the allegations.

25.     The Underwriter Defendants need not respond to the allegations in paragraph 25 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants admit the allegations.

26.     The Underwriter Defendants need not respond to the allegations in paragraph 26 and footnotes 4 and 5 thereto because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations.

27.     The Underwriter Defendants need not respond to the allegations in paragraph 27 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

28.     The Underwriter Defendants need not respond to the allegations in paragraph 28 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined terms as alleged.

29.     The Underwriter Defendants need not respond to the allegations in paragraph 29 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined terms as alleged, deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

30. The Underwriter Defendants need not respond to the allegations in paragraph 30 because they are directed solely at other Defendants and state legal conclusions. To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations.

31. The Underwriter Defendants need not respond to the allegations in paragraph 31 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

32. The Underwriter Defendants admit that states have various legal requirements pertaining to the sale of vehicles and the transfer of title, and otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. The Underwriter Defendants admit that states have various legal requirements pertaining to vehicle licensing and registration, and otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. The Underwriter Defendants need not respond to the allegations in paragraph 34 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations.

35. The Underwriter Defendants need not respond to the allegations in paragraph 35 and footnote 6 thereto because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the

purported actions and conduct of others, respectfully refer the Court to the quoted document for its complete and accurate contents, and otherwise deny the allegations.

36. The Underwriter Defendants need not respond to the allegations in paragraph 36 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

37. The Underwriter Defendants need not respond to the allegations in paragraph 37 and footnotes 7 and 8 thereto because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the quoted document for its complete and accurate contents, admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations.

38. The Underwriter Defendants need not respond to the allegations in paragraph 38 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

39. The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39 to the extent they relate to the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

40. The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 to the extent they relate to the purported actions and conduct of others, respectfully refer the Court to

the entirety of the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations.

41. The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41 to the extent they relate to the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

42. The Underwriter Defendants need not respond to the allegations in paragraph 42 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42 and footnote 9 thereto to the extent they relate to the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

43. The Underwriter Defendants need not respond to the allegations in paragraph 43 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

44. The Underwriter Defendants need not respond to the allegations in paragraph 44 because the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 to the extent they relate to the purported actions and conduct of others, respectfully refer

the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

45. The Underwriter Defendants need not respond to the allegations in paragraph 45 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

46. The Underwriter Defendants need not respond to the allegations in paragraph 46 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined terms as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

47. The Underwriter Defendants need not respond to the allegations in paragraph 47 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

48. The Underwriter Defendants need not respond to the allegations in paragraph 48 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

49.    The Underwriter Defendants need not respond to the allegations in paragraph 49 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

50.    The Underwriter Defendants need not respond to the allegations in paragraph 50 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

51.    The Underwriter Defendants need not respond to the allegations in paragraph 51 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

52.    The Underwriter Defendants need not respond to the allegations in paragraph 52 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

53.    The Underwriter Defendants need not respond to the allegations in paragraph 53 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief

concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

54.    The Underwriter Defendants need not respond to the allegations in paragraph 54 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

55.    The Underwriter Defendants need not respond to the allegations in paragraph 55 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

56.    The Underwriter Defendants need not respond to the allegations in paragraph 56 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined terms as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

57.    The Underwriter Defendants need not respond to the allegations in paragraph 57 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

58. The Underwriter Defendants need not respond to the allegations in paragraph 58 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

59. The Underwriter Defendants need not respond to the allegations in paragraph 59 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

60. The Underwriter Defendants need not respond to the allegations in paragraph 60 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

61. The Underwriter Defendants need not respond to the allegations in paragraph 61 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined terms as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

62. The Underwriter Defendants need not respond to the allegations in paragraph 62 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

63.    The Underwriter Defendants need not respond to the allegations in paragraph 63 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

64.    The Underwriter Defendants need not respond to the allegations in paragraph 64 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

65.    The Underwriter Defendants need not respond to the allegations in paragraph 65 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

66.    The Underwriter Defendants need not respond to the allegations in paragraph 66 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

67.    The Underwriter Defendants need not respond to the allegations in paragraph 67 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

68.    The Underwriter Defendants need not respond to the allegations in paragraph 68 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

69.    The Underwriter Defendants need not respond to the allegations in paragraph 69 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

70.    The Underwriter Defendants need not respond to the allegations in paragraph 70 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

71.    The Underwriter Defendants need not respond to the allegations in paragraph 71 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

72.    The Underwriter Defendants need not respond to the allegations in paragraph 72 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

73.    The Underwriter Defendants need not respond to the allegations in paragraph 73 because they are directed solely at other Defendants.  To the extent that a

response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

74.    The Underwriter Defendants need not respond to the allegations in paragraph 74 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

75.    The Underwriter Defendants need not respond to the allegations in paragraph 75 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

76.    The Underwriter Defendants need not respond to the allegations in paragraph 76 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

77.    The Underwriter Defendants need not respond to the allegations in paragraph 77 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

78.    The Underwriter Defendants need not respond to the allegations in paragraph 78 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

79.     The Underwriter Defendants need not respond to the allegations in paragraph 79 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

80.     The Underwriter Defendants need not respond to the allegations in paragraph 80 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

81.     The Underwriter Defendants need not respond to the allegations in paragraph 81 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

82.     The Underwriter Defendants need not respond to the allegations in paragraph 82 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

83.     The Underwriter Defendants need not respond to the allegations in paragraph 83 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief

concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

84.     The Underwriter Defendants need not respond to the allegations in paragraph 84 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

85.     The Underwriter Defendants need not respond to the allegations in paragraph 85 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

86.     The Underwriter Defendants need not respond to the allegations in paragraph 86 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

87.     The Underwriter Defendants need not respond to the allegations in paragraph 87 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

88.     The Underwriter Defendants need not respond to the allegations in paragraph 88 because they are directed solely at other Defendants and the Court dismissed

these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

89. The Underwriter Defendants need not respond to the allegations in paragraph 89 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

90. The Underwriter Defendants need not respond to the allegations in paragraph 90 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

91. The Underwriter Defendants need not respond to the allegations in paragraph 91 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

92. The Underwriter Defendants need not respond to the allegations in paragraph 92 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

93.     The Underwriter Defendants need not respond to the allegations in paragraph 93 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

94.     The Underwriter Defendants need not respond to the allegations in paragraph 94 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

95.     The Underwriter Defendants need not respond to the allegations in paragraph 95 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

96.     The Underwriter Defendants need not respond to the allegations in paragraph 96 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

97.     The Underwriter Defendants need not respond to the allegations in paragraph 97 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged, deny knowledge and information sufficient to form a belief

22

concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

98.    The Underwriter Defendants need not respond to the allegations in paragraph 98 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

99.    The Underwriter Defendants need not respond to the allegations in paragraph 99 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

100.    The Underwriter Defendants need not respond to the allegations in paragraph 100 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

101.    The Underwriter Defendants need not respond to the allegations in paragraph 101 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

102.    The Underwriter Defendants need not respond to the allegations in paragraph 102 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

103. The Underwriter Defendants need not respond to the allegations in paragraph 103 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

104. The Underwriter Defendants need not respond to the allegations in paragraph 104 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

105. The Underwriter Defendants need not respond to the allegations in paragraph 105 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

106. The Underwriter Defendants need not respond to the allegations in paragraph 106 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

107. The Underwriter Defendants need not respond to the allegations in paragraph 107 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

108. The Underwriter Defendants need not respond to the allegations in paragraph 108 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

109.    The Underwriter Defendants need not respond to the allegations in paragraph 109 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined terms as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

110.    The Underwriter Defendants need not respond to the allegations in paragraph 110 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

111.    The Underwriter Defendants need not respond to the allegations in paragraph 111 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

112.    The Underwriter Defendants need not respond to the allegations in paragraph 112 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

113.    The Underwriter Defendants need not respond to the allegations in paragraph 113 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

114.    The Underwriter Defendants need not respond to the allegations in paragraph 114 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

115.    The Underwriter Defendants need not respond to the allegations in paragraph 115 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

116.    The Underwriter Defendants need not respond to the allegations in paragraph 116 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

117.    The Underwriter Defendants need not respond to the allegations in paragraph 117 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

118.    The Underwriter Defendants need not respond to the allegations in paragraph 118 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

119.    The Underwriter Defendants need not respond to the allegations in paragraph 119 because they are directed solely at other Defendants.  To the extent that a

response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

120. The Underwriter Defendants need not respond to the allegations in paragraph 120 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

121. The Underwriter Defendants need not respond to the allegations in paragraph 121 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged, deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

122. The Underwriter Defendants need not respond to the allegations in paragraph 122 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

123. The Underwriter Defendants need not respond to the allegations in paragraph 123 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

124. The Underwriter Defendants need not respond to the allegations in paragraph 124 because they are directed solely at other Defendants and the Court dismissed

these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

125. The Underwriter Defendants need not respond to the allegations in paragraph 125 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 125(a) because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(b) The Underwriter Defendants need not respond to the allegations in paragraph 125(b) because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(c) The Underwriter Defendants need not respond to the allegations in paragraph 125(c) because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(d)     The Underwriter Defendants need not respond to the allegations in paragraph 125(d) because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(e)     The Underwriter Defendants need not respond to the allegations in paragraph 125(e) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(f)     The Underwriter Defendants need not respond to the allegations in paragraph 125(f) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(g)     The Underwriter Defendants need not respond to the allegations in paragraph 125(g) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

126.    The Underwriter Defendants need not respond to the allegations in paragraph 126 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, admit that

29

COVID-19 has been characterized as a global pandemic and that COVID-19 negatively impacted stock markets, and otherwise deny the allegations.

127. The Underwriter Defendants need not respond to the allegations in paragraph 127 and footnote 10 thereto because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

128. The Underwriter Defendants need not respond to the allegations in paragraph 128 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined term as alleged, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

129. The Underwriter Defendants need not respond to the allegations in paragraph 129 and footnote 11 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

130. The Underwriter Defendants need not respond to the allegations in paragraph 130 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary,

the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

131.    The Underwriter Defendants need not respond to the allegations in paragraph 131 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

132.    The Underwriter Defendants need not respond to the allegations in paragraph 132 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

133.    The Underwriter Defendants need not respond to the allegations in paragraph 133 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

134.    The Underwriter Defendants need not respond to the allegations in paragraph 134 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

135.    The Underwriter Defendants need not respond to the allegations in paragraph 135 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

136.    The Underwriter Defendants need not respond to the allegations in paragraph 136 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.  The Underwriter Defendants incorporate by reference herein their responses to paragraph 192(c)(ii).

137.    The Underwriter Defendants need not respond to the allegations in paragraph 137 and footnote 12 thereto because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

138.    The Underwriter Defendants need not respond to the allegations in paragraph 138 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.  The Underwriter Defendants incorporate by reference herein their responses to paragraphs 151 and 190-210.

139.    The Underwriter Defendants need not respond to the allegations in paragraph 139 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

140.    The Underwriter Defendants need not respond to the allegations in paragraph 140 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

141.    The Underwriter Defendants need not respond to the allegations in paragraph 141 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

142.    The Underwriter Defendants need not respond to the allegations in paragraph 142 because they are directed solely at other Defendants, and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

143. The Underwriter Defendants need not respond to the allegations in paragraph 143 and footnote 13 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

144. The Underwriter Defendants need not respond to the allegations in paragraph 144 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants admit that states have various legal requirements pertaining to the sale of vehicles and the transfer of title, deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

145. The Underwriter Defendants need not respond to the allegations in paragraph 145 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

146. The Underwriter Defendants need not respond to the allegations in paragraph 146 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

147. The Underwriter Defendants need not respond to the allegations in paragraph 147 and footnote 14 thereto because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

148. The Underwriter Defendants need not respond to the allegations in paragraph 148 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 148(a) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(b) The Underwriter Defendants need not respond to the allegations in paragraph 148(b) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c) The Underwriter Defendants need not respond to the allegations in paragraph 148(c) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the

purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 148(d) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 148(e) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants admit that states have various legal requirements pertaining to the sale of vehicles and the transfer of title, deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(f)    The Underwriter Defendants need not respond to the allegations in paragraph 148(f) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(g)    The Underwriter Defendants need not respond to the allegations in paragraph 148(g) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and

information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced document for its complete and accurate contents, and otherwise deny the allegations.

(h)     The Underwriter Defendants need not respond to the allegations in paragraph 148(h) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations.

(i)     The Underwriter Defendants need not respond to the allegations in paragraph 148(i) and footnote 15 thereto because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

149.    The Underwriter Defendants need not respond to the allegations in paragraph 149 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations. The Underwriter Defendants incorporate by reference herein their responses to paragraphs 148(c), 152, 180-181.

150.    The Underwriter Defendants need not respond to the allegations in paragraph 150 because they are directed solely at other Defendants and state legal

conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

151.    The Underwriter Defendants need not respond to the allegations in paragraph 151 because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.  The Underwriter Defendants incorporate by reference herein their responses to paragraphs 191-210.

152.    The Underwriter Defendants need not respond to the allegations in paragraph 152 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.  The Underwriter Defendants incorporate by reference herein their responses to paragraphs 148(c), 174-179, 180-187.

153.    The Underwriter Defendants need not respond to the allegations in paragraph 153 because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.  The Underwriter Defendants incorporate by reference herein their responses to paragraphs 238-243.

154. The Underwriter Defendants need not respond to the allegations in paragraph 154 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 154(a) because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations. The Underwriter Defendants incorporate by reference herein their responses to paragraphs 247-260.

155. The Underwriter Defendants need not respond to the allegations in paragraph 155 because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations. The Underwriter Defendants incorporate by reference herein their responses to paragraphs 248, 250, 252, 254, 256, 258, 260, and 260(a).

156. The Underwriter Defendants need not respond to the allegations in paragraph 156 because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of

39

others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.  The Underwriter Defendants incorporate by reference herein their responses to paragraphs 224-225, and 234-235.

157.    The Underwriter Defendants need not respond to the allegations in paragraph 157 and footnote 16 thereto because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

158.    The Underwriter Defendants need not respond to the allegations in paragraph 158 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations

159.    The Underwriter Defendants need not respond to the allegations in paragraph 159 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants admit that Carvana Class A common stock reached a price of $376.83 per share on August 10, 2021, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

160.    The Underwriter Defendants need not respond to the allegations in paragraph 160 and footnote 17 thereto because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

161.    The Underwriter Defendants need not respond to the allegations in paragraph 161 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

162.    The Underwriter Defendants need not respond to the allegations in paragraph 162 and footnote 18 thereto because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

163.    The Underwriter Defendants need not respond to the allegations in paragraph 163 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

164.    The Underwriter Defendants need not respond to the allegations in paragraph 164, Appendix A, and the chart purportedly generated therefrom, because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

165.    The Underwriter Defendants need not respond to the allegations in paragraph 165 because they are directed solely at other Defendants and the Court dismissed

these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

166. The Underwriter Defendants need not respond to the allegations in paragraph 166 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

167. The Underwriter Defendants need not respond to the allegations in paragraph 167 because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

168. The Underwriter Defendants need not respond to the allegations in paragraph 168 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed the referenced statements in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

169. The Underwriter Defendants need not respond to the allegations in paragraph 169 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed the referenced statements in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the

42

purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

170. The Underwriter Defendants need not respond to the allegations in paragraph 170 because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

171. The Underwriter Defendants need not respond to the allegations in paragraph 171 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

172. The Underwriter Defendants need not respond to the allegations in paragraph 172 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the publicly available historical stock price data for Carvana stock, deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

173. The Underwriter Defendants need not respond to the allegations in paragraph 173 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced and quoted documents for their complete and accurate contents, and otherwise deny the allegations.

174.    The Underwriter Defendants need not respond to the allegations in paragraph 174 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

175.    The Underwriter Defendants need not respond to the allegations in paragraph 175 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 175(a) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 175(b) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and concerning the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 175(c) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of

44

the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

176. The Underwriter Defendants need not respond to the allegations in paragraph 176 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

177. The Underwriter Defendants need not respond to the allegations in paragraph 177 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 177(a) because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(b) The Underwriter Defendants need not respond to the allegations in paragraph 177(b) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations.

(c) The Underwriter Defendants need not respond to the allegations in paragraph 177(c) because they are directed solely at other Defendants and

state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

178. The Underwriter Defendants need not respond to the allegations in paragraph 178 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

179. The Underwriter Defendants need not respond to the allegations in paragraph 179 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 179(a) because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b) The Underwriter Defendants need not respond to the allegations in paragraph 179(b) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees

46

of the Company, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 179(c) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

180.    The Underwriter Defendants need not respond to the allegations in paragraph 180 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

181.    The Underwriter Defendants need not respond to the allegations in paragraph 181 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 181(a) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 181(b) because they are directed solely at other Defendants.  To

the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 181(c) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 181(d) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

182.    The Underwriter Defendants need not respond to the allegations in paragraph 182 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

183.    The Underwriter Defendants need not respond to the allegations in paragraph 183 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny

knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 183(a) because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b) The Underwriter Defendants need not respond to the allegations in paragraph 183(b) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations.

(c) The Underwriter Defendants need not respond to the allegations in paragraph 183(c) because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

184. The Underwriter Defendants need not respond to the allegations in paragraph 184 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

49

185.    The Underwriter Defendants need not respond to the allegations in paragraph 185 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 185(a) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 185(b) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the referenced document for its complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 185(c) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

186.    The Underwriter Defendants need not respond to the allegations in paragraph 186 because they are directed solely at other Defendants.  To the extent that a

response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

187. The Underwriter Defendants need not respond to the allegations in paragraph 187 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 187(a) because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b) The Underwriter Defendants need not respond to the allegations in paragraph 187(b) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c) The Underwriter Defendants need not respond to the allegations in paragraph 187(c) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees

of the Company, respectfully refer the Court to the entirety of the referenced document for its complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 187(d) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

188.    The Underwriter Defendants need not respond to the allegations in paragraph 188 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

189.    The Underwriter Defendants need not respond to the allegations in paragraph 189 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 189(a) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 189(b) because they are directed solely at other Defendants.  To

the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 189(c) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

190.    The Underwriter Defendants need not respond to the allegations in paragraph 190 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

191.    The Underwriter Defendants need not respond to the allegations in paragraph 190 because they are directed solely at other Defendants and the Court dismissed this statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

192.    The Underwriter Defendants need not respond to the allegations in paragraph 192 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 192(a) and footnote 19 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 192(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 192(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 192(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 192(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)    The Underwriter Defendants need not respond to the allegations in paragraph 192(c)(ii)(1) and footnote 20 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(2)    The Underwriter Defendants need not respond to the allegations in paragraph 192(c)(ii)(2) and footnotes 21-25 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 192(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv) The Underwriter Defendants need not respond to the allegations in paragraph 192(c)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

193. The Underwriter Defendants need not respond to the allegations in paragraph 193 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

194. The Underwriter Defendants need not respond to the allegations in paragraph 194 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 194(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)     The Underwriter Defendants need not respond to the allegations in paragraph 194(b) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(i)     The Underwriter Defendants need not respond to the allegations in paragraph 194(b)(i) and footnote 26 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 194(b)(ii) and footnotes 27-31 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)     The Underwriter Defendants need not respond to the allegations in paragraph 194(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and as to the state of mind of third-party analysts,

respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

195.    The Underwriter Defendants need not respond to the allegations in paragraph 195 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

196.    The Underwriter Defendants need not respond to the allegations in paragraph 196 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 196(a) and footnote 32 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 196(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(c)     The Underwriter Defendants need not respond to the allegations in paragraph 196(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)     The Underwriter Defendants need not respond to the allegations in paragraph 196(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(ii)     The Underwriter Defendants need not respond to the allegations in paragraph 196(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)     The Underwriter Defendants need not respond to the allegations in paragraph 196(c)(ii)(1) and footnote33 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(2)     The Underwriter Defendants need not respond to the allegations in paragraph 196(c)(ii)(2) and footnotes 34–38 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this

59

Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 196(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 196(c)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 196(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

197.    The Underwriter Defendants need not respond to the allegations in paragraph 197 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

198.    The Underwriter Defendants need not respond to the allegations in paragraph 198 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 198(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 198(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 198(b)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a

response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(ii)     The Underwriter Defendants need not respond to the allegations in paragraph 198(b)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)     The Underwriter Defendants need not respond to the allegations in paragraph 198(b)(ii)(1) and footnote 39 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations

(2)     The Underwriter Defendants need not respond to the allegations in paragraph 198(b)(ii)(2) and footnotes 40–44 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)     The Underwriter Defendants need not respond to the allegations in paragraph 198(b)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv)   The Underwriter Defendants need not respond to the allegations in paragraph 198(b)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)   The Underwriter Defendants need not respond to the allegations in paragraph 198(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

199.   The Underwriter Defendants need not respond to the allegations in paragraph 199 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

200.   The Underwriter Defendants need not respond to the allegations in paragraph 200 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 200(a) and footnote 45 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 200(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 200(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 200(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 200(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)    The Underwriter Defendants need not respond to the allegations in paragraph 200(c)(ii)(1) and footnote 46 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the actions and conduct of others, and otherwise deny the allegations.

(2)    The Underwriter Defendants need not respond to the allegations in paragraph 200(c)(ii)(2) and footnotes 47–51 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 200(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 200(c)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 200(d) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

201.    The Underwriter Defendants need not respond to the allegations in paragraph 201 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

202.    The Underwriter Defendants need not respond to the allegations in paragraph 202 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 202(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 202(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 202(b)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 202(b)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)      The Underwriter Defendants need not respond to the allegations in paragraph 202(b)(ii)(1) and footnote 52 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(2)      The Underwriter Defendants need not respond to the allegations in paragraph 202(b)(ii)(2) and footnotes 53–57 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported  actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)     The Underwriter Defendants need not respond to the allegations in paragraph 202(b)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv)     The Underwriter Defendants need not respond to the allegations in paragraph 202(b)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 202(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 202(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

203.    The Underwriter Defendants need not respond to the allegations in paragraph 203 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

204.    The Underwriter Defendants need not respond to the allegations in paragraph 204 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 204(a) and footnote 58 thereto because they are directed solely at

69

other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)     The Underwriter Defendants need not respond to the allegations in paragraph 204(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(c)     The Underwriter Defendants need not respond to the allegations in paragraph 204(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)     The Underwriter Defendants need not respond to the allegations in paragraph 204(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(ii)     The Underwriter Defendants need not respond to the allegations in paragraph 204(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a

70

response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)    The Underwriter Defendants need not respond to the allegations in paragraph 204(c)(i)(1) and footnote 59 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(2)    The Underwriter Defendants need not respond to the allegations in paragraph 204(c)(ii)(2) and footnotes 60–64 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 204(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 204(c)(iv) because they are directed solely at other Defendants

71

and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

205.    The Underwriter Defendants need not respond to the allegations in paragraph 205 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

206.    The Underwriter Defendants need not respond to the allegations in paragraph 206 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 206(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 206(b) and footnote 65 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter

72

Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 206(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 206(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 206(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)    The Underwriter Defendants need not respond to the allegations in paragraph 206(c)(ii)(1) and footnote 66 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny

knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(2)      The Underwriter Defendants need not respond to the allegations in paragraph 206(c)(ii)(2) and footnotes 67–71 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)      The Underwriter Defendants need not respond to the allegations in paragraph 206(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv)      The Underwriter Defendants need not respond to the allegations in paragraph 206(c)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

207.    The Underwriter Defendants need not respond to the allegations in paragraph 207 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

208.    The Underwriter Defendants need not respond to the allegations in paragraph 208 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 208(a) and footnote 72 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 208(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 208(c) because they are directed solely at other Defendants and

the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 208(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 208(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)    The Underwriter Defendants need not respond to the allegations in paragraph 208(c)(ii)(1) and footnote 73 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(2)    The Underwriter Defendants need not respond to the allegations in paragraph 208(c)(ii)(2) and footnotes 74–78 thereto because they are directed solely at other Defendants, and legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to

the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 208(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 208(c)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

209.    The Underwriter Defendants need not respond to the allegations in paragraph 209 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

210.    The Underwriter Defendants need not respond to the allegations in paragraph 210 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

77

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 210(a) and footnote 79 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 210(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 210(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 210(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 210(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)    The Underwriter Defendants need not respond to the allegations in paragraph 210(c)(ii)(1) and footnote 80 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(2)    The Underwriter Defendants need not respond to the allegations in paragraph 210(c)(ii)(2) and footnotes 81–85 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 210(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 210(c)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

211.    The Underwriter Defendants need not respond to the allegations in paragraph 211 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

212.    The Underwriter Defendants need not respond to the allegations in paragraph 212 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

213.    The Underwriter Defendants need not respond to the allegations in paragraph 213 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 213(a) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and

information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 213(a)(i) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 213(a)(ii) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 213(a)(iii) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 213(a)(iv) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 213(a)(iv)(b) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

214.    The Underwriter Defendants need not respond to the allegations in paragraph 214 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

215.    The Underwriter Defendants need not respond to the allegations in paragraph 215 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 215(a) because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 215(a)(i) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of

82

unnamed former employees of the Company, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 215(a)(ii) because they are directed solely at other Defendants, and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 215(a)(iii) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 215(a)(iv) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(v)    The Underwriter Defendants need not respond to the allegations in paragraph 215(a)(v) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 215(b) because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

216.   The Underwriter Defendants need not respond to the allegations in paragraph 216 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

217.   The Underwriter Defendants need not respond to the allegations in paragraph 217 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

218.   The Underwriter Defendants need not respond to the allegations in paragraph 218 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

219.   The Underwriter Defendants need not respond to the allegations in paragraph 219 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

84

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 219(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 219(b) and footnote 86 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 219(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 219(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a

response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 219(e) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

220.    The Underwriter Defendants need not respond to the allegations in paragraph 199 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

221.    The Underwriter Defendants need not respond to the allegations in paragraph 221 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 221(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 221(b) and footnote 87 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 221(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 221(d) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

222.    The Underwriter Defendants need not respond to the allegations in paragraph 222 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary,

the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

223.    The Underwriter Defendants need not respond to the allegations in paragraph 223 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 223(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 223(b) and footnote 88 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 223(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 223(d) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

224.    The Underwriter Defendants need not respond to the allegations in paragraph 224 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

225.    The Underwriter Defendants need not respond to the allegations in paragraph 225 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 225(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company,

respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 225(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 225(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

226.    The Underwriter Defendants need not respond to the allegations in paragraph 226 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

227.    The Underwriter Defendants need not respond to the allegations in paragraph 227 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 227(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 227(b) and footnote 89 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 227(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 227(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 227(e) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

228.    The Underwriter Defendants need not respond to the allegations in paragraph 228 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

229.    The Underwriter Defendants need not respond to the allegations in paragraph 229 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 229(a) because they are directed solely at other Defendants state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 229(b) because they are directed solely at other Defendants and

the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 229(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 227(d) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

230.    The Underwriter Defendants need not respond to the allegations in paragraph 230 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

231.    The Underwriter Defendants need not respond to the allegations in paragraph 231 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

93

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 231(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 231(b) and footnote 90 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 231(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 231(d) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge or

information sufficient to form a belief as to the state of mind of third-party analysts, and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

232.    The Underwriter Defendants need not respond to the allegations in paragraph 232 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

233.    The Underwriter Defendants need not respond to the allegations in paragraph 233 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 233(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 233(b) and footnote 91 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the

Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)   The Underwriter Defendants need not respond to the allegations in paragraph 233(c) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)   The Underwriter Defendants need not respond to the allegations in paragraph 233(d) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)   The Underwriter Defendants need not respond to the allegations in paragraph 231(e) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

234.   The Underwriter Defendants need not respond to the allegations in paragraph 234 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary,

the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

235.    The Underwriter Defendants need not respond to the allegations in paragraph 235 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 235(a) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 235(b) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 235(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the

quoted documents for their complete and accurate contents, and otherwise deny the allegations.

236.    The Underwriter Defendants need not respond to the allegations in paragraph 236 because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

237.    The Underwriter Defendants need not respond to the allegations in paragraph 237 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

238.    The Underwriter Defendants need not respond to the allegations in paragraph 238 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

239.    The Underwriter Defendants need not respond to the allegations in paragraph 239 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

98

(a)	The Underwriter Defendants need not respond to the allegations in paragraph 239(a) and footnote 92 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)	The Underwriter Defendants need not respond to the allegations in paragraph 239(b) because they are directed solely at other Defendants, state legal conclusions, and the Court this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)	The Underwriter Defendants need not respond to the allegations in paragraph 239(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)	The Underwriter Defendants need not respond to the allegations in paragraph 239(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)   The Underwriter Defendants need not respond to the allegations in paragraph 239(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)   The Underwriter Defendants need not respond to the allegations in paragraph 239(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(d)   The Underwriter Defendants need not respond to the allegations in paragraph 239(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)   The Underwriter Defendants need not respond to the allegations in paragraph 239(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(f)    The Underwriter Defendants need not respond to the allegations in paragraph 239(f) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

240.    The Underwriter Defendants need not respond to the allegations in paragraph 240 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

241.    The Underwriter Defendants need not respond to the allegations in paragraph 241 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 241(a) and footnote 93 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the

101

Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)   The Underwriter Defendants need not respond to the allegations in paragraph 241(b) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)   The Underwriter Defendants need not respond to the allegations in paragraph 241(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)   The Underwriter Defendants need not respond to the allegations in paragraph 241(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)   The Underwriter Defendants need not respond to the allegations in paragraph 241(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 241(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 241(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 241(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(f)    The Underwriter Defendants need not respond to the allegations in paragraph 241(f) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the

purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

242. The Underwriter Defendants need not respond to the allegations in paragraph 242 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

243. The Underwriter Defendants need not respond to the allegations in paragraph 243 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 243(a) and footnote 94 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b) The Underwriter Defendants need not respond to the allegations in paragraph 243(b) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the

quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 243(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 243(c)(i) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 243(c)(ii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 243(c)(iii) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 243(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 243(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(f)    The Underwriter Defendants need not respond to the allegations in paragraph 243(f) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

244.    The Underwriter Defendants need not respond to the allegations in paragraph 244 because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form

106

a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

245.    The Underwriter Defendants need not respond to the allegations in paragraph 245 because they are directed solely at other Defendants and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

246.    The Underwriter Defendants need not respond to the allegations in paragraph 246 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed the referenced statements in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

247.    The Underwriter Defendants need not respond to the allegations in paragraph 247 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

248.    The Underwriter Defendants need not respond to the allegations in paragraph 248 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 248(a) and footnotes 95-96 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 248(b) and footnote 97 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 248(c) because they are directed solely at other Defendants, state legal conclusions and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 248(d) because they are directed solely at other Defendants and

the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 248(d)(i) and footnotes 98-99 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 248(d)(ii) and footnotes 100-101 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 248(d)(iii) and footnote 102 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the

entirety of the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

(iv)   The Underwriter Defendants need not respond to the allegations in paragraph 248(d)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)   The Underwriter Defendants need not respond to the allegations in paragraph 248(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(f)   The Underwriter Defendants need not respond to the allegations in paragraph 248(f) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(g)   The Underwriter Defendants need not respond to the allegations in paragraph 248(g) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.

To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

249.    The Underwriter Defendants need not respond to the allegations in paragraph 249 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

250.    The Underwriter Defendants need not respond to the allegations in paragraph 250 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 250(a) and footnotes 103-104 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 250(b) and footnote 105 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge

111

and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 250(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 250(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 250(d)(i) and footnotes 106-107 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 250(d)(ii) and footnotes 108-109 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 250(d)(iii) and footnote 110 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 250(d)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 250(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(f)     The Underwriter Defendants need not respond to the allegations in paragraph 250(f) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(g)     The Underwriter Defendants need not respond to the allegations in paragraph 250(g) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

251.    The Underwriter Defendants need not respond to the allegations in paragraph 251 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

252.    The Underwriter Defendants need not respond to the allegations in paragraph 252 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 252(a) and footnotes 111-112 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 252(b) and footnote 113 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 252(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 252(d) because they are directed solely at other Defendants and

the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 252(d)(i) and footnotes 114-115 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 252(d)(ii) and footnotes 116-117 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 252(d)(iii) and footnote 118 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 252(d)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 252(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(f)    The Underwriter Defendants need not respond to the allegations in paragraph 252(f) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(g)    The Underwriter Defendants need not respond to the allegations in paragraph 252(g) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts,

respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

253.    The Underwriter Defendants need not respond to the allegations in paragraph 253 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

254.    The Underwriter Defendants need not respond to the allegations in paragraph 254 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 254(a) and footnotes 119-120 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 254(b) and footnote 121 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the

quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 254(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed the referenced statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 254(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 254(d)(i) and footnotes 122-123 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 254(d)(ii) and footnotes 124-125 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the

entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii) The Underwriter Defendants need not respond to the allegations in paragraph 254(d)(iii) and footnote 126 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

(iv) The Underwriter Defendants need not respond to the allegations in paragraph 254(d)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e) The Underwriter Defendants need not respond to the allegations in paragraph 254(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(f) The Underwriter Defendants need not respond to the allegations in paragraph 254(f) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the

purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of quoted documents for their complete and accurate contents, and otherwise deny the allegations.

255.    The Underwriter Defendants need not respond to the allegations in paragraph 255 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

256.    The Underwriter Defendants need not respond to the allegations in paragraph 256 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 256(a) and footnotes 127-128 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 256(b) and footnote 129 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the

quoted documents for its complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 256(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 256(d) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 256(d)(i) and footnotes 130-131 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted  documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 256(d)(ii) and footnote 132 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny

knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 256(d)(iii) and footnotes 133-134 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 256(d)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 256(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(f)    The Underwriter Defendants need not respond to the allegations in paragraph 256(f) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the

purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

257. The Underwriter Defendants need not respond to the allegations in paragraph 257 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

258. The Underwriter Defendants need not respond to the allegations in paragraph 258 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a) The Underwriter Defendants need not respond to the allegations in paragraph 258(a) and footnotes 135-136 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(b) The Underwriter Defendants need not respond to the allegations in paragraph 258(b) and footnote 137 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 258(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 258(d) and footnote 138 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 258(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)    The Underwriter Defendants need not respond to the allegations in paragraph 258(e)(i) and footnotes 139-140 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party

analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 258(e)(ii) and footnotes 141-142 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 258(e)(iii) and footnote 143 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 258(e)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(f)    The Underwriter Defendants need not respond to the allegations in paragraph 258(f) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information

sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(g)    The Underwriter Defendants need not respond to the allegations in paragraph 258(g) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(h)    The Underwriter Defendants need not respond to the allegations in paragraph 258(h) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

259.    The Underwriter Defendants need not respond to the allegations in paragraph 259 because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

260.    The Underwriter Defendants need not respond to the allegations in paragraph 260 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 260(a) and footnotes 144-145 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 260(b) and footnote 146 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 260(c) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 260(d) and footnote 147 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge

and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(e)     The Underwriter Defendants need not respond to the allegations in paragraph 260(e) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(i)     The Underwriter Defendants need not respond to the allegations in paragraph 260(e)(i) and footnotes 148-149 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(ii)     The Underwriter Defendants need not respond to the allegations in paragraph 260(e)(ii) and footnotes 150-151 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(iii) The Underwriter Defendants need not respond to the allegations in paragraph 260(e)(iii) and footnote 152 thereto because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

(iv) The Underwriter Defendants need not respond to the allegations in paragraph 260(e)(iv) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(f) The Underwriter Defendants need not respond to the allegations in paragraph 260(f) because they are directed solely at other Defendants and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(g) The Underwriter Defendants need not respond to the allegations in paragraph 260(g) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the

purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

(h)    The Underwriter Defendants need not respond to the allegations in paragraph 260(h) because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

261.    The Underwriter Defendants need not respond to the allegations in paragraph 261 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

262.    The Underwriter Defendants need not respond to the allegations in paragraph 262 because they are directed solely at other Defendants and the Court dismissed claims relying on these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

263.    The Underwriter Defendants need not respond to the allegations in paragraph 262 and footnotes 153-154 thereto because they are directed solely at other Defendants and the Court dismissed claims relying on these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced document for its complete and accurate contents and otherwise deny the allegations.

264.    The Underwriter Defendants need not respond to the allegations in paragraph 262 and footnote 155 thereto because they are directed solely at other Defendants and the Court dismissed claims relying on these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

265.    The Underwriter Defendants need not respond to the allegations in paragraph 265 because they are directed solely at other Defendants and the Court dismissed claims relying on these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

266.    The Underwriter Defendants need not respond to the allegations in paragraph 266 and footnotes 156-157 thereto because they are directed solely at other Defendants and the Court dismissed claims relying on these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

267.    The Underwriter Defendants need not respond to the allegations in paragraph 267 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed claims relying on these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

268.    The Underwriter Defendants need not respond to the allegations in paragraph 268 and footnote 158 thereto because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

269.    The Underwriter Defendants need not respond to the allegations in paragraph 269 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

270.    The Underwriter Defendants need not respond to the allegations in paragraph 270 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

271.    The Underwriter Defendants need not respond to the allegations in paragraph 271 because they are directed solely at other Defendants, state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

272.    The Underwriter Defendants need not respond to the allegations in paragraph 272 and footnote 159 thereto because they are directed solely at other

Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

273. The Underwriter Defendants need not respond to the allegations in paragraph 273 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

274. The Underwriter Defendants need not respond to the allegations in paragraph 274 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

275. The Underwriter Defendants need not respond to the allegations in paragraph 275 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

276. The Underwriter Defendants need not respond to the allegations in paragraph 276 because they are directed solely at other Defendants and the Court dismissed

134

these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

277. The Underwriter Defendants need not respond to the allegations in paragraph 277 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

278. The Underwriter Defendants need not respond to the allegations in paragraph 278 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

279. The Underwriter Defendants need not respond to the allegations in paragraph 279 because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

280. The Underwriter Defendants need not respond to the allegations in paragraph 280 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny

knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

281. The Underwriter Defendants need not respond to the allegations in paragraph 281 and footnote 160 thereto because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

282. The Underwriter Defendants need not respond to the allegations in paragraph 282 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

283. The Underwriter Defendants need not respond to the allegations in paragraph 283 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

284. The Underwriter Defendants need not respond to the allegations in paragraph 284 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others,

respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

285.    The Underwriter Defendants need not respond to the allegations in paragraph 285 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

286.    The Underwriter Defendants need not respond to the allegations in paragraph 286 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

287.    The Underwriter Defendants need not respond to the allegations in paragraph 287 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(a)    The Underwriter Defendants need not respond to the allegations in paragraph 287(a) because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)    The Underwriter Defendants need not respond to the allegations in paragraph 287(b) because they are directed solely at other Defendants and

the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(c)    The Underwriter Defendants need not respond to the allegations in paragraph 287(c) because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(d)    The Underwriter Defendants need not respond to the allegations in paragraph 287(d) because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(e)    The Underwriter Defendants need not respond to the allegations in paragraph 287(e) because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(f)    The Underwriter Defendants need not respond to the allegations in paragraph 287(f) because they are directed solely at other Defendants and

the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(g)     The Underwriter Defendants need not respond to the allegations in paragraph 287(g) because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(h)     The Underwriter Defendants need not respond to the allegations in paragraph 287(h) because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(i)     The Underwriter Defendants need not respond to the allegations in paragraph 287(i) because they are directed solely at other Defendants. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

288.     The Underwriter Defendants need not respond to the allegations in paragraph 288 because they are directed solely at other Defendants and state legal

conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

289. The Underwriter Defendants need not respond to the allegations in paragraph 289 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

290. The Underwriter Defendants need not respond to the allegations in paragraph 290 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

291. The Underwriter Defendants need not respond to the allegations in paragraph 291 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

292. The Underwriter Defendants need not respond to the allegations in paragraph 292 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others,

respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

293.    The Underwriter Defendants need not respond to the allegations in paragraph 293 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

294.    The Underwriter Defendants need not respond to the allegations in paragraph 294 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

295.    The Underwriter Defendants need not respond to the allegations in paragraph 295 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

296.    The Underwriter Defendants need not respond to the allegations in paragraph 296 because they are directed solely at other Defendants and state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

297. The Underwriter Defendants need not respond to the allegations in paragraph 297 because they are directed solely at other Defendants. To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

298. The Underwriter Defendants need not respond to the allegations in paragraph 298 because they are directed solely at other Defendants. To the extent a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

299. The Underwriter Defendants need not respond to the allegations in paragraph 299, footnote 162 thereto, and the bullet points thereunder because they are directed solely at other Defendants. To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations.

300. The Underwriter Defendants need not respond to the allegations in paragraph 300 and footnote 163 thereto because they are directed solely at other Defendants. To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations.

301. The Underwriter Defendants need not respond to the allegations in paragraph 301 and footnote 164 thereto because they are directed solely at other

Defendants.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

302.    The Underwriter Defendants need not respond to the allegations in paragraph 302 because they are directed solely at other Defendants.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the quoted document, and otherwise deny the allegations.

303.    The Underwriter Defendants need not respond to the allegations in paragraph 303 and footnote 165 thereto because they are directed solely at other Defendants and state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

304.    The Underwriter Defendants need not respond to the allegations in paragraph 304 and footnote 166 thereto because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents and otherwise deny the allegations.

305.    The Underwriter Defendants need not respond to the allegations in paragraph 305 and footnote 167 thereto because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to

the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents and otherwise deny the allegations.

306.    The Underwriter Defendants need not respond to the allegations in paragraph 306 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

307.    The Underwriter Defendants need not respond to the allegations in paragraph 307 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to assert claims under the fraud-on-the-market theory, and otherwise deny the allegations.

308.    The Underwriter Defendants need not respond to the allegations in paragraph 308 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

309.    The Underwriter Defendants need not respond to the allegations in paragraph 309 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

310.    The Underwriter Defendants need not respond to the allegations in paragraph 310 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

311.    The Underwriter Defendants need not respond to the allegations in paragraph 311 and footnote 168 thereto because they are directed solely at other

Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Plaintiffs purport to use the defined term as alleged, admit that the Carvana Class A common stock closed at $370.10 on August 10, 2021, and closed at $360.70 per share on August 11, 2021, admit that S&P 500 closed at $4,436.75 on August 10, 2021, and at $4,442.41 on August 11, 2021, and otherwise deny the allegations.

312.    The Underwriter Defendants need not respond to the allegations in paragraph 312 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

313.    The Underwriter Defendants need not respond to the allegations in paragraph 313 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that the Carvana Class A common stock closed at $301.76 per share on October 21, 2021, $297.59 per share on October 22, 2021, and $292.23 per share on October 25, 2021, admit that S&P 500 closed at $4,549.78 per share on October 21, 2021, $4,544.90 per share on October 22, 2021, and $4,566.48 per share on October 25, 2021, and otherwise deny the allegations.

314.    The Underwriter Defendants need not respond to the allegations in paragraph 314 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent

that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, admit that Carvana Class A common stock closed at $83.14 per share on April 21, 2022, and $57.96 per share on April 29, 2022, admit that S&P 500 closed at $4,393.66 per share on April 21, 2022, and $4,131.93 per share on April 29, 2022, and otherwise deny the allegations.

315.    The Underwriter Defendants need not respond to the allegations in paragraph 315 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

316.    The Underwriter Defendants need not respond to the allegations in paragraph 316 because they are directed solely at other Defendants, state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

317.    The Underwriter Defendants need not respond to the allegations in paragraph 317 because they are directed solely at other Defendants, state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document

for its complete and accurate contents, admit that the Carvana Class A common stock closed on a volume of 15,723,800 on May 10, 2022, and 22,941,800 on May 11, 2022, admit that Carvana Class A common stock closed at $38.77 per share on May 9, 2022, $36.68 per share on May 10, 2022, and $30.00 on May 11, 2022, admit that S&P 500 closed at $3,991.24 per share on May 9, 2022, $4,001.05 per share on May 10, 2022, and $3,935.18 on May 11, 2022, and otherwise deny the allegations.

318.    The Underwriter Defendants need not respond to the allegations in paragraph 318 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

319.    The Underwriter Defendants need not respond to the allegations in paragraph 319 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

320.    The Underwriter Defendants need not respond to the allegations in paragraph 320 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Carvana Class A common stock closed at a price of $30.34 per share on June 27, 2022, and $24.74 per share on June 28, 2022,

admit that S&P 500 closed at a price of $3,900.11 per share on June 27, 2022, and $3,821.55 per share on June 28, 2022, and otherwise deny the allegations.

321.    The Underwriter Defendants need not respond to the allegations in paragraph 321 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

322.    The Underwriter Defendants need not respond to the allegations in paragraph 322 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Carvana Class A common stock closed at a price of $19.27 per share on October 7, 2022, and $18.21 per share on October 10, 2022, on volume of 9,569,800 shares, admit that S&P 500 closed at a price of $3,639.66 per share on October 7, 2022, and $3,612.39 per share on October 10, 2022, and otherwise deny the allegations.

323.    The Underwriter Defendants need not respond to the allegations in paragraph 323 because they are directed solely at other Defendants, state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

324.    The Underwriter Defendants need not respond to the allegations in paragraph 324 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants admit that Carvana Class A common stock closed at a price of

$14.35 per share on November 3, 2022, $8.76 per share on November 4, 2022, on volume of 71,102,800 shares, and $7.39 per share on November 7, 2022, on volume of 52,554,300 shares, admit that S&P 500 closed at a price of $3,719.89 per share on November 3, 2022, $3,770.55 per share on November 4, 2022, and $3,806.80 per share on November 7, 2022, and otherwise deny the allegations.

325.    The Underwriter Defendants need not respond to the allegations in paragraph 325 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

326.    The Underwriter Defendants need not respond to the allegations in paragraph 326 because they are directed solely at other Defendants, state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

327.    The Underwriter Defendants need not respond to the allegations in paragraph 327 and footnote 169 thereto because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, admit that Carvana Class A common stock closed at a price of $10.08 per share on February 23, 2023, and $8.01 per share on February 24, 2023, on volume of 35,382,600 shares, admit that S&P 500 closed at a price of $4,012.32 per share on February 23, 2023, and $3,970.04 per share on February 24, 2023, and otherwise deny the allegations.

328.    The Underwriter Defendants need not respond to the allegations in paragraph 328 because they are directed solely at other Defendants and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

329.    The Underwriter Defendants need not respond to the allegations in paragraph 329 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiffs purport to assert claims under the fraud-on-the-market theory, that Carvana's stock traded on the NYSE, and members of the public purchased Carvana stock during the putative Class Period, and otherwise deny the allegations..

330.    The Underwriter Defendants need not respond to the allegations in paragraph 330 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

331.    The Underwriter Defendants need not respond to the allegations in paragraph 331 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations and deny the validity of the putative Class.

332.    The Underwriter Defendants need not respond to the allegations in paragraph 332 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

333.    The Underwriter Defendants need not respond to the allegations in paragraph 333 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

334.    The Underwriter Defendants need not respond to the allegations in paragraph 334 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

335.    The Underwriter Defendants need not respond to the allegations in paragraph 334 because they state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to bring this action as a putative class action, and otherwise deny the allegations.

336.    The Underwriter Defendants need not respond to the allegations in paragraph 334 because they state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the size, membership and identification of the putative Class, and otherwise deny the allegations.

337.    The Underwriter Defendants need not respond to the allegations in paragraph 337 because they state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants deny the allegations.

338.    The Underwriter Defendants need not respond to the allegations in paragraph 338 because they state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants deny the allegations.

339.    The Underwriter Defendants need not respond to the allegations in paragraph 339 because they state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants deny the allegations.

340.   The Underwriter Defendants need not respond to the allegations in paragraph 340 because they state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants deny the allegations.

341.   The Underwriter Defendants need not respond to the allegations in paragraph 341 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants incorporate by reference herein their responses to each and every allegation set forth above.

342.   The Underwriter Defendants need not respond to the allegations in paragraph 342 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to assert claims under various U.S. securities laws, and otherwise deny the allegations in paragraph 342.

343.   The Underwriter Defendants need not respond to the allegations in paragraph 343 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

344.   The Underwriter Defendants need not respond to the allegations in paragraph 344 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

345.   The Underwriter Defendants need not respond to the allegations in paragraph 345 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

346.    The Underwriter Defendants need not respond to the allegations in paragraph 346 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

347.    The Underwriter Defendants need not respond to the allegations in paragraph 347 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

348.    The Underwriter Defendants need not respond to the allegations in paragraph 348 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

349.    The Underwriter Defendants need not respond to the allegations in paragraph 349 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

350.    The Underwriter Defendants need not respond to the allegations in paragraph 350 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

351.    The Underwriter Defendants need not respond to the allegations in paragraph 351 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants incorporate by reference herein their responses to each and every allegation set forth above.

153

352.    The Underwriter Defendants need not respond to the allegations in paragraph 352 because they are directed solely at other Defendants.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

353.    The Underwriter Defendants need not respond to the allegations in paragraph 353 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

354.    The Underwriter Defendants need not respond to the allegations in paragraph 354 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

355.    The Underwriter Defendants need not respond to the allegations in paragraph 355 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

356.    The Underwriter Defendants need not respond to the allegations in paragraph 356 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

357.    The Underwriter Defendants need not respond to the allegations in paragraph 357 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

358. The Underwriter Defendants need not respond to the allegations in paragraph 358 because they are directed solely at other Defendants and the Court dismissed Count III in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants incorporate by reference herein their responses to each and every allegation set forth above.

359. The Underwriter Defendants need not respond to the allegations in paragraph 359 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed Count III in its Motion to Dismiss Order. To the extent that a response is necessary, admit that Plaintiffs purport to bring a claim under §20(A) of the Exchange Act, and otherwise deny the allegations.

360. The Underwriter Defendants need not respond to the allegations in paragraph 360 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed Count III in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

361. The Underwriter Defendants need not respond to the allegations in paragraph 361 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed Count III in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

362. The Underwriter Defendants need not respond to the allegations in paragraph 362 and Appendices A and B referenced therein because they are directed solely at other Defendants and the Court dismissed Count III in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

363.    The Underwriter Defendants need not respond to the allegations in paragraph 363 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed Count III in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

364.    The Underwriter Defendants need not respond to the allegations in paragraph 364 because they are directed solely at other Defendants, state legal conclusions, and the Court dismissed Count III in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

365.    The Underwriter Defendants admit that Plaintiffs purport to assert a series of strict liability and negligence claims on behalf of purported purchasers in the 2022 Public Offering and that Plaintiffs purport to use the defined term as alleged, and otherwise deny the allegations in paragraph 365.

366.    The Underwriter Defendants admit that shares in the 2022 Public Offering were priced at $80.00, and otherwise deny the allegations in paragraph 366.

367.    The Underwriter Defendants admit the allegation in paragraph 367.

368.    The Underwriter Defendants admit the allegations in paragraph 368.

369.    The Underwriter Defendants admit the allegations in paragraph 369.

370.    The Underwriter Defendants admit the allegations in paragraph 370.

371.    The Underwriter Defendants admit that the Underwriter Defendants served as underwriters and/or underwriter representatives for the 2022 Public Offering, and admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations in paragraph 371.

372.    The Underwriter Defendants admit that Plaintiffs purport to use the defined term as alleged.

373. The Underwriter Defendants admit that Carvana filed a Form S-3 Registration Statement with the SEC on April 20, 2022 and a Form 424B2 Prospectus Supplement with the SEC on April 25, 2022, and respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents. The Underwriter Defendants admit that Plaintiffs purport to use the defined terms as alleged, and otherwise deny the allegations in paragraph 373.

374. The Underwriter Defendants admit that the 2021 10-K is incorporated into the Offering Documents by reference, and respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents.

375. The Underwriter Defendants admit that Carvana filed a Form 8-K on April 26, 2022 and respectfully refer the Court to the entirety of the referenced document for its complete and accurate contents.

376. The Underwriter Defendants need not respond to the allegations in paragraph 376 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 376 regarding the purported actions and conduct of others, and otherwise deny the allegations.

377. The Underwriter Defendants need not respond to the allegations in paragraph 377 because and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 377 regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced document for its complete and accurate contents, and otherwise deny the allegations.

378. The Underwriter Defendants need not respond to the allegations in paragraph 378 because and the Court dismissed these allegations in its Motion to Dismiss Order. To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph

378 regarding the purported actions and conduct of others, and otherwise deny the allegations.

379.   The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 379 regarding the purported actions and conduct of others, and otherwise deny the allegations.

380.   The Underwriter Defendants need not respond to the allegations in paragraph 380 because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

381.   The Underwriter Defendants need not respond to the allegations in paragraph 381 because the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs refer to the quoted language as "Statement A" and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

382.   The Underwriter Defendants need not respond to the allegations in paragraph 382 because they state legal conclusions and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

(a)   The Underwriter Defendants need not respond to the allegations in paragraph 382(a) because the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief regarding the purported actions and conduct of others, and deny knowledge and information sufficient to form a belief concerning the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(b)   The Underwriter Defendants need not respond to the allegations in paragraph 382(b) because the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants

deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(i)     The Underwriter Defendants need not respond to the allegations in paragraph 382(b)(i) and footnote 170 thereto because the Court dismissed this Statement in its Motion to Dismiss Order and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 382(b)(ii) because the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(1)     The Underwriter Defendants need not respond to the allegations in paragraph 382(b)(ii)(1) and footnote 171 thereto because the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(2)     The Underwriter Defendants need not respond to the allegations in paragraph 382(b)(ii)(2) and footnotes 172-175 thereto because the Court dismissed this Statement in its Motion to Dismiss Order. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

159

(iii)   The Underwriter Defendants need not respond to the allegations in paragraph 382(b)(iii) because they state legal conclusions and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iv)   The Underwriter Defendants need not respond to the allegations in paragraph 382(b)(iv) because they state legal conclusions and the Court dismissed this Statement in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

383.   The Underwriter Defendants admit that Plaintiffs refer to the quoted language in paragraph 383 as "Statement B" and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

384.   The Underwriter Defendants need not respond to the allegations in paragraph 384 because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

(a)   The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(i)   The Underwriter Defendants need not respond to the allegations in paragraph 384(a)(i) because they state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(ii)    The Underwriter Defendants need not respond to the allegations in paragraph 384(a)(ii) because they state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(iii)    The Underwriter Defendants need not respond to the allegations in paragraph 384(a)(iii) because they state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief concerning the allegations regarding the purported actions and conduct of others and deny knowledge and information sufficient to form a belief regarding the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(iv)    The Underwriter Defendants need not respond to the allegations in paragraph 384(a)(iv) because they state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

(v)    The Underwriter Defendants need not respond to the allegations in paragraph 384(a)(v) because they state legal conclusions and the Court dismissed these allegations in its Motion to Dismiss Order.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the referenced document for its complete and accurate contents, and otherwise deny the allegations.

(b)     The Underwriter Defendants need not respond to the allegations in paragraph 384(b) because they state legal conclusions.  To the extent a response is necessary, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the state of mind of third-party analysts, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

385.    The Underwriter Defendants admit that Plaintiffs refer to the quoted language in paragraph 385 as "Statement C" and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

386.    The Underwriter Defendants need not respond to the allegations in paragraph 386 because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

(a)     The Underwriter Defendants need not respond to the allegations in paragraph 386(a) because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

(b)     The Underwriter Defendants need not respond to the allegations in paragraph 386(b) because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others and the allegations of unnamed former employees of the Company, and otherwise deny the allegations.

(c)     The Underwriter Defendants need not respond to the allegations in paragraph 386(c) because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions

and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

387.    The Underwriter Defendants need not respond to the allegations in paragraph 387 because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the referenced documents for their complete and accurate contents, and otherwise deny the allegations.

388.    The Underwriter Defendants respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations in paragraph 388.

389.    The Underwriter Defendants need not respond to the allegations in paragraph 389 because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the referenced document for its complete and accurate contents, and otherwise deny the allegations.

390.    The Underwriter Defendants need not respond to the allegations in paragraph 390 because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

391.    The Underwriter Defendants need not respond to the allegations in paragraph 391 because they state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants deny the allegations.

392.    The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 392 regarding the purported actions and conduct of others, and respectfully refer the Court to the entirety of the quoted documents for their complete and accurate contents, and otherwise deny the allegations.

393.    The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 393 regarding the purported actions and conduct of others, and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

394.    The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 394 regarding the purported actions and conduct of others, and otherwise deny the allegations.

395.    The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 395, and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

396.    The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 396 regarding the purported actions and conduct of others, and otherwise deny the allegations.

397.    The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 397 regarding the purported actions and conduct of others, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations.

398.    The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 398, and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents.

399.    The Underwriter Defendants admit that shares in the 2022 Public Offering were priced at $80.00, respectfully refer the Court to the publicly available historical stock price data for Carvana stock, and otherwise deny the allegations in paragraph 399.

164

400.    The Underwriter Defendants admit the allegations in paragraph 400.

401.    The Underwriter Defendants admit that Carvana filed the Registration Statement in connection with the 2022 Public Offering, and respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations in paragraph 401.

402.    The Underwriter Defendants admit the allegations in paragraph 402.

403.    The Underwriter Defendants deny the allegations in paragraph 403.

404.    The Underwriter Defendants admit that a portion of their respective businesses involve "underwriting public offerings of securities," and otherwise deny the allegations in paragraph 404.

405.    The Underwriter Defendants deny the allegations in paragraph 405.

406.    Paragraph 406 states legal conclusions to which the Underwriter Defendants need not respond.  To the extent a response is necessary, the Underwriter Defendants deny the allegations.

407.    The Underwriter Defendants admit that the Underwriter Defendants acted as underwriters of the 2022 Public Offering and were compensated for doing so, as set forth in the Offering Documents, and otherwise deny the allegations in paragraph 407.

408.    Paragraph 408 states legal conclusions to which the Underwriter Defendants need not respond.  To the extent a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the referenced document for its complete and accurate contents, admit the "underwriting agreement provide[d] that [Carvana] will indemnify the underwriters against specified liabilities, including liabilities under the Securities Act, or contribute to payments that the underwriters may be required to make in respect of those liabilities," and otherwise deny the allegations.

409.    The Underwriter Defendants admit that the Underwriter Defendants had ordinary and customary involvement in the 2022 Public Offering as underwriters, and otherwise deny the allegations in paragraph 409.

410.    The Underwriter Defendants admit that on April 25, 2022, Carvana announced a senior unsecured notes offering to finance Carvana's acquisition of ADESA, that affiliates of the Underwriter Defendants were initial purchasers in the senior unsecured notes offering, and that the Underwriter Defendants entered into agreements with Carvana in connection with the 2022 Public Offering and a senior unsecured notes offering to finance Carvana's acquisition of ADESA, respectfully refer the Court to those documents for their complete and accurate contents, and otherwise deny the allegations in paragraph 410.

411.    The Underwriter Defendants admit that The Wall Street Journal published an article entitled "Carvana, Once a Market Darling, Forced to Turn to Apollo for Cash" on April 27, 2022, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations in paragraph 411.

412.    The Underwriter Defendants admit that Bloomberg published an article entitled "How Apollo's Last-Minute Twist Salvaged Carvana's Debt Sale" on April 30, 2022, respectfully refer the Court to the entirety of the quoted document for its complete and accurate contents, and otherwise deny the allegations in paragraph 412.

413.    The Underwriter Defendants deny the allegations in paragraph 413.

414.    The Underwriter Defendants admit that representatives of the Underwriter Defendants assisted Carvana in planning the 2022 Public Offering as underwriters, the Underwriter Defendants were granted access to certain ordinary and customary corporate information in connection with the 2022 Public Offering, and otherwise deny the allegations in paragraph 414.

415.    The Underwriter Defendants admit that agents of the Underwriter Defendants had meetings with certain of Carvana's executives, management and/or counsel prior to the 2022 Public Offering with Carvana, and otherwise deny the allegations in paragraph 415.

416. The Underwriter Defendants admit that agents of the Underwriter Defendants had meetings with certain of Carvana's executives, management and/or counsel prior to the 2022 Public Offering with Carvana, at which the 2022 Public Offering was discussed, including the terms, strategy, language to be used in documents related to the 2022 Public Offering, and otherwise deny the allegations in paragraph 416.

417. Paragraph 417 states legal conclusions to which the Underwriter Defendants need not respond. To the extent a response is necessary, the Underwriter Defendants deny the allegations.

418. Paragraph 418 states legal conclusions to which the Underwriter Defendants need not respond. To the extent a response is necessary, the Underwriter Defendants deny the allegations.

419. Paragraph 419 states legal conclusions to which the Underwriter Defendants need not respond. To the extent a response is necessary, the Underwriter Defendants deny the allegations.

420. The Underwriter Defendants admit that the Underwriter Defendants had ordinary and customary involvement in the 2022 Public Offering, and otherwise deny the allegations in paragraph 420.

421. The Underwriter Defendants need not respond to the allegations in paragraph 421 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to assert claims on behalf of a putative class under various U.S. securities laws, and otherwise deny the allegations.

422. The Underwriter Defendants admit that Plaintiffs purport to describe the purported class for their putative Securities Act Class, and otherwise deny the allegations in paragraph 422.

423. The Underwriter Defendants need not respond to the allegations in paragraph 423 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to assert claims on behalf of a class, and otherwise deny the allegations.

424.    The Underwriter Defendants need not respond to the allegations in paragraph 424 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to assert claims on behalf of a class, and otherwise deny the allegations.

425.    The Underwriter Defendants need not respond to the allegations in paragraph 425 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to assert claims on behalf of a class, and otherwise deny the allegations.

426.    The Underwriter Defendants need not respond to the allegations in paragraph 426 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to assert claims on behalf of a class, and otherwise deny the allegations.

427.    The Underwriter Defendants need not respond to the allegations in paragraph 427 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to assert claims on behalf of a class, and otherwise deny the allegations.

428.    The Underwriter Defendants incorporate by reference herein their responses to paragraphs 19-23, 32-33, 39-42, 44, and 365-427.

429.    The Underwriter Defendants need not respond to the allegations in paragraph 429 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to bring claims under § 11 of the Securities Act, and otherwise deny the allegations.

430.    The Underwriter Defendants need not respond to the allegations in paragraph 430 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to bring strict liability claims against the Securities Act Defendants, and otherwise deny the allegations.

431. Paragraph 431 states legal conclusions to which the Underwriter Defendants need not respond. To the extent a response is necessary, the Underwriter Defendants deny the allegations.

432. Paragraph 432 states legal conclusions to which the Underwriter Defendants need not respond. To the extent a response is necessary, the Underwriter Defendants deny the allegations.

433. The Underwriter Defendants admit Plaintiffs purchased Carvana common stock on April 22, 2022 at $80.00 per share, and otherwise deny the allegations in paragraph 433.

434. Paragraph 434 states legal conclusions to which the Underwriter Defendants need not respond. To the extent a response is necessary, the Underwriter Defendants deny the allegations.

435. The Underwriter Defendants need not respond to the allegations in paragraph 435 because they state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, admit that Plaintiff John Brent filed a complaint in this action on August 3, 2022, and otherwise deny the allegations.

436. The Underwriter Defendants incorporate by reference herein their responses to paragraphs 19-23, 32-33, 39-42, 44, and 365-435.

437. The Underwriter Defendants need not respond to the allegations in paragraph 437 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to bring claims under §12(a)(2) of the Securities Act, and otherwise deny the allegations.

438. The Underwriter Defendants need not respond to the allegations in paragraph 438 because they state legal conclusions. To the extent a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted statute for its complete and accurate contents.

439.    The Underwriter Defendants deny the allegations in paragraph 439.

440.    The Underwriter Defendants deny the allegations in paragraph 440.

441.    Paragraph 441 states legal conclusions to which the Underwriter Defendants need not respond.  To the extent a response is necessary, the Underwriter Defendants deny the allegations.

442.    The Underwriter Defendants deny the allegations in paragraph 442.

443.    The  Underwriter Defendants incorporate by reference herein their responses to paragraphs 19-23, 32-33, 39-42, 44, and 365-442.

444.    The Underwriter Defendants need not respond to the allegations in paragraph 444 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants admit that Plaintiffs purport to bring claims under §15 of the Securities Act, and otherwise deny the allegations.

445.    The Underwriter Defendants need not respond to the allegations in paragraph 445 because they are directed solely at other Defendants and state legal conclusions.  To the extent that a response is necessary, the Underwriter Defendants respectfully refer the Court to the entirety of the quoted statute for its complete and accurate contents.

446.    The Underwriter Defendants need not respond to the allegations in paragraph 446 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

447.    The Underwriter Defendants need not respond to the allegations in paragraph 447 because they are directed solely at other Defendants and state legal conclusions. To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

448.    The Underwriter Defendants need not respond to the allegations in paragraph 448 because they are directed solely at other Defendants and state legal conclusions  To the extent that a response is necessary, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others, and otherwise deny the allegations.

Answering Plaintiffs' prayer for relief, the Underwriter Defendants deny that Plaintiffs are entitled to relief against Defendants.

Answering Plaintiffs' demand for a jury trial, the Underwriter Defendants admit that Plaintiffs purport to demand a jury trial.

## DEFENSES

The Underwriter Defendants assert the following defenses with respect to every cause of action asserted by Plaintiffs, and they reserve the right to assert other and additional defenses, cross-claims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, the Underwriter Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs.

## FIRST DEFENSE

The Amended Complaint fails to state a cause of action upon which relief can be granted against the Underwriter Defendants.

## SECOND DEFENSE

Plaintiffs and putative class members are not entitled to any recovery because no act or omission attributed to the Underwriter Defendants in the Amended Complaint was the actual or proximate cause of any alleged injury suffered by Plaintiffs or putative class members.

## THIRD DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and putative class members to the extent public materials, filings and/or statements in connection with the 2022 Public

Offering or the senior unsecured notes offering to finance Carvana's acquisition of ADESA did not contain any false or misleading statement of material fact or omit any material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any claimed misleading statement or omission of material fact not based on the public materials, filings and/or statements in connection with the 2022 Public Offering or the senior unsecured notes offering to finance Carvana's acquisition of ADESA.

## FOURTH DEFENSE

The alleged omissions were either disclosed or the allegedly omitted facts were not required to be disclosed.

## FIFTH DEFENSE

The Underwriter Defendants are not liable for any alleged misstatements that were forward-looking statements accompanied by meaningful cautionary language.

## SIXTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and putative class members to the extent they had no duty to disclose any information allegedly not disclosed, and had no duty to verify, opine upon, audit, review, or correct the statements made in the public materials, filings and/or statements in connection with the 2022 Public Offering or the senior unsecured notes offering to finance Carvana's acquisition of ADESA that the Amended Complaint alleges were misleading.

## SEVENTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and putative class members because any alleged misstatements or omissions for which the Underwriter Defendants were allegedly responsible were not material to the investment decisions of a reasonable investor.

172

**EIGHTH DEFENSE**

The Underwriter Defendants are not liable to Plaintiffs and putative class members because Plaintiffs and putative class members did not reasonably rely on any alleged misstatements or omissions of material fact by the Underwriter Defendants.

**NINTH DEFENSE**

Plaintiffs and putative class members are not entitled to any recovery because Plaintiffs and putative class members did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions alleged in the Amended Complaint.

**TENTH DEFENSE**

The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.  At all times, and with respect to all matters contained herein, the Underwriter Defendants acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

**ELEVENTH DEFENSE**

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because none of the alleged misrepresentations or misleading statements or omissions caused, or was a substantial factor in, any increase or decrease in the market value of Carvana's securities owned by Plaintiffs or other members of the putative class.  The damages for which Plaintiffs claim the Underwriter Defendants are responsible arise from a depreciation in share price that was not the result of any material misrepresentation or actionable omission by the Underwriter Defendants and were otherwise caused or contributed to by persons or entities for whom the Underwriter Defendants are not responsible and for whom the Underwriter Defendants are not liable, or by factors other than any alleged misrepresentations or omissions for which the Underwriter Defendants may be responsible.

**TWELFTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because, to the extent that Plaintiffs and putative class members were injured or damaged as alleged in the Amended Complaint, which is denied, Plaintiffs' and putative class members' comparative and/or contributory negligence in connection with the facts and circumstances surrounding their transactions in Carvana stock precludes some or all of the recovery they seek.

**THIRTEENTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part to the extent Plaintiffs and putative class members failed to make reasonable efforts to mitigate their alleged injury or damages.

**FOURTEENTH DEFENSE**

The Underwriter Defendants are not liable to Plaintiffs and putative class members because the purported misstatements or omissions alleged in the Amended Complaint concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

**FIFTEENTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because, to the extent that Plaintiffs or putative class members incurred any injury or damage as alleged in the Amended Complaint, which is denied, any such injury or damage was caused and brought about by the acts, conduct, or omissions of individuals and/or entities other than the Underwriter Defendants and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

**SIXTEENTH DEFENSE**

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because none of the alleged misrepresentations or misleading statements or omissions

caused, or was a substantial factor in, any increase or decrease in the market value of Carvana's securities owned by Plaintiffs or other members of the putative class.

## SEVENTEENTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and putative class members because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time of the 2022 Public Offering and when the Offering Documents became effective, that the statements in the Offering Documents and all related public statements were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## EIGHTEENTH DEFENSE

The Underwriter Defendants are not liable to the extent Plaintiffs or putative class members did not purchase shares of Carvana common stock in the 2022 Public Offering, did not purchase shares of Carvana common stock traceable to the 2022 Public Offering or other sales by the Underwriter Defendants, or purchased shares not subject to a registration statement or prospectus covered by the Securities Act of 1933.

## NINETEENTH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members lack standing to pursue some or all of their claims against the Underwriter Defendants.

## TWENTIETH DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the Underwriter Defendants acted in good faith, including by reasonably relying upon the advice of others.

## TWENTY-FIRST DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because the matters now alleged to be the subject of misstatements or omissions were in fact disclosed in Carvana's public filings or press releases, or were otherwise publicly disclosed

175

or in the public domain, and, as such, were available to Plaintiffs, putative class members, or the securities markets generally, and thus were at all times reflected in the price of Carvana stock.

## TWENTY-SECOND DEFENSE

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of Carvana stock would decline if such risks materialized.

## TWENTY-THIRD DEFENSE

Pursuant to Section 11(g) of the Securities Act, 18 U.S.C. § 77k(g), Plaintiffs' and putative class members' right to recovery, if any, may not exceed the price at which Plaintiffs' and putative class members' securities were offered to the public.

## TWENTY-FOURTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative Class is barred, in whole or in part, by the damages limitations of the Securities Act.

## TWENTY-FIFTH DEFENSE

Plaintiffs' suit is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.

## TWENTY-SIXTH DEFENSE

Plaintiffs' and putative class members' alleged damages, if any, are speculative, and thus are not recoverable.

## TWENTY-SEVENTH DEFENSE

Plaintiffs and putative class members did not suffer any losses, and thus cannot recover any damages.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' and putative class members' alleged damages, if any, are limited by 15 U.S.C. § 78u-4.

176

**TWENTY-NINTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because all losses and damages alleged in the Amended Complaint are the result of superseding and/or intervening causes and are not the result of any act or omission of the Underwriter Defendants or from the alleged misleading statements.

**THIRTIETH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part because of the "bespeaks caution" doctrine and "safe harbor" provisions of the PLSRA.

**THIRTY-FIRST DEFENSE**

The Underwriter Defendants exercised reasonable care. After reasonable and diligent investigation, the Underwriter Defendants had reasonable grounds to believe, and did believe, that the alleged misstatements still at issue in this case were true and omitted no material fact necessary to make those statements not misleading.

**THIRTY-SECOND DEFENSE**

Plaintiffs' and putative class members' claims against the Underwriter Defendants are barred in whole or in part because, at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

**THIRTY-THIRD DEFENSE**

This action is not properly maintainable as a class action, including because it does not meet the requirements for certification under Federal Rule of Civil Procedure 23.

**THIRTY-FOURTH DEFENSE**

Plaintiffs and putative class members are not entitled to recover attorneys' fees, experts' fees, or other costs or disbursements.

**THIRTY-FIFTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or in part by the applicable statutes of limitations or statutes of repose.

## THIRTY-SIXTH DEFENSE

The Underwriter Defendants expressly reserve the right to amend and/or supplement their answer, defenses, and all other pleadings.

## THIRTY-SEVENTH DEFENSE

The Underwriter Defendants are not liable to the extent that the alleged misstatements and omissions attributed to the Underwriter Defendants were not made in connection with the purchase or sale of Carvana securities by Plaintiffs or putative class members.

## THIRTY-EIGHTH DEFENSE

With respect to portions of the Registration Statement (as defined in the Amended Complaint) purporting to be made on the authority of experts, the Underwriter Defendants had no reasonable ground to believe and did not believe, at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands, and other related equitable defenses.

## FORTIETH DEFENSE

The Underwriter Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional defenses available to them, and therefore reserve the right to assert such additional defenses in the event that discovery indicates they would be appropriate. The Underwriter Defendants also incorporate by reference any defenses asserted by other Defendants which are also applicable to the claims against the Underwriter Defendants.

## INCORPORATION BY REFERENCE

The Underwriter Defendants adopt and incorporate by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant not expressly set forth herein, to the extent such defense may be applicable to the Underwriter Defendants.

## RESERVATION OF RIGHTS

The Underwriter Defendants expressly and specifically reserve the right to raise any additional defenses and claims not asserted herein of which they may become aware through discovery or other investigation, and will amend or modify their answer accordingly. The Underwriter Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this action.

## PRAYER FOR RELIEF

Based upon the foregoing, the Underwriter Defendants pray that (i) judgment be entered dismissing the Amended Complaint on the merits, in its entirety and with prejudice, and (ii) this Court grant such other relief as it deems just and appropriate.

Respectfully submitted this 22nd day of January, 2025.

FENNEMORE CRAIG, P.C.

By: */s/ Andrea L. Marconi*
Douglas C. Northup
Andrea L. Marconi

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Susanna M. Buergel (*Pro Hac Vice*)
David P. Friedman (*Pro Hac Vice*)

*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC*