**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Carvana Company, et al., <br><br> Defendants. | No. CV-22-02126-PHX-MTL <br><br> **ORDER** |

Before the Court is a Motion for Reconsideration (Doc. 107) filed by the Carvana Defendants[*] and joined by Defendant Ernest Garcia II ("Garcia Senior") and Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC (collectively, the "Underwriter Defendants") (Docs. 108, 110). At the request of the Court, Plaintiff filed a response (Doc. 113). The Court now rules.

**I.     LEGAL STANDARD**

The standard of review for motions for reconsideration is set forth in Local Rule of Civil Procedure 7.2(g). Motions for reconsideration will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the

---

[*] The "Carvana Defendants" include Carvana Co., Ernest Garcia III ("Garcia Junior"), Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan.

Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citations omitted).

## II.     DISCUSSION

Defendants seek reconsideration of this Court's order (Doc. 105) granting in part and denying in part Defendants' motions to dismiss the Amended Consolidated Complaint ("ACC"), raising three issues. (Doc. 107.)

First, Defendants argue the Court overlooked their "unresponded-to argument that the ACC lacks a single fact alleging that the speakers of Statements Nos. 4 and 8 acted with scienter." (*Id.* at 3-4.) Defendants fleetingly made this argument in the footnotes of its motion. (Doc. 82 at 29 n.12, 30 n.14, 48 n.30.) The Court reminds Defendants that "[d]istrict judges are not archaeologists." *Nw. Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994). And this Court is not obligated, nor inclined to excavate arguments buried in briefs. *See id.*; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990) ("Our district judges must read footnotes with new care if they are to be reversed for failing to recognize motions buried in this fashion."). The Carvana Defendants' motion to dismiss contained thirty-three footnotes, reciting lengthy arguments and compound citations to the record and caselaw. (*See* Doc. 82.) To this Court, Defendants' superfluous use of footnotes was a clear attempt to circumvent the page limitation—which the Court already extended to *forty-five* pages of argument. (Doc. 81.) Therefore, the Court concludes that these arguments are waived and insufficient to warrant reconsideration of the Court's order. Defendants may properly brief these arguments at summary judgment.

Next, Defendants claim that this Court "committed 'manifest error' in finding scienter based on inferences and allegations of knowledge alone." (Doc. 107 at 4-7.) But Defendants misconstrue and misleadingly isolate portions of the Court's order related to the core operations doctrine. Scienter, as pled under the core operations doctrine, was one factor in a host of many this Court considered. (Doc. 105 at 40-52 (considering stock sales, misleading statements, confidential witness accounts, the core operations doctrine, Sarbanes-Oxley certifications, and government investigations in scienter analysis).)

Consistent with Ninth Circuit law, the Court conducted a holistic review of all the circumstances alleged in the ACC, and ultimately found such allegations—when accepted as true—sufficient to plead a strong inference of scienter. Contrary to Defendants' argument that a "pump and dump" motive theory was required to allege scienter (Doc. 107 at 4-7), the United States Supreme Court has recognized that "the absence of a motive allegation is not fatal." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 325 (2007). And in the Ninth Circuit, "[s]cienter can be established by intent, knowledge, or certain levels of recklessness." *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 702 (9th Cir. 2012). Therefore, Defendants have not demonstrated how this Court's reasoning was contrary to binding precedent.

Lastly, Defendants ask this Court to revisit its conclusion that Statement Nos. 1 and 6 and Statement C were not protected by the Private Securities Litigation Reform Act ("PSLRA") safe harbor. (Doc. 107 at 8-9.). By misreading a footnote of this Court's prior order, Defendants ask this Court to "rethink what it has already thought"—which is improper in a motion for reconsideration. *Motorola, Inc.*, 215 F.R.D. at 582; *see also Mogan v. Airbnb, Inc.*, No. 23-55489, 2024 WL 3738480, at *4 (9th Cir. Aug. 9, 2024) (explaining that a motion for reconsideration is improper if merely sought to relitigate the arguments earlier made). In assessing whether these statements were protected by the PSLRA safe harbor, the Court determined that the statements were not forward-looking, not accompanied by meaningfully cautionary language, and—based on the allegations in the ACC—made with actual knowledge of falsity. (Doc. 105 at 16.) The Court already considered and rejected the very arguments Defendants regurgitate here. Therefore, Defendants fail to show reconsideration is warranted on this issue as well.

. . . .

. . . .

. . . .

. . . .

. . . .

**III. CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 107) is **denied**.

Dated this 3rd day of February, 2025.

Michael T. Liburdi
United States District Judge

- 4 -