ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re Carvana Co. Securities Litigation | ) ) | No. CV-22-2126-PHX-MTL |
| | ) | JOINT DISCOVERY MOTION |
| This Document Relates To: | ) ) | **ORAL ARGUMENT REQUESTED** |
| All Actions. | ) ) ) | |

Pursuant to ¶¶3(b) and 6 of the Court's February 26, 2025 Scheduling Order (ECF 128), Plaintiffs and Defendants submit this motion concerning a dispute regarding Lead Plaintiffs': (i) First Set of Requests for Production of Documents to the Carvana Defendants ("RFPs") (attached hereto as Exhibit 1); (ii) First Set of Requests for Production of Documents to Ernest Garcia II (attached hereto as Exhibit 2); (iii) First Set of Requests for Production of Documents to Underwriter Defendant J.P. Morgan Securities LLC (attached hereto as Exhibit 3); and (iv) First Set of Requests for Production of Documents to Underwriter Defendant Citigroup Global Markets Inc (attached hereto as Exhibit 4).[1]

## I.    PLAINTIFFS' ARGUMENT

As they did in their motion for reconsideration, Defendants again "misconstrue" and "misread[]" the MTD Order (ECF 117 at 2-3), incorrectly asserting that it narrowed discovery in this case solely to title and registration ("T&R") issues. *See* Ex. 5 at 4; *id.* at 7-8, 10-15, 21-23, 26-27 (objecting to RFPs 1-2, 7-12, 22-24, and 28-29 ("Disputed RFPs") on this ground); Exs. 6-7 (objecting to RFPs on same grounds). Defendants fundamentally misread the MTD Order by claiming it found the four other alleged "unsustainable business practices" fully disclosed and therefore irrelevant. While Judge Liburdi noted Carvana made *some* disclosures related to these practices, he crucially held that attributing positive retail sales results only to legitimate factors like "demand and expansion," ***while omitting the impact of these undisclosed "other drivers of its growth*** ," rendered Carvana's statements misleading. MTD Order at 25, 66. Judge Liburdi did ***not*** hold that any disclosures Defendants cite negated the misleading nature of omitting the collective, negative impact of these unsustainable practices as drivers of purported growth. To the contrary, the MTD Order ***repeatedly*** rejected Defendants' "truth on the market defense" as "better reserved for summary judgment." *Id.*

The MTD Order sustained claims based on Statement Nos. 19-20 and Statement B concerning retail sales – statements Judge Liburdi found misleading precisely ***because***

---

[1]    Capitalized terms that are not defined herein have the same meaning as in the Joint Proposed Case Management Report.  ECF 118.

Carvana failed to disclose the **multiple** unsustainable "drivers" and "artifices" propping up those sales. *Id.* at 23-26; *see id.* at 66-68 (upholding 1933 Act claims with unique causation issues: "Plaintiffs sufficiently allege similar statements were false or misleading because Carvana identified specific drivers of its revenue, while omitting the purportedly fraudulent *artifices* that contributed to Carvana's sales"). Judge Liburdi's **repeated use of plurals** – "drivers" and "artifices" – **after** discussing the practices underscores that the misleading nature stemmed from the failure to disclose the **combination** of these factors, not just T&R in isolation. *Id.* at 25, 50, 66. Judge Liburdi also upheld the scheme claims **in their entirety** against Carvana and the individual executives – claims which rest on numerous artifices, only one of which involves T&R. *Id.* at 40. Because Defendants' attempt to limit discovery contradicts the MTD Order and the scope of the surviving claims, and loss causation for 1934 Act claims is the province of expert opinion, the Court should compel production.

Even under Defendants' misreading, the requested discovery is relevant. Rule 26(b)(1) defines the scope of discovery by **relevance** – not the precise language of surviving claims. Courts routinely reject attempts to limit discovery to actionable statements: "Although the documents may relate to alleged misstatements that the Court has held are not actionable, this does not mean that they are 'completely irrelevant' to the claims remaining in this action." *Upton v. McKerrow*, 1996 WL 193807, at *3-*4 (N.D. Ga. 1996); *see In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3791716, at *8-*9 (C.D. Cal. 2012) (rejecting Defendants' argument here as improperly limiting discovery because it "is inconsistent with the liberal policies governing discovery, the allegations in the Complaint, and the Court's Order"). Here, discovery concerning all alleged artifices underlying the scheme and retail statements is relevant as it "bear[s] directly on . . . the falsity, materiality, and loss causation issues implicated by the Actionable Statements." *See Toyota*, 2012 WL 3791716, at *9.

## II.    DEFENDANTS' ARGUMENT

Plaintiffs' argument that the Court's 73-page Order (Dkt. 105) did not narrow this case's scope to title and registration issues contradicts this Court's holding. The Court dismissed all alleged false statements unrelated to title and registration, held that the scheme

claim survived only to the same extent as the statement claims, and moreover, found that Plaintiffs only pled loss causation for their title and registration based claims.

The Court dismissed four of six categories of alleged false statements. Order at 20-23, 26-33, 65. The first surviving category consisted of eight statements about "Title and Registration." *Id.* at 20. The second included two statements about "Retail Unit Sales," allegedly misleading due to Carvana's failure to disclose five "unsustainable business practices" or "drivers" underlying those sales: "(1) selling cars without proper title and registration, (2) pursuing sales in markets that were less profitable due to a long distance from inventory, (3) lowering its purchasing and verification standards to boost trade-ins, (4) artificially lowering prices to seek less: profitable sales, and (5) entering a sham pass-through arrangement with DriveTime." *Id.* at 24-25.

The Court analyzed each alleged business practice and concluded that all but title and registration issues were disclosed and not a basis for liability. Regarding (2), Carvana disclosed "[i]n every shareholder letter where Carvana touted its new markets . . ., it included a map of existing IRCs and where they were located relative to Carvana's new markets," and disclosed the "operational constraints incurred by its expansion," including "third-party transportation fees." *Id.* at 27. For (3), "Carvana disclosed its strategy to expand inventory by purchasing more vehicles from customers (including lower-quality vehicles . . .)." *Id.* at 22-23. Concerning (4), Carvana disclosed how it was focused on growth at the expense of profitability. *Id.* at 28, 33. For (5), Carvana "disclosed its vehicle service contract arrangement with DriveTime." *Id.* at 25. Although the retail unit sales statements survived due to Carvana's alleged nondisclosure of "other drivers of its growth," the Court held Carvana had disclosed each of the four "drivers" other than title and registration issues.

The surviving scheme claim also does not open a backdoor to discovery beyond title and registration issues. Plaintiffs' scheme claim was based on the same conduct as the misstatements claim. *E.g.*, Compl. ¶ 150. The Court held the Complaint "adequately asserts falsity against the Carvana Defendants under a scheme theory for the same reasons it finds Plaintiffs sufficiently allege falsity in their misrepresentation claim." Order at 40. Thus, the

scheme claim survived only as to title and registration issues. *Id.* at 20-23, 26-33, 64-68. The use of plural terms "drivers" and "artifices" does not support Plaintiffs' position—they *pleaded* multiple "artifices" involving title and registration. *See, e.g.*, Compl. ¶¶ 144, 150.

The Court's loss causation analysis further confirms the case's limitation to title and registration issues. The only alleged corrective disclosures the Court held sufficient to "plausibly allege loss causation" are the four media reports about Carvana's title and registration issues. *Id.* at 53, 55-56. Title and registration is thus the only issue remaining.

Plaintiffs' argument for discovery on dismissed issues is incorrect. *See, e.g.*, *Upton*, 1996 WL 193807, at *3-*4.

**CERTIFICATION**

The Parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED:  May 6, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                    */s/ Daniel S. Drosman*
                    DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
BRENT E. MITCHELL
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs


BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

DATED:  May 6, 2025                     LATHAM & WATKINS LLP


    */s/ J. Christian Word* (with permission)
      J. CHRISTIAN WORD

- 6 -

ANDREW B. CLUBOK
(Admitted *pro hac vice*)
J. CHRISTIAN WORD
(Admitted *pro hac vice*)
SUSAN E. ENGEL
(Admitted *pro hac vice*)
MATTHEW J. PETERS
(Admitted *pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004
Telephone: 202/637-2200
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

MERYN C.N. GRANT
(Admitted *pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
Telephone: 424/653-5500
mervn.grant@lw.com

JEFF G. HAMMEL
(Admitted *pro hac vice*)
KALANA KARIYAWASAM
(Admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212/906-1200
jeff.hammel@lw.com
kalana.karivawasam@lw.com

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ  85016
Telephone: 602/916-5000
dnorthup@fennemorelaw.com
amarconi@fennemorelaw.com

Counsel for Defendants Carvana Co., Ernest
Garcia III, Mark Jenkins, Stephen Palmer,
Michael Maroone, Neha Parikh, Ira Platt,
and Greg Sullivan

DATED:  May 6, 2025

DLA PIPER LLP (US)
CAMERON A. FINE
MADELINE A. CORDRAY


_/s/ Madeline A. Cordray_ (with permission)
MADELINE A. CORDRAY

2525 East Camelback Road, Suite 1000
Phoenix, AZ  85016
Telephone: 480/606-5100
cameron.fine@us.dlapiper.com
madeline.cordray@us.dlapiper.com


DLA PIPER LLP (US)
MELANIE WALKER
(Admitted *pro hac vice*)
2000 Avenue of the Stars, #400
Los Angeles, CA  90067
Telephone: 310/595-3000
melanie.walker@us.dlapiper.com


DLA PIPER LLP (US)
YAN GRINBLAT
(Admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, IL  60606
Telephone: 312/368-4000
yan.grinblat@us.dlapiper.com


Attorneys for Defendant Ernest Garcia II

DATED:  May 6, 2025

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
SUSANNA M. BUERGEL
(Admitted *pro hac vice*)
KRISTINA A. BUNTING
(Admitted *pro hac vice*)
DAVID P. FRIEDMAN
(Admitted *pro hac vice*)


_/s/ David P. Friedman_ (with permission)
DAVID P. FRIEDMAN

1285 Avenue of the Americas
New York, NY  10019
Telephone: 212/373-3000
sbuergel@paulweiss.com
kbunting@paulweiss.com
dfriedman@paulweiss.com

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP
ANDREA L. MARCONI
2394 E. Camelback Road, Suite 600
Phoenix, AZ  85016
Telephone: 602/916-5000
dnorthup@fennemorelaw.com
amarconi@fennemorelaw.com

Counsel for Defendants Citigroup Global
Markets Inc. and J.P. Morgan Securities LLC