# EXHIBIT 5

LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: aclubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

[*Additional counsel on signature page*]

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation | CASE NO. 2:22-cv-02126-PHX-MTL |
|---|---|
| | **CARVANA DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THE CARVANA DEFENDANTS** |
| This Document Relates to: | |
| ALL ACTIONS. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, "Carvana Defendants"), by and through their undersigned counsel, hereby object and respond to Lead Plaintiffs United Association National Pension Fund ("UANPF") and Saskatchewan Healthcare Employees' Pension Plan's ("SHEPP," and collectively with UANPF, "Plaintiffs") First Set of Requests for Production of Documents to Carvana Defendants (the "Requests" and each a "Request") as set forth below.

**PRELIMINARY STATEMENT**

1.      The responses to these Requests are prepared based on information known to Carvana Defendants as of the date of these responses.  Discovery and investigation in the above-captioned action (the "Action") are continuing, and Carvana Defendants reserve the right to correct, amend, or supplement these responses should they become aware of any omission, error, or additional information that they may subsequently discover and determine to be relevant.  Carvana Defendants will make reasonable efforts to respond to every Request to the extent that it has not been objected to and to the extent that Carvana Defendants understand the Request.  If Plaintiffs subsequently assert an interpretation of a Request that differs from that given by Carvana Defendants, then Carvana Defendants reserve the right to supplement their objections and responses, as necessary.

2.      In providing these responses to the Requests, Carvana Defendants reserve their rights to (i) supplement, clarify, revise, or correct any or all of the responses and objections herein at any time; (ii) assert any and all objections to the competency, authenticity, relevancy, materiality, or admissibility into evidence of any of the responses and objections herein or documents or information produced in response to the Requests; and (iii) object to the use of these responses in any proceeding other than the above-captioned action.

3.      Carvana Defendants intend to and reserve their rights to manage the burden and costs associated with searching for responsive documents by using appropriate scope limitations and search methods (such as search terms, custodian limitations, date range

filters, and any other advanced search methodology and/or technology-assisted review) to limit the search, review, processing, and production of documents responsive to the Requests ("Search Protocol"). Carvana Defendants anticipate that the Search Protocol may involve searches of electronic files of a set of agreed-upon document custodians using an agreed-upon date range and search terms and/or a good-faith, reasonably targeted search for readily identifiable documents from a reasonably accessible central repository, depending on the Request.

4. In Carvana Defendants' responses and objections, the terms "including," "such as," and "like" are used without limitation.

5. For all objections herein, the terms "or" and "and" are intended to be construed disjunctively or conjunctively, as necessary, to achieve the broadest possible scope of the objection.

6. The fact that Carvana Defendants have responded to any specific Request does not indicate that documents or information responsive to that Request actually exist or ever existed. Carvana Defendants may produce documents that they believe may be responsive to a particular Request and reserve the right to assert subsequently that such documents are not of the type called for by any particular Request.

7. Any responses Carvana Defendants provide to these Requests are subject to the parties' agreement to be bound by the terms of the negotiated protective order and ESI protocol ordered by the Court on March 12, 2025, ECF Nos. 136 (the "Protective Order") and 137 (the "ESI Protocol"). Carvana Defendants reserve all of their rights and applicable objections with respect to their private, confidential, proprietary, or other similarly-protected confidential materials.

8. In responding to the Requests, Carvana Defendants do not concede that any of the information or documents provided are relevant, material, or admissible in evidence. Carvana Defendants reserve the right to challenge on evidentiary grounds any information or documents provided in response to the Requests.

9. Carvana Defendants specifically reserve the right to revisit any and all of the

Requests and tender additional objections as they deem necessary or appropriate in light of further review and investigation or if it is later revealed that an unreasonably large and unduly burdensome number of documents are implicated by any of the Requests.

10. Pursuant to Fed. R. Civ. P. 26(b)(1) and all other applicable rules and laws, Carvana Defendants will not produce materials that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other legal privilege, immunity, protection, or other limitation on discovery.

11. Pursuant to the Court's December 16, 2024 Order, ECF No. 105 ("MTD Order"), the only surviving theory of liability in this Action is that Defendants misled investors with respect to whether Carvana was allegedly "systemically violating state and title registration laws." *Id.* at 20; *see, e.g.*, *id.* at 25 ("[S]ome of Carvana's other expansion practices, such as its alleged practice of selling vehicles without proper title and registration, may not have been known to investors until a later date."), 55-57 (dismissing all loss causation events other than "four media reports that partially disclosed Carvana's title and registration issues"). Accordingly, Carvana Defendants will not produce materials that do not relate to the surviving theory of liability.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Carvana Defendants object to the "Definitions" and "Instructions" to the extent they purport to impose duties or obligations on Carvana Defendants beyond any duties and obligations under the Federal Rules, local rules of the District of Arizona, and any other applicable law (collectively, the "Applicable Rules").

2. Carvana Defendants object to the definition of "Carvana" on the grounds that it is overly broad, unduly burdensome, disproportional to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses in this case including because it includes "all other persons acting or purporting to act" on Carvana's behalf. For the purposes of responding to the Requests, Carvana Defendants will construe the term "Carvana" to mean Carvana Co.

3.    Carvana Defendants object to the definitions of the terms "Communication," "communications," "Concerning," "Document," "documents," "Electronically Stored Information," "ESI," "Identify," "Including," "Meeting," and "Offering Documents" on the grounds that they are overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent that they purport to impose burdens and obligations to conduct anything beyond a reasonable search for responsive documents, or to otherwise impose conditions, obligations, or burdens beyond those required by the Applicable Rules and the ESI Protocol.

4.    Carvana Defendants object to the definition of "Employee" as vague, not described with reasonable particularity, and overbroad, including because it encompasses "any person who at any time . . . purported to act on your behalf or under your supervision, direction or control," and because of its use of the terms or phrases "independent contractors," "investment bankers," "advisors," "businesses," "purported to act on your behalf," and "similar persons or entities" among other descriptors of persons or entities that would not necessarily have an employment relationship with any Carvana Defendant. Carvana Defendants further object to this definition to the extent that it calls for Carvana Defendants to make or admit any legal conclusions regarding the existence of any particular legal relationship.

5.    Carvana Defendants object to the definition of "Garcia parties" as vague, and will construe the phrase to mean Ernest Garcia II and Ernest Garcia III.

6.    Carvana Defendants object to the definitions of the terms "Security" and "securities" as overbroad, unduly burdensome, and disproportional to the needs of this case, including because several of the listed types of "securities" are not at issue in this Action. For the purposes of responding to the Requests, Carvana Defendants will construe the term "Security" to mean stock, and any warrant or right to purchase or sell stock.

7.    Carvana Defendants object to the definitions of the terms "You" and "Your" in the context of the Requests as vague and not described with reasonable particularity. Carvana Defendants further object to this definition on the grounds that Carvana Defendants

are not a single "entity."  Carvana Defendants will construe the terms "You" and "Your" to include only Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan.

8.     Carvana Defendants object to Instruction No. 1 to the extent it requests that any Carvana Defendant produce documents that are not within its, his, or her own possession, custody, or control; no Carvana Defendant will be deemed to have possession, custody, or control over a document merely because another Carvana Defendant has possession, custody, or control over a document.

9.     Carvana Defendants object to Instruction Nos. 3 and 4 to the extent they impose any obligations beyond those within the Applicable Rules.  Carvana Defendants further object to Instruction No. 4 to the extent it requests that Carvana Defendants provide information that is not within Carvana Defendants' possession, custody, or control, or that would be unduly burdensome to obtain.  In particular, Carvana Defendants object to Instruction No. 4 to the extent it requests that Carvana Defendants furnish an itemized privilege log when, under the circumstances, an appropriately tailored categorical privilege log is proper.  *See, e.g.*, *Franco-Gonzalez v. Holder*, No. CV 10-2211-DMG (DTBx), 2013 WL 8116823, at *6 (C.D. Cal. May 3, 2013) ("Rule 26(b)(5) does not require a document-by-document privilege log."); *Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-cv-06637-RS-PSG, 2012 WL 5637611, at *7 (N.D. Cal. Nov. 15, 2012) (holding that under the circumstances, party's "request for item-by-item logs [was] unreasonable").

10.     Carvana Defendants object to the instructions Plaintiffs list under the headings "Production of Hard-Copy Documents" and "Production of ESI" on the grounds that the parties have already negotiated, and the Court has already ordered an ESI Protocol.  That ESI Protocol governs the format and manner of productions.

11.     Carvana Defendants object to Plaintiffs' Instruction regarding the "Relevant Period" on the grounds that it is overly broad, unduly burdensome, disproportional to the needs of this case, and seeks documents that are not relevant to any party's claims or defenses in this case.  Carvana Defendants will construe the phrase "Relevant Period" to

mean July 1, 2020 until December 31, 2022.

## OBJECTIONS AND RESPONSES TO THE REQUESTS

The objections to each of the Requests below are in addition to the objections set forth above. The Objections to the Definitions and Instructions are part of the response to each and every Request.

**Request for Production No. 1:**

All documents produced, provided, or received by any of Carvana Defendants in the course of litigation against Carvana or the Individual Defendants concerning allegations in the Complaint, including *Harvin, et al. v. Carvana LLC*, et al., No. 2:23-cv-02068 (E.D. Pa.), *Jennings, et al. v. Carvana LLC*, No. 5:21-cv-05400 (E.D. Pa.), and *Schertz v. Garcia II*, et al., No. 2023-0600 (Del. Ch.). This Request extends through the present.

**Response to Request No. 1:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including to the extent this Request seeks documents that relate to claims or theories that do not relate to the surviving theory of liability; for the additional reason that this Request seeks "all" documents "produced, provided, or received by any of the Carvana Defendants in the course of litigation" without regard to whether less than all of such documents would be sufficient; and for the additional reason that this Request is not reasonably limited in time.

Carvana Defendants further object to this Request to the extent it is duplicative of other Requests, including Requests Nos. 2 and 35-36, and to the extent it purports to seek information that is equally available to Plaintiffs from public sources or is equally obtainable from third parties or from some source other than the Carvana Defendants that is more convenient, less burdensome, or less expensive.

7

Carvana Defendants further object to this Request on the grounds that it is vague and overbroad because it seeks documents "concerning allegations in the [320-page] Complaint."

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 2:**

All documents and testimony that any of the Carvana Defendants have produced or provided to, or received from, any regulatory or government agency, federal or state law enforcement agency or representative, or state or local official concerning the allegations in the Complaint.  This Request extends through the present.

**Response to Request No. 2:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including to the extent this Request seeks documents that do not relate to the surviving theory of liability; for the additional reason that this Request seeks "all" documents and "all testimony" without regard to whether the documents or information have any bearing on the issues, claims, or defenses in this Action, and without regard to whether less than all of such documents would be sufficient; and for the additional reason that this Request is not reasonably limited in time.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 3:**

All documents concerning the issuance, tracking, monitoring, management, testing, analysis, assessment, or evaluation of customers' title and registration, including temporary or out-of-state license plates and tags, any delayed or missing titles and registrations, and any "spreadsheet[s] that tracked vehicles that needed titles." Complaint, ¶73; *see also id.*, ¶120.

**Response to Request No. 3:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 4:**

All documents concerning Carvana's compliance or lack thereof with title and registration rules, laws, and regulations, including: (i) any monetary penalties, settlements, or fines incurred or paid by any of the Carvana Defendants; (ii) any non-monetary penalties, including any suspensions or revocations of Carvana's licenses or ability to issue temporary or out-of-state tags or license plates; (iii) any increased oversight by a non-party, including any probationary periods; and (iv) any projected or actual impact to Carvana's reputation, goodwill, retail sales, operations expenses, SG&A, and business operations.

**Response to Request No. 4:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 5:**

All documents concerning the "buffers in many states to provide cushion for their title and registration teams to work with the various states to complete necessary registration paperwork" (*id.*, ¶187(b)), including documents concerning the timing of, reasons for, and decision to establish such "buffers" and the actual or expected impact of such "buffers" on retail sales.

**Response to Request No. 5:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 6:**

All documents concerning Statement Nos. 1-8 and 19-20 and Statements B and C alleged in the Complaint, including the preparation of and bases for these statements, including talking points, scripts, slide shows, transcripts, presentations, FAQs, meeting minutes, or notes.

**Response to Request No. 6:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 7:**

All documents relating to the tracking, monitoring, management, testing, analysis, evaluation, or assessment of the "drivers of" retail unit sales (MTD Order at 25), including any information or trends regarding the growth, profitability, or sustainability of Carvana's retail unit sales.

**Response to Request No. 7:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that do not relate to the surviving theory of liability.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 8:**

All documents concerning Carvana's actual or stated "purchasing and verification standards" (or lack thereof) when buying cars from customers (*e.g.*, Complaint, ¶130), including documents concerning the tracking, monitoring, management, testing, analysis, evaluation, or assessment of the quality of cars purchased from customers.

**Response to Request No. 8:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all" documents concerning "purchasing and verification standards . . . when buying cars from customers," without regard to whether less than all of such documents would be sufficient, and further because it seeks documents that do not relate to the surviving theory of liability.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because it does not relate to the surviving theory of liability in this Action.

**Request for Production No. 9:**

All documents concerning the expected or actual impact of customer-sourced cars on Carvana's retail unit sales, trade-in sales, "wholesale vehicle sales" (*e.g.*, *id.*, ¶135), operating profits, margins, operations expenses, "logistics network," and "operational metrics" (*e.g.*, *id.*, ¶137), including documents concerning any information or trends regarding the decision to increase or decrease the volume of customer-sourced cars.

**Response to Request No. 9:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all" documents concerning "the expected or actual impact of customer-sourced cars on," among other things, "Carvana's retail unit sales" and "operational metrics," without regard to whether less than all of such documents would be sufficient, and further because it seeks documents that do not relate to the surviving theory of liability.

Carvana Defendants further object to this Request on the grounds that it is vague and ambiguous, including because of its use of undefined terms, including "expected" and "actual impact."

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because it does not relate to the surviving theory of liability in this Action.

**Request for Production No. 10:**

All documents concerning retail sales in "markets with lower profitability due to long distance from inventory" (*e.g.*, *id.*, ¶213(a)), including documents concerning: (i) the potential or actual impact of those sales on retail unit sales; (ii) the expected or actual financial terms and profitability of those sales and markets; (iii) the benefits, shortcomings, or sustainability of those sales and markets, including its impact on Carvana's logistics network (*e.g.*, *id.*, ¶141); (iv) the use of "third-party logistics and reconditioning providers" (*e.g.*, *id.*, ¶142); (v) the purchase of ADESA to "improve [Carvana's] logistics network" (*e.g.*, *id.*, ¶167); and (vi) the timing of, reasons for, and other details regarding the decision to reduce, decrease, meter, or stop such retail sales.

**Response to Request No. 10:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all" documents concerning "retail sales in 'markets with lower profitability due to long distance from inventory,'" without regard to whether less than all of such documents would be sufficient, and further because it seeks documents that do not relate to the surviving theory of liability.

Carvana Defendants also object to this Request as vague and ambiguous, including because of its use of the undefined and ambiguous terms and phrases "potential . . . impact of those sales on retail unit sales" and "shortcomings . . . of those sales and markets."

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because it does not relate to the surviving theory of liability in this Action.

**Request for Production No. 11:**

All documents concerning retail "sales that were less profitable in the immediate period" and retail sales that "incorporated the value of future sales" (*e.g.*, *id.*, ¶213(a)(iv)), including documents concerning: (i) the potential or actual impact of those sales on retail unit sales; (ii) the expected or actual financial terms and profitability of those sales; (iii) the benefits, shortcomings, or sustainability of those sales; and (iv) the timing of, reasons for, and other details regarding the decision to reduce, decrease, meter, or stop those sales.

**Response to Request No. 11:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all" documents concerning "retail 'sales that were less profitable in the immediate period' and retail sales that 'incorporated the value of future sales,'" without regard to whether less than all of such documents would be sufficient, and further because it seeks documents that do not relate to the surviving theory of liability.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because it does not relate to the surviving theory of liability in this Action.

**Request for Production No. 12:**

All documents concerning Carvana's pass-through arrangement, including documents concerning: (i) the potential or actual impact of those sales on retail unit sales; (ii) the expected or actual financial terms and profitability of those retail sales; (iii) the benefits, shortcomings, or sustainability of those retail sales; (iv) Carvana's "Retail Vehicle Acquisitions" disclosure in its SEC Forms 10-Q filed on May 6, 2021, August 5, 2021, and November 4, 2021, and SEC Form 10-K filed on February 24, 2022; (v) Carvana's "Retail

Vehicle Acquisitions and Reconditioning" disclosure in its SEC Forms 10-Q filed on May 10, 2022 and August 4, 2022; and (vi) Carvana's "Retail Vehicle Acquisition Agreements" disclosure in its SEC Form DEF 14A filed on March 23, 2022.

**Response to Request No. 12:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because it seeks "all" documents concerning "Carvana's pass-through arrangement," without regard to whether less than all of such documents would be sufficient, and further because it seeks documents that do not relate to the surviving theory of liability.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because it does not relate to the surviving theory of liability in this Action.

**Request for Production No. 13:**

All documents concerning Garcia Sr.'s relationship to, involvement in, or control of Carvana, including any communications between Garcia Sr. and any officer, director, or employee of Carvana concerning the Company.

**Response to Request No. 13:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because it seeks documents concerning "Garcia Sr.'s relationship to, involvement in, or control of Carvana," regardless of whether the

documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows: Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 14:**

All documents concerning all formal or informal contracts, agreements, transactions, or arrangements between Carvana and the Garcia parties, including documents sufficient to identify all payments to or received from the Garcia parties during the Relevant Period and amounts outstanding to be paid to each of the Garcia parties as of each quarter-end and yearend reporting period.

**Response to Request No. 14:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents concerning "formal or informal contracts, agreements, transactions, or arrangements between Carvana and the Garcia parties," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows: Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 15:**

All documents concerning Carvana's monthly, quarterly, and annual financial reporting packages or analyses and supporting documentation, including revenue, expense, and GPU results broken down by retail and wholesale sales channel.

**Response to Request No. 15:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents concerning "Carvana's monthly, quarterly, and annual financial reporting packages or analyses and supporting documentation," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 16:**

All documents concerning the solicitation, issuing, and selling, including any due diligence undertaken by any Carvana Defendant and the selection of the Underwriter Defendants or exclusion of other underwriters, of the 2022 Public Offering, including any communications with any of the Underwriter Defendants or any potential investors concerning the offering.

**Response to Request No. 16:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence. For example, this Request seeks "all" documents concerning the "issuing" of the 2022 Public Offering, without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows: Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 17:**

Documents sufficient to identify the purchasers of any common stock in the 2022 Public Offering.

**Response to Request No. 17:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

For purposes of responding to this Request, Carvana Defendants will construe the term "purchasers" to mean persons who directly purchased Carvana common stock from Citigroup Global Markets Inc. or J.P. Morgan Securities LLC in the 2022 Public Offering.

Carvana Defendants further object to this Request to the extent it purports to seek information that is equally obtainable from third parties or from some source other than Carvana Defendants that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows: Carvana Defendants will produce non-privileged documents sufficient to identify the purchasers of any common stock in the 2022 Public Offering.

**Request for Production No. 18:**

All documents prepared for, sent to, or received from any of the Underwriter Defendants (including investment bankers, analysts, and consultants employed by or

working for such underwriters), including any agreement letters, retainers, or payments related to the 2022 Public Offering.

**Response to Request No. 18:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents "prepared for, sent to, or received from any of the Underwriter Defendants (including investment bankers, analysts, and consultants employed by or working for such underwriters)," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 19:**

All documents reviewed and/or relied upon in connection with any of the Carvana Defendants' signing of the registration statements used to complete the 2022 Public Offering.

**Response to Request No. 19:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 20:**

All documents concerning any communications with the SEC concerning the 2022 Public Offering or Offering Documents and all documents discussing whether any particular disclosure concerning Carvana should or should not be made in connection with the 2022 Public Offering.

**Response to Request No. 20:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents "concerning any communications with the SEC concerning the 2022 Public Offering or Offering Documents" and also "all" documents "discussing whether any particular disclosure concerning Carvana should or should not be made in connection with the 2022 Public Offering," regardless of whether the documents or "particular disclosure" have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 21:**

All documents concerning any communications, conference calls, presentations, or meetings with any Carvana shareholders, securities analysts, financial analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers concerning Carvana, including any scripts, drafts, transcripts, notes, and anticipated questions and answers.

20

**Response to Request No. 21:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "*all* documents concerning *any* communications . . . concerning Carvana," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 22:**

All documents concerning any meetings of Carvana's Board of Directors (whether informal or formal and including any committee or subcommittee thereof) during which the subject matter of any allegation in the Complaint was discussed, including board packages, financial closing packages, meeting minutes, exhibits, agendas, memoranda, resolutions (whether adopted or discussed), notes, reports, and presentations, as well as all documents and communications concerning any action of Carvana's Board of Directors by written consent.

**Response to Request No. 22:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the

discovery of admissible evidence to the extent it seeks documents that do not relate to the surviving theory of liability.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 23:**

All documents concerning the certification of Carvana's financial statements and disclosure controls and procedures by Garcia Jr. and Jenkins pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), including due diligence performed in order to provide the SOX certifications, documents and communications concerning sub-certifications made in connection with the SOX certifications, and any SOX compliance questionnaires or surveys.

**Response to Request No. 23:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that do not relate to the surviving theory of liability.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 24:**

All documents, including all drafts, and all communications concerning the preparation, content, review process, and submission of Carvana's SEC filings.

**Response to Request No. 24:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that do not relate to the surviving theory of liability.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 25:**

All documents concerning all compensation that each Individual Defendant received or was eligible to receive from Carvana, including:

(a) all components of the individual's compensation, including salaries, bonuses, and equity-based incentive compensation;

(b) any changes in compensation;

(c) any attempts to reduce or claw back their compensation;

(d) all bonuses and/or other compensation policies, terms, and agreements;

(e) all benchmarking of salaries against peer groups; and

(f) all payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G.

**Response to Request No. 25:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents concerning "compensation that each Individual Defendant received or was eligible to receive from Carvana," regardless of whether the documents have any bearing on the issues, claims,

or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Carvana Defendants further object to this Request to the extent it purports to seek information that is equally available to Plaintiffs from public sources.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents sufficient to show each Individual Carvana Defendant's employment agreement and compensation arrangements during the relevant time period.

**Request for Production No. 26:**

All documents concerning the employment agreement(s) of each of the Individual Defendants and each current or former Carvana officer, director, or employee identified in the parties' Fed. R. Civ. P. 26(a)(1) disclosures.

**Response to Request No. 26:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents concerning "the employment agreement(s) of each of the Individual Defendants" and "each current or former Carvana . . . employee identified in the parties' Fed. R. Civ. P. 26(a)(1) disclosures," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Carvana Defendants further object to this Request to the extent it purports to seek information that is equally available to Plaintiffs from public sources.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are

24

sufficient to show each Individual Carvana Defendant's employment agreement and compensation arrangements during the relevant time period.

**Request for Production No. 27:**

All documents and communications concerning the awards, holdings, and/or transactions in Carvana Securities by, for, or of the Individual Defendants and each former Carvana employee identified in the parties' Fed. R. Civ. P. 26(a)(1) disclosures, including all documents related to:

(a) Carvana Securities received, including any options to purchase;

(b) Carvana Securities held;

(c) transactions in Carvana Securities, including awards, exercises, purchases, sales, donations, or use of Carvana securities as collateral;

(d) any loans of Carvana Securities, including any prepaid variable forward contract or sale lending agreement; and

(e) any SEC Rule 10b5-1 trading plan by or on behalf of any Individual Defendant, including the details of any modifications of any.

**Response to Request No. 27:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents and "all" communications concerning "awards, holdings, and/or transactions in Carvana Securities" by the Individual Defendants and "each former Carvana employee identified in the parties' Fed. R. Civ. P. 26(a)(1) disclosures," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Carvana Defendants further object to this Request to the extent it purports to seek information that is equally available to Plaintiffs from public sources.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents sufficient to show each Individual Carvana Defendant's awards, holdings, and/or transactions in Carvana Securities.

**Request for Production No. 28:**

Documents concerning the holdings and transactions in Carvana Securities for, or during, the Relevant Period made by entities in which any of the Individual Defendants owned at least 5% interest, including, but not limited to, DriveTime and Verde Investments, including all documents related to:

(a) Carvana Securities held;

(b) transactions in Carvana Securities, including awards, exercises, purchases, sales, donations, or use of Carvana securities as collateral;

(c) any loans of Carvana Securities, including any prepaid variable forward contract or sale lending agreement; and

(d) the ownership of such entities.

**Response to Request No. 28:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents that do not relate to the surviving theory of liability.

Carvana Defendants further object to this Request as vague and ambiguous, including because of its use of the undefined and ambiguous phrase "[d]ocuments concerning the holdings and transactions in Carvana Securities for . . . , the Relevant Period."

26

Carvana Defendants further object to this Request to the extent it purports to seek information that is equally available to Plaintiff from public sources.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because the Request does not relate to the surviving theory of liability in this Action.

**Request for Production No. 29:**

Documents concerning any direct or indirect benefit or consideration that any of the Carvana Defendants received or intended to receive from another person's transactions in Carvana Securities for, or during, the Relevant Period.

**Response to Request No. 29:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents that do not relate to the surviving theory of liability.

Carvana Defendants further object to this Request on the grounds that it is vague and ambiguous, including because of its use of the undefined and ambiguous terms and phrases "indirect benefit," "consideration," and "intended to receive."

Carvana Defendants further object to this Request to the extent it purports to seek information that is equally available to Plaintiff from public sources.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because the Request is vague and ambiguous and seeks documents that are not relevant to any party's claims or defenses in this Action.

**Request for Production No. 30:**

All documents concerning the departure, resignation, termination, demotion, or mutually agreed separation of any Carvana officers or executives, including Mike Levin.

**Response to Request No. 30:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents concerning the "separation of any Carvana officers or executives," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Carvana Defendants further object to this Request to the extent it purports to seek information that is equally available to Plaintiffs from public sources.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because it seeks documents that are not relevant to any party's claims or defenses in this Action.

**Request for Production No. 31:**

A copy of any media, social media, insider trading, code of business conduct and ethics, or corporate disclosure policies or procedures in place at Carvana, including all documents and communications concerning compliance or noncompliance with any of these policies or procedures.

**Response to Request No. 31:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

28

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents and "all" communications concerning the "compliance or noncompliance" with "media, social media, insider trading, code of business conduct and ethics, or corporate disclosure policies or procedures," regardless of whether the documents or communication have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged policies described in this Request identified during a reasonable search for documents.

**Request for Production No. 32:**

All documents concerning Carvana's share price, market capitalization, number of shareholders, and volume of shares traded, including documents concerning price movements in Carvana stock.

**Response to Request No. 32:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents concerning "Carvana's share price, market capitalization, number of shareholders, and volume of shares traded," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Carvana Defendants further object to this Request to the extent it purports to seek information that is equally available to Plaintiffs from public sources.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 33:**

All documents concerning the possible or actual factors or reasons that led to any change in the price of Carvana stock at any time during the Relevant Period.

**Response to Request No. 33:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents concerning "possible . . . factors or reasons that led to any change in the price of Carvana stock" at "any time during the Relevant Period," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Carvana Defendants further object to this Request to the extent it purports to seek information that is equally available to Plaintiffs from public sources or is equally obtainable from third parties or from some source other than Carvana Defendants that is more convenient, less burdensome, or less expensive.

Carvana Defendants further object to this Request on the grounds that it is vague and ambiguous, including because of its use of the undefined and ambiguous terms "possible or actual factors or reasons."

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 34:**

All documents concerning the disclosures regarding Carvana on August 10, 2021, October 22, 2021, June 24, 2022, and October 7, 2022, including the impact of these disclosures on Carvana's stock price.

**Response to Request No. 34:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents concerning "the disclosures regarding Carvana" on four dates, regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 35:**

All documents identified in the Carvana Defendants' Fed. R. Civ. P. 26(a)(1) disclosures.

**Response to Request No. 35:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

31                                           .

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows: Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 36:**

All documents concerning all insurance policies, indemnification agreements, hold harmless agreements, and/or by-laws that may provide coverage for any of the Carvana Defendants for all or part of any potential liability arising from the claims alleged in the Complaint.

**Response to Request No. 36:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and seeks documents that are not relevant to any party's claims or defenses or reasonably calculated to lead to the discovery of admissible evidence, including because this Request seeks "all" documents concerning "all" "insurance policies, indemnification agreements, hold harmless agreements, and/or by-laws" that may provide coverage for any Carvana Defendant for "claims alleged in the Complaint," without regard to whether less than all of such documents would be sufficient.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows: Any insurance agreements under which persons carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this Action against Carvana Defendants or to indemnify or reimburse for payments made to satisfy any judgment against Carvana Defendants, as well as bylaws and indemnification agreements, will be produced.

**Request for Production No. 37:**

The Carvana Defendants' document retention policies and documents concerning the preservation, search for, collection, maintenance, destruction, or alteration of documents or ESI.

**Response to Request No. 37:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including to the extent it seeks "document retention policies and documents concerning the preservation, search for, collection, maintenance, destruction, or alteration of documents or ESI."

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged policies described in this Request identified during a reasonable search for documents.

**Request for Production No. 38:**

Directories, organizational charts, or other documents sufficient to identify Carvana's organizational structure and its employees, including all direct reports to the Individual Defendants.

**Response to Request No. 38:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of the case, including because this Request seeks "[d]irectories" and "organizational charts," without regard, for example, to the actual contents of those sources, much less whether they contain information about issues relevant to any party's claims or defenses.

Carvana Defendants further object to this Request as vague and ambiguous, including because of its use of the undefined phrases "organizational structure" and "direct reports."

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents sufficient to show Carvana's organizational structure.

**Request for Production No. 39:**

Calendars, date books, telephone logs, telephone bills (local, long distance, and cellular), time sheets, expense reports, visitor logs, and/or appointment books reflecting Carvana-related activities, maintained by each Individual Defendant and former Carvana employees or directors identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures.

**Response to Request No. 39:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of the case, including because this Request seeks "[c]alendars, date books, telephone logs, telephone bills (local, long distance, and cellular), time sheets, expense reports, visitor logs, and/or appointment books reflecting Carvana-related activities, maintained by each Individual Defendant and former Carvana employees or directors identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures," without regard, for example, to the actual contents of those sources, much less whether they contain information about issues relevant to any party's claims or defenses.

Carvana Defendants further object to this Request as vague and ambiguous, including because of its use of the undefined phrase "Carvana-related activities."

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because it is unduly burdensome and disproportionate to the needs of the case.

**Request for Production No. 40:**

Documents sufficient to identify all personal and business phone numbers, email addresses, secretaries, and/or personal assistants for the Individual Defendants and each current or former Carvana employee, founder, or director identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures.

**Response to Request No. 40:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of the case, including because this Request seeks "*all* personal and business phone numbers, email addresses, secretaries, and/or personal assistants for the Individual Defendants and each current or former Carvana employee, founder, or director identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures," without regard, for example, to whether an individual ever used her or his "personal" phone numbers or email to communication about issues relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents sufficient to identify personal and business phone numbers and email addresses for the Individual Carvana Defendants.

**Request for Production No. 41:**

All documents concerning any of the affirmative and other defenses set forth in the Carvana Defendants' Answer.

**Response to Request No. 41:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will produce non-privileged documents that are responsive to this Request identified during a reasonable search for documents.

**Request for Production No. 42:**

All documents that any of the Carvana Defendants intend to rely on, or use, to oppose any application to certify a class in this Action.

**Response to Request No. 42:**

Carvana Defendants incorporate the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana Defendants object to this Request on the grounds that it is premature.

Subject to and without waiving the foregoing objections, Carvana Defendants respond as follows:  Carvana Defendants will not produce documents in response to this Request because the Request is premature.

DATED:  April 10, 2025                    LATHAM & WATKINS LLP

*/s/ Matthew J. Peters*
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: aclubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com

Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 916-5000
Email:  dnorthup@fennemorelaw.com
Email:  amarconi@fennemorelaw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

**PROOF OF SERVICE**

I am employed in the County of New York, State of New York. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020.

On April 10, 2025, I served the following documents described as:

**CARVANA DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THE CARVANA DEFENDANTS**

by serving a true copy of the above documents by **E-Mail or Electronic Transmission**:

Based on agreement by the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the e-mail address kalana.kariyawasam@lw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

| | |
|---|---|
| Daniel S Drosman<br>Rachel A, Cocalis<br>Sarah A. Fallon<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>ddrosman@rgrdlaw.com<br>rcocalis@rgrdlaw.com<br>sfallon@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* | ROBERT M. ROTHMAN<br>(Admitted pro hac vice)<br>DAVID A. ROSENFELD<br>(Admitted pro hac vice)<br>BRENT E. MITCHELL<br>(Admitted pro hac vice)<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: 631/367-7100<br>631/367-1173 (fax)<br>rrothman@rgrdlaw.com<br>drosenfeld@rgrdlaw.com<br>bmitchell@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* |
| PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>Susanna M. Buergel (pro hac vice) | FENNEMORE CRAIG, P.C.<br>Douglas C. Northup (No. 013987)<br>Andrea L. Marconi (No. 022577) |

| David P. Friedman (pro hac vice) 1285 Avenue of the Americas New York, New York 10019 Telephone: (212) 373-3000 Email: sbuergel@paulweiss.com Email: dfriedman@paulweiss.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* | 2394 E. Camelback Road Suite 600 Phoenix, Arizona 85016 Telephone: (602) 916-5000 Email: dnorthup@fennemorelaw.com Email: amarconi@fennemorelaw.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* |
|---|---|
| **DLA PIPER LLP (US)** Madeline A. Cordray (Bar No. 035788) madeline.cordray@us.dlapiper.com 2525 East Camelback Road, Suite 1000 Phoenix, Arizona 85016 480.606.5100 Melanie Walker *(pro hac vice)* melanie.walker@us.dlapiper.com 2000 Avenue of the Stars #400, Los Angeles, California 90067 310.595.3000<br><br>*Counsel for Defendant Ernest Garcia II* | **DLA PIPER LLP (US)**<br><br>Yan Grinblat (*pro hac vice*) yan.grinblat@us.dlapiper.com 444 West Lake Street, Suite 900 Chicago, Illinois 60606 312.368.4000<br><br>*Counsel for Defendant Ernest Garcia II* |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 10, 2025**, at New York, New York.

*/s/* Kalana Kariyawasam
Kalana Kariyawasam