# EXHIBIT 6

**DLA PIPER LLP (US)**
MADELINE A. CORDRAY (Bar No. 035788)
*madeline.cordray@us.dlapiper.com*
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Tel: 480.606.5100

MELANIE WALKER (admitted *pro hac vice)*
*melanie.walker@us.dlapiper.com*
2000 Avenue of the Stars #400,
Los Angeles, California 90067
Tel: 310.595.3000

YAN GRINBLAT (admitted *pro hac vice*)
*yan.grinblat@us.dlapiper.com*
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312.368.4000

Attorneys for Defendant *Ernest Garcia II*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation )<br>)<br>—————————————————— )<br>This Document Relates To: )<br>)<br>All Actions. )<br>)<br>)<br>—————————————————— ) | CASE NO. 2:22-CV-2126-MTL<br><br>**ERNEST GARCIA II'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Ernest Garcia II ("Mr. Garcia Sr."), by and through undersigned counsel, hereby submits his Objections and Responses to Plaintiffs' First Set of Requests for Production ("Requests").

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

1.      The responses to the Requests are based on information currently available to Mr. Garcia Sr. and are made on the basis of Mr. Garcia Sr.'s current knowledge and belief, after reasonable investigation and inquiry. Mr. Garcia Sr.'s investigation into Plaintiffs' contentions is ongoing. There may be additional facts and/or documents affecting Mr. Garcia Senior's responses of which it is currently unaware, despite reasonable investigation and inquiry. Mr. Garcia Sr. expressly reserves the right to amend, modify, or supplement his responses as provided for under Fed. R. Civ. P. 26(e). Mr. Garcia Sr.'s responses are made without prejudice to using or relying on subsequently discovered information or documents at trial that are omitted from these responses as the result of a good faith oversight, error, or mistake.

2.      Mr. Garcia Sr. has made reasonable efforts to respond to the Requests as he understands and reasonably interprets them. If Plaintiffs subsequently assert an interpretation that differs from that which Mr. Garcia Sr. has made, Mr. Garcia Sr. reserves the right to supplement or amend the responses and objections as necessary.

3.      Mr. Garcia Sr. has interpreted each Request as not seeking to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product doctrine and/or other applicable privilege or protection from disclosure. To the extent the Requests were written to elicit privileged or protected information, Mr. Garcia Sr. objects to the Requests on that basis. Nothing contained in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or doctrine.

4.      In providing these responses, Mr. Garcia Sr. does not waive or intend to waive, but rather preserves to the fullest extent (i) all objections as to competency, relevance, materiality, and admissibility; (ii) all rights to object on any ground to the use of any of these

1

responses, or the subject matter thereof, in this action and any subsequent proceeding, including the trial in this action or in any other proceeding; (iii) all rights to object on any ground to any request for further responses to Plaintiffs' Requests, or any other discovery requests involving or relating to the subject matter of Plaintiffs' Requests; and (iv) the right to amend or supplement these responses at some future time.

5.    Mr. Garcia Sr. has interpreted each Request as not seeking information beyond Mr. Garcia Sr.'s possession, custody, or control; information in Plaintiffs' possession; or information available to Plaintiffs from other sources. To the extent the Requests seek such information, Mr. Garcia Sr. objects to the Requests on that basis.

6.    In responding to the Requests, Mr. Garcia Sr. does not adopt or accept as true any assertions, characterizations, assumptions of the existence of facts that do not exist, and the occurrence of events that did not occur appearing in the Requests. Mr. Garcia Sr. will respond to the Requests consistent with his interpretation and understanding of each Request. Any response by Mr. Garcia Sr. to an individual Request is not, and shall not be construed as, an admission that any factual predicate stated in the Request is accurate.

7.    The Preliminary Statement applies to and is incorporated into each of the responses below, as if specifically set forth therein. The stating of a specific objection to a particular Request shall not be construed as a waiver of Mr. Garcia Sr.'s reasonable interpretations and objections, noted above, or that such response constitutes admissible evidence.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

1.    Mr. Garcia Sr. objects to any definitions and instructions that purport to impose requirements upon Mr. Garcia Sr. or seek to require Mr. Garcia Sr. to provide information or assume an obligation beyond those imposed by law, set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Arizona, and the Electronic Discovery Agreement in this Action. *See* Dkt. No. 137.

2.    Nothing contained herein shall be deemed to be an assent to the terms or definitions used in the Requests. The adoption and/or use by Mr. Garcia Sr. of any term that

2

Plaintiffs defined in the Requests is for convenience only and is not intended as a waiver of any objection or an admission in any respect.

3.    Mr. Garcia Sr. objects to the definition of "you" and "your," to the extent it includes anyone other than Mr. Garcia Sr., the party to whom these Requests are directed. In responding to the Requests, Mr. Garcia Sr. construes the terms "you" and "your" to mean only Ernest Garcia II, and will only provide documents within his possession, custody, or control and only responds to the Requests on behalf of himself.

4.    Mr. Garcia Sr. objects to the definition of "Garcia Parties" to the extent it seeks to impose a requirement on Mr. Garcia Sr. to produce documents that are not within his custody, possession, or control. Mr. Garcia Sr. Sr. will only provide documents within his possession, custody, or control and only responds to the Requests on behalf of himself.

5.    Mr. Garcia Sr. objects to the definition of "Carvana" on the ground that it is overly broad and unduly burdensome as to scope. Mr. Garcia Sr. will construe "Carvana" to mean Carvana Co. and its officers and directors during the relevant period.

6.    Mr. Garcia Sr. objects to the definition of "Employee" on the grounds it is overly broad and unduly burdensome, including because it includes numerous categories of individuals such as "independent contractors," "assigns," "businesses," "partners," and others that not employees, as that word is commonly understood and understood as a matter of law. Mr. Garcia Sr. further objects to this definition to the extent that it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Mr. Garcia Sr. will only provide documents within his possession, custody, or control and only responds to the Requests on behalf of himself.

7.    Mr. Garcia Sr. objects to the definition of "Identify" to the extent it requires Mr. Garcia Sr. to provide information or assume an obligation beyond those imposed by law, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Arizona, and the Electronic Discovery Agreement in this Action.

8.    Mr. Garcia Sr. objects to the instructions provided in the "Production of ESI" section to the extent they purport to impose requirements upon Mr. Garcia Sr. or seek to

3

require Mr. Garcia Sr. to provide information or assume an obligation beyond those imposed by law, set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Arizona, and the Electronic Discovery Agreement in this Action.

9.    Mr. Garcia Sr. objects to Instruction No. 3 on the grounds that it is overly broad, unduly burdensome, and seeks to impose requirements beyond those required by law, set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Arizona, and the Electronic Discovery Agreement in this Action.

10.    Mr. Garcia Sr. objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, and seeks to impose requirements beyond those required by law, set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Arizona, and the Electronic Discovery Agreement in this Action.

11.    Mr. Garcia Sr. objects to the instructions provided in the section, "Production of Hard-Copy Documents – Format" to the extent it seeks to impose requirements beyond than those required by law, set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Arizona, and the Electronic Discovery Agreement in this Action, including because it conflicts with Federal Rule of Civil Procedure 26, which requires that documents be produced as they are kept in the ordinary course of business.

12.    Mr. Garcia Sr. objects to the "Relevant Period" of November 1, 2019 to April 10, 2023, identified by Plaintiffs, as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Unless otherwise stated, Mr. Garcia Sr. agrees to produce documents within the time period of July 1, 2020 to December 31, 2022.

Subject to these Objections and the Preliminary Statement, Mr. Garcia Sr. answers and responds as follows:

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents produced, provided, or received by you in the course of litigation against Carvana or the Individual Defendants concerning allegations in the Complaint,

4

including *Harvin, et al. v. Carvana LLC, et al.*, No. 2:23-cv-02068 (E.D. Pa.), *Jennings, et al. v. Carvana LLC*, No. 5:21-cv-05400 (E.D. Pa.), and *Schertz v. Garcia II, et al.*, No. 2023-0600 (Del. Ch.). This Request extends through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery under Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include documents that are not relevant to this case. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. responds that, based upon a reasonably diligent investigation, he is at this time not aware of any documents responsive to this Request within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and testimony that you have produced or provided to, or received from, any regulatory or government agency, federal or state law enforcement agency or representative, or state or local official concerning the allegations in the Complaint. This Request extends through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include documents that are not relevant to this case. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. responds that, based upon a reasonably diligent investigation, he is at this time not aware of any documents or testimony responsive to this Request within his possession, custody, or control.

5

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning the issuance, tracking, monitoring, management, testing, analysis, assessment, or evaluation of customers' title and registration, including temporary or out-of-state license plates and tags, any delayed or missing titles and registrations, and any "spreadsheet[s] that tracked vehicles that needed titles." Complaint, ¶73; *see also id.*, ¶120.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning Carvana's compliance or lack thereof with title and registration rules, laws, and regulations, including: (i) any monetary penalties, settlements, or fines incurred or paid by you; (ii) any non-monetary penalties, including any suspensions or revocations of Carvana's licenses or ability to issue temporary or out-of-state tags or license plates; (iii) any increased oversight by a non-party, including any probationary

6

periods; and (iv) any projected or actual impact to Carvana's reputation, goodwill, retail sales, operations expenses, SG&A, and business operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning the "buffers in many states to provide cushion for their title and registration teams to work with the various states to complete necessary registration paperwork" (*id.*, ¶187(b)), including documents concerning the timing of, reasons for, and decision to establish such "buffers" and the actual or expected impact of such "buffers" on retail sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that

7

it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning Statement Nos. 1-8 and 19-20 and Statements B and C alleged in the Complaint, including the preparation of and bases for these statements, including talking points, scripts, slide shows, transcripts, presentations, FAQs, meeting minutes, or notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in

8

response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to the tracking, monitoring, management, testing, analysis, evaluation, or assessment of the "drivers of" retail unit sales (MTD Order at 25), including any information or trends regarding the growth, profitability, or sustainability of Carvana's retail unit sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning Carvana's actual or stated purchasing and verification standards (or lack thereof) when buying cars from customers, including documents concerning the tracking, monitoring, management, testing, analysis, evaluation, or assessment of the quality of cars purchased from customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request because it seeks documents that are neither relevant to any surviving theory of liability nor Mr. Garcia Sr.'s defenses thereto. Mr. Garcia Sr. further objects to this Request because it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Pursuant to the foregoing Specific and General Objections, Mr. Garcia Sr. will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning the expected or actual impact of customer-sourced cars on Carvana's retail unit sales, trade-in sales, "wholesale vehicle sales" (*e.g.*, Complaint, ¶135), operating profits, margins, operations expenses, "logistics network," and "operational metrics" (*e.g.*, *id.*, ¶137), including documents concerning any information or trends regarding the decision to increase or decrease the volume of customer-sourced cars.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request because it seeks documents that are neither relevant to any surviving theory of liability nor Mr. Garcia Sr.'s

10

defenses thereto. Mr. Garcia Sr. further objects to this Request because it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Pursuant to the foregoing Specific and General Objections, Mr. Garcia Sr. will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning retail sales in "markets with lower profitability due to long distance from inventory" (*e.g.*, *id.*, ¶213(a)), including documents concerning: (i) the potential or actual impact of those sales on retail unit sales; (ii) the expected or actual financial terms and profitability of those sales and markets; (iii) the benefits, shortcomings, or sustainability of those sales and markets, including its impact on Carvana's logistics network (*e.g.*, *id.*, ¶141); (iv) the use of "third-party logistics and reconditioning providers" (*e.g.*, *id.*, ¶142); (v) the purchase of ADESA to "improve [Carvana's] logistics network" (*e.g.*, *id.*, ¶167); and (vi) the timing of, reasons for, and other details regarding the decision to reduce, decrease, meter, or stop such retail sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request because it seeks documents that are neither relevant to any surviving theory of liability nor Mr. Garcia Sr.'s defenses thereto. Mr. Garcia Sr. further objects to this Request because it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs

11

from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Pursuant to the foregoing Specific and General Objections, Mr. Garcia Sr. will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning retail "sales that were less profitable in the immediate period" and retail sales that "incorporated the value of future sales" (*e.g.*, *id.*, ¶213(a)(iv)), including documents concerning: (i) the potential or actual impact of those sales on retail unit sales; (ii) the expected or actual financial terms and profitability of those sales; (iii) the benefits, shortcomings, or sustainability of those sales; and (iv) the timing of, reasons for, and other details regarding the decision to reduce, decrease, meter, or stop those sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request because it seeks documents that are neither relevant to any surviving theory of liability nor Mr. Garcia Sr.'s defenses thereto. Mr. Garcia Sr. further objects to this Request because it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks

12

documents that are not within his possession, custody, or control. Pursuant to the foregoing Specific and General Objections, Mr. Garcia Sr. will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning Carvana's pass-through arrangement, including documents concerning: (i) the potential or actual impact of those sales on retail unit sales; (ii) the expected or actual financial terms and profitability of those retail sales; (iii) the benefits, shortcomings, or sustainability of those retail sales; (iv) Carvana's "Retail Vehicle Acquisitions" disclosure in its SEC Forms 10-Q filed on May 6, 2021, August 5, 2021, and November 4, 2021, and SEC Form 10-K filed on February 24, 2022; (v) Carvana's "Retail Vehicle Acquisitions and Reconditioning" disclosure in its SEC Forms 10-Q filed on May 10, 2022 and August 4, 2022; and (vi) Carvana's "Retail Vehicle Acquisition Agreements" disclosure in its SEC Form DEF 14A filed on March 23, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request because it seeks documents that are neither relevant to any surviving theory of liability nor Mr. Garcia Sr.'s defenses thereto. Mr. Garcia Sr. further objects to this Request because it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Pursuant to the foregoing

13

Specific and General Objections, Mr. Garcia Sr. will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning your relationship to, involvement in, or control of Carvana, including any communications between you and any officer, director, or employee of Carvana concerning the Company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. objects to the extent this Request assumes or characterizes facts, including Mr. Garcia Sr.'s purported "control" of Carvana. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning all formal or informal contracts, agreements, transactions, or arrangements between Carvana and the Garcia Parties, including documents sufficient to identify all payments to or received from the Garcia Parties during the Relevant Period and amounts outstanding to be paid to each of the Garcia Parties as of each quarter-end and year-end reporting period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks

14

"All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request because it seeks documents that are neither relevant to any surviving theory of liability nor Mr. Garcia Sr.'s defenses thereto. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to the definition of "Garcia Parties" to the extent its use of "Garcia Parties" seeks to impose a requirement on Mr. Garcia Sr. to produce documents that are not within his custody, possession, or control. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents concerning contracts, agreements, or arrangements between Carvana and Mr. Garcia Sr. during the relevant period in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning Carvana's monthly, quarterly, and annual financial reporting packages or analyses and supporting documentation, including revenue, expense, and GPU results broken down by retail and wholesale sales channel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys

that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning any communications, conference calls, presentations, or meetings with any Carvana shareholders, securities analysts, financial analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers concerning Carvana, including any scripts, drafts, transcripts, notes, and anticipated questions and answers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

16

**REQUEST FOR PRODUCTION NO. 17:**

All documents, including all drafts, and all communications concerning the preparation, content, review process, and submission of Carvana's SEC filings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources and publicly available SEC filings. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning the awards, holdings, and/or transactions in Carvana Securities by, for, or of you and each former Carvana employee identified in your Fed. R. Civ. P. 26(a)(1) disclosures, including all documents related to:

(a)    Carvana Securities received, including any options to purchase;

(b)    Carvana Securities held;

(c)    transactions in Carvana Securities, including awards, exercises, purchases, sales, donations, or use of Carvana securities as collateral;

17

(d)     any loans of Carvana Securities, including any prepaid variable forward contract or sale lending agreement; and

(e)     any SEC Rule 10b5-1 trading plan by or on behalf of you, including the details of any modifications of any plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from publicly available sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Pursuant to the foregoing Specific and General Objections, Mr. Garcia Sr. refers Plaintiffs to publicly available SEC filings on Form 4 made on his behalf, which provide Mr. Garcia Sr.'s transaction history in Carvana common stock, and states that he will not produce any additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Documents concerning the holdings and transactions in Carvana Securities for, or during, the Relevant Period made by entities in which you owned at least 5% interest, including, but not limited to, DriveTime and Verde Investments, including all documents related to:

(a)     Carvana Securities held;

(b)     transactions in Carvana Securities, including awards, exercises, purchases, sales, donations, or use of Carvana securities as collateral;

18

(c)     any loans of Carvana Securities, including any prepaid variable forward contract or sale lending agreement; and

(d)     the ownership of such entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from publicly available sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Pursuant to the foregoing Specific and General Objections, Mr. Garcia Sr. refers Plaintiffs to Carvana's SEC filings, and publicly available filings on Form 4 on behalf of the relevant entities, which provide their transaction history in Carvana common stock, and states that he will not produce any additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning Carvana's share price, market capitalization, number of shareholders, and volume of shares traded, including documents concerning price movements in Carvana stock.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that

19

it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from publicly available sources and the Carvana Defendants. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 21:**

All documents concerning the possible or actual factors or reasons that led to any change in the price of Carvana stock at any time during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents, and because it seeks "All documents" concerning all "possible" "factors or reasons" for the change in price of Carvana common stock over a multi-year period. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing

20

Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning the disclosures regarding Carvana on August 10, 2021, October 22, 2021, June 24, 2022, and October 7, 2022, including the impact of these disclosures on Carvana's stock price.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request on the ground that it is not proportional to the needs of the case inasmuch as such documents are more readily available to Plaintiffs from other sources. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. will produce documents in response to this Request, to the extent any exist, that are identified using the search terms and data sources to which Mr. Garcia Sr. has agreed.

**REQUEST FOR PRODUCTION NO. 23:**

All documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Pursuant to the foregoing General Objections, Mr. Garcia Sr. responds that he agrees to produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning all insurance policies, indemnification agreements, hold harmless agreements, and/or by-laws that may provide coverage for you for all or part of any potential liability arising from the claims alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. refers Plaintiffs to his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and states that, based upon a reasonably diligent investigation, he is at this time not aware of any documents responsive to this Request within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

Documents concerning the preservation, search for, collection, maintenance, destruction, or alteration of documents or ESI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and impermissible discovery on discovery that seeks documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C). Mr. Garcia Sr. further objects to this Request because it seeks documents that are neither relevant to any surviving theory of liability nor Mr. Garcia Sr.'s defenses thereto. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that

22

are not within his possession, custody, or control. Pursuant to the foregoing Specific and General Objections, Mr. Garcia Sr. requests a meet and confer with the Plaintiffs regarding the purpose and scope of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Calendars, date books, telephone logs, telephone bills (local, long distance, and cellular), time sheets, expense reports, visitor logs, and/or appointment books reflecting Carvana-related activities, maintained by you and former Carvana employees or directors identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C). Mr. Garcia Sr. further objects to this Request as vague and ambiguous as to the meaning of "Carvana-related activities" as this term is undefined. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Pursuant to the foregoing Specific and General Objections, Mr. Garcia Sr. requests a meet and confer with the Plaintiffs regarding the purpose and scope of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to identify all personal and business phone numbers, email addresses, secretaries, and/or personal assistants for you and each current or former Carvana employee, founder, or director identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:** Mr. Garcia Sr. objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. states that he will produce Documents sufficient to identify any of his telephone numbers used to communicate with any of the Carvana Defendants during the relevant time period.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning any of the affirmative and other defenses set forth in your Answer.

23

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:** Mr. Garcia Sr. objects to this Request as overly broad, unduly burdensome, and seeking documents not within the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C), including because it seeks "All documents" concerning a matter, which would include irrelevant, immaterial, and/or non-substantive documents. Mr. Garcia Sr. objects to this Request to the extent it seeks Communications and Documents between Mr. Garcia Sr. and his attorneys that are protected by the attorney-client privilege and/or work product doctrine. Mr. Garcia Sr. further objects to this Request to the extent it seeks Communications and Documents subject to the common interest privilege. Mr. Garcia Sr. further objects to this Request to the extent it seeks documents that are not within his possession, custody, or control. Mr. Garcia Sr. further objects to this Request because his fact investigation is still in the preliminary stages and therefore this Request is premature. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. states that he will produce non-privileged documents in his possession, custody, or control on which he intends to rely in support of his affirmative and other defenses.

**REQUEST FOR PRODUCTION NO. 29:**

All documents that you intend to rely on, or use, to oppose any application to certify a class in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:** Mr. Garcia Sr. objects to this Request because his fact investigation is still in the preliminary stages and therefore this Request is premature. Subject to the foregoing Specific and General Objections, Mr. Garcia Sr. states that he will produce non-privileged documents in his possession, custody, or control on which he intends to rely in connection with any class certification briefing in this Action.

///

///

///

///

24

Dated: April 10, 2025

**DLA PIPER LLP (US)**

**Of Counsel**

By: *s/ Madeline A. Cordray*

Melanie Walker (admitted *pro hac vice*)
melanie.walker@us.dlapiper.com
2000 Avenue of the Stars #400
Los Angeles, California 90067
310.595.3000

    Madeline A. Cordray
    madeline.cordray@us.dlapiper.com
    2525 East Camelback Road, Suite 1000
    Phoenix, Arizona 85016
    480.606.5100

Yan Grinblat (admitted *pro hac vice*)
yan.grinblat@dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000

*Attorneys for Defendant*
*Ernest Garcia II*

25

## DECLARATION OF SERVICE

I, Yan Grinblat, not a party to the within action, hereby declare that on April 10, 2025, I served the attached DEFENDANT ERNEST GARCIA II OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS on the parties in the within action by email addressed as follows:

Daniel S. Drosman                                    *Lead Counsel for Plaintiffs*
Tor Gronborg
Erika L. Oliver
Rachel A. Cocalis
Sarah A. Fallon
Robbins Geller Rudman & Dowd LLP
655 West Broadway Suite 1900
San Diego, CA 92101
Email: ddrosman@rgrdlaw.com
          torg@rgrdlaw.com
          eoliver@rgrdlaw.com
          rcocalis@rgrdlaw.com
          sfallon@rgrdlaw.com

Robert M. Rothman                                   *Lead Counsel for Plaintiffs*
David A. Rosenfeld
Brent E. Mitchell
Robbins Geller Rudman & Dowd LLP
58 South Service Road Suite 200
Melville, NY 11747
Email: rrothman@rgrdlaw.com
          drosenfeld@rgrdlaw.com
          bmitchell@rgrdlaw.com

Jacob G. Gelman                                     *Lead Counsel for Plaintiffs*
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street Suite 1800
San Francisco, CA 94104
Email: jgelman@rgrdlaw.com

Andrew Friedman                                     *Lead Counsel for Plaintiffs*
Bonnett Fairbourn Friedman & Balint PC
7301 N. 16th Street Suite 102
Phoenix, AZ 85020
Email: afriedman@bffb.com

26

Dinah S. Leventhal                                    *Additional Counsel for Lead Plaintiffs*
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Email: dleventhal@odonoghuelaw.com

Bonnett Fairbourn Friedman & Balint PC        *Local Counsel*
Andrew Friedman
7301 N. 16th Street, Suite 102
Phoenix, AZ 85020
Email: afriedman@bffb.com

Jeff G. Hammel                                        *Counsel for Defendants*
Kalana Kariyawasam
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Email: jeff.hammel@lw.com
         kalana.kariyawasam@lw.com

Andrew B. Clubok                                      *Counsel for Defendants*
Susan E. Engel
Matthew J. Peters
J. Christian Word
Latham & Watkins LLP
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004
Email: andrew.clubok@lw.com
         susan.engel@lw.com
         matthew.peters@lw.com
         christian.word@lw.com

Douglas C. Northup                                    *Counsel for Defendants*
Andrea L. Marconi
Fennemore Craig, P.C.
2394 E. Camelback Road Suite 600
Phoenix, AZ 85016
Email: dnorthup@fennemorelaw.com
         amarconi@fennemorelaw.com

27

Susanna M. Buergel                                              *Counsel for Defendants*
David P. Friedman
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Email: sbuergel@paulweiss.com
       dfriedman@paulweiss.com
       kbunting@paulweiss.com


    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 10, 2025, at Chicago, IL.


                *s/ Yan Grinblat*

28