EXHIBIT 7

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
Susanna M. Buergel (*pro hac vice*)
David P. Friedman (*pro hac vice*)
Kristina A. Bunting (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: sbuergel@paulweiss.com
Email: dfriedman@paulweiss.com
Email: kbunting@paulweiss.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

*Counsel for Defendants Citigroup Global
Markets Inc. and J.P. Morgan Securities
LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation | No. 2:22-cv-2126-PHX-MTL |
|---|---|

**UNDERWRITER DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local

Civil Rules of the United States District Court for the District of Arizona (the "Local

Rules"), Defendants Citigroup Global Markets Inc. ("Citi") and J.P. Morgan Securities

LLC ("J.P. Morgan," and together with Citi, the "Underwriter Defendants"), by their

undersigned attorneys, hereby provide the following responses and objections (the

"Responses and Objections") to Lead Plaintiffs' First Set of Requests for the Production of Documents to Underwriter Defendant J.P. Morgan Securities LLC, dated March 11, 2025 and Lead Plaintiffs' First Set of Requests for the Production of Documents to Underwriter Defendant Citigroup Global Markets Inc., dated March 11, 2025 (together, the "Requests," and each specific Request therein a "Request"), without waiver of any objections or defenses that the Underwriter Defendants have asserted herein, have previously asserted, or may assert.

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally, and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each definition, instruction, and specific Request. Any undertaking to search for or provide information or documents in response to any item of the Requests remains subject to the General Objections and any applicable Specific Objections. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude the Underwriter Defendants from raising that objection at a later time.

1. The Underwriter Defendants object to each and every Request, including the Definitions and Instructions, to the extent that they seek to impose obligations that exceed or differ from those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Arizona (the "Court"), the Court's individual practices and procedures, orders of the Court, or any other applicable law, rule, or order (collectively, "Applicable Law").

2. The Underwriter Defendants object to each and every Request, including the Definitions and Instructions, to the extent that they seek information that is cumulative or duplicative, including to the extent that they are duplicative or cumulative of each other; are not relevant to the claims against the Underwriter Defendants in this action or the defenses held by the Underwriter Defendants; and are not proportional to the needs of this action. Where information or a document may be responsive to more than one Request,

the Underwriter Defendants will provide that information or produce that document only once.

3.     The Underwriter Defendants object to each and every Request, including the Definitions and Instructions, to the extent that they purport to call for the production of documents that are outside of the Underwriter Defendants' possession, custody, or control; that are in the possession of Lead Plaintiffs, other parties to this action, or third parties; that are available through public sources; and/or that are obtainable from some other source that is more convenient, less burdensome, and/or less expensive.

4.     The Underwriter Defendants object to each and every Request, including the Definitions and Instructions, to the extent that they purport to impose an obligation on the Underwriter Defendants to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found.  Subject to the objections stated herein, and any agreements among the Parties, the Underwriter Defendants will search only the readily accessible and centrally located files of individuals whom they reasonably believe may have relevant documents.  Any Requests that seek to require the Underwriter Defendants to go beyond such a search are overly broad and unduly burdensome.

5.     The Underwriter Defendants object to each and every Request, including the Definitions and Instructions, to the extent that they seek privileged or protected information, including, without limitation, information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, joint defense or common interest doctrine, or any other applicable privilege, protection, doctrine, or immunity.  The Underwriter Defendants further object to each and every Request to the extent it would result in disclosure of information in violation of privacy rights or obligations under any constitutional, statutory, or common law rights of privacy.  The Underwriter Defendants further object to each and every Request to the extent that it seeks documents reflecting supervisory communications between the Underwriter Defendants and their regulators, and documents subject to the bank examination privilege or bank secrecy laws.  Nothing

contained in these objections or responses is intended as, or shall in any way be deemed, a waiver of any such applicable privilege or protection. To the extent that any Request seeks such privileged or protected information, the Underwriter Defendants will not knowingly provide it. Moreover, to the extent that the Underwriter Defendants inadvertently provide information protected from disclosure, the Underwriter Defendants do not waive their rights, pursuant to Applicable Law and the signed Protective Order in this action, dated March 12, 2025 (ECF No. 136, the "Protective Order"), to assert those privileges, protections and/or objections to disclosure and seek prompt return of any such information.

6.     The Underwriter Defendants object to each and every Request, including the Definitions and Instructions, to the extent that they seek disclosure of sensitive, confidential, or proprietary business information, client information, customer information, and/or trade secret information, or information that is subject to confidentiality or other contractual obligations to third parties that prohibit or restrict disclosure of such documents. Without waiving any objection therein, the Underwriter Defendants will only provide such information or documents pursuant to the Protective Order.

7.     The Underwriter Defendants object to each and every Request, including the Definitions and Instructions, to the extent that they seek disclosure of documents in a form and manner that differs from that agreed to by the parties and ordered by the Court. *See* Protective Order (ECF No. 136) and ESI Protocol (ECF No. 137).

8.     The Underwriter Defendants object to the Requests to the extent that they are argumentative, lack foundation, or incorporate factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues. The Underwriter Defendants' responses do not indicate or otherwise suggest that they agree with or adopt any factual assumptions, implications, or any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests, and are made without prejudice to the Underwriter Defendants' right to dispute facts and legal conclusions assumed in the Requests.

9.     The Underwriter Defendants object to each and every Request, including the

- 3 -

Definitions and Instructions, to the extent that they request documents related to any statement, fact, or theory of liability dismissed by the Court's December 16, 2024 Order (ECF No. 105), including Statement A in Lead Plaintiffs' Consolidated Amended Complaint (ECF No. 71).  Requests related to dismissed statements, facts, or theories of liability, including Statement A and claims based on that statement, are therefore overly broad, unduly burdensome, not relevant to the claims against the Underwriter Defendants in this action or defenses held by the Underwriter Defendants, and are not proportional to the needs of this action.  The Underwriter Defendants will produce documents relevant to claims against the Underwriter Defendants premised on Statements B and C (together, the "Surviving Claims") and proportional to the needs of the case.

10.    To the extent that the Requests purport to seek discovery from the Underwriter Defendants' parents, affiliates, or subsidiaries located outside of the United States, the Underwriter Defendants object on the grounds that such discovery (i) is beyond the scope of the Federal Rules of Civil Procedure and the Local Rules, (ii) would violate the secrecy and privacy laws of foreign sovereigns, and (iii) seeks to circumvent the provisions of the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters and/or any other applicable convention or treaty by calling for discovery of documents without utilizing the convention and/or any other applicable convention or treaty with respect to documents that may be located in countries that are signatories to the Convention and/or any other applicable convention or treaty.

11.    The Underwriter Defendants object to the Requests to the extent that they purport to require the Underwriter Defendants to create or generate documents that do not currently exist.

12.    The Underwriter Defendants object to the Requests to the extent that they seek documents created after the initiation of this action.

13.    By searching for documents, the Underwriter Defendants do not represent that responsive documents exist, concede that any Request seeks information that is relevant to a claim or defense in this action, or concede that any Request seeks information

that is proportional to the needs of this action.  The Underwriter Defendants expressly reserve all further objections as to the admissibility of the information provided, including at trial, as well as the right to object to further discovery relating to the subject matter of any information provided.

14.    These responses and objections are made solely for the purposes of this action.  The Underwriter Defendants' responses to the Requests are made expressly subject to, and without waiving or intending to waive, any questions or objections as to competence, relevance, materiality, privilege, or other questions concerning admissibility in any proceeding or trial of this or any other action.

15.    The Underwriter Defendants object to the definition of "Carvana" or the "Company" on the grounds that it is vague, overly broad, and unduly burdensome because it includes "predecessors, former officers, directors, employees, agents, directors, accountants and advisors, and all persons acting or purporting to act on its behalf." Plaintiffs purport to charge the Underwriter Defendants with actual and constructive knowledge of, or an obligation to identify, these numerous persons, who may be unknown to the Underwriter Defendants.  In responding to these Requests, the Underwriter Defendants will interpret "Carvana" or the "Company" as referring only to Carvana Co.

16.    The Underwriter Defendants object to the definition of "Electronically stored information" and "ESI" because it purports to impose obligations on the Underwriter Defendants beyond those required or permitted by the Federal Rules of Civil Procedure. The terms could be read to imply an obligation to provide discovery of ESI from sources that are not reasonably accessible within the meaning of Fed. R. Civ. P.26(b)(2)(B).  In responding to the Requests, the Underwriter Defendants will interpret the terms "Electronically stored information" and "ESI" to be equal in scope to the term "electronically stored information" as set forth in Fed. R. Civ. P. 34(a)(1)(A).

17.    The Underwriter Defendants object to the definition of "Employee" on the ground that the phrase "purported to act on your behalf" is overly broad, vague and ambiguous, unduly burdensome, and seeks information that is not relevant to any party's

claim or defense nor proportional to the needs of the case, including because it includes individuals that the Underwriter Defendants cannot reasonably identify.  The Underwriter Defendants also object on the grounds that the definition purports to call for documents beyond the Underwriter Defendants' possession, custody, or control.  In responding to the Requests, the Underwriter Defendants will interpret "Employee" as it is commonly understood and will only review documents in the Underwriter Defendants' possession, custody, or control.

18.    The Underwriter Defendants object to the definitions of the terms "Security" and "securities" as overbroad, unduly burdensome, and disproportional to the needs of this case, including because several of the listed types of "securities" are not at issue in this action.  For the purposes of responding to the Requests, the Underwriter Defendants will construe the term "Security" to mean stock, and any warrant or right to purchase or sell stock.

19.    The Underwriter Defendants object to Instruction No. 1 on the grounds that the requirement for the production of documents in "the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, accountants, or any other representative" is overly broad, vague and ambiguous, unduly burdensome, and purports to impose a burden on the Underwriter Defendants to obtain information from third parties outside of their control.  The Underwriter Defendants further object to Instruction No. 1 to the extent its definition of "control" contradicts Ninth Circuit law.  *SiteLock LLC* v. *GoDaddy.com LLC*, 2023 WL 3344638, at *23 (D. Ariz. May 10, 2023) ("Control is defined as the legal right to obtain documents upon demand.").  The Underwriter Defendants further object to Instruction No. 1 to the extent that its requirement to label produced documents "to correspond with the categories in the request" exceeds the requirements of Fed. R. Civ. P. 34(b)(2)(E)(i).  *See Young* v. *AXA Art Ins. Co.*, 2010 WL 11598063, at *4 (C.D. Cal. Oct. 5, 2010) ("As to the manner of production, a respondent is not required to organize and label documents in a production by request number so long

as the documents are produced as they are kept in the usual course of business."). The Underwriter Defendants will produce documents in the possession, custody, or control of the Underwriter Defendants only and only to the extent required by Ninth Circuit law.

20. The Underwriter Defendants object to Instruction No. 3 as overly broad, ambiguous, and unduly burdensome to the extent that it purports to impose requirements more detailed than required by Applicable Law.

21. The Underwriter Defendants object to Instruction No. 4 as overly broad, ambiguous, and unduly burdensome to the extent that it purports to impose requirements more detailed than required by Applicable Law. The Underwriter Defendants further object to Instruction No. 4 to the extent that it requests that the Underwriter Defendants provide information that is not within the Underwriter Defendants' possession, custody, or control, or that would be unduly burdensome to obtain. The Underwriter Defendants further object to Instruction No. 4 to the extent that it requests that the Underwriter Defendants furnish an itemized privilege log when, under the circumstances, an appropriately tailored categorical privilege log is proper. *See, e.g.*, *Franco-Gonzalez* v. *Holder*, 2013 WL 8116823, at *6 (C.D. Cal. May 3, 2013) ("Rule 26(b)(5) does not require a document-by-document privilege log."); *Vasudevan Software, Inc.* v. *Microstrategy Inc.*, 2012 WL 5637611, at *7 (N.D. Cal. Nov. 15, 2012) (holding that under the circumstances, party's "request for item-by-item logs [was] unreasonable"). Subject to the forgoing, the Underwriter Defendants will produce a privilege log in compliance with the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or court order, and subject to negotiation and agreement among the parties as to the log's form and contents.

22. The Underwriter Defendants object to Instruction No. 5 to the extent that it purports to impose requirements that differ from those agreed to by the parties and entered by the Court in the Protective Order (ECF No. 136) and ESI Protocol (ECF No. 137). The Underwriter Defendants will produce documents in the form and manner required by the Federal Rules of Civil Procedure, the Local Rules, and as agreed to by the parties.

23. The Underwriter Defendants object to the Hard-Copy Documents–Format

- 7 -

instruction to the extent that it purports to impose requirements that differ from those required by the Federal Rules of Civil Procedure, the Local Rules, and agreed to by the parties and entered by the Court in the Protective Order (ECF No. 136) and ESI Protocol (ECF No. 137).  The Underwriter Defendants will produce documents in the form and manner required by the Federal Rules of Civil Procedure, the Local Rules, and as agreed to by the parties.

24.     The Underwriter Defendants object to the ESI Instructions to the extent that they purport to impose requirements that differ from those required by the Federal Rules of Civil Procedure, the Local Rules, and agreed to by the parties and entered by the Court in the Protective Order (ECF No. 136) and ESI Protocol (ECF No. 137).  The Underwriter Defendants will produce documents in the form and manner required by the Federal Rules of Civil Procedure, the Local Rules, and as agreed to by the parties.  Subject to the forgoing, to the extent technical limitations render production in compliance with the Federal Rules of Civil Procedure, the Local Rules, or as agreed to by the parties and entered by the Court in the Protective Order (ECF No. 136) and ESI Protocol (ECF No. 137) unduly burdensome or impractical, the Underwriter Defendants will meet and confer with Plaintiffs to discuss the appropriate method of production.

25.     The Underwriter Defendants object to the "Relevant Period" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense nor proportional to the needs of the case.  The Relevant Period exceeds the time period of alleged events forming the basis of the Surviving Claims against the Underwriter Defendants that survived the Court's ruling in Order Granting the Motion to Dismiss in Part on December 16, 2024 (ECF No. 105).  The Underwriter Defendants further object to the instruction in the Relevant Period to include "documents and information that relate to such period, even if dated, prepared, generated, used, published, or received outside of the Relevant Period" as unduly burdensome, because compliance with that instruction would prevent the use of date-range restrictions in searches of electronically stored information and would impose unreasonable expense and burden on

the Underwriter Defendants.  The Underwriter Defendants will meet and confer with Plaintiffs to discuss the date range from which the Underwriter Defendants will produce non-privileged, non-objectionable responsive documents.

<strong><u>SPECIFIC OBJECTIONS</u></strong>

Subject to, and without waiver of the foregoing General Objections, which are incorporated by reference into each of the following Specific Responses and Objections, the Underwriter Defendants respond and object to the Requests as follows:

**<u>Request No. 1 (with respect to J.P. Morgan):</u>**  All documents produced, provided, or received by any of the Underwriter Defendants in the course of litigation against Carvana or the Individual Defendants, including *Harvin, et al.* v. *Carvana LLC, et al.*, No. 2:23-cv-02068 (E.D. Pa.), *Jennings, et al.* v. *Carvana LLC*, No. 5:21-cv-05400 (E.D. Pa.), and *Schertz* v. *Garcia II, et al.*, No. 2023-0600 (Del. Ch.).  This Request extends through the present.

**<u>Response to Request No. 1:</u>**

J.P. Morgan objects to Request No. 1 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for the production of (i) documents that are not relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses, including in connection with lawsuits that are not at issue in this case and were filed after the 2022 Public Offering, and (ii) "[a]ll" documents "produced, provided, or received," without limitation.  J.P. Morgan further objects to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source.

Subject to and without waiving the foregoing General and Specific Objections, J.P. Morgan does not possess documents produced, provided, or received by the Underwriter Defendants in the course of litigation against Carvana or the Individual Defendants and therefore will not produce any documents responsive to this Request.

- 9 -

**Request No. 1 (with respect to Citi):**  All documents produced, provided, or received by you in the course of litigation against Carvana or the Individual Defendants concerning the allegations in the Complaint, including *Harvin, et al.* v. *Carvana LLC, et al.*, No. 2:23-cv-02068 (E.D. Pa.), *Jennings, et al.* v. *Carvana LLC*, No. 5:21-cv-05400 (E.D. Pa.), and *Schertz* v. *Garcia II, et al.*, No. 2023-0600 (Del. Ch.).  This Request extends through the present.

**Response to Request No. 1:**

Citi objects to Request No. 1 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for the production of (i) documents that are not relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses, including in connection with lawsuits that are not at issue in this case and were filed after the 2022 Public Offering, and (ii) "[a]ll" documents "produced, provided, or received," without limitation.  Citi further objects to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source.

Subject to and without waiving the foregoing General and Specific Objections, Citi does not possess documents produced, provided, or received by Citi in the course of litigation against Carvana or the Individual Defendants and therefore will not produce any documents responsive to this Request.

**Request No. 2:**  All documents and testimony that any of the Underwriter Defendants have produced or provided to, or received from, any regulatory or government agency, federal or state law enforcement agency or representative, or state or local official concerning Carvana.  This Request extends through the present.

**Response to Request No. 2:**

The Underwriter Defendants object to Request No. 2 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request seeks "[a]ll" documents and testimony "concerning Carvana" generally, without

limitation to information relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses related to the 2022 Public Offering.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions, will produce non-privileged, non-objectionable responsive documents, if any, within its control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 3:** All documents concerning the 2022 Public Offering or Registration Statement, including, without limitation, the following documents:

(a) All documents sent to or received from Carvana related to the 2022 Public Offering, including all documents related to any due diligence conducted for the 2022 Public Offering;

(b) All documents prepared by or for the Underwriter Defendants for or related to the 2022 Public Offering, including all documents related to any due diligence conducted for the 2022 Public Offering;

(c) All draft and final versions of documents concerning the 2022 Public Offering, including, but not limited to, any draft that contains edits, comments, questions, or any writing concerning drafts of the 2022 Public Offering, Registration Statement, and Prospectus Supplement;

(d) All documents reflecting or referring to communications or meetings between or among you and Carvana, any Individual Defendant, any auditor, accountant, consultant, or advisor, any of the other Underwriter Defendants, any government agency, or any stock exchange concerning the 2022 Public Offering or Registration Statement; and

(e) All documents related to the financing provided by any of the Underwriter Defendants to Carvana.

**Response to Request No. 3:**

The Underwriter Defendants object to Request No. 3 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll documents" concerning the 2022 Public Offering, Registration Statement, and "financing provided by any of the Underwriter Defendants to Carvana," without limitation to information relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses. The Underwriter Defendants further object to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source. The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions, will produce non-privileged, non-objectionable responsive documents, if any, within their control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 4:** All documents constituting or reflecting communications or meetings, including, but not limited to, any agendas, minutes, packages, transcripts, notes, board books, presentation materials, transparencies, or other documents created or distributed in connection with any such meeting, in which any of the following matters were considered or discussed:

(a) Financing provided or contemplated by any of the Underwriter Defendants to Carvana;

(b) The Registration Statement or Prospectus Supplement;

(c) The 2022 Public Offering;

(d) Carvana's financial results for 2020 through 2023 fiscal years and each interim quarter therein;

(e) Any press release or public statement issued, or conference call held, by Carvana; and

(f) Securities analyst coverage of Carvana.

**Response to Request No. 4:**

The Underwriter Defendants object to Request No. 4 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll" documents "constituting or reflecting communications or meetings" in which "matters were considered or discussed," which "matters" are not limited to the 2022 Public Offering and the bases for Plaintiffs' Surviving Claims and the Underwriter Defendants' defenses. The Underwriter Defendants further object to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source. The Underwriter Defendants further object to the phrase "financing provided or contemplated by" as vague and ambiguous. The Underwriter Defendants further object to this Request on the ground that it is duplicative of Request No. 3. The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions, will produce non-privileged, non-objectionable responsive documents, if any, within their control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 5:**  All documents concerning the nature, including due diligence, advisory and other professional services, scope and terms of the engagement or other agreements between Carvana and/or among the other Underwriter Defendants with respect to the 2022 Public Offering.

**Response to Request No. 5:**

The Underwriter Defendants object to Request No. 5 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll" documents "concerning the nature, . . . scope[,] and terms of the engagement or other agreements . . . with respect to the 2022 Public Offering," without limitation to information relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.  The Underwriter Defendants further object to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source.  The Underwriter Defendants further object to this Request on the ground that it is duplicative of Request Nos. 3 and 4.  The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants will produce the executed underwriting agreement for the 2022 Public Offering.

**Request No. 6:**  All documents concerning fees, expenses, reimbursements, costs, compensation, retainers, or other remuneration received by you for services rendered relating to the 2022 Public Offering and/or any other services provided to or on behalf of Carvana.

**Response to Request No. 6:**

The Underwriter Defendants object to Request No. 6 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request

calls for production of (i) "[a]ll documents" concerning "renumeration" in connection with the 2022 Public Offering where a subset of documents is sufficient to provide the pertinent information, and (ii) documents concerning "any other services provided to or on behalf of Carvana," without limitation to services relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses. The Underwriter Defendants further object to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source. The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants direct Plaintiffs to page S-31 of the Prospectus Statement that discloses the underwriter compensation for the 2022 Public Offering. The Underwriter Defendants will not produce additional documents in response to this Request.

**Request No. 7:** All documents contained within the data room for the 2022 Public Offering.

**Response to Request No. 7:**

The Underwriter Defendants object to Request No. 7 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for the production of "[a]ll documents contained" within the 2022 Public Offering data room without limitation to documents relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses. The Underwriter Defendants further object to this request on the ground that the phrase "data room" is vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions, will produce non-privileged, non-objectionable responsive documents, if any, within their

control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 8:**  All documents concerning any comfort letters prepared or received by you concerning Carvana.

**Response to Request No. 8:**

The Underwriter Defendants object to Request No. 8 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll documents" concerning "any comfort letters . . . concerning Carvana," without limitation to comfort letters relating to the 2022 Public Offering and Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.  The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants will produce any final comfort letters concerning Carvana and the 2022 Public Offering.

**Request No. 9:**  All documents, representations, and communications upon which you relied in connection with the 2022 Public Offering.

**Response to Request No. 9:**

The Underwriter Defendants object to Request No. 9 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll documents, representations, and communications" relied on by the Underwriter Defendants, without limitation to those relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.  The Underwriter Defendants further object to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source.  The Underwriter Defendants further object to this Request on the

ground that it is duplicative of Request Nos. 3, 4, and 8.  The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions, will produce non-privileged, non-objectionable responsive documents, if any, within their control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 10:**  All documents reflecting or relating to the allotment of shares to any of the Underwriter Defendants to receive or purchase shares in the 2022 Public Offering.

**Response to Request No. 10:**

The Underwriter Defendants object to Request No. 10 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll documents reflecting or relating to the allotment of shares," where a subset of such documents are sufficient to show the pertinent information.  The Underwriter Defendants further object to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source.  The Underwriter Defendants further object to the Request on the ground that the term "shares" is vague and ambiguous. The Underwriter Defendants will interpret the term "shares" to mean shares of Carvana stock.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants direct Plaintiffs to page S-31 of the Prospectus Statement that discloses the number of Carvana shares each Underwriter Defendant agreed to purchase

- 17 -

in the 2022 Public Offering.  The Underwriter Defendants will not produce additional documents in response to this Request.

**Request No. 11:**  All documents sufficient to show your ownership or investment in Carvana.

**Response to Request No. 11:**

The Underwriter Defendants object to Request No. 11 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and disproportionate to the needs of this case, including because the Request calls for production of documents that are not relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses. The Underwriter Defendants further object to this Request on the grounds that the terms "ownership" and "investment" are vague and ambiguous.  The Underwriter Defendants will interpret "ownership" to mean ownership of Carvana stock.  However, the Underwriter Defendants are unable to interpret the meaning of the term "investment."

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants state they have no ownership interest in Carvana, and therefore will not produce any documents in response to this Request.

**Request No. 12:**  All documents related to a Carvana senior unsecured notes offering used to finance Carvana's acquisition of ADESA announced on April 25, 2022 that affiliates of any the Underwriter Defendants were initial purchasers of, including any related agreements.

**Response to Request No. 12:**

The Underwriter Defendants object to Request No. 12 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll documents" related to a senior unsecured notes offering rather than the 2022 Public Offering.  The Underwriter Defendants further object to this Request to the extent it is duplicative of Request No. 3.  The Underwriter Defendants further object to this Request because it calls

for the production of documents protected by privilege or attorney work-product protections.

The Underwriter Defendants will not produce any documents in response to this Request.

**Request No. 13:**   All documents, communications, or other materials presented or provided to investors as part of any roadshow or other event undertaken to promote the 2022 Public Offering.

**Response to Request No. 13:**

The Underwriter Defendants object to Request No. 13 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll documents, communications, or other materials presented or provided to investors" as part of "any . . . event undertaken to promote the 2022 Public Offering," without limitation to materials relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.  The Underwriter Defendants further object to this Request because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions, will produce non-privileged, non-objectionable responsive documents, if any, within their control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 14:**  Documents sufficient to identify the purchasers of any common stock in the 2022 Public Offering.

**Response to Request No. 14:**

The Underwriter Defendants object to Request No. 14 because it calls for the production of documents outside of the Underwriter Defendants' possession, custody, or control and seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants will produce the allocation lists of purchasers of Carvana common stock in the 2022 Public Offering.

**Request No. 15:**  All documents concerning any communications with the SEC concerning the 2022 Public Offering, Registration Statement, or Prospectus Supplement and all documents discussing whether any particular disclosure concerning Carvana should or should not be made in connection with the 2022 Public Offering.

**Response to Request No. 15:**

The Underwriter Defendants object to Request No. 15 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of (i) "[a]ll documents" concerning any communications with the SEC on the 2022 Public Offering and related filings, without limitation to communications relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses, and (ii) "all documents discussing . . . any particular disclosure concerning Carvana," without limitation to the disclosures underlying Plaintiffs' Surviving Claims. The Underwriter Defendants further object to this Request because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions,

will produce non-privileged, non-objectionable responsive documents, if any, within their control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 16:**  All documents concerning any communications, conference calls, presentations, or meetings with any Carvana shareholders, securities analysts, financial analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers concerning Carvana, including any scripts, drafts, transcripts, notes, and anticipated questions and answers.

**Response to Request No. 16:**

The Underwriter Defendants object to Request No. 16 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request for "[a]ll documents concerning any communications, conference calls, presentations, or meetings," irrespective of time or subject beyond "Carvana" generally, calls for production of documents that are not relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.  The Underwriter Defendants further object to this Request because it is duplicative of Request No. 13.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions, will produce non-privileged, non-objectionable responsive documents, if any, within their control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 17:**  All documents relating to presentations and reports you gave to or received from Carvana, or any of the Individual Defendants.

**Response to Request No. 17:**

The Underwriter Defendants object to Request No. 17 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll documents relating to presentations and reports you gave to or received from Carvana, or any of the Individual Defendants," without limitation to presentations and reports relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses. The Underwriter Defendants further object to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source. The Underwriter Defendants further object to this Request on the ground that it is duplicative of Request Nos. 3, 4, and 9.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions, will produce non-privileged, non-objectionable responsive documents, if any, within their control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 18:** All documents concerning any actual or contemplated financial services (including, but not limited to, providing lines of credit or lending lines), investment banking services, or consulting services performed for or on behalf of Carvana, DriveTime, or the Individual Defendants during the period January 1, 2017 to the present.

**Response to Request No. 18:**

The Underwriter Defendants object to Request No. 18 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of (i) "[a]ll documents concerning any actual or contemplated . . . services" performed over more than eight years for all co-Defendants and DriveTime,

- 22 -

without limitation to "services" relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses, and (ii) "[a]ll documents concerning" such services, without limitation to documents relevant to Plaintiffs' Surviving Claims or the Underwriters' defenses.  The Underwriter Defendants further object to this Request because it is duplicative of Request Nos. 3 and 12.  The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

The Underwriter Defendants will not produce any documents in response to this Request.

**Request No. 19:**  All documents concerning Carvana, including, but not limited to, analysts' reports, analysts' recommendations, analysts' notes, first calls, research reports, memoranda, studies, opinions, ratings, valuations, earnings models, or other documents and drafts thereof, including documents that you reviewed or relied upon in the preparation of such documents.

**Response to Request No. 19:**

The Underwriter Defendants object to Request No. 19 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of (i) "[a]ll documents concerning Carvana," without limitation to documents relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses, and (ii) "documents that you reviewed or relied upon in the preparation of . . . documents" concerning Carvana, without limitation by subject matter at all.  The Underwriter Defendants further object to this Request because it is duplicative of Request Nos. 3, 4, 7, 9, 13, 16, and 17.  The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

The Underwriter Defendants will not produce any documents in response to this Request.

**Request No. 20:** All documents with or regarding Carvana, including, but not limited to, all emails, text messages, instant messages, or records of phone calls, to or from any representative of Carvana or an actual or potential investor in Carvana.

**Response to Request No. 20:**

The Underwriter Defendants object to Request No. 20 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of "[a]ll documents with or regarding Carvana," without limitation to documents relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.  The Underwriter Defendants further object to this Request as unduly burdensome because the Request calls for the production of documents from sources that are not reasonably accessible in contravention of Fed. R. Civ. P. 26(b)(2)(B).  The Underwriter Defendants further object to this Request because it is duplicative of Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19.  The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

The Underwriter Defendants will not produce any documents in response to this Request.

**Request No. 21:**  All documents concerning any actual or contemplated investment banking, consulting, or advisory services provided by you on behalf of or involving Carvana or DriveTime.

**Response to Request No. 21:**

The Underwriter Defendants object to Request No. 21 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of (i) documents concerning services that are not relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses, and (ii) "[a]ll documents concerning any actual or contemplated . . . services" without limitation to documents relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses. The Underwriter Defendants further object to this Request as overly broad, unduly

burdensome, vague, and ambiguous because it calls for production of documents relating to services "involving" Carvana or DriveTime.  The Underwriter Defendants further object to this Request because it is duplicative of Request Nos. 3, 12, and 18.  The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

The Underwriter Defendants will not produce any documents in response to this Request.

**Request No. 22:**  All documents concerning the disclosure requirements of FINRA Rule 2241(c)(4) as it relates to Carvana, including those sufficient to show your or your research analysts' financial interest in the debt or equity securities of Carvana, including the amount of those interests, and percentage of common equity shares held, if any, and those relating to your making a market in Carvana securities.

**Response to Request No. 22:**

The Underwriter Defendants object to Request No. 22 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and disproportionate to the needs of this case, including because the Request calls for production of all documents relating to FINRA disclosure requirements for research analysts and reports that are not relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.  The Underwriter Defendants further object to this Request because it is duplicative of Request No 19.

The Underwriter Defendants will not produce any documents in response to this Request.

**Request No. 23:**  A copy of any media, social media, insider trading, code of business conduct and ethics, or corporate disclosure policies or procedures you had in place, including all documents and communications concerning compliance or noncompliance with any of these policies or procedures.

**Response to Request No. 23:**

The Underwriter Defendants object to Request No. 23 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and disproportionate to the needs of this case, including because the Request calls for production of (i) codes, policies, and procedures that are not relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses, and (ii) "all documents and communications" concerning "compliance or non-compliance" with such codes, policies, and procedures, without limitation to documents and communications relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses. The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

The Underwriter Defendants will not produce any documents in response to this Request.

**Request No. 24:** All documents concerning the Plaintiffs in this Action (other than those produced by them in this Action).

**Response to Request No. 24:**

The Underwriter Defendants object to Request No. 24 as overly broad, unduly burdensome, and disproportionate to the needs of this case because the Request calls for production of "[a]ll documents" concerning Plaintiffs, regardless of whether the documents are relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses. The Underwriter Defendants further object to the Request because it is duplicative of Request No. 14. The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants are willing to meet and confer with Plaintiffs to discuss whether the Request can be sufficiently narrowed and focused and, subject to those discussions, will produce non-privileged, non-objectionable responsive documents, if any, within their

control that may be reasonably located in response to this Request and (i) relate to the 2022 Public Offering, (ii) relate to Plaintiffs' surviving allegations directed at the Underwriter Defendants, and (iii) are proportional to the needs of the case.

**Request No. 25:**  All documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**Response to Request No. 25:**

The Underwriter Defendants object to Request No. 25 as vague, ambiguous, and premature in that it requests "[a]ll documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures" and the Underwriter Defendants did not (and were not required to) identify any specific documents in their Rule 26(a)(1) disclosures.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants will identify documents they intend to rely upon at future stages of this action at the appropriate time as required by pre-trial schedule and Applicable Law.

**Request No. 26:**  All documents concerning all insurance policies, indemnification agreements, hold harmless agreements, and/or by-laws that may provide coverage for you for all or part of any potential liability arising from the claims alleged in the Complaint.

**Response to Request No. 26:**

The Underwriter Defendants object to Request No. 26 as overly broad, unduly burdensome, and disproportionate to the needs of this case because the Request calls for production of "[a]ll documents" concerning certain policies, agreements, and by-laws, where a subset of such documents is sufficient to show the pertinent information.  The Underwriter Defendants further object to Request No. 26 on the grounds that the phrase "by-laws" is vague and ambiguous.  The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants will produce the executed underwriting agreement for the 2022 Public Offering.

**Request No. 27:**   Your document retention policies and documents concerning the preservation, search for, collection, maintenance, destruction, or alteration of documents or ESI.

**Response to Request No. 27:**

The Underwriter Defendants object to Request No. 27 as overly broad, unduly burdensome, not relevant to any party's claim or defense, and disproportionate to the needs of this case, including because the Request calls for production of "document retention policies and documents concerning the preservation, search for, collection, maintenance, destruction, or alteration of documents or ESI," all of which are not relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.   The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.   The Underwriter Defendants further object to this Request because it calls for discovery on discovery.  *Scherer* v. *FCA US, LLC*, 2021 WL 5494463, at *3 (S.D. Cal. Nov. 23, 2021) ("Plaintiffs do not have a right to conduct discovery into Defendant's discovery methods.").

The Underwriter Defendants will not produce any documents in response to this Request.

**Request No. 28:**   Documents sufficient to show your organizational structure and hierarchy, including organizational charts for each desk, area, division, or group that conducted business with Carvana or was involved in the 2022 Public Offering.

**Response to Request No. 28:**

The Underwriter Defendants object to Request No. 28 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of documents that show the Underwriter Defendants' "organizational structure and hierarchy," without limitation to the units and/or individuals relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants will produce working group lists for the 2022 Public Offering.

**Request No. 29:**  Calendars, date books, telephone logs, telephone bills (local, long distance, and cellular), time sheets, expense reports, visitor logs, and/or appointment books reflecting Carvana-related activities, maintained by each current or former Underwriter Defendant employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures.

**Response to Request No. 29:**

The Underwriter Defendants object to Request No. 29 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of various materials "reflecting Carvana-related activities," without limitation to materials relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses.  The Underwriter Defendants further object to this Request as unduly burdensome because the Request calls for the production of documents from sources that are not reasonably accessible in contravention of Fed. R. Civ. P. 26(b)(2)(B). The Underwriter Defendants further object to this Request on the ground that the phrase "Carvana-related activities" is vague and ambiguous.  The Underwriter Defendants further object to this Request because it is duplicative of Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21.

The Underwriter Defendants will not produce documents in response to this Request.  However, and to the extent that documents responsive to this Request are otherwise collected, and are responsive to a different Request to which the Underwriter Defendants have agreed to produce responsive documents, the Underwriter Defendants will, subject to all objections contained herein, produce such documents.

**Request No. 30:**  Documents sufficient to identify all personal and business phone numbers, email addresses, secretaries, and/or personal assistants for each current or former employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures.

**Response to Request No. 30:**

The Underwriter Defendants object to Request No. 30 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because the Request calls for production of documents "sufficient to identify all personal . . . phone numbers . . . email addresses, secretaries, and/or personal assistants," none of which are relevant to Plaintiffs' Surviving Claims or the Underwriter Defendants' defenses. The Underwriter Defendants further object to the Request on the grounds that the phrase "either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures" is vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants will produce documents sufficient to identify the business phone numbers and email addresses for each current or former employee of the Underwriter Defendants identified in the Underwriter Defendants' Rule 26(a)(1) disclosures.

**Request No. 31:** All documents concerning any of the affirmative and other defenses set forth in your Answer.

**Response to Request No. 31:**

The Underwriter Defendants object to Request No. 31 as premature. The Underwriter Defendants further object to this Request as overly broad and unduly burdensome because it seeks information that is cumulative or duplicative of information sought from other Defendants in this action or is obtainable from some other more convenient, less burdensome, or less expensive source. The Underwriter Defendants further object to this Request because it calls for the production of documents protected by privilege or attorney work-product protections.

Subject to and without waiving the foregoing General and Specific Objections, the Underwriter Defendants will identify documents they intend to rely upon at future stages of this action at the appropriate time as required by pre-trial schedule and Applicable Law.

DATED this 10th day of April, 2025.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  */s/ Susanna M. Buergel*

Susanna M. Buergel (*pro hac vice*)
David P. Friedman (*pro hac vice*)
Kristina A. Bunting (*pro hac vice*)

FENNEMORE CRAIG, P.C.
Andrea L. Marconi
Douglas C. Northup

*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC*

- 31 -

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 10, 2025, I served the foregoing document via electronic mail on all counsel of record registered in this matter on the ECF system for the United States District Court for the District of Arizona.

*/s/ Michael Pisem*
Michael Pisem