ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To:<br><br>    All Actions. | JOINT MOTION REGARDING PLAINTIFFS' RULE 37(a)(3)(A) MOTION TO COMPEL INITIAL DISCLOSURES |

4908-2450-4385.v1

Pursuant to ¶6 of the Court's February 26, 2025 Scheduling Order (ECF 128), Plaintiffs and defendant Ernest Garcia II ("Garcia Sr.") jointly make this filing regarding Plaintiffs' Rule 37(a)(3)(A) Motion to Compel Initial Disclosures.

## I.    PLAINTIFFS' ARGUMENT

Federal Rule of Civil Procedure 26(a)(1) requires a party to disclose "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses."  When a party fails to meet this fundamental requirement, Rule 37(a)(3)(A) explicitly authorizes the opposing party to move to compel disclosure.  Plaintiffs do so here because Garcia Sr. has refused to disclose the individuals who form the basis for his affirmative defenses.

Specifically, Garcia Sr. asserted in his Answer that he "relied in good faith on the representations, reports, expert opinions, and advice of others."  ECF 114 at 396 (Twelfth Defense).  Having affirmatively asserted this defense, Garcia Sr. was required to identify the individuals associated with these representations, reports, opinions, and advice.  Yet, his Initial Disclosures identify only the individual defendants and two Plaintiffs as having discoverable information – conspicuously omitting any mention of the unnamed "others" and "experts" on whom he purportedly relied.  *See* Ex. 1.  When Plaintiffs directly asked Garcia Sr. whether he intends to rely solely on the individual defendants or if he did, in fact, rely on the expert opinions, legal advice, or reports and representations of other unnamed individuals (*see* Ex. 2), his response was entirely evasive.  He claimed discovery had "barely begun" and insisted he needed discovery to determine the "extent" of his own alleged reliance.  *See* Ex. 3.

Garcia Sr.'s position is untenable.  He cannot simultaneously assert he relied in "good faith" on others while claiming he does not know who those "others" are.  If he does not know, the defense is baseless.  If he does know, he is required to disclose them.  Rule 26's disclosure obligation is self-executing and not optional.  When Plaintiffs pressed further, asking whether Garcia Sr. could affirm that he is ***not aware*** of any other individual beyond those disclosed, he again refused to answer and said he could only do so after discovery had

taken place. Exs. 4-8. But that excuse is not only inconsistent with the Twelfth Defense, it is also undermined by the fact that Garcia Sr. has not served any discovery on Carvana, the other Individual Defendants, or any third party related to his good faith defense. Garcia Sr.'s obfuscation contravenes the purpose of Rule 26's disclosure requirements and necessitates an order compelling complete and immediate disclosure. It also impedes the process of identifying search terms and custodians to guide discovery. *See Poitra v. Sch. Dist. No. 1 in the Cnty. of Denver*, 311 F.R.D. 659, 663-64 (D. Colo. 2015) (Rule 26(a)(1) disclosures are not a "technical formality" but rather "an efficient start to relevant discovery" and "are designed to accelerate the exchange of basic information and 'help focus the discovery that is needed'"). Simply put, Rule 26 does not permit parties to assert defenses based on unknown persons, then use the absence of discovery to justify nondisclosure. Accordingly, Plaintiffs respectfully request an order compelling Garcia Sr. to either: (i) immediately provide complete disclosures identifying all individuals (including experts and non-defendants) whom he is aware of and may support his Twelfth Defense; or (ii) affirm that he is not aware of anyone, beyond the named Individual Defendants, whom he may use to support his defense.

## II.    GARCIA SR.'S ARGUMENT

Plaintiffs' motion has nothing to do with the adequacy of Mr. Garcia Sr.'s initial disclosures. Mr. Garcia Sr. is not knowingly withholding information currently in his possession, custody, or control, and has stated he will timely supplement his disclosures, consistent with Rule 26, as discovery progresses. Instead, the motion is a backdoor attempt to limit Mr. Garcia Sr.'s affirmative defenses and force him to "confirm" Plaintiffs' preferred formulation at the very outset of this case when discovery barely has begun.

The sole remaining claim against Mr. Garcia Sr. is for control person liability under Section 20(a). (ECF 105 at 58-60, 72.) Mr. Garcia Sr. has never been an officer or director of Carvana, and his principal defense is that he was not involved in and did not control Carvana. But to the extent he is determined to be a controlling person with respect to the conduct at issue, he is entitled to assert a good faith affirmative defense. 15 U.S.C. § 78t(a);

- 2 -

4908-2450-4385.v1

*In re BofI Holding, Inc. Sec. Litig.*, 2017 WL 2257980, at *21 (S.D. Cal. May 23, 2017). As counsel has explained, Mr. Garcia Sr. was entitled to rely in good faith on Carvana's officers, directors, and management, and the internal controls they put in place, including the representations, reports, expert opinions, and advice of others on which they relied with respect to the matters at issue. (*See* Ex. 8.)

Mr. Garcia Sr.'s initial disclosures contain the names of individuals known to him *at this time* on whom he may rely. However, because he was not involved in Carvana's operations or public statements, does not have access to Carvana's documents, and the events at issue took place over four years ago, Mr. Garcia Sr. reserves the right to supplement his disclosures as discovery and his investigation continue. This is consistent with both the language and purpose of Rule 26. *See, e.g.*, *HM Elecs., Inc. v. R.F. Techs., Inc.*, 2014 WL 7183493, at *19 (S.D. Cal. Dec. 15, 2014) (denying motion to strike supplemental disclosure made before discovery cutoff). The only case Plaintiffs cite supports Mr. Garcia Sr.'s argument. In *Poitra*, the plaintiff did not disclose certain witnesses until the "final pretrial conference." 311 F.R.D. at 664. Plaintiffs' conjecture that Mr. Garcia Sr. is withholding the names of individuals currently known to him is not enough to support a motion to compel. *See Albert v. Allied Fin. Network*, 2024 WL 5389547, at *4 (D. Haw. May 20, 2024) (denying motion to compel where plaintiffs failed to explain why defendant's Rule 26 disclosures were deficient and based motion on mere suspicion). Nor is Plaintiffs' surmise that the individuals and categories of documents disclosed may not be sufficient to support Mr. Garcia's affirmative defenses.

As Plaintiffs' communications reveal, their real complaint is not that Mr. Garcia Sr. is withholding information, but rather that he refused to agree to Plaintiffs' demand that he rewrite his affirmative defenses. (*See* Ex. 8.) Plaintiffs cite no authority for the notion they can use Rule 26 and Rule 37 to force Mr. Garcia Sr. into adopting their preferred (and narrowed) formulation of his defenses—particularly given that Plaintiffs have yet to reveal their theory as to how Mr. Garcia Sr. supposedly "controlled" Carvana and no discovery has been exchanged on this topic. The time to challenge the sufficiency of evidence supporting

- 3 -

Mr. Garcia Sr.'s affirmative defenses is *after* fact discovery is completed—not in connection with initial disclosures. The current motion should be denied.

## CERTIFICATION

The Parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED:  May 9, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                    */s/ Tor Gronborg*
                    TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

- 4 -

4908-2450-4385.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
BRENT E. MITCHELL
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

DATED:  May 9, 2025

DLA PIPER LLP (US)
MELANIE WALKER
(Admitted *pro hac vice*)

  */s/ Melanie Walker* (with permission)
MELANIE WALKER

2000 Avenue of the Stars, #400
Los Angeles, CA  90067
Telephone: 310/595-3000
melanie.walker@us.dlapiper.com

- 5 -

4908-2450-4385.v1

DLA PIPER LLP (US)
CAMERON A. FINE
MADELINE A. CORDRAY
2525 East Camelback Road, Suite 1000
Phoenix, AZ  85016
Telephone: 480/606-5100
cameron.fine@us.dlapiper.com
madeline.cordray@us.dlapiper.com

DLA PIPER LLP (US)
YAN GRINBLAT
(Admitted *pro hac vice*)
444 West Lake Street, Suite 900
Chicago, IL  60606
Telephone: 312/368-4000
yan.grinblat@us.dlapiper.com

Attorneys for Defendant Ernest Garcia II

- 6 -

4908-2450-4385.v1