# EXHIBIT 2

**Robbins Geller Rudman & Dowd LLP**

Chicago    Melville    Nashville    San Diego    Wilmington
Boca Raton    Manhattan    Philadelphia    San Francisco    Washington, D.C.

Jacob G. Gelman
jgelman@rgrdlaw.com

March 3, 2025

<u>VIA EMAIL</u>

Madeline A. Cordray
DLA PIPER LLP (US)
2525 East Camelback Road, Suite 1000
Phoenix, AZ  85016
madeline.cordray@dlapiper.com

Re:    *In re Carvana Co. Securities Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Madeline:

Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") write with regard to defendant Ernest Garcia II's ("Garcia Senior" or "Garcia Sr.") Answer and Defenses to Lead Plaintiffs' Amended Consolidated Complaint ("Garcia Senior's Answer") (ECF 114) and Defendant Ernest Garcia II's Rule 26(a)(1) Initial Disclosures ("Garcia Senior's Initial Disclosures"), served on February 18, 2025.

Garcia Senior's Answer purports to allege multiple affirmative defenses. As relevant here, Garcia Senior's Twelfth Defense states: "Plaintiffs' claims are barred, in whole or in part, because at all relevant times, Mr. Garcia Sr. relied in good faith on the representations, reports, expert opinions, and advice of others." Garcia Senior's Answer at 396. Although this alleged affirmative defense explicitly depends on "the representations, reports, expert opinions, and advice of others," Garcia Senior's Answer does not identify any third parties. Moreover, Garcia Senior's Initial Disclosures do not identify any individual likely to have discoverable information under Federal Rule of Civil Procedure 26(a)(1)(A)(i) that is not a party to this case, let alone any expert or legal counsel.

Given Garcia Senior's affirmative defense, it appears that he intends to rely on experts and third parties and is aware of experts and third parties likely to have discoverable information. *See Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) ("A party that does not timely identify a witness under Rule 26 may not use that witness to supply evidence at a trial 'unless the failure was substantially justified or is harmless.'") (citation omitted). If Plaintiffs' understanding is correct, please confirm that Garcia Senior's Initial Disclosures will be amended and let us know when we can anticipate receiving that amendment. If not, please confirm that Garcia Senior is not relying on any experts or third parties in support of his affirmative defenses, including any due diligence defense or advice of counsel defense.

Lastly, Garcia Senior's Answer states that "Mr. Garcia Sr. also adopt[s] and incorporate[s] by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant

4909-9699-4339.v1

One Montgomery Street, Suite 1800    San Francisco, CA  94104    Tel 415-288-4545    Fax 415-288-4534    rgrdlaw.com

**Robbins Geller**
**Rudman & Dowd** LLP

Madeline A. Cordray
March 3, 2025
Page 2

not expressly set forth herein to the extent such defense may be applicable to the claims asserted against Mr. Garcia Sr." Garcia Senior's Answer at 394. Now that the other defendants have filed their answers, please identify what, if any, of the defenses asserted by the other defendants Garcia Senior is adopting.

Very truly yours,

JACOB G. GELMAN

JGG:rb