# EXHIBIT 3



**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
www.dlapiper.com

Melanie E. Walker
melanie.walker@us.dlapiper.com
T   310.595.3130

March 12, 2025

**<u>VIA EMAIL</u>**

Jacob G. Gelman
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 94104

      Re:    *In re Carvana Co. Sec. Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Jacob:

We write on behalf of our client, Ernest Garcia, II ("Mr. Garcia Sr.") in response to Plaintiffs' letter of March 3, 2025 concerning Mr. Garcia Sr.'s initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Your letter suggests that Mr. Garcia Sr.'s disclosures are deficient because they "do not identify any" "expert or legal counsel" that is "likely to have discoverable information." You appear to believe that such disclosure is required under Rule 26 based on the twelfth defense asserted in Mr. Garcia Sr.'s answer to the operative complaint—that is, that "Plaintiffs' claims are barred, in whole or in part, because at all relevant times, Mr. Garcia Sr. relied in good faith on the representations, reports, expert opinions, and advice of others."

As an initial matter, your letter conflicts with Plaintiffs' representation to Judge Liburdi just days earlier that they were "satisfied" with Defendants' initial disclosures. In any event, your contention that Mr. Garcia Sr.'s disclosures are insufficient misses the mark.

First, Plaintiffs read Mr. Garcia Sr.'s twelfth defense too narrowly. To the extent the "representations," "reports," "opinions," and "advice" at issue are contained in documents or written communications, Mr. Garcia Sr. disclosed both the categories and anticipated locations of this information, in compliance with the Federal Rules. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

Second, your letter misstates Rule 26's requirements. The Rule requires disclosure "based on the information ***then reasonably available*** to" a party. Fed. R. Civ. P. 26(a)(1)(E) (emphasis added). The Rule also permits parties to "supplement" their disclosures "in a timely manner if the party learns that . . . the disclosure  . . . is incomplete[.]" Fed. R. Civ. P. 26(e)(1). The operative complaint contains hundreds of paragraphs of allegations and the parties appear to disagree about the length of the putative class period following the Court's most recent order on defendants' motions to dismiss. As such, Mr. Garcia Sr.'s fact investigation is ongoing. Moreover, discovery in this case has barely begun – the parties have not exchanged any written discovery, much less



Jacob G. Gelman
Robbins Geller Rudman & Dowd LLP
March 12, 2025
Page 2

produced documents or conducted depositions. Given the foregoing, we are continuing to investigate the extent to which Mr. Garcia Sr. relied on the representations, reports, opinions, and advice of others in connection with the claims that the Court has not dismissed. Mr. Garcia Sr. will update his disclosures in the time and manner required by Rule 26(a) and (e) as our fact investigation progresses.

The authority you cite does not support the notion that Mr. Garcia Sr.'s initial disclosures cannot later be supplemented during the course of discovery. In *Ollier v. Sweetwater Union High School Dist.*, the Court of Appeals affirmed the exclusion of witnesses "who were identified ***15 months after the discovery cutoff*** and only ten months before trial." 768 F.3d 843, 861 (9th Cir. 2014) (emphasis added). Nothing remotely similar has occurred here.

Third, you cite no basis for your request that Mr. Garcia Sr. immediately identify "what, if any, of the defenses asserted by the other defendants [he] is adopting." This again ignores the early stage of both Mr. Garcia Sr.'s fact investigation and discovery, which will dictate the applicability of these defenses. Mr. Garcia Sr. will supplement his defenses in the time and manner specified in the Federal Rules and the Court's orders.

Very truly yours,

**DLA PIPER LLP (US)**

Melanie E. Walker
Partner

Cc:    Counsel of record for Plaintiffs (via email)