# EXHIBIT 4

**Robbins Geller**
**Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Jacob G. Gelman
jgelman@rgrdlaw.com

March 18, 2025

<u>VIA EMAIL</u>

Melanie E. Walker
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA  90067-4735
melanie.walker@us.dlapiper.com

  Re:  *In re Carvana Co. Securities Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Melanie:

  I write in reply to your March 12, 2025 letter ("Letter") response concerning Ernest Garcia II's ("Garcia Senior) Answer and Defenses to Lead Plaintiffs' Amended Consolidated Complaint ("Garcia Senior's Answer") (ECF 114) and Rule 26(a)(1) Initial Disclosures ("Garcia Senior's Initial Disclosures" or "Initial Disclosures"), served on February 18, 2025.

  As an initial matter, your suggestion that my March 3, 2025 letter conflicts with Lead Plaintiffs' representations to Judge Liburdi at the February 25, 2025 Rule 16 Scheduling Conference is wrong.  At the Scheduling Conference, Lead Plaintiffs confirmed that we were satisfied that the initial disclosures were timely received, but in no way waived their rights to seek confirmation now, or in the future, about whether the initial disclosures were complete.  Further, as discussed in more detail below, your Letter indicates that Garcia Senior's disclosures are, in fact, deficient.

  First, you suggest that Lead Plaintiffs read Garcia Senior's Twelfth Defense too narrowly because the "'representations,' 'reports,' 'opinions,' and 'advice'" of others might be contained in documents or written communications and Garcia Senior "disclosed both the categories and anticipated locations of this information."  Letter at 1.  But Garcia Senior's Initial Disclosures do not identify any such "'representations,' 'reports,' 'opinions,' and 'advice'" of others.  *See* Initial Disclosures at 4-5.  Garcia Senior is not permitted to use vague and overly broad descriptions of categories of documents to avoid disclosing the written "'representations,' 'reports,' 'opinions,' and 'advice'" of others he may use to support his defenses.

  For example, in *Hoffman v. MJC Am., Ltd.*, 2019 WL 4933526 (D.S.D. Oct. 7, 2019), the court found that the defendants' initial disclosures were "insufficient" because it was "unable to discern at this stage of the proceedings whether [the defendants] actually intend to pursue any of the ten affirmative defenses they have claimed in their answer to the amended complaint" and, accordingly, ordered the defendants "to supplement their Rule 26(a) disclosures" or else the

4932-1745-5401.v1

**Robbins Geller
Rudman & Dowd** LLP

Melanie E. Walker
March 18, 2025
Page 2

defendants would "not be allowed to rely at trial upon any documents not produced by them in the supplemented Rule 26(a) disclosures." *Id.* at \*7; *see also Dhaliwal v. Singh*, 2014 WL 2957310, at \*8 (E.D. Cal. June 30, 2014) ("[t]he categories of documents identified in Defendants' initial disclosure statement are vague and insufficient"). Moreover, even if there are documents that Garcia Senior may rely on, that would not obviate the need for him to identify the individuals who made those "'representations,' 'reports,' 'opinions,' and 'advice'" identified in his Initial Disclosures. To the extent Garcia Senior intends to rely on written "'representations,' 'reports,' 'opinions,' and 'advice'" of others to support his defenses, he is inherently relying on the individuals who prepared them. Indeed, you conspicuously changed "expert opinions," as identified in Garcia Senior's Twelfth Defense to "opinions" in your Letter since the former explicitly implies that it was prepared by an "expert" who should have been disclosed in the Initial Disclosures.

Second, your argument that Garcia Senior's Initial Disclosures are sufficient because Rule 26(a)(1)(E) states that the "[a] party must make its initial disclosures based on the information then available to it" and "discovery in this case has just begun" fails. Garcia Senior does not need discovery to know the individuals who made the "'representations,' 'reports,' 'opinions,' and 'advice'" that, according to his Twelfth Defense, he relied on. He certainly doesn't need written discovery from Lead Plaintiffs or any other party to be able to identify these individuals. The fact that initial disclosures can be supplemented at a later time does not absolve Garcia Senior of the duty to disclose now all individuals he "***may*** use to support" his defenses, hence the use of the term "must" in Rule 26(a)(1)(E).

Thus, as a proposed compromise, please confirm by Friday that:

1.      Garcia Senior is ***not*** asserting a due diligence defense based on any "'representations,' 'reports,' 'opinions,' and 'advice'" of others;

2.      Garcia Senior is ***not*** asserting a good faith defense based on any "'representations,' 'reports,' 'opinions,' and 'advice'" of others;  and

3.      Garcia Senior is ***not*** asserting an advice of counsel defense.

Responses to these questions can be made without waiver of a right to timely assert such a defense at a later date (and this is without waiver of Lead Plaintiffs' right to challenge the assertion of any such defense). Failure to provide even this basic information will leave Lead Plaintiffs with no choice other than to move to compel pursuant to Rule 37(a)(3)(A). As Rule 37(a)(4) makes clear, "an evasive ***or incomplete disclosure***, answer, or response must be treated as a ***failure to disclose***, answer, or respond."

Finally, now that you have the affirmative defenses asserted by the other defendants, please confirm that Garcia Senior is adopting and incorporating by reference all of those other affirmative defenses as is stated in his Answer.

4932-1745-5401.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Melanie E. Walker
March 18, 2025
Page 3

       We would appreciate your response to the questions above by March 21, 2025.

                   Very truly yours,

                   JACOB G. GELMAN

JGG:rb

4932-1745-5401.v1