# EXHIBIT 5



**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
www.dlapiper.com

Melanie E. Walker
melanie.walker@us.dlapiper.com
T   310.595.3130

March 28, 2025

**<u>VIA EMAIL</u>**

Jacob G. Gelman
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 94104

Re:   *In re Carvana Co. Sec. Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Jacob:

We write on behalf Mr. Garcia Sr. in further response to your letters of March 3 and March 18, 2025, concerning Mr. Garcia Sr.'s initial disclosures.

As we explained in our letter of March 12, given the very early stage of Mr. Garcia Sr.'s fact investigation and discovery in this case, Mr. Garcia Sr.'s initial disclosures comply with Rule 26, which requires disclosure "based on the information ***then reasonably available*** to" a Mr. Garcia Sr. Fed. R. Civ. P. 26(a)(1)(E) (emphasis added). Mr. Garcia Sr. will "supplement" his disclosures "in a timely manner" if new facts adduced in discovery so require. *See* Fed. R. Civ. P. 26(e)(1).

In your March 18 letter, Plaintiffs for the first time seem to suggest that Mr. Garcia, in his initial disclosures, had to disclose *specific* "documents and written communications" that he may rely on in support of his defenses. Pls. 3/18 Ltr. at 1. In fact, Rule 26 only requires parties to provide "a description by ***category and location***" of "documents" and other information that may be used to support their claims or defenses. Fed. R. Civ. P. 25(a)(1)(A)(ii) (emphasis added). That is precisely what Mr. Garcia Sr. has done.

Your citation to *Hoffman v. MJC Am., Ltd*, 2019 WL 4933526 (D.S.D. Oct. 7, 2019) is unavailing. In that out-of-circuit decision, the defendants identified two categories of documents – "photographs and expert reports" – they contended supported their defenses. *Id.* at *7. The court held that if the defendants did not identify additional categories of documents, they "should not be allowed to rely [on such documents] at trial[.]" *Id.* Nothing in *Hoffman* suggests a requirement to identify specific documents in support of each affirmative defense, particularly at the outset of discovery. Notably, Plaintiffs also did not identify any specific documents in their Rule 26(a)(1) disclosures that support their claims against Mr. Garcia, Sr. (or any other defendant).

Just as misguided is Plaintiffs' new contention that the categories of documents in Mr. Garcia Sr.'s disclosures are "vague and insufficient." Pls. 3/18 Ltr. at 2 (quoting *Dhaliwal v. Singh*,



Jacob G. Gelman
Robbins Geller Rudman & Dowd LLP
March 28, 2025
Page 2

2014 WL 2957310, at *8 (E.D. Cal. June 30, 2014)). The categories of documents in Mr. Garcia Sr.'s disclosures are nothing like the generic categories at issue in *Dhaliwal*. *See* 2014 WL 2957310, at *8 (generic descriptions such as "accounting records"). In any event, in *Dhaliwal*, the court ordered supplemental disclosure because summary judgment was fully briefed, at which stage, "the Court presumes that Defendants have investigated their claims and are able to provide a more categorical breakdown of documents." *Id.* As we repeatedly have stated, discovery in this case has just commenced, so the same level of specificity is not required at this time.

Further, Plaintiffs continue to misunderstand Mr. Garcia Sr.'s defenses in suggesting an immediate requirement to disclose the identity of every individual on whose information or advice Mr. Garcia Sr. may have relied. Mr. Garcia Sr. did not directly or indirectly control any person that could be primarily liable under the securities laws and did not directly or indirectly induce the alleged acts that underlie Plaintiffs' claims. However, Mr. Garcia Sr. is entitled to plead in the alternative that, to the extent the Court finds that he exercised control over any allegedly culpable individuals within the meaning of Section 20(a), Mr. Garcia Sr. acted in good faith by, among other things, relying on the opinions and advice of others with respect to Carvana's public disclosures, including the Carvana officers and directors identified in his initial disclosures. At this early stage, no further detail is required. And to the extent Mr. Garcia Sr. identifies additional individuals with knowledge or information that would support his good faith defense as he conducts his own investigation and discovery, he will supplement his disclosures. *See City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 219-22 (N.D. Cal. Oct. 2, 2023) (rejecting argument that initial disclosures require an exacting "level of detail" at the beginning of the litigation and holding that "more detailed disclosure" can be made "[o]nce document production has been substantially completed"); *see also Wineland v. Air & Liquid Sys. Corp.*, 2020 WL 5893409, at *2-3 (W.D. Wa. Oct. 5, 2020) (denying motion to exclude testimony of witnesses who were disclosed via supplemental disclosure before close of discovery).

To be clear, Mr. Garcia Sr. is not withdrawing or waiving any of his previously-asserted defenses. Even if Mr. Garcia Sr.'s initial disclosures were deficient (and they are not), Plaintiffs cite no authority (and we are aware of none) for the absurd notion such relief would be available to Plaintiffs as a result. As we have repeatedly expressed, given the early stage of the litigation, Mr. Garcia Sr.'s initial disclosures are not "evasive" or "incomplete." Plaintiffs will suffer no prejudice if Mr. Garcia Sr. later amends those disclosures as his investigation and fact discovery progress.

Finally, we can confirm that Mr. Garcia Sr. is adopting and incorporating by reference all defenses asserted by the other defendants to the fullest extent supported by the discovery record in this case. As you are well aware, in order for Mr. Garcia Sr. to be secondarily liable under Section



Jacob G. Gelman
Robbins Geller Rudman & Dowd LLP
March 28, 2025
Page 3

20(a), Plaintiffs must first prove a primary violation of the securities laws. Accordingly, the Carvana Defendants' defenses in particular are directly relevant to Mr. Garcia Sr.'s defenses in this action.

Regrettably, it seems as if Plaintiffs' goal is to manufacture a dispute and force Defendants to engage in letter writing campaigns rather than to have a productive dialogue or move forward with discovery. We suggest the parties focus their time and efforts on their document productions and other fact discovery, which may answer any outstanding questions Plaintiffs continue to have. The parties can revisit their disclosures at a later date, with the benefit of at least some discovery, if necessary. However, if Plaintiffs would like to discuss any of the foregoing, we are available to meet and confer.

Very truly yours,

**DLA PIPER LLP (US)**

Melanie E. Walker
Partner

Cc:    Counsel of record for Plaintiffs (via email)