# EXHIBIT 6

**Robbins Geller Rudman & Dowd LLP**

| | | | | |
|---|---|---|---|---|
| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Jacob G. Gelman
jgelman@rgrdlaw.com

March 30, 2025

<u>VIA EMAIL</u>

Melanie E. Walker
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA  90067-4735
melanie.walker@us.dlapiper.com

Re:    *In re Carvana Co. Securities Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Melanie:

Your March 28 letter continues to misconstrue and evade what we have requested.  If, as you say, Garcia Senior's initial disclosures fully comply with Rule 26(a)(1)(E), it should not be difficult to answer the questions posed in my March 18 correspondence:  Specifically, please confirm that, at this time:

1. Garcia Senior is not asserting a due diligence defense based on any "'representations,' 'reports,' 'opinions,' and 'advice'" of any individual or entity other than the Carvana officers and directors identified in the February 18, 2025 initial disclosures;

2. Garcia Senior is not asserting a good faith defense based on any "'representations,' 'reports,' 'opinions,' and 'advice'" of any individual or entity other than the Carvana officers and directors identified in the February 18, 2025 initial disclosures; and

3. Garcia Senior is not asserting an advice of counsel defense.

A response to these questions is particularly germane given the contention in your letter that Garcia Senior "acted in good faith by, among other things, relying on the opinions and advice of others with respect to Carvana's public disclosures, including the Carvana officers and directors identified in his initial disclosures."  The qualifier "including" implies that there are other individuals and entities Garcia Senior may rely upon in support of his good faith defense. With respect to Garcia Senior's identification of documents, nowhere did I say that he had to disclose "specific" documents and written communications.  Your need to conjure up that claim speaks volumes about the infirmities with Garcia Senior's description of documents he may use to support his defenses.  What I said and what remains true is that the categorical descriptions provided by Garcia Senior are impermissibly vague and overly broad (e.g., "Documents and

**Robbins Geller**
**Rudman & Dowd** LLP

Melanie E. Walker
March 30, 2025
Page 2

communications related to the public statements at issue in the litigation."). We take it from your letter that Garcia Senior has no intention of amending these descriptions.

Last, with the clarification that Garcia Senior is adopting and incorporating the affirmative defenses made by the other defendants, please confirm whether this will result in Garcia Senior amending his initial disclosures. For example, given that Garcia Senior is adopting and incorporating the Carvana Defendants' Fourteenth Defense that "Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because any alleged injuries, damages, or losses, to the extent they exist were caused by acts of *third parties* or superseding and intervening events unconnected to and outside the control of the Carvana Defendants," *Garcia Senior's* disclosures under Rule 26(a)(1)(A)(i) and Rule 26(a)(1)(E) should identify such third parties. Currently they do not do so.

As it appears that reaching a point where we will need the assistance of the Court, we agree that a meet and confer call is appropriate. We are available Wednesday, April 2, from 8:00 to 11:00 AM Pacific. Please let me know if that works for you and, if not, proposed alternative dates/times.

Very truly yours,

JACOB G. GELMAN