# EXHIBIT 7



**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
www.dlapiper.com

Melanie E. Walker
melanie.walker@us.dlapiper.com
T   310.595.3130

April 7, 2025

**<u>VIA EMAIL</u>**

Jacob G. Gelman
Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, CA 94104

   Re: *In re Carvana Co. Sec. Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Jacob:

   We write on behalf Mr. Garcia Sr. in follow-up to our meet-and-confer on April 1, 2025 and the parties' prior letters regarding Mr. Garcia Sr.'s initial disclosures.

   As we explained during the meet-and-confer call, given the very early stage of Mr. Garcia Sr.'s fact investigation and discovery in this case, Mr. Garcia Sr. is still evaluating whether there are any additional individuals on whom he may rely to support his defenses beyond the individuals he already identified. Mr. Garcia Sr.'s defenses—and the individuals on whom he may rely in support thereof—will depend on Plaintiffs' theory of the case. At this time, however, Plaintiffs have not provided any facts supporting their contention that Mr. Garcia Sr. controlled Carvana or any individual defendant, or articulated how he allegedly controlled the disclosures at issue in the case. In fact, Plaintiffs have not even identified which defendants they believe Mr. Garcia Sr. purportedly controlled, much less explained how he supposedly did so. Additionally, there likely are documents and information in the control of the Carvana Defendants (over which Mr. Garcia Sr. does not have possession, custody, or control) that are relevant to Mr. Garcia Sr.'s defenses. As discussed, Mr. Garcia Sr. is entitled to supplement his initial disclosures after he has had the opportunity to conduct some discovery and investigation.

   We expect that by mid-December 2025—soon after the deadline for substantial completion of document production in response to the parties' first document requests—Mr. Garcia Sr. will be in a position to supplement his initial disclosures with additional information regarding individuals on whom he may rely to support his defenses. In an effort to reach a reasonable compromise of the parties' dispute, Mr. Garcia Sr. is willing to agree to supplement his initial disclosures on or before December 20, 2025.[1] This would give Plaintiffs over five months to take discovery on any such supplemental disclosures. We believe this approach addresses the concerns

---

[1] This is, of course, without prejudice to Mr. Garcia Sr.'s right to further update his initial disclosures if new facts adduced later in discovery so require. *See* Fed. R. Civ. P. 26(a)(1)(E); 26(e)(1).



Jacob G. Gelman
Robbins Geller Rudman & Dowd LLP
April 7, 2025
Page 2

Plaintiffs expressed during our meet-and-confer regarding the potential for surprise. It also eliminates any prejudice to the parties and permits discovery to be conducted in an orderly manner.

For the avoidance of doubt, at this time, Mr. Garcia Sr. is not withdrawing or modifying any defenses asserted in his answer to the operative complaint—including but not limited to any due diligence, good faith, and advice of others defenses.

We would be happy to continue the meet-and-confer process if Plaintiffs would like to discuss the foregoing.

Very truly yours,

**DLA PIPER LLP (US)**

Melanie E. Walker
Partner

Cc:    Counsel of record for Plaintiffs (via email)