LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: aclubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

[*Additional counsel on signature page*]

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | JOINT DISCOVERY MOTION |
| All Actions. | **ORAL ARGUMENT REQUESTED** |

Pursuant to ¶¶ 3(b) and 6 of the Court's February 26, 2025, Scheduling Order (ECF 128), Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") and defendants Carvana Co. and Ernest Garcia II (collectively, "Defendants") jointly make this filing concerning a discovery dispute regarding the twelve confidential witnesses ("CWs") cited in the Amended Consolidated Complaint for Violations of the Federal Securities Laws (ECF 71) ("Complaint," "Compl.," or "Cpt.").

## I.   DEFENDANTS' ARGUMENT

The Complaint contains extensive allegations from CWs, *see, e.g.*, Compl. ¶¶ 131-34, 145-46, 175, 177, 179, 181, 183, 185, 187, 189, 213, 215, 274-79; *see also* ¶¶ 45-124, which the Court relied on in denying in part a second motion to dismiss. *See, e.g.*, Dkt. 105 at 48. To defend against those allegations, Defendants have sought discovery into (1) the identities of the CWs, and (2) factual statements made by those CWs regarding Plaintiffs' claims. *See* Exs. A, B at ROG 4; Ex. C at RFP 8. Plaintiffs refused to provide this information, claiming it is "attorney work product." *See* Exs. D, E at 7. Courts have consistently rejected such claims and required disclosure of this information. *See Shenwick v. Twitter, Inc.*, 2018 WL 8244911, at *1 (N.D. Cal. Nov. 27, 2018) (collecting cases). Such disclosure is necessary to verify CWs' allegations, and courts have reconsidered prior decisions that relied on false CW information. *See City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 306 F.R.D. 175, 177, 182-83 (N.D. Ill. 2014) (sanctioning Robbins Geller for "asserting and defending" CW allegations lacking "evidentiary support").

Plaintiffs' privilege objection lacks merit. First, courts in the Ninth Circuit have long recognized that the identities of CWs are not protected by the work product doctrine. *See In re Cooper Cos. Inc. Sec. Litig.*, 2008 WL 11339612, at *2 (C.D. Cal. Oct. 1, 2008), *aff'd*, 2008 WL 11588995 (C.D. Cal. Nov. 4, 2008). The information is plainly discoverable because CW identities are facts. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981); *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *4 (S.D. Cal. July 27, 2021) (compelling plaintiffs to provide CW names). The same logic applies to

factual statements and documents CWs provide to Plaintiffs, Plaintiffs' counsel, or their investigators. *Weston v. Docusign, Inc.*, 2025 WL 798600, at *2 (N.D. Cal. Mar. 11, 2025) (ordering Robbins Geller to produce portions of "CW memoranda contain[ing] verbatim quotes from confidential witnesses"); *In re JDS Uniphase Corp. Sec. Litig.,* 2005 WL 6296194, at *2 (N.D. Cal. Sept. 23, 2005) (ordering plaintiffs to produce "[e]-mail messages from the witness to counsel" because such communications are "statements by the witness that reflect the witnesses', not counsel's, mental impressions"). To be clear, Defendants do not seek to discover counsel's work product – only the underlying facts.

Second, Plaintiffs cannot avoid disclosure of CW identities by now "asserti[ing] that they will not be relying on th[em]" at class certification or trial. *See In re Amgen Inc. Sec. Litig.*, 2013 WL 12139088, at *3 (C.D. Cal. Dec. 2, 2013) (ordering disclosure of CW identities as "the very essence of the discovery process"). This convenient about-face only highlights the need to test the veracity of the Complaint's CW allegations.

Third, even if the information was work product, it was waived when Plaintiffs relied on the CWs to make out their claims, and Defendants' need "outweighs any minimal work product protection," *Miller v. Ventro Corp.*, 2004 WL 868202, at *2 (N.D. Cal. Apr. 21, 2004) (compelling production where "Plaintiffs chose to build their complaint on a foundation of statements from . . . CWs"). Plaintiffs' authority agrees. *See BofI*, 2021 WL 3700749, at *4 (compelling disclosure; defendants' need outweighs "minimal" protection).

Accordingly, Plaintiffs should be compelled to answer Carvana Defendants' Interrogatory No. 4 and produce documents in response to Mr. Garcia Sr.'s RFP 8.

## II.    PLAINTIFFS' ARGUMENT

Defendants seek to invade Plaintiffs' core attorney work product to conduct a meritless and improper "'*post hoc* investigation into the sourcing of a complaint's allegations.'" *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *4 (S.D. Cal. July 27, 2021) (citation omitted). Their request for CW discovery should be denied.

First, Defendants target quintessential attorney work product. The identities of those with whom counsel elected to speak as part of their investigation, including the CWs,

- 2 -

lie at the very heart of the work product doctrine. *See Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 487-88 (M.D. Tenn. 2018) (CW "identit[ies] . . . [are] protected by the work-product doctrine"). So too do counsel's notes, memoranda, and communications regarding those conversations, as such materials reveal counsel's mental impressions, legal theories, and strategic decisions about which facts and witnesses are most important. *See Hatamian v. Advanced Micro Devices, Inc.*, 2016 WL 2606830, at *2-*3, *6 (N.D. Cal. May 6, 2016) (communications with CWs, interview notes, and witness summaries protected). Indeed, Defendants' authorities recognize that "the manner in which Plaintiffs' counsel characterized or summarized the factual statements constitutes attorney work product." *Weston v. Docusign, Inc.*, 2025 WL 798600, at *2 (N.D. Cal. Mar. 11, 2025); *see BofI*, 2021 WL 3700749, at *6 (notes, memoranda, and communications protected). Production of "verbatim quotes" from CWs was ordered in *Docusign* only after Kessler Topaz voluntarily produced their witness communications and some witnesses were deposed. Prior to that, the court held the "[d]efendants are not entitled to plaintiffs' investigative materials." *Weston v. Docusign, Inc.*, 2024 WL 3446924, at *2 (N.D. Cal. July 15, 2024).

Plaintiffs did not waive work product protection by relying on CWs to satisfy the PSLRA's heightened pleading requirements. To the contrary, because the PSLRA ***compels*** plaintiffs to disclose the factual basis for their allegations, doing so cannot be construed as a voluntary waiver. *See Grae*, 326 F.R.D. at 489. Defendants' authority – *Miller v. Ventro Corp.*, 2004 WL 868202 (N.D. Cal. Apr. 21, 2004) – is not a waiver case, and identification of CWs was ordered because, unlike here, the "[d]efendants [we]re not seeking any documents prepared by counsel," and the plaintiffs could have relied on the CWs "in a class certification motion," "pretrial motions[,] or at trial." *Id.* at *2. Here, Plaintiffs do not intend to rely on the CWs at class certification or trial; thus, work product protection is not waived. *Ferruza v. MTI Tech.*, 2002 WL 32344347, at *5 (C.D. Cal. June 13, 2002) (work product protection of CW identities not waived by inclusion in complaint).

Defendants' claim that they need "to verify CW allegations, and courts have reconsidered prior decisions that relied on false CW information" does not support their

request. *Supra* at 1.  They already moved for reconsideration and lost.  ECF 107, 117.  And their generic claim that they need to "verify CW allegations" confirms this is nothing more than a Fed. R. Civ. P. 11 fishing expedition.  If Defendants actually believed any CW allegation was false, they would have said so.  And if they want to falsely accuse Plaintiffs' counsel of not complying with Rule 11, then they can serve the required notice.  Until then, their "insinuations" provide no basis for forcing Plaintiffs' counsel to disclose their work product. *BofI*, 2021 WL 3700749, at *6.  This motion for CW discovery should be denied.

## CERTIFICATION

The Parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED: June 26, 2025

LATHAM & WATKINS LLP

*/s/ J. Christian Word*
J. CHRISTIAN WORD
ANDREW B. CLUBOK
(Admitted pro hac vice)
J. CHRISTIAN WORD
(Admitted pro hac vice)
SUSAN E. ENGEL
(Admitted pro hac vice)
MATTHEW J. PETERS
(Admitted pro hac vice)
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: 202/637-2200
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

MERYN C.N. GRANT
(Admitted pro hac vice)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: 424/653-5500
meryn.grant@lw.com

JEFF G. HAMMEL
(Admitted pro hac vice)
KALANA KARIYAWASAM
(Admitted pro hac vice)
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212/906-1200
jeff.hammel@lw.com
kalana.kariyawasam@lw.com

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: 602/916-5000
dnorthup@fennemorelaw.com
amarconi@fennemorelaw.com

- 6 -

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, NehaIra Platt, and Greg Sullivan*

DATED: June 26, 2025

DLA PIPER LLP (US)

*/s/ Melanie Walker*
Cameron A. Fine
cameron.fine@us.dlapiper.com
Madeline A. Cordray
madeline.cordray@us.dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
480.606.5100

Melanie Walker (admitted *pro hac vice*)
melanie.walker@us.dlapiper.com
Emma C. Peplow (admitted *pro hac vice)*
emma.peplow@us.dlapiper.com
2000 Avenue of the Stars #400
Los Angeles, California 90067
310.595.3000

Yan Grinblat (admitted *pro hac vice*)
yan.grinblat@us.dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000

*Attorneys for Defendant Ernest Garcia II*

DATED: June 26, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP

*/s/ Erika L. Oliver*
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
BRENT E. MITCHELL
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 8 -