# Exhibit A

LATHAM & WATKINS LLP
Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

*[Additional counsel on signature page]*

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | NO. 2:22-cv-02126-PHX-MTL |
| | **CARVANA DEFENDANTS' FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF SHEPP (NOS. 1-13)** |
| This Document Relates to:<br><br>    All Actions. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, the "Carvana Defendants") propound this First Set of Interrogatories (Nos. 1–13) upon Lead Plaintiff Saskatchewan Healthcare Employees' Pension Plan ("SHEPP"). These Interrogatories must be answered separately and fully in writing and under oath, in accordance with the Definitions and Instructions contained herein, by officers and agents of SHEPP competent to testify on its behalf, within thirty (30) days of service pursuant to the Federal Rules of Civil Procedure and at the office of Latham & Watkins, LLP, 555 Eleventh St NW, Suite 1000, Washington, DC 20004—or at such other time and place as the parties may agree upon.

## **DEFINITIONS**

1.    Notwithstanding any definition set forth below, each word, term, or phrase used in this discovery is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2.    "Action" shall mean the above-captioned legal action *In re Carvana Co. Securities Litigation*, No. 2:22-cv-02126-PHX-MTL, United States District Court, District of Arizona, filed on August 3, 2022.

3.    "Carvana" shall refer to Defendant Carvana Co.

4.    "Complaint" or "Compl." shall refer to the operative Amended Consolidated Complaint (Dkt. 71).

5.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, without limitation, written, oral, or electronic transmissions.

6.    "Concern," "concerning," "reflect," "reflecting," "related," "relating," "relate(s)," "refer," or "referring," and other variations thereof, as used herein shall be construed in their broadest possible sense, and shall mean without limitation and whether in whole or in part: referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising,

2

embodying, identifying, stating, discussing, analyzing, studying, summarizing, dealing with, relating to, or having any logical or factual connection whatsoever with the subject addressed, regardless of whether the factual connection is favorable to or adverse to You.

7.    "Carvana Defendants" shall refer to Carvana and the Individual Carvana Defendants.

8.    "Confidential Witness(es)" or "CW(s)" shall mean any or all of the Persons identified as CW-1, CW-2, CW-3, CW-4, CW-5, CW-6, CW-7, CW-8, CW-9, CW-10, CW-11 and CW-12 in ¶¶ 45-124 of the Complaint.

9.    "Describe" shall mean to recite in writing any and all facts that You or Your counsel have obtained, have access to, and/or are aware of that refer or relate to the subject matter about which an Interrogatory is being made, including without limitation:

(a) the source or sources of each stated fact;

(b) the date upon which You obtained and/or became aware of each stated fact;

(c) the Persons with knowledge of each stated fact;

(d) all Documents that refer to or relate to each stated fact; and

(e) all Communications referring or relating to each stated fact.

10.    "Document" shall mean any written, recorded, filmed or graphic matters, and all "electronically stored information" as described by Federal Rule of Civil Procedure 34 (a)(1)(A), whether produced or reproduced on paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including, but not limited to, memoranda, notes, electronic mail, minutes, records, employment files, case files, pleadings, photographs, slides, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, blueprints, drawings, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of all oral conversations, and work papers, and also including, but not limited to, originals, drafts, and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise.

11. "Identify" when used in reference to a fact shall mean Describe the precise fact, including any references, sources, or publication of that fact. When used in reference to a Document, Identify shall mean to state the date, author, addressor, and/or recipient(s), and state a description of the type of Document (*e.g.*, letter, memorandum, agreement, etc.) or other means of identifying it. When used in reference to allegations or claims in this Action, Identify shall mean to Describe with particularity, including with respect to purported false statements or corrective disclosures, facts and/or Documents underlying Your claims that were not dismissed by the Court's December 16, 2024 Order (Dkt. 105), and which informed the certification required by Fed. R. Civ. P. 11. Whenever requested to Identify a Document, the Document itself may be submitted in lieu of any part of the identification which is apparent from the Document itself. If any such Document exists, but is no longer in Your possession, custody, or control, state which disposition was made of it and its present location and custodian. When used in reference to a Person, Identify shall mean state the following: the full name, including all known aliases, a description of the Person or entity's legal status (*e.g.*, whether a Person, corporation, partnership, etc.), the last known address and telephone number, and any last known employer, job title, and job description.

12. "Individual Defendants" shall refer to Defendants Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan.

13. "Initial Disclosures" shall mean Your initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) that You served on Defendants on February 18, 2025 in this Action, and any subsequent amendments thereof.

14. "Investment Advisor" shall mean any advisor, consultant, or Person that You engaged or retained concerning Transactions in Carvana Securities, including but not limited to Jennison LCG, Neuberger Berman Group LLC, Segal Marco Advisors, T. Rowe Price, Aon, and Baillie Gifford & Co.

15. "Offering" shall mean Carvana's April 26, 2022 public offering of Class A common stock.

4

16.    "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17.    "Securities" shall have the meaning set forth in the Securities Act of 1933, 15 U.S.C. § 77b *et seq.* and as described by the Securities Exchange Act of 1934, 15 U.S.C. § 78c *et seq.*

18.    "SHEPP" shall mean and refer to Saskatchewan Healthcare Employees' Pension Plan, and all of its predecessors, successors, affiliates, parents, and subsidiaries, as well as all agents, Investment Advisors, attorneys, consultants, directors, employees, investors, members, managers, officers, principals, representatives, trustees, and all other Persons acting or purporting to act on behalf of or under the control of the foregoing.

19.    "Transaction(s)" shall mean any purchases, acquisitions, sales, dispositions, tenders, donations, receipt, gifts, transfers, puts, calls, short sales, or any other means by which You, whether for Your own account or benefit or for the account or benefit of any other Person, acquired or disposed of any interest in Securities.

20.    "UANPF" shall mean and refer to United Association National Pension Fund and all of its predecessors, affiliates, parents, and subsidiaries, as well as all agents, Investment Advisors, attorneys, consultants, directors, employees, investors, members, managers, officers, principals, representatives, trustees, and all other Persons acting or purporting to act on behalf or under the control of the foregoing.

21.    "You," and "Your" shall mean and refer to SHEPP and/or UANPF, as defined herein.

## INSTRUCTIONS

1.    These Interrogatories are continuing so as to require prompt supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

2.    Answer each Interrogatory separately and fully in writing under oath. Each Interrogatory shall operate and be responded to independently and, unless otherwise indicated, no Interrogatory limits the scope of any other Interrogatory.

3.    The use of the singular form of any word includes the plural, and vice versa,

5

to bring within the scope of these Interrogatories any information that might otherwise be deemed outside their scope.

4. The conjunctions "and" and "or" shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these Interrogatories any information that might otherwise be deemed outside their scope.

5. "Any" and "all" shall be construed in their broadest form to mean "each" and "every," and vice versa, so as to bring within the scope of these Interrogatories any information that might otherwise be deemed outside their scope.

6. "Including" shall not be used to limit any general category or description that precedes it and shall mean "including without limitation" so as to be inclusive.

7. The present tense shall be construed to include the past tense and vice versa.

8. In responding to these Interrogatories, You are required to furnish all information that is available to You or subject to Your reasonable inquiry, including information in the possession of Your present and former attorneys, accountants, advisors, representatives, agents, employees, or other Persons directly or indirectly employed by or connected with You, and anyone else otherwise subject to Your control. If You cannot fully respond to any Interrogatory after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support any contention that the Interrogatory cannot be answered fully and completely, and state what knowledge, information, or belief You have concerning the unanswered portion of any such Interrogatory.

9. In responding to these Interrogatories, You must Identify and/or Describe with particularity the facts, Documents, or other information requested, and You may not merely reference or direct Defendants to Your Complaint. *See, e.g.*, *Former S'holders of Cardiospectra, Inc. v. Volcano Corp.*, Case No. 12-cv-01535-WHO, 2013 WL 5513275, at \*2 (C.D. Cal. Oct. 4, 2013) (quoting *Logtale, Ltd. v. IKOR, Inc.*, Case No. C-11-05452

CW (DMR), 2013 WL 3967759, at *3 (N.D. Cal. Jul. 31, 2013) (further citations omitted).

10. Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your predecessors and/or successors, as well as to information in the possession of Your officers, directors, agents, employees, Investment Advisors, representatives, and, unless privileged, attorneys. Whenever an answer to these Interrogatories contains information which is not based upon Your personal knowledge, state the source and nature of such information.

11. If any objection is made to any Interrogatory herein, the objection shall state with particularity the basis therefore, and whether responsive information is being withheld on the basis of such objection.  In all events, the Interrogatory shall be answered to the extent not objected to.

12. If any identified Document and/or information was, but no longer is, in Your possession or under Your control, state precisely what disposition was made of it and Identify the Person who ordered or authorized such disposition.

13. If in response to any Interrogatory You do not know all of the facts necessary to provide a complete and specific answer, You should provide an answer to such portion of the Interrogatory as You can, and provide such facts as are known to You and any estimates, approximations, or beliefs that You consider reliable.  Any such estimates, approximations, or beliefs should be clearly denoted as such, and the bases for Your belief in their reliability should be explained.

14. If in answering any of these Interrogatories You encounter any ambiguity in construing the Interrogatory or any definition or instruction relevant to the Interrogatory, set forth the matter deemed ambiguous and the construction selected or used in answering the Interrogatory.

15. If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Interrogatory which is not privileged, and for each item of information contained in a Document or Communication to which a claim of privilege is made, Identify such Document or

7

Communication with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    i.    The basis on which the privilege is claimed;

    ii.    The names and positions of the author of the information;

    iii.    The name and position of each individual or other Person to whom the information, or a copy thereof, was sent or otherwise disclosed and, if not apparent, the relationship of the Persons to the author of the information;

    iv.    The date of the information;

    v.    A description of any accompanying material transmitted with or attached to such information;

    vi.    The number of pages of such Document or information or length of Communication; and

    vii.    A description of the subject matter of the information, including whether any business or non-legal matter is contained or discussed in such information.

**<u>INTERROGATORIES</u>**

**<u>INTERROGATORY NO. 1:</u>**

Identify each Person, including, but not limited to, any Investment Advisor, broker, manager, consultant, or investment management firm, who had any involvement—such as evaluating, discussing, advising, deliberating, deciding, or reviewing—in Your decision whether or not to purchase or sell Carvana Securities.

**<u>INTERROGATORY NO. 2:</u>**

For any Persons You Identified in response to Interrogatory No. 2, Identify the manner in which each Person was involved in Your decision whether or not to purchase or sell Carvana Securities.

**<u>INTERROGATORY NO. 3:</u>**

Identify all sources of information, including, but not limited to, Documents,

Communications, reports, articles, or other investment advice, You reviewed or relied upon in making the decision(s) to purchase or sell Carvana Securities.

**INTERROGATORY NO. 4:**

Identify the name and, if known, contact information for each Confidential Witness, including specifying which number You assigned to each CW.

**INTERROGATORY NO. 5:**

Identify any civil or criminal lawsuits, charges, complaints, proceedings, fines, disciplinary actions, decisions, or judgments filed, issued, or entered against You in any federal, state, or other court, in any arbitration, or by any governmental agency, any stock exchange, or any self-regulating association or organization; any investigations of You by any governmental agency, stock exchange, or self-regulating association or organization; or any sanction imposed on You by any court or regulatory body.

**INTERROGATORY NO. 6:**

Identify by full case name, jurisdiction, and case number each lawsuit, arbitration, bankruptcy, or administrative proceeding in which You have been, are, or sought to be a party, lead plaintiff or class member, including the attorneys who represented You or with whom You consulted about the lawsuit or proceeding, and whether You attempted to be appointed as the lead plaintiff but were unsuccessful.

**INTERROGATORY NO. 7:**

Identify with particularity each statement by Carvana Defendants that You contend was false, misleading, incomplete or otherwise constituted a violation of the Securities Act of 1933.

**INTERROGATORY NO. 8:**

Identify with particularity each statement or deceptive act by Carvana Defendants that You contend was false, misleading, incomplete or otherwise constituted a violation of the Securities Exchange Act of 1934.

**INTERROGATORY NO. 9:**

For each statement You Identified in response to Interrogatory No. 7, state the basis

9

for Your assertion that the statement was false or misleading at the time it was made or performed, including any facts You claim were omitted from a particular statement.

**INTERROGATORY NO. 10:**

For each statement You Identified in response to Interrogatory No. 8, state the basis for Your assertion that the statement was false or misleading at the time it was made or performed, including any facts You claim were omitted from a particular statement.

**INTERROGATORY NO. 11:**

For each allegedly omitted fact You Identified in response to Interrogatory No. 7, state the basis for Your contention that You did not know of that material fact at the time of the Offering.

**INTERROGATORY NO. 12:**

Identify with particularity each fact that You alleged or contend corrected the statements You Identified in response to Interrogatory No. 8, including the specific facts You claim were relevant on August 10, 2021 (Compl. ¶ 311), October 22, 2021 (Compl. ¶¶ 146, 148(f), 179(a), 213(a)(i), 313), June 24, 2022 (Comp. ¶¶ 144, 148(d), 188, 320, 395), and October 7, 2022 (Compl. ¶¶ 148(b), 322, 396).

**INTERROGATORY NO. 13:**

For each allegedly omitted fact You Identified in response to Interrogatory Nos. 9 and 10, Identify when You first learned of that fact.

DATED: March 19, 2025          LATHAM & WATKINS LLP

/s/ Kalana Kariyawasam
Kalana Kariyawasam (*Pro Hac Vice*)
Jeff G. Hammel (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road Suite 600
Phoenix, Arizona  85016
Telephone:  (602) 916-5000
Email:  dnorthup@fennemorelaw.com
Email:  amarconi@fennemorelaw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

11

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111.

On March 19, 2025, I served the following documents described as:

**CARVANA DEFENDANTS' FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF SHEPP (NOS. 1-13)**

by serving a true copy of the above documents by **E-Mail or Electronic Transmission**:

Based on agreement by the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the e-mail address john.eastly@lw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

| | |
|---|---|
| Daniel S Drosman<br>Rachel A, Cocalis<br>Sarah A. Fallon<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>ddrosman@rgrdlaw.com<br>rcocalis@rgrdlaw.com<br>sfallon@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* | ROBERT M. ROTHMAN<br>(Admitted pro hac vice)<br>DAVID A. ROSENFELD<br>(Admitted pro hac vice)<br>BRENT E. MITCHELL<br>(Admitted pro hac vice)<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: 631/367-7100<br>631/367-1173 (fax)<br>rrothman@rgrdlaw.com<br>drosenfeld@rgrdlaw.com<br>bmitchell@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* |
| PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>Susanna M. Buergel (pro hac vice)<br>David P. Friedman (pro hac vice) | FENNEMORE CRAIG, P.C.<br>Douglas C. Northup (No. 013987)<br>Andrea L. Marconi (No. 022577) |

| 1285 Avenue of the Americas New York, New York 10019 Telephone: (212) 373-3000 Email: sbuergel@paulweiss.com Email: dfriedman@paulweiss.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* | 2394 E. Camelback Road Suite 600 Phoenix, Arizona 85016 Telephone: (602) 916-5000 Email: dnorthup@fennemorelaw.com Email: amarconi@fennemorelaw.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* |
|---|---|
| **DLA PIPER LLP (US)** Madeline A. Cordray (Bar No. 035788) madeline.cordray@us.dlapiper.com 2525 East Camelback Road, Suite 1000 Phoenix, Arizona 85016 480.606.5100 Melanie Walker *(pro hac vice)* melanie.walker@us.dlapiper.com 2000 Avenue of the Stars #400, Los Angeles, California 90067 310.595.3000<br><br>*Counsel for Defendant Ernest Garcia II* | **DLA PIPER LLP (US)**<br><br>Yan Grinblat (*pro hac vice*) yan.grinblat@us.dlapiper.com 444 West Lake Street, Suite 900 Chicago, Illinois 60606 312.368.4000<br><br>*Counsel for Defendant Ernest Garcia II* |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 19, 2025**, at San Francisco, California.

*John M. Eastly*

John M. Eastly

13