# Exhibit C

**DLA PIPER LLP (US)**
Madeline A. Cordray (Bar No. 035788)
*madeline.cordray@us.dlapiper.com*
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Tel: 480.606.5100

Melanie Walker (admitted *pro hac vice)*
*melanie.walker@us.dlapiper.com*
2000 Avenue of the Stars #400,
Los Angeles, California 90067
Tel: 310.595.3000

Yan Grinblat (admitted *pro hac vice*)
*yan.grinblat@us.dlapiper.com*
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312.368.4000

Attorneys for Defendant *Ernest Garcia II*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation | ) | CASE NO. 2:22-CV-2126-MTL |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | **DEFENDANT ERNEST GARCIA II'S** |
| | ) | **FIRST SET OF REQUESTS FOR** |
| | ) | **PRODUCTION TO LEAD PLAINTIFFS** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's Scheduling Order, Dkt. 128, Defendant Ernest Garcia II hereby requests that Lead Plaintiffs United Association National Pension Fund ("UANPF") and Saskatchewan Healthcare Employees' Pension Plan ("Shepp", together with UANPF, "Lead Plaintiffs") produce for inspection and copying the documents described below within thirty days after the date of service herein, or as otherwise mutually agreed to between the Parties.

## **DEFINITIONS**

Notwithstanding any definitions below, each word, term, or phrase used in these Requests for Production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. The term "ACTION" means the above-captioned legal action, *In re Carvana Co. Securities Litigation*, No. 2:22-cv-02126-PHX-MTL, currently pending in the United States District Court for the District of Arizona.

2. The term "CARVANA" refers to Defendant Carvana, Co.

3. "COMPLAINT" or "COMPL." refers to the operative Amended Consolidated Complaint (Dkt. 71).

4. The terms "COMMUNICATION" or "COMMUNICATIONS" mean the transmission of information or data in any form, including communications fixed in any tangible medium, e.g., letters, or stored electronically in any format or system, e.g., emails, text messages, iMessage messages, chat messages, Slack messages, Messenger (f/k/a Facebook Chat) messages, WhatsApp messages, GroupMe messages, Telegram messages, Signal messages, or any other form of electronic documents.

5. The terms "DOCUMENT" or "DOCUMENTS" mean the full scope of documents and things discoverable under the Federal Rules of Civil Procedure and shall encompass any form of information (whether electronically stored or otherwise) and any tangible thing. A draft or non-identical copy is a separate document within the meaning of this term.

1

6.      The term "DEFENDANTS" means Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, Greg Sullivan, Citigroup Global Markets, J.P. Morgan Securities LLC, and Ernest Garcia II.

7.      The term "GARCIA SENIOR" means Defendant Ernest Garcia II.

8.      "SHEPP" means Saskatchewan Healthcare Employees' Pension Plan, and all of its predecessors, successors, officers, and directors.

9.      "UANPF" means the United Association National Pension Fund and all of its predecessors, successors, officers, and directors

10.     The terms "YOU" or "YOUR" mean Lead Plaintiffs and their attorneys, investigators, agents, consultants, representatives, or anyone else acting on Lead Plaintiffs' behalf in connection with the Action.

11.     The terms "REGARDING," "REFLECTING" and "RELATED TO" mean constituting or in any way directly or indirectly, concerning, or referring or relating to, reflecting, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, recording, concealing, negating, identifying, supporting, mentioning, or otherwise pertaining to the particular inquiry.

12.     As used in these Requests for Production, "each" means "each and every."

13.     As used in these Requests for Production, "all" means "any and all."

14.     As used in these Requests for Production, "any" means "any and all."

15.     Any verb formed in the present tense shall also be taken in the past, imperfect, and future tenses, and vice versa.

16.     Any word formed in the singular shall also be taken in the plural, and vice versa.

17.     Any sentence or phrase formed in the disjunctive shall also be taken in the conjunctive, and vice versa.

## INSTRUCTIONS

1.      The relevant time period for the Requests is November 1, 2020, to January 1, 2023, unless otherwise specified or agreed by the parties.

2

2.    If there are no responsive DOCUMENTS to any Request or category thereof, state this in writing.

3.    If YOU withhold any DOCUMENT responsive to the Request under a claim of privilege or any other protection, YOU shall, for each such withheld DOCUMENT, provide a description of the DOCUMENT and a statement of the basis upon which the privilege or protection asserted is claimed.  Such description(s) shall be sufficiently detailed to permit GARCIA SENIOR and the Court to evaluate the claim(s) of privilege.

4.    YOU shall produce each DOCUMENT in its entirety, without abbreviation or redaction other than for attorney-client privileged information.

5.    The DOCUMENTS requested include all attachments and enclosures.  If any portion of a DOCUMENT is responsive to a Request, produce the entire DOCUMENT, including all attachments, enclosures, notes and any other matter physically or electronically attached to the DOCUMENT.

6.    DOCUMENTS shall be produced in the format and manner agreed to in the Electronic Discovery Agreement protocol. (*See* Dkt. 137.)

7.    YOU shall produce as a separate DOCUMENT any DOCUMENT that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that DOCUMENT without such marks.

8.    If YOU plan to undertake any procedure or method other than a document-by-document review to identify DOCUMENTS responsive to these Requests, including, but not limited to, predictive coding or other technology-assisted review, YOU must discuss any such procedure or methodology with GARCIA SENIOR prior to implementation to determine whether such procedure or methodology will be sufficient to satisfy the Requests.

9.    Each Request shall be construed according to its own terms, subject to these Definitions and Instructions.  Although some of the Requests may overlap with others, no Request should be read as limiting any other.

3

10.    If, in responding to these Requests, YOU claim any ambiguity in a Request, or in a Definition or Instruction applicable to a Request, such claim shall not be utilized as a basis for refusing to respond, but YOU shall set forth as part of YOUR response the language deemed to be ambiguous, and the interpretation used in responding to the Request.

11.    These discovery Requests are deemed continuing so as to require further and supplemental production if additional DOCUMENTS are received, generated, or discovered after the time of the original production.  If, after responding to these Requests, YOU obtain or become aware of any additional DOCUMENTS that are responsive to any part of any of these Requests, YOU shall promptly produce any additional responsive DOCUMENTS.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS produced by YOU to any other DEFENDANT, irrespective of time period.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS received by YOU in response to any subpoena propounded in this ACTION, irrespective of time period.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS supporting YOUR contention that GARCIA SENIOR acted as a controlling person of CARVANA. (*See* Compl. ¶¶ 351-57.)

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS supporting YOUR contention that GARCIA SENIOR had the power to direct the actions of CARVANA with respect to the acts and conduct complained of in the COMPLAINT and exercised that alleged power. (*See* Compl. ¶¶ 351-57.)

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS supporting YOUR contention that GARCIA SENIOR exercised control over CARVANA'S operations. (*See* Compl. ¶¶ 351-57.)

4

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS supporting YOUR contention that GARCIA SENIOR exercised influence of control over CARVANA'S public disclosures. (*See* Compl. ¶¶ 351-57.)

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS supporting YOUR contention that GARCIA SENIOR exercised influence or control over any of the statements challenged in the COMPLAINT. (*See* Compl. ¶¶ 351-57.)

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS reflecting any statements made by, or information provided by, any Confidential Witness pertaining in any way to GARCIA SENIOR.

**REQUEST FOR PRODUCTION NO. 9:**

All written discovery responses served by YOU on any other DEFENDANT, irrespective of time period.

Dated: March 24, 2025

**DLA PIPER LLP (US)**

**Of Counsel**
Melanie Walker (admitted *pro hac vice*)
melanie.walker@us.dlapiper.com
2000 Avenue of the Stars #400
Los Angeles, California 90067
310.595.3000

By: *s/ Madeline A. Cordray*
Madeline A. Cordray
madeline.cordray@us.dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
480.606.5100

Yan Grinblat (admitted *pro hac vice*)
yan.grinblat@dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000

*Attorneys for Defendant*
*Ernest Garcia II*

# DECLARATION OF SERVICE

I, Emma C. Peplow, not a party to the within action, hereby declare that on March 24, 2025, I served the attached **DEFENDANT ERNEST GARCIA II FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO LEAD PLAINTIFFS** on the parties in the within action by email addresses as follows:

Daniel S. Drosman                                   *Lead Counsel for Plaintiffs*
Tor Gronborg
Erika L. Oliver
Rachel A. Cocalis
Sarah A. Fallon
Robbins Geller Rudman & Dowd LLP
655 West Broadway Suite 1900
San Diego, CA 92101
Email: ddrosman@rgrdlaw.com
      torg@rgrdlaw.com
      eoliver@rgrdlaw.com
      rcocalis@rgrdlaw.com
      sfallon@rgrdlaw.com

Robert M. Rothman                                *Lead Counsel for Plaintiffs*
David A. Rosenfeld
Brent E. Mitchell
Robbins Geller Rudman & Dowd LLP
58 South Service Road Suite 200
Melville, NY 11747
Email: rrothman@rgrdlaw.com
      drosenfeld@rgrdlaw.com
      bmitchell@rgrdlaw.com

Jacob G. Gelman                                  *Lead Counsel for Plaintiffs*
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street Suite 1800
San Francisco, CA 94104
Email: jgelman@rgrdlaw.com

Andrew Friedman                                  *Lead Counsel for Plaintiffs*
Bonnett Fairbourn Friedman & Balint PC
7301 N. 16th Street Suite 102
Phoenix, AZ 85020

6

Email: afriedman@bffb.com

Dinah S. Leventhal                                    *Additional Counsel for Lead Plaintiffs*
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Email: dleventhal@odonoghuelaw.com

Bonnett Fairbourn Friedman & Balint PC     *Local Counsel*
Andrew Friedman
7301 N. 16th Street, Suite 102
Phoenix, AZ 85020
Email: afriedman@bffb.com

Jeff G. Hammel                                        *Counsel for Defendants*
Kalana Kariyawasam
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Email: jeff.hammel@lw.com
        kalana.kariyawasam@lw.com

Andrew B. Clubok                                      *Counsel for Defendants*
Susan E. Engel
Matthew J. Peters
J. Christian Word
Latham & Watkins LLP
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004
Email: andrew.clubok@lw.com
        susan.engel@lw.com
        matthew.peters@lw.com
        christian.word@lw.com

Douglas C. Northup                                    *Counsel for Defendants*
Andrea L. Marconi
Fennemore Craig, P.C.
2394 E. Camelback Road Suite 600
Phoenix, AZ 85016
Email: dnorthup@fennemorelaw.com
        amarconi@fennemorelaw.com

7

Susanna M. Buergel                                              *Counsel for Defendants*
David P. Friedman
Kristina A. Bunting
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Email: sbuergel@paulweiss.com
      dfriedman@paulweiss.com
      kbunting@paulweiss.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 24, 2025, at Los Angeles, CA.

*s/ Emma C. Peplow*