**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Defendants. | |

Pending before the Court are the parties' "Joint Discovery Motion" pertaining to disputed Requests for Production (doc. 154) and "Joint Motion Regarding Plaintiffs' Rule 37(a)(3)(A) Motion to Compel Initial Disclosures" ("Joint Motion to Compel Disclosures") (doc. 155). On June 23, 2025, the parties appeared for a discovery conference and these motions were addressed.

**I.      Joint Discovery Motion.**

**a.  The Parties' Arguments.**

The parties disagree on the scope of the case. On December 16, 2024, U.S. District Judge Michael T. Liburdi issued a 73-page order granting, in part, Defendants' Motions to Dismiss Plaintiffs' Amended Consolidated Complaint (the "MTD Order"). (Doc. 105.) Defendants argue the MTD Order limited the scope of the case to Carvana's false statements regarding compliance with state and local title and registration laws. (Doc. 154 at 3-4.) Defendants argue that, under the "maker liability" theories Plaintiff advanced under SEC Rule 10b-5, 17 C.F.R. § 240.10b-5(b), the Court limited the scope of the case

to two categories of actionable statements: title and registration and retail unit sales. (Doc. 155 at 4.) Plaintiffs allege two specific Carvana statements regarding retail unit sales were misleading because Carvana failed to disclose five discrete "unsustainable business practices" as drivers of sales growth: (1) selling vehicles in violation of title and registration laws; (2) pursuing sales in less profitable markets; (3) lowering purchasing and verification standards; (4) artificially lowering prices to seek less profitable sales; and (5) entering a "sham pass-through arrangement with DriveTime." (*Id.*) Defendants argue the Court found "that all but title and registration issues were disclosed and not a basis for liability." (*Id.*) Defendants further claim that Plaintiff's "scheme liability" theory under 17 C.F.R. § 240.10b-5(a) and (c) is coextensive with Plaintiff's maker liability claim because the Court found the underlying allegation of false statements supporting the scheme claim was based solely on the same statements the Court upheld under the maker liability claim: title and registration, and retail sales unit growth. (*Id.*) Finally, Defendants note that the Court held that only four media reports pertaining to title and registration issues were sufficient to satisfy the element of loss causation required for both maker and scheme claims. (*Id.* at 5.)

Plaintiffs argue that several other "unsustainable business practices" are still on the table. (*Id.* at 1-3.) Plaintiffs claim that Defendants "fundamentally misread the MTD Order" by claiming the Court found the other unsustainable business practices were fully disclosed. (*Id.* at 2.) Plaintiffs cite the language in the MTD Order, noting that Judge Liburdi found that Carvana's statements pertaining to retail unit sales were misleading because Carvana "omit[ted] the impact of these undisclosed other drivers of its growth." (*Id.* at 2) (cleaned up). Plaintiffs note Judge Liburdi did *not* hold that other disclosures negated "the collective, negative impact of these unsustainable practices as drivers of purported growth." (*Id.*) Plaintiffs further note the Court held Defendants' "truth on the market" defense was "better reserved for summary judgment[,]" and that the scheme claims against the Carvana Defendants—"which rest on numerous artifices"—were also upheld by the Court. (*Id.* at 2-3.) Even under Defendants' interpretation of the MTD

Order, Plaintiff's urge, the sought-after discovery is still relevant under Rule 26(b)(1), Federal Rules of Civil Procedure, and it is the relevance of the discovery, and not a narrowly construed interpretation of the surviving claims, that governs the scope of permissible discovery. (*Id*.)

**b. Analysis.**

As to Plaintiff's "maker liability" claims, Judge Liburdi held that eight statements pertaining to title and registration were actionably misleading. (Doc. 105 at 20.) Judge Liburdi further held that two statements concerning Carvana's retail unit sales were actionably misleading because Carvana had attributed favorable sales results to stock demand and business expansion without disclosing "other drivers of []growth." (*Id*. at 25.) The other drivers or "artifices" Plaintiff identified in the Amended Consolidated Complaint extend beyond Carvana's violation of title and registration laws and include "less profitable sales" in "markets with lower profitability"; Carvana's lowered purchasing and verification standards; and "sales that were less profitable in the immediate period." (Doc. 71 at 143.) In the MTD Order, the Court acknowledged that some of these alleged artifices had already been disclosed to investors in various ways, but the Court also held that "some of Carvana's other expansion practices," including title and registration issues, "may not have been known to investors until a later date." (Doc 105 at 25.) Since the statements went beyond merely describing historical sales results and falsely attributed Carvana's retail unit sales to certain factors, such as a "strong demand for [Carvana's] offering" and "rapid growth," Carvana needed to disclose negative information pertaining to those factors. (Doc. 105 at 25) (quoting *In re Apple Inc. Sec. Litig.*, No. 19-CV-02033-YGR, 2020 WL 2857397, at *10 (N.D. Cal. June 2, 2020)). The Court could have held those statements were misleading only to the extent Defendants failed to publicly attribute retail unit sales growth to Carvana's disregard for state title and registration laws, but the Court did not. (*Id*.)

The Court further held that the scienter requirement was satisfied under the Core Operations doctrine, as "'it would be absurd to suggest' that [Defendants] Garcia Junior

and Jenkins did not know of Carvana's title and registration issues, *as well as the drivers of its retail unit sales*." (*Id*. at 50) (emphasis added). The Court was clear it considers the drivers of Carvana's retail unit sales as an issue distinct from Carvana's violation of state title and registration laws.

The Court also could have held Plaintiff's scheme claims survived only to the extent they were based on title and registration issues, but the Court did not. (*Id*. at 40.) No aspect of the scheme claim—including those related to other purported drivers of Carvana's retail unit sales—was expressly dismissed by the Court. (*Id*. at 57, 72.)

The Court finds the MTD Order does not expressly foreclose investigation into the other drivers of Carvana's retail unit sales. The Court agrees with Plaintiff that, even if one were to accept Defendants' interpretation of the MTD Order, that does not necessarily resolve the issue in Defendants' favor. "[T]he allegations in a complaint generally dictate what evidence is discoverable . . . [but] the scope of permissible discovery is not based solely on whether a transaction is expressly mentioned in the complaint. The proper inquiry instead is whether the information sought is relevant to the parties' claims and defenses and proportional to the needs of the case." *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1005 (S.D. Cal. 2021) (quotations and citations omitted). Accordingly, the Court will grant the Joint Discovery Motion in Plaintiff's favor.[1] Allowing broader discovery is pragmatic under the circumstances—given the parties' disagreement on the scope of the issues—and commensurate with the "broad right of discovery" contemplated in the Federal Rules. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008) ("The scope of discovery permissible under Rule 26 should be liberally construed[.]"). The parties can raise disputes pertaining to any specific discovery in the normal course, and the Court will continue to weigh the parties' need for this discovery

---

[1] At the hearing, the parties did not address any specific, disputed Request for Production ("RFP")—only the broader scope of the issues in the case. Accordingly, this Order should not be interpreted as requiring the disclosure or inspection of specific documents or items in response to any specific RFP. This Order addresses only whether Plaintiffs may seek discovery more broadly into the other purported drivers of Carvana's retail unit sales.

- 4 -

against the proportionality, cost, burden of production or disclosure, and importance in resolving the core issues in the case. Fed. R. Civ. P. 26(b)(1). As discussed at the hearing, the parties are at liberty to meet, confer, and appeal this decision. Defendants will be given 14 days to appeal this ruling, and Plaintiffs 14 days to respond.

## II.    Joint Motion to Compel Disclosures.

### a.  The Parties' Arguments.

Before the Court is a Joint Motion Regarding Plaintiffs' Rule 37(a)(3)(A) Motion to Compel Initial Disclosures. (Doc. 155.) The motion asks the Court to decide when Defendant Ernest Garcia II ("Garcia Sr.") is required to "disclose the individuals who form the basis for his affirmative defenses." (*Id*. at 2.) After a discussion with the parties, all have agreed that Garcia Sr. will disclose any affirmative defense witness by December 31, 2025.

By way of background, Plaintiff noted that Garcia Sr. asserted in his Answer that he "'relied in good faith on the representations, reports, expert opinions, and advice of others.' ECF 114 at 396 (Twelfth Defense)." (Doc. 155 at 2.) Plaintiff correctly stated that Federal Rule of Civil Procedure 26(a)(1) requires a party to disclose "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." (*Id*.) Plaintiff asserts that when Garcia Sr. was asked "whether he intends to rely solely on the individual defendants or if he did, in fact, rely on the expert opinions, legal advice, or reports and representations of other unnamed individuals," Garcia Sr. did not provide a complete response. Garcia Sr. responds that his "initial disclosures contain the names of individuals known to him at this time on whom he may rely." (*Id*. at 4.) "However, because he was not involved in Carvana's operations or public statements, does not have access to Carvana's documents, and the events at issue took place over four years ago, Mr. Garcia Sr. reserves the right to supplement his disclosures as discovery and his investigation continue." (*Id*.)

//

**b. Analysis.**

The Court concludes that Garcia Sr. should be afforded the opportunity to review discovery in this case prior to completing his disclosures. But the Court has a duty to administer the case to prevent undue delay and expense. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). So, the parties' agreement, on the record, that Garcia Sr. "provide complete disclosures identifying all individuals (including experts and non-defendants) whom he is aware of and may support his Twelfth Defense" by the end of year is a proper resolution of the Motion.

After discussion with the parties, the Court will set a deadline to disclose the identities of all individuals Defendant Garcia Sr. relied upon in alleging his twelfth affirmative defense.

Accordingly,

**IT IS ORDERED** the parties' Joint Discovery Motion (doc. 154) is hereby **GRANTED** in Plaintiffs' favor to the extent described in this Order.

**IT IS FURTHER ORDERED** the parties' Joint Motion to Compel Disclosures (doc. 155) is **GRANTED** to the extent described in this Order.

**IT IS FURTHER ORDERED** that, on or before **December 31, 2025**, Defendant Garcia Sr. shall propound full and complete disclosures of the identities of any individuals he intends to rely upon in support of his twelfth affirmative defense.

Dated this 1st day of July, 2025.

_____
Honorable John Z. Boyle
United States Magistrate Judge

- 6 -