ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| | JOINT DISCOVERY MOTION |
| This Document Relates To: | **ORAL ARGUMENT REQUESTED** |
| All Actions. | |

Pursuant to ¶¶3(b) and 6 of the Court's February 26, 2025 Scheduling Order (ECF 128), Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") and Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, the "Defendants" or "Carvana Defendants") submit this motion concerning a dispute regarding the collection, review, and production of hyperlinked documents.

## I.      PLAINTIFFS' ARGUMENT

In securities litigation, establishing who knew what and when is paramount. Defendants, who used Google Workspace, now insist on producing historically inaccurate versions of hyperlinked documents (commonly referred to as "modern attachments") from years after they were sent. This violates their discovery obligations because it is feasible to collect contemporaneous versions – that is, versions as they existed when the email was sent. Ex. 1, ¶¶11-12, 17. Compounding the issue, Defendants refuse to produce all hyperlinked documents alongside their parent emails and plan to review for relevance independently, severing critical evidentiary context. The Court should compel their production.

***First***, Defendants refuse to produce the version that existed when ***the email was sent***, even though readily available tools identify it automatically. Ex. 1, §III (explaining the feasibility). Instead, they offer only the ***current*** version, often edited years later – misrepresenting what the recipient actually saw. *Id.*, ¶¶8-9. The modern and correct approach, adopted by courts facing this exact issue, is to compel the production of contemporaneous versions where feasible. *See, e.g.*, *In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, 2024 WL 1772832, at *2, *4, *6 (N.D. Cal. 2024); *Uber*, 2025 WL 678543, at *1 (N.D. Cal. 2025); *Shenwick v. Twitter, Inc.*, 2018 WL 5735176, at *1 (N.D. Cal. 2018). Defendants' technical objections to one possible tool for collection – FEC – are baseless and directly refuted by Plaintiffs' expert. Ex. 1, ¶18. While Defendants contend that the production of contemporaneous versions is unprecedented, courts have ordered it despite identical objections from Ms. Brown, who concedes that vendor processes must evolve with modern tools. *Id.* Defendants fail to satisfy their burden on proportionality and undue

burden, offering only speculation about irrelevant outliers (Ex. 2 at 2), and they concede that the actual burden is a mere 10 hours of additional work per custodian (Defs' Ex. 2, ¶21) – hardly a basis to withhold probative evidence central to key issues in the case.

*Second*, Defendants propose to sever modern attachments from their parent emails and review them independently for relevance – destroying the context necessary to understand the communication. Ex. 3 at 3. It is "well settled" that where responsive emails are produced, a party "must also produce any linked attachments, notwithstanding its contentions that those attachments may be irrelevant." *Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, 2020 WL 13311682, at *5 (C.D. Cal. 2020) (requiring production of hyperlinked documents alongside source emails, regardless of content-based objections). Defendants' claim that hyperlinked files are not attachments is a semantic distinction modern courts reject, recognizing that an "email message with a hyperlinked document may reflect a logical single communication." *See Uber*, 2024 WL 1772832, at *2, *6 (defining attachments to include modern attachments); *see also Uber*, 2025 WL 678543, at *1 (same) *IQVIA, Inc. v. Veeva Sys., Inc.*, 2019 WL 3069203, at *5 (D.N.J. 2019) (holding linked documents are like attachments and must be produced with their email); *Shenwick*, 2018 WL 5735176, at *1 (same). Defendants' position is unavailing: the cases they cite are readily distinguishable, and their interpretation conflicts with authority requiring production of hyperlinked documents when they function as attachments. Ex. 2 at 3-4. The Court should compel Defendants to produce emails and linked documents together if either is responsive.

## II.     DEFENDANTS' ARGUMENT

Defendants have adhered to eDiscovery industry standards, using tools native to Carvana's Google Workspace to collect emails, documents, and other data. Ex. 1 ¶¶ 9, 20, 27, Ex. 2 ¶ 25. This collection includes hyperlinked documents—i.e., Google Drive documents referenced in emails by hyperlinks ("Linked Documents")—which differ from traditional document attachments and present unique eDiscovery challenges. Ex. 1 ¶¶ 10-17. Now, Plaintiffs seek to compel Defendants to adopt Plaintiffs' preferred methodology and (non-standard, inferior) third-party software, FEC, to try to obtain versions of unidentified

Linked Documents that may not exist or be collectible. Notably, **no** court has **ever** ordered a defendant to use FEC, despite plaintiffs advocating for FEC for years.

FEC is not the panacea Plaintiffs claim. FEC *cannot* reliably collect the version of Linked Documents that Plaintiffs are seeking. *E.g.*, Ex. 1 ¶ 26; Ex. 2 ¶¶ 13-18. FEC has serious limitations that cause it to create inaccurate Linked Documents that may be produced. *E.g.*, Ex. 2 ¶ 16. They also make it uncertain which or how many Linked Documents or versions it can reliably collect, or if they differ from those Defendants collected already. *E.g.*, *id.* ¶ 17. Two certainties exist: (1) any Linked Documents FEC obtains will be incapable of authentication and without evidentiary value; (2) using FEC as demanded would require Carvana's eDiscovery vendor to abandon its standard practices and to develop new, untested procedures that might not work. This demand is unprecedented, unduly burdensome, and disproportionate to this case's needs, and unnecessary.  Plaintiffs have not yet received any produced emails containing hyperlinks, *Nichols v. Noom Inc.*, 2021 WL 948646 at *3 (S.D.N.Y. Mar. 11, 2021) ("At this point it is entirely speculative how many underlying hyperlinked documents are relevant and material to this case."), and Defendants agree to meet and confer about targeted requests for specific versions of specific Linked Documents identified during discovery. Ex. 4 at 5.

Plaintiffs assert Defendants plan "to assess the relevance of hyperlinked documents only if they deem the parent email relevant first." Not true. Defendants are independently reviewing Drive documents, including Linked Documents, for production alongside emails. Also, Defendants agreed to create an overlay with extra information about Linked Documents and the emails containing them. Ex. 3 at 5-6. Plaintiffs seem to advocate treating Linked Documents as traditional attachments, which is not supported by the ESI Order, Dkt. 137, ignores critical differences between Linked Documents and attachments, Ex. 1 ¶ 10-17, Ex. 2 ¶ 22, and is contrary to relevant case law.  *Noom*, 2021 WL 948646, at *4 ("the Court does not agree that a hyperlinked document is an attachment"); *In re StubHub Refund Lit.*, 2024 WL 2305604, at *2 (N.D. Cal. April 23, 2024) ("linked-to documents are *not* attachments"); *In re Insulin Pricing Lit.*, 2024 WL 2808083, at *7 (D.N.J. May 28, 2024)

(same); *In re Meta Pixel Healthcare Lit.*, 2023 WL 4361131, at *1 (N.D. Cal. June 2, 2023) ("ESI protocol should make clear that hyperlinked documents are not treated as conventional attachments"); *see also In re Uber*, 2024 WL 1772832 at *2 ("a hyperlinked document … is not readily available for production in the same manner that traditional email attachments could be produced").

**CERTIFICATION**

The parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED:  July 24, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)

*/s/ Daniel S. Drosman*

DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

DATED:  July 24, 2025

LATHAM & WATKINS LLP
ANDREW B. CLUBOK
(Admitted *pro hac vice*)
J. CHRISTIAN WORD
(Admitted *pro hac vice*)
SUSAN E. ENGEL
(Admitted *pro hac vice*)
MATTHEW J. PETERS
(Admitted *pro hac vice*)

    */s/ Matthew J. Peters* (with permission)
       MATTHEW J. PETERS

- 5 -

555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004
Telephone: 202/637-2200
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

MERYN C.N. GRANT
(Admitted *pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
Telephone: 424/653-5500
meryn.grant@lw.com

JEFF G. HAMMEL
(Admitted *pro hac vice*)
KALANA KARIYAWASAM
(Admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY  10020
Telephone: 212/906-1200
jeff.hammel@lw.com
kalana.kariyawasam@lw.com

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ  85016
Telephone:  602/916-5000
northup@fennemorelaw.com
amarconi@fennemorelaw.com

Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan