ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | JOINT DISCOVERY MOTION REGARDING RELEVANT TIME PERIOD |
| All Actions. | **ORAL ARGUMENT REQUESTED** |

Pursuant to ¶¶3(b) and 6 of the Court's February 26, 2025 Scheduling Order (ECF 128), Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") and Citigroup Global Markets Inc. ("Citigroup"), J.P. Morgan Securities LLC ("JP Morgan") (together, the "UW Defendants"), Ernest Garcia II ("Garcia Sr."), Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (together, "Carvana Defendants") (collectively, with the UW Defendants and Garcia Sr., the "Defendants") submit this motion concerning a dispute regarding the relevant time period for discovery ("Relevant Period") in connection with Lead Plaintiffs' First Set of Requests for Production of Documents to the Defendants ("RFPs") (ECF 154, Exs. 1-4).[1]  Plaintiffs and the UW Defendants do ***not*** have a dispute regarding the start date of the Relevant Period for the UW Defendants of July 1, 2021.

## I.    PLAINTIFFS' ARGUMENT

Discovery "before and after the class period began is . . . relevant to Defendants' knowledge," is "proportional to the needs of the case," and provides necessary "'context.'" *Karinski v. Stamps.com, Inc.*, 2020 WL 5084093, at \*2 (C.D. Cal. 2020) (citation omitted). Until a few days ago, Defendants proposed the Relevant Period begin on July 1, 2020, ***seven months before*** their invented, truncated class period.  *See* Pl. Ex. 1 at 3; ECF 118 at 6 (wrongly claiming class period starts in February 2021).  But after this Court held "[n]o aspect of the scheme claim . . . was expressly dismissed" (ECF 173 at 4), Defendants now propose that discovery start just ***five days before*** the ***actual*** Class Period.  Defendants also seek to cut off discovery shortly after the last upheld corrective disclosure – offering no facts to support their generic burden claims or any reason to depart from well-settled law.  *See Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 98 (D. Ariz. 2022) (rejecting burden argument where defendant "fail[ed] to articulate how the factors relevant to burden . . . play out in this case").  Plaintiffs offered to compromise – reducing their start date by two months if

---

[1]    Capitalized terms that are not defined herein have the same meaning as in the Joint Proposed Case Management Report.  ECF 118.

Defendants extend their end date by two months – but Defendants refused. Defs.' Ex. 1. Plaintiffs request the Court adopt a Relevant Period of ***November 1, 2019 to April 1, 2023***.

***The Relevant Period should begin six months before May 6, 2020, the beginning of the Class Period***. By then, Carvana, Garcia Jr., and Jenkins's fraudulent scheme was already underway. ACC, ¶¶1, 125-172. Jenkins and Garcia Jr. were discussing violations of title and registration laws in Board meetings as early as July 2020. ACC, ¶¶148(i), 149; *see* MTD Order at 13. Courts routinely allow discovery beginning well before a class period under these circumstances. *See Karinski*, 2020 WL 5084093, at *2 (over a year before); *Sayce v. Forescout Techs., Inc.*, 2024 WL 169585, at *1 (N.D. Cal. 2024) (same). Defendants don't address this authority or their own prior position that Plaintiffs were entitled to seven months of pre-class discovery. Instead, they fixate on their assertion that "'scheme' conduct" occurred in July 2020. But if Carvana's Board was discussing misconduct in July 2020, logic dictates the violations were already occurring. Their cited authorities are inapposite or involve concessions by plaintiffs. *See Wachovia Sec., L.L.C. v. Neuhauser*, 2005 WL 8178337, at *2 (N.D. III. May 10, 2005) (start date not disputed).

***The Relevant Period should extend through April 1, 2023***. Courts recognize that discovery "after the class period" is relevant to scienter, falsity, and context. *See Karinski*, 2020 WL 5084093, at *2 (eight months of post-class discovery); *Sayce*, 2024 WL 169585, at *1 (seven months); *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 1812822, at *6 (S.D. Cal. 2021) (eight months as "documents created after the alleged fraud was revealed may be relevant"). That principle applies fully here: April 1, 2023 is only ***37 days*** after the last "subsequent" event alleged under the Securities Act claims (ACC, ¶398), and less than six months after the final corrective disclosure (*id.*, ¶322). Post-Class admissions by Defendants further confirm the fraud. *E.g., id.*, ¶¶170, 398. Defendants ignore that the Court rejected their causation arguments as to the Securities Act claims. ECF 105 at 68-69. Even under Defendants' flawed reading of the MTD Order, post-Class discovery is warranted: this Court made clear that discovery may reach beyond surviving claims. ECF 173 at 3.

## II.      DEFENDANTS' ARGUMENT

This dispute is over how much time before and after Plaintiffs' asserted class period (May 6, 2020, to October 7, 2022) is appropriate for discovery. Defendants believe just a few months of discovery on either end of the class period is appropriate while Plaintiffs request several months.  Plaintiffs' requests sought discovery between November 1, 2019, and April 1, 2023. But as reflected in Plaintiffs' position statement, the very earliest "scheme" conduct Plaintiffs can identify occurred in July 2020. So initially, Defendants proposed a discovery period starting on July 1, 2020. For the end date, Defendants proposed December 31, 2022, which is nearly three months after the last upheld corrective disclosure. *See Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *2 (N.D. Cal. 2015) ("Plaintiffs have not explained why discovery through April 1, 2013 is relevant, given that the putative Class Period ended on October 18, 2012—more than five months earlier. . . . [T]wo and a half months should be sufficient to give context.").

Following this Court's scope order (ECF 173), Defendants offered for the discovery period to begin May 1, 2020. Ex. 1 at 2-3. Plaintiffs refused, offering a discovery period of January 1, 2020, through February 28, 2023. *Id.* at 2. To avoid the need to raise a dispute with the Court, Defendants offered yet another compromise: Defendants would accept Plaintiffs' proposed start date of January 1, 2020 but the period would still end on December 31, 2022, with the option for the parties to meet and confer further if discovery revealed a basis for a more expansive period. *Id.* at 1, 3. Plaintiffs refused. *Id.* at 1. Plaintiffs have not and cannot articulate any reason specific to this case that justifies a discovery period beginning before January 2020 and extending after December 2022. Judge Liburdi already held that the "subsequent" events referenced in Plaintiffs' position statement did not "relate back to the misrepresentation[s]" or alleged scheme. MTD Order at 54-55.

Defendants maintain that May 2020 is an appropriate start point, as that is "when the scheme is alleged to have begun." *Wachovia Sec. v. Neuhauser*, 2005 WL 8178337 (N.D. Ill. 2005); *Apsley v. Boeing Co.*, 2007 WL 163201, at *3 (D. Kan. 2007) (discovery should start at "earliest date of [the alleged] scheme"). Nevertheless, Defendants would accept a start

date from earlier in 2020 at the Court's discretion. But Defendants draw the line at Plaintiffs' disregard of the Court's MTD Order with respect to discovery past 2022. Each additional month implicates tens of thousands of documents in review burdens for Defendants—burdens courts regularly hold "overly burdensome," *Monster Energy Co. v. Vital Pharms.*, 2021 WL 1234723, at *5 (C.D. Cal. 2021), or even "harassing," *Greene v. Cal. Dept. of Corrections*, 2025 WL 790498, at *6 (E.D. Cal. 2025).

As to UW Defendants, Plaintiffs' proposed April 1, 2023 end date is nearly a year beyond the April 2022 offering. Plaintiffs provide no basis for their speculation that documents in the UW Defendants' possession from 2023 relate to their claims. UW Defendants' last proposed end date to Plaintiffs of October 31, 2022—over six months after the offering—is more than adequate. Further, Defendants have committed that to the extent Plaintiffs are later able to articulate a factual basis to believe that discovery from a more expansive timeframe is necessary, the parties should revisit the Relevant Period. Thus, there is no reason to employ Plaintiffs' overbroad period at this stage.

## CERTIFICATION

The parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED:  July 24, 2025

ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)

*/s/ Daniel S. Drosman*
DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 5 -

DATED:  July 24, 2025

LATHAM & WATKINS LLP
ANDREW B. CLUBOK
(Admitted *pro hac vice*)
J. CHRISTIAN WORD
(Admitted *pro hac vice*)
SUSAN E. ENGEL
(Admitted *pro hac vice*)
MATTHEW J. PETERS
(Admitted *pro hac vice*)

*/s/ Matthew J. Peters*  (with permission)
MATTHEW J. PETERS

555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004
Telephone: 202/637-2200
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

MERYN C.N. GRANT
(Admitted *pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
Telephone: 424/653-5500
meryn.grant@lw.com

JEFF G. HAMMEL
(Admitted *pro hac vice*)
KALANA KARIYAWASAM
(Admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY  10020
Telephone: 212/906-1200
jeff.hammel@lw.com
kalana.kariyawasam@lw.com

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ  85016
Telephone:  602/916-5000
northup@fennemorelaw.com
amarconi@fennemorelaw.com

- 6 -

Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan

DLA PIPER LLP (US)
CAMERON A. FINE
cameron.fine@us.dlapiper.com
MADELINE A. CORDRAY
madeline.cordray@us.dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, AZ  85016
Telephone: 480/606-5100

DATED:  July 24, 2025    DLA PIPER LLP (US)
MELANIE WALKER (admitted *pro hac vice*)
melanie.walker@us.dlapiper.com
EMMA C. PEPLOW (admitted *pro hac vice*)

_/s/ Melanie Walker_  (with permission)
MELANIE WALKER

emma.peplow@us.dlapiper.com
2000 Avenue of the Stars #400
Los Angeles, CA  90067
Telephone: 310/595-3000

DLA PIPER LLP (US)
YAN GRINBLAT (admitted *pro hac vice*)
yan.grinblat@us.dlapiper.com
444 West Lake Street, Suite 900
Chicago, IL  60606
Telephone: 312/368-4000

Attorneys for Defendant Ernest Garcia II

DATED:  July 24, 2025

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
SUSANNA M. BUERGEL (admitted *pro hac vice*)
DAVID P. FRIEDMAN (admitted *pro hac vice*)
KRISTINA A. BUNTING (admitted *pro hac vice*)

*/s/ David P. Friedman*  (with permission)
DAVID P. FRIEDMAN

1285 Avenue of the Americas
New York, NY  10019
Telephone: 212/373-3553
sbuergel@paulweiss.com
dfriedman@paulweiss.com
kbunting@paulweiss.com

Attorneys for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)

2394 E. Camelback Road, Suite 600
Phoenix, AZ  85016
Telephone:  602/916-5000
northup@fennemorelaw.com
amarconi@fennemorelaw.com