# <u>Exhibit 1</u>

| | |
|---|---|
| **From:** | Rachel Cocalis <RCocalis@rgrdlaw.com> |
| **Sent:** | Monday, July 21, 2025 4:44 PM |
| **To:** | Kariyawasam, Kalana (NY); Peters, Matthew (DC); Lea Bays; Tor Gronborg; Erika Oliver; Dan Drosman; David Rosenfeld; Robert Rothman; Sarah Fallon; Katie Woods; Matthew Balotta |
| **Cc:** | Clubok, Andrew (DC); Hammel, Jeff (NY); Engel, Susan (DC); Word, Christian (DC); Grant, Meryn (CC); Salazar, Natalie (CH); Melanie.Walker@us.dlapiper.com; Yan.Grinblat@us.dlapiper.com; sbuergel@paulweiss.com; mpisem@paulweiss.com; dfriedman@paulweiss.com; Kurpad, Harsha (DC); Eastly, John (SF) |
| **Subject:** | RE: In re Carvana Securities Litigation |

Kalana,

As you know, Plaintiffs are entitled to discovery before the Class Period and, thus, Defendants' July 17 proposal – which proposed that the relevant period begin a mere five days before the Class Period – was not a reasonable or realistic proposal. Thereafter, Plaintiffs made a proposal where both parties had to compromise from their respective positions. Rather than agree to that final compromise, however, Defendants demanded that Plaintiffs shorten their proposed Relevant Period on the front-end, while they simultaneously refused to compromise whatsoever on their proposed back-end. That is not a compromise. Accordingly, as stated previously, "to the extent that the Carvana Defendants and Garcia Sr. do not agree to Plaintiffs' proposed compromise, Plaintiffs will seek discovery for the Relevant Period identified in their 7.16.25 draft Joint Discovery Motion as it is supported by a wealth of authority and Plaintiffs' upheld allegations."

Thanks,
Rachel

**From:** Kalana.Kariyawasam@lw.com <Kalana.Kariyawasam@lw.com>
**Sent:** Monday, July 21, 2025 2:30 PM
**To:** Rachel Cocalis <RCocalis@rgrdlaw.com>; Matthew.Peters@lw.com; Lea Bays <LBays@rgrdlaw.com>; Tor Gronborg <TorG@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; David Rosenfeld <drosenfeld@rgrdlaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Sarah Fallon <SFallon@rgrdlaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Matthew Balotta <MBalotta@rgrdlaw.com>
**Cc:** Andrew.Clubok@lw.com; Jeff.Hammel@lw.com; Susan.Engel@lw.com; Christian.Word@LW.com; Meryn.Grant@lw.com; Natalie.Salazar@lw.com; Melanie.Walker@us.dlapiper.com; Yan.Grinblat@us.dlapiper.com; sbuergel@paulweiss.com; mpisem@paulweiss.com; dfriedman@paulweiss.com; Harsha.Kurpad@lw.com; John Eastly <john.eastly@lw.com>
**Subject:** RE: In re Carvana Securities Litigation

EXTERNAL SENDER
Rachel,

As a proposed compromise, Carvana Defendants and Garcia Sr. are willing to accept Plaintiffs' proposed start date for the Relevant Period (January 1, 2020) so long as Plaintiffs accept our proposed end date of December 31, 2022. That end date is nearly three months after the last upheld corrective disclosure and the end of Plaintiffs' asserted class period on October 7, 2022.

Please let us know if you agree as soon as possible.

1

Thanks,

**Kalana Kariyawasam**
Pronouns: He/Him/His

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.303.2837

---

**From:** Rachel Cocalis <RCocalis@rgrdlaw.com>
**Sent:** Friday, July 18, 2025 2:03 PM
**To:** Peters, Matthew (DC) <Matthew.Peters@lw.com>; Lea Bays <LBays@rgrdlaw.com>; Tor Gronborg <TorG@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; David Rosenfeld <drosenfeld@rgrdlaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Sarah Fallon <SFallon@rgrdlaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Matthew Balotta <MBalotta@rgrdlaw.com>
**Cc:** Clubok, Andrew (DC) <Andrew.Clubok@lw.com>; Hammel, Jeff (NY) <Jeff.Hammel@lw.com>; Engel, Susan (DC) <Susan.Engel@lw.com>; Word, Christian (DC) <Christian.Word@LW.com>; Grant, Meryn (CC) <Meryn.Grant@lw.com>; Kariyawasam, Kalana (NY) <Kalana.Kariyawasam@lw.com>; Salazar, Natalie (CH) <Natalie.Salazar@lw.com>; Melanie.Walker@us.dlapiper.com; Yan.Grinblat@us.dlapiper.com; sbuergel@paulweiss.com; mpisem@paulweiss.com; dfriedman@paulweiss.com; Kurpad, Harsha (DC) <Harsha.Kurpad@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>
**Subject:** RE: In re Carvana Securities Litigation

Matt - For the reasons stated in our position statement in the 7.16.25 draft Joint Discovery Motion, Plaintiffs cannot agree to the Carvana Defendants' and Garcia Sr.'s proposal. That said, to avoid burdening the Court with another dispute, and without waiver to seek more expansive discovery for certain requests and/or based upon facts later learned through discovery, Plaintiffs make the following *final* good-faith offer of compromise: Plaintiffs will reduce their proposed start date for the Relevant Period (November 1, 2019) by two months so long as Defendants expand their proposed end date for the Relevant Period (December 31, 2022) by two months. Further, to be clear, to the extent that the Carvana Defendants and Garcia Sr. do not agree to Plaintiffs' proposed compromise, Plaintiffs will seek discovery for the Relevant Period identified in their 7.16.25 draft Joint Discovery Motion as it is supported by a wealth of authority and Plaintiffs' upheld allegations. Please let us know if we are in agreement by COB on Monday, July 21.

David - Please let us know the Underwriter Defendants' position as to Plaintiffs' proposed compromise.

Thanks,
Rachel

---

**From:** Matthew.Peters@lw.com <Matthew.Peters@lw.com>
**Sent:** Thursday, July 17, 2025 12:10 PM
**To:** Rachel Cocalis <RCocalis@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>; Tor Gronborg <TorG@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; David Rosenfeld <drosenfeld@rgrdlaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Sarah Fallon <SFallon@rgrdlaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Matthew Balotta <MBalotta@rgrdlaw.com>
**Cc:** Andrew.Clubok@lw.com; Jeff.Hammel@lw.com; Susan.Engel@lw.com; Christian.Word@LW.com; Meryn.Grant@lw.com; Kalana.Kariyawasam@lw.com; Natalie.Salazar@lw.com; Melanie.Walker@us.dlapiper.com; Yan.Grinblat@us.dlapiper.com; sbuergel@paulweiss.com; mpisem@paulweiss.com; dfriedman@paulweiss.com; Harsha.Kurpad@lw.com; John Eastly <john.eastly@lw.com>
**Subject:** RE: In re Carvana Securities Litigation

EXTERNAL SENDER
Rachel,

2

In light of the Court's recent decision on the scope of the case, the Carvana Defendants and Defendant Garcia Sr. believe the appropriate discovery period is May 1, 2020, through December 31, 2022.  This period is designed to capture Plaintiffs' earliest-in-time scheme allegations (i.e., the inception of the alleged class period), and continues for two months after the last alleged loss causation event on October 7, 2022.

Further, Carvana Defendants and Defendant Garcia Sr. are willing to meet and confer about revising the discovery period in the future, should Plaintiffs be able to demonstrate based upon facts learned through discovery a good faith belief that discovery from a more expansive period is necessary. Please let us know if you accept this compromise by the end of the day on Friday, July 18.  If you need more time to consider it, we request that the parties continue the date for Defendants to share their insert for the joint motion on the discovery period accordingly.

Separately, Carvana Defendants are developing revised search terms in light of Magistrate Boyle's recent order and expect to provide them to Plaintiffs either this week or early next week.

-Matt

---

**From:** Rachel Cocalis <RCocalis@rgrdlaw.com>
**Sent:** Tuesday, July 15, 2025 5:28 PM
**To:** Peters, Matthew (DC) <Matthew.Peters@lw.com>; Lea Bays <LBays@rgrdlaw.com>; Tor Gronborg <TorG@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; David Rosenfeld <drosenfeld@rgrdlaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Sarah Fallon <SFallon@rgrdlaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Matthew Balotta <MBalotta@rgrdlaw.com>
**Cc:** Clubok, Andrew (DC) <Andrew.Clubok@lw.com>; Hammel, Jeff (NY) <Jeff.Hammel@lw.com>; Engel, Susan (DC) <Susan.Engel@lw.com>; Word, Christian (DC) <Christian.Word@LW.com>; Grant, Meryn (CC) <Meryn.Grant@lw.com>; Kariyawasam, Kalana (NY) <Kalana.Kariyawasam@lw.com>; Salazar, Natalie (CH) <Natalie.Salazar@lw.com>; Melanie.Walker@us.dlapiper.com; Yan.Grinblat@us.dlapiper.com; sbuergel@paulweiss.com; mpisem@paulweiss.com; dfriedman@paulweiss.com; Kurpad, Harsha (DC) <Harsha.Kurpad@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>
**Subject:** RE: In re Carvana Securities Litigation

Matt,

Thank you for letting us know.  According to Judge Liburdi's May 2, 2025 Order, the Parties should promptly move forward regarding search terms and custodians. *See* ECF 152 at 2-3 ("Within one week of any order on th[e scope] dispute (the "Order"), the Parties will meet and confer in good faith regarding search terms and custodians that Defendants will employ for their productions in response to the Requests. If the Parties do not reach an agreement and no objection to the Order has been filed ***within four weeks*** of the Order being entered, the Parties may address any discovery dispute(s) regarding search terms and/or custodians, in accordance with the procedures in ¶6 of the Scheduling Order . . . "). Accordingly, please provide the Carvana Defendants' proposed search terms and custodians to address the Disputed RFPs as soon as possible, and respond to Plaintiffs' April 16, May 15, and June 30, 2025 letters regarding proposed RFPs, search terms and custodians relevant to all the RFPs.

In addition, given that the Carvana Defendants previously stated that the Parties' time period dispute was "derivative" of the scope dispute, please let us know whether the Carvana Defendants maintain their position that the relevant time period should be from July 1, 2020 to December 31, 2022 by this **Friday, July 18**.

Thanks,
Rachel

---

**From:** Matthew.Peters@lw.com <Matthew.Peters@lw.com>
**Sent:** Tuesday, July 15, 2025 12:20 PM
**To:** Rachel Cocalis <RCocalis@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>; Tor Gronborg <TorG@rgrdlaw.com>; Erika

Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; David Rosenfeld <drosenfeld@rgrdlaw.com>; Robert Rothman <rrothman@rgrdlaw.com>; Sarah Fallon <SFallon@rgrdlaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Matthew Balotta <MBalotta@rgrdlaw.com>
**Cc:** Andrew.Clubok@lw.com; Jeff.Hammel@lw.com; Susan.Engel@lw.com; Christian.Word@LW.com; Meryn.Grant@lw.com; Kalana.Kariyawasam@lw.com; Natalie.Salazar@lw.com; Melanie.Walker@us.dlapiper.com; Yan.Grinblat@us.dlapiper.com; sbuergel@paulweiss.com; mpisem@paulweiss.com; dfriedman@paulweiss.com; Harsha.Kurpad@lw.com; John Eastly <john.eastly@lw.com>
**Subject:** In re Carvana Securities Litigation

EXTERNAL SENDER
As a courtesy, I am writing to inform you that Carvana Defendants do not intend to appeal Magistrate Judge Boyle's Order dated July 1, 2025 pertaining to Dkt. No. 154.


-Matt

**Matthew J. Peters**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.637.2345
Email: matthew.peters@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**