WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Carvana Company, et al., <br><br> Defendants. | No. CV-22-02126-PHX-MTL <br><br> **ORDER** |

Pending before the Court is the Parties' "Joint Discovery Motion" regarding the twelve confidential witnesses ("CWs") cited in the Amended Consolidated Complaint ("ACC") for Violations of the Federal Securities Laws. (Doc. 171 at 2.) For the reasons explained below, the motion is granted in part and denied in part.

**I.    Background.**

In support of the allegations in the ACC, Plaintiffs cite the statements of "[s]everal former [Carvana] employees [(confidential witnesses or CWs)] [who] provided information demonstrating that Defendants' Class Period statements were false and misleading, that Defendants knew or recklessly disregarded the falsity or misleading nature of their statements, and that Defendants engaged in a scheme to defraud investors." (Doc. 71 at 19.) In Plaintiffs' words, "The information provided by the CWs supports a strong inference that the Exchange Act Defendants acted with scienter." (*Id*.)[1]

Defendants seek the CWs' identities and factual statements made "regarding

---

[1] The "Exchange Act Defendants" are Carvana, Garcia, Jr., Garcia, Sr., and Jenkins. (Doc. 71 at 13-14.)

Plaintiffs' claims." (Doc. 171 at 2.) They seek an order compelling Plaintiffs "to answer Carvana Defendants' Interrogatory No. 4 and produce documents in response to Mr. Garcia Sr.'s RFP 8." (*Id.*)[2] Plaintiffs characterize this inquiry as an invasion into "core attorney work product." (*Id.* at 3.)

### a. The Parties' Arguments.

#### i. Defendants.

Defendants argue the information sought is "necessary to verify CWs' allegations," and that courts, including those in the Ninth Circuit, have "consistently rejected" such claims of work product. (Doc. 171 at 2.) Defendants characterize CW identities, statements, and documents as facts. (*Id.* at 2-3.) They note that Plaintiffs' insistence now that no CW evidence will be relied upon at class certification or trial is a "convenient about-face [that] only highlights the need to test the veracity of the Complaint's CW allegations." (*Id.* at 3.) Defendants further argue that Plaintiffs waived any claim of work product by relying on "the CWs to make out their claims, and Defendants' need outweighs any minimal work product protection[.]" (*Id.*) (citations omitted).

#### ii. Plaintiffs.

Plaintiffs argue that "[t]he identities of those with whom counsel elected to speak as part of their investigation," including counsels' notes, memoranda, and communications regarding those conversations "lie at the very heart of the work product doctrine . . . as such materials reveal counsel's mental impressions, legal theories, and strategic decisions about which facts and witnesses are most important." (Doc. 171 at 3-4.) They allege Defendants intend to conduct an "improper post hoc investigation into the sourcing of a complaint's allegations." (Doc. 171 at 3.) Plaintiffs argue further they did not waive work product protections by relying upon CW evidence "because the [Private

---

[2] The Carvana Defendants' Interrogatory 4 states as follows: "Identify the name and, if known, contact information for each Confidential Witness, including specifying which number You assigned to each CW." (Doc. 171-1 at 10.) Garcia Sr.'s RFP 8 requests "[a]ll DOCUMENTS and COMMUNICATIONS reflecting any statements made by, or information provided by, any Confidential Witness pertaining in any way to GARCIA SENIOR." (Doc. 171-3 at 10.)

Securities Litigation Reform Act ("PSLRA")] compels plaintiffs to disclose the factual basis for their allegations," and Plaintiffs do not intend to rely on CW evidence at class certification or trial. (*Id.* at 4.) Plaintiffs assert that Defendants' inquiries amount to "a Fed. R. Civ. P. 11 fishing expedition." (*Id.* at 5.)

## II.   Discussion.

"The work-product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citations omitted). To qualify for work-product protection, documents must: (1) be "prepared in anticipation of litigation or for trial" and (2) be prepared "by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (2003); Fed. R. Civ. P. 26(b)(3). For a document serving purposes separate or independent from the litigation, *i.e.*, a "dual purpose" document,

> [A] document should be deemed prepared "in anticipation of litigation" and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.

*In re Grand Jury Subpoena*, 357 F.3d at 907 (cleaned up).

This standard "considers the totality of the circumstances and affords protection when it can fairly be said that the document was created *because of* anticipated litigation, and would not have been created in substantially similar form *but for* the prospect of that litigation." *Id.* (emphasis added). The party asserting the protection of the work-product doctrine has the burden of demonstrating that the at-issue documents are work-product. *Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010) (recognizing burden is on party invoking work-product doctrine).

This Court agrees with Defendants that CW identities are not work product—they are facts. (Doc. 171 at 2.) CWs are witnesses whose information Plaintiffs relied upon to

plead their claims. (Doc. 71 at 19-41.) They have information relevant to Defendants' scienter, or lack thereof. (*See id.*) Defendants are entitled to relevant, non-privileged information. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."); *see* Fed. R. Evid. 401.

Relying upon *Grae v. Corr. Corp. of Am.*, Plaintiffs contend that CW identities "lie at the very heart of the work product doctrine." (Doc. 171 at 3-4, citing 326 F.R.D. 482, 487-88 (M.D. Tenn. 2018)). Indeed, the Middle District of Tennessee concluded in *Grae* that a CW's identity is protected work product. 326 F.R.D. at 487. The Court reasoned that, because "[Plaintiff] assembled a wide array of information about [Defendant's] internal practices, [ ]business model, and [ ]public statements" in drafting the complaint, and that Plaintiff's counsel "presumably made innumerable decisions about what information to include and how to convey that information" in meeting the heightened pleading standards of the [PSLRA], that revealing the CW's identity would necessarily open "some window into the decision-making process of [Plaintiff's] counsel in drafting the [ ]Complaint." *Id.* at 488. The Court rejected Defendant's argument the CW's identity "would not reveal anything meaningful about [Plaintiff's] litigation strategy[,] . . . [because] [b]y [Defendant's] own admission, [the pertinent interrogatory] [wa]s not focused on identifying the universe of witnesses that might have relevant information, but [r]equir[ed] [Plaintiff] to identify the name[ ] of an individual whose statements *it found important*." (*Id.*) (emphasis in original, quotations omitted).

The Court finds *Grae* to be distinguishable on the grounds that the discovery requests at issue here seek relevant facts, not counsels' assessment of their importance to the case. Also noteworthy is the diminished relevance of the CW in *Grae* as "merely []bolster[ing] one particular supportive detail[.]" *Id.* at 487. The Court in *Grae* described the information the CW provided as "entirely mundane," comprised of "contextual details," and merely "add[ing] some meat to the bones of [Plaintiff's] claims." *Id.* at 486-87. The Court allowed a different conclusion might be warranted where Plaintiff "built its

complaint on a foundation of statements from the confidential witness." *Id.* at 487 (cleaned up). "In such a case," the Court reasoned, "responding to the allegations and responding to the confidential informant might be, essentially, one and the same, and the confidential informant's identity might indeed be relevant." *Id.*

The Court does not find Plaintiffs necessarily "built the complaint" on "a foundation of statements from confidential witnesses," but the 12 CWs in this case certainly played a much larger role than the lone CW in *Grae*. CW allegations—hundreds of them—permeate the ACC.

Noting that "[a]t its core, the work-product doctrine shelters the mental processes of the attorney[,]" *Nobles*, 422 U.S. at 238, this Court finds that "[t]he core of the information sought – the identities of the Confidential Witnesses – does not go to the mental thoughts and impressions of any attorney." *Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST (SK), 2018 WL 8244911, at *2 (N.D. Cal. Nov. 27, 2018). "The Court therefore concurs with those district courts that have held that the identities of confidential witnesses specifically referenced in a securities class action complaint do not constitute work product." *In re Cooper Companies Inc. Sec. Litig.*, No. SACV060169CJCRNBX, 2008 WL 11339612, at *2 (C.D. Cal. Oct. 1, 2008) (collecting cases), *aff'd*, No. SACV0600169CJCRNBX, 2008 WL 11588995 (C.D. Cal. Nov. 4, 2008); *Shenwick*, 2018 WL 8244911, at *1 ("[N]umerous district courts have determined that the attorney work-product doctrine does not protect the identity of Confidential Witnesses, whom a complaint cites or quotes."). The Court will order Plaintiffs to comply with the Carvana Defendants' Interrogatory 4, subject to certain qualifications Plaintiff requested and the Court approved at the hearing. (Doc. 171-1 at 10.)

Garcia Sr.'s RFP 8 presents a slightly different inquiry: It requests "[a]ll DOCUMENTS and COMMUNICATIONS reflecting any statements made by, or information provided by, any Confidential Witness pertaining in any way to GARCIA SENIOR." (Doc. 171-3 at 10.) Any "documents and tangible things *prepared by* a party or his representative[s] in anticipation of litigation[]" are still protected as work product.

*Admiral Ins. Co.*, 881 F.2d at 1494 (emphasis added); *see Phoenix Techs. Ltd. v. VMware, Inc.*, 195 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) ("[T]he degree to which counsel is involved in creating a document bears directly on whether the document was prepared in anticipation of litigation[.]"). As are any documents that, under the totality of the circumstances, were "created *because of* anticipated litigation, and would not have been created in substantially similar form *but for* the prospect of that litigation." *In re Grand Jury Subpoena*, 357 F.3d at 907 (emphasis added).

The Court will order Plaintiffs to comply with Garcia Sr.'s RFP 8 to the extent that it requests documents provided to counsel or their agents by CWs regarding Garcia Sr. (Doc. 171-3 at 10). Any documents generated by counsel in anticipation of or because of the litigation remain protected. Moreover, communications between CWs and counsel or their agents are also protected to the extent they reflect or contain counsels' thoughts, impressions, opinions, ideas, or anything that could be said to convey any aspect of counsel's litigation strategy.

Accordingly,

**IT IS ORDERED** the Joint Discovery Motion (doc. 171) is **GRANTED**, in part, and **DENIED**, in part, as set forth in this Order.

**IT IS FURTHER ORDERED** Plaintiffs shall comply with the Carvana Defendants' Interrogatory 4, subject to the limitations as set forth in this Order.

**IT IS FURTHER ORDERED** Plaintiffs shall comply with Garcia Sr.'s RFP 8, subject to the limitations as set forth in this Order.

**IT IS FURTHER ORDERED** that the Court adopts certain limitations to Defendants' inquiries into CW information as stated in *In re Bofi Holding, Inc. Sec. Litig.*, No. 15-CV-2324-GPC-KSC, 2021 WL 3700749, at *8-9 (S.D. Cal. July 27, 2021). These limitations are set forth below:

**IT IS ORDERED** that any party may informally interview any confidential witness. Any party who contacts a confidential witness for an informal interview shall inquire at the outset whether the witness is represented by counsel. If the answer is yes,

all future communications with the confidential witness must proceed exclusively through counsel. If the answer is no, before proceeding further, the interviewer must advise the witness which party the interviewer represents and inform the confidential witness of his or her right to decline to be interviewed, and to have counsel for the opposing party present for the interview. Further, the interviewer shall ask if the witness is willing to be interviewed, and shall obtain an affirmative answer, before proceeding with the interview.

**IT IS FURTHER ORDERED** Defendants shall not question any confidential witness, whether at deposition or otherwise, about his or her participation in Plaintiffs' prefiling investigation, including the manner, date, frequency or substance of the witnesses' contacts with Plaintiffs' counsel or anyone working at Plaintiffs' counsels' direction.

**IT IS FURTHER ORDERED** that any confidential witness who has been deposed in this Action shall not be required to sit for further deposition without leave of this Court. If applicable, a confidential witness who has not been deposed in the Action shall be advised in a nonthreatening manner of the possibility that he or she will be subpoenaed for deposition, and of his or her right to object to the subpoena and to be represented by counsel at the deposition.

**IT IS FURTHER ORDERED** that no party shall identify any confidential witness in publicly filed documents in this Action or related litigation.

**IT IS FURTHER ORDERED** that any declaration of any confidential witness purporting to change, clarify or recant information in the Complaint shall be accompanied by a declaration from counsel (and, if necessary, counsel's agents) confirming their compliance with this Order.

//
//
//
//

**IT IS FURTHER ORDERED** that the terms of this Order apply to the parties, their counsel, and any other persons working under the parties' or counsel's direction. The Court may impose sanctions on any party or counsel who fails to comply with this Order.

Dated this 13th day of August, 2025.

Honorable John Z. Boyle
United States Magistrate Judge

**IT IS FURTHER ORDERED** that the terms of this Order apply to the parties, their counsel, and any other persons working under the parties' or counsel's direction. The Court may impose sanctions on any party or counsel who fails to comply with this Order.

Dated this 13th day of August, 2025.

Honorable John Z. Boyle
United States Magistrate Judge