ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation ) | No. CV-22-2126-PHX-MTL |
| ——————————————— ) | JOINT DISCOVERY MOTION AND |
| This Document Relates To: ) | MOTION TO COMPEL COMPLIANCE |
| ) | **ORAL ARGUMENT REQUESTED** |
| All Actions. ) | |
| ——————————————— ) | |

Pursuant to ¶¶3(b) and 6 of the Court's February 26, 2025 Scheduling Order (ECF 128), §III.B of the Court's March 12, 2025 Order regarding electronic discovery (ECF 137) ("ESI Order"), and the Court's July 1, 2025 Order regarding the scope of discovery (ECF 173) ("July 1 Order"), Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan (together, "Plaintiffs") and defendants Carvana Co. ("Carvana"), Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (referred to together as the "Individual Defendants," with Carvana as "Defendants," and collectively with Carvana and Plaintiffs as the "Parties") submit this motion concerning a discovery dispute regarding Defendants' compliance with the ESI Order.[1]

## I.    PLAINTIFFS' ARGUMENT

Pursuant to the ESI Order, Defendants must "identify persons whose files are likely to contain documents and [ESI] relating to the subject matter of this litigation."  ECF 137, §III.B.  In its July 1 Order, the Court made clear that this action's subject matter is not limited to title and registration ("T&R") issues, but rather is "***broad***" (ECF 172 at 15:9-13, 20:7-14, 22:2-4) and includes "the scheme claim" and "drivers of Carvana's retail unit sales."  ECF 173 at 3-4; *see, e.g.*, ECF 71 ("Complaint"), ¶¶211, 213(a), 215(a), 384(a). Nevertheless, Defendants still resist the Court-ordered scope of discovery.  Following the July 1 Order, Defendants have identified a ***single*** additional person likely to have relevant information (Michael Grantham (Ex. 4 at 8)), contradicting their assurances at the June 23 hearing that discovery into the upheld allegations would expand to "everything at the company" and Carvana's "entire business model."  ECF 172 at 10:13-17.  Previously, while insisting that this case was limited to T&R, Defendants had identified 20 current and former Carvana employees (excluding those identified in the Complaint).  Ex. 5 at 1-3; *see* Exs. 1-4.  Tellingly, 12 of those individuals were identified only ***after*** Plaintiffs served

---

[1]    Capitalized terms that are not defined herein have the same meaning as in the Joint Proposed Case Management Report.  ECF 118.  With respect to quoted material, unless otherwise stated, internal citations have been omitted, and emphases have been added.

- 1 -

interrogatories in an effort to fill the informational void created by Defendants' refusal to identify individuals pursuant to the ESI Order or produce organizational information (Ex. 5 at 1-3; *see* Exs. 2-4) – the latter of which they produced only after a ***six-month*** delay, having first falsely claimed such materials did not exist.  Ex. 6 at 3-4; *see* ECF 137, §III.B.

Defendants' token identification of ***just one*** additional person – despite their June 23 statement that discovery would reach "basically everything at the company" (ECF 172 at 10:13-17) – flouts the ESI Order's directive that they identify all "persons whose files are likely to contain documents and [ESI]."  ECF 137, §III.B.  Very few of those identified to date have any evident involvement in the broader scheme beyond T&R.  For example, Carvana's directors almost certainly had little involvement, if any, in Carvana's day-to-day operations.  That they may have had "knowledge" does not suffice.  *Infra* at 4.  Identifying a single person is also plainly deficient, as demonstrated by Defendants' own prior identification of 13 lower-level Carvana employees for the far narrower T&R issues.  *See* Exs. 3-5; *see, e.g.*, *In re Envision Healthcare Corp. Sec. Litig.*, 2020 WL 6750397, at *3-*6 (M.D. Tenn. 2020) (in a securities fraud case, finding "division-level" and "practice-level" individuals possessed relevant information, even though they were not involved in making the alleged misstatements); *see also, e.g.*, Ex. 5 at 3-4.  None of Defendants' cases address, let alone excuse, their ongoing failure to comply with the ESI Order.

Accordingly, Plaintiffs respectfully request an order (1) compelling Defendants to comply with the Court's ESI and July 1 Orders by identifying all persons whose files are likely to contain information relating to the litigation's subject matter, including those responsible for any driver of retail unit sales, any scheme-related artifice, financial reporting, and/or the April 2022 offering, within 14 days of the Court's order; and (2) requiring the Parties to complete their meet and confer on search terms and custodians for Defendants' production within 14 days of Defendants' compliance with (1).  If no agreement is reached by that deadline, any disputes regarding search terms and/or custodians should be presented under ¶6 of the Scheduling Order.

## II.    DEFENDANTS' ARGUMENT

The responding party "is entitled to select the custodians it deems most likely to possess responsive information." *E.g.*, *Wadeea v. Mercedes-Benz USA, LLC*, 2025 WL 2309025, at *2 (S.D. Cal. 2025). The ESI Order adopts this approach. ECF 137, §III.B ("Identification of Custodians"). Before the July 1 Order, Defendants identified 16 custodians whose files relate to Title & Registration ("T&R") and the surviving challenged statements, including those about retail unit sales. These custodians are Carvana's Board members and key executives who allegedly made the challenged statements or were responsible for relevant issues, as well as lower-level employees with responsibilities for relevant subject matters. After the July 1 Order, Defendants again evaluated whether those custodians adequately covered Plaintiffs' theory of the case and identified two additional custodians to ensure full coverage regarding every falsity theory—including about retail unit sales drivers, financial reporting, the scheme claim, and the April 2022 offering—even though the existing custodians were already largely the right people. Ex. A at 2-3. Accordingly, Defendants have fully complied with the ESI Order by identifying "persons whose files are likely to contain documents and [ESI] relating to the subject matter of this litigation." ECF 137, §III.B. Nevertheless, Defendants recently attempted to appease Plaintiffs by offering 7 more custodians. Ex. B. Plaintiffs refused, opting for Court intervention.

To compel more custodians, Plaintiffs must demonstrate that specific "disputed custodians possess uniquely relevant information that is not available" from those already designated. *B&G Foods NA, Inc. v. Embry*, 2024 WL 626962, at *3 (E.D. Cal. 2024). Plaintiffs do not even identify any "disputed custodians," much less demonstrate why they expect to discover information from others that differs from what existing custodians provide. *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2021 WL 10282213, at *14 (N.D. Cal. 2021); Fed. R. Civ. P. 26(b). Their generic critique that "very few" custodians had involvement beyond T&R ignores that the 18 custodians include, for example, accounting, finance, and operations individuals whose responsibilities cover

- 3 -

alleged non-T&R misconduct. Plaintiffs' criticism that four directors "had little involvement" in "day-to-day operations" also misses the point. The directors had knowledge of the allegedly unsustainable practices and drivers of retail sales. Ultimately, Plaintiffs assert inaccurately that the ESI Order requires that Defendants identify "*all* persons whose files are likely to contain information relating to the litigation's subject matter." The ESI Order contains no such requirement.

In any event, there is no basis to add custodians now. Defendants repeatedly committed to meet and confer post-production and add custodians if needed. The ESI Order expressly endorses this approach. ECF 137, §III.B ("[P]arties retain the right, upon reviewing the initial production of documents . . . to reasonably request that files from additional custodians be searched").

## CERTIFICATION

The Parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED:  October 9, 2025              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                              */s/ Daniel S. Drosman*
                              DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
   & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 5 -

DATED:  October 9, 2025

LATHAM & WATKINS LLP
ANDREW B. CLUBOK
(Admitted *pro hac vice*)
J. CHRISTIAN WORD
(Admitted *pro hac vice*)
SUSAN E. ENGEL
(Admitted *pro hac vice*)
MATTHEW J. PETERS
(Admitted *pro hac vice*)

*/s/ Matthew J. Peters*
MATTHEW J. PETERS

555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004
Telephone: 202/637-2200
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com


JEFF G. HAMMEL
(Admitted *pro hac vice*)
KALANA KARIYAWASAM
(Admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY  10020
Telephone: 212/906-1200
jeff.hammel@lw.com
kalana.kariyawasam@lw.com

MERYN C.N. GRANT
(Admitted *pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
Telephone: 424/653-5500
meryn.grant@lw.com

ASHLEY K. GEBICKE
(Admitted *pro hac vice*)
12670 High Bluff Drive
San Diego, CA  92130
Telephone: 858/523-5400
ashley.gebicke@lw.com

- 6 -

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ  85016
Telephone:  602/916-5000
dnorthup@fennemorelaw.com
amarconi@fennemorelaw.com

Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan