# EXHIBIT 5

**Robbins Geller Rudman & Dowd LLP**

| | | | | |
|---|---|---|---|---|
| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Erika L. Oliver
eoliver@rgrdlaw.com

September 26, 2025

VIA EMAIL

Matthew J. Peters
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
matthew.peters@lw.com

Re:     *In re Carvana Co. Securities Litigation*,
         No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Matt:

As we have stated repeatedly, the Carvana Defendants' disclosures and selected custodians are inadequate given the Court's July 1, 2025 ruling regarding the scope of discovery. Indeed, not much has changed following the July 1 Order, with the Carvana Defendants identifying only *one* additional current or former Carvana employee – Michael Grantham – likely to have relevant information post-Order, despite the Carvana Defendants' protestations that Plaintiffs' view of the case would expand discovery "to basically everything at the company" (06-23-25 Hg. Tr. at 10:13-15):

| Name | Title/Department |
|---|---|
| **Persons first disclosed in the Carvana Defendants' 03-19-2025 search parameters[1]:** | |
| Breaux, Paul | General Counsel, Legal |
| Greer, Jonathan | Director, Regulatory Operations |
| Huston, Benjamin | COO, Operations |
| Johnson, Josh | Director / Senior Director, Product & Engineering |

---

[1]    In addition to the below-listed individuals, the Carvana Defendants' March 19, 2025 search parameters included Ernest Garcia III, Mark Jenkins, Michael Maroone, Stephen Palmer, Neha Parikh, Ira Platt, and Greg Sullivan (the "Individual Defendants"). However, the seven Individual Defendants had previously been identified in the Complaint.

655 West Broadway, Suite 1900    San Diego, CA 92101    Tel 619-231-1058    Fax 619-231-7423    rgrdlaw.com

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
LATHAM & WATKINS LLP
September 26, 2025
Page 2

| Name | Title/Department |
|---|---|
| Keim, Stephen | Associate Director / Director, Regulatory Operations |
| Munsil, Wilson | Corporate Counsel / Senior Corporate Counsel, Government Affairs |
| Murphy, Mark | Manager / Senior Manager, Regulatory Operations Support |
| Olson, Chris | Deputy General Counsel, Legal / Regulatory Operations Support |
| **Persons first disclosed in Carvana's 06-13-2025 Response to Interrogatory No. 1[2]:** | |
| Boyd, Brian | Vice President, Inventory Strategy / Director, Inventory Purchasing |
| Firman, Jordan | Senior Manager, Customer Experience |
| Gill, Dan | Chief Product Officer |
| Hogan, Kevin | Associate General Counsel / Deputy General Counsel, Legal |
| Keiser, Christina | Executive Vice President, Strategy |
| Thwaites, Kristin | Director of Communications |
| Warda, Sunny | Associate Director, Titles Operations |
| **Persons first disclosed in Carvana's 06-17-2025 Response to Interrogatory No. 2:** | |
| Alberti-Correa, Harry | Associate Director / Director, Customer Care Strategy and Analytics |

---

[2]    In addition to the below-listed individuals, Carvana's June 13, 2025 response to Interrogatory No. 1 included Mike Levin.  However, Mr. Levin had previously been identified in the Complaint, and Plaintiffs raised the relevance of Mr. Levin during the Parties' March 27, 2025 meet and confer.

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
LATHAM & WATKINS LLP
September 26, 2025
Page 3

| Name | Title/Department |
|------|------------------|
| Aragon, Teresa | Vice President, Customer Experience |
| Deacon, Eric | Senior Manager, Registration |
| Hearns, Jacqueline | Associate Director / Director, Market Operations |
| Samailovic, Nemanja | Associate Director / Director, Logistics Inventory Optimization |
| **Persons first disclosed in your 08-07-25 Letter and Carvana's 08-19-2025 Amended Response to Interrogatory No. 2:** | |
| Grantham, Michael | Vice President, Quantitative Marketing |

The Carvana Defendants' refusal to identify individuals likely to have information relevant to the full scope of discovery, including the scheme claim artifices and drivers of retail unit sales, is inconsistent with both the ESI Discovery Order and the July 1, 2025 Order. Your contention that "Ernest Garcia III, Mark Jenkins, Ben Huston, Chris Olson, Paul Breaux, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, Greg Sullivan, Steve Keim, and Mike Levin . . . held roles that are relevant to the expanded scope of discovery in light of the July 1 Order" does not address this deficiency. M. Peters 08-07-25 Letter at 2. These individuals are almost exclusively limited to Carvana's C-suite, Legal department, outside directors, and Investor Relations, and would not have had operational-level responsibilities relating to the scheme claim artifices or the drivers of retail unit sales. In any event, the fact that some or all of these individuals may have "held roles that are relevant to the expanded scope of discovery" does not relieve the Carvana Defendants of their responsibility to identify all persons "whose files are likely to contain documents and [ESI] relating to the subject matter of this litigation" as required by the ESI Discovery Order. ECF 137, §III.B. Courts in other cases have rejected similar attempts to limit discovery to the "the highest echelon of management." *See, e.g.*, *Family Wireless #1, LLC v. Auto. Techs., Inc.*, 2016 WL 2930887, at \*3 (D. Conn. May 19, 2016) ("It is reasonable to believe that discussions and transmissions of potentially relevant information could transpire below the highest echelon of management . . . . [L]ower-level employees may discuss execution of policies amongst themselves and with third parties other than their superiors. These communications may be particularly revealing."); *see also, e.g.*, *In re Envision Healthcare Corp. Secs. Litig.*, 2020 WL 6750397, at \*3-\*6 (M.D. Tenn. Nov. 16, 2020) (in a securities fraud class action, ordering 22 additional custodians, on top of the existing 57 custodians, over defendants' protestations that the individuals were not "alleged to have had any role in the

**Robbins Geller
Rudman & Dowd** LLP

Matthew J. Peters
LATHAM & WATKINS LLP
September 26, 2025
Page 4

alleged misstatements or any role in developing or overseeing Envision's corporate strategic initiatives, accounting controls or revenue reporting"); *In re Envision Healthcare Corp. Secs. Litig.*, No. 3:17-cv-01112, ECF 196 at 1 (M.D. Tenn. Aug. 7, 2020).

For all these reasons and as previously discussed, Plaintiffs will move to compel the Carvana Defendants' compliance with the Electronic Discovery Order and for a schedule to complete the negotiations over the Carvana Defendants' search terms and custodians. The December 8, 2025 substantial completion deadline is quickly approaching, and as of today, the Carvana Defendants have produced only 1,316 documents. Judge Liburdi was clear that, "barring some act of nature or your expert dies a week before the deposition and you're scrambling, I'm probably going to keep these deadlines and hold you to them." 02-25-25 Hg. Tr. at 25:13-16. To that end, when can we expect a response to our September 8, 2025 letter regarding search terms? Plaintiffs reserve all rights, including to request that the Carvana Defendants produce all documents that hit on the search parameters.

We are generally available to meet and confer about any of these issues next week. Thank you.

Regards,

ERIKA L. OLIVER