# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Defendants. | |

On November 17, 2025, the Parties conducted a telephonic discovery hearing before this Court regarding whether the Court should compel Defendants to provide additional Electronically Stored Information ("ESI") custodians to Plaintiffs.[1] *See* (doc. 202 at 3.) Currently, Defendants have identified and provided Plaintiffs with 18 ESI custodians, an amount Plaintiffs contend is insufficient and in contravention of the Court's Electronic Discovery Order (doc. 137). Considering the broadened scope of electronic discovery in this case, and the relevancy of the files additional custodians may possess, the Court will grant Plaintiffs' Motion to identify additional ESI custodians. However, to ensure that such disclosure is proportional to the needs of the case, and prevent the burden of identifying additional ESI custodians from outweighing its utility, the Court will limit the identification to seven additional ESI custodians.

## I.     The Parties' Arguments.

On October 9, 2025, the Parties' filed their "Joint Discovery Motion and Motion to

---

[1]     Discover matters in this case have been referred to this Court by the Honorable United States District Judge Michael T. Liburdi. *See* (doc. 125.)

Compel Compliance" (doc. 202), presenting their positions in favor of and against the additional identification of ESI custodians. Thereafter, the Parties supplemented and clarified their positions during their telephonic discovery hearing conducted on November 17, 2025. Each Parties' argument is summarized below.

A. Plaintiffs' Position.

In the Joint Motion, Plaintiffs assert that Defendants have run afoul of the Court's March 12, 2025, Electronic Discovery Order (doc. 137) because of their failure to identify sufficient additional custodians. (Doc. 202 at 3.) Further, Plaintiffs specifically request the identification of individuals at the managerial level, and that such identification not be limited to Title and Registration ("T&R") but instead be focused on the "drivers of Carvana's retail unit sales." (*Id.* at 2) (quoting (doc. 173 at 4)). While Plaintiff requested additional ESI custodians, they did not identify any by name in the Motion. *See* (doc. 202 at 2–3.)

During the telephonic discovery hearing, Plaintiffs clarified that they are seeking both the names of managerial-level individuals at 12 of Defendants cross-centers[2] as well as the identification of additional ESI custodians. In total, Plaintiffs seek a total identification of 18 additional ESI custodians that, Plaintiffs term, 'drivers of retail unit sales.'

B. Defendants' Position.

In the Joint Motion, Defendants assert that the party responding to ESI custodian requests is entitled to "select the custodians it deems most likely to possess responsive information." (*Id.* at 4) (quoting *Wadeea v. Mercedes-Benz USA, LLC*, No. 24-CV-1587-H-DDL, 2025 WL 2309025, at*2 (S.D. Cal. July 21, 2025)). Defendants assert that the 18 ESI custodians already identified are sufficient for Plaintiffs' purposes, because they are the individuals likely to possess responsive information. *See* (doc. 202 at 4–5.) Further, Defendants contend that to compel additional custodians, Plaintiffs need to demonstrate

---

[2] To avoid the confusion over terminology incurred during the telephonic hearing, 'cross-centers,' 'cost-centers,' and 'call-centers' are equivalent for the purposes of this Order.

that specific custodians possess relevant information, and to date Plaintiffs had not identified any specific custodians. (*Id.* at 4) (citing *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC-JSC, 2021 WL 10282213, at \*14 (N.D. Cal. Nov. 14, 2021)).

During the telephonic hearing, Defendants asserted three main points. First, that Defendants attempted to provide seven additional ESI custodians—Kevin Hogan, Jordan Firman, Dan Gill, Kristin Thwaites, Christina Keiser, Suny Warda, and Jacqueline Hearns, *see* (doc. 202-6 at 3)—that Plaintiffs refused. Second, Defendants asserted that the Parties had not discussed handing over cross-centers manager identities in the Parties' meet and confer. Finally, Defendants assert that having to disclose an additional 18 ESI custodians is unduly burdensome and disproportionate for Plaintiffs' needs. Defendants supported this claim by noting that they had to disclose nearly 27,000 documents encompassing over a million pages of information, burning countless hours and dollars to provide Plaintiff with the current 18 ESI custodians.

## II.    Legal Standards.

A district court has broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally, discoverable information is "any nonprivileged matter that is relevant to any party's claim[,] . . . proportional to the needs of the case[,]" and is not unduly burdensome. Fed. R. Civ. P. 26(b)(1) (emphasis added). Courts will limit discovery where:  "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii). A party may request production of evidence that is "within the scope of Rule 26(b)[.]" Fed. R. Civ. P. 34(a).

Regarding ESI custodians, "[r]elatively little legal authority exists on the standards a court should apply when parties are unable to agree on designated ESI custodians and a

- 3 -

party seeks to compel another party to designate" additional custodians. *B&G Foods N.A., Inc. v. Embry*, No. 2:20-CV-0526 KJM DB, 2024 WL 626962, at *3 (E.D. Cal. Feb. 14, 2024) (quoting *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices and Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018)). It is generally the party seeking disclosure of additional ESI custodians who has the burden of showing that the current selection of custodians is deficient. *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-md-02843-VC-JSC, 2021 WL 10282213, at *14 (N.D. Cal. Nov. 14, 2021).

The party attempting to compel additional ESI custodians has "the burden to demonstrate *good cause* for imposing additional requirements, especially where . . . [a parties'] demand would upset a carefully crafted, court-approved process." *Id.* at *14. Good Cause to compel the designation of addition ESI custodians generally requires a showing that the additional ESI custodians "possess uniquely relevant information that is not available from the sources already designated." *Id.* (citing *Handloser v. HCL Am., Inc.*, No. 19CV01242LHKVKD, 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020)). "This good-cause requirement flows from the prescriptions in Rule 26 that discovery must be proportional to the needs of the case and that 'the frequency or extent of discovery' must be limited if it is 'is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *In re Facebook*, 2021 WL 10282213, at *14 (quoting Fed. R. Civ. P. 26(b)(2)(C)).

**III.    Discussion**.

The Court finds that there is sufficient good cause to permit a limited handover of *seven* ESI custodians. However, to go beyond this limited disclosure of ESI custodians would be disproportionate and unduly burdensome.

First, Plaintiffs have met their burden of showing additional ESI custodians would possess uniquely relevant information that is not already available from the designated ESI custodians. This is because Plaintiffs are seeking mid-level executives and managers who, when acting on orders from apex executives and managers, may not have needed to be as

careful as those apex individuals with their ESI documents and communications. Additionally, these individuals may provide more information regarding the marching orders from those apex managers and executives.

Second, the addition of these ESI custodians is relevant to Plaintiffs' claims that Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934. These individuals may possess additional information beyond what the apex managers and executives on T&R, retail unit sales, and other sectors of Caravana which had impacted Defendants' stock. Therefore, the information that these proposed mid-level managers possess is eminently relevant to Plaintiffs claim.

Finally, a limited identification of seven additional ESI custodians would not be unduly disproportionate or burdensome in this case. While the Court understands that the prior disclosure of 18 ESI custodians required Defendants to review a large quantity of files over several months, this disclosure would be targeted to a smaller quantity of individuals who may possess fewer files and documents to review than the higher apex managers and executives. Furthermore, and crucially in the case at hand, Plaintiffs would be unable to obtain the relevant ESI such mid-level managers possess were they unable to compel the disclosure of additional ESI custodians.

**IV.    Conclusion**.

Having found that Plaintiffs have met their burden of compelling a limited disclosure of additional ESI custodians, the Court will permit Plaintiff to select seven additional ESI custodians. To aid in the identification of the ESI custodians, Defendants shall provide a list of the managerial-level individuals at its 12 cross-centers. Defendants will have three weeks after Plaintiffs note their selection of additional ESI custodians to meet and confer with Plaintiffs if they think that good cause is lacking with any of Plaintiffs' selection. However, Defendants are put on notice that the Court will require compelling arguments to reduce the required seven ESI custodians that they must provide. Furthermore, considering that the overall fact discovery does not conclude until May 29, 2026, the Court does not find it necessary to extend the December 8, 2025, substantial

completion deadline.[3]

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to compel additional ESI custodians contained within the Parties' Joint Discovery Motion and Motion to Compel Compliance (doc. 202) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants shall provide the 12 names of the mid-level managers at its 12 cross-centers by **DECEMBER 2, 2025**.

**IT IS FURTHER ORDERED** that Plaintiffs shall provide their list of **SEVEN** additional ESI custodians to Defendants by **DECEMBER 9, 2025**.

**IT IS FURTHER ORDERED** that Defendants shall have until **JANUARY 7, 2026**, to meet and confer with Plaintiffs and file any objections to the additional ESI custodians Plaintiff has selected.

**IT IS FURTHER ORDERED** that Defendants shall have **APRIL 6, 2026**, to provide responsive discovery to Plaintiffs' request.

Dated this 19th day of November, 2025.

_____
Honorable John Z. Boyle
United States Magistrate Judge

---

[3] While the Court does not extend the substantial completion deadline, should the Parties need an extension of discovery deadlines, they may file a motion for the Court's consideration.