ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | PLAINTIFFS' MOTION TO COMPEL COMPLIANCE |
| All Actions. | **NO ORAL ARGUMENT REQUESTED UNLESS ORDERED BY THE COURT** |

4908-8622-4248.v1

Pursuant to ¶¶3(b) and 6 of the Court's February 26, 2025 Scheduling Order (ECF 128), Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") and Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, "Defendants" and, together with Plaintiffs, the "Parties") submit this motion concerning the Court's August 21, 2025 Order (ECF 196) ("Order") on the Parties' July 24, 2025 Joint Discovery Dispute regarding the collection, review, and production of hyperlinked documents (ECF 177).

## I.    PLAINTIFFS' ARGUMENT

The Court's directive was unequivocal, yet Defendants openly defy it. At the August 11 hearing, the Court expressly rejected Defendants' plan for "an independent review of the attachments versus the e-mails for responsiveness" and "produc[tion of] one or the other depending on responsiveness," holding that such a plan is "***not*** happening here." Ex. 1 at 39:14-25; *id.* at 19:2-6 ("I am sympathetic to the idea that if you could see the document that's hyperlinked and it's in an e-mail, you know, I would like [Plaintiffs] to get that."); *id.* at 22:5-9 (issuing a similar directive). The August 21 Order reiterated this ruling, mandating that, "if any part of a communication or its attachments is responsive, the entire communication and attachments will be produced," except for attachments withheld or redacted for privilege. Order at 2.

Defendants' position statement confirms their non-compliance. They admit they have granted themselves the relief the Court expressly denied by severing hyperlinked documents from their parent emails unless ***both*** are independently responsive. Ex. 2 at 1 (agreeing only to produce "***responsive***, non-privileged Google Drive documents," even when the email is produced); Ex. 3 at 1 (confirming that an overlay to show family relationships will be provided only "[w]here the communication ***and*** Google Drive documents are responsive"). Thus, if Defendants deem either an email or its hyperlinked document non-responsive, they will withhold it and provide no overlay, preventing Plaintiffs from seeing (1) the email and hyperlinked document as a single communication, and (2) the parent email identifying

- 1 -

4908-8622-4248.v1

recipients of the hyperlinked document (or withhold the family entirely (Ex. 5 at 3 & n.2)). This results in precisely the "orphan e-mails" the Court said are "***not happening here***."  Ex. 1 at 39:14-25.

Defendants attempt to cloud this violation by claiming the dispute is premature pending a feasibility assessment of ***collecting*** contemporaneous versions.  This is a red herring.  The "test run" regarding contemporaneous collection does not license Defendants to strip context from the present-day versions they have already collected.  Courts routinely recognize that a hyperlinked document's relevance and utility are inseparable from its corresponding email.  To establish who knew what and when, the email and hyperlinked document must be produced together as "a logical single communication."  *See In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, 2024 WL 1772832, at *2, *6 (N.D. Cal. 2024); *see also* ECF 177 at 1-2 (collecting cases).  Defendants' claims of burden and duplication are self-imposed.  Ex. 5 at 1, 3-4.  Indeed, Carvana is ***already*** undertaking these efforts as they are currently reviewing and producing documents, and the Parties have not yet agreed to search terms or custodians.  *Id.* at 4.  Thus, Defendants' belated "compromise" (*id.* at 2) to comply with the Court's Order for 2 of 25 custodians is not tenable.

This dispute is not premature; it is overdue.  The Court ***already*** ordered the production of contemporaneous hyperlinked documents for two custodians.  Order at 4; *see infra* at 3. Defendants cannot hold the remaining 23 custodians hostage to a "feasibility" study while they actively spoliate the context of the current production.  Ex. 5 at 3.  Plaintiffs respectfully request that the Court enforce its Order and compel production of "the entire communication and attachments" – including hyperlinked documents – together as a family, as the Order requires: whenever "a communication or its attachments is responsive."  Order at 2.

## II.    DEFENDANTS' ARGUMENT

The August 11 hearing and resulting Order did not direct Carvana to produce certain versions of hyperlinked documents and to treat all versions of hyperlinked documents as traditional "family" members. Plaintiffs cherry-pick isolated statements from the August 11 hearing and August Order to ignore that the entire purpose and outcome was to establish a

- 2 -

process for determining which versions of hyperlinked documents—*i.e.*, "contemporaneous" or *non*-contemporaneous versions—Carvana will produce. Ex. 1 at 6:12 ("Plaintiffs would like us to review e-mails and linked documents as attachments …. But if we prefer to leave that for…. The Court: Yeah, I think we can defer that. This is the test run . . . ."); ECF 196 ("August Order") at 2 (quoting the ESI Order, ECF 137 at 8)); *see* Ex. A at 1. Until that process is complete and the Court determines whether producing "contemporaneous" versions of hyperlinked documents is feasible and proportional to the needs of the case, Plaintiffs' present motion is premature for several reasons.

First, if the Court determines that producing "contemporaneous" versions of hyperlinked documents is feasible and proportional to the needs of the case based on the work performed in response to the August Order, then Carvana agrees to treat "contemporaneous" versions of hyperlinked documents as traditional family members. Treating *non*-contemporaneous versions of hyperlinked documents as traditional family members ignores the important fundamental differences between dynamic hyperlinked documents and "traditional" static attachments. *See* Ex. A at 2 (citing Ex. 1 (Sedona Conference Commentary)); ECF 177-6 at 11-17. These fundamental differences are why the case law overwhelmingly does not support treating hyperlinked documents like "traditional" attachments. Ex. A at 2 (cases). The issue of the collection, production, and treatment of hyperlinked documents is a cutting-edge topic in eDiscovery, and the two positions outlined here reflect a reasoned approach. *See, e.g.*, Ex. B[1], Ex. C at 39. They are also consistent with Plaintiffs' cited *Uber* decision, which pertained to contemporaneous versions of hyperlinked documents. *See supra* (citing *Uber* at *2).

Second, temporarily waiting to decide this issue also prevents the duplicative work and undue burden that Carvana would shoulder under Plaintiffs' current position. Specifically, Carvana would be required to review and produce "non-contemporaneous" versions of hyperlinked documents, and then, subject to a decision on the August Order, re-

[1] *See* also https://www.youtube.com/watch?v=U37RsTN-pLk (YouTube video of EDRM panel).

- 3 -

review and produce (as family members) different versions of the same hyperlinked documents collected via third-party software (FEC). This would likely create a false and utterly confusing record where Carvana produces multiple versions—*i.e.*, "contemporaneous" and *non*-contemporaneous versions—of the *same* hyperlinked document. *See* Ex. A at 2.

For the foregoing reasons, this "dispute" remains premature and should be denied at this time.[2]

**CERTIFICATION**

The parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED:  November 24, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)

*/s/ Daniel S. Drosman*
DANIEL S. DROSMAN

---

[2] Plaintiffs misstate how Carvana is reviewing and producing non-contemporaneous hyperlinked documents, and are incorrect that Carvana is not producing responsive hyperlinked documents if an email is non-responsive. *See* Ex. A at 3.

- 4 -

4908-8622-4248.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
   & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 5 -

4908-8622-4248.v1

DATED:  November 24, 2025

LATHAM & WATKINS LLP
ANDREW B. CLUBOK
(Admitted *pro hac vice*)
J. CHRISTIAN WORD
(Admitted *pro hac vice*)
SUSAN E. ENGEL
(Admitted *pro hac vice*)
MATTHEW J. PETERS
(Admitted *pro hac vice*)

*/s/ Matthew J. Peters*

MATTHEW J. PETERS

555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004
Telephone: 202/637-2200
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

MERYN C.N. GRANT
(Admitted *pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
Telephone: 424/653-5500
meryn.grant@lw.com

JEFF G. HAMMEL
(Admitted *pro hac vice*)
KALANA KARIYAWASAM
(Admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY  10020
Telephone: 212/906-1200
jeff.hammel@lw.com
kalana.kariyawasam@lw.com

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ  85016
Telephone:  602/916-5000
northup@fennemorelaw.com
amarconi@fennemorelaw.com

- 6 -

4908-8622-4248.v1

Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan

4908-8622-4248.v1