# EXHIBIT 2

**Matthew J. Peters**
matthew.peters@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

VIA EMAIL

September 26, 2025

Erika Oliver
Robbins Geller Rudman & Dowd LLP
655 W. Broadway
San Diego, CA 92101
rcocalis@rgrdlaw.com

Re:     *In re Carvana Co. Securities Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Erika:

I write in response to Plaintiffs' letter dated September 4, 2025 (the "Letter"), which concerns the Court's August 21, 2025 Order where the Court "permit[ted] Plaintiff to select up to two custodians comprising a small subset of the overall scope of emails and corresponding hyperlinked documents at issue in the case." ECF 196 at 4.  The Letter identifies Brian Boyd and Josh Johnson as those two custodians.  Letter at 1.

Carvana agrees, for responsive, non-privileged Google Drive documents referenced via hyperlinks in emails within the custodial files of Brian Boyd and Josh Johnson, to use Forensic Email Collector ("FEC") to attempt to collect and produce versions of such documents that are as closely contemporaneous to, but preceding, the email communication containing the hyperlink. *See* Order at 4.

The Letter also makes demands regarding hardware specifications, network, and operating systems, as well as record-keeping and what and how Carvana reports about its efforts to the Court. Letter at 1-4.  Such demands overstep the Court's Order and discovery principles in general.  *See* The Sedona Principles, Third Edition, 19 SEDONA CONF. J. 1, 123 (2018) ("Because the responding party is best positioned to select appropriate methods, there should be no preemptive restraint on how it fulfills its obligations. As a general matter, neither the requesting party nor the court should prescribe the steps the responding party must take, and there should be no discovery-on-discovery absent agreement or specific, tangible, evidence-based indicia (not general allegations or speculation) of a material failure."); *PlayUp, Inc. v. Mintas*, 2025 WL 2017161, at \*2 (D. Nev. 2025) (quoting *Ashcraft v. Experian Info. Sols., Inc.*, 2018 WL 6171772, at \*2 n.2 (D. Nev. Nov. 26, 2018) ("[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies as to their own electronically stored information.").

September 26, 2025
Page 2

**LATHAM&WATKINS** LLP

Regardless, the systems that Carvana's e-Discovery vendor, Repario, will use in connection with this exercise are the same as those it uses in the ordinary course of business and meet FEC's system requirements. *See* Frequently Asked Questions, Metaspike, https://www.metaspike.com/faq/ (accessed September 26, 2025).

Best regards,

Matthew J. Peters
of LATHAM & WATKINS LLP