# EXHIBIT 3

**Matthew J. Peters**
matthew.peters@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

VIA EMAIL
CONFIDENTIAL

October 22, 2025

Erika Oliver
Robbins Geller Rudman & Dowd LLP
655 W. Broadway
San Diego, CA 92101
eoliver@rgrdlaw.com

Re:      *In re Carvana Co. Securities Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Erika:

I write in response to Plaintiffs' letter dated October 17, 2025 (the "Letter"), and to continue our dialogue about the production of hyperlinked Google Drive documents.

The Letter contends that hyperlinked Google Drive documents must be treated as if they were "traditional" attachments.  Letter at 1.  That position is inconsistent with the parties' agreed-upon ESI Order.  The ESI Order intentionally does not equate hyperlinks with attachments or require per se family treatment.  Dkt. No. 137.  It only provides that the parties will confer regarding "showing the hyperlinked relationship between documents." *Id.* at 8.[1]  Indeed, language requiring that the parties treat hyperlinked documents as family documents was *deleted* from a draft of the ESI Order and intentionally *excluded* from the version the parties agreed to file on March 7, 2025, and that was entered by the Court.  Dkt. Nos. 131, 137.

Since the start of discovery in this litigation, Carvana Defendants have consistently told Plaintiffs they will review communications containing hyperlinked Google Drive locations for responsiveness and will also review linked Google Drive documents for responsiveness.  Where the communication and Google Drive documents are responsive, we will produce an overlay that associates the two together to show the hyperlinked relationship between the documents.  This approach is consistent with the ESI Order.  It also recognizes that a traditional attachment, such as an attachment to an Outlook email, is a static file transmitted with an email; meaning it is fixed at

---

[1] Magistrate Judge Boyle's August 21, 2025 Order regarding the production of hyperlinked Google Drive acknowledges the ESI Order's treatment of hyperlinked Google Drive documents.  ECF 196 at 3.  The Letter transparently ignores that portion of the Order.  Letter at 1 (citing ECF 196 at 2).

October 22, 2025
Page 2

**LATHAM&WATKINS**LLP

the time sent and preserved as part of the email family.  A hyperlink in an email, by contrast, is a pointer to content that resides in a separate, dynamic Google Drive environment.

The Letter references Plaintiffs' request that Carvana Defendants, among other things, use certain hardware, operating system, and network parameters, and also prepare various logs and deliverables beyond hyperlinked Google Drive documents.  Letter to Matthew J. Peters from Erika Oliver dated September 4, 2025.  As Carvana Defendants have repeatedly represented to Plaintiffs, the systems Carvana's e-Discovery vendor, Repario, will use in connection with this exercise are the same as those it uses in the ordinary course of business and meet (and actually exceed) Metaspike's publicly disclosed system requirements for FEC.  The Letter notes that Plaintiffs have spoken with Metaspike's CEO and conveyed hardware specifications for FEC that came from him.  Presumably, those specifications are consistent with the system requirements for FEC that Metaspike advertises to the public on its website.  If they are not, please explain how they differ and why.

To the extent it would be helpful, we can meet and confer on these issues.

Best regards,

*/s/ Matthew J. Peters*
Matthew J. Peters
of LATHAM & WATKINS LLP