# EXHIBIT 10

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Rachel A. Cocalis
rcocalis@rgrdlaw.com

April 16, 2025

<u>VIA EMAIL</u>

Matthew J. Peters
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004
matthew.peters@lw.com

Re:   *In re Carvana Co. Securities Litigation*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Matt:

I write with regard to the Carvana Defendants' April 10, 2025 letter, our March 27, 2025 and April 11, 2025 meet and confers concerning the Carvana Defendants' proposed search methodology, and the Carvana Defendants' Responses and Objections to Lead Plaintiffs' First Set of Requests for Production of Documents to the Carvana Defendants ("R&Os"), served on April 10, 2025.

## I.   The Carvana Defendants' Proposed Search Methodology

### A.   Search Terms

As explained in multiple correspondence and during our March 27, 2025 meet and confer, the Carvana Defendants: (i) failed to provide any search terms that would target documents responsive to numerous Requests[1] *or* state that they intend to collect documents in response to the Requests through other means; and (ii) appeared to be improperly cabining their proposed search terms to issues concerning title and registration. *See, e.g.*, 3/21/25 R. Cocalis email; 3/28/25 R. Cocalis Letter at 2-3.  Further, during the past few weeks of negotiations of search terms and custodians, the Carvana Defendants refused to clarify whatsoever whether they were in fact limiting the scope of discovery and, thus, their proposed search terms, to issues concerning title and registration, despite Lead Plaintiffs' United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan (together, "Plaintiffs") repeated requests.[2]

---

[1]   "Request(s)" or "RFP(s)" refers to Lead Plaintiffs' First Set of Requests for Production of Documents to the Carvana Defendants, served on March 11, 2025.

[2]   For the reasons previously explained, it is the producing party's obligation to propose search terms responsive to the first set of requests for production initially so that the receiving party can respond with "additional search terms" likely to identify responsive documents for those same

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
April 16, 2025
Page 2

Now, as Plaintiffs suspected, it is clear that the "Carvana Defendants will not produce materials that do not relate to the [purportedly] surviving theory of liability" – that "Defendants misled investors with respect to whether Carvana was allegedly 'systematically violating state and title registration laws.'" R&Os at 4; *see also id.* at 7-8, 10-15, 21-23, 26-27 (Carvana Defendants refusing to produce documents or limiting any collections, reviews, and productions to RFP Nos. 1-2, 7-12, 22-24, and 28-29 on these grounds). Accordingly, because the Parties are at an impasse as to this issue and, thus, search terms and custodians related thereto, the Parties must file a discovery dispute on "May 6, 2025, in accordance with the procedures in Paragraph 6, and the matter will be referred to United States Magistrate Judge John Z. Boyle for resolution." ECF 128 at 2-4. To ensure a fair and timely filing, please confirm that the Carvana Defendants will send an insert for the joint motion (*id.* at 5) at 6:00 p.m. EDT on May 6, 2025. Plaintiffs will immediately insert the Carvana Defendants' position into the motion and file on the Parties' behalf. Further, Plaintiffs agree not to modify their position in the joint motion (aside from necessary formatting changes) following the receipt of the Carvana Defendants' position at 6:00 p.m. EDT.

That said, the Carvana Defendants have agreed to produce documents for certain Requests, but have still not provided any search terms that would target documents responsive to these Requests or stated that they intend to collect responsive documents through other means. *See, e.g.*, Request Nos. 1-2, 13-15, 22, 25-26, 31, 35-38. Accordingly, by no later than April 22, 2025 (eight days before the April 30, 2025 deadline) please: (i) provide initial search terms for Request Nos. 1-2, 13-15, 22, 25-26, 31, and 35-38; or (ii) confirm that the Carvana Defendants intend to collect documents in response to these Requests through other means.[3]

During our April 11, 2025 meet and confer, we asked whether the Carvana Defendants excluded or modified any of Plaintiffs' proposed terms in Exhibit B (Plaintiffs' "Proposed Search Terms") attached to my March 28, 2025 letter. You stated that any exclusion or modification was an oversight or the result of needing to break up certain terms for Relativity. We note the following exclusions and/or modifications aside from those altered for Relativity purposes:

---

requests. Stipulated Electronic Discovery Agreement and Order ("ESI Order") (ECF 137) at 4; *see also* Scheduling Order (ECF 128) at 2. Further, the producing party is in the best position to propose terms (ESI Order at 4), and it would be a futile exercise for the responding party to provide terms targeting subjects that the producing party categorically objected to on relevance grounds.

[3] Because of the Carvana Defendants' refusal to provide this information even by April 10, 2025 (the date their R&Os were served), Plaintiffs have been severely hamstrung in their ability to come to an agreement regarding search terms and/or custodians by April 30, 2025. Further, Plaintiffs have readily established good cause to propose additional search terms related to these Requests after the April 30, 2025 deadline.

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
April 16, 2025
Page 3

- Deleted: (risk OR risks) w/3 disclos*

- Modified: (Not w/5 time)

- Modified: (Grant w/10 Thornton) OR GT

Further, as explained during the April 11, 2025 call, because Plaintiffs did not receive the Carvana Defendants' hit report and complete search term counter-proposal until near midnight EDT on April 10, 2025, Plaintiffs needed additional time to review those documents before engaging in an efficient and informed meet and confer regarding these issues on April 11, 2025. Plaintiffs have since reviewed them and provided a counterproposal in Exhibit A, attached hereto.[4] Please respond to Plaintiffs' counter-proposal by April 22, 2025, so that the Parties may engage in an informed meet and confer before the April 30, 2025 deadline.

**B.    Custodians**

As explained in numerous correspondence (*see, e.g.*, R. Cocalis March 21, 2025, March 28, 2025, and April 5, 2025 correspondence), please provide the requested organizational charts that were supposed to be "expedite[d]" for production under the ESI Order "to facilitate the identification of appropriate custodians." ESI Order at 3-4. We understand from our April 11, 2025 meet and confer that the Carvana Defendants are working on producing these charts, but the Parties must come to an agreement regarding custodians by April 30, 2025. Accordingly, please provide those charts no later than April 22, 2025. To the extent that we cannot come to an agreement regarding custodians for even the Carvana Defendants' overly-narrow proposed scope of discovery by April 30, 2025, Plaintiffs will be forced to raise this dispute and the Carvana Defendants' delay with the Court in the May 6, 2025 joint motion.

In addition, during the April 11, 2025 meet-and-confer, the Carvana Defendants refused to add the individual speaker of Statement No. 8 as a custodian. The Carvana Defendants stated that this was because the speaker of Statement No. 8 was Carvana and not an individual (*i.e.* the Carvana

---

[4]    The Carvana Defendants' counterproposal rejected a number of search terms targeting communications with analysts, disclosures concerning fraud, and the Carvana Defendants' auditors that assisted with relevant SEC filings, but stated that they were "willing to meet and confer regarding th[ese] terms." *See* M. Peters 4/10/25 Letter at Exhibit B. Please provide the Carvana Defendants' basis for objecting to these terms that are plainly responsive to Plaintiffs' Requests so that Plaintiffs can suggest modifications, if any, are warranted, or provide your own proposed modifications. Further, Plaintiffs reserve all rights to further modify Exhibit A in any way as discovery has just begun and the Parties' negotiations regarding the Carvana Defendants' search parameters and the Requests are not yet complete.

4926-0280-9655.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
April 16, 2025
Page 4

spokesman identified in the *Barron's* exposé and Lead Plaintiffs' Amended Consolidated Complaint for Violations of the Federal Securities Laws ("ACC") (ECF 71)). Plaintiffs explained, however, that the Carvana Defendants' contention was inconsistent with their motion for reconsideration. *See* ECF 107 at 2-3 ("As this Court recognized, a company acts with scienter *only where the individual speakers* made actionable statements with scienter. . . . In other words, scienter must be pleaded *with respect to the individuals* 'who actually made the false statements.'") (quoting *Glazer Cap. Mgmt., LP v. Magistri*, 549 F.3d 736, 745 (9th Cir. 2008)); *see also id.* at 2-3 (asserting "[t]he Ninth Circuit has not adopted any corporate scienter doctrine") (citing Order (ECF 105) at 51 and *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1063 (9th Cir. 2014)). Accordingly, please confirm by April 22, 2025, that the Carvana Defendants will either add this individual as a custodian or that they will forego any argument that Plaintiffs cannot establish scienter for Carvana and the individual speaker of Statement No. 8 in this action. If not, the Parties are at an impasse on this issue and Plaintiffs will raise it in the May 6, 2025 joint motion.

### C.    Sources

The Carvana Defendants' April 10, 2025 letter mischaracterizes our March 27, 2025 discussion regarding sources. As noted in my March 28, 2025 letter, the Carvana Defendants had not, and still have not, completed their custodial interviews to identify the proposed custodial sources for Paul Breaux, John Greer, Ben Huston, Josh Johnson, Steve Keim, Will Munsil, Mark Murphy, Chris Olson, and Mike Levin. Please promptly do so.

During the April 11, 2025 meet and confer, Plaintiffs inquired as to how the Carvana Defendants plan to search cell phones, Slack, and other non-email communications sources. The Carvana Defendants stated that they are still looking into these issues and would get back to Plaintiffs. Plaintiffs suggested that the Parties should quickly schedule a separate call to address these types of sources because search terms are often not appropriate for these sources. Plaintiffs also requested a call to discuss Defendants' proposed approach to the collection, search, review, and production of hyperlinked documents, which needs to be addressed promptly and prior to applying search terms. Please provide the Carvana Defendants' availability for a meet and confer regarding these issues.

Next, the Carvana Defendants confirmed that they intend to search both business and personal emails of the custodians to the extent a custodian states that he/she used his/her personal email for Carvana-related communications. The Carvana Defendants also stated that they are still determining how they intend to search non-custodial sources, such as folders (*i.e.* whether they will be utilizing search terms or collecting the entire folder). Please let us know which personal email addresses the Carvana Defendants will search and those they do not intend to search, as well as how the Carvana Defendants intend to search non-custodial sources.

Lastly, the Carvana Defendants confirmed that they are not aware of any sources that were identified as having relevant information but are not reasonably accessible or not proportional.

4926-0280-9655.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
April 16, 2025
Page 5

## II.    The Carvana Defendants' R&Os

### A.    Scope

As discussed *supra* §I.A., the Carvana Defendants have finally confirmed that they are improperly narrowing discovery to the Carvana Defendants' systematic violation of state title and registration laws and regulations. *See, e.g.*, R&Os at 4 (the "Carvana Defendants will not produce materials that do not relate to the [purportedly] surviving theory of liability" – that "Defendants misled investors with respect to whether Carvana was allegedly 'systematically violating state and title registration laws'"). The Carvana Defendants' position is directly contradicted by the Court's Order denying the Carvana Defendants' motion to dismiss Plaintiffs': (i) scheme liability claim concerning the multiple fraudulent artifices boosting Carvana's retail sales; and (ii) misstatement claim as to Statement Nos. 19-20 concerning the five undisclosed fraudulent artifices driving Carvana's retail sales growth. *See, e.g.*, ECF 105 at 23-26 (citing ACC, ¶¶173-189, 212-215) ("Plaintiffs have alleged a material omission" with regard to Statement Nos. 19-20 because Carvana described certain drivers of its retail unit sales growth "without disclosing the other drivers of its growth."); *see also id.* at 66 ("Plaintiffs sufficiently allege [the §10(b) retail] statements were false or misleading because Carvana identified specific drivers of its revenue, while omitting the purportedly fraudulent artifices that contributed to Carvana's sales"); *id.* at 40 (finding the Carvana Defendants' sole basis to dismiss the scheme claim "unavailing"). Further, because relevance is construed broadly under the Federal Rules of Civil Procedure, the Carvana Defendants' position that discovery should be limited to title and registration issues is further improper. As such, Plaintiffs will raise this issue in the May 6, 2025 joint motion.

### B.    Proposed Time Period

The Carvana Defendants' proposed Relevant Period, July 1, 2020 through December 31, 2022 (R&Os at 6-7), is woefully deficient as it does not even include the beginning of the Class Period. As Plaintiffs explained during the Parties' February 4, 2025 meet and confer, Plaintiffs' upheld scheme claim was well underway by May 6, 2020, the first day of the alleged Class Period. ACC, ¶¶144-149. For instance, Mark Jenkins and Ernest Garcia III ("Garcia Jr.") discussed this fraudulent conduct in Board meetings since at least July 2020. *Id.*, ¶149; ECF 71-3; ECF 71-4. And, as a result of the Carvana Defendants' scheme, "in December 2020, the Ohio Bureau of Motor Vehicles 'suspended Carvana's temporary tag issuance privileges for all Ohio locations and subjected the Company to increased oversight.'" ECF 82 at 13; ACC, ¶148(i).

Further, because it is well-settled that "'discovery before and after the putative Class Period is relevant,'" Plaintiffs request that the Carvana Defendants agree to collect, review, and produce documents from November 6, 2019 to April 10, 2023 (the "Relevant Period"). *See Karinski v. Stamps.com, Inc.*, 2020 WL 5084093, at *2 (C.D. Cal. July 21, 2020) (ordering the relevant period to begin fifteen months before the class period and end eight months after the class period). To the

4926-0280-9655.v1

# Robbins Geller
## Rudman & Dowd LLP

Matthew J. Peters
April 16, 2025
Page 6

extent that the Carvana Defendants do not agree to the Relevant Period by the April 30, 2025 deadline, the Parties are at an impasse on this issue and Plaintiffs will raise it in a joint motion.

### C.    The Carvana Defendants' Objections to Definitions and Instructions

Plaintiffs disagree with the following Carvana Defendants' objections to the definitions and instructions set forth in the Requests.

**"Carvana"**:  It is well-settled that a company acts through its agents, including the Individual Defendants.  Accordingly, Plaintiffs object to the Carvana Defendants' stated limitation of this term to "Carvana Co." only.  R&Os at 5.  Please confirm that the Carvana Defendants will search for and produce documents from all agreed upon or ordered custodial sources.

**"Garcia Parties"**:  The Carvana Defendants objected to the term "Garcia Parties" on the grounds that it is "vague" and, thus, purport to limit this term to Garcia Jr. and Garcia Sr. only.  R&Os at 5.  But the term "Garcia Parties" is taken directly from Carvana's own SEC filings, which repeatedly state: "Ernest Garcia, II, Ernie Garcia, III, *and entities controlled by one or both of them* (collectively, the "Garcia Parties")."  *See, e.g.*, ECF 83-1 at 7 (Carvana's Form S-1).  As such, please confirm that the Carvana Defendants will withdraw this objection.

**"Privilege log"**:  The Carvana Defendants claim that they need only provide a "categorical privilege log."  R&Os at 6.  But in the Ninth Circuit, "[b]lanket assertions of the attorney-client privilege are 'extremely disfavored,'" and the privilege "'must ordinarily be raised as to each record sought to allow the court to rule with specificity.'"  *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 494 (C.D. Cal. 2022) (quoting *Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)); *Clark v. City of L.A.*, 2023 WL 9687608, at *3 (C.D. Cal. Nov. 20, 2023) (same).  As such, Plaintiffs object to the Carvana Defendants' apparent refusal to provide a detailed privilege log in this action.  Plaintiffs are available to meet and confer regarding a protocol for privilege logs, including the potential use of metadata for privilege log entries.

### D.    Questions and/or Areas of Concern Regarding Specific RFPs[5]

**Request Nos. 1-2**:  As these documents should be segregated and readily identifiable, Plaintiffs seek documents responsive to these Requests regardless of whether the documents would hit on the agreed upon search terms within the relevant custodial files.  Please confirm by no later

---

[5]   For those Requests not specifically discussed, there are no specific issues at this time, but Plaintiffs reserve their rights to address any future issues as to these Requests.  Further, to be clear, Plaintiffs' disagreement with the Carvana Defendants' proposed limitations to the Requests' scope, time period, and definitions (*see supra* §II.A.-C.) apply to all applicable Requests.

4926-0280-9655.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
April 16, 2025
Page 7

than April 22, 2025, that the Carvana Defendants will search for and produce documents responsive to these Requests outside of search terms.

In addition, Plaintiffs understand from the Carvana Defendants' specific responses and objections that they intend to limit the scope of these Requests on the grounds that they "do not relate to the surviving theory of liability." R&Os at 7-8. The Carvana Defendants are wrong as to Plaintiffs' theory of liability and the proper scope of discovery as discussed above. As such, Plaintiffs will raise this issue in the May 6, 2025 joint motion.

**Request No. 5**: Although the Carvana Defendants have agreed to produce documents responsive to this Request (*id.* at 10), they have not provided search terms designed to target responsive documents. Please do so by no later than April 22, 2025.

**Request No. 6**: The Carvana Defendants did not specifically object to this Request on the grounds that it does not relate to the purported surviving theory of liability. *See id.* at 10. Nevertheless, the Carvana Defendants refused to provide search terms regarding four of the five undisclosed fraudulent artifices driving Carvana's retail sales growth related to Statement Nos. 19-20 and Statement B. Accordingly, please do so by no later than April 22, 2025.

**Request No. 7**: Plaintiffs understand from the Carvana Defendants' specific responses and objections that they intend to limit the scope of this Request on the grounds that it "do[es] not relate to the surviving theory of liability." R&Os at 11. The Carvana Defendants are wrong as to Plaintiffs' theory of liability and the proper scope of discovery as discussed above. Accordingly, Plaintiffs will raise this issue in the May 6, 2025 joint motion.

**Request Nos. 8-12**: Plaintiffs understand from the Carvana Defendants' specific responses and objections that they are refusing to produce documents to these Requests on the grounds that they "do not relate to the surviving theory of liability." *Id.* at 11-15. The Carvana Defendants are wrong as to Plaintiffs' theory of liability and the proper scope of discovery as discussed above. Accordingly, Plaintiffs will raise this issue in the May 6, 2025 joint motion.

**Request No. 13**: Although the Carvana Defendants have agreed to produce documents responsive to this Request (*id.* at 16), they have not yet provided search terms designed to target responsive documents or indicated that they intend to collect responsive documents through other means. Please provide initial search terms by no later than April 22, 2025. In addition, please confirm that the Carvana Defendants withdraw their objection to the definition of "Garcia Parties," as discussed above, as it relates to this Request.

**Request No. 14**: Although the Carvana Defendants have agreed to produce documents responsive to this Request (*id.* at 16), they have not yet provided search terms designed to target responsive documents or indicated that they intend to collect responsive documents through other means. In any event, Plaintiffs seek documents responsive to this Request, regardless of whether the

4926-0280-9655.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
April 16, 2025
Page 8

documents would hit on the agreed upon search terms within the relevant custodial files. Please confirm by no later than April 22, 2025, that the Carvana Defendants will search for and produce all documents responsive to this Request and do not intend to use search terms to do so.

**Request No. 15**: Although the Carvana Defendants have agreed to produce documents responsive to this Request (*id.* at 17), they have not yet provided search terms designed to target responsive documents or indicated that they intend to collect responsive documents through other means. Please provide initial search terms or confirm that the Carvana Defendants will search for and produce documents responsive to this Request outside of search terms by no later than April 22, 2025.

**Request No. 17**: Although the Carvana Defendants have agreed to produce documents responsive to this Request (*id.* at 18), they have not yet provided search terms designed to target responsive documents or indicated that they intend to collect responsive documents through other means. Please provide initial search terms or confirm that the Carvana Defendants will search for and produce documents responsive to this Request outside of search terms by no later than April 22, 2025.

**Request Nos. 22-24**: Plaintiffs understand from the Carvana Defendants' specific responses and objections that they are limiting the scope of these Requests on the grounds that they "do not relate to the surviving theory of liability." *Id.* at 21-23. The Carvana Defendants are wrong as to Plaintiffs' theory of liability and the proper scope of discovery as discussed above. Accordingly, Plaintiffs will raise this issue in the May 6, 2025 joint motion.

**Request Nos. 25-26**: Although the Carvana Defendants have agreed to produce documents responsive to these Requests (*id.* at 24), they have not yet provided search terms designed to target responsive documents or indicated that they intend to collect responsive documents through other means. Further, Plaintiffs understand that the Carvana Defendants are limiting their production to these Requests to "documents sufficient to show each Individual Carvana Defendant's employment agreement and compensation agreements during the relevant time period." *See* R&Os at 24-25. This is not sufficient. As a proposed compromise, and without waiver of the right to later seek relevant documents, Plaintiffs propose narrowing these Requests as follows: Documents sufficient to show the Individual Carvana Defendants' and proposed custodians' employment agreement(s) and compensation arrangements with Carvana during the Relevant Period. Please confirm that the Parties are in agreement as to this Request, and provide initial search terms or confirm that the Carvana Defendants will search for and produce documents responsive to this Request without the use search terms by April 22, 2025.

**Request No. 27**: The Carvana Defendants are limiting their production to this Request to "documents sufficient to show each Individual Carvana Defendant's awards, holdings, and/or transactions in Carvana Securities." *Id.* at 26. This is insufficient. The Carvana Defendants'

4926-0280-9655.v1

## Robbins Geller
## Rudman & Dowd LLP

Matthew J. Peters
April 16, 2025
Page 9

transactions in Carvana securities, including information regarding modifications to their 10b5-1 trading plans, is plainly relevant to scienter.  As a good-faith compromise, Plaintiffs propose narrowing this Request, without waiver of the right to later seek relevant documents, to the following: Documents and communications concerning all awards, holdings, and transactions in Carvana Securities by, for, or of the Individual Defendants from May 6, 2020 to October 10, 2022, including documents related to any SEC 10b5-1 trading plan by or on half of the Individual Defendants, including the details of any modifications thereto.  Further, to the extent any of the Carvana Defendants intend to argue that their Class Period stock transactions were consistent with their prior trading history, the relevant time period for this Request should be May 3, 2017 to October 10, 2022. Please confirm that the Parties are in agreement as to this narrowed Request and provide initial search terms by April 22, 2025.

**Request Nos. 28-29**:  Plaintiffs understand from the Carvana Defendants' specific responses and objections that they are refusing to produce any documents in response to these Requests on the grounds that they "do not relate to the surviving theory of liability."  *Id.* at 26-27.  The Carvana Defendants are wrong as to Plaintiffs' theory of liability and the proper scope of discovery as discussed above.  Accordingly, Plaintiffs will raise this issue in the May 6, 2025 joint motion.

**Request No. 30**:  The Carvana Defendants are refusing to produce documents responsive to this Request on the grounds that the Request is "not relevant to any party's claims or defenses in this Action."  *Id.* at 28.  Not so.  The terminations, departures, resignations, demotions, or separations of any Carvana officers or executives, particularly the speaker of Statement No. 4, is relevant to falsity and scienter, as well as witness credibility and bias.  Accordingly, as a proposed compromise, and without waiver of the right to later seek relevant documents, Plaintiffs propose narrowing this Request at this juncture as follows: Documents sufficient to show the timing of and reasons for the departure, resignation, termination, demotion, or mutually agreed separation of any Carvana officers or executives, including Mike Levin, and any related severance package or benefits provided to any relevant Carvana officers or executives in connection with their departure, resignation, termination, demotion, or mutually agreed separation.  Please confirm by April 22, 2025 that the Parties are in agreement as to this Request, and provide a proposed search methodology to identify responsive documents.

**Request No. 31**:  Although the Carvana Defendants have agreed to produce documents responsive to this Request (*id.* at 29), they have not yet provided search terms designed to target responsive documents or indicated that they intend to collect responsive documents responsive through other means.  Please provide initial search terms or confirm that the Carvana Defendants will search for and produce documents responsive to this Request outside of search terms by no later than April 22, 2025.

**Request Nos. 35-38**:  Although the Carvana Defendants have agreed to produce documents responsive to these Requests (*id.* at 31-34), they have not yet provided search terms designed to target

4926-0280-9655.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
April 16, 2025
Page 10

responsive documents or indicated that they intend to collect responsive documents through other means. Please provide initial search terms or confirm that the Carvana Defendants will search for and produce documents responsive to these Requests without the use of search terms by no later than April 22, 2025.

**Request No. 39**: In the spirit of compromise, Plaintiffs agree to defer this Request at this juncture.

**Request No. 40**: The Carvana Defendants intend to limit the scope of this Request to "documents sufficient to identify the personal and business phone numbers and email addresses for the Individual Carvana Defendants." *Id.* at 35. This is insufficient. As a proposed compromise, however, Plaintiffs propose narrowing this Request as follows: Documents sufficient to identify the personal and business phone numbers, personal and business email addresses, secretaries, and/or assistants for the Individual Carvana Defendants and any of the agreed upon or ordered custodians.

**Request No. 42**: The Carvana Defendants object to this Request concerning class certification on the grounds that it is "premature." *Id.* at 36. Please inform Plaintiffs when Defendants intend to produce responsive documents to this Request.

As always, we are available for a meet and confer if you would like to discuss further.

Best Regards,

*Rachel Cocalis*

RACHEL A. COCALIS

4926-0280-9655.v1

# EXHIBIT A

**Exhibit A**

| PLAINTIFFS' APRIL 16, 2025 COUNTER-PROPOSED SEARCH TERMS |
|---|
| ("Arizona Department of Transportation" OR ADOT OR "AZ Department of Transportation" OR (("Arizona" or AZ) w/3 "DOT") OR "Arizona" OR "Phoenix") w/30 ("situation*" OR issue* OR "suspen*" OR "penal*" OR "problem*" OR "fine*" OR "investigat*" OR "violat*" OR complain* OR TOP OR TOPS OR complian* OR noncomplian* OR comply* OR goodwill OR reputation* OR privilege* OR fraud* OR probat* OR revocat* OR revok*) |
| ("Florida Department of Motor Vehicles" OR "FLHSMV" OR "Florida Department of Highway Safety and Motor Vehicles" OR "Florida" OR "Jacksonville") w/30 ("situation*" OR issue* OR "suspen*" OR "penal*" OR "problem*" OR "fine*" OR "investigat*" OR "violat*" OR complain* OR TOP OR TOPS OR complian* OR noncomplian* OR comply* OR goodwill OR reputation* OR privilege* OR fraud* OR probat* OR revocat* OR revok*) |
| ("IPO" OR Cactus) w/50 ("solicit*" OR "issue*" OR "sell*" OR "dilig*") |
| ("MDOS" OR "Michigan Department of State" OR "Michigan" OR "Mich" OR "Novi" OR "Oakland") w/45 ("situation*" OR issue* OR "suspen*" OR "penal*" OR "problem*" OR "fine*" OR "investigat*" OR "violat*" OR complain* OR TOP OR TOPS OR complian* OR noncomplian* OR comply* OR goodwill OR reputation* OR privilege* OR fraud* OR probat* OR revocat* OR revok*) |
| ("North Carolina Division of Motor Vehicles" OR "N.C. Division of Motor Vehicles" OR "NCDMV" OR "NC DMV" OR "North Carolina" OR "Raleigh" OR "Charlotte OR NC") w/45 ("situation*" OR issue* OR "suspen*" OR "penal*" OR "problem*" OR "fine*" OR "investigat*" OR "violat*" OR complain* OR TOP OR TOPS OR complian* OR noncomplian* OR comply* OR goodwill OR reputation* OR privilege* OR fraud* OR probat* OR revocat* OR revok*) |
| ("Ohio BMV" OR "Ohio") w/45 (situation* OR issue* OR "suspen*" OR "penal*" OR "problem*" OR "fine*" OR "investigat*" OR "violat*" OR complain* OR TOP OR TOPS OR complian* OR noncomplian* OR comply* OR goodwill OR reputation* OR privilege* OR fraud* OR probat* OR revocat* OR revok*) |
| ("TOP" OR "TOPS") w/15 ("Covid" OR "complian*" OR comply* OR "policy" OR policies OR procedur* OR "checklist" OR track* OR monitor* OR "on time" OR "in time" OR untimely OR missing OR verif* OR accurat* OR timel* OR fail* OR discrep* OR investigat* OR penal* OR suspen* OR regulat* OR noncomplian* OR alter* OR valid* OR "legal" OR "accept*" OR "allow*" OR "tolera*" OR "support*" OR "permissible" OR "permit*" OR issue* OR problem* OR troubl* OR complain* OR violat* OR penal* OR illegal* OR law OR regulat* OR statut* OR "backlog" OR "back log" OR "build up" OR "built up" OR delay* OR increas* OR "late")[1] |
| (("SOX" OR "Sarbanes-Oxley" OR ICFR OR Sarbanes) AND "cert*") OR ("cert*" w/5 302) |
| (((("Texas" OR "TX") w/3 "DMV") OR "Texas Department of Motor Vehicles" OR TXDMV OR "Texas") w/30 ("situation*" OR issue* OR "suspen*" OR "penal*" OR "problem*" OR "fine*" OR "investigat*" OR "violat*" OR complian* OR noncomplian* OR comply* OR goodwill OR reputation* OR privilege* OR fraud* OR probat* OR revocat* OR revok*) |
| ((Maryland w/3 "Motor Vehicle Administration") OR "MVA" OR "Maryland" OR MDOT) AND ("situation*" OR issue* OR "suspen*" OR "penal*" OR "problem*" OR "fine*" OR "investigat*" OR "violat*" OR complian* OR noncomplian* OR comply* OR goodwill OR reputation* OR privilege* OR fraud* OR probat* OR revocat* OR revok*) |

---

[1]    Please confirm that the terms "on" and "in" are indexed so that this term may be run properly.

- 1 -

| |
|---|
| (retail OR unit* OR sale*) w/10 (rise OR rising OR boost* OR grew OR higher OR positive* OR profit* OR sustain* OR measur* OR metric* OR increas* OR decreas* OR negative* OR lower OR shrink* OR declin* OR down* OR up OR "revenue" OR "demand" OR "grow*" OR "channel" OR track* OR impact* OR driv* OR affect* OR effect* OR caus* OR increas* OR strong* OR strength* OR tank* OR inflat* OR overinflat* OR erod* OR distort* OR mislead* OR flat* OR exaggerat* OR overstat* OR overestimat* OR bloat* OR reduc* OR meter* OR unsustain* OR trend)[2] |
| ((SEC OR "Securities and Exchange Commission") w/3 filing*) OR *@sec.gov |
| (temporary w/10 plate) OR (registr* w/10 (permit* OR temp*)) |
| (due w/5 dilligence) OR (due w/5 diligence) |
| ("Oak Brook" OR "Arlington Heights" OR IL OR Illinois) w/30 (situation* OR issue* OR "suspen*" OR "penal*" OR "problem*" OR "fine*" OR "investigat*" OR "violat*" OR complian* OR noncomplian* OR comply* OR goodwill OR reputation* OR privilege* OR fraud* OR probat* OR revocat* OR revok*) |
| (PENNDOT OR "Pennsylvania Department of Transportation" OR (("Pennsylvania" OR "Penn") w/3 "DOT") OR "Pennsylvania" OR "Philadelphia") w/30 (issue* OR "suspen*" OR "penal*" OR "problem*" OR "fine*" OR "investigat*" OR "violat*" OR complain* OR TOP OR TOPS OR complian* OR noncomplian* OR comply* OR goodwill OR reputation* OR privilege* OR fraud* OR probat* OR revocat* OR revok*) |
| (registration w/5 statement) OR prospectus OR S-3 |
| (Secretary w/30 Giannoulias) OR (("Illinois" OR "IL") AND "Secretary of state") OR ILSOS OR *@ilsos.gov OR (("Illinois" OR "IL") w/30 "SOS") OR (Illinois AND ("Attorney General" OR AG OR *@ilsos.gov)) |
| (securit* OR underwrit*) w/45 (offering* OR roadshow* OR prospectus* OR "bring down") AND (Carvana or CVNA) |
| (temp* w/5 tag*) w/35 (discrep* OR investigat* OR penal* OR suspen* OR regulat* OR noncomplian* OR alter* OR valid* OR "legal" OR "accept*" OR "allow*" OR "tolera*" OR "support*" OR "permissible" OR permit* OR issue* OR problem* OR violat* OR penal* OR illegal* OR regulat* OR statut* OR "backlog" OR delay* OR "late" OR "Covid" OR "complian*" OR "comply*" OR "policy" OR procedur* OR "checklist" OR troubl* OR complain* OR violat* OR "build up" OR "built up" OR increas* OR policies OR track* OR monitor* OR "on time" OR "in time" OR untimely OR missing OR verif* OR accurat* OR timel* OR fail*) |
| (title* OR registr*) w/15 (alter* OR valid* OR comply* OR late OR disrupt* OR undriv* OR track* OR monitor* OR assess* OR analy* OR widespread OR policy OR policies OR procedur* OR process OR issue* OR problem* OR missing OR alter* OR verif* OR proof OR accurat* OR timel* OR fail* OR discrep* or delay* OR problem* OR issue* OR investigat* OR penal* OR suspen* OR regulat* OR complian* OR noncomplian* OR troubl* OR complain* OR illegal* OR "backlog" OR "back log" OR "build up" OR "built up" OR "on time*" OR "in time" OR untimely) |
| analyst* w/10 (report* OR coverage* OR "price target*" OR consensus OR rating* OR upgrade* OR downgrad* OR buy* OR sell* OR hold*) |
| call* w/5 (present* OR earning* OR quarter* OR annual* OR investor) |

---

[2]    To the extent that Defendants disagree with Plaintiffs' counterproposal for this term, please provide a hit report with a breakdown of the hits as to this proposed term so Plaintiffs can identify any problematic combinations and/or terms.

4911-0295-3783.v1

| |
|---|
| ((raise OR need) w/5 capital) |
| Regulat* w/15 action* |
| Regulat* w/20 investigat* |
| ("10-K" OR "10K" OR "10-Q" OR "10Q" OR "8-K" OR "8K" OR "financial statement*" OR release OR "MD&A" OR (financ* w/10 disclos*)) w/30 (file* OR filing OR "prepar*" OR "review" OR "submi*" OR edit* OR comment* OR modif* OR draft* OR revis* OR sign* OR approv* OR disclos* OR withhold* OR conceal* OR omit* OR omission) |
| (CVNA OR stock* OR share* OR securities OR (market w/2 cap*)) w/15 (react* OR chang* OR impact* OR caus* OR increas* OR up OR down* OR fell* OR fall* OR reduc* OR declin* OR decreas* OR drop* OR weak* OR soft* OR strong* OR crash* OR tank*)[3] |
| (earning* OR investor* OR shareholder* OR analyst*) w/20 (call* OR present* OR meet* OR conference OR "Q&A" OR deck* OR script* OR slide* OR draft* OR edit* OR comment* OR transcript* OR call* OR presentation* OR report* OR release OR letter OR met OR meet) |
| (media or news) w/5 (call* or meet* or met or comment) |
| bank w/5 (call* or meet* or met or letter) |
| Ian w/5 MacAllister |
| Andrew w/5 Cuthill |
| Brian w/5 Yick |
| Manoj w/5 Vemula |
| Mark w/5 Pinsky |
| "ASAP Title Services" OR "asaptitleservices.com" OR "EZ Title" |
| "Barron's" or "Barrons" or "Alderman" |
| "Citi" OR "Citibank" OR "Citigroup" OR *@citigroup.com |
| "expresstitletag" OR "Express Title" |
| "hold title" |
| "J.P. Morgan" or "JPM*" or "JPMorgan" or "JP Morgan" OR *@jpmorganchase.com OR *@jpmorgan.com OR *@jpmchase.com |
| "offering document" OR "registered public offering" |
| "offering" w/10 ("solicit*" OR "issue*" OR "sell*" OR "dilig*") |
| "T&R" OR "T/R" OR "T & R" OR "T and R" |
| "Title One" |
| (("WSJ" OR "Wall Street Journal") AND (title* OR regist* OR "T&R" OR "T/R" OR "T & R")) |
| (sub w/3 cert*) OR subcert* OR sub-cert* |
| *@dps.ohio.gov |
| *@flhsmv.gov |
| *@mdot.maryland.gov |
| *@michigan.gov |

---

[3]    Please confirm that the term "up" has been indexed or else this could cause unnecessary hits.

- 3 -

4911-0295-3783.v1

| |
|---|
| *@ncdot.gov |
| *@pa.gov |
| *@txdmv.gov |
| *transportation@azag.gov OR *@azdot.gov |
| ABS OR absautoservices.com |
| Centex |
| Colias |
| CVR OR cvrreg.com |
| Dealtertrack OR coxautoinc.com OR DLRdmv |
| disclosure w/3 (control* OR procedure* OR committee) |
| Foldy |
| REGUSA OR "Reg USA" |
| shareholder* W/5 letter |
| TNR |
| undriv* w/30 (taskforce or (task w/5 force)) |
| unregistered w/3 (car OR cars OR vehicle*) |
| Vitu |
| ("out of state" OR "out-of-state") w/35 (title OR registr*) |
| Title* w/30 Registr* |
| "davis polk" OR *@davispolk.com |
| "Grant Thornton" OR GT |
| "cannot disclose" OR "can not disclose" OR "will not disclose" OR "won't disclose" OR "can't disclose" OR "under wraps" OR "keep secret" OR "don't disclose" OR "do not disclose" OR "shouldn't disclose" OR "should not disclose" |
| (Rajat w/5 Gupta) OR rajat.gupta@jpmorgan.com |
| false w/20 (info* OR statement*) |
| ((William OR Bill OR Will) w/5 Kerr) OR Whalley OR *@cowen.com OR Dyer OR *@craig-hallum OR ((Michael OR Mike) w/5 Baker) OR *@dadco.com OR ((David OR Dave) w/5 Reynolds) |
| (Brad w/5 Erickson) OR *@needhamco.com OR (Brian w/5 Nagel) OR *@opco.com OR ((Alexander OR Alex) w/5 Potter) |
| (Ki w/5 Bin w/5 Kim) OR *@truist.com OR Basham OR *@wellsfargo.com OR Zackfia OR *@williamblair.com OR Badishkanian OR *@wolferesearch.com |
| (Ron* w/5 Josey) OR ronald.josey@citi.com OR ((Nicholas OR Nic OR Nick) w/5 Jones) OR nicholas.jones@citi.com |
| *@davyuk.com OR ((Emmanuel OR Manny) w/5 Rosner) OR *@db.com OR Montani OR *@evercoreisi.com OR (Rajat w/5 Gupta) OR rajat.gupta@jpmorgan.com OR *@jpmorgan.com OR Colantuoni OR Thill OR *@jefferies.com OR (Adam w/5 Jonas) |
| *@psc.com OR *@rbccm.com OR Imbro OR Caintic OR (Rick w/5 Nelson) OR *@stephens.com OR ((Michael OR Mike) w/5 Ward) OR *@benchmarkcompany.com OR (Naved w/5 Khan) |
| Bottiglieri OR *@exanebnpparibas.com OR ((Nathaniel OR Nate OR Nat) w/5 Schindler) OR *@baml.com OR ((Garrett OR Gary) w/5 Nelson) OR *@cfraresearch.com OR ((Nicholas OR Nick OR Nic) w/5 Jones) |

- 4 -

- 5 -

| |
|---|
| Carletti OR ((Ronald OR Ron) w/5 Josey) OR *@jmpsecurities.com OR (John w/5 Blackledge) OR ((James OR Jim OR Jimmy) w/5 Kopelman) |
| Sinkevicius OR *@morganstanley.com OR (Chris w/5 Pierce) |
| (mislead* OR misled*) w/20 (public OR investor OR investors OR statement OR info*) |
| (risk OR risks) w/3 disclos* |

- 5 -

4911-0295-3783.v1