# EXHIBIT 19

LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

[*Additional counsel on signature page*]

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation | CASE NO. 2:22-cv-02126-PHX-MTL |
|---|---|
| | **CARVANA'S AMENDED RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF INTERROGATORIES TO CARVANA** |
| This Document Relates to: | |
| ALL ACTIONS. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Carvana Co. ("Carvana"), by and through its undersigned counsel, hereby objects and responds to Lead Plaintiffs United Association National Pension Fund ("UANPF") and Saskatchewan Healthcare Employees' Pension Plan's ("SHEPP," and collectively with UANPF, "Lead Plaintiffs") Second Set of Interrogatories to Carvana Co. (the "Interrogatories" and each an "Interrogatory") as set forth below.

**PRELIMINARY STATEMENT**

1.      The responses to this Interrogatory are prepared based on information known to Carvana as of the date of these responses.  Discovery and investigation in the Action are continuing, and Carvana reserves the right to correct, amend, or supplement these responses and objections should it become aware of any omission, error, or additional information that it may subsequently discover and determine to be relevant.  Carvana will make reasonable efforts to respond to the Interrogatory to the extent that it has not been objected to and to the extent that Carvana understands the Interrogatory.  If Plaintiffs subsequently assert an interpretation of the Interrogatory that differs from that given by Carvana, then Carvana reserves the right to supplement its objections and responses, as necessary.

2.      In providing these responses to the Interrogatory, Carvana reserves its rights to (i) supplement, clarify, revise, or correct any or all of the responses and objections herein at any time; (ii) assert any and all objections to the competency, authenticity, relevancy, materiality, or admissibility into evidence of any of the responses and objections herein or information provided in response to the Interrogatory; and (iii) object to the use of these responses in any proceeding other than the above-captioned action.

3.      In Carvana's responses and objections, the terms "including," "such as," and "like" are used without limitation.

4.      For all objections herein, the terms "or" and "and" are intended to be construed disjunctively or conjunctively, as necessary, to achieve the broadest possible scope of the objection.

5.      Carvana may provide information that it believes may be responsive to the

Interrogatory and reserves the right to assert subsequently that such information is not of the type called for by the Interrogatory.

6.    Any responses Carvana provides to the Interrogatory are subject to the parties' agreement to be bound by the terms of the negotiated protective order and ESI protocol ordered by the Court on March 12, 2025, ECF Nos. 136 and 137.  Carvana reserves all of its rights and applicable objections with respect to its private, confidential, proprietary, or other similarly-protected confidential materials or information.

7.    In responding to the Interrogatory, Carvana does not concede that any of the information provided is relevant, material, or admissible in evidence.  Carvana reserves the right to challenge on evidentiary grounds any information provided in response to the Interrogatory.

8.    Pursuant to Fed. R. Civ. P. 26(b)(1) and all other applicable rules and laws, Carvana will not provide information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other legal privilege, immunity, protection, or other limitation on discovery.

### OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.    Carvana objects to the "Definitions" and "Instructions" to the extent they purport to impose duties or obligations on Carvana beyond any duties and obligations under the Federal Rules, local rules of the District of Arizona, and any other applicable law (collectively, the "Applicable Rules").

2.    Carvana objects to the definition of "Carvana" and "[the] Company" on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of this case, and seeks information that is not relevant to any party's claims or defenses in this case including because it includes "all other persons acting or purporting to act" on Carvana's behalf.  For the purposes of responding to the Interrogatory, Carvana will construe the term "Carvana" to mean Carvana Co.

3.    Carvana objects to the definition of "Employee" as vague, not described with reasonable particularity, and overbroad, including because it encompasses "any person who

at any time . . . purported to act on your behalf or under your supervision, direction or control," and because of its use of the undefined terms or phrases "independent contractors," "investment bankers," "advisors," "businesses," "purported to act on your behalf," and "similar persons or entities" among other descriptors of persons or entities that would not necessarily have an employment relationship with Carvana.  Carvana further objects to this definition to the extent that it calls for Carvana to make or admit any legal conclusions regarding the existence of any particular legal relationship. Carvana objects to Instruction No. 1 to the extent that the undefined phrase "all other persons acting on your behalf" purports to request information from persons or entities that would not necessarily have an employment relationship with Carvana.

### OBJECTIONS AND RESPONSES TO THE INTERROGATORY

The objections to the Interrogatory below are in addition to the objections set forth above.  The Objections to the Definitions and Instructions are part of the response to the Interrogatory.

**Interrogatory No. 2:**

Identify facts sufficient to show Carvana's entire corporate organizational structure during the period from November 1, 2019 to April 10, 2023, including a description of: the function(s) of each corporate division, department, business unit, or other corporate subdivision of Carvana; the hierarchical organizational relationship between Carvana's divisions, departments, units, or other corporate subdivisions, including all organizational charts, diagrams, or other documents describing the relationships between Carvana's executive personnel, divisions, departments, units, or other corporate subdivisions; the reporting structures and hierarchies of authority and responsibility through which Carvana's executives, managers, officers, and employees fulfilled his, her, or their duties in managing the Company; the names and positions, job titles, job descriptions and duties of Carvana executives and senior managers within each corporate division, department, business unit, or other corporate subdivision; and the names and positions, job titles, and duties of

4

employees who reported directly to the Carvana executives and senior managers identified in this interrogatory.

**Response to Interrogatory No. 2:**

Carvana incorporates the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Carvana objects to the Interrogatory on the grounds of relevance, overbreadth, undue burden, and proportionality because the time period for which it seeks information is not tailored to the operative issues in this Action. Carvana will respond with respect to the period of January 1, 2020, through December 31, 2022 (the "Relevant Period").

Carvana further objects to the Interrogatory on the grounds of relevance, overbreadth, undue burden, and proportionality because the Interrogatory requests facts sufficient to show Carvana's "entire corporate organizational structure," and information regarding all of Carvana's officers and employees across all of its corporate subdivisions. Only a substantially narrower subset of Carvana's organizational structure and personnel is relevant to the operative issues in this Action, and Carvana will respond with respect to that subset.

Subject to and without waiving the foregoing objections, Carvana responds as follows:

Relevant Carvana executives responsible for the overall strategy of the Company, as relevant to this matter, were Ernest Garcia III (President and CEO), Mark Jenkins (CFO), and Benjamin Huston (COO).

Carvana's Legal group was responsible for providing the Company with legal guidance and management of legal risk. Paul Breaux (General Counsel) served at the head of the Legal group and worked on and supervised projects related to title and registration during the Relevant Period. Christopher Olson (Deputy General Counsel) reported to Paul Breaux and worked on and supervised projects related to title and registration during the Relevant Period.

Carvana's Government Affairs group was within the Legal group and was involved with projects related to title and registration. Will Munsil (Associate Corporate Counsel

between January 1, 2020, and February 13, 2020; Corporate Counsel between February 14, 2020, and June 27, 2021; Senior Corporate Counsel between June 28, 2021, and December 31, 2022) worked on and supervised projects related to title and registration during the Relevant Period.

Carvana's Regulatory Operations Support group was within the Legal group and was involved with projects related to title and registration. Mark Murphy (Manager, Regulatory Operations Support between January 1, 2020, and November 14, 2021; Senior Manager, Regulatory Operations Support between November 15, 2021, and December 31, 2022) reported to Christopher Olson (Deputy General Counsel) as a Senior Manager and worked on and supervised projects related to title and registration during the Relevant Period.

Carvana's Operations group was generally responsible for real estate, verifications, fulfillment, customer care, and inventory during the Relevant Period. The Operations group operated under the direction of Benjamin Huston (COO) during the Relevant Period.

Carvana's Market Operations group was within the Operations group and was responsible for last-mile delivery and pickup of cars sold to or bought from customers, as well as certain paperwork related to title and registration at the time of delivery of cars sold to customers. Jacqueline Hearns (Associate Director, Market Operations between January 1, 2020, and November 1, 2020; Director, Market Operations between November 2, 2020, and October 3, 2021; Director, Customer Experience between October 4, 2021, and December 31, 2022) had limited awareness of projects related to title and registration during the Relevant Period.

Carvana's Inventory group was within the Operations group and was responsible for the acquisition, inspection, and reconditioning of cars that were purchased by the company. Brian Boyd (Director, Inventory Purchasing) reported to Ben Huston (COO) and his responsibilities concerned strategic decision-making related to vehicle acquisition, vehicle pricing, and inventory.

Carvana's Titles group was within the Inventory group and was responsible for processing incoming and outgoing paper and electronic titles and related paperwork.

Nemanja Samailovic (Associate Director, Logistics Inventory Optimization between January 1, 2020, and November 1, 2020; Director, Logistics Inventory Optimization between November 2, 2020, and December 31, 2022) worked on and supervised projects related to title and registration during the Relevant Period.  Sunny Warda (Associate Director, Titles Operations between July 26, 2021, and December 31, 2022) worked on and supervised projects related to title and registration during the Relevant Period.

Carvana's Customer Care and Customer Experience group was within the Operations group and was responsible for communicating with customers before and after delivery of vehicles and for discussing title and registration with customers.  Harry Alberti-Correa (Associate Director, Customer Care Strategy and Analytics between November 2, 2020, and September 4, 2022; Director, Customer Care Strategy and Analytics between September 5, 2022, and December 31, 2022) worked on and supervised projects related to title and registration during the Relevant Period.

Carvana's Strategy & Operations, Regulatory Operations group was within the Customer Care and Customer Experience group and was responsible for overseeing title and registration strategy.  Stephen Keim (Associate Director, Regulatory Operations between September 20, 2021, and August 31, 2022; Director, Regulatory Operations between September 1, 2022, and December 31, 2022) worked on and supervised projects related to title and registration during the Relevant Period.

Carvana's Registration group was within the Customer Care and Customer Experience group and was responsible for reviewing and processing customer vehicle registration documents before and after sale.  Jordan Firman (Senior Manager, Customer Experience between April 12, 2021 and December 31, 2022) worked on and supervised projects related to title and registration during the Relevant Period.  Eric Deacon (Senior Manager, Registration between June 27, 2022, and December 31, 2022) reported to Teresa Aragon (currently Vice President, Customer Experience) and worked on and supervised projects related to title and registration during the Relevant Period.  Jonathan Greer (Director, Regulatory Operations between November 2, 2020, and August 14, 2022)

reported to Teresa Aragon and worked on and supervised projects related to title and registration during the Relevant Period.

Carvana's Accounting and Finance group was responsible for managing financial operations and reporting, including budgeting, forecasting, and ensuring compliance with accounting standards.  The group reported to Stephen Palmer (Vice President, Accounting and Finance).

Carvana's Investor Relation group was responsible for managing communications with investors, including periodic reporting and investor conferences.  Mike Levin (Vice President, Investor Relations) reported to Mark Jenkins (CFO).

Carvana's Quantitative Marketing group was a business unit responsible for monitoring retail demand and for strategic decision-making related to increasing retail demand.  Michael Grantham (Vice President, Quantitative Marketing) reported to Mark Jenkins (CFO) and served as the head of the Quantitative Marketing group during the Relevant Period.

DATED:  August 19, 2025

LATHAM & WATKINS LLP

/s/ Matthew J. Peters
Matthew J. Peters (*Pro Hac Vice)*
J. Christian Word (*Pro Hac Vice*)
Andrew B. Clubok (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: matthew.peters@lw.com
Email: christian.word@lw.com
Email: andrew.clubok@lw.com
Email: susan.engel@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 916-5000
Email:  dnorthup@fennemorelaw.com
Email:  amarconi@fennemorelaw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

9

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, California 94111.

On August 19, 2025, I served the following documents described as:

**CARVANA'S AMENDED RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND SET OF INTERROGATORIES TO CARVANA CO.**

by serving a true copy of the above documents by **E-Mail or Electronic Transmission**:

Based on agreement by the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the e-mail address kalana.kariyawasam@lw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

| | |
|---|---|
| Daniel S. Drosman<br>Rachel A. Cocalis<br>Sarah A. Fallon<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>ddrosman@rgrdlaw.com<br>rcocalis@rgrdlaw.com<br>sfallon@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* | Robert M. Rothman<br>(Admitted pro hac vice)<br>David A. Rosenfeld<br>(Admitted pro hac vice)<br>Brent E. Mitchell<br>(Admitted pro hac vice)<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: 631/367-7100<br>631/367-1173 (fax)<br>rrothman@rgrdlaw.com<br>drosenfeld@rgrdlaw.com<br>bmitchell@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* |
| PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>Susanna M. Buergel (pro hac vice)<br>David P. Friedman (pro hac vice) | FENNEMORE CRAIG, P.C.<br>Douglas C. Northup (No. 013987)<br>Andrea L. Marconi (No. 022577) |

| | |
|---|---|
| 1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>Email: sbuergel@paulweiss.com<br>Email: dfriedman@paulweiss.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* | 2394 E. Camelback Road Suite 600 Phoenix, Arizona 85016<br>Telephone: (602) 916-5000<br>Email: dnorthup@fennemorelaw.com<br>Email: amarconi@fennemorelaw.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* |
| **DLA PIPER LLP (US)**<br>Madeline A. Cordray (Bar No. 035788)<br>madeline.cordray@us.dlapiper.com<br>2525 East Camelback Road, Suite 1000<br>Phoenix, Arizona 85016<br>480.606.5100<br>Melanie Walker *(pro hac vice)*<br>melanie.walker@us.dlapiper.com<br>2000 Avenue of the Stars #400,<br>Los Angeles, California 90067<br>310.595.3000<br><br>*Counsel for Defendant Ernest Garcia II* | **DLA PIPER LLP (US)**<br><br>Yan Grinblat (*pro hac vice*)<br>yan.grinblat@us.dlapiper.com<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 60606<br>312.368.4000<br><br><br>*Counsel for Defendant Ernest Garcia II* |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 19, 2025**, at San Francisco, California.

*John M. Eastly*
John M. Eastly