# EXHIBIT 20

# Robbins Geller Rudman & Dowd LLP

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Erika L. Oliver
eoliver@rgrdlaw.com

August 22, 2025

<u>VIA EMAIL</u>

Matthew J. Peters
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
matthew.peters@lw.com

      Re:     *In re Carvana Co. Securities Litigation*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Matt:

I write in response to your August 7, 2025 letter regarding the Carvana Defendants': (i) proposed search terms and custodians to cull for information that is relevant and responsive to Plaintiffs' RFPs, and (ii) responses to Interrogatory No. 2, as well as the Carvana Defendants' response to RFP No. 38. Your August 7 letter advances several positions on search terms, custodians, and Interrogatory No. 2 that require correction to align with the ESI Protocol (ECF 137) and the Court's July 1, 2025 Order (ECF 173).

Six months after Plaintiffs served RFPs – and over a month after the Court's ruling that discovery is not confined to title and registration but extends "into the other drivers of Carvana's retail unit sales" (ECF 173 at 4) – the Carvana Defendants now offer limited search-term additions and only two new custodians. That approach is incompatible with both the ESI Protocol (requiring the producing party to propose terms first) and the breadth of discovery the Court authorized. Plaintiffs remain willing to reach pragmatic agreements quickly, and the requests below are targeted to move us there without Court intervention.

***Search Terms***. The Carvana Defendants' delay in providing search terms designed to identify discovery pertaining to issues unrelated to Carvana's title-and-registration violations is unfounded. That it may be "common practice" for propounding parties in other litigation to suggest terms is irrelevant in this action where the ESI Protocol specifically requires that "the producing party shall provide a list of proposed search terms, which shall contain the search terms that it believes would lead to the identification of relevant documents," only after which "the receiving party shall provide any ***additional*** search terms." ECF 137 at 4; *see also* R. Cocalis 03-28-2025 Letter at 2-3. Although your letter seems to advocate for some purported "common practice," the protocol the parties negotiated and the Court ordered here dictates the manner in which search terms are to be proposed and negotiated.

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew Peters
August 22, 2025
Page 2

In any event, we are currently reviewing the Carvana Defendants' proposed search terms in your August 7 letter and will revert shortly with proposed additional terms.  That, however, does not alleviate the Carvana Defendants from proposing terms that are likely to lead to documents responsive to the full range of relevant discovery.  To streamline this exercise, by August 29, 2025, please provide us with the search parameters that Carvana has used or will use to cull for relevant and responsive information in response to the June 2025 subpoena from the SEC requesting information relating to the January 2025 short seller report, which subpoena Carvana disclosed in its July 30, 2025 Form 10-Q.

***Custodians, Interrogatory No. 2, and RFP No. 38***.  When the Carvana Defendants (incorrectly) argued that this case is limited to title-and-registration issues, you contended that Plaintiffs' position as to the scope of discovery covered "***basically everything*** at the company," "the foundation of the company," and "its ***entire*** business model."  06-23-25 Hg. Tr. at 10:14-17.  Nevertheless, the Carvana Defendants now claim that "[o]nly a substantially narrow subset of Carvana's organizational structure and personnel is relevant to the operative issues in this Action" (Carvana's Amended R&Os to Rog. No. 2, dated Aug. 19, 2025), and propose that ***only two*** additional custodians are sufficient to provide discovery as to Carvana's "entire business model" (06-23-25 Hg. Tr. at 10:14-17).

Carvana's amended response to Interrogatory No. 2 makes clear it continues to overwhelmingly focus on title-and-registration issues and omits ostensibly relevant business units.  For instance, the Carvana Defendants' response does not include any information pertaining to FP&A, which is uncontrovertibly relevant to Statement Nos. 19-20 and Statement B.  Moreover, it also does not include plainly relevant business units, such as those which we have identified via a review of LinkedIn profiles, including "Sell to Carvana" and "Inspection Centers."  As to the two new custodians the Carvana Defendants have proposed – Michael Grantham (Quantitative Marketing) and Brian Boyd (Inventory Strategy) – your August 7 letter explains that their roles "during the Relevant Period (Jan. 1, 2020–Dec. 31, 2022)" concerned demand and vehicle acquisition/pricing.  That concession underscores why additional custodians are necessary across the non-title-and-registration retail sales drivers.

In sum, the Carvana Defendants' custodian proposal and response to Interrogatory No. 2 are facially deficient and inconsistent with both the Court's determination that Plaintiffs are entitled to discovery "into the other drivers of Carvana's retail unit sales" (ECF 173 at 4) and your representations to the Court.  In addition, your refusal to add Kevin Hogan, Jordan Firman, Dan Gill, Kristin Thwaites, Christina Keiser, Sunny Warda, and Jacqueline Hearns is baseless.  *See* M. Peters 08-07-25 Letter at 3.  Each of the requested individuals is identified in the Carvana Defendants' interrogatory responses as either an individual on whom Carvana relied in believing its statements were true or as being a person who is "relevant to the operative issues in this Action."  *See* Carvana's Amended R&Os to Rog. No. 2, dated Aug. 19, 2025.  It is not readily apparent how each of these individuals' information is "already captured due to the presence of one or more existing custodians."

**Robbins Geller
Rudman & Dowd** LLP

Matthew Peters
August 22, 2025
Page 3

M. Peters 08-07-25 Letter at 3.  Aside from Kevin Hogan, you make no effort to elucidate the purported redundancies.

This problem is compounded by the Carvana Defendants' refusal to produce organizational information in response to RFP No. 38 and as required by the ESI Protocol, and now by the Carvana Defendants' refusal to provide a fulsome response to Interrogatory No. 2.  In order to have a productive conversation about custodians, we are entitled to transparency into Carvana's organizational structure.  The Carvana Defendants cannot claim on one hand that Interrogatory No. 2 requires them to build organizational information via "burdensome manual processes" (M. Peters 07-23-25 Letter at 10) while asserting on the other that they need not produce any organizational information in response to RFP No. 38.  The Carvana Defendants' insistence that organizational charts from the Relevant Period do not exist is not credible.  *Id.* at 10; *see, e.g.*, *Evanston Police Pension Fund v. McKesson Corp.*, Case No. CV 18-06525-CRB, ECF 103 at 11:7-16 (N.D. Cal. July 9, 2020) ("THE COURT: . . . [I]t's hard for me to believe that McKesson does not have access to enough documents sufficient to show the general organization of McKesson with its departments and divisions, not every employee, but enough for them to get how it's divided up and maybe at different temporal points that are meaningful, and then from there, I would expect plaintiffs to be able to ask good questions, to eliminate and narrow down where they should be digging.  Okay?  But they can't just dig around in the dark.").  Moreover, RFP No. 38 is not limited to "organizational charts," but more broadly seeks any "[d]irectories, organizational charts, or other documents sufficient to identify Carvana's organizational structure and its employees . . . ."  RFP No. 38.  Indeed, the Carvana Defendants agreed to produce just that: "documents sufficient to show Carvana's organizational structure."  R&Os to RFP No. 38.

Accordingly, we renew Plaintiffs' request that the Carvana Defendants immediately: (1) provide "facts sufficient to show Carvana's entire corporate organizational structure" in response to Interrogatory No. 2; (2) identify business units and individuals therein with responsibilities concerning the artifices of the scheme claim or the drivers of retail unit sales alleged in Statement Nos. 19-20 and Statement B in response to Interrogatory No. 2; and (3) produce documents sufficient to show Carvana's departments at a high level and/or records from Carvana's human resources department that "identify the Company's officers, executives, and senior managers by title and/or department and date(s) of employment" in response to RFP No. 38.  R. Cocalis 05-15-25 Letter at 2.  The Carvana Defendants' response to Interrogatory No. 2 should cover the entire Relevant Period ordered by the Court.  ECF 196.  If the Carvana Defendants refuse to provide this information by August 29, 2025, Plaintiffs will move to compel the Carvana Defendants' compliance with the Court's July 1, 2025 Order through a fulsome response to Interrogatory No. 2, and move to compel production of information in response to RFP No. 38.  We propose the following schedule:

1. **Plaintiffs will provide their position statements** to the Carvana Defendants by 5:00 p.m. PT on Thursday, September 4, 2025;

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew Peters
August 22, 2025
Page 4

2. **The Carvana Defendants will provide their responses** within six days of receipt of the joint motions (September 10, 2025) by 5:00 p.m. PT;

3. **Plaintiffs will then have the opportunity to revise their statements in response and file the following day** (September 11, 2025)[1]; and

4. Prior to filing, Plaintiffs will provide the Carvana Defendants with a redline identifying any edits made to the parties' joint section, and any substantive changes made to Plaintiffs' position statement that are not in response to the Carvana Defendants' position or a deletion that would otherwise render an argument superfluous and thus undermine the clarity or cogency of the joint submission.

*Verifications*.  None of the Carvana Defendants' responses to interrogatories is accompanied by the required verification.  Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing *under oath*.") (emphasis added); LRCiv 33.1(b) ("The responding party shall complete all copies, *attach a verification* and certificate of mailing, and serve one (1) copy of the set upon each separate counsel representation in the action."). Please immediately provide verifications for each defendant's interrogatory responses.

\*     \*     \*

As always, we are willing to meet and confer regarding any of these issues.

Regards,

ERIKA L. OLIVER

---

[1] If the Carvana Defendants do not abide by the agreed-upon schedule as they did with the parties' prior submissions (ECF 177-178), Plaintiffs have the right to alter the filing date.