# EXHIBIT 27

**Robbins Geller Rudman & Dowd LLP**

Chicago      Melville      Nashville      San Diego      Wilmington
Boca Raton    Manhattan    Philadelphia    San Francisco    Washington, D.C.

Erika L. Oliver
eoliver@rgrdlaw.com

August 4, 2025

<u>VIA EMAIL</u>

Melanie Walker
DLA Piper LLP
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4735

Re:    *In re Carvana Co. Securities Litigation*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Melanie:

I write to follow up on the parties' August 1, 2025 telephonic meet and confer concerning our communications about Ernest Garcia II's ("Garcia Sr.") Responses and Objections ("R&Os") to Lead Plaintiffs' First Set of Requests for Production of Documents ("RFPs" or "Requests"), dated April 10, 2025, including our July 23, 2025 email and July 31, 2025 draft joint motion.

***RFPs 18 and 19 and Lead Plaintiffs' Draft Joint Motion***.  As stated on the call, Garcia Sr. is withdrawing his relevance objections to these Requests and will produce documents responsive to RFPs 18 and 19 as narrowed by our April 18, 2025 letter.  *See* R. Cocalis 04-18-25 Letter at 5-6.  In particular, Garcia Sr. now agrees to produce "documents and communications concerning any holdings and transactions in Carvana securities made by Garcia Sr. or any entity in which he owned at least a 25% interest from May 6, 2020 to October 10, 2022, including documents related to any applicable SEC 10b5-1 plans and the details of any modifications thereto."  *Id.*  You stated your remaining objection to these Requests is a privilege objection, and any documents withheld on the basis of privilege will be logged.  Plaintiffs confirmed that this resolves the dispute that was the subject of a joint motion that the parties had previously agreed to file on August 7, 2025 and for which Plaintiffs delivered their position statement to Garcia Sr. on July 31, 2025.

***Communications with Citigroup Global Markets Inc. ("Citigroup") and J.P. Morgan Securities LLC ("J.P. Morgan," collectively the "Underwriter Defendants")***.  Concerning the parties' dispute over Garcia Sr.'s communications with the Underwriter Defendants, you stated on the call that you are open to considering search terms for identifying communications with the Underwriter Defendants that are designed to capture information relevant to any due diligence related to the 2022 offering, Carvana, Carvana securities, and the Garcia Parties' transactions with Carvana.  You stated that not limiting the universe of information via search terms could yield

655 West Broadway, Suite 1900    San Diego, CA  92101    Tel 619-231-1058    Fax 619-231-7423    rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

Melanie Walker
August 4, 2025
Page 2

irrelevant information.  You provided as examples emails offering a reduced mortgage interest rate or with JP Morgan Private Bank concerning personal banking needs.  So that we can assess the necessity of search terms, we asked that you provide us with the volume of communications with the Underwriter Defendants.  Our request for this data point is consistent with the ESI Protocol, which requires the producing party to "provide a search term hit list or hit report" where the producing party "claims that use of . . . search terms is not proportional to the needs of the case or unduly burdensome."  ECF 137 at 4.  We will evaluate proposing search terms that strike an appropriate balance, and discussed the names of the individuals from the Underwriter Defendants who worked on the April 2022 offering or other terms that the Underwriter Defendants used to refer to that offering.  You confirmed that you would provide this information regarding volume.

As always, we are available for a meet and confer if you would like to discuss further.

Regards,

ERIKA L. OLIVER