EXHIBIT 28

**Sarah Fallon**

| | |
|---|---|
| **From:** | Norris, David S. <david.norris@squirepb.com> |
| **Sent:** | Tuesday, October 28, 2025 3:26 PM |
| **To:** | Sarah Fallon; Cabianca, Brian A. |
| **Cc:** | Erika Oliver; Skeet, Tanya J. |
| **Subject:** | RE: In re Carvana Co. Securities Litigation | Case No. CV-22-2126-PHX-MTL |

EXTERNAL SENDER
Hi Sarah,

We do not understand your email. You suggest we are at an impasse, but you have not responded to any of the substantive points raised in our most recent letter. For example:

- You regurgitate a prior point you made about how Defendant Ernie Garcia II is not likely to have access to responsive to financial documents. But you fail to square that with Plaintiffs' opposite allegation in its Amended Complaint that Garcia Senior had "access to confidential proprietary information concerning the Company's operations and financial results." And you have told us that Ernie Senior has agreed to search for relevant emails from his DriveTime email account, so we do not understand why you are requesting this information from nonparty DriveTime.

- You do not respond to the fact that Defendant Carvana will have all the relevant financial records about its own vehicle sales and what amounts, if any, it then passed back from those sales to DriveTime.

- You still have not identified the Carvana-DriveTime agreements you want nonparty DriveTime to produce records about, insisting nonparty DriveTime figure that out for Plaintiffs, instead of Plaintiffs obtaining that discovery from Defendant Carvana before demanding burdensome productions from a nonparty.

- Most importantly, you have no response to our reasonable suggestion that Plaintiffs first obtain discovery from the parties to the case—including Defendant Ernie Garcia II who you have told us is producing information from his DriveTime email address—and review that information first, and then in the unlikely event Plaintiffs still need documents from DriveTime, we can discuss a narrow production.

Please respond to our letter before stating we are at an impasse, so Plaintiffs can rush off to initiate motion practice that will only further unduly burden nonparty DriveTime with discovery that you can obtain (and apparently are obtaining) from the Defendants to the litigation. And without knowing the basis for Plaintiffs' position on these issues, we also need to more time to determine whether we consent to proceeding here on a rush basis, as you propose below.

1

Also, we will further confer with DriveTime about whether there is a production of certain financial records that DriveTime can produce to resolve this discovery dispute. We will get back to you later this week on that. We will of course need a protective order in place before sharing confidential financial records, so please send us a draft of a protective order that we can review.

Regards,
David

**David S. Norris**
Squire Patton Boggs (US) LLP
O  +1 602 528 4013
M  +1 602 999 3483
david.norris@squirepb.com | squirepattonboggs.com

---

**From:** Sarah Fallon <SFallon@rgrdlaw.com>
**Sent:** Thursday, October 23, 2025 3:39 PM
**To:** Cabianca, Brian A. <brian.cabianca@squirepb.com>; Norris, David S. <david.norris@squirepb.com>
**Cc:** Erika Oliver <EOliver@rgrdlaw.com>; Skeet, Tanya J. <tanya.skeet@squirepb.com>
**Subject:** [EXT] RE: In re Carvana Co. Securities Litigation | Case No. CV-22-2126-PHX-MTL

Counsel,

We have received and reviewed DriveTime's October 21, 2025 letter. Setting aside the letter's inaccuracies, it confirms that we are at an impasse. Simply, DriveTime maintains the position that there is no set of documents which is solely in DriveTime's possession (not in Carvana's nor Garcia Senior's possession), even "documents responsive to RFP No. 1(iii)-(iv)." S. Fallon 09-22-25 Letter at 4. Plaintiffs disagree. Plaintiffs thoroughly substantiated their position that "DriveTime alone maintains: (a) expected or actual proceeds and profits associated with the agreements; (b) internal DriveTime communications, analyses, approvals, and evaluations concerning those agreements; and (c) DriveTime-originated reasons for structuring or modifying those agreements.  These materials are not in Carvana's possession and would not be captured by a Garcia Sr.-only collection."  S. Fallon 09-22-25 Letter at 2; *see also* S. Fallon 09-22-25 Letter at 1 ("The documents most likely to be responsive reside within DriveTime business units (*e.g.*, FP&A/Accounting, Wholesale/Auction Operations, Reconditioning/Operations, and Legal/Contracts Administration), not in Garcia Sr.'s mailbox."); S. Fallon 09-22-25 Letter at 3 ("Internal DriveTime communications concerning negotiations, structure, and modifications will not be duplicated in Carvana's files.").

As such, we intend to move to compel DriveTime to produce documents responsive to RFP No. 1(iii)-(iv) from January 1, 2020 through February 28, 2023 (the "Relevant Period"), in particular: (1) documents concerning DriveTime's expected or actual proceeds and profits from DriveTime and Carvana's shared service and other agreements (the "agreements"); and (2) DriveTime's internal communications concerning (a) negotiations with Carvana over the agreements, (b) the terms of the agreements during the Relevant Period, including any modifications to any such terms and the reasons for making any such modifications; and (c) DriveTime's expected or actual proceeds and profits from the agreements. By *Friday, October 24, 2025*, please let us know if DriveTime agrees to the schedule below and the process provided by paragraph 6 of the Scheduling Order, as set forth in my October 20, 2025 email, including filing a joint 3-page motion on the *In re Carvana Co. Securities Litigation* docket.  Unless DriveTime provides an alternative schedule or objects to filing on the *Carvana* docket by *Friday, October 24, 2025*, we will proceed according to the schedule below.

1. **Plaintiffs will provide their position statement** to DriveTime by 5:00 p.m. PT on Thursday, October 30, 2025;
2. **DriveTime will provide its response** within seven days of receipt of the joint motion (November 6, 2025) by 5:00 p.m. PT;
3. **Plaintiffs will then have the opportunity to revise their statement in response and file the following day** (November 7, 2025); and

4.  Prior to filing, Plaintiffs will provide DriveTime with a redline identifying any edits made to the parties' joint section, and any substantive changes made to Plaintiffs' position statement that are not in response to DriveTime's position or a deletion that would otherwise render an argument superfluous and thus undermine the clarity or cogency of the joint submission.

If it would be helpful, we are available to meet and confer this week.

Thank you,
Sarah

---

**From:** Skeet, Tanya J. <tanya.skeet@squirepb.com>
**Sent:** Tuesday, October 21, 2025 4:52 PM
**To:** Sarah Fallon <SFallon@rgrdlaw.com>
**Cc:** Cabianca, Brian A. <brian.cabianca@squirepb.com>; Norris, David S. <david.norris@squirepb.com>
**Subject:** In re Carvana Co. Securities Litigation | Case No. CV-22-2126-PHX-MTL

EXTERNAL SENDER

Ms. Fallon,

Please see the attached letter from Brian Cabianca.

Regards,



**Tanya J. Skeet**
Executive Legal Secretary
Squire Patton Boggs (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016

T  +1 602 528 4892
O  +1 602 528 4000
F  +1 602 253 8129

**tanya.skeet@squirepb.com** | squirepattonboggs.com

Find Us: Twitter | LinkedIn | Facebook | Instagram

Over 40 Offices across 4 Continents

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes personal data that is subject to the requirements of applicable data protection laws, please see the relevant Privacy Notice regarding the processing of personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more

information.

#US

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**