# EXHIBIT 30

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

United Association National
Pension Fund, et al.,            )
                                 )      2:22-cv-02126-MTL
            Plaintiffs,          )
                                 )      Phoenix, Arizona
       vs.                       )      November 17, 2025
                                 )        2:03 p.m.
Carvana Company, et al.,         )
                                 )
            Defendants.          )
_____)

    BEFORE:   THE HONORABLE JOHN Z. BOYLE, MAGISTRATE JUDGE


TRANSCRIPT OF PROCEEDINGS

TELEPHONIC MOTION HEARING

Transcriptionist:
Elva Cruz-Lauer
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 33
Phoenix, Arizona  85003
(602) 322-7261

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

UNITED STATES DISTRICT COURT

2

A P P E A R A N C E S

For the Plaintiffs:

        Robbins Geller Rudman & Dowd LLP - San Diego, CA
        By:  SARAH FALLON, ESQ.
            TOR GRONBORG, ESQ.
        655 W. Broadway, Ste. 1900
        San Diego, CA  92101

For the Defendants Carvana, et al.:

        Latham & Watkins - Washington, DC
        By:  MATTHEW PETERS, ESQ.
        555 11th St. NW, Ste. 1000
        Washington, DC  20004-1304

For the Defendant Ernest Garcia, Sr.:

        DLA Piper LLP (US) Los Angeles, CA
        By:  EMMA CAITLIN PEPLOW, ESQ.
        North Tower
        2000 Avenue of the Stars, Ste. 400
        Los Angeles, CA  90067

For the Defendant Citigroup Global Markets, Incorporated, and J.P. Morgan Securities, LLC:

        Paul Weiss Rifkind Wharton & Garrison LLP
        By:  DAVID PHILLIP FRIEDMAN, ESQ.
        1285 Avenue of the Americas
        New York, NY  10019

UNITED STATES DISTRICT COURT

And I'll give you that circuit breaker if there's something that we missed here today that just makes this completely unfair, or there's something that we've missed -- because I'm trying to craft an order that works as a compromise that neither one of you really likes but it works for the case.

So anything else you'd like to be heard on?

MR. PETERS:  No, Your Honor.  Thank you.

THE COURT:  Okay.  Knowing neither one of you is getting what you want, the overall goal, which you'll see in my order, is to fashion a compromise that allows plaintiff to get some additional discovery they don't feel they're getting in any way, but not unduly the defendant.

Plaintiff has some cause to do so, and it allows for at least some proportion of discovery, as far as we know now, but allowing the defendants the opportunity to revisit this if there's something that's completely unfair, unworkable, it would be your duty to establish why that is.

Because as I said, it seems fair now, but you do have the circuit breaker and the ability to come back, and I'll have that hearing within a day or two if you all request.

Okay.  I will come back to either one of you to see if there's anything else to discuss today, Ms. Fallon?

MR. GRONBORG:  Actually, Your Honor, this is Tor Gronborg on behalf of plaintiffs.

THE COURT:  Sure, go ahead.

MR. GRONBORG:  Two somewhat housekeeping issues, if you don't mind?

THE COURT:  No, please.

MR. GRONBORG:  One, on the schedule, appreciating that you're going to extend the substantial completion deadline 90 days, that's likely to have an impact on other items in the schedule, you know, (indiscernible) time for us to complete depositions.

I'm wondering if you think the best way to address that is to look at your order and then have the parties assess then the entire schedule, and whether that would be something, to the extent we can agree or there's a dispute about it, would go to you or would it be more -- or would that end up falling under Rule 16?

THE COURT:  Judge Liburdi.

MR. GRONBORG:  It should go --

THE COURT:  Judge Liburdi likes to drive his cases. He's a very proactive judge.  He's involved in them.  He reads up.  He's -- if you obviously had cases with him, you can tell he's very knowledgeable and a proactive judge, so I definitely on my end need to confer with him as well.

I cannot run afoul of any of his orders, but something has to give.  So leave that to me.  I'll confer with Judge Liburdi.  Thank you for noting it.  He is responsible for his case management order, and I'll have to make sure that if for

some reason my proposal here doesn't work with Judge Liburdi, then we'll have to come back to you all, but great point.

Next.

MR. GRONBORG:  The second would be, I'd like to believe that the parties will all be able to work out the remainder of their discovery disputes, but it is likely that we'll have more of these letter briefings.

An issue that's come up, probably affected both sides, is just the moving party will have their position statement, and then there's been sort of a disconnect on when the responding party needs to provide the response.

Sometimes we've been able to work out schedules; other times we haven't.  And I know it's Judge Liburdi's procedure, but I am wondering if you have either had cases where you have just entered an order saying, you know, for example, that once a position statement is exchanged, the opposing party provides theirs within five business days?

If that is something plaintiffs wanted, it is something that we would do as a motion, so using this letter-writing process to try to get such an order in place, or if you have any just suggestions there so that that process can be streamlined and the parties are not sort of having disputes every time a discovery dispute arises, as to what the timing is for responsive statements.

THE COURT:  So to be clear, what has been referred

down to me are discovery disputes.  Everything else does need to go through Judge Liburdi.  Regarding those discovery disputes, as you've just asked, I prefer to be as informal as possible so that even emails with two paragraphs each and putting you on the phone is acceptable to me, and we can shore up those deadlines.

I am happy to work as quickly or as slowly as you need me.  As I said before, I can usually have a hearing within a couple of days if you want.  These cases take priority for me, and I will not stand in your way.

So -- I don't know if you were asking me specifically or if you want me to change it.  But if you all meet and confer and can get that information to me, you do that as quickly as you can, I will get to you as quickly as you want.

Does that answer your question?

MR. GRONBORG:  Yeah, it may in the sense to date we've been trying to very strictly adhere to Judge Liburdi's procedure on the joint letters and if I am steering you right, to the extent it is faster -- the procedure can go faster, it may be whether it's an email or a quick letter, one party or the other can simply notify you --

THE COURT:  Correct.

MR. GRONBORG:  -- of an issue.

THE COURT:  Correct.  You can do that --