ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | JOINT DISCOVERY MOTION |
| All Actions. | ORAL ARGUMENT REQUESTED |

4906-5402-7647.v1

Pursuant to ¶6 of the Court's February 26, 2025 Scheduling Order (ECF 128), Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") and defendants Carvana Co. ("Carvana") and Ernest Garcia III ("Garcia Jr.," with Carvana as the "Defendants," and collectively with Carvana and Plaintiffs as the "Parties") submit this motion concerning a discovery dispute regarding Defendants' objections to producing documents concerning Garcia Jr.'s interest in and any benefit from Ernest Garcia II's ("Garcia Sr.") sales of Carvana Securities in response to Plaintiffs' First Set of Requests for Production of Documents, Request No. 29.[1]

## I.   PLAINTIFFS' ARGUMENT

Plaintiffs move to compel documents responsive to Request for Production No. 29 concerning Garcia Jr.'s interest in or benefit from Garcia Sr.'s insider sales.  The Supreme Court has recognized that "motive can be a relevant consideration" in securities fraud litigation.  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 325 (2007).  The Complaint alleges compelling motive in the form of Garcia Sr.'s *$3.6 billion* in insider Class Period sales, which benefited not only himself, but his son, Garcia Jr.  *See* ¶¶127 n.10, 160 n.17.  The nature and magnitude of Garcia Jr.'s benefit from his father's multi-billion-dollar insider selling binge are highly probative of scienter.  *See Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *15 (C.D. Cal. 2022) (brother's sales probative of defendants' scienter); *George v. China Auto. Sys., Inc.*, 2012 WL 3205062, at *2 (S.D.N.Y. 2012) (defendant's wife's sales supported his scienter).

Defendants argue that this discovery is out of bounds because Judge Liburdi purportedly rejected Plaintiffs' allegations regarding Garcia Jr.'s benefit from Garcia Sr.'s trades.  Ex. 1 at 3-4.  But that ruling addressed pleading standards, not discovery – information that may substantiate or refute scienter remains discoverable.  ECF 105 at 42.  Because the requested information is relevant, it is discoverable.  ECF 173 at 4 (stating that

---

[1]   Capitalized terms that are not defined herein have the same meaning as in the Joint Proposed Case Management Report.  ECF 118.  Unless otherwise stated, citations are omitted and emphasis is added.

- 1 -

"'[t]he proper inquiry'" for permitting discovery is "'whether the information sought is relevant to the parties' claims and defenses and proportional to the needs of the case'"); *see* Fed. R. Civ. P. 26(b)(1). "Although the documents may relate to" allegations that the Court has held were not well-pleaded, "this does not mean that they are 'completely irrelevant' to the claims remaining in this action." *Upton v. McKerrow*, 1996 WL 193807, at *3-*4 (N.D. Ga. 1996); *see* ECF 173 at 4 (stating that, "even if one who were to accept Defendants' interpretation" that allegations in the Complaint were dismissed, "that does not necessarily resolve the issue" of permissible discovery "in Defendants' favor").

Nor is the information sought publicly available. *See* Ex. 2 at 3-4. The Forms 4 to which Defendants point merely state that such sales **occurred**; Defendants do not – and cannot – contend that Garcia Sr.'s Forms 4 disclose the specific benefit Garcia Jr. realized from Garcia Sr.'s insider sales. The public record reveals only that a trust traded, not the trust terms, allocations, distributions, or Garcia Jr.'s actual or anticipated benefit – information uniquely within Defendants' possession. *See* Ex. 3 at 3. And even if the information **were** publicly available (it is not), "it is immaterial that the requested information may also be available from another source, including a public source." *ML Prods., Inc. v. Aster Graphics, Inc.*, 2025 WL 2995106, at *10 (C.D. Cal. 2025) (overruling objection that requested discovery is available publicly, including because the public documents did not appear to provide "all of the requested information"). Defendants' refusal to search for documents responsive to Request for Production No. 29 is unfounded and deprives Plaintiffs of core scienter evidence.

The Court should compel Defendants to produce all documents concerning Garcia Jr.'s interest in or benefit from Garcia Sr.'s sales of Carvana Securities, as requested in Request for Production No. 29.

4906-5402-7647.v1

## II.    DEFENDANTS' ARGUMENT

Plaintiffs seek documents concerning Garcia Jr.'s benefit from trusts in which his father, Garcia Sr., is a trustee. Ex. B at 3. Plaintiffs' Complaint sets forth their theory that stock sales by Garcia Sr.'s trusts raise an inference of scienter for Garcia Jr. Compl. ¶ 160 n.17. Judge Liburdi considered that theory, and held as follows:

> Plaintiffs assert, in conclusory fashion, that Garcia Junior is a beneficiary of the DriveTime Trust and, therefore, benefitted indirectly from his father Garcia Senior's suspicious stock sales. But the ACC offers no well-pled allegations substantiating this theory; nor does the ACC allege Garcia Junior even knew of his father's stock sales.

ECF No. 105 at 42. Accordingly, any interest Garcia Jr. may have in any trust of his father's is beyond the scope of the case. Plaintiffs have never explained how their request for documents relating to Garcia Jr.'s interest in his father's trusts is relevant to operative claims or defenses in light of Judge Liburdi's ruling. *See* Fed. R. Civ. P. 26(b).

In any event, Plaintiffs already have the essential information. The extent to which Garcia Jr. is a beneficiary in any of his father's trusts that sold Carvana securities is a matter of public record. Ex. A at 3-4; Ex. C at 3-4. If Plaintiffs intend to argue that this interest motivated Garcia Jr. to commit fraud (a highly implausible contention given the new highs to which Carvana stock has soared), they are certainly able to do so.

Yet, Plaintiffs claim they need more information about "terms governing the benefit(s) and how specifically he has benefited or may benefit." Ex. B at 3. Plaintiffs provide no explanation of how such information is necessary to demonstrate their motive theory. *Id.* Garcia Jr. has not disputed that he is a beneficiary of these trusts. And Plaintiffs will have the opportunity to ask Garcia Jr. about his status as a trust beneficiary and probe their motive theory.

- 3 -

4906-5402-7647.v1

**CERTIFICATION**

The parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED:  December 10, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                    s/ Daniel S. Drosman
              DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

- 4 -

4906-5402-7647.v1

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

DATED:  December 10, 2025

LATHAM & WATKINS LLP
ANDREW B. CLUBOK
(Admitted *pro hac vice*)
J. CHRISTIAN WORD
(Admitted *pro hac vice*)
SUSAN E. ENGEL
(Admitted *pro hac vice*)
MATTHEW J. PETERS
(Admitted *pro hac vice*)

s/ Matthew J. Peters
MATTHEW J. PETERS

555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004
Telephone: 202/637-2200
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

- 5 -

4906-5402-7647.v1

JEFF G. HAMMEL
(Admitted *pro hac vice*)
KALANA KARIYAWASAM
(Admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY  10020
Telephone: 212/906-1200
jeff.hammel@lw.com
kalana.kariyawasam@lw.com

MERYN C.N. GRANT
(Admitted *pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
Telephone: 424/653-5500
meryn.grant@lw.com

ASHLEY K. GEBICKE
(Admitted *pro hac vice*)
12670 High Bluff Drive
San Diego, CA  92130
Telephone: 858/523-5400
ashley.gebicke@lw.com

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ  85016
Telephone:  602/916-5000
dnorthup@fennemorelaw.com
amarconi@fennemorelaw.com

Counsel for Defendants Carvana Co. and
Ernest Garcia III

- 6 -

4906-5402-7647.v1