# EXHIBIT 1

**Matthew J. Peters**
matthew.peters@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

VIA EMAIL
CONFIDENTIAL

December 3, 2025

Matthew J. Balotta
Robbins Geller Rudman & Dowd LLP
655 W. Broadway
San Diego, CA 92101
mbalotta@rgrdlaw.com

Re:     *In re Carvana Co. Securities Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Matthew:

I write with respect to Plaintiffs' letter dated November 26, 2025 (the "Letter"), along with related correspondence concerning Plaintiffs' requests for production (the "RFPs").

### A.     RFP 2

**June 2025 SEC Subpoena**.  The Letter newly requests not only the "June 2025 SEC subpoena and related search parameters," Nov. 4, 2025, Ltr. from M. Balotta at 1, but also "documents [Carvana Defendants] provided to or received from the SEC in connection" therewith. Ltr. at 1.  This new request is just as improper.

For one, Plaintiffs do not have a request that encompasses documents created or produced in June 2025.  *See* Nov. 21, 2025, Ltr. from M. Peters, at 1.  The Letter sets forth a strained argument that the Court's order setting the Relevant Period (Jan. 1, 2020 – Feb. 28, 2023) does not exclude documents that "relate to" relevant events but "happen to have been created afterwards." No dice.   Plaintiffs' own briefing regarding the Relevant Period argued that the period for discovery needed to be designed to capture "documents *created* after the alleged fraud [that] may be relevant."  ECF No. 178 at 2.  A document created outside the Relevant Period is out of scope.

Carvana Defendants are already producing documents regarding Plaintiffs' DriveTime allegations.  Nov. 21, 2025, Ltr. from M. Peters, at 1-2.  The Letter contends "you cite no authority for your position that relevant discovery is rendered irrelevant when some other discovery is also produced."  First, Plaintiffs have not established the relevance of the SEC subpoena itself.  *Id.*  In any case, there is extensive authority establishing that even if any documents connected to the subpoena were relevant, they would not be *proportionate* in light of Defendants' existing review

**LATHAM&WATKINS**LLP

and productions, which again, robustly target Plaintiffs' DriveTime allegations. *See, e.g.*, *Jefferies Funding LLC v. Dasagroup Holdings Corp.*, 2025 WL 2908571, at *1 (N.D. Cal. 2025) (recognizing the objective of the 2015 amendments to Rule 26 was "to guard against redundant or disproportionate discovery" and "encourage judges to be more aggressive in identifying and discouraging discovery overuse").

Any search terms applied when responding to the SEC are not discoverable information— they have no bearing on the claims or defenses in this case. As explained, courts are clear that "discovery on discovery" is inappropriate unless the requesting party provides specific evidence that the producing party's searches and/or disclosures were facially inadequate. Nov. 21, 2025, Ltr. from M. Peters at 2. The Letter's citation to *Boeing* does not contradict those authorities. In *Boeing*, the defendants had already agreed to produce the "cloned discovery" materials at issue— the only dispute was with respect to the *timing* of that production and other procedural issues. *See In re The Boeing Co. Sec. Litig.*, No. 1:24-cv-151-LMB-LRV (E.D. Va.), Opp. to Mot. to Compel, ECF No. 94 at 4; Reply ISO Mot. to Compel, ECF No. 98 at 2. Nothing in *Boeing* suggests that discovery on discovery should be ordered in the absence of the typical showings required.

The Letter requests clarification regarding whether Carvana Defendants refuse to produce documents provided to the SEC. Carvana Defendants have produced and will produce responsive non-privileged documents pertaining to Plaintiffs' DriveTime allegations. Those documents may overlap with documents provided to the SEC.

Accordingly, Carvana Defendants will not produce the June 2025 SEC subpoena or related search parameters, and will only produce documents provided to the SEC to the extent they are responsive, non-privileged, and appear within Carvana Defendants' review population.

**2020 SEC Information Request**. The Letter's request for information related to an SEC information request regarding historical information from 2019 and earlier has no relevance to Plaintiffs' DriveTime allegations, which are restricted to 2021 and later. *See* Nov. 21, 2025, Ltr. from M. Peters at 2.

The Letter responds that the Complaint alleges relevant "related-party deals" support a strong inference of scienter. But the very paragraphs that the Letter cites themselves cite exclusively to SEC filings submitted in 2021 or later, and reference alleged amounts "Garcia Senior's companies received" in 2021 and 2022. *See* Compl. ¶¶ 299-300. Indeed, neither the Complaint nor the Letter explains how related-party transactions in 2019 or earlier bear on scienter for an alleged scheme that allegedly began in May 2020.

The Letter also cites to Footnote 10 of the Complaint, which alleges a "current[]" investigation of related-party deals. The Complaint is dated March 29, 2024. Plaintiffs supply no basis for the Letter's assertion that a 2024 investigation they reference in Footnote 10 of the Complaint has anything to do with the early 2020 SEC inquiry. Further, Judge Liburdi's motion to dismiss decision examined that very allegation, and rejected it: "Plaintiffs allege the SEC is currently investigating Carvana's related-party deals with Garcia Senior. (Doc. 71 ¶ 127 n.10.) But this is inapposite." ECF No. 105 at 39.

LATHAM&WATKINS LLP

The Letter then misleadingly quotes from the June 23, 2025, hearing transcript to suggest that Judge Boyle "rejected" the position that DriveTime allegations are temporally limited to 2021 and 2022. But the transcript contains no such rejection. Judge Boyle merely confirmed that discovery around DriveTime would be "broad," and not necessarily cabined to the period surrounding the challenged retail sales statements, but provided no suggestion that discovery should extend beyond Plaintiffs' allegations. June 23, 2025, Hearing Tr. at 20-22. Judge Boyle was not presented with the question of whether DriveTime allegations extend back prior to Q3 2021, a notion that the Complaint itself belies. *See* Compl. ¶¶ 127-29 (detailing entirety of alleged DriveTime scheme artifice and identifying only alleged inflation of sales figures in Q3 2021 and Q4 2021).

Carvana Defendants will not produce documents related to the 2020 SEC information request.

### B.    RFPs 25 & 26

The Letter asks that Carvana Defendants identify "which documents they anticipate producing" related to the Individual Carvana Defendants' compensation arrangements. Carvana Defendants' evaluation of documents is ongoing. Nevertheless, subject to further review for privilege, Carvana Defendants anticipate producing board materials that contain discussion of compensation arrangements for the Individual Carvana Defendants, including documents related to meetings of the board's compensation committee.

### C.    RFP 27

Carvana Defendants have agreed to produce documents sufficient to show each Individual Carvana Defendant's awards, holdings, and/or transactions in Carvana securities, as well as their 10b5-1 plans, and that is sufficient. *See* Nov. 21, 2025, Ltr. from M. Peters at 2-3.

The Letter contends that Plaintiffs require "reasons or criteria for awards and the reasons for and circumstances surrounding the transactions." Carvana Defendants anticipate producing documents containing such information as described above with respect to RFPs 25 & 26, and to the extent they are captured by existing search terms. But adding more search terms would not constitute proportionate discovery, as Carvana Defendants' search terms are already robust and have already imposed heavy burdens on Carvana Defendants. *See* Dec. 2, 2025, Ltr. from M. Peters.

### D.    RFP 29

Information regarding whether Garcia Jr. is a beneficiary of any trust in which Garcia Sr. is the trustee, where such trust transacted in Carvana securities during the Relevant Period, is a matter of public record. *See* Nov. 21, 2025, Ltr. from M. Peters at 3.

The Letter claims that the public record is not enough because Plaintiffs wish for "documents concerning the relevant benefit(s) and how specifically [Garcia Jr.] has benefited or may benefit." Plaintiffs are not entitled to such discovery. Crucially, Judge Liburdi rejected Plaintiffs' allegations regarding Garcia Jr.'s alleged benefit from Garcia Sr.'s trusts:

**LATHAM&WATKINS**LLP

> Plaintiffs assert, in conclusory fashion, that Garcia Junior is a
> beneficiary of the DriveTime Trust and, therefore, benefitted
> indirectly from his father Garcia Senior's suspicious stock sales.
> But the ACC offers no well-pled allegations substantiating this
> theory; nor does the ACC allege Garcia Junior even knew of his
> father's stock sales.

ECF No. 105, at 42.  Accordingly, Plaintiffs' ask goes beyond the operative scope of this case and is improper.  Nor is Plaintiffs' vague request for more "specific[s]" concrete and actionable.

Carvana Defendants thus do not intend to search for additional documents based on the Letter's request.  Carvana Defendants' search terms already go far beyond their Rule 26 obligations.  *See* Dec. 2, 2025, Ltr. from M. Peters.

## E.    RFP 30

Carvana Defendants have repeatedly asked that Plaintiffs explain how Mike Levin's separation is relevant to the claims or defense of any party in this action.  *See, e.g.*, Nov. 21, 2025, Ltr. from M. Peters at 4.  The Letter asserts that Plaintiffs have "already explained that [Mike Levin's] departure is relevant to falsity and scienter, as well as witness credibility and bias," but cites only to a letter containing that exact same conclusory contention.  That is not an explanation.

Levin departed Carvana in December 2022.  Plaintiffs allege that Levin made a misstatement in August 2021.  Plaintiffs do not even attempt to explain how events a year and a half after the alleged misstatement bear on falsity or scienter for that statement.  Nor do Plaintiffs cite authority for the proposition that they may root through any potential trial witness's documents because such documents could bear on "bias."

Carvana Defendants have already offered to produce Levin's separation agreement as a compromise.  Carvana Defendants will not add search terms.  *See* Dec. 2, 2025, Ltr. from M. Peters.

*        *        *

To the extent it would be helpful, we can meet and confer on these issues.

Best regards,

*/s/ Matthew J. Peters*
Matthew J. Peters
of LATHAM & WATKINS LLP