# EXHIBIT 3

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Matthew J. Balotta
mbalotta@rgrdlaw.com

November 26, 2025

<u>VIA EMAIL</u>

Matthew J. Peters
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
matthew.peters@lw.com

     Re:    *In re Carvana Co. Securities Litigation*,
             No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Matt:

I write with regard to your November 21, 2025 letter and the Parties' earlier correspondence concerning Plaintiffs' requests for production ("RFPs").

**RFP 2**.  Contrary to the Carvana Defendants' assertion that "Plaintiffs have not propounded a document request calling for production of the June 2025 SEC subpoena" (M. Peters 11-21-25 Letter at 1), RFP 2 seeks, *inter alia*, "[a]ll documents and testimony that any of the Carvana Defendants have produced or provided to, *or* received from" any government agency "concerning the allegations in the Complaint," and the Request explicitly "extends through the present."  The Court's August 21, 2025 order regarding the relevant period did not hold that documents relating to events in the relevant period are not discoverable if they happen to have been created afterwards.

You admit that the 2025 SEC subpoena "relates" to the short seller report and that the report includes allegations about "sham transactions" with DriveTime (M. Peters 11-21-25 Letter at 1), but you posit that the subpoena is nevertheless irrelevant because "Plaintiffs have sought discovery into this allegation and Carvana is producing responsive documents." *Id.*  But you cite no authority for your position that relevant discovery is rendered irrelevant when some other discovery is also produced.  The Carvana Defendants should produce documents they provided to or received from the SEC in connection with the June 2025 SEC subpoena, including the subpoena itself and correspondence relating thereto, such as the negotiated search parameters. *See In re Boeing Co. Sec. Litig.*, 2024 WL 6815525, at *1 (E.D. Va. Dec. 10, 2024) (in a securities fraud action, ordering the production of "'cloned discovery' documents, provide the search parameters (including custodians) originally used to collect such documents, and produce any deposition or interview transcripts from the cloned discovery matters," to be fully completed within three weeks of the order).  Based on the Carvana Defendants' refusal to produce the SEC subpoena on the grounds that it is purportedly not relevant and purportedly "relates to events that occurred long after the Relevant Period" (M. Peters 11-21-25 Letter at 1), we assume that the Carvana Defendants' refusal extends to the production of any

**Robbins Geller
Rudman & Dowd** LLP

Matthew J. Peters
LATHAM & WATKINS LLP
November 26, 2025
Page 2

documents that the Carvana Defendants provided to the SEC in response to the subpoena.  Please inform us **by Wednesday, December 3, 2025** if that assumption is incorrect and Carvana Defendants are in fact willing to produce such documents.

The 2020 SEC information request relating to Carvana's related-party disclosures is plainly relevant to Plaintiffs' numerous allegations concerning related party transactions with Garcia Sr. and his companies.  Plaintiffs' allegations are not limited solely to the DriveTime arrangement, nor are Plaintiffs' allegations concerning DriveTime limited "exclusively to arrangements made in late 2021."  *Id.* at 2.  In fact, Plaintiffs allege that related-party deals "leading up to and throughout the Class Period" support a strong inference of scienter.  *See* Compl., ¶¶298-303.  Plaintiffs also cite this very SEC investigation in the Complaint.  *Id.*, ¶127 n. 10.  Moreover, Judge Boyle expressly rejected the position that DriveTime discovery should be temporally limited to 2021-2022.  At the June 23, 2025 hearing, the Carvana Defendants asked if "DriveTime [is] relevant only at that point in time of the actual statement . . . , or is it just for all purposes of the case the whole time period?"  06-23-25 Hg. Tr. at 20:6-12.  In response, Judge Boyle made clear that "***it's broad***."  *Id.* at 20:13-14; *see also id.* at 21:21-22:4 (holding similarly).  The 2020 SEC information request is therefore unquestionably relevant to Plaintiffs' allegations, and the Carvana Defendants should produce documents they provided to or received from the SEC, including correspondence, in connection with the SEC information request.

Based on your November 21, 2025 letter, it appears the Parties are at an impasse as to the SEC subpoena and information request.  Plaintiffs intend to raise this issue with the Court, and I have included a proposed briefing schedule at the end of this letter.

***RFPs 25-26***.  You state that the "Carvana Defendants anticipate producing non-public documents related to the Individual Carvana Defendants' compensation arrangements without the use of search terms."  M. Peters 11-21-25 Letter at 3.  **By Wednesday, December 3, 2025,** please identify which documents they anticipate producing.  If these documents are not fully responsive to RFPs 25-26, Plaintiffs' position remains that the Carvana Defendants should also utilize the search terms contained in rows 188-189 of Plaintiffs' latest search term proposal.  M. Balotta 11-04-25 Letter at 2.

***RFP 27***.  Documents only "sufficient to show" each Individual Carvana Defendant's awards, holdings, and/or transactions in Carvana securities, and their 10b5-1 trading plans, will not provide necessary context, including the reasons or criteria for awards and the reasons for and circumstances surrounding the transactions and trading plans.  *See* R. Cocalis 04-16-25 Letter at 8-9.  Such information is directly relevant to, *inter alia*, the alleged fraudulent scheme and scienter.  *See id.*; *see also* Compl., ¶¶160-162, 265-273.  Therefore, Plaintiffs' position remains that the Carvana Defendants should also utilize the search terms contained in rows 190-191 and 193 of Plaintiffs' latest search term proposal.  M. Balotta 11-04-25 Letter at 3.  Plaintiffs intend to raise this issue with the

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
LATHAM & WATKINS LLP
November 26, 2025
Page 3

Court as part of any larger search term dispute motion, or once the Parties otherwise complete their search term negotiations.

*RFP 29*.  You point to the public record, such as Forms 4, as providing information regarding whether Garcia Jr. "is a beneficiary of any trust in which Garcia Sr. is the trustee" (M. Peters 11-21-25 Letter at 3), but RFP 29 seeks documents concerning the relevant benefit(s), not merely whether Garcia Jr. is a beneficiary, such as terms governing the benefit(s) and how specifically he has benefited or may benefit.  RFP 29 also encompasses communications concerning these same issues.  Given the Carvana Defendants' position that they "do not intend to search" for documents responsive to this request, the Parties appear to be at an impasse.  Plaintiffs intend to raise this issue with the Court, and I have included a proposed briefing schedule at the end of this letter.

*RFP 30*.  As you know, Mike Levin was a maker of an alleged misstatement.  Compl., ¶180.  We have already explained that his departure is relevant to falsity and scienter, as well as witness credibility and bias.  *See* R. Cocalis 04-16-25 Letter at 9.  And you have already confirmed that the Carvana Defendants agree to produce documents sufficient to show the timing and reasons for his departure from Carvana.  M. Peters 10-17-2025 Letter at 4.  We asked you to confirm whether the Carvana Defendants will produce documents concerning any severance package or benefits received by Mr. Levin, including by utilizing the search terms contained in rows 194-195 of our latest search term proposal.  M. Balotta 11-04-25 Letter at 3.  You state that the Carvana Defendants will produce Mr. Levin's separation agreement if "doing so will satisfy this request."  M. Peters 11-21-2025 Letter at 4.  This is insufficient, and Plaintiffs' position remains that the Carvana Defendants should also utilize the search terms contained in rows 194-195 of Plaintiffs' latest search term proposal.  M. Balotta 11-04-25 Letter at 3.  Plaintiffs intend to raise this issue with the Court as part of any larger search term dispute motion, or once the Parties otherwise complete their search term negotiations.  Plaintiffs also reserve the right to seek responsive documents concerning individuals other than Mr. Levin. *See* M. Balotta 11-04-25 Letter at 3.

*RFP 40*.  In the interest of compromise, Plaintiffs agree that the production of documents sufficient to identify the business and personal phone numbers and email addresses of the Individual Carvana Defendants will satisfy this Request.

Because the Parties have reached an impasse regarding RFP 2 and 29, we intend to move to compel the production of documents responsive to RFP 2 and 29.  We propose the following briefing schedule:

1. **Plaintiffs will provide their position statements** to the Carvana Defendants by 5:00 p.m. PT on Thursday, December 4, 2025;

2. **The Carvana Defendants will provide their responses** by 5:00 p.m. PT on Wednesday, December 10, 2025;

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew J. Peters
LATHAM & WATKINS LLP
November 26, 2025
Page 4

3. **Plaintiffs will then have the opportunity to revise their statements in response and file the following day** (by Thursday, December 11, 2025); and

4. Prior to filing, Plaintiffs will provide the Carvana Defendants with a redline identifying any edits made to the parties' joint section, and any substantive changes made to Plaintiffs' position statements that are not in response to the Carvana Defendants' position or a deletion that would otherwise render an argument superfluous and thus undermine the clarity or cogency of the joint submission.

Please let us know by Wednesday, December 3, 2025 whether the Carvana Defendants agree to this briefing schedule. Alternatively, if the Carvana Defendants are unwilling to agree to a briefing schedule, we will file a letter brief with the Court on December 4, 2025.

As always, we are available to have a call to discuss.

Regards,

MATTHEW J. BALOTTA