# Exhibit A

**Matthew J. Peters**
matthew.peters@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

VIA EMAIL
CONFIDENTIAL

November 21, 2025

Matthew J. Balotta
Robbins Geller Rudman & Dowd LLP
655 W. Broadway
San Diego, CA 92101
mbalotta@rgrdlaw.com

Re:     *In re Carvana Co. Securities Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Matthew:

I write with respect to Plaintiffs' letter dated November 4, 2025 (the "Letter"), and our October 30, 2025, meet and confer, along with related correspondence concerning Plaintiffs' requests for production (the "RFPs").

**A.     RFP 2**

<u>June 2025 SEC Subpoena</u>.  The Letter requests "the June 2025 SEC subpoena and related search parameters."  This request is improper for several reasons.

To start, Plaintiffs have not propounded a document request calling for production of the June 2025 SEC Subpoena.  RFP 2 requests documents "received from" regulatory agencies, but is restricted to the Relevant Period (January 1, 2020, through February 28, 2023).  ECF No. 196.  Carvana received the June 2025 SEC subpoena two-and-a-half years too late to fall within the scope of RFP 2.  Plaintiffs also have not propounded an interrogatory asking Carvana to provide the search parameters.  Letters from counsel are not a proper vehicle for discovery requests.

In any event, Plaintiffs have not established the relevance of the subpoena.  It has no bearing on any "party's claim or defense," as required by Rule 26(b).  Indeed, the SEC's subpoena itself was issued years after the Relevant Period, and similarly relates to events that occurred long after the Relevant Period.  *See* Oct. 17, 2025, Ltr. from M. Peters, at 2.  That the short seller report, to which the subpoena relates, repeats the public allegation that DriveTime's sales through Carvana's Dealer Marketplace Program were "sham transactions," does not make the SEC's June 2025 subpoena relevant to the parties' claims or defenses.  Plaintiffs have sought discovery into this allegation and Carvana is producing responsive documents.

**LATHAM&WATKINS**LLP

Similarly, Plaintiffs have not demonstrated the relevance of any search terms Carvana may have used to respond to the SEC's June 2025 subpoena. The irrelevance of the subpoena itself is compounded with respect to this request because "discovery on discovery" is generally inappropriate—it does not constitute discoverable information in and of itself. *ImprimisRx, LLC v. OSRX, Inc.*, 2022 WL 17824006, at *2 (S.D. Cal. 2022) (denying discovery of search terms). Disclosure of search terms has been ordered only where courts have "concluded from specific evidence in the factual record that the producing party's searches and/or disclosures were facially inadequate." *Terpin v. AT&T Inc.*, 2022 WL 3013153, at *6 (C.D. Cal. 2022). Here, Plaintiffs have not put forth any such "specific evidence." "[S]peculation and unsupported assertions . . . about possible deficiencies" do not suffice. *Id.*

Accordingly, Carvana Defendants will not produce the June 2025 SEC subpoena or related search parameters.

**2020 SEC Information Request**. In a November 10, 2025, email, Plaintiffs newly request that Carvana Defendants "produce documents that they provided to the SEC in response to its request for information regarding Carvana's related party disclosure, as discussed in Carvana's March 20, 2020 Form 8-K." Nov. 10, 2025, Email from M. Balotta.

Carvana did not file a Form 8-K on March, 20, 2020, but we assume Plaintiffs are referring to Carvana's Form 8-K filed on March 30, 2020. That Form 8-K explained that Carvana had "received a voluntary request from the SEC requesting information about our related party disclosure and accounting policies and procedures for historical loan sales and refinancings." *See* Mar. 30, 2020, Form 8-K, Item 7.01.

Plaintiffs have not attempted to explain the purported relevance to Plaintiffs' claims of documents produced in response to this SEC information request. Nor could you. Plaintiffs' DriveTime allegations relate exclusively to arrangements made in late 2021 and the information request concerns "historical" events prior to January 2020. *See, e.g.*, Compl. ¶ 127.

Thus, Carvana Defendants will not produce documents related to the 2020 SEC information request.

**B.    RFPs 25 & 26**

**Employment Agreements**. Carvana Defendants have confirmed that there are no employment agreements for the Individual Defendants. As stated previously, this is consistent with Carvana's public disclosures that there are "no employment agreements with executive officers." *See* Oct. 17, 2025, Ltr. from M. Peters, at 3. Carvana Defendants further confirm that there are no documents "like employment agreements" pertaining to the Individual Carvana Defendants.

**Compensation Arrangements**. Carvana Defendants have already agreed to produce non-privileged documents sufficient to show the Individual Carvana Defendants' compensation arrangements. *See* Carvana Defs.' R&Os to Plaintiffs' First Set of RFPs at 23–24. As you know, Carvana's public filings with the SEC detail these arrangements with the Individual Carvana

**LATHAM&WATKINS**LLP

Defendants except for Stephen Palmer. *See* Oct. 17, 2026, Ltr. from M. Peters, at 3. Plaintiffs' claim that these documents constitute "a public facing description of such arrangements," is irrelevant. These are Carvana documents stating the information you requested. Nevertheless, in addition to producing information sufficient to show Stephen Palmer's compensation, Carvana Defendants anticipate producing non-public documents related to the Individual Carvana Defendants' compensation arrangements without the use of search terms.

Plaintiffs have not justified their request for Carvana's compensation arrangements with non-defendant document custodians. The Letter's reference to "corporate scienter" does not change anything—the Court has explicitly held that "[t]he Ninth Circuit . . . has not adopted this doctrine." ECF No. 105 at 51. Nor does the Letter's assertion that the custodians are "likely to be testifying witnesses" and that the information is relevant to "witness bias." Plaintiffs have not explained how the custodians' compensation arrangements from the Relevant Period could possibly demonstrate "bias" in a theoretical trial that cannot occur earlier than 2027 under the current case schedule. Carvana Defendants will not produce compensation arrangement information for non-defendants.

### C.    RFP 27

Carvana Defendants have agreed to produce documents sufficient to show each Individual Carvana Defendant's awards, holdings, and/or transactions in Carvana securities. We recognize that, as the Letter notes, "the request is broader" insofar as it seeks all documents "concerning" those awards, holdings, and transactions. However, to the extent "the request is broader," is it not proportionate. Plaintiffs have not explained what is inadequate about documents "sufficient to show" this information. Carvana Defendants will not unnecessarily add more search terms when the relevant information is already being made available to Plaintiffs.

With respect to 10b5-1 trading plans, Carvana Defendants have agreed to produce them for the Individual Carvana Defendants, to the extent they existed during the Relevant Period. Carvana Defendants confirm that this will include any modified trading plans from the Relevant Period—those are trading plans. Carvana Defendants will produce relevant non-privileged documents captured by existing search terms, but will not unnecessarily add more search terms when the relevant information is already being identified for Plaintiffs.

Further, the Relevant Period for RFP 27 was set by the Court in response to a motion to compel by Plaintiffs. ECF No. 196. That period is January 1, 2020, through February 28, 2023, and Carvana Defendants do not agree to a different period.

### D.    RFP 29

The Letter states that Plaintiffs seek information regarding "Garcia Jr.'s interest in or benefit from Garcia Sr.'s trust." Information regarding whether Garcia Jr. is a beneficiary of any trust in which Garcia Sr. is the trustee, where such trust transacted in Carvana securities during the Relevant Period, is a matter of public record. For example, it is reflected in the Forms 4 filed by Garcia Sr. for the Relevant Period. Plaintiffs have not explained what else they are seeking.

LATHAM&WATKINS LLP

Carvana Defendants may be amenable to more specific requests for documents, but do not intend to search for additional documents based on Plaintiffs' vague operative request.

**E.    RFP 30**

Carvana Defendants maintain that Plaintiffs have not explained how Mike Levin's separation is relevant to the claims and defenses of any party in this action. Carvana Defendants, however, will produce Mike Levin's separation agreement if Plaintiffs confirm that doing so will satisfy this request.

**F.    RFP 40**

The Letter recognizes that Carvana Defendants have agreed to produce documents sufficient to identify the business phone numbers and email addresses of the Individual Carvana Defendants and custodians. The Letter appears to ask whether we will produce documents sufficient to identify (1) their personal phone numbers and email addresses; and (2) their secretaries and/or assistants. Carvana Defendants have already agreed to produce documents sufficient to identify the Individual Carvana Defendants' personal phone numbers and email addresses. *See* Oct. 17, 2025, Ltr. from M. Peters.

Plaintiffs have not articulated a need for the personal phone numbers and email address of the non-Defendant custodians or the secretaries/ assistants of anyone. This information is sensitive and Plaintiffs have not provided any reason it is material to the claims or defenses in this case.

To the extent it would be helpful, we can meet and confer on these issues.

Best regards,

*/s/ Matthew J. Peters*
Matthew J. Peters
of LATHAM & WATKINS LLP