ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | JOINT DISCOVERY MOTION |
| All Actions. | ORAL ARGUMENT REQUESTED |

4936-0963-5967.v1

Pursuant to ¶6 of the Court's February 26, 2025 Scheduling Order (ECF 128), Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") and defendants Carvana Co. ("Carvana"), Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (referred to together as the "Individual Defendants," with Carvana as the "Defendants," and collectively with Carvana and Plaintiffs as the "Parties") submit this motion concerning a discovery dispute regarding Defendants' objections to producing documents produced to, provided to, or received from the U.S. Securities and Exchange Commission ("SEC") in response to Plaintiffs' First Set of Requests for Production of Documents, Request No. 2.[1]

## I.    PLAINTIFFS' ARGUMENT

Plaintiffs seek Carvana's communications with, and productions to, the SEC concerning investigations into Carvana's related-party deals.  The request tracks the sustained claims and is responsive to Request for Production No. 2.

The Court has already recognized Plaintiffs' entitlement to "broad" discovery into Defendants' alleged scheme and unit sales drivers.  ECF 172 at 20:13-14, 21:21-22:4; ECF 173 at 3-4.  The Complaint describes 19 related-party deals – admittedly "not negotiated at arm's length" – between Carvana and Garcia Sr.'s DriveTime and other affiliates, totaling over $500 million during the Class Period, including "sham" sales to DriveTime that allowed Carvana to inflate unit-sales and other key metrics.  ¶¶127-129, 215(a), 215(a)(v), 296-300, 384(a), 384(a)(v).  It also alleges that the SEC "is currently investigating Carvana for [these same] related-party deals."  ¶127 n.10.  Defendants do not dispute that: (i) the SEC opened an inquiry into Carvana's related-party transactions in 2020; and (ii) Carvana remained under active SEC investigation into the same subject matter through 2024.  Nor can they. Documents produced in the litigation confirm the investigation was also active in 2021.

[1]    Capitalized terms that are not defined herein have the same meaning as in the Joint Proposed Case Management Report.  ECF 118.  Unless otherwise stated, citations are omitted and emphasis is added.

- 1 -

Ex. 1 at 2. Yet, Defendants refuse to produce these materials based on the assertion that the 2024 investigation (alleged in the Complaint) might somehow be distinct from the 2020 inquiry. Logic dictates that where regulatory subject matter – Carvana's related-party deals – mirrors the alleged fraud, discovery is proper. Rule 26 requires relevance, not matching SEC file numbers. Whether one file or several, the materials are discoverable.

Carvana has also disclosed that it "received a subpoena from the SEC requesting information that [Carvana] believe[s] primarily relates to the allegations raised" in a recent short-seller report. Ex. 2 at 2. The report – and thus the subpoena – focus on the same related-party transactions alleged in the Complaint, including the pass-through arrangement Plaintiffs challenge. Ex. 3 at 3-5. Defendants still refuse to produce the subpoena, Carvana's responses, or the search parameters negotiated with the SEC, arguing that the 2025 subpoena falls outside the "relevant period" for discovery. *See* Ex. 4 at 1. Regulatory investigations into Class Period fraud necessarily occur after the fraud is committed. Because the SEC subpoena seeks evidence regarding Class Period conduct, the documents are discoverable regardless of the subpoena's date.

The Court should compel production. ***First***, relevance is indisputable given the direct overlap between the focus of the SEC's inquiry and the claims upheld by Judge Liburdi. ***Second***, burden is non-existent as Defendants have already collected and produced these materials to the government. ***Third***, the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation" because "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). Courts routinely order production in these precise circumstances. *See, e.g.*, Joint Case Management Conference Statement at 6, *Luna v. Marvell Tech. Grp., Ltd.*, No. 3:15-cv-05447-WHA (N.D. Cal. May 25, 2017), ECF 142; *Munoz v. PHH Corp.*, 2013 WL 684388, at *4, *6 (E.D. Cal. 2013); *In re Boeing Co. Sec. Litig.*, 2024 WL 6815525, at *1 & n.2 (E.D. Va. 2024).

4936-0963-5967.v1

## II.    DEFENDANTS' ARGUMENT

This dispute is over Plaintiffs' attempt to obtain discovery of discovery obtained by the SEC in different matters concerning different time periods and different issues. Carvana Defendants have spent the last several months producing nearly 70,000 documents and reviewing over 600,000 related to Plaintiffs' claims. Plaintiffs merely speculate that the discovery in those other matters involved materials relevant to this action that otherwise have not been produced to them.

**June 2025 SEC Subpoena.** The SEC served a subpoena to Carvana in June 2025 relating to a report from a short seller that focused on events after the Discovery Period, but included a brief reference to the DriveTime allegations in Plaintiffs' Complaint. Plaintiffs' attempt to obtain the documents produced to or received from the SEC in connection with that subpoena is improper for two reasons. To start, the Court has held that "[f]or the Carvana Defendants, the end date of the Discovery Period shall be February 28, 2023." ECF No. 196 at 6. The June 2025 subpoena was not received for more than two years after February 28, 2023. Plaintiffs contention that documents relating to events during the Discovery Period are discoverable even if created later is untenable. *See* Ex. B at 1. If documents arguably relating to the subject matter of the action are fair game regardless of when they were created, there is no time limitation on discovery at all.

Moreover, Plaintiffs have not through the parties' attempts to meet and confer on this dispute articulated any basis why the SEC subpoena related documents are relevant and necessary for this case. The vast majority of the short-seller report on which the subpoena is based concern matters temporally and/or substantively irrelevant to this case. The only overlap is a reference to DriveTime. But again, Plaintiffs have no basis to believe that they have not obtained all the relevant DriveTime documents pursuant to their document requests in this case. Indeed, Carvana Defendants have already produced over 2,400 documents captured by DriveTime-related search terms. *See, Terpin v. AT&T Inc.*, 2022 WL 3013153, at *6 (C.D. Cal. 2022) (permitting discovery of discovery in similar or related matters only where it can be "concluded from specific evidence in the factual record that the producing

- 3 -

party's searches and/or disclosures were facially inadequate"). Plaintiffs' "speculation about possible deficiencies" does not suffice. *Id.*

**SEC Information Request.** In March 2020, Carvana disclosed that it had received a voluntary request from the SEC requesting information about certain related party disclosures in its 2019 SEC reporting. Ex. A at 2. Plaintiffs' Class Period does not begin until May 6, 2020, well after the events at issue in the information request. Ex. C at 2. Nothing about (unrelated) events in 2019 has any bearing on the elements Plaintiffs must prove in this action or any of Carvana Defendants' defenses.

## CERTIFICATION

The parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED: December 10, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                    s/ Daniel S. Drosman
                 DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

- 4 -

4936-0963-5967.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

DATED:  December 10, 2025

LATHAM & WATKINS LLP
ANDREW B. CLUBOK
(Admitted *pro hac vice*)
J. CHRISTIAN WORD
(Admitted *pro hac vice*)
SUSAN E. ENGEL
(Admitted *pro hac vice*)
MATTHEW J. PETERS
(Admitted *pro hac vice*)

s/ Matthew J. Peters
MATTHEW J. PETERS

- 5 -

4936-0963-5967.v1

555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004
Telephone: 202/637-2200
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

JEFF G. HAMMEL
(Admitted *pro hac vice*)
KALANA KARIYAWASAM
(Admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY  10020
Telephone: 212/906-1200
jeff.hammel@lw.com
kalana.kariyawasam@lw.com

MERYN C.N. GRANT
(Admitted *pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
Telephone: 424/653-5500
meryn.grant@lw.com

ASHLEY K. GEBICKE
(Admitted *pro hac vice*)
12670 High Bluff Drive
San Diego, CA  92130
Telephone: 858/523-5400
ashley.gebicke@lw.com

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ  85016
Telephone:  602/916-5000
dnorthup@fennemorelaw.com
amarconi@fennemorelaw.com

Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan

- 6 -

4936-0963-5967.v1