**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Defendants. | |

Before the Court is Lead Plaintiffs' Motion to Modify the Scheduling Order (Doc. 217). The motion is fully briefed, and the Court heard oral argument on the motion.

**I.     BACKGROUND**

This case arises out of alleged federal securities laws violations. (Doc. 71.) On December 16, 2024, the Court granted in part and denied in part Defendants' motions to dismiss. (Doc. 105.) Since the Court issued that order, the parties have litigated several discovery disputes. The parties filed a joint discovery motion requesting clarification on whether the Court's prior order narrowed the case's scope to only title and registration issues. (Doc. 154.) Plaintiff also moved to compel Defendant Ernest Garcia II's disclosure of information related to one of his affirmative defenses. (Doc. 155.) The Court granted the motions because "broader discovery [was] pragmatic under the circumstances." (Doc. 173 at 4.) Defendants moved to compel disclosure of the identities of Plaintiffs' confidential witnesses and the factual statements made by those confidential witnesses. (Doc 171.) The Court ordered that Plaintiffs comply with an RFP. (Doc. 192.) The parties

filed another joint discovery motion, seeking the Court's assistance in resolving a disagreement on whether Defendants are permitted to produce a modern version of email attachments and whether Defendants could sever email attachments to review them independently for relevance. (Doc. 177.) The Court ordered Defendants to produce attachment versions as close in time to the email communications as feasible. (Doc. 196.) The Court also assisted the parties in setting the relevant time period for discovery. (Docs. 178, 196.) Plaintiffs moved to compel productions from additional custodians. (Doc. 202.) The Court granted the motion, ordering productions from seven additional custodians. (Doc. 212.) The Court ordered Defendants to substantially complete these productions by April 6, 2026. (Doc. 212.)

There are three pending discovery motions. The first motion explains that the parties have again reached an impasse regarding which version of email attachments Defendant should produce. (Doc. 214.) Plaintiffs' two latest motions move the Court to compel the production of Carvana's communications with the SEC and order Defendants' compliance with an RFP. (Docs. 223, 224.)

The parties' discovery disputes have now extended beyond the substantial completion deadline set for December 8, 2025. (Doc. 128 at 2.) The deadline for Defendants to produce documents from seven additional custodians is set for April 6, 2026. (Doc. 212.) The fact discovery cutoff is set on May 29, 2026. (Docs 128.) Plaintiffs move the Court to extend all pre-trial deadlines by four months. (Doc. 217.) Plaintiffs argue that their diligence justifies continuing the deadlines. (*Id.*) They contend that Defendants have intentionally stalled discovery. (*Id.*)

## II. LEGAL STANDARD

"The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause for modification exists only when existing deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Long v. Ford*

*Motor Co.*, 2009 WL 903404, at *2 (D. Ariz. Apr. 1, 2009) (citation omitted). "[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" to modify a scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The standard reflects that "[d]isregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Id.* at 610. That is why the presiding judge admonished the parties that "barring some act of nature or your expert dies a week before the deposition and you're scrambling, I'm probably going to keep these deadlines and hold you to them." (Doc. 129 at 25:13-16.)

### III.   DISCUSSION

The Court will not rehash discovery disputes that have already been officiated. The issue here is what impact Defendants' upcoming production from additional custodians should have on the Scheduling Order. Magistrate Judge Boyle expected that the production would "be targeted to a smaller quantity of individuals who may possess fewer files and documents to review." (Doc. 212.) At oral argument, Defendants affirmed that the production could be complete by late February 2026 and that it was their understanding that the production would be on a rolling basis.

The Court finds that Plaintiffs have pursued discovery diligently enough to justify an extension of the pretrial deadlines in this case. Since the Scheduling Conference, Plaintiffs have pursued discovery by serving written discovery requests and litigating discovery disputes. *Entangled Media, LLC v. Dropbox, Inc.*, 348 F.R.D. 649, 654 (N.D. Cal. 2025). The Court therefore finds that there is good cause to modify the Scheduling Order (Doc. 128).

The Court will accelerate the April 6, 2026, deadline for the ordered production set by Magistrate Judge Boyle to February 27, 2026. That is 81 days past the current deadline for substantial completion of discovery. All pretrial deadlines will be extended by approximately 81 days to afford Plaintiff the opportunity to digest the production.

The Court has a duty to administer the case to prevent undue delay and expense. *See*

*Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). In granting this extension, the Court is not setting the precedent that it will continue to prolong the entirety of this case every time that the parties reach an impasse in discovery. The Court reaffirms this point: "[t]he parties are strongly encouraged to resolve discovery disputes mutually and without expending judicial resources." (Doc. 128 at 5.) The parties' inability to resolve discovery disputes without the involvement of the Court is not a justification for perpetuating this case indefinitely.

**IV.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Lead Plaintiffs' Motion to Modify the Scheduling Order (Doc. 217) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the April 6, 2026, deadline set by Magistrate Judge Boyle for Defendants to provide responsive discovery to Plaintiffs' request is advanced to **February 27, 2026**.

**IT IS FURTHER ORDERED** that the Court's Scheduling Order (Doc. 128) is modified as follows:

1. The deadline to substantially complete document productions in response to the Parties' first request for the production of documents is **February 27, 2026**.

2. The deadline for the completion of fact discovery is **August 18, 2026**.

3. The deadline to serve all final interrogatories, requests for production of documents, and requests for admission is **July 7, 2026**.

4. The deadline to identify the names of testifying experts who will provide affirmative expert reports, as well as to provide short descriptions of the issues on which such experts are expected to provide testimony, is **August 21, 2026**.

5. The deadline for affirmative expert reports to be fully and completely disclosed is **September 11, 2026**.

6. The deadline to identify the names of testifying experts who will provide responsive expert reports, as well as to provide short descriptions of the issues on which such experts are expected to provide testimony, is **September 14, 2026**.

7. The deadline for responsive expert reports to be fully and completely

1 disclosed is **October 12, 2026**.

2         8.     The deadline to disclose all rebuttal expert reports is **November 16,**
3 **2026**.

4         9.     The deadline to complete expert depositions is **December 14, 2026**.

5        10.    The deadline to file a motion for class certification is **April 6, 2026**.
6 The deadline for Defendants to file an opposition to the class certification is **May 18, 2026**.
7 The deadline for Plaintiffs to file a reply in support of their motion for class certification is
8 **June 22, 2026**.

9        11.    The deadline to file dispositive motions and motions challenging
10 expert opinion testimony shall be filed no later than **January 25, 2027**. The deadline to file
11 oppositions to dispositive motions is **April 12, 2027**. The deadline to file replies in support
12 of dispositive motions is **May 31, 2027**.

13     **IT IS FINALLY ORDERED** that the Scheduling Order (Doc. 128) is reaffirmed
14 in all other respects.

15     Dated this 23rd day of December, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge