ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | PLAINTIFFS' MOTION TO COMPEL COMPLIANCE |
| All Actions. | ORAL ARGUMENT REQUESTED |

4897-2719-3734.v1

Pursuant to ¶6 of the Court's February 26, 2025 Scheduling Order (ECF 128) and the January 8, 2026 telephonic hearing, Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") submit this motion concerning a discovery dispute regarding defendant Ernest Garcia II's ("Garcia Sr." and, together with Plaintiffs, the "Parties") compliance with the Court's Order granting the Parties' Stipulated Electronic Discovery Agreement (ECF 137) ("ESI Order").[1]

## I.    PLAINTIFFS' ARGUMENT

Garcia Sr. violates the Court's ESI Order by withholding attachments to responsive communications such as emails based on a unilateral "non-responsiveness" determination. *See* Ex. 1 at 1.  His refusal to produce complete document families is legally baseless and factually indefensible.

***First***, the ESI Order in this case requires production.  That Order – which Garcia Sr. negotiated, stipulated to, and is bound by – unequivocally mandates: "***[I]f any part of a communication or its attachments is responsive, the entire communication and attachments will be produced*** . . . ."  ESI Order at 8.  Exceptions exist only for privilege, which Garcia Sr. does not claim.  Courts routinely enforce precisely this type of ESI "family production" requirement.  *See, e.g.*, *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, 2019 WL 581715, at \*11 (S.D. Cal. 2019) (compelling production of attachments where ESI protocol "provided for" the "family approach").  Garcia Sr. identifies no authority permitting him to override a binding ESI Order to cherry-pick family members.  *See* Ex. 2 at 1-2 n.1, 3 n.2.

***Second***, the withheld attachments are undeniably relevant and responsive.  Indeed, DriveTime Automotive Group, Inc. ("DriveTime") (Garcia Sr.'s wholly owned company) has already produced versions of them (*e.g.*, financial statements), thereby confirming their relevance to the Carvana-DriveTime relationship.  *See id.* at 3-4; Ex. 3.  Garcia Sr. cannot

---

[1]    Capitalized terms that are not defined herein have the same meaning as in the Joint Proposed Case Management Report.  ECF 118.  Unless otherwise stated, all emphasis is added and citations are omitted.

4897-2719-3734.v1

plausibly deem "irrelevant" documents of the type that his own company produced as responsive.

*Third*, even absent the ESI Order mandate and assuming *arguendo* that attachments are irrelevant (they plainly are not), the weight of authority rejects withholding attachments for responsiveness where *any part* of that communication is responsive because the Federal Rules require that a party produce "documents as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E); *see, e.g.*, *Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, 2020 WL 13311682, at *5 (C.D. Cal. 2020) (recognizing that an email and its attachment are "'one document or message unit'" and requiring the producing party to "'re-produce the emails with their attachments'"); *Virco Mfg. Corp. v. Hertz Furniture Sys.*, 2014 WL 12591482, at *5 (C.D. Cal. 2014) (holding that emails produced in discovery "should be accompanied by their attachments"); *Karnoski v. Trump*, 2020 WL 2736961, at *1 (W.D. Wash. 2020) (applying the "'presumption . . . that if something was attached to a relevant e-mail'" it must also be produced).

*Finally*, Garcia Sr.'s claim that the attachments "contain highly sensitive and confidential information" is a red herring. Ex. 1 at 1. The Stipulated Protective Order resolves this: Garcia Sr. may simply designate materials "confidential" or "highly confidential." ECF 136 at 4; *see* Ex. 2 at 4; *Takata v. Hartford Comprehensive Emp. Benefit Serv. Co.*, 283 F.R.D. 617, 621 (E.D. Wash. 2012) (protective orders, not withholding, address confidentiality concerns). Indeed, DriveTime utilized this mechanism when it produced some of the documents that Garcia Sr. is now withholding. Ex. 4 at 2.

Thus, Garcia Sr. should be compelled to produce the withheld attachments.

- 2 -

**CERTIFICATION**

Plaintiffs, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter with Garcia Sr. through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED: January 9, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)

s/ Daniel S. Drosman
DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

- 3 -

4897-2719-3734.v1

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 4 -

4897-2719-3734.v1