# EXHIBIT 2

# Robbins Geller Rudman & Dowd LLP

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Sarah Fallon
sfallon@rgrdlaw.com

December 23, 2025

<u>VIA EMAIL</u>

Melanie E. Walker
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4735
melanie.walker@us.dlapiper.com

      Re:    *In re Carvana Co. Securities Litigation*, Case No. CV-22-2126-PHX-MTL

Dear Melanie:

We write with regard to our November 25, 2025 correspondence, our December 2, 2025 meet and confer, and your December 11, 2025 letter regarding the documents Garcia Sr. withheld from his second production on the basis that those attachments are purportedly not relevant or responsive, even though they are part of families that you concede contain relevant and responsive documents.

We appreciate you sending the descriptions of the attachments as we requested in our last meet and confer. A dispute remains, however, regarding the withholding of these attachments.

***First***, we disagree that the withheld attachments are not relevant or responsive to Plaintiffs' discovery requests. *See* M. Walker 12-11-25 Letter at 1. As Plaintiffs alleged in the Complaint and have reiterated in recent filings, information concerning Carvana's relationships with companies owned by Garcia Sr. are relevant to this case and critical to showing Garcia Sr.'s control over Carvana. *See* ECF 71, ¶¶127-129, 215(a), 215(a)(v), 296-300, 384(a), 384(a)(v); *see, e.g.*, ECF 224 at 2. They are also responsive to discovery requests served on Garcia Sr., in particular, RFP 12, which expressly seeks "[a]ll documents concerning Carvana's pass-through arrangement" with DriveTime, including "the expected or actual financial terms and profitability of those retail sales." This is not limited to Carvana's actual financial benefit from its dealings with DriveTime.

That the documents are relevant and responsive is confirmed by DriveTime's limited production to date. Indeed, DriveTime itself has produced year-end financial statements, which Garcia Sr. has inexplicably withheld. *See* M. Walker 12-11-25 Letter, Ex. A at 1, 3 (describing CONF000019 and CONF000048 as "DriveTime Consolidated Annual Financial Statements for FY

**Robbins Geller**
**Rudman & Dowd** LLP

Melanie E. Walker
December 23, 2025
Page 2

2021"). After reviewing the financial statements that DriveTime produced, Plaintiffs have confirmed that they include information concerning Carvana's relationship with DriveTime and Garcia Sr. That is unsurprising as Generally Accepted Accounting Principles require the disclosure of related-party transactions, such as those between Garcia Sr.'s companies and Carvana. *See* ASC 850-10-50-1 ("Financial statements shall include disclosures of material related party transactions.").

We also note that DriveTime has objected to producing any additional documents on the grounds that Plaintiffs' requests must be directed to the parties to the litigation instead of unduly burdening nonparty DriveTime. It cannot be the case that Plaintiffs cannot obtain the documents from DriveTime because they can be obtained from Garcia Sr., while Garcia Sr. withholds DriveTime-related documents because DriveTime is a nonparty.

***Second***, even if the withheld documents were not responsive (not true), the ESI Order requires that, "if any part of a communication or its attachments is responsive, the entire communication and attachments will be produced." ECF 137 at 8. The ESI Order recognizes only two exceptions: (i) "any attachments that must be withheld or redacted on the basis of privilege"; and otherwise (ii) where the parties "meet and confer about whether there is an appropriate basis for withholding a family document for any [other] reason." *Id.* Not only did Garcia Sr. not meet and confer prior to withholding documents; he withheld the documents from production and buried that unilateral choice in a production letter. *See* M. Walker 11-25-25 Letter at 1. This is not what the ESI Order permits.[1] Further, the ESI Order's requirement for a meet and confer has not resulted in

---

[1]    Garcia Sr.'s reliance on *Weidman v. Ford Motor Co.*, 2021 WL 363560 (E.D. Mich. 2021), is misplaced. There, the court was evaluating the requirements it would impose in an ESI order to be entered a mere two days prior to the defendant's production deadline. *Id.* at *2. In contrast, here, nearly a year ago, the Parties expressly agreed, and the Court required, that emails will be produced with their attachments if any member of the family is responsive. Likewise, in *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 2011 WL 3738979, at *5 (S.D.N.Y. 2011), *report and recommendation adopted*, 2011 WL 3734236 (S.D.N.Y. 2011), the court found that "[a] review of the legal authorities suggests that the best practice is for parties to discuss the production and logging of e-mails and attachments as singular or separate items in advance of production and to reach agreement as to the treatment of e-mails and attachments for responsiveness and for privilege purposes," which, unlike here, the parties had not done. The court further required the withholding party to produce all withheld documents identified by the opposing party. *Id.* at *7; *see also id.* at *5 ("[T]he 'completeness' standard of Fed. R. Evid. 106 states that when part of a document is introduced into evidence, the entire document may be required if it 'ought in fairness' be considered contemporaneously."). And *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 2013 WL 8445354, at *2 (E.D. Pa. 2013), *report and recommendation adopted*, 2013 WL 8445280 (E.D. Pa. 2013), recognized that "[t]here is authority stating that withholding of attachments is inappropriate where the party producing the documents is purporting to produce the documents as they are maintained in the ordinary course of business." Similarly, in *Zoloft*, there was no mention of a prospectively-reached agreement between the parties, as there is here. *Id.* Rather, each of these cases demonstrates the

**Robbins Geller
Rudman & Dowd** LLP

Melanie E. Walker
December 23, 2025
Page 3

an agreement, so these documents are not properly withheld on that basis.  As Garcia Sr. does not argue that these documents are privileged, they must be produced.

*Third*, Rule 34 specifically requires that a party must produce "documents as they are kept in the usual course of business."  Fed. R. Civ. P. 34(b)(2)(E)(i).  The four produced emails were not produced as they are kept in the ordinary course of business because numerous attachments were not produced.

*Fourth*, the case law on this issue supports Plaintiffs, as it consistently treats an email and its attachment as a ***single document***.  Indeed, "[c]ourts in this Circuit have long recognized that an email and its attachment comprise 'one document or message unit' and consistently require a producing party to 're-link the emails with the attachments or re-produce the emails with their attachments.'"  *Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, 2020 WL 13311682, at *5 (C.D. Cal. 2020) (quoting *Pom Wonderful LLC v. Coca-Cola Co.*, 2009 WL 10655335, at *3 (C.D. Cal. 2009)); *see also Virco Mfg. Corp. v. Hertz Furniture Sys.*, 2014 WL 12591482, at *5 (C.D. Cal. 2014) ("This Court agrees with those courts which have held that emails produced in discovery should be accompanied by their attachments . . . ."); *Karnoski v. Trump*, 2020 WL 2736961, at *1 (W.D. Wash. 2020) (citation omitted) (recognizing the "'presumption . . . that if something was attached to a relevant e-mail, it is likely also relevant to the context of the communication'"); *Leon v. Am. Honda Motor Co. Inc.*, 2025 WL 3255005, at *5 (C.D. Cal. 2025) ("Producing the entire family, except for any portions that are privileged and properly designating confidential portions, allows Plaintiffs – and the Court when appropriate – to review the document family as it was created and maintained."); *Endo Fitness LL, LLC v. F19 Holdings, LLC*, 2023 WL 12015974, at *6 (C.D. Cal. 2023) ("the Motion to Compel is granted to the extent it requests that Plaintiff be ordered to produce – to the extent Plaintiff has not already done so – all attachments to all emails produced to date").  The ESI Order embodies this commonsense standard.  There is no reason to deviate from the Parties' agreed-upon approach, which the Court ordered and the weight of authority in this Circuit supports.  So the issue is not simply that documents which Garcia Sr. argues "are not in any way related to Carvana" are being withheld but that parts of relevant communications, necessary to understand the context of the entire communication, are being withheld.[2]

---

import of the Parties' decision, over nine months ago, to prospectively agree on the treatment of attachments to emails, so that disputes such as this one would not be necessary.

[2]     *G.P.P., Inc. v. Guardian Prot. Prods.*, 2016 U.S. Dist. LEXIS 88926, at *2-*3 (E.D. Cal. 2016), is thus inapposite, as these documents are relevant to Plaintiffs' claims, in which financial information is particularly relevant, unlike the contract dispute in *G.P.P, Inc.*.

**Robbins Geller
Rudman & Dowd** LLP

Melanie E. Walker
December 23, 2025
Page 4

*Fifth*, Judge Boyle recently and repeatedly stated his position regarding the import of producing family documents together. *See* ECF 196 ("The [ESI] Order memorializes the parties' agreement that 'if any part of a communication or its attachments is responsive, the entire communication and attachments will be produced, except any attachments that must be withheld or redacted on the basis of privilege.'"); December 17, 2025 Notice of Tentative Ruling at 2 (footnote omitted) (requiring the Carvana Defendants to produce all hyperlinked attachments over the Carvana Defendants' statements that some hyperlinked attachments were irrelevant, and holding that "[b]ecause the most contemporaneous versions of non-privileged hyperlinked documents are broadly relevant and proportional for Plaintiffs' litigation needs, they must be produced").

*Finally*, Plaintiffs do not agree that these documents "belong[] to DriveTime and Bridgecrest, *rather than* Mr. Garcia Sr." M. Walker 12-11-25 Letter at 1. Garcia Sr.'s possession, custody, or control of these attachments is readily established by his documented receipt of them and further supported by his role as the owner of DriveTime, Bridgecrest, and SilverRock. *See Phillips v. Lycamobile USA, Inc.*, 2025 WL 2097453, at *2 (E.D. Wash. 2025) ("[D]espite Lycamobile's asserted lack of right to the documents from other entities, Lycamobile now has possession of the documents, and that is sufficient to require disclosure to Mr. Phillips."), *objections overruled*, 2025 WL 2096848 (E.D. Wash. 2025).

Accordingly, Plaintiffs maintain their position that the proper treatment of these documents is the treatment laid out in the ESI Order – to produce them with confidentiality designations, pursuant to the Protective Order. ECF 136; *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2018 WL 834589, at *2 n.2 (D. Nev. 2018) ("To the extent Defendant has concerns about confidentiality and/or the exchange of confidential information, those concerns are best addressed by a protective order between the parties rather than withholding relevant discovery."); *Takata v. Hartford Comprehensive Emp. Benefit Serv. Co.*, 283 F.R.D. 617, 621 (E.D. Wash. 2012) ("Disclosure to the public and competitors is a type of harm that the protective orders are meant to guard against."). Something more than unsubstantiated assertions of the attachments' "proprietary, highly confidential" nature, particularly here, must be shown. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted) ("'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'"). Notably, Garcia Sr. has withheld "[e]xcerpts of federal regulations" (CONF000028, CONF000057), which would seem to be publicly available information, on the basis of confidentiality. *See* M. Walker 12-11-25 Letter, Ex. A at 2-3.

Plaintiffs understand, based on our meet and confer and correspondence, that the Parties have reached an impasse regarding Garcia Sr.'s production of the withheld attachments, and we intend to move to compel their production. We propose the following briefing schedule:

**Robbins Geller
Rudman & Dowd** LLP

Melanie E. Walker
December 23, 2025
Page 5

1.   **Plaintiffs will provide their position statement** to Garcia Sr. by 5:00 p.m. PT on Wednesday, December 31, 2025;

2.   **Garcia Sr. will provide his response** by 5:00 p.m. PT on Thursday, January 8, 2026;

3.   **Plaintiffs will then have the opportunity to revise their statement in response and file the following day** (by Friday, January 9, 2026); and

4.   Prior to filing, Plaintiffs will provide Garcia Sr. with a redline identifying any edits made to the Parties' joint section, and any substantive changes made to Plaintiffs' position statement that are not in response to Garcia Sr.'s position or a deletion that would otherwise render an argument superfluous and thus undermine the clarity or cogency of the joint submission.

Please let us know by Tuesday, December 30, 2025 whether Garcia Sr. agrees to this briefing schedule.

As always, we are available to have a call to discuss.

Regards,

SARAH A. FALLON

SAF:
cc:      All counsel of record