# EXHIBIT 4

**Robbins Geller**
**Rudman & Dowd** LLP

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Sarah Fallon
sfallon@rgrdlaw.com

January 7, 2026

David S. Norris
Squire Patton Boggs (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
david.norris@squirepb.com

Re:     *In re Carvana Co. Securities Litigation*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear David:

I write in response to your January 6, 2026 email concerning the dispute between Plaintiffs and Ernest Garcia II ("Garcia Sr.") relating to documents that Garcia Sr. has withheld from production despite the fact that that they are part of document families responsive to Plaintiffs' discovery requests served on Garcia Sr. on March 11, 2025. In your email, you articulated a potential interest held by DriveTime Automotive Group, Inc. ("DriveTime") in the disclosure of Garcia Sr.'s documents.

Plaintiffs reject your request to delay bringing this dispute to the Court for one month while DriveTime assesses the possibility of asserting that interest. Such a delay is unjustified and prejudicial, and violates the Court's scheduling mandates.

***First***, DriveTime has steadfastly taken the position that Plaintiffs must seek documents from the parties to the litigation and ***not*** DriveTime. Indeed, in objecting to Plaintiffs' November 14, 2025 subpoena to DriveTime, DriveTime asserted as its principal objection that the subpoena is "unduly burdensome and unnecessary" because Plaintiffs "'can easily obtain the same information [from Defendant Garcia Sr.] without burdening the nonparty' DriveTime" and "are actually in the process of obtaining these documents—including documents from DriveTime—from the parties to the litigation." B. Cabianca 12-02-2025 Letter at 1-2 (alterations in original); *see also* B. Cabianca 08-12-25 Letter at 1 (same); B. Cabianca 09-03-25 Letter at 1 (same); D. Norris 10-28-2025 Email (same).

DriveTime's current posture constitutes an impermissible "shell game." It cannot evade third-party discovery by insisting that Plaintiffs pursue discovery from Garcia Sr., and then interpose itself to block or delay that same discovery once Plaintiffs do exactly what DriveTime

**Robbins Geller**
**Rudman & Dowd** LLP

David S. Norris
January 7, 2026
Page 2

demanded.  A nonparty's asserted confidentiality interest does not create a unilateral discovery stay, particularly where the nonparty has repeatedly insisted that the relevant discovery proceed through the party from whom Plaintiffs are now seeking it.  DriveTime is barred from obstructing the exact avenue of discovery it insisted Plaintiffs pursue.

*Second*, DriveTime's request for more time is especially unfounded given that DriveTime has been on notice for nearly six months that Plaintiffs are seeking information relating to DriveTime's financials, including its "expected or actual proceeds and profits from such arrangements" with Carvana.  *See* 7-22-2025 DriveTime Subpoena, RFP No. 2.  The documents Garcia Sr. has withheld based on DriveTime's purported interest include documents ***DriveTime itself has already produced***, further undermining any claim of surprise or emergent concern.  It should come as no surprise that Plaintiffs sought this same information from Garcia Sr. (particularly in light of DriveTime's insistence that Plaintiffs seek these documents from Garcia Sr. himself).

Nor is it plausible that Garcia Sr. asserted DriveTime's confidentiality interest on November 25, 2025, without first presenting those documents to DriveTime for review.  If Garcia Sr. purported to assert DriveTime's interests without providing DriveTime the opportunity to review the documents beforehand, that failure lies entirely with Garcia Sr. and DriveTime—not with Plaintiffs.  The documents could have, and should have, been shared with DriveTime to determine DriveTime's interest in their production or withholding prior to the production of their families.  That internal coordination failure does not justify freezing Plaintiffs' discovery rights for an additional month.

This delay is also precluded by the Court's recent, unambiguous admonitions that the discovery disputes be raised promptly and litigated diligently.  *See In re Carvana Sec. Litig.*, Case No. 2:22-cv-02126-MTL, ECF 243 at 25:12-26:16 (D. Ariz. Dec. 22, 2025) (Judge Liburdi reminding the parties and counsel of their obligations to attend to litigation matters, even during vacations); *id.* at 44:10-14 ("I would encourage you – if you reach an impasse with defendants' counsel, I would encourage you to engage Judge Boyle ***as soon as you can***.").  Plaintiffs intend to follow the Court's directive.

*Finally*, to the extent the documents contain "highly-sensitive materials" (D. Norris 01-06-2026 Email), the Protective Order governs this exact scenario.  The existence of sensitive information is not a basis for withholding production or delaying adjudication of the dispute.  The remedy is for Garcia Sr. to designate these materials as Highly Confidential pursuant to the protective order, which was provided to DriveTime along with the July 2025 subpoena.  Indeed, DriveTime successfully utilized this mechanism when it produced some of the documents that Garcia Sr. is now withholding.  That established practice confirms there is a ready, Court-approved

**Robbins Geller**
**Rudman & Dowd** LLP

David S. Norris
January 7, 2026
Page 3

means to address confidentiality without withholding documents and without delaying judicial resolution of this dispute.

For all of these reasons, Plaintiffs will proceed with presenting this dispute to Judge Boyle without further delay.  If DriveTime believes it has a cognizable interest that requires relief beyond the Protective Order, it may seek that relief in the appropriate forum and on an appropriate timetable; Plaintiffs will not suspend their discovery rights nor defy the Court's scheduling order to accommodate speculative or belated objections.

Regards,

SARAH FALLON

SAF: