LATHAM & WATKINS LLP
Andrew B. Clubok (*pro hac vice*)
J. Christian Word (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
Matthew J. Peters (*pro hac vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*pro hac vice*)
Kalana Kariyawasam (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | Case No. 2:22-cv-02126-PHX-MTL |
| | **DECLARATION OF MATTHEW J. PETERS IN SUPPORT OF DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO USE LEAD PLAINTIFFS' PROPOSED SEARCH TERMS (REDACTED)** |

I, Matthew J. Peters, declare as follows:

1. I am counsel with the law firm of Latham & Watkins LLP, counsel of record for Defendants Carvana Co. ("Carvana"), Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, the "Defendants") in the above-captioned litigation.

2. I am a member in good standing of the bars of the State of Maryland and the District of Columbia. I am admitted *pro hac vice* to practice before this Court. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would testify competently thereto.

3. Attached hereto as Exhibit 1 is Appendix A to Defendants' Opposition To Lead Plaintiffs' Motion To Compel Defendants To Use Lead Plaintiffs' Proposed Search Terms (the "Opposition"), which contains detailed information regarding the search strings that Defendants have already run against documents and emails collected from the 25 custodians and non-custodial sources.

4. Attached hereto as Exhibit 2 is Appendix B to Defendants' Opposition, which contains detailed information regarding Plaintiffs' proposed search terms.

5. Attached hereto as Exhibit 3 is a true and correct copy of a letter from Matthew Peters to Rachel Cocalis, dated April 10, 2025.

6. Attached hereto as Exhibit 4 is a true and correct copy of a letter from Matthew Peters to Rachel Cocalis, dated April 24, 2025.

7. Attached hereto as Exhibit 5 is a true and correct copy of the search term hit report titled "Exhibit A" sent by Natalie Salazar to Matthew Balotta on December 9, 2025.

8. Attached hereto as Exhibit 6 is a true and correct copy of a letter from Matthew Peters to Erika Oliver, dated January 8, 2026.

9. Attached hereto as Exhibit 7 is a true and correct copy of a produced PowerPoint presentation bates labeled CVNA_CA_00008280. The presentation was returned by the search string: ("title* w/30 registr*"), ("retail unit" OR "retail units") w/5 (grow* OR

increas* OR boost OR rais*), (ADESA and (logistic* w/5 (cost* or expens* or strain*)) and (DriveTime w/5 reconditon*).

10. Attached hereto as Exhibit 8 is a true and correct copy of a produced PowerPoint presentation bates labeled CVNA_CA_00033425. The presentation was returned by the search string: ("retail unit" OR "retail units") w/5 (grow* OR increas* OR boost OR rais*).

11. Attached hereto as Exhibit 9 is a true and correct copy of a produced PDF bates labeled CVNA_CA_00239934.    The PDF was returned by the search string: ("recondition*" w/5 (cost* OR volume*)) and ("sale*" w/3 "less profitable*").

12. Attached hereto as Exhibit 10 is a true and correct copy of a produced native Excel file bates labeled CVNA_CA_00250054.   The Excel was returned by the search string: ("recondition* w/5 (cost* or volume*)).

13. Attached hereto as Exhibit 11 is a true and correct copy of a produced PowerPoint presentation bates labeled CVNA_CA_00020699.   The presentation was returned by the search string: "DriveTime AND ("Dealer Market" OR "Dealer Marketplace")".

14. Attached hereto as Exhibit 12 is a true and correct copy of a produced Outlook email invitation bates labeled CVNA_CA_00261129.   The email invitation was returned by the search terms:  "DriveTime AND ("Dealer Market" OR "Dealer Marketplace") and DriveTime w/5 recondition*.

15. Attached hereto as Exhibit 13 is a true and correct copy of a produced email from Mark Jenkins dated December 2, 2022 labeled CVNA_CA_00062929.

16. Attached hereto as Exhibit 14 is a true and correct copy of *Independent Living Center v. City of Los Angeles*, Case No. CV 12-551-FMO (C.D. Cal.), Slip Op. (June 26, 2014).

17. Defendants' counsel reviewed a sample of documents returned by Plaintiffs' proposed search term: "lemon*".  The results included a receipt referencing "Schweppes Lemon."

18. Defendants' counsel reviewed a sample of documents returned by Plaintiffs'

proposed search string: ("customer* w/15 junk* OR trash*"). The results included documents concerning eating healthy, instead of junk foods, general capital markets updates, junk bonds for companies other than Carvana, and trash services.

19. Defendants' counsel reviewed a sample of documents returned by Plaintiffs' proposed search string: ("market* w/15 expan*"). The results included a playbook on how to scale performance on TV.

20. Defendants' counsel reviewed a sample of documents returned by Plaintiffs' proposed search string: ("nationwide w/15 new"). The results included a political fundraising email.

21. Defendants' counsel reviewed a sample of documents returned by Plaintiffs' proposed search string: ("market* w/15 expan*). The results included workout class reminders, communications from Peloton, and newsletters from *the Atlantic* magazine.

22. Defendants' counsel reviewed a sample of documents returned by Plaintiffs' proposed search term: "cushion". The results included installation instructions for a lift, a Proof of Insurance policy, and a *Washington Post* newsletter containing the phrase "couch-cushion change."

23. Defendants' counsel reviewed a sample of documents returned by Plaintiffs' proposed search term: "@sec.gov". The results included confirmations acknowledging receipt of various filings from the SEC, and spam emails.

24. Defendants' counsel performed a statistical search-term validation, which calculated the percentage of potentially relevant documents captured by their search terms. To perform this validation, Defendants identified a random sample of 1,535 documents from the null-set population of 2,117,688. This volume provided a 2.5% margin of error with 95% confidence. Counsel then independently reviewed each document for responsiveness. Of the 1,535 documents, counsel determined ten were responsive. The elusion rate of 0.651% was then calculated by dividing the 10 responsive documents by the total sample of 1,535—*i.e.*, the number of documents found to be responsive divided by the total sample. The elusion rate means that there are an estimated 13,786 potentially

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

responsive documents not captured by Defendants' search terms. Utilizing the elusion rate, Defendants calculated their "recall rate"—*i.e.*, the percentage of all relevant documents identified through search terms—as 93%.

25. Plaintiffs' request an additional 44 search terms that would add 758,000 documents. These documents would cost Carvana an additional ███████ million to review and take an estimated 15 – 20 weeks for review and production.

26. Defendants have run a set of 150 search strings across 25 custodians' documents and non-custodian sources that collectively return 1,022,162 documents.

27. Defendants have run 54 non-T&R search terms, which return 657,601 documents.

28. Defendants have produced nearly 70,000 documents consisting of over 350,000 pages. Including responsive documents withheld for privilege, Defendants estimate a responsiveness rate of approximately 19%.

29. Defendants produced 25,038 documents—35% of the total documents produced containing "title" or "reg"—that contain at least one other non-T&R search term.

30. Defendants' search terms that specifically targeted retail sales growth, Defs.' Ex. 1 at rows 15 – 18, returned approximately 285,000 documents from the original 18 custodians, including one search string, Defs.' Ex. 1 at row 17, that returned 178,000 documents.

31. Defendants' counsel reviewed a statistically random sample of 1,533 documents returned by Plaintiffs' requested search terms, *see generally* Defs.' Ex. 2, but not returned by Defendants' terms, *see generally* Defs. Ex. 1. That analysis determined that less than 3% of documents containing Plaintiffs' desired search terms were responsive.

32. On May 12, 2025, Defendants' counsel met with counsel for Plaintiffs to discuss search terms. Plaintiffs' counsel stated it was seeking communications with analysts covering Carvana to see whether Carvana exerted undue influence on the analysts.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 13th day of January 2026, in the District of Columbia.


By: */s/Matthew J. Peters*
Matthew J. Peters