# Exhibit 6

Case 2:22-cv-02126-MTL    Document 259-6    Filed 01/13/26    Page 1 of 3

**Matthew J. Peters**
matthew.peters@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

N VIA EMAIL
CONFIDENTIAL

January 8, 2026

Erika Oliver
Robbins Geller Rudman & Dowd LLP
655 W. Broadway
San Diego, CA 92101
eoliver@rgrdlaw.com

Re:    *In re Carvana Co. Securities Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Erika:

I write in response to Plaintiffs' email requesting additional information about Carvana Defendants' methodology for search-term validation.  As Carvana Defendants previously informed Plaintiffs, they conducted statistical search-term validation of the documents that were collected but not captured by the search terms—*i.e.*, the 'null set'—to assess the extent to which responsive documents were not identified by Carvana Defendants' search terms.  Dec. 2 Letter from M. Peters to M. Balotta at 2.  This validation generated an elusion rate—the percentage of potentially relevant documents not captured by search terms—of 0.651%.  *See* ECF 229, at 1.

Carvana Defendants' validation methodology followed the industry-standard practice. *See, e.g.*, *In re Diisocyanates Antitrust Litig.*, 2022 WL 17668470, at *8 (W.D. Pa. Oct. 18, 2022) (approving defendants' methodology of reviewing a statistically significant random sample of documents that did not hit on the defendants' search terms as validation of the effectiveness of those search terms).  First, Carvana Defendants identified a random sample of 1,535 documents from the null-set population of 2,117,688.  This volume provided a 2.5% margin of error with 95% confidence.  Counsel then independently reviewed each document for responsiveness.  Of the 1,535 documents, Carvana Defendants determined ten were responsive.[1]  The elusion rate was then calculated by dividing the 10 responsive documents by the total sample of 1,535—*i.e.*, the number of documents found to be responsive divided by the total sample.  *City of Rockford v. Mallinckrodt ARD, Inc.* 326 F.R.D. 489, 492 (N.D. Ill. Aug. 7, 2018) ("Elusion is estimated by taking a random sample of the null set and determining how many or what portion of documents are actually relevant.").

---

[1] The non-privileged documents, and their family members, were then produced to Plaintiffs. *See* CVNA_CA_00358132 – 342; CVNA_CA_00358411 – 412; CVNA_CA_00358419 – 538. One document was privileged and withheld.

January 8, 2026
Page 2

LATHAM&WATKINS LLP

As Carvana Defendants previously informed Plaintiffs on December 2, their "recall rate" at the time—*i.e.*, the percentage of all relevant documents identified through search terms—was 96%. This rate was calculated by dividing the total number of documents estimated to be reviewed and coded responsive as of December 2, by the number of estimated total responsive documents in the collection, including the number of potentially responsive documents not captured by search terms. To reflect ongoing discovery since December 2, Carvana Defendants recalculated the recall rate. The recall rate is currently 93%. This recall rate substantially exceeds recall rates that courts routinely consider appropriate. *See Independent Living Center v. City of Los Angeles*, Case No. CV 12-551-FMO (PJWx) (C.D. Cal.), Slip. Op. at 3 (June 26, 2014) (75% recall rate); *Global Aerospace Inc. v. Landow Aviation, L.P.*, 2012 WL 1431215 (Va. Cir. Apr. 23, 2012) (75% recall rate); *Lawson v. Spirit AeroSystems, Inc.*, 2020 WL 1813395, at *8 (D. Kan. 2020) (denying motion to compel review of additional documents where defendant "produced 85% of those responsive documents, *i.e.* an 85% recall rate"); *In re Diisocyanates*, 2022 WL 17668470, at *8 (70%-80% recall is acceptable).

Plaintiffs have demanded that Carvana Defendants produce *non-responsive* documents from the 1,535 document sample. However, it is well established that Plaintiffs are not entitled to discovery of non-responsive documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .") (emphasis added); *In re Biomet M2a Magnum Hip Implant Products Liability Litig.*, 2013 WL 6405156, at *2 (N.D. Ind. Aug. 21, 2013) (Rule 26(b)(1) does not render irrelevant, non-privileged documents discoverable); *Aurora Cooperative Elevator Co. v. Aventine Renewable Energy–Aurora West, LLC*, 2015 WL 10550240, at *2 (D. Neb. Jan. 6, 2015) (irrelevant information is not discoverable); *PlayUp, Inc. v. Mintas*, 350 F.R.D. 47, 53 (D. Nev. July 18, 2025) (noting that "speculation, hunches, and skepticism about the completeness of discovery" do not warrant compelling a party to produce irrelevant documents) (citing *Lawyers Title Ins. Co. v. U.S. Fidelity & Guar. Co.*, 122 F.R.D. 567, 570 (N.D. Cal. 1988) ("The mere possibility that a party might not produce all relevant, unprotected documents, is not a sufficient basis for ordering such a party to disclose its entire computerized system of information management."); *UAB "Planner5D" v. Meta Platforms, Inc.*, 746 F. Supp. 3d 806, 808 (N.D. Cal. 2024) ("Courts rarely become involved in assessing specific documents for relevance; rather, they make general orders about categories of documents that a party must produce. Courts in general rely upon parties to assess relevance, and the system of discovery is based on trust that a party produces documents after a review and assessment for relevance and responsiveness.").

Best regards,

*/s/ Matthew J. Peters*
Matthew J. Peters
of LATHAM & WATKINS LLP