**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Defendants. | |

Pending before the Court are the Parties' "Joint Discovery Motion" ("Motion to Compel RFP 29") (doc. 223) and "Joint Discovery Motion" ("Motion to Compel RFP 2") (doc. 224).[1] The Parties' Motion to Compel RFP 29 concerns whether the Court should compel Defendants to produce all documents responsive to Request for Production ("RFP") 29 concerning Garcia Jr.'s interest in or benefit from Garcia Sr.'s trusts and sales of Carvana Securities. The Parties' Motion to Compel RFP 2 concerns whether the Court should compel Defendants to produce all documents related to a 2019 Securities and Exchange Commission ("SEC") Information Request and a 2025 SEC Subpoena in response to RFP 2.

Upon review of the Parties' written and oral arguments, the Court holds as follows. First, regarding Motion to Compel RFP 29, Defendants shall produce communications from Garcia Jr. concerning any interest in or benefit from Garcia Sr.'s sales of Carvana Securities. Additionally, Defendants shall produce, for attorneys' eyes only, trust

---

[1] Discover matters in this case have been referred to this Court by the Honorable United States District Judge Michael T. Liburdi. *See* (doc. 125.)

documents from Garcia Sr.'s trusts. Defendants may redact sensitive personal information from trust documents.[2] The Court may, on an *ad hoc* basis, conduct an in-camera review of any redactions should Plaintiffs object to any redaction of documents.

Second, regarding Motion to Compel RFP 2, Defendants shall produce responsive non-privileged documents Defendants produced in response to the SEC's 2025 Subpoena. However, the Court will not compel the production of documents related to the 2019 SEC Information Request.

**I.      Background**.

On August 3, 2022, Plaintiffs initiated this action by filing their Complaint in the U.S. District Court for the District of New Jersey alleging violations of the Securities Exchange Act of 1934. (Doc. 1 at 2, 33.) On December 12, 2022, this matter was transferred to the U.S. District Court for the District of Arizona. (Docs. 25–26.)

Following transfer to this District, Plaintiffs filed an Amended Complaint which was dismissed as impermissible puzzle pleading on February 29, 2024. (Docs. 36, 70.) Thereafter, on March 29, 2024, Plaintiffs filed the now-operative Amended Consolidated Compliant ("ACC"). (Doc. 71.)

Although the ACC is the currently operative complaint, portions of it were dismissed on December 12, 2024, by the District Court. *See* (doc. 105.) Particularly important as it relates to the Motion to Compel RFP 29 (doc. 223), the District Court found that Plaintiffs failed to sufficiently plead that Garcia Jr. had a financial motive to commit securities fraud. (Doc. 105 at 41–42.)

Following the District Court's adjudication of the Defendants' motions to dismiss, Plaintiffs served their first set of RFPs on Defendants on March 11, 2025. (Doc. 132.) RFP 2 requested:

> [a]ll documents and testimony that any of the Carvana Defendants have produced or provided to, or received from, any regulatory or government agency, federal or state law enforcement agency or representative, or state or local official concerning the allegations in the Complaint. This Request extends through the present.

---

[2]      This Order does not permit the whole-sale redaction of trust documents.

(Doc. 154-1 at 13.)

RFP 29 requested:

> [d]ocuments concerning any direct or indirect benefit or consideration that any of the Carvana Defendants received or intended to receive from another person's transactions in Carvana Securities for, or during, the Relevant Period.

(*Id.* at 19.)

After an unsuccessful meet and confer on Plaintiffs' RFPs, the Parties filed the instant actions on December 10, 2025. *See* (docs. 223–24.) Upon receiving the Parties' filings, the Court scheduled a telephonic discovery hearing for January 8, 2026. *See* (doc. 230.) On January 8, 2026, the Court conducted a telephonic hearing. (Doc. 249.) No cause for delay appearing, the Court will address the Parties' Motions.

**II.      The Parties' Arguments**.

The Parties' arguments—written and oral—are summarized below.

**A.  *Motion to Compel RFP 29***.

At issue in the Parties' Motion to Compel RFP 29 (doc. 223) is whether, pursuant to the language of RFP 29, Plaintiffs may compel Defendants to produce: (a) documents from Garcia Sr.'s trusts; and (b) communications from Garcia Jr. regarding his benefits from the trust during the class period.[3] *See* (doc. 223.)

*i.      Plaintiffs' Arguments*.

Plaintiffs contend that trust documents[4] from Garcia Sr.'s trusts and communications from Garcia Jr. are discoverable as they are relevant and evince Garcia Jr.'s scienter. (*Id.* at 2.) Specifically, Plaintiffs contend that communications made by Garcia Jr. before, during, and after his father's multi-billion-dollar stock sale, and correlating trust documents not publicly available, are relevant towards establishing scienter in their securities fraud claims. (*Id.*) Additionally, regarding trust documents, Plaintiffs contend that these documents may also evince scienter.

---

[3] The class period is from January 1, 2020, to February 28, 2023. *See* (doc. 196 at 5–6.)

[4] The Court defines 'trust documents' as terms of the trust and documents related to stock sales during the relevant class period. *See supra* note 3.

In making their argument, Plaintiffs acknowledge that their allegations regarding Garcia Jr.'s benefit from Garcia Sr.'s stock trades were rejected by the District Court as not well plead. (*Id.* at 3.)   However, Plaintiffs contend that this does not make such information irrelevant nor inadmissible. (*Id.*) Therefore, Plaintiffs assert that the aforementioned trust documents and communications are discoverable, and the Court should compel their production.

ii.    *Defendants' Arguments*.

Defendants assert that Garcia Jr.'s communications are "beyond the scope of this case[,]" and that trust documents are irrelevant because the Garcia Sr.'s trusts did not make any transactions during the class period. (*Id.* at 4.) Regarding Garcia Jr.'s communications, Defendants assert such evidence is irrelevant because the District Court found the allegations regarding Garcia Jr.'s benefit from Garcia Sr.'s stock trades were not well-plead. (*Id.*) Regarding the trust documents, Defendants assert that any sales of "Carvana securities is a matter of public record[,]" that the trust documents contain sensitive personal information, and that terms of any Garcia Sr. trust are irrelevant to this action. *See* (*id.*)

**B. Motion to Compel RFP 2**.

At issue in the Parties Motion to Compel RFP 2 (doc. 224) is whether, pursuant to the language of RFP 2, Plaintiffs' may compel Defendants to produce: (a) a 2019 SEC Information Request; and (b) a 2025 SEC Subpoena. *See* (doc. 224.)

i.    *Plaintiffs' Arguments*.

Plaintiffs assert that documents from both the 2019 SEC Information Request and the 2025 SEC Subpoena are relevant to Plaintiffs "related-party transactions alleged in the Complaint, including the pass-through arrangement Plaintiffs challenge." (*Id.* at 3.)

Specifically, Plaintiffs assert three arguments in support of their position. First, the requested documents are relevant because of the "overlap between the focus of the SEC's inquiry and the claims upheld" in this action. (*Id.*) Second, Plaintiffs assert that the burden upon Defendants is "non-existent" because Defendants have already collected documents for the SEC, created a privilege log for the SEC request, and produced non-privileged

responsive documents. *See* (*id.*) Finally, Plaintiffs assert that the SEC investigations amount to a collateral litigation, where the fruits of discovery of one litigation may be used in another litigation.

  ii. *Defendants' Arguments*.

Defendants respond that Plaintiffs' request for documents from the 2019 SEC Information Request and the 2025 SEC Subpoena are irrelevant as they are too far attenuated from the class period. (*Id.* at 4.) Regarding the 2019 SEC Information Request, Defendants argue that any document related to that request is irrelevant because it involved historical Carvana loan sales on or before 2019—outside of the class period in this action. (*Id.* at 5.)

Regarding the 2025 SEC Subpoena, Defendants assert that documents responding to the subpoena are irrelevant because they were produced to the SEC after the class period ended. (*Id.* at 4.) Additionally, Defendants—in their oral arguments—contend that providing documents related to the 2025 SEC Subpoena to Plaintiffs would inhibit the SEC's investigation. Furthermore, Defendants allege that Plaintiffs request is an impermissible "discovery of discovery"—*i.e.*, discovery of the search terms Defendants used to respond to the 2025 SEC Subpoena. (*Id.*)

**III. Legal Standards**.

Under Rule 34(a), a party may request the production of evidence, ESI or otherwise, so long as it is within the scope of Rule 26(b). *P&B Franchise, LLC v. Dawson*, No. CV-23-00784-PHX-SMB, 2024 WL 326956, at *2 (D. Ariz. Jan. 29, 2024) (citing Fed. R. Civ. P. 34). If a party fails to make a disclosure under Rule 34, the moving party may then seek the production of documents through a Rule 37 motion to compel. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). The party moving to compel discovery under Rule 37 "has the [initial] burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *United States v. Nolen*, No. 2:23-cv-00320-JAM-CKD, 2024 WL 2785307, at *2 (E.D. Cal. May 30, 2024) (quoting *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)). Thereafter, the party opposing the motion

to compel "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp.*, 285 F.R.D. at 485 (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

The court has broad discretion regarding whether to permit or deny discovery via a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally, discoverable evidence is "any nonprivileged matter that is *relevant*[5] *to any party's claim or defense and proportional to the needs of the case . . . .*" Fed. R. Civ. P. 26(b)(1) (emphasis added). Courts will limit discovery where: "(a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii). A party may request production of evidence that is "within the scope of Rule 26(b)[.]" Fed. R. Civ. P. 34(a).

**IV.    Discussion**.

For the following reasons, the Court will grant—with modifications—the Parties' Motion to Compel RFP 29 as to Plaintiffs, and their Motion to Compel RFP 2 as to Plaintiffs in part and Defendants in part.

*A. Motion to Compel RFP 29.*

Plaintiffs' request for the production of trust documents and Garcia Jr. communications concerning any interest in or benefit from Garcia Sr.'s sales of Carvana Securities are broadly permissible under the Federal Rules' liberal discovery standards.

*i.    Trust Documents.*

Turning first to trust documents, the Court finds that—as long as the requisite

---

[5]    Evidence is considered relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, a court may exclude relevant evidence where its probative value is substantially outweighed by the danger of confusing the issue in the present case. Fed. R. Evid. 403.

safeguards are established—terms of the trust and any evidence regarding potential inflows of currency following Garcia Sr.'s large-scale sale of Carvana securities are relevant, and therefore discoverable. Specifically, any growth of Garcia Sr.'s trusts may evince the scienter of Garcia Jr. in this action.[6] Beyond any such documents establishing growth of Garcia Sr.'s trusts, the terms of the relevant Garcia Sr. trusts are similarly relevant because they provide necessary context about regarding a specific trust and any documents produced from that trust. Furthermore, the fact that some trust documents—such as the Form 4s—are publicly available neither establishes that all trust documents are publicly available nor outside of the scope of Rule 26.

While the Court finds the trust documents discoverable, it will not compel their whole-sale disclosure absent protections. Specifically, the Court will enter a protective order requiring that non-privileged trust documents be provided for attorneys' eyes only. Additionally, Defendants may redact any sensitive personal information contained within those documents. However, if Plaintiffs object to any of Defendants' redaction, the Court will conduct an *ad hoc* in-camera review of an redactions.

ii.    *Garcia Jr. Communications*.

Turning next to Garcia Jr.'s communications, the Court finds that this evidence is relevant towards Plaintiffs' claims. Specifically, Garcia Jr. communications concerning any interest in or benefit from his father's sales of Carvana Securities directly relates to his state of mind regarding the alleged securities fraud at the heart of this litigation. Because such evidence is relevant towards Plaintiffs' allegations in this matter, the Court will compel their production.

Insofar as Defendants object based on the District Court's findings that allegations regarding Garcia Jr.'s benefit from Garcia Sr.'s stock trades were not well-plead, the Court

---

[6]    Plaintiffs must establish scienter to assert a securities fraud claim under 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. See *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1106 (9th Cir. 2021) (noting that, to state a securities fraud claim, a party must show: "(1) a material misrepresentation or omission by the defendant; (2) *scienter*; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation") (emphasis added) (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014)).

will overrule the objection. Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, *unless the information sought is otherwise relevant to issues in the case*." *Id.* at 352 (emphasis added). Because the Garcia Jr.'s communications fall under the 'otherwise relevant' category as they evince scienter, the Court will compel the production of non-privileged responsive Garcia Jr. communications.

### B. Motion to Compel RFP 2.

For the following reasons, the Court will compel Defendants to produce responsive documents related to the 2025 SEC Subpoena. However, the Court will not compel the production of documents related to the 2019 SEC Information Request.

*i.      2025 SEC Subpoena*.

Pursuant to Rule 26's liberal discovery standards, the Court finds the production of non-privileged responsive documents provided to the SEC in response to the 2025 Subpoena are discoverable. This is because these documents are relevant towards Plaintiffs' allegations in this action, and the burden imposed on Defendants is, at most, minor.

As to relevancy, the Court notes that relevancy does not hinge on the outcome of the SEC's investigation.[7] Instead, documents produced are independently relevant from the outcome. In other words, the pieces matter more that the whole. Because the documents produced may be independently relevant, they are consequently discoverable.

Further, while the requested discovery may fall outside of the class period, it relates to conduct that occurred during the class period. Hence, while the requested discovery may not fall within the class period, it is *nonetheless relevant* because it relates to conduct during

---

[7]      As an added note, the Court is not persuaded by Defendants' argument that this evidence is not discoverable because the SEC rejected Plaintiffs' FOIA request. Neither is the Court persuaded by the argument that compelling the disclosure of these documents impedes an active SEC investigation.

the class period.

Regarding burden, because the Court is only compelling disclosure of information directly related to the allegations in this action, not non-responsive documents nor Defendants' search terms[8] used in response to the 2025 SEC Subpoena, the Court notes that Defendants burden is minor. This is because the Court is not expanding discovery; Rather, the Court is compelling the production of documents that were collected, prepared, reviewed for privilege, and produced to the SEC.

For the foregoing reasons, the Court will compel the production of responsive non-privileged documents Defendants produced to the SEC in response to the 2025 Subpoena.

*ii.    2019 SEC Information Request.*

The Court does not find documents prepared by Defendants in response to the 2019 SEC Information Request discoverable. This is because the information involved is so attenuated from the allegations in this action their production would be unduly burdensome upon Defendants. Critically, the 2019 SEC Information Request involves historical loan sales and refinancing from sales made by Carvana *during or before* 2019. While these transactions may have involved shifting loans from one Defendant in this litigation to another, such minor relevancy does not overcome the burden on Defendants. Specifically, were the Court to compel the production of documents responding to the 2019 information request, the Court would be, in effect, expanding the class period. Further, unlike documents responsive to the 2025 SEC Subpoena, the documents here do not directly relate to Defendants' conduct during the class period. Therefore, the Court will not compel the production of documents Defendants produced in response to the 2019 SEC Information Request.

Accordingly,

**IT IS ORDERED** that the Parties' Joint Discovery Motion (doc. 223) is **GRANTED AS MODIFIED AS TO PLAINTIFFS**.

//

---

[8]    Because the Court is not requiring the production of search terms, Defendants' concerns of 'discovery on discovery' are moot.

**IT IS FURTHER ORDERED** that the Parties' Joint Discovery Motion (doc. 224) is **GRANTED IN PART AS TO PLAINTIFFS** and **GRANTED IN PART AS TO DEFENDANTS**.

**IT IS FURTHER ORDERED** that Defendants shall produce any responsive non-privileged communication from Garcia Jr. concerning any interest in or benefit from Garcia Sr.'s sales of Carvana Securities on or before **JANUARY 23, 2026**.

**IT IS FURTHER ORDERED** that Defendants shall produce, **FOR ATTORNEYS' EYES ONLY**, non-privileged trust documents from Garcia Sr.'s trusts on or before **JANUARY 23, 2026**. Defendants may redact sensitive personal information from the produced trust documents. If any objections are received as to any redactions, the Court may, on an *ad hoc* basis, conduct an in-camera review of the objected-to redactions.

**IT IS FURTHER ORDERED** that Defendants shall produce responsive non-privileged documents provided to the SEC in response to the 2025 SEC Subpoena. Defendants are not required to produce the search terms used in connection to the aforementioned subpoena. Defendants shall produce these documents on or before **JANUARY 23, 2026**.

**IT IS FURTHER ORDERED** that Defendants' objections to the production of documents related to the 2019 SEC Information Request are **SUSTAINED**.

Dated this 13th day of January, 2026.

_____
Honorable John Z. Boyle
United States Magistrate Judge

- 10 -