WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Defendants. | |

Pending before the Court is Defendants' "Motion to Seal Portions of Defendants' Opposition to Lead Plaintiffs' Motion to Compel Defendants to Use Lead Plaintiffs' Proposed Search Terms" ("Motion") (doc. 260).[1] Defendants seek to file eight lodged exhibits appended to their Response to Defendants Motion to Compel (doc. 258) under seal because they "contain information designated 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL' by the parties' March 12, 2025 Stipulated Protective Order[.]" *See* (doc. 260 at 2); *see also* (doc. 136.)

Due to the expedited deadlines in this action, and finding no reason to delay, the Court shall adjudicate this matter without a response. Because Defendants' Motion complies with the Federal and Local Rules of Civil Procedure, and is supported by good cause, the Court will seal the eight exhibits.

**I.  Background**.

On December 30, 2025, Plaintiffs filed—with leave of Court—a Motion to Compel

---

[1]  Discovery matters in this case have been referred to this Court by the Honorable United States District Judge Michael T. Liburdi. *See* (doc. 125.)

Defendants to Use Lead Plaintiffs' Proposed Search Terms, which was to be briefed in accordance with LRCiv 7.2. *See* (doc. 244.) Defendants filed their Response on January 13, 2026. *See* (doc. 258.) Portions of the Response were redacted. *See* (*id.*) Additionally, eight exhibits in (doc. 259), referenced to in (doc. 258), were enclosed with the notation of filed under seal. *See* (doc. 259.)

Contemporaneously with their Response, Defendants filed the instant Motion. *See* (doc. 260.) Additionally, Defendants lodged the eight exhibits to be filed under seal. *See* (doc. 261.) Further, Defendants filed a Notice of Lodging Documents Under Seal Under LRCiv 5.6(d) and a Certificate of Service of (docs. 258–59). *See* (docs. 262–63.)

## II.    Legal Standard.

When considering motions to seal documents, courts within the Ninth Circuit generally apply a "compelling reasons" standard. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* at 678 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

However, "[r]ecords attached to nondispositive motions must meet the lower 'good cause' standard of Rule 26(c) . . . as such records 'are often unrelated, or only tangentially related, to the underlying cause of action.'" *Software Rights Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. 2020) (quoting *Kamakana*, 447 F.3d at 1179). To meet this good cause standard, the moving party bears the burden showing that "specific prejudice or harm" will result if the information is disclosed. *See Software Rights Archive, LLC*, 485 F. Supp. 3d at 1113 (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,'" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

//

**III.    Discussion**.

Because Defendants are attempting to file eight exhibits attached to a non-dispositive discovery motion, the Court will apply the lower good cause standard. As to each exhibit, the Court finds that Defendants have complied with Federal and Local Rules of Civil Procedure. Additionally, the Court finds that Defendants have established good cause to seal because the eight exhibits contain confidential or highly confidential business documents, financial records, and communications which, if disclosed, may irreparably harm the Carvana Defendants. *See, e.g.*, *Software Rights Archive, LLC*, 485 F. Supp. 3d at 1113 (granting the parties' motion to seal documents because "they contain confidential business and proprietary information relating to the operations of Defendant['s]" business). Furthermore, because the District Court granted a Protective Order which rationally covers the eight exhibits here, *see* (doc. 136), the District Court has, *ipso facto*, determined that good cause exists to protect these documents. *See, e.g.*, *Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1214 ("When a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Seal Portions of Defendants' Opposition to Lead Plaintiffs' Motion to Compel Defendants to Use Lead Plaintiffs' Proposed Search Terms (doc. 260) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the unredacted, lodged Declaration and Exhibits 2, 7, 8, 9, 10, 11, 12, and 13, found within (doc. 261), **UNDER SEAL**.

Dated this 15th day of January, 2026.

Honorable John Z. Boyle
United States Magistrate Judge