DLA PIPER LLP (US)
Cameron A. Fine
cameron.fine@us.dlapiper.com
Madeline A. Cordray
madeline.cordray@us.dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
480.606.5100

Melanie Walker (admitted pro hac vice)
melanie.walker@us.dlapiper.com
Emma C. Peplow (admitted pro hac vice)
emma.peplow@us.dlapiper.com
2000 Avenue of the Stars #400
Los Angeles, California 90067
310.595.3000

Yan Grinblat (admitted pro hac vice)
yan.grinblat@us.dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000

[*Additional counsel on signature page*]

*Counsel for Defendant Ernest Garcia II*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | DEFENDANT ERNEST GARCIA II'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE |
| All Actions. | **ORAL ARGUMENT REQUESTED** |

Pursuant to ¶¶ 3(b) and 6 of the Court's February 26, 2025 scheduling order, Dkt. 128, and the Court's order setting a schedule for briefing the instant dispute, Dkt. 256, Defendant Ernest Garcia II ("Garcia Sr.") submits his response to Plaintiffs' discovery motion, Dkt. 253, wherein Plaintiffs seek the production of certain board of directors documents of non-party DriveTime Automotive Group, Inc. ("DriveTime"), which Garcia Sr. withheld from production as non-responsive.

## I.      GARCIA SR.'S ARGUMENT

Plaintiffs fail to establish the threshold issue for any discovery motion: that the discovery they seek is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiffs seek production of attachments to four emails sent by ***DriveTime's*** in-house counsel to ***DriveTime's*** directors. Garcia Sr. produced all attachments to these emails that were responsive to Plaintiffs' requests—agreements between DriveTime and Carvana and an article cited in the complaint.[1] He also produced the (non-responsive) cover emails and board agendas to provide the context in which he received these documents. And he provided Plaintiffs a detailed log of the withheld attachments, which Plaintiffs tellingly failed to include with their motion. (*See* Ex. A.) The agendas and log show that the withheld documents have nothing to do with Plaintiff's claims in this case.  Instead, the documents concern ***DriveTime's*** dividends, reports from ***DriveTime's*** auditors, and legal updates about unrelated litigation. (*See id.*) These documents do not relate in any way to Plaintiffs' allegations regarding Carvana, the alleged "pass-through" transactions between DriveTime and Carvana, or Garcia Sr.'s alleged control of Carvana, and Plaintiffs do not even attempt to explain how they would use such documents at deposition or trial.

Plaintiffs broadly assert, without support or discussion, that the "attachments are undeniably relevant." Mot. at 1-2. This "conjecture" is not enough. *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 566 (D. Ariz. 2016) (denying motion to compel). Plaintiffs also contend that certain "financial statements" must be relevant because

---

[1] Garcia Sr. produced these documents even though Judge Liburdi held "the transactions between Carvana and DriveTime" do not "qualify as a manipulative and deceptive act[.]" Dkt. 105 at 36.

DriveTime "already produced versions of them." Mot. at 1. But if that's true, then Plaintiffs already have the documents they seek. In any event, *DriveTime's* financial statements are not relevant because they have nothing to do with *Carvana's* disclosures, are not public, and could not have been relied upon by Carvana investors. *See* Dkt. 105 at 37-38 (discussing *Stoneridge Inv. Ptrs., LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148 (2008)).

Plaintiffs also selectively quote a portion of the ESI Order in arguing that the Order "requires production." Mot. at 1. In fact, the Order expressly contemplates a process for determining "***an appropriate basis for withholding a family document <u>for any reason</u>*** other than attorney-client or work product privilege." Dkt. 137 at 8 (emphasis added). An appropriate basis for withholding nonresponsive family members exists here because the withheld documents are irrelevant and highly confidential board materials of a non-party.

Finally, Plaintiffs invoke the "presumption" that "if something was attached to a relevant e-mail it must also be produced." Mot. at 2 (cleaned up). This presumption makes no sense here. The ***parent*** emails are not relevant. Garcia Sr. produced ***attachments*** that concern DriveTime's transactions with Carvana and withheld other unrelated attachments regarding disparate portions of DriveTime's business. In this specific case, common sense dictates that "[t]he relevance of each document in a document 'family' should be assessed separately." *G.P.P., Inc. v. Guardian Prot. Prods.*, 2016 U.S. Dist. LEXIS 88926, at *2-3 (E.D. Cal. July 8, 2016); *see Weidman v. Ford Motor Co.*, 2021 U.S. Dist. LEXIS 20095, at *8 (E.D. Mich. Feb. 2, 2021) (producing party "not required by the Federal Rules of Civil Procedure to produce nonresponsive and irrelevant email attachments.").

Plaintiffs' motion should be denied.

**CERTIFICATION**

Mr. Garcia Sr., by and through his undersigned counsel, hereby confirms that he attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED: January 20, 2026

/s/ Melanie Walker
DLA PIPER LLP (US)
CAMERON A. FINE
cameron.fine@us.dlapiper.com
MADELINE A. CORDRAY
madeline.cordray@us.dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
480.606.5100

MELANIE WALKER (admitted *pro hac vice*)
melanie.walker@us.dlapiper.com
EMMA C. PEPLOW (admitted *pro hac vice)*
emma.peplow@us.dlapiper.com
2000 Avenue of the Stars #400
Los Angeles, California 90067
310.595.3000

YAN GRINBLAT (admitted *pro hac vice*)
yan.grinblat@us.dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000

*Attorneys for Defendant Ernest Garcia II*