Brian A. Cabianca (AZ Bar No. 016410)
brian.cabianca@squirepb.com
David S. Norris (AZ Bar No. 034309)
david.norris@squirepb.com
Kaitlyn R. Ogard (AZ Bar No. 036181)
kaitlyn.ogard@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

*Attorneys for Non-Party DriveTime Automotive Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation )<br><br>)<br>)<br>This Document Relates To: )<br>)<br>)<br>All Actions. )<br>)<br>) | No. CV-22-2126-PHX-MTL<br><br>**NONPARTY DRIVETIME AUTOMOTIVE GROUP INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiffs have moved (Doc. 253) to compel the production of proprietary and confidential materials that the General Counsel of Drivetime provided to its Board of Directors. These proprietary documents concern the business and operations of nonparty DriveTime and its affiliated companies, Bridgecrest Acceptance Corporation and SilverRock Group, Inc., who also are not parties.

## NONPARTY DRIVETIME'S RESPONSE

The documents Plaintiffs seek are all unrelated to this case and include (a) unrelated Board minutes and resolutions, (b) documents about DriveTime's, SilverRock's, and Bridgecrest's financial performance that are unrelated to issues in this case, (c) unrelated tax and accounting audit reports, (d) unrelated draft financial filings, (e) results of unrelated internal audits, (g) updates from DriveTime's General Counsel regarding legal issues unrelated to this case, (h) records concerning DriveTime's compliance with unrelated statutory requirements, and (i) agreements with entities unrelated to Carvana. Doc. 270.

- 1 -

Courts routinely protect proprietary and confidential business information from disclosure. *See Solow v. Conseco, Inc.,* 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008) (quashing subpoena seeking "proprietary" financial information); *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.,* 2011 WL 13242977, at *4 (E.D. Cal. May 18, 2011) (limiting production of confidential "information contained in … audited financial statements"). This is particularly true as to nonparties. Fed. R. Civ. P. 45(d)(3)(B) (protecting "confidential research, development or commercial information" from nonparties).

The confidential information Plaintiffs move to compel is also irrelevant, as Defendant Ernest Garcia II ("Mr. Garcia Sr.") has already explained. *See* Doc. 270. Plaintiffs do not assert any claims against DriveTime. Plaintiffs did not sue Mr. Garcia Sr. in his capacity as a DriveTime officer or director, but rather in his capacity as a ***Carvana*** stockholder. They challenge ***Carvana's*** disclosures and other defendants' alleged control over ***Carvana***. These claims are far removed from ***DriveTime's*** non-public and confidential board materials, to say nothing of nonparties Bridgecrest and SilverRock. Courts protect the confidentiality interests of non-parties and deny discovery into "documents which are of limited relevance." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2025 WL 2405489, at *13 (N.D. Cal. Aug. 19, 2025).

Plaintiffs assert (at 1) that nonparty DriveTime "already produced versions" of its audited financial statements to Plaintiffs. But nonparty DriveTime did so in a good faith effort to avoid motion practice over Plaintiffs' Rule 45 Subpoena in response to Plaintiffs' overly-aggressive discovery positions and repeated threats to move to compel.

Plaintiffs argue (at 2) that the Court should ignore relevance because there is a protective order. But protective orders only "provide protection from use and dissemination of relevant information provided in discovery—they do not eliminate the requirement that information be relevant to be disclosed." *Appel v. Boston Nat't Title Agency, LLC*, 2019 WL 183504, at *2 (S.D. Cal. Jan. 14, 2019). And courts have held that protective orders are insufficient to protect highly confidential and proprietary information, particularly when such information is irrelevant. *See, e.g., Trellian Pty, Ltd. v. adMarketplace, Inc.*,

2021 WL 363965, at *4 (S.D.N.Y. Feb. 3, 2021) (when the information sought "is not relevant, simply telling [the producing party] to apply the AEO designation … does not eliminate the risk of harm from disclosure of commercially sensitive information"); *Grand River Enters. Six Nations, Ltd. v. King*, 2009 WL 222160, at *3–4 (S.D.N.Y. Jan. 30, 2009) ("numerous courts have found a harm even where the disclosure would have been so limited" by a protective order) (citing cases).

Plaintiffs' motion to compel should be denied.

RESPECTFULLY SUBMITTED this 23rd day of January, 2026

> /s/ David S. Norris
> Brian A. Cabianca
> David S. Norris
> Kaitlyn R. Ogard
> SQUIRE PATTON BOGGS (US) LLP
> 2325 E. Camelback Road, Suite 700
> Phoenix, Arizona 85016
>
> *Attorneys for Non-Party DriveTime Automotive Group, Inc.*