ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE |
| All Actions. | |

4926-3159-6939.v1

Plaintiffs submit this reply in further support of their Motion to Compel Compliance (ECF 253) ("Motion" or "Mot.") with the Court's Order granting the Parties' Stipulated ESI Order.[1]

## I.    PLAINTIFFS' ARGUMENT

Garcia Sr. violated the Court's ESI Order by withholding attachments to responsive communications based on a unilateral "non-responsiveness" determination, in direct contravention of the ESI Order's plain language.  DriveTime does not dispute this.  Likewise, Garcia Sr. concedes that a portion of the communications are responsive and that the ESI Order mandates that "if ***any*** part of a communication or its attachments is responsive, the entire communication and attachments will be produced."  ESI Order at 8.  Unable to dispute the text of the ESI Order, Garcia Sr. and DriveTime instead advance a series of meritless post hoc rationalizations.  None are persuasive.  The Motion should therefore be granted.  Further, given the straightforward nature of the dispute and in the interest of expediency, Plaintiffs do not believe that oral argument on the Motion is necessary.

***First***, Garcia Sr. and DriveTime claim that Plaintiffs must establish that each document is individually relevant even if it is a part of a singular, responsive communication.  *See* G.Opp. at 1; D.Opp at 1-3.  That argument squarely contradicts the ESI Order.  ESI Order at 8.  Tellingly, DriveTime's response does not even mention the ESI Order.  And Garcia Sr.'s citation to the ESI Order's provision describing a "process for determining 'an appropriate basis for withholding a family document'" (G.Opp. at 2) only underscores his noncompliance, as he did not follow that process, which requires the Parties to "meet and confer" prior to withholding any portion of the document family.  ESI Order at 8.  Instead, Garcia Sr. unilaterally withheld the documents, obscured that fact in a production letter, and

---

[1]    Capitalized terms not defined herein have the same meaning as in Plaintiffs' Motion.  "G.Opp." refers to Defendant Ernest Garcia II's Response to Plaintiffs' Motion to Compel Compliance (ECF 270), "D.Opp." refers to Nonparty DriveTime Automotive Group Inc.'s Response to Plaintiffs' Motion to Compel Compliance (ECF 281), and "Ex. 2" refers to Exhibit 2 attached to the Motion (ECF 253-2).  Unless otherwise stated, all emphasis is added and citations are omitted.

1  then flatly refused to produce the attachments during **Plaintiffs**' requested meet and confer.

2  *See* Ex. 2 at 2-3.

3      Even if the ESI Order did not unequivocally require the production of the withheld

4  documents (it does), and even if Garcia Sr. and DriveTime's unilateral, inappropriately

5  narrow relevance determinations were correct (they are not), the documents must still be

6  produced under well-settled law.  "Courts in this Circuit have long recognized that an email

7  and its attachment comprise 'one document or message unit,'" and must be produced

8  together.  *Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, 2020 WL 13311682, at *5 (C.D.

9  Cal. 2020); *see also* Mot. at 2 (citing additional cases); *Leon v. Am. Honda Motor Co. Inc.*,

10  2025 WL 3255005, at *5-*6 (C.D. Cal. 2025) (ordering party to "[p]roduc[e] the entire

11  family, except for any portions that are privileged and properly designating confidential

12  portions" because this "allows Plaintiffs – and the Court when appropriate – to review the

13  document family as it was created and maintained" and "breaking up the document family is

14  effectively a[n improper] 'relevance redaction'"); *Endo Fitness LL, LLC v. F19 Holdings,*

15  *LLC*, 2023 WL 12015974, at *6 (C.D. Cal. 2023) (ordering party to produce "all attachments

16  to all emails").

17      Notably, DriveTime had no response whatsoever to this wealth of authority.  Nor did

18  it cite any authority supporting its position that breaking up responsive families is

19  permissible or consistent with the requirement that a party produce "documents as they are

20  kept in the usual course of business."  Fed. R. Civ. P. 34(b)(2)(E)(i).  Garcia Sr.'s attempt to

21  distinguish just a **single case** also fails.  *See* G.Opp. at 2.  That the emails in *Karnoski v.*

22  *Trump*, 2020 WL 2736961 (W.D. Wash. 2020) were purportedly responsive, as opposed to

23  the attachments here, is a distinction without a difference.  The ESI Order is explicit: "[I]f

24  **any** part of a communication **or its attachments is responsive** . . . ."  ESI Order at 8.[2]

25

26  ―――――――――――
    [2]     Garcia Sr.'s limited authority is inapposite. *See G.P.P., Inc. v. Guardian Prot. Prods.,*

27  *Inc.*, 2016 U.S. Dist. LEXIS 88926, at *2-*3 (E.D. Cal. 2016) (unlike here, the parties in this
    decade-old case did not have an ESI order requiring production); *see also Weidman v. Ford*
    *Motor Co.*, 2021 U.S. Dist. LEXIS 20095, at *8 (E.D. Mich. 2021) (same and relying on

28  *G.P.P.* as its legal support); *see also* Ex. 2 at 2-3 nn.1-2.

4926-3159-6939.v1

1    **Second**, Garcia Sr. and DriveTime are also wrong that the withheld documents are not

2    individually relevant.  G.Opp. at 1.  Even setting aside that these documents are part of

3    responsive families and must be produced, the attachments are plainly relevant.  Mot. at 1-2.

4    Indeed, two of the withheld documents that DriveTime produced expressly reference

5    Carvana and DriveTime's sham pass-through agreement – an alleged artifice of the scheme

6    and an undisclosed driver of Carvana's reported sales growth.  *See id.* at 1-2.[3]  Garcia Sr.'s

7    contention that documents discussing an alleged artifice and undisclosed material facts are

8    irrelevant simply because they are not public (G.Opp. at 2) only illustrates why Defendants

9    cannot be permitted to serve as the unilateral arbiters of relevance, particularly when the

10   withheld attachments are part of a single, responsive communication.[4]

11   **Lastly**, DriveTime makes unsupported assertions of harm.  *See* D.Opp. at 1-3.  It fails,

12   however, to explain why the Parties' Stipulated Protective Order (ECF 136 at 4) does not

13   fully address those harms.  Further, DriveTime's authorities – each considering a motion to

14   quash under Federal Rule of Civil Procedure 45 – are inapposite.[5]  DriveTime has not moved

15

16   [3]      As such, Garcia Sr. is wrong to claim that he "produced all attachments . . . that were
     ***responsive*** to Plaintiffs' requests." G.Opp. at 1.  That assertion is demonstrably false.

17   Further, Garcia Sr.'s claim that "Plaintiffs already have the documents they seek" (*id.* at 2) is
     misleading at best as DriveTime produced only ***two*** of the ***109*** withheld documents.  *Contra*

18   D.Opp. at 2.  Garcia Sr. and DriveTime's authorities are likewise inapt.  They address the
     relevance of overbroad requests, rather than the propriety of withholding discrete

19   attachments that are part of concededly responsive communications.  *See In re Bard IVC*
     *Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 565-66 (D. Ariz. 2016); *Appel v. Bos. Nat'l Title*

20   *Agency, LLC*, 2019 WL 183504, at *2 (S.D. Cal. 2019).  Nor does *In re Soc. Media*
     *Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2025 WL 2405489 (N.D. Cal. 2025),

21   assist Defendants.  There, counsel had "conceded" that the requests at issue "could be 'set
     aside' as irrelevant," a circumstance entirely absent here, where the attachments are part of

22   communications Defendants concede are responsive.  *Id.* at *13.

23   [4]      Judge Liburdi's discussion of *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552
     U.S. 148 (2008) (ECF 105 at 37-39) does not affect relevance here because he ultimately

24   upheld Plaintiffs' retail growth statements and scheme claim against the Carvana Defendants
     and Plaintiffs' §20(a) claim against Garcia Sr. in full.  *See* ECF 105 at 40, 60; *see also* ECF

25   173 at 3-5.

26   [5]      *See Solow v. Conseco, Inc.*, 2008 WL 190340, at *4 (S.D.N.Y. 2008) (quashing
     subpoena "where the information is sought by a competitor," unlike here); *Grand River*

27   *Enters. Six Nations, Ltd. v. King*, 2009 WL 222160, at *3 (S.D.N.Y. 2009) (same); *Trellian*
     *Pty, Ltd. v. adMarketplace, Inc.*, 2021 WL 363965, at *4 (S.D.N.Y. 2021) (finding non-party

28   "has shown good cause for its redactions," particularly given the "direct, ongoing
     competition" between the non-party and plaintiff); *Gerawan Farming, Inc. v. Prima Bella*

to quash or for a protective order.  Where there is no motion to quash, no cognizable burden, and the ability to designate documents as "confidential" or "highly confidential," there is no basis to withhold production.  *Leon*, 2025 WL 3255005, at *5-*6 (ordering production of entire families because "any concern about disclosure of irrelevant information is mitigated by the fact that there is a protective order"); *see also Takata v. Hartford Comprehensive Emp. Benefit Serv. Co.*, 283 F.R.D. 617, 621 (E.D. Wash. 2012) (protective orders address confidentiality concerns).

In sum, Garcia Sr. should comply with the ESI Order and produce the withheld attachments.

DATED:  January 30, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)

s/ Daniel S. Drosman
DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

*Produce, Inc.*, 2011 WL 13242977, at *4 (E.D. Cal. 2011) (burden on non-party in producing certain documents was "readily apparent").

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 5 -