LATHAM & WATKINS LLP
Andrew B. Clubok (*pro hac vice*)
J. Christian Word (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
Matthew J. Peters (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*pro hac vice*)
Kalana Kariyawasam (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

[*Additional counsel on signature page*]

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | CASE NO. 2:22-cv-02126-PHX-MTL<br><br>**MOTION TO SEAL PORTIONS OF LEAD PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO USE LEAD PLAINTIFFS' PROPOSED SEARCH TERMS AND EXHIBITS 19 – 25** |

1    Pursuant to Local Rule LRCiv 5.6 and Federal Rule of Civil Procedure 26(c), Defendants Carvana Co. ("Carvana"), Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, "Defendants"), hereby file this Motion to Seal Portions of Lead Plaintiffs' Reply in support of Motion to Compel Defendants to Use Lead Plaintiffs' Proposed Search Terms and Exhibits 19 – 25 ("Motion to Seal").

As explained in the following Memorandum of Points and Authorities, portions of the Reply and certain Exhibits should be maintained under seal. The Reply and Exhibits contain information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the parties' March 12, 2025, Stipulated Protective Order, including business information that is confidential and proprietary to Carvana. Dkt. 136. As set forth in the attached Memorandum of Points and Authorities, compelling reasons exist for the protection of this information. Accordingly, portions of the Reply and certain Exhibits should be sealed. A proposed form of order is submitted concurrently herewith.

Respectfully submitted this 3rd day of February, 2026.

Dated: February 3, 2026        Respectfully submitted,

LATHAM & WATKINS LLP

 /s/ Matthew J. Peters
Andrew B. Clubok (*pro hac vice*)
J. Christian Word (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
Matthew J. Peters (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

LATHAM & WATKINS LLP

Jeff G. Hammel (*pro hac vice*)
Kalana Kariyawasam (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Defendants submit this Motion to safeguard the confidential, proprietary, and business-sensitive nature of the information contained within portions of Lead Plaintiffs' Reply and certain Exhibits. The Exhibits encompass sensitive and confidential details pertaining to Carvana's operations and were created during the course of Carvana's business activities and are confidential to Carvana. The information within the Exhibits is unique to Carvana's business, is not disclosed outside of Carvana, and its protection is essential to preserve Carvana's financial interests. The Reply contains additional confidential financial information.

For these compelling reasons, Defendants now request the Court to order that discrete portions of the Reply and certain Exhibits be filed under seal.

## II. LEGAL STANDARD

Generally, courts' "analysis regarding a motion to seal begins with a 'strong presumption in favor of [public] access.'" *Loc. 640 Trustees of IBEW and Ariz. Chapter NECA Health and Welfare Tr. Fund v. Cigna Health and Life Ins. Co.*, 2020 WL 6273409, at *1 (D. Ariz. Oct. 26, 2020) (Liburdi, J.) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, the Ninth Circuit carved out an exception to the presumption of access for non-dispositive discovery motions that do not go to the merits of the case, as well as materials attached to such motions. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[W]hen a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted."); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016) ("discovery-related motions are often unrelated to the merits of a case") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). "Under this exception, a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result

if no protective order is granted." *Phillips*, 307 F.3d at 1210–11. "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* at 1213.

Lead Plaintiffs' Reply is a non-dispositive discovery motion that is unrelated to the merits of the case. Accordingly, it and the Exhibits attached to it fall squarely within the exception to the preference for public access and "'good cause' suffices" to warrant preserving Defendants' confidential and highly confidential business documents and communications under seal. *See, e.g.*, *Foltz*, 331 F.3d at 1135.[1]

### III. GOOD CAUSE EXISTS TO SEAL THE EXHIBITS AND DISCRETE PORTIONS OF THE REPLY

The documents contained in the Exhibits are all appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and are therefore covered by the Protective Order in this case. *See* Dkt. 136 ("Protective Order") at 3 ("Protected Material: any Disclosure or Discovery Material that is designated as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL.'"); *see generally* Order (ECF 266) at 1. The Protective Order reflects a determination "that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips*, 307 F.3d at 1213; *cf. Howell v. Leprino Foods Co.*, 2022 WL 705600 (E.D. Cal. Mar. 9, 2022) (granting a motion to seal portions of defendants' training policies and handbook policies because they contained "proprietary and confidential information, and have been designated as confidential pursuant to the Stipulated Protective Order as agreed to by the Parties"). Accordingly, the documents contained in the Exhibits should be maintained under seal.

---

[1] The more demanding "compelling reasons" test applies to motions to seal attached to dispositive motions, such as motions for summary judgment, because the information at issue in those circumstances has become part of the judicial record. *See Kamakana*, 447 F.3d at 1178. Here, even were this more demanding test to apply, Defendants have met their burden.

Moreover, the Exhibits and discrete portions of Lead Plaintiffs' Reply contain Carvana's confidential and proprietary business information. This information represents the same type of proprietary and confidential business information courts routinely seal. *See* Order (ECF 266) at 3 (sealing Defendants' comparable confidential and proprietary information); *see also Software Rights Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. 2020) (granting the parties' motion to seal documents because "they contain confidential business and proprietary information relating to the operations of Defendant['s]" business); *Shammam v. American Honda Finance Corp.*, 2025 WL 1134606, at *2 (S.D. Cal. April 16, 2025) ("AHFC has narrowly tailored its sealing request to [proprietary information related to internal records, coding, databases, and customer accounts] that, if made public, are likely to result in prejudice or a competitive disadvantage."); *EON Corp IP Holdings LLC v. Cisco Sys. Inc.*, 2014 WL 1017514, at *2 (N.D. Cal. Mar. 11, 2014) (noting that in the Ninth Circuit, "detailed product-specific financial information, customer information and internal reports are appropriately sealable [even] under the 'compelling reasons' standard") (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013)); *Neill v. Bank of Am., N.A.*, 2012 WL 6554414, at *2 (S.D. Cal. Dec. 14, 2012) (granting motion to seal proprietary information, including internal policies and procedures, tracking procedures, and information about proprietary software).

Specifically, Lead Plaintiffs' Reply includes references to Defendants' current and expected discovery costs, found on pages 7, 8, and 9, the disclosure of which would irreparably harm Defendants.

The Exhibits include the following types of confidential information, the disclosure of which would irreparably harm Defendants:

**Exhibit 19** contains confidential board of directors' communications regarding business finances and internal financial expectations, along with additional confidential business information.

**Exhibit 20** contains a slide deck that discusses confidential business and financial information, including operational metrics and future business plans.

**Exhibit 21** contains a slide deck that discusses confidential business information, including internal analyses and financial forecasts.

**Exhibit 22** contains confidential communications with the COO regarding future market strategy and internal financial results.

**Exhibit 23** contains confidential communications with the CEO and CFO, among others, regarding financial results and forecasts.

**Exhibit 24** contains a slide deck that discusses confidential business information, including internal analyses and financial forecasts.

**Exhibit 25** contains a spreadsheet that displays large amounts of sensitive, confidential financial data.

## IV. CONCLUSION

For the reasons stated herein, Carvana requests this Court grant its Motion and seal portions of Lead Plaintiffs' Reply and Exhibits 19 – 25, which Plaintiffs have lodged separately. A proposed form of order is submitted concurrently herewith.

Dated: February 3, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

 /s/ Matthew J. Peters
Andrew B. Clubok (*pro hac vice*)
J. Christian Word (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
Matthew J. Peters (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

1
2                 LATHAM & WATKINS LLP
3
4 Jeff G. Hammel (*pro hac vice*)
Kalana Kariyawasam (*pro hac vice*)
1271 Avenue of the Americas
5 New York, NY 10020
Telephone: (212) 906-1200
6 Email: jeff.hammel@lw.com
7 Email: kalana.kariyawasam@lw.com
8
Meryn C. Grant (*pro hac vice*)
9 10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
10 Telephone: (424) 653-5500
Email: meryn.grant@lw.com
11
12 FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
13 Andrea L. Marconi (No. 022577)
2394 E. Camelback Road, Suite 600
14 Phoenix, AZ 85016
15 Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
16 Email: amarconi@fennemorelaw.com
17
*Counsel for Defendants Carvana Co., Ernest*
18 *Garcia III, Mark Jenkins, Stephen Palmer,*
*Michael Maroone, Neha Parikh, Ira Platt, and*
19 *Greg Sullivan*