# EXHIBIT 4

LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

[*Additional counsel on signature page*]

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation | CASE NO. 2:22-cv-02126-PHX-MTL |
|---|---|
| This Document Relates to:<br><br>ALL ACTIONS. | **MICHAEL MAROONE'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Civil Rules (the "Local Rules") of the United States District Court for the District of Arizona, Defendant Michael Maroone ("Maroone"), by and through his undersigned counsel, hereby objects and responds to Lead Plaintiffs United Association National Pension Fund ("UANPF") and Saskatchewan Healthcare Employees' Pension Plan's ("SHEPP," and collectively with UANPF, "Plaintiffs") First Set of Requests for Admission (the "Requests" and each a "Request") as set forth below.

**PRELIMINARY STATEMENT**

1.      Pursuant to the Court's December 16, 2024, Order, ECF No. 105 ("MTD Order"), the only surviving theory of liability in the above captioned action (the "Action") is that Defendants misled investors with respect to whether Carvana was allegedly "systemically violating state and title registration laws." *Id.* at 20; *see, e.g.*, *id.* at 25 ("[S]ome of Carvana's other expansion practices, such as its alleged practice of selling vehicles without proper title and registration, may not have been known to investors until a later date."), 55-57 (dismissing all loss causation events other than "four media reports that partially disclosed Carvana's title and registration issues").  Accordingly, Maroone will respond to the Requests as they relate to the surviving theory of liability.

2.      The responses to these Requests are prepared based on information known to Maroone as of the date of these responses.  Discovery and investigation in the Action are continuing, and Maroone reserves the right to correct, amend, or supplement these responses should Maroone become aware of any omission, error, or additional information that Maroone may subsequently discover and determine to be relevant.  Maroone will make reasonable efforts to respond to every Request to the extent that it has not been objected to and to the extent that Maroone understands the Request.  If Plaintiffs subsequently assert an interpretation of a Request that differs from that given by Maroone, then Maroone reserves the right to supplement his objections and responses, as necessary.

3.      In providing these responses to the Requests, Maroone reserves his rights to (i) supplement, clarify, revise, or correct any or all of the responses and objections herein at

any time; (ii) assert any and all objections to the competency, authenticity, relevancy, materiality, or admissibility into evidence of any of the responses and objections herein or documents or information produced in response to the Requests; and (iii) object to the use of these responses in any proceeding other than the above-captioned action.

4.    In Maroone's responses and objections, the terms "including," "such as," and "like" are used without limitation.

5.    For all objections herein, the terms "or" and "and" are intended to be construed disjunctively or conjunctively, as necessary, to achieve the broadest possible scope of the objection.

6.    Maroone may provide information that he believes may be responsive to the Requests and reserves the right to assert subsequently that such information is not of the type called for by the Requests.

7.    Any responses Maroone provides to the Requests are subject to the parties' agreement to be bound by the terms of the negotiated protective order and ESI protocol ordered by the Court on March 12, 2025, ECF Nos. 136 and 137.  Maroone reserves all of his rights and applicable objections with respect to his private, confidential, proprietary, or other similarly-protected confidential materials or information.

8.    Maroone provides these responses and objections without making any admission concerning the admissibility, relevance, or propriety of any Request or of any information provided in response.  No incidental or implied admissions are intended or made by these responses and objections.

9.    By serving these responses and objections, Maroone does not concede the validity of the Requests and reserves all of his rights in this regard, including the right to seek a protective order.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    Maroone objects to the "Definitions" and "Instructions" to the extent they purport to impose duties or obligations on Maroone beyond any duties and obligations under the Federal Rules, Local Rules, and any other applicable law (collectively, the "Applicable

Rules").

2. Maroone objects to the definitions of "Carvana" and the "Company" on the grounds that they are overly broad, unduly burdensome, disproportional to the needs of this case, and seek information that is not relevant to any party's claims or defenses in this case including because they include "all other persons acting or purporting to act" on Carvana's behalf. For the purposes of responding to the Requests, Maroone will construe the term "Carvana" to mean Carvana Co.

3. Maroone objects to the definition of "Employee" as vague, not described with reasonable particularity, and overbroad, including because it encompasses "any person who at any time . . . purported to act on your behalf or under your supervision, direction or control," and because of its use of the terms or phrases "independent contractors," "investment bankers," "advisors," "businesses," "purported to act on your behalf," and "similar persons or entities" among other descriptors of persons or entities that would not necessarily have an employment relationship with any Carvana Defendant. Maroone further objects to this definition to the extent that it calls for Maroone to make or admit any legal conclusions regarding the existence of any particular legal relationship.

**OBJECTIONS AND RESPONSES TO THE REQUESTS**

The objections to each of the Requests below are in addition to the objections set forth above. The Objections to the Definitions and Instructions are part of the response to each and every Request.

**Request for Admission No. 1:**

Admit that you did not rely on any attorney or law firm for the "reasonable investigation" referred to in the Carvana Defendants' Ninth Affirmative Defense (ECF 115 at 173) with respect to any statement made in the Offering Documents.

**Response to Request No. 1:**

Denied.

**Request for Admission No. 2:**

Admit that you did not rely on any attorney or law firm for the "reasonable investigation" referred to in the Carvana Defendants' Ninth Affirmative Defense (ECF 115 at 173) with respect to the decision to exclude any information from the Offering Documents.

**Response to Request No. 2:**

Denied.

**Request for Admission No. 3:**

Admit that you did not rely on any third party or consultant who was not an officer or employee of Carvana for the "reasonable investigation" referred to in the Carvana Defendants' Ninth Affirmative Defense (ECF 115 at 173) with respect to any statement made in the Offering Documents.

**Response to Request No. 3:**

Denied.

**Request for Admission No. 4:**

Admit that you did not rely on any third party or consultant who was not an officer or employee of Carvana for the "reasonable investigation" referred to in the Carvana Defendants' Ninth Affirmative Defense (ECF 115 at 173) with respect to the decision to exclude any information from the Offering Documents.

**Response to Request No. 4:**

Denied.

**Request for Admission No. 5:**

Admit that you did not rely on any attorney or law firm as a basis for the good faith belief that the statements made in the Offering Documents were true and that there was no omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Response to Request No. 5:**

Denied.

**Request for Admission No. 6:**

Admit that you did not rely on any third party or consultant who was not an officer or employee of Carvana for the good faith belief that the statements made in the Offering Documents were true and that there was no omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

**Response to Request No. 6:**

Denied.

**Request for Admission No. 7:**

Admit that you did not rely on the representations, reports, expert opinions, or advice of "experts" (as that term is used in the Carvana Defendants' Tenth Affirmative Defense (ECF 115 at 174)) with regard to statements made in the Offering Documents.

**Response to Request No. 7:**

Denied.

**Request for Admission No. 8:**

Admit that you are not aware of any "actions [or] omissions" of "other entities or persons," as referred to in the Carvana Defendants' Nineteenth Affirmative Defense (ECF 115 at 175), that contributed to or caused, in whole or part, Plaintiffs' Alleged Damages.

**Response to Request No. 8:**

Denied.

**Request for Admission No. 9:**

Admit that you are not aware of the identity of any "third parties," as referred to in the Carvana Defendants' Fourteenth Affirmative Defense (ECF 115 at 174), that caused Plaintiffs' Alleged Damages.

**Response to Request No. 9:**

Denied.

DATED:  June 9, 2025

LATHAM & WATKINS LLP

/s/ J. Christian Word
J. Christian Word (*Pro Hac Vice*)
Andrew B. Clubok (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: christian.word@lw.com
Email: andrew.clubok@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 916-5000
Email:  dnorthup@fennemorelaw.com
Email:  amarconi@fennemorelaw.com

*Counsel for Defendant Michael Maroone*

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, California.

On June 9, 2025, I served the following documents described as:

**IRA MAROONE'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

by serving a true copy of the above documents by **E-Mail or Electronic Transmission**:

Based on agreement by the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the e-mail address kalana.kariyawasam@lw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

| | |
|---|---|
| Daniel S. Drosman<br>Rachel A. Cocalis<br>Sarah A. Fallon<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>ddrosman@rgrdlaw.com<br>rcocalis@rgrdlaw.com<br>sfallon@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* | Robert M. Rothman<br>(Admitted pro hac vice)<br>David A. Rosenfeld<br>(Admitted pro hac vice)<br>Brent E. Mitchell<br>(Admitted pro hac vice)<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: 631/367-7100<br>631/367-1173 (fax)<br>rrothman@rgrdlaw.com<br>drosenfeld@rgrdlaw.com<br>bmitchell@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* |
| PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>Susanna M. Buergel (pro hac vice)<br>David P. Friedman (pro hac vice) | FENNEMORE CRAIG, P.C.<br>Douglas C. Northup (No. 013987)<br>Andrea L. Marconi (No. 022577) |

| | |
|---|---|
| 1285 Avenue of the Americas New York, New York 10019 Telephone: (212) 373-3000 Email: sbuergel@paulweiss.com Email: dfriedman@paulweiss.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* | 2394 E. Camelback Road Suite 600 Phoenix, Arizona 85016 Telephone: (602) 916-5000 Email: dnorthup@fennemorelaw.com Email: amarconi@fennemorelaw.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* |
| **DLA PIPER LLP (US)** Madeline A. Cordray (Bar No. 035788) madeline.cordray@us.dlapiper.com 2525 East Camelback Road, Suite 1000 Phoenix, Arizona 85016 480.606.5100 Melanie Walker *(pro hac vice)* melanie.walker@us.dlapiper.com 2000 Avenue of the Stars #400, Los Angeles, California 90067 310.595.3000<br><br>*Counsel for Defendant Ernest Garcia II* | **DLA PIPER LLP (US)**<br><br>Yan Grinblat (*pro hac vice*) yan.grinblat@us.dlapiper.com 444 West Lake Street, Suite 900 Chicago, Illinois 60606 312.368.4000<br><br>*Counsel for Defendant Ernest Garcia II* |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 9, 2025**, at San Francisco, California.

*John M. Eastly*
_____
John M. Eastly