# EXHIBIT 9

LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: aclubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

[*Additional counsel on signature page*]

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation | CASE NO. 2:22-cv-02126-PHX-MTL |
|---|---|
| | **DEFENDANT ERNEST GARCIA III'S AMENDED RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE CARVANA DEFENDANTS** |
| This Document Relates to:<br><br>ALL ACTIONS. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Ernest Garcia III ("Garcia Jr."), by and through his undersigned counsel, hereby objects and responds to Lead Plaintiffs United Association National Pension Fund ("UANPF") and Saskatchewan Healthcare Employees' Pension Plan's ("SHEPP," and collectively with UANPF, "Lead Plaintiffs") First Set of Interrogatories to the Carvana Defendants (the "Interrogatories" and each an "Interrogatory") as set forth below.

## PRELIMINARY STATEMENT

1. The responses to this Interrogatory are prepared based on information known to Garcia Jr. as of the date of these responses. Discovery and investigation in the above-captioned action (the "Action") are continuing, and Garcia Jr. reserves the right to correct, amend, or supplement these responses and objections should he become aware of any omission, error, or additional information that he may subsequently discover and determine to be relevant. Garcia Jr. will make reasonable efforts to respond to the Interrogatory to the extent that it has not been objected to and to the extent that Garcia Jr. understands the Interrogatory. If Plaintiffs subsequently assert an interpretation of the Interrogatory that differs from that given by Garcia Jr., then Garcia Jr. reserves the right to supplement his objections and responses, as necessary.

2. In providing these responses to the Interrogatory, Garcia Jr. reserves his rights to (i) supplement, clarify, revise, or correct any or all of the responses and objections herein at any time; (ii) assert any and all objections to the competency, authenticity, relevancy, materiality, or admissibility into evidence of any of the responses and objections herein or information provided in response to the Interrogatory; and (iii) object to the use of these responses in any proceeding other than the above-captioned action.

3. In Garcia Jr.'s responses and objections, the terms "including," "such as," and "like" are used without limitation.

4. For all objections herein, the terms "or" and "and" are intended to be construed disjunctively or conjunctively, as necessary, to achieve the broadest possible scope of the objection.

5.      Garcia Jr. may provide information that he believes may be responsive to the Interrogatory and reserves the right to assert subsequently that such information is not of the type called for by the Interrogatory.

6.      Any responses Garcia Jr. provides to the Interrogatory are subject to the parties' agreement to be bound by the terms of the negotiated protective order and ESI protocol ordered by the Court on March 12, 2025, ECF Nos. 136 and 137. Garcia Jr. reserves all of his rights and applicable objections with respect to his private, confidential, proprietary, or other similarly-protected confidential materials or information.

7.      In responding to the Interrogatory, Garcia Jr. does not concede that any of the information provided is relevant, material, or admissible in evidence. Garcia Jr. reserves the right to challenge on evidentiary grounds any information provided in response to the Interrogatory.

8.      Pursuant to Fed. R. Civ. P. 26(b)(1) and all other applicable rules and laws, Garcia Jr. will not provide information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege, or any other legal privilege, immunity, protection, or other limitation on discovery.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.      Garcia Jr. objects to the "Definitions" and "Instructions" to the extent they purport to impose duties or obligations on Garcia Jr. beyond any duties and obligations under the Federal Rules, local rules of the District of Arizona, and any other applicable law (collectively, the "Applicable Rules").

2.      Garcia Jr. objects to the definition of "Carvana" on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of this case, and seeks information that is not relevant to any party's claims or defenses in this case including because it includes "all other persons acting or purporting to act" on Carvana's behalf. For the purposes of responding to the Interrogatory, Garcia Jr. will construe the term "Carvana" to mean Carvana Co.

3.      Garcia Jr. objects to the definition of "Employee" as vague, not described with

reasonable particularity, and overbroad, including because it encompasses "any person who at any time . . . purported to act on your behalf or under your supervision, direction or control," and because of its use of the undefined terms or phrases "independent contractors," "investment bankers," "advisors," "businesses," "purported to act on your behalf," and "similar persons or entities" among other descriptors of persons or entities that would not necessarily have an employment relationship with Carvana. Garcia Jr. further objects to this definition to the extent that it calls for Garcia Jr. to make or admit any legal conclusions regarding the existence of any particular legal relationship.

4.     Garcia Jr. objects to the definition of the term "Identify" on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that the definition requests any "person's . . . present or last known place of employment." For purposes of responding to the Interrogatory, and to the extent known, Garcia Jr. will identify relevant individuals by describing their name, address, and email address. Garcia Jr. further objects to this definition to the extent it purports to impose burdens and obligations to conduct anything beyond a reasonable search for responsive information, or to otherwise impose conditions, obligations, or burdens beyond those required by the Applicable Rules.

5.     Garcia Jr. objects to the definitions of the terms "You" or "your" in the context of the Interrogatory as vague and not described with reasonable particularity. For purposes of responding to the Interrogatory, Garcia Jr. will construe the terms "You" or "your" to mean Ernest Garcia III.

6.     Garcia Jr. objects to Instruction No. 1 to the extent that the undefined phrase "all other persons acting on your behalf" purports to request information from persons or entities that would not necessarily have an employment relationship with Carvana.

## OBJECTIONS AND RESPONSES TO THE INTERROGATORY

The objections to the Interrogatory below are in addition to the objections set forth above. The Objections to the Definitions and Instructions are part of the response to the Interrogatory.

4

**Interrogatory No. 1:**

Identify all persons or entities on which any of the Carvana Defendants relied upon in believing that their statements in the following documents were true and that there was no omission of any required material fact necessary to make the statements not misleading: (i) Carvana's Forms 10-Q for 2021 and the first quarter of 2022; (ii) Carvana's Forms 10-K for 2020 and 2021; (iii) Carvana's Shareholder Letter for the second quarter of 2021; (iv) the August 11, 2021 J.P. Morgan Auto Conference; (v) Carvana's February 24, 2022 Earnings Call; (vi) the Offering Documents; or (vii) the June 24, 2022 Barron's article titled "Carvana Sought to Disrupt Auto Sales. It Delivered Undriveable Cars."  For each person or entity identified, your answer should also identify which of the Carvana Defendants relied upon such person or entity and for which documents.

**Response to Interrogatory No. 1:**

Garcia Jr. incorporates the Preliminary Statement and Objections to Definitions and Instructions as if set forth fully herein.

Garcia Jr. objects to this Interrogatory on the grounds that it includes statements unrelated to Lead Plaintiffs' claims against Garcia Jr.  For purposes of responding to this Interrogatory, Garcia Jr. will respond only with respect to statements relevant to Lead Plaintiffs' claims against Garcia Jr.

Subject to and without waiving the foregoing objections, Garcia Jr. responds as follows:

Garcia Jr. believed Statement 1 in Carvana's Form 10-K for the fiscal year ended December 31, 2020, dated February 25, 2021, was true when made and that it did not omit any material fact necessary to make Statement 1 not misleading, in part, based on his reliance on: Carvana's in-house legal team, including Paul Breaux, Chris Olson, and Kevin Hogan; Carvana's Accounting and Finance team; Carvana's Operations team, including Ben Huston; Carvana's outside counsel, Kirkland & Ellis LLP; and Carvana's internal procedures for the preparation of annual and quarterly reporting and other documents

submitted to the SEC, as described in CVNA_CA_00000001 - CVNA_CA_00000069, which reflect Carvana's processes at the time of the statement.

Garcia Jr. believed Statement 2 in Carvana's Form 10-Q for the first fiscal quarter of 2021, dated May 6, 2021, was true when made and that it did not omit any material fact necessary to make Statement 2 not misleading, in part, based on his reliance on: Carvana's in-house legal team, including Paul Breaux, Chris Olson, and Kevin Hogan; Carvana's Investor Relations team, including Mike Levin; Carvana's Accounting and Finance team, including Steve Palmer; Carvana's outside counsel, Kirkland & Ellis LLP; and Carvana's internal procedures for the preparation of annual and quarterly reporting and other documents submitted to the SEC, as described in CVNA_CA_00000001 - CVNA_CA_00000069, which reflect Carvana's processes at the time of the statement.

Garcia Jr. believed Statement 3 in Carvana's Form 10-Q for the second fiscal quarter of 2021, dated August 5, 2021, was true when made and that it did not omit any material fact necessary to make Statement 3 not misleading, in part, based on his reliance on: Carvana's in-house legal team, including Paul Breaux, Chris Olson, and Kevin Hogan; Carvana's Investor Relations team, including Mike Levin; Carvana's Operations team, including Ben Huston; Carvana's Accounting and Finance team; Carvana's outside counsel, Kirkland & Ellis LLP; and Carvana's internal procedures for the preparation of annual and quarterly reporting and other documents submitted to the SEC, as described in CVNA_CA_00000001 - CVNA_CA_00000069, which reflect Carvana's processes at the time of the statement.

Garcia Jr. believed Statement 5 in Carvana's Form 10-Q for the third fiscal quarter of 2021, dated November 4, 2021, was true when made and that it did not omit any material fact necessary to make Statement 5 not misleading, in part, based on his reliance on: Carvana's in-house legal team, including Paul Breaux, Chris Olson, and Kevin Hogan; Carvana's Operations team, including Ben Huston; Carvana's Product team, including Dan Gill; Carvana's Accounting and Finance team, including Steve Palmer; Carvana's outside counsel, Kirkland & Ellis LLP; and Carvana's internal procedures for the preparation of

annual and quarterly reporting and other documents submitted to the SEC, as described in CVNA_CA_00000001 - CVNA_CA_00000069, which reflect Carvana's processes at the time of the statement.

Garcia Jr. believed Statement 6 in Carvana's Form 10-K for the fiscal year ended December 31, 2021, was true when made and that it did not omit any material fact necessary to make Statement 6 not misleading, in part, based on his reliance on: Carvana's in-house legal team, including Paul Breaux, Chris Olson, and Kevin Hogan; Carvana's Investor Relations team, including Mike Levin; Carvana's Operations team, including Ben Huston; Carvana's Accounting and Finance team; Carvana's outside counsel, Kirkland & Ellis LLP; and Carvana's internal procedures for the preparation of annual and quarterly reporting and other documents submitted to the SEC, as described in CVNA_CA_00000001 - CVNA_CA_00000069, which reflect Carvana's processes at the time of the statement.

Garcia Jr. believed Statement 7 in Carvana's Form 10-Q for the first fiscal quarter of 2022, dated May 10, 2022, was true when made and that it did not omit any material fact necessary to make Statement 7 not misleading, in part, based on his reliance on: Carvana's in-house legal team, including Paul Breaux, Chris Olson, and Kevin Hogan; Carvana's Investor Relations team, including Mike Levin; Carvana's Accounting and Finance team, including Steve Palmer; Carvana's outside counsel, Kirkland & Ellis LLP; and Carvana's internal procedures for the preparation of annual and quarterly reporting and other documents submitted to the SEC, as described in CVNA_CA_00000001 - CVNA_CA_00000069, which reflect Carvana's processes at the time of the statement.

Garcia Jr. believed Statement 19 in Carvana's shareholder letter regarding the second fiscal quarter of 2021, dated August 5, 2021, was true when made and that it did not omit any material fact necessary to make Statement 19 not misleading, in part, based on his reliance on: Carvana's management team, including Mark Jenkins; Carvana's in-house legal team, including Paul Breaux, Chris Olson, and Kevin Hogan; Carvana's Investor Relations team, including Mike Levin; and Carvana's Board of Directors.

Garcia Jr. believed Statement B in Carvana's Form S-3ASR dated April 20, 2022, and Carvana's Form 424B2 dated April 25, 2022, was true when made and that it did not omit any material fact necessary to make Statement B not misleading, in part, based on his reliance on: Carvana's management team, including Mark Jenkins; and Carvana's in-house legal team, including Paul Breaux, Chris Olson, and Kevin Hogan.

Garcia Jr. believed Statement C in Carvana's Form S-3ASR dated April 20, 2022, and Carvana's Form 424B2 dated April 25, 2022, was true when made and that it did not omit any material fact necessary to make Statement C not misleading, in part, based on his reliance on: Carvana's in-house legal team, including Paul Breaux, Chris Olson, and Kevin Hogan; Carvana's Investor Relations team, including Mike Levin; Carvana's Operations team, including Ben Huston; Carvana's Accounting and Finance team; Carvana's outside counsel, Kirkland & Ellis LLP; and Carvana's internal procedures for the preparation of annual and quarterly reporting and other documents submitted to the SEC, as described in CVNA_CA_00000001 - CVNA_CA_00000069, which reflect Carvana's processes at the time of the statement.

The @carvana.com email domain address and physical address for the individual described above are reflected in the following table:

| Name | Email | Address |
| --- | --- | --- |
| Breaux, Paul | paul.breaux@carvana.com | 300 E. Rio Salado Parkway, Tempe, AZ 85281 |
| Gill, Dan | dan.gill@carvana.com | 300 E. Rio Salado Parkway, Tempe, AZ 85281 |
| Hogan, Kevin | kevin.hogan@carvana.com | 300 E. Rio Salado Parkway, Tempe, AZ 85281 |

| Huston, Ben | benjamin.huston@carvana.com | 300 E. Rio Salado Parkway, Tempe, AZ 85281 |
|---|---|---|
| Jenkins, Mark | mark.jenkins@carvana.com | 300 E. Rio Salado Parkway, Tempe, AZ 85281 |
| Levin, Mike* <br><br> *Mr. Levin is represented by Latham & Watkins in this matter and should be contacted exclusively through counsel. | mike.levin@carvana.com | |
| Olson, Chris | christopher.olson@carvana.com | 300 E. Rio Salado Parkway, Tempe, AZ 85281 |
| Palmer, Steve | steve.palmer@carvana.com | 300 E. Rio Salado Parkway, Tempe, AZ 85281 |

DATED:  July 18, 2025                LATHAM & WATKINS LLP

*/s/ Matthew J. Peters*
Matthew J. Peters (*Pro Hac Vice)*
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: matthew.peters@lw.com
Email: aclubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com


Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 916-5000
Email:  dnorthup@fennemorelaw.com
Email:  amarconi@fennemorelaw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, California 94111.

On July 18, 2025, I served the following documents described as:

**DEFENDANT ERNEST GARCIA III'S AMENDED RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE CARVANA DEFENDANTS**

by serving a true copy of the above documents by **E-Mail or Electronic Transmission**:

Based on agreement by the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the e-mail address kalana.kariyawasam@lw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

| | |
|---|---|
| Daniel S. Drosman<br>Rachel A. Cocalis<br>Sarah A. Fallon<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>ddrosman@rgrdlaw.com<br>rcocalis@rgrdlaw.com<br>sfallon@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* | Robert M. Rothman<br>(Admitted pro hac vice)<br>David A. Rosenfeld<br>(Admitted pro hac vice)<br>Brent E. Mitchell<br>(Admitted pro hac vice)<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: 631/367-7100<br>631/367-1173 (fax)<br>rrothman@rgrdlaw.com<br>drosenfeld@rgrdlaw.com<br>bmitchell@rgrdlaw.com<br><br>*Counsel for Lead Plaintiffs* |
| PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>Susanna M. Buergel (pro hac vice) | FENNEMORE CRAIG, P.C.<br>Douglas C. Northup (No. 013987)<br>Andrea L. Marconi (No. 022577) |

| David P. Friedman (pro hac vice) 1285 Avenue of the Americas New York, New York 10019 Telephone: (212) 373-3000 Email: sbuergel@paulweiss.com Email: dfriedman@paulweiss.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* | 2394 E. Camelback Road Suite 600 Phoenix, Arizona 85016 Telephone: (602) 916-5000 Email: dnorthup@fennemorelaw.com Email: amarconi@fennemorelaw.com<br><br>*Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC* |
|---|---|
| **DLA PIPER LLP (US)**<br><br>Madeline A. Cordray (Bar No. 035788) madeline.cordray@us.dlapiper.com 2525 East Camelback Road, Suite 1000 Phoenix, Arizona 85016 480.606.5100 Melanie Walker *(pro hac vice)* melanie.walker@us.dlapiper.com 2000 Avenue of the Stars #400, Los Angeles, California 90067 310.595.3000<br><br>*Counsel for Defendant Ernest Garcia II* | **DLA PIPER LLP (US)**<br><br>Yan Grinblat (*pro hac vice*) yan.grinblat@us.dlapiper.com 444 West Lake Street, Suite 900 Chicago, Illinois 60606 312.368.4000<br><br>*Counsel for Defendant Ernest Garcia II* |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 18, 2025**, at San Francisco, California.

*John M. Eastly*

John M. Eastly