# EXHIBIT 14

## Sarah Fallon

| | |
|---|---|
| **From:** | Christian.Word@LW.com |
| **Sent:** | Tuesday, January 6, 2026 2:02 PM |
| **To:** | Tor Gronborg; Matthew.Peters@lw.com; Kalana.Kariyawasam@lw.com |
| **Cc:** | Sarah Fallon; Erika Oliver; Dan Drosman; Natalie.Salazar@lw.com |
| **Subject:** | RE: Carvana |

EXTERNAL SENDER

Tor, in the summary of our discussion, are you drawing a distinction between the "due diligence defense" and the "reasonable investigation defense"? I view them as the same. The Carvana Defendants intended to prove this defense, in part, with evidence about the preparation of the Registration Statement, which involved work by attorneys and other advisors. They similarly plan to prove their good faith defense with evidence about the process for exercising supervision and control, which also involved work by attorneys and other advisors. The Carvana Defendants do not intend to rely upon or disclose any legal advice provided by any attorneys. And you are correct that our position is that disclosure of the non-privileged facts about the attorney's participation does not waive the attorney-client privilege or any other privilege.

I'm checking with our clients on the message to the Magistrate and will get back to you by tomorrow.

Best,
Christian

**From:** Tor Gronborg <TorG@rgrdlaw.com>
**Sent:** Monday, January 5, 2026 8:37 PM
**To:** Word, Christian (DC) <Christian.Word@LW.com>; Peters, Matthew (DC) <Matthew.Peters@lw.com>; Kariyawasam, Kalana (NY) <Kalana.Kariyawasam@lw.com>
**Cc:** Sarah Fallon <SFallon@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Salazar, Natalie (CH) <Natalie.Salazar@lw.com>
**Subject:** RE: Carvana

Christian, following up on our December 29 call and prior discussions, we understand that the Carvana Defendants are taking the position that they relied on attorneys for the purpose of due diligence associated with the April 2022 offering and intend to testify as such in support of their due diligence defense, but that they are not asserting that they relied on any specific advice offered by those attorneys. Based on that, the Carvana Defendants are taking the position that they have not waived the attorney client privilege or any other privilege with respect to due diligence related documents. As discussed, we disagree. Similarly, with respect to their good faith/reasonable investigation defenses, we understand that the Carvana Defendants are taking the position that they relied on attorneys for the purpose of believing that their public statements were accurate and complete and intend to testify as such in support of those defenses, but that they are not asserting that they relied on any specific advice offered by those attorneys and therefore there has been no waiver of privilege. Again, as we discussed, we disagree. We did agree that this issue is ripe and that it would be most efficient if it was presented directly to Judge Liburdi.

As discussed, below is a draft email to Judge Boyle requesting that the parties be able to raise this issue directly with Judge Liburdi:

Dear Judge Boyle:

Plaintiffs and the Carvana Defendants in the above-captioned action have reached an impasse on an issue involving the Carvana Defendants' withholding of certain documents as privileged and Plaintiffs' contention that the privilege has

1

been waived based on the assertion of certain affirmative defenses.  While this dispute will be framed as a discovery issue – Plaintiffs' motion to compel the withheld documents – the parties jointly believe that it would best be presented directly to Judge Liburdi because the parties will be addressing what materials can or cannot be presented to the jury and whether a decision to present any such materials to a jury would constitute waiver of the asserted privilege.  Accordingly, while the parties have been raising discovery disputes with Your Honor, we respectfully request leave to direct this dispute to Judge Liburdi in accordance with Paragraph 6 of the February 26, 2025 Scheduling Order.

Respectfully submitted,


Let me know if you are good with the proposed correspondence to Judge Boyle and we will circulate a final draft.  Thanks.

Tor


**From:** Tor Gronborg
**Sent:** Tuesday, December 23, 2025 8:43 PM
**To:** 'Christian.Word@LW.com' <Christian.Word@LW.com>; Matthew.Peters@lw.com; Kalana.Kariyawasam@lw.com
**Cc:** Sarah Fallon <SFallon@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Natalie.Salazar@lw.com
**Subject:** RE: Carvana

Thank you.  Would it be possible to schedule the call on December 29 between 9:30 and 10:30 AM ET (6:30 to 7:30 AM PT)?  Unfortunately I'm already booked from 9:00 AM to Noon PT.

Tor


**From:** Christian.Word@LW.com <Christian.Word@LW.com>
**Sent:** Tuesday, December 23, 2025 3:40 PM
**To:** Tor Gronborg <TorG@rgrdlaw.com>; Matthew.Peters@lw.com; Kalana.Kariyawasam@lw.com
**Cc:** Sarah Fallon <SFallon@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Natalie.Salazar@lw.com
**Subject:** RE: Carvana

EXTERNAL SENDER
Thanks for the call today to discuss these issues.  We can be available Monday the 29th from 9 PT to Noon PT to continue the discussion.  Does sometime in that window work for you?

And as I promised, our responses to your questions appear below in red.  We can discuss these answers on our call next week if you have any follow up questions.

I hope you and your team have a great holiday.

Best,
Christian


**From:** Tor Gronborg <TorG@rgrdlaw.com>
**Sent:** Wednesday, December 17, 2025 7:23 PM
**To:** Word, Christian (DC) <Christian.Word@LW.com>; Peters, Matthew (DC) <Matthew.Peters@lw.com>; Kariyawasam, Kalana (NY) <Kalana.Kariyawasam@lw.com>

2

**Cc:** Sarah Fallon <SFallon@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>
**Subject:** Carvana

Christian, I write regarding the privilege log Carvana produced including Kirkland & Ellis communications.  Given the volume of documents concerning the Carvana Defendants' investor communications, including the communications at issue in this case, and the April 2022 offering, please let me know when you have time for another call to discuss the Carvana Defendants' reliance defense and the issue of waiver.  I'm generally available Friday, December 19 after 11:00 AM PT or Tuesday, December 23 between 9:00 AM PT and 11:30 AM PT.

In addition, would you please:

(1) Let us know whether any other documents have been withheld from the Carvana Defendants' production to date and, if so, the approximate number of documents and when we can expect to receive the Carvana Defendants' privilege log associated with those documents.  Yes.  The Carvana Defendants have 56,304 documents from the original custodians that are marked privilege withhold or privileged redact, which increases to 102, 372 with families.  We have begun the next level review and logging of these documents and will provide you an estimate of when we can produce the log (and any non-privileged or redacted documents) In early January.

(2) For the entries in Category 1 and 2 where there are blanks in the "Email Subject" field, does that mean that the email concerns the subject set forth in the field above?  *I.e.*, do PLOG00000002-15 all concern the Carvana 10-K Draft 1 listed in the Email Subject field for PLOG00000001)?  Blanks in the email subject field mean the document was not an email, but instead an attachment to the email. The attachments relate to the email listed directly above them in the privilege log. For example, PLOG00000002 – PLOG00000015 are attachments to PLOG00000001.

(3) For the entries in Category 2, can you identify all those documents associated with the April 22, 2022 offering?  It appears that there are some privilege log entries between February 24, 2022 and April 25, 2022 that concern other offerings/transactions, but is it correct that all of the entries that don't have the "Email Subject" Project Hubble or Unsecured Notes concern  the April 22, 2022 offering)?  Our review did not distinguish between documents that concerned only the April 22 Offering.  And because the debt offering and acquisition of ADESA were occurring at the same time as the public offering, many emails related to one or more of these events.  However, in general, you are correct that documents with an Email Subject referencing the unsecured notes or Project Hubble do not relate to the public offering.

Thank you.

Tor

**Tor Gronborg**

Robbins Geller
Rudman & Dowd LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

    

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender**

**by reply email and destroy all copies of the original message.**

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**