EXHIBIT 16

## Sarah Fallon

| | |
|---|---|
| **From:** | Sarah Fallon |
| **Sent:** | Wednesday, January 28, 2026 3:05 PM |
| **To:** | 'Christian.Word@LW.com'; Tor Gronborg; Matthew.Peters@lw.com; Kalana.Kariyawasam@lw.com |
| **Cc:** | Erika Oliver; Dan Drosman; Natalie.Salazar@lw.com; Rachel Cocalis; Jeff.Hammel@lw.com |
| **Subject:** | RE: Carvana |

Thanks, Christian. We appreciate your response and commitment to begin rolling productions of the privilege log by February 11. However, as you know, we believe that the rolling privilege logs, particularly for the first 18 custodians, should have been produced long ago. Accordingly, Plaintiffs reserve all rights to seek an extension of the schedule based on Defendants' unjustified delay.

Best,
Sarah

**From:** Christian.Word@LW.com <Christian.Word@LW.com>
**Sent:** Wednesday, January 28, 2026 1:04 PM
**To:** Sarah Fallon <SFallon@rgrdlaw.com>; Tor Gronborg <TorG@rgrdlaw.com>; Matthew.Peters@lw.com; Kalana.Kariyawasam@lw.com
**Cc:** Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Natalie.Salazar@lw.com; Rachel Cocalis <RCocalis@rgrdlaw.com>; Jeff.Hammel@lw.com
**Subject:** RE: Carvana

EXTERNAL SENDER
Hi Sarah.  We disagree with many of the reasons articulated below, but that likely does not matter as the Carvana Defendants expect to begin a rolling production of privilege logs in two weeks and will have produced a substantially complete privilege log by February 27, 2026.

Best,

Christian

**From:** Sarah Fallon <SFallon@rgrdlaw.com>
**Sent:** Friday, January 23, 2026 1:43 PM
**To:** Word, Christian (DC) <Christian.Word@LW.com>; Tor Gronborg <TorG@rgrdlaw.com>; Peters, Matthew (DC) <Matthew.Peters@lw.com>; Kariyawasam, Kalana (NY) <Kalana.Kariyawasam@lw.com>
**Cc:** Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Salazar, Natalie (CH) <Natalie.Salazar@lw.com>; Rachel Cocalis <RCocalis@rgrdlaw.com>
**Subject:** RE: Carvana

Hi Christian,

Further delay in providing Plaintiffs with rolling privilege log(s) is unwarranted for a number of reasons.  First, the parties are now nearly a year into discovery and more than nine months past the date on which the Carvana Defendants served their responses to Plaintiffs' requests for production.  *See RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 2022 WL 422824, at *16 (C.D. Cal. Jan. 19, 2022) (finding defendants had waived privilege where they "still had not complied with the obligation to provide information supporting the privilege as of . . . three and a half months after [they] served their

1

responses"); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (affirming district court's ruling that defendants had waived privilege where they provided their privilege log "*five months*" after their discovery responses).

Second, as you confirmed over a month ago, the Carvana Defendants have already isolated the set of documents from the original custodians (56,304 documents; 102,372 including families) that are being withheld and/or redacted on privilege grounds—*i.e.*, the documents that otherwise would have been produced by the December 8, 2025 substantial-completion deadline. Your ongoing review and production for additional custodians (and any potential additional productions related to search-term issues) does not justify withholding the privilege log for the already-identified withheld set. *See Porter v. City & Cnty. of San Francisco*, 2018 WL 4215602, at *6 (N.D. Cal. Sept. 5, 2018) (finding disputes over the scope of the requests did not justify defendant's delay in producing a privilege log); *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 652 (D. Nev. 2010) (finding it reasonable to "anticipate[] that a privilege log would soon follow the document productions").

Third, the Carvana Defendants represented to the Court on November 17, 2025 that counsel had been "working…since March" collecting and reviewing documents for the first 18 custodians, including the need to "engage them in a privileged review." 11-17-25 Hg. Tr. at 42:3-4; 44:10. Against that record, it is not well taken that Plaintiffs still have only a single, limited privilege log (approximately 2,000 entries), while the much larger withheld set you have identified remains unlogged. *See Bullion Monarch* Mining, 271 F.R.D. at 652 (finding it "disturbing" that defense counsel "told the court at the October 5, 2009 hearing that as many as six lawyers had spent the summer reviewing the many thousands of documents for relevance and *privilege*" and yet the log was not reviewed for another three months).

Fourth, Plaintiffs cannot responsibly begin depositions until the privilege log is produced and Plaintiffs have had a fair opportunity to review it and meet and confer (and, if necessary, move) regarding challenged entries. If the log is withheld until after depositions begin, Plaintiffs' ability to assess and test asserted privileges in deposition is materially prejudiced. *Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655, 660-661 (W.D. Wash. 2008), *clarified on denial of reconsideration* (Aug. 28, 2008) (finding defendants' "failure to produce, until the eleventh hour, a privilege log documenting those portions of the claim file attributable to [a deponent] that it withheld on the basis of privilege, [to be a] clear violation[] of the discovery rules"). That prejudice is particularly acute here because the withheld set identified by the Carvana Defendants—56,304 documents (102,372 including families)—approaches (and may exceed, in families) the volume of documents Carvana Defendants have produced to date (69,757 total documents, including families). Indeed, Judge Liburdi recently made clear to the Parties that it would be improper to "sit[] on thousands, maybe ten thousands of documents that they're going to dump on plaintiffs on [the substantial completion deadline]," rather than make rolling productions. 12/22/25 Tr. at 19:4-9. That same logic applies to the requested rolling logs, which you have acknowledged are full of far more than "ten thousand[]" documents.

To the extent the Carvana Defendants have improperly withheld documents on privilege grounds, Plaintiffs must receive those documents before depositions so that they can be used with witnesses. The alternative—reopening depositions after belated disclosure—is one the Carvana Defendants have already indicated they oppose, and it is not a consequence Plaintiffs are required to bear.

Accordingly, the Carvana Defendants must promptly provide a privilege log (and rolling logs thereafter) for the already-isolated withheld/redacted documents, or—at minimum—provide a date certain (no later than January 28, 2026) by which the log will be served. Please confirm by close of business on January 28th whether the Carvana Defendants will (i) serve the log immediately, or (ii) identify a date certain for service.

Thank you,
Sarah

---

**From:** Christian.Word@LW.com <Christian.Word@LW.com>
**Sent:** Tuesday, January 20, 2026 7:52 AM
**To:** Sarah Fallon <SFallon@rgrdlaw.com>; Tor Gronborg <TorG@rgrdlaw.com>; Matthew.Peters@lw.com;

Kalana.Kariyawasam@lw.com
**Cc:** Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Natalie.Salazar@lw.com; Rachel Cocalis <RCocalis@rgrdlaw.com>
**Subject:** RE: Carvana

EXTERNAL SENDER
Hi Sarah.  Our team is focused on the review and production of the responsive documents for the additional custodians.  I'll let you know when we can complete the full privilege log once we complete this production (and any additional productions that may be required in connection with the search term dispute).

Best,
Christian

**From:** Sarah Fallon <SFallon@rgrdlaw.com>
**Sent:** Thursday, January 15, 2026 10:33 PM
**To:** Word, Christian (DC) <Christian.Word@LW.com>; Tor Gronborg <TorG@rgrdlaw.com>; Peters, Matthew (DC) <Matthew.Peters@lw.com>; Kariyawasam, Kalana (NY) <Kalana.Kariyawasam@lw.com>
**Cc:** Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Salazar, Natalie (CH) <Natalie.Salazar@lw.com>; Rachel Cocalis <RCocalis@rgrdlaw.com>
**Subject:** RE: Carvana

Christian,

We write to request the privilege log referenced in your December 23rd email below. In that email, you represented that you would provide us with a timeline for the log's production "in early January." We are now halfway through the month and have received neither the log nor the promised estimate.

Defendants informed Judge Liburdi that they substantially completed production for the first 18 custodians. *See* 12-22-25 Hg. Tr. at 27:15. That production was required to be completed at the beginning of December, and, as of December 23rd, you had already isolated the complete set of documents which required a privilege review. Please provide the log immediately, or—at minimum—the date certain by which it will be produced.

Thank you,
Sarah

**From:** Christian.Word@LW.com <Christian.Word@LW.com>
**Sent:** Tuesday, December 23, 2025 3:40 PM
**To:** Tor Gronborg <TorG@rgrdlaw.com>; Matthew.Peters@lw.com; Kalana.Kariyawasam@lw.com
**Cc:** Sarah Fallon <SFallon@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Natalie.Salazar@lw.com
**Subject:** RE: Carvana

EXTERNAL SENDER
Thanks for the call today to discuss these issues.  We can be available Monday the 29th  from 9 PT to Noon PT to continue the discussion.  Does sometime in that window work for you?

And as I promised, our responses to your questions appear below in red.  We can discuss these answers on our call next week if you have any follow up questions.

I hope you and your team have a great holiday.

Best,
Christian

3

**From:** Tor Gronborg <TorG@rgrdlaw.com>
**Sent:** Wednesday, December 17, 2025 7:23 PM
**To:** Word, Christian (DC) <Christian.Word@LW.com>; Peters, Matthew (DC) <Matthew.Peters@lw.com>; Kariyawasam, Kalana (NY) <Kalana.Kariyawasam@lw.com>
**Cc:** Sarah Fallon <SFallon@rgrdlaw.com>; Erika Oliver <EOliver@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>
**Subject:** Carvana

Christian, I write regarding the privilege log Carvana produced including Kirkland & Ellis communications.  Given the volume of documents concerning the Carvana Defendants' investor communications, including the communications at issue in this case, and the April 2022 offering, please let me know when you have time for another call to discuss the Carvana Defendants' reliance defense and the issue of waiver.  I'm generally available Friday, December 19 after 11:00 AM PT or Tuesday, December 23 between 9:00 AM PT and 11:30 AM PT.

In addition, would you please:

(1) Let us know whether any other documents have been withheld from the Carvana Defendants' production to date and, if so, the approximate number of documents and when we can expect to receive the Carvana Defendants' privilege log associated with those documents.  Yes.  The Carvana Defendants have 56,304 documents from the original custodians that are marked privilege withhold or privileged redact, which increases to 102, 372 with families.  We have begun the next level review and logging of these documents and will provide you an estimate of when we can produce the log (and any non-privileged or redacted documents) In early January.

(2) For the entries in Category 1 and 2 where there are blanks in the "Email Subject" field, does that mean that the email concerns the subject set forth in the field above?  *I.e.*, do PLOG00000002-15 all concern the Carvana 10-K Draft 1 listed in the Email Subject field for PLOG00000001)?  Blanks in the email subject field mean the document was not an email, but instead an attachment to the email. The attachments relate to the email listed directly above them in the privilege log. For example, PLOG00000002 – PLOG00000015 are attachments to PLOG00000001.

(3) For the entries in Category 2, can you identify all those documents associated with the April 22, 2022 offering?  It appears that there are some privilege log entries between February 24, 2022 and April 25, 2022 that concern other offerings/transactions, but is it correct that all of the entries that don't have the "Email Subject" Project Hubble or Unsecured Notes concern  the April 22, 2022 offering)?  Our review did not distinguish between documents that concerned only the April 22 Offering.  And because the debt offering and acquisition of ADESA were occurring at the same time as the public offering, many emails related to one or more of these events.  However, in general, you are correct that documents with an Email Subject referencing the unsecured notes or Project Hubble do not relate to the public offering.

Thank you.

Tor

**Tor Gronborg**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

4

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**