**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Carvana Company, et al., <br><br> Respondents. | No. CV-22-02126-PHX-MTL <br><br> **ORDER** |

Pending before the Court is Plaintiffs' "Motion to Compel Compliance" (doc. 253).[1] Plaintiffs' Motion seeks to compel Defendant Garcia Sr. to comply with the District Court's March 12, 2025, ESI Order. (Doc. 253 at 2.) Specifically, Plaintiffs seek an order compelling Defendant Garcia Sr. to produce email attachments that he is withholding. (*Id.* at 2–3.) Defendant Garcia Sr. and Non-Party DriveTime Automotive Group, Inc. ("DriveTime") object to Plaintiffs' Motion, asserting that the documents Plaintiffs seek are irrelevant and contain highly confidential information "concern[ing] the business and operations of nonparty DriveTime and its [non-party] affiliated companies[.]" *See* (doc. 281 at 1); *see also* (doc. 270 at 2.)

The parties submitted a stipulated electronic discovery agreement. (Doc. 131.) The District Court issued its ESI Order adopting the parties' stipulation. (Doc. 137.) The order is clear: "if any part of a communication or its attachments is responsive, the entire communication and attachments will be produced[.]" (*Id.* at 8.) The Court will grant

---

[1] Discovery matters in this case have been referred to this Court by the Honorable United States District Judge Michael T. Liburdi. *See* (doc. 125.)

Plaintiffs' Motion.

**I.    Background**.

On August 3, 2022, Plaintiffs initiated this action by filing their Complaint in the U.S. District Court for the District of New Jersey alleging violations of the Securities Exchange Act of 1934. (Doc. 1 at 2, 33.) On December 12, 2022, this matter was transferred to the U.S. District Court for the District of Arizona. (Docs. 25–26.)

On March 12, 2025, the District Court issued an Order governing Electronic Discovery in this action. (Doc. 137.) In pertinent part, the Order stated that:

> [t]he parties agree that *if any part of a communication or its attachments is responsive, the entire communication and attachments will be produced, except any attachments that must be withheld or redacted on the basis of privilege*. The parties will meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege. The attachments will be produced sequentially after the parent communication.

(*Id.* at 8) (emphasis added).

On the same day the District Court issued a Protective Order. (Doc. 136.) This Order established the guidelines for handling discovery and usage of documents another party has labeled "confidential" or "highly confidential." *See generally* (*Id.*) This includes discovery requests received by a party for documents that a non-party has labeled as confidential or highly confidential:

> In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall, unless otherwise prohibited by law: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and (2) promptly provide the Non-Party with the relevant discovery request(s) and a reasonably specific description of the information requested. If the Non-Party seeks a protective order, the Party in receipt of a valid discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court or consent by the Non-Party.

(*Id.* at 9–10.)

The Order further states that documents labeled confidential or highly confidential that will be "produced to a Party or Parties, or their Counsel, shall not be used by any Party, or their Counsel, in any other litigation, or for any purpose other than the prosecution or defense of this Action[.]" (*Id.* at 12.)

On January 9, 2026, Plaintiffs filed the instant Motion. (Doc. 253.) Plaintiffs filed the Motion after discussions with Defendant Garcia Sr. between November 25, 2025, to January 7, 2026, broke down. *See* (doc. 253-1 at 1); *see also* (doc. 253-4 at 1.) The parties' dispute arose out of the production of family attachments to the following documents: Garcia Sr_0002470, Garcia Sr_0002506, Garcia Sr_0001789, and Garcia Sr_0001834.[2] (Doc. 253-1 at 1.) Defendant Garcia Sr. and Non-Party DriveTime filed Responses on January 20, 2026, and January 23, 2026, respectively. (Docs. 270, 280.) On January 30, 2026, Plaintiffs filed their Reply. (Doc. 293.) This Court held a discovery hearing on February 9, 2026. (Doc. 308.)

Seeing as this matter is fully briefed and finding no cause for delay, the Court will address Plaintiffs' Motion.

## II.    The Parties' Arguments.

The parties' arguments are summarized below.

### A. Plaintiffs' Arguments.

Plaintiffs assert four arguments in support of their Motion. First, Plaintiffs assert that Defendant Garcia is required to produce attachments to a responsive email under the Court's ESI Order and caselaw. (Doc. 253 at 2.) Second, Plaintiffs assert that the withheld attachments "are undeniably relevant and responsive." (*Id.* at 2–3); (doc. 293 at 4.) Plaintiffs reinforced this assertion during the hearing, noting that one attachment that Defendant Garcia Sr. produced referenced Defendant Carvana 87 times. *See* (doc. 308.)

Third, Plaintiffs assert that even if the documents are irrelevant, "the weight of authority rejects withholding attachments for responsiveness where any part of that communication

---

[2]    All four emails address DriveTime's Board and all generally state—in the words of Plaintiffs—the following: "All board members, here are the attached documents." *See* (doc. 308.)

- 3 -

is responsive[.]" (Doc. 253 at 3) (emphasis removed). In Plaintiffs' view, if Defendant Garcia Sr. were permitted to withhold attachments in such a scenario, the District Court's ESI Order would be effectively voided. *See* (doc. 308.) Finally, Plaintiffs assert that any argument that the attachments contain "highly sensitive and confidential information is a red herring" that the District Court's Protective Order covers. (*Id.* at 3) (cleaned up); (doc. 293 at 4–5); (doc. 308.)

### B. Defendant Garcia Sr.'s Arguments.

Defendant Garcia Sr. asserts five arguments in opposition to Plaintiffs' Motion. First, Defendant Garcia Sr. asserts that the attachments in issue "have nothing to do with Plaintiff[s'] claims" as the documents "concern DriveTime's dividends, reports from DriveTime's auditors, and legal updates about unrelated litigation." (Doc. 270 at 2) (emphasis removed). Second, Defendant Garcia Sr. states that the documents are irrelevant because they contain DriveTime's financial statements that were "not public[] and could not have been relied upon by Carvana investors." (*Id.* at 3.) Because of this averment, Defendant Garcia Sr. argues that the relevance of each document in a family unit "should be assessed separately." (*Id.*) (citing *G.P.P., Inc. v. Guardian Prot. Prods.*, No. 1:15-cv-00321-SKO, 2016 U.S. Dist. LEXIS 88926, at *2–3 (E.D. Cal. July 8, 2016)).

Third, Defendant Garcia Sr. asserts that, beyond being irrelevant, the documents at issue are highly confidential. (Doc. 270 at 3.) Because the documents are considered highly confidential, Defendant Garcia Sr. argues that he may withhold them from production. (*Id.*) Fourth, Defendant Garcia Sr. asserts that he was not required to disclose the four emails and certain attachments in question pursuant to the ESI Order. (Doc. 308.) Finally, Defendant Garcia Sr. asserts that the second sentence in section (E) of the ESI Order, which requires the parties to meet and confer about potential "appropriate basis[es] for withholding family documents," authorizes his withholding of attachments due to a unilateral review of relevancy until such time as the parties have conferred on disclosing said attachments. (*Id.*)

//

### C. *Non-Party DriveTime's Arguments*.

DriveTime's arguments largely mirror Defendant Garcia Sr.'s arguments. *See generally* (doc. 281.) But, DriveTime does assert one point that Defendant Garcia Sr. does not. Namely, DriveTime argues that a protective order is "insufficiently to protect highly confidential and proprietary information, particularly when such information is irrelevant." (*Id.* at 2.)

### III.     Legal Standards.

Under Rule 34(a), a party may request the production of evidence, ESI or otherwise, so long as it is within the scope of Rule 26(b). *P&B Franchise, LLC v. Dawson*, No. CV-23-00784-PHX-SMB, 2024 WL 326956, at *2 (D. Ariz. Jan. 29, 2024) (citing Fed. R. Civ. P. 34). If a party fails to make a disclosure under Rule 34, the moving party may then seek the production of documents through a Rule 37 motion to compel. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). A party may request production of evidence that is "within the scope of Rule 26(b)[.]" Fed. R. Civ. P. 34(a). The party moving to compel discovery under Rule 37 "has the [initial] burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *United States v. Nolen*, No. 2:23-cv-00320-JAM-CKD, 2024 WL 2785307, at *2 (E.D. Cal. May 30, 2024) (quoting *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)). Thereafter, the party opposing the motion to compel "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp.*, 285 F.R.D. at 485 (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (noting that the opposing party carries "*a heavy burden*" in showing why such discovery request should be denied) (emphasis added).

The court has broad discretion regarding whether to permit or deny discovery via a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally, discoverable evidence is "any nonprivileged matter that is *relevant*[3] *to any party's claim*

---

[3]     Evidence is considered relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

- 5 -

or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added).

While a party's right to discovery is broad, that does not mean that it is limitless. *See* Fed. R. Civ. P. 26(b)(2). Courts will limit discovery where:

> (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

## IV. Discussion.

This dispute largely stems from Defendant Garcia Sr.'s and Non-Party DriveTime's desire to preserve attached documents that they assert are highly confidential and proprietary information. Although the Court understands their aversion to the disclosure of such attachments, it finds that their withholding neither comports with the District Court's ESI Order nor legal authority.

### A. Stipulated ESI Order.

As an initial matter, the Court notes that the District Court's ESI Discovery Order, which the parties—including Defendant Garcia Sr.—stipulated to, clearly addresses the matter at hand. Under section (E), the District Court expressly states that "if *any part of a communication or its attachments* is responsive, the entire communication and attachments will be produced[.]" (Doc. 137 at 8) (emphasis added). Such a statement, in this Court's view, appears to be an unequivocal adoption of the view that family communications should be reviewed for responsiveness and relevancy as a whole, *not* individually.

The Court is unpersuaded by Defendant Garcia Sr.'s argument that the second sentence of section (E) permits his unilateral withholding due to his own review of what documents are or are not relevant. To agree with such a position would constructively void

---

determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, a court may exclude relevant evidence where its probative value is substantially outweighed by the danger of confusing the issue in the present case. Fed. R. Evid. 403.

the prior sentence's clear language that "if any part of a communication or its attachments is responsive, the entire communication and attachments will be produced[.]" (*Id.*) Instead, the Court is persuaded by Plaintiffs' assertion that section (E)'s second sentence "exists so the parties can discuss the need to withhold documents subject to . . . privileges, such as the bank examiner's privilege, which other Defendants in this case have raised." (Doc. 308.) Because Defendant Garcia Sr., nor Non-Party DriveTime, raise any privilege arguments here, they may not unilaterally withhold attachments contained within a responsive family unit.

### B. Relevancy.

Turning next to Defendant and Non-Party's relevancy argument, the Court notes that the Federal Rules of Civil Procedure creates a broad and permissible discovery structure, permitting a party to discover evidence that is relevant and proportional. While relevancy "is the *sin qua non* of discovery," it does not amount to an insurmountable hurdle. *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, No. 08 CIV. 7508 SAS, 2011 WL 3738979, at *5 (S.D.N.Y. Aug. 18, 2011), *report and recommendation adopted*, No. 08 CIV. 7508 SAS, 2011 WL 3734236 (S.D.N.Y. Aug. 24, 2011). Rather, relevancy is liberally construed, whereby evidence is relevant where "it has *any* tendency to make a fact more or less probable[.]" Fed. R. Evid. 401.

Because of the liberal relevancy standard, Defendant and Non-Party face a heavy burden in establishing that the requested attachments are irrelevant. *See Blankenship*, 519 F.2d at 429. Defendant Garcia Sr. and Non-Party DriveTime have not met this burden.

Turning to the Court's review of relevancy, it does not agree with Defendant Garcia Sr. that it must review each attachment alone as if it were in a vacuum. Rather, the District Court's ESI Order and relevant authority establishes that these attachments and their parent communications must be reviewed together.

Beyond the District Court's ESI Order, caselaw lends credence to the view that attachments should be reviewed for relevancy alongside the *entire* family relationship, and if either is relevant, the party must then produce the whole. First, several of our sister

districts have found that the production of a communication and its attached documents are reviewed as a whole pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 106 of the Federal Rules of Evidence. *See Karnoski v. Trump*, No. C17-1297 MJP, 2020 WL 2736961, at *1 (W.D. Wash. Mar. 4, 2020) ("The Federal Rules of Evidence favor the *complete* production of non-privileged evidence if some portion of the evidence is deemed responsive. ('If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time[.]')") (quoting Fed. R. Evid. 106); *see also Symettrica Ent., Ltd. v. UMG Recordings, Inc.*, No. CV 19-1192-CJC (KS), 2020 WL 13311682, at *4–5 (C.D. Cal. July 17, 2020) ("Rule 34, which governs the production of documents, specifically requires that a party must produce electronically stored 'documents as they are kept in the ordinary course of business' . . . . Courts in this Circuit have long recognized that an email and its attachment comprise one document or message unit and consistently require a producing party to re-link the emails with the attachments or re-produce the emails with their attachments.") (cleaned up) (quoting Fed. R. Civ. P. 34(b)(2)(E)(i)).

The Court finds no reason to depart from its sister districts' holdings. In fact, allowing Defendant to unilaterally withhold an attachment due its own relevancy determination would "effectively [amount to] a redaction of responsive discovery." *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943-LAB (LL), 2019 WL 581715, at *11 (S.D. Cal. Feb. 13, 2019); *Virco Mfg. Corp. v. Hertz Furniture Sys.*, No. CV 13-2205 JAK(JCX), 2014 WL 12591482, at *5 (C.D. Cal. Jan. 21, 2014) ("Further, by failing to produce email attachments, plaintiff has effectively redacted, based upon relevance, portions of documents it otherwise apparently views to be discoverable/relevant/responsive to defendants' discovery requests."). Consequently, because there is responsive material contained within the four family relationships in question, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and federal precedent necessitates their production—even if Defendant Garcia Sr. and Non-Party

1 DriveTime unilaterally find them irrelevant.

### C. Confidentiality.

Furthermore, the Court is not convinced by the assertion that the documents' highly confidential and proprietary nature precludes disclosure *in this action* where there is a wholly sufficient protective order in place. First, insofar as Defendant Garcia Sr. appears to assert that withholding may be permissible because the documents are constructively DriveTime's property, such an assertion is inapposite with this Circuit's case law. In fact, pursuant to Rule 34, "[a] party having actual possession of documents *must allow discovery even if the documents belong to someone else*; legal ownership of the documents is not determinative." *Phillips v. Lycamobile USA, Inc.*, No. 2:25-MC-00001-ACE, 2025 WL 2097453, at *2 (E.D. Wash. July 15, 2025), *objections overruled*, No. 2:25-MC-00001-ACE, 2025 WL 2096848 (E.D. Wash. July 18, 2025) (emphasis added). Second, to the extent that Non-Party DriveTime is concerned about the exchange of highly confidential and proprietary information, "those concerns are best addressed by a protective order between the parties," which is already in place, "rather than withholding relevant discovery." *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 215CV02422MMDNJK, 2018 WL 834589, at *2 n.2 (D. Nev. Feb. 12, 2018).

Neither Defendant Garcia Sr. nor Non-Party DriveTime have argued that the Protective Order in this action is insufficient or that it does not cover the situation at hand. After independent review of the Protective Order, this Court finds that it sufficiently covers this situation. However, recognizing the highly confidential nature of these non-public documents and Defendant Garcia Sr.'s and Non-Party DeriveTime's concerns, the Court will require that the attachments at issue here be produced for attorneys' eyes only.

### V.     Conclusion.

For foregoing reasons, the Court holds that family units shall be reviewed for responsiveness and relevancy as a whole, and if either the communication or an attached document is responsive, it must be produced. Of course, privileged communications and attachments shall not be produced. Hence, any attorney-client privileged or work product

doctrine documents and communications need not be produced—*i.e.*, Defendant Garcia Sr. need not produce "updates from DriveTime's General Counsel regarding legal issues unrelated to this case[.]" *See* (doc. 281 at 1.) Further, while Defendant and Non-Party may label the documents to be produced as confidential or highly confidential, these monikers do not permit withholding the documents in this action. However, the Court will require the attachments to Garcia Sr_0002470, Garcia Sr_0002506, Garcia Sr_0001789, and Garcia Sr_0001834 which have not yet been produced to be produced for attorneys' eyes only.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Compliance (doc. 253) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Garcia Sr. **SHALL PRODUCE ANY Garcia Sr_0002470**, **Garcia Sr_0002506**, **Garcia Sr_0001789**, and **Garcia Sr_0001834** non-privileged attachments alongside their responsive and non-privileged parent communications. These attachments shall be produced **FOR ATTORNEYS' EYES ONLY**.

**IT IS FURTHER ORDERED** that, in this action, the parties **SHALL** review parent emails and their attachments as a whole for responsiveness and relevancy. If **ANY** part of the family relationship is responsive, the Parties **SHALL** produce the **WHOLE** family grouping. The parties need not produce privileged documents or communications.

Dated this 10th day of February, 2026.

Honorable John Z. Boyle
United States Magistrate Judge