## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Respondents. | |

Pending before the Court is Defendants' "Motion to Seal Portions of Lead Plaintiffs' Reply in Support of Motion to Compel Defendants to Use Lead Plaintiffs' Proposed Search Terms and Exhibits 19–25" ("Motion") (doc. 299).[1] Defendants seek to file seven exhibits, lodged by Plaintiffs pursuant to LRCiv 5.6(d), under seal because the documents contain material Defendants have designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the District Court's Protective Order. (Doc. 299 at 2.) Plaintiffs assert that the documents should not be filed under seal. *See* (doc. 275 at 2.)

Because no response is permitted under LRCiv 5.6(d), the Court shall adjudicate this matter without a response from Plaintiffs. Considering Defendants' Motion complies with the Federal and Local Rules of Civil Procedure, and is supported by good cause, the Court will seal the seven exhibits.

//

//

---

[1]    Discovery matters in this case have been referred to this Court by the Honorable United States District Judge Michael T. Liburdi. *See* (doc. 125.)

**I.    Background**.

On December 30, 2025, Plaintiffs filed a Motion to Compel Defendants to Use Lead Plaintiffs' Proposed Search Terms, which was briefed in accordance with LRCiv 7.2. *See* (doc. 244.) Defendants filed their Response on January 13, 2026. *See* (doc. 258.) On January 20, 2026, Plaintiffs filed their Reply to Defendants' Response. *See* (doc. 270.) Portions of the Reply were redacted. *See* (*id.*) Additionally, exhibits 19–25 were lodged under seal by Plaintiffs pursuant to LRCiv 5.6(d). *See* (doc. 274.) On February 2, 2026, Defendants filed the instant Motion seeking to have exhibits 19–25 filed under seal. *See* (doc. 299.)

**II.    Legal Standard**.

When considering motions to seal documents, courts within the Ninth Circuit generally apply a "compelling reasons" standard. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* at 678 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

However, "[r]ecords attached to nondispositive motions must meet the lower 'good cause' standard of Rule 26(c) . . . as such records 'are often unrelated, or only tangentially related, to the underlying cause of action.'" *Software Rights Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. 2020) (quoting *Kamakana*, 447 F.3d at 1179). To meet this good cause standard, the moving party bears the burden showing that "specific prejudice or harm" will result if the information is disclosed. *See Software Rights Archive, LLC*, 485 F. Supp. 3d at 1113 (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,'" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

//

**III.   Discussion**.

Because Defendants are attempting to have exhibits 19–25—which relate to a non-dispositive discovery motion—filed under seal, the Court will apply the lower good cause standard. Defendants' Motion is timely, and as to each exhibit, the Court finds that Defendants have complied with Federal and Local Rules of Civil Procedure. Additionally, the Court finds that Defendants have established good cause to seal because the seven exhibits in question contain confidential or highly confidential business documents, financial records, and communications which, if disclosed, may irreparably harm the Carvana Defendants. *See, e.g.*, *Software Rights Archive, LLC*, 485 F. Supp. 3d at 1113 (granting the parties' motion to seal documents because "they contain confidential business and proprietary information relating to the operations of Defendant['s]" business).

Furthermore, because the District Court granted a Protective Order which rationally covers exhibits 19–25, *see* (doc. 136), the District Court has, *ipso facto*, determined that good cause exists to protect these documents. *See, e.g.*, *Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1214 ("When a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."). Finally, because (doc. 274-1) is an unredacted list of exhibits to be filed in support of Plaintiffs' Reply and (doc. 274-2) is the unredacted version of Plaintiffs' Reply, the Court will order them to be sealed as well.

//
///
//
///
//
///
//
///

- 3 -

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Seal Portions of Lead Plaintiffs' Reply in Support of Motion to Compel Defendants to Use Lead Plaintiffs' Proposed Search Terms and Exhibits 19–25 (doc. 299) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the unredacted, lodged Declaration, Reply, and Exhibits 19–25, found at (doc. 274), **UNDER SEAL**.

Dated this 12th day of February, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

- 4 -