LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: aclubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

[*Additional counsel on signature page*]

*Counsel for Defendants Carvana Co., Ernest
Garcia III, Mark Jenkins, Stephen Palmer,
Michael Maroone, Neha Parikh, Ira Platt, and
Greg Sullivan*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | JOINT DISCOVERY MOTION |
| All Actions. | **ORAL ARGUMENT REQUESTED** |

Pursuant to Paragraph 6 of the Court's February 26, 2025, Scheduling Order (ECF 128), Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") and Defendants Carvana Co. ("Carvana"), Ernest Garcia III ("Garcia Jr."), Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, "Carvana Defendants"), Defendant Ernest Garcia II ("Garcia Sr."), and Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC ("Underwriter Defendants," and collectively with Carvana Defendants and Garcia Sr., "Defendants") jointly make this filing concerning a discovery dispute regarding the appropriate allocation of time for questioning in forthcoming depositions in this action.  The parties respectfully request that the Court address this dispute as soon as practicable as it will impact depositions scheduled to begin as soon as February 18, 2026.

## I.     DEFENDANTS' ARGUMENT

The parties have met and conferred in an attempt to resolve how deposition time should be allocated and are now at an impasse. With depositions starting as soon as February 18, Defendants seek the Court's intervention. Defendants believe that when only one side has noticed a deposition, that side is presumptively entitled to most of the 7 hours of questioning time—and parties in most cases work in good faith to ensure the non-noticing side has an opportunity to question the witness on the record. In this case, however, after Defendants served deposition notices on confidential witnesses ("CWs"),[1] Plaintiffs demanded an ex ante rule of three hours of questioning time in each deposition without cross-noticing. In response, and to avoid disputes at each deposition, Defendants now propose 6 hours for the noticing side. If the other side desires more than an hour, that side can serve a cross-notice, and questioning will be equally divided (3.5 hours each).[2]  While

[1] Plaintiffs have disclaimed reliance on the CWs, stating they are "never going to use" the CWs in any "future stages of the litigation,"  July 28, 2025, Hr'g Tr. at 8.

[2] *See, e.g.*, *Syncora Guarantee Inc. v. EMC Mortgage Corp.*, 2012 WL 12505608 (N.D. Cal. 2012) (ordering parties to "split the time evenly" where both subpoenaed the witness).

Defendants are not married to the specific allocation (*e.g.*, 6 hours vs. 5 hours to the noticing party), to ensure fairness, it is critical that the same allocation should apply across all depositions, whether of parties or third parties.

Plaintiffs have refused. Plaintiffs propose a rule that divides time 5 hours to 2 hours *only* for third party depositions. That is not fair at all: Defendants' depositions are overwhelmingly of third parties, but Plaintiffs' are not. There are only two Plaintiffs, whereas there are 11 named Defendants, and Plaintiffs intend to notice depositions of many of Defendants' employees. Plaintiffs' depositions will therefore fall overwhelmingly outside of Plaintiffs' allocation rule and leave Plaintiffs with the presumptive 7 hours for each of their 29 depositions. That is the opposite of the evenhanded allocation of time required by the Federal Rules—which do not distinguish between party and third party depositions, but rather set a universal limit. Fed. R. Civ. P. 30(a)(2). Of course, to the extent the need arises to extend any particular deposition, Defendants will meet and confer about appropriate extensions. *Loop AI Labs v. Gatti*, 2015 WL 5522166, at *4 (N.D. Cal. 2015) (additional time is appropriate where "needed to fairly examine the deponent").

Plaintiffs argue that the parties should allocate deposition time only for third party depositions because the parties (and their current employees) can just agree to sit for longer than 7 hours. That is not what the Federal Rules provide, *see id.*, and Plaintiffs offer no justification for it. Plaintiffs' argument only underscores the unfairness of Plaintiffs' proposal—as noted, requiring Defendants and their employees to sit for longer than 7 hours, but limiting third party deposition questioning would allocate much more questioning time to Plaintiffs. Further, Defendants must divide up questioning time among the three Defendant groups—Carvana Defendants, Underwriter Defendants, and Garcia Senior, who are all represented by different counsel. It is inequitable and inconsistent with the Federal Rules' evenhanded approach to discovery to further limit each Defendant's questioning, while expanding Plaintiffs' time beyond the 7-hour rule.

## II.    PLAINTIFFS' ARGUMENT

Plaintiffs propose a default 5/2 split for independent, third-party depositions, subject to witness-specific adjustment where warranted.  The default applies only where a witness is not represented by a party's counsel or is not subject to a joint defense agreement. Witnesses who share such a relationship are not neutral third parties; they are "identified with an adverse party" within the meaning of Federal Rule of Evidence 611(c)(2) and therefore should not be treated as independent for purposes of time allocation.  Defendants' attempt to classify defense-aligned former employees as neutral third parties misstates both Plaintiffs' proposal and the governing law.

Defendants seek a rigid rule limiting the non-noticing party to one hour unless it expends a deposition slot to cross-notice the witness.  Nothing in the Federal Rules authorizes conditioning examination on cross-noticing or counting such notice against deposition limits.  This "pay-to-play" regime finds no support in the Federal Rules; Rule 30(c)(1) guarantees adequate examination by all parties regardless of who served the subpoena.[3]  Defendants' cited authorities do not support their proposal: *Syncora* required the third party to make herself available for two days of seven hours each (2012 WL 12505608, at *2), and *Loop AI* approved a five hour/two hour allocation among the two sides (2015 WL 5522166, at *4).  Neither authorizes a one-hour cap absent cross-notice.

Defendants' fairness argument fails because the relevant categories are not similarly situated.  Their discovery strategy focuses on third parties, while Plaintiffs' focuses on Defendants and their employees.  Defendants can extend depositions of witnesses they control; independent third parties cannot be compelled to sit beyond seven hours.  Indeed, Defendants used the full seven hours to depose each Plaintiff yet now seek to deny Plaintiffs meaningful examination of third parties.  They require no allocated time for witnesses they control, from whom they may obtain information through voluntary

---

[3] Defendants' suggestion that Plaintiffs "disclaimed" their right to examine Confidential Witnesses is meritless.  Plaintiffs' decision not to rely on CWs for their prima facie case does not extinguish their right to cross-examine witnesses Defendants have chosen to subpoena and put at issue.

declarations.    Courts recognize that party control over a witness justifies different allocation considerations. *See Univ. of Tenn. Rsch. Found. v. Caelum Bioscis., Inc.*, 2023 WL 27872, at *1-*2 (E.D. Tenn. 2023); *City of Almaty v. Ablyazov*, 2018 WL 11270086, at *2 (S.D.N.Y. 2018).    Defendants' proposal would therefore expand their effective examination time while restricting Plaintiffs' ability to test testimony from witnesses Defendants have chosen to rely upon – in a case where Plaintiffs carry the burden of proof.

Finally, Plaintiffs' proposal prevents the gamesmanship that Defendants' rule invites.    Defendants' approach forces a choice: accept a token one-hour examination or expend a finite deposition slot to cross-notice a witness already subpoenaed.    That structure encourages unnecessary cross-noticing and recurring disputes over how deposition limits are counted and allocated.    Plaintiffs' 5/2 default provides a clear standard for independent witnesses while preserving flexibility for aligned witnesses.    The Court should reject Defendants' rigid proposal.

# CERTIFICATION

The Parties, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED: February 13, 2026       LATHAM & WATKINS LLP

*/s/ J. Christian Word*
J. CHRISTIAN WORD
ANDREW B. CLUBOK
(Admitted pro hac vice)
J. CHRISTIAN WORD
(Admitted pro hac vice)
SUSAN E. ENGEL
(Admitted pro hac vice)
MATTHEW J. PETERS
(Admitted pro hac vice)
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: 202/637-2200
andrew.clubok@lw.com
christian.word@lw.com
susan.engel@lw.com
matthew.peters@lw.com

MERYN C.N. GRANT
(Admitted pro hac vice)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: 424/653-5500
meryn.grant@lw.com

JEFF G. HAMMEL
(Admitted pro hac vice)
KALANA KARIYAWASAM
(Admitted pro hac vice)
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212/906-1200
jeff.hammel@lw.com
kalana.kariyawasam@lw.com

FENNEMORE CRAIG, P.C.
DOUGLAS C. NORTHUP (No. 013987)
ANDREA L. MARCONI (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: 602/916-5000
dnorthup@fennemorelaw.com
amarconi@fennemorelaw.com

- 6 -

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, NehaIra Platt, and Greg Sullivan*

DATED: February 13, 2026

DLA PIPER LLP (US)

*/s/ Melanie Walker*

Melanie Walker (admitted *pro hac vice*)
melanie.walker@us.dlapiper.com
Emma C. Peplow (admitted *pro hac vice)*
emma.peplow@us.dlapiper.com
2000 Avenue of the Stars #400
Los Angeles, California 90067
310.595.3000

Cameron A. Fine
cameron.fine@us.dlapiper.com
Madeline A. Cordray
madeline.cordray@us.dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
480.606.5100

Yan Grinblat (admitted *pro hac vice*)
yan.grinblat@us.dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000

*Attorneys for Defendant Ernest Garcia II*

DATED: February 13, 2026

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

*/s/ David P. Friedman*

DAVID P. FRIEDMAN
(Admitted *pro hac vice*)
SUSANNA M. BUERGEL
(Admitted *pro hac vice*)
KRISTINA A. BUNTING
(Admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY  10019
Telephone: 212/373-3000
dfriedman@paulweiss.com
sbuergel@paulweiss.com
kbunting@paulweiss.com

- 7 -

Counsel for Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC

DATED: February 13, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP

*/s/ Daniel S. Drosman*

DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MATHEW ANDREWS
(Admitted *pro hac vice*)
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
mandrews@rgrdlaw.com

- 8 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT I. DION
(Admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdion@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel