PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Susanna M. Buergel (*pro hac vice*)
David P. Friedman (*pro hac vice*)
Kristina A. Bunting (*pro hac vice*)
Michael J. Pisem (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Email: sbuergel@paulweiss.com
Email: dfriedman@paulweiss.com
Email: kbunting@paulweiss.com
Email: mpisem@paulweiss.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

*Counsel for Defendants Citigroup Global
Markets Inc. and J.P. Morgan Securities LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation | No. 2:22-cv-02126-PHX-MTL<br><br>**UNDERWRITER DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED BY THE CARVANA DEFENDANTS**<br><br>**ORAL ARGUMENT: FEBRUARY 23, 2026 10:00 AM** |
|---|---|

i

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................................1

II.     ARGUMENT ........................................................................................................................3

      A.      Any Ruling on the Underwriter Defendants' Due Diligence
            Defense Would Be Premature ....................................................................................3

      B.      The Underwriter Defendants' Due Diligence Defense Does Not
            Waive Privilege ..........................................................................................................4

III.    CONCLUSION .....................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Charles Schwab Corp. Sec. Litig.*,
2010 WL 11937102 (N.D. Cal. Feb. 23, 2010) ........................................................ 6

*Escott* v. *BarChris Const. Corp.*,
283 F. Supp. 643, 697 (S.D.N.Y 1968) .................................................................. 5

*In re Refco, Inc. Sec. Litig.*,
2010 WL 11882293 (S.D.N.Y. Jan. 4, 2010) .......................................................... 5

*In re Software Toolworks Inc.*,
50 F.3d 615 (9th Cir. 1994) ................................................................................... 4

*United Food & Com. Workers Union* v. *Chesapeake Energy Corp.*,
2012 WL 2370637 (W.D. Okla. June 22, 2012).................................................. 2, 5

*Wang* v. *Zymergen Inc.*,
2025 WL 416161 (N.D. Cal. Feb. 6, 2025) ...................................................... 2, 5, 6

*In re Worldcom, Inc. Sec. Litig.*,
2004 WL 936320 (S.D.N.Y. May 3, 2004) ........................................................ 4, 6

**Statutes and Rules**

15 U.S.C. § 77k ...................................................................................................... *passim*

Local Civil Rule 7.2 ...................................................................................................... 3

ii

In response to Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan's ("Plaintiffs") Motion to Compel the Production of Documents Improperly Withheld as Privileged by the Carvana Defendants (Dkt. No. 301, the "Motion" or "Mot."), Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC (the "Underwriter Defendants") respectfully file this short submission given the potential implications of the Motion on the Underwriter Defendants' defenses and privileged communications.

## I.    INTRODUCTION

While Plaintiffs' Motion does not reference the Underwriter Defendants, the Motion nonetheless potentially implicates the Underwriter Defendants' core affirmative defense in this case: their statutory due diligence defense asserted under 15 U.S.C. § 77k(b)(3)(A).[1] The Underwriter Defendants and Plaintiffs have not meaningfully met and conferred about the scope of that due diligence defense.  Nor have the Underwriter Defendants and Plaintiffs met and conferred on any specific claims of privilege.  There are thus no ripe disputes for the Court to resolve relating to the Underwriter Defendants' defense. Accordingly, the Underwriter Defendants respectfully request that the Court hold that the assertion of a due diligence defense does not effect a waiver of the attorney-client privilege, and make clear in any order on the Motion, regardless of the outcome, that it does not apply to the Underwriter Defendants' defenses or privilege claims.  And as to those privilege claims, the approach adopted by the majority of courts in this Circuit and elsewhere makes

---

[1] "(b) Persons exempt from liability upon proof of issues.  Notwithstanding the provisions of subsection (a) **no person, other than the issuer, shall be liable** as provided therein who shall sustain the burden of proof— . . . (3) that (A) as regards any part of the registration statement not purporting to be made on the authority of an expert, and not purporting to be a copy of or extract from a report or valuation of an expert, and not purporting to be made on the authority of a public official document or statement, **he had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the registration statement became effective, that the statements therein were true** and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading." (emphases added).

1

clear that the assertion of a due diligence defense does not generally waive the attorney-client privilege over an underwriter's communications with its counsel.

The Underwriter Defendants plead a due diligence defense pursuant to the Securities Act. 15 U.S.C. § 77k(b); Underwriter Defendants' Answer and Affirmative Defenses to Lead Plaintiffs' Amended Consolidated Complaint, Seventeenth Defense (Dkt. 116 at 176).[2]  This long-established defense turns on the reasonable investigation done by the Underwriter Defendants and their employees and agents (some of whom are lawyers) into the facts underlying the disclosures made in connection with the 2022 Public Offering.

The due diligence defense is not premised on legal advice, and is thus not an "advice of counsel" or "good faith" defense. *See, e.g.*, *United Food & Com. Workers Union* v. *Chesapeake Energy Corp.*, 2012 WL 2370637, at *9 (W.D. Okla. June 22, 2012) (the "due diligence defense does not require that [underwriters] rely on communications with counsel to demonstrate that they acted with due diligence in connection with the Offering.  Instead they must show that their actions, not those of counsel, demonstrate the reasonableness of their investigation.").  And by asserting the due diligence defense, an underwriter does not waive privilege over communications where legal advice is provided or reflected. *See* *Wang* v. *Zymergen Inc.*, 2025 WL 416161, at *3 (N.D. Cal. Feb. 6, 2025).  Rather, the due diligence defense implicates documents in which the Underwriter Defendants—and their agents—conduct a *factual* investigation of the issuer and the offering documents. Consistent with the relevant case law, the Underwriter Defendants are producing and are not withholding documents concerning that factual investigation, even if they involve Underwriter Defendants' counsel. *Id.*, at *2.

---

[2]  "The Underwriter Defendants are not liable to Plaintiffs and putative class members because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time of the 2022 Public Offering and when the Offering Documents became effective, that the statements in the Offering Documents and all related public statements were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading."

2

The Underwriter Defendants anticipate producing a comprehensive privilege log before the end of the month, and expect to make small final productions of documents as part of their quality control review at the same time—before the deadline for substantial completion of document productions.  The Underwriter Defendants therefore oppose the Motion to the extent it claims that assertion of the due diligence defense effects a categorical privilege waiver, and respectfully request that the Court allow the Underwriter Defendants and Plaintiffs to address any disputes concerning the Underwriter Defendants' due diligence defense and privilege claims in the ordinary course.

## II.     ARGUMENT

### A.     Any Ruling on the Underwriter Defendants' Due Diligence Defense Would Be Premature

The Motion is not directed to, and does not advance any argument with respect to, the Underwriter Defendants.  However, any ruling that would implicate the Underwriter Defendants' due diligence defense (or a similar subsequent motion aimed at the Underwriter Defendants) would be premature.[3]

*First*, while the Underwriter Defendants and Plaintiffs discussed the Underwriter Defendants' due diligence defense a single time, several months ago, there have been no further discussions on the issue and no exchange of positions.  Plaintiffs have also not made any assertion that the Underwriter Defendants' document productions have been deficient.  *See* LRCiv 7.2(j) (requiring certification of "sincere" efforts to resolve discovery disputes).  Unlike with the Carvana Defendants, Plaintiffs served no requests for admission or interrogatories on the Underwriter Defendants directed to this defense.  *Cf.* Mot. at 9.

*Second*, the Underwriter Defendants are in the process of producing privilege logs to Plaintiffs.  Those logs will show that the Underwriter Defendants are withholding and

---

[3]   The Underwriter Defendants' defenses that reference their good faith or reliance on others refer to non-privileged beliefs they held based on information received from Carvana and others involved in the public offering, not an advice of counsel defense. *See* Underwriter Defendants' Answer and Affirmative Defenses to Lead Plaintiffs' Amended Consolidated Complaint, Tenth, Twentieth and Thirty-Second Defenses.

redacting documents for which they have legitimate privilege claims, but are not withholding documents where employees or agents of the Underwriter Defendants, including counsel, conducted factual due diligence in connection with the 2022 Public Offering. Should Plaintiffs take issue with specific claims of privilege, the parties can meet and confer and work to resolve any disputes.

### B.    The Underwriter Defendants' Due Diligence Defense Does Not Waive Privilege

The Motion puts at issue what Plaintiffs claim are Carvana Defendants' "due diligence defense" and "good faith defense." The latter is grounded in the Securities Exchange Act, not the Securities Act pursuant to which Plaintiffs' claims against the Underwriter Defendants are asserted. *See* Mot. at 7–8; Dkt. No. 105 at 7, 62. Accordingly, the argument advanced in Section III.B of the Motion is inapplicable to the Underwriter Defendants.

In contrast, the Section 11 due diligence defense is a bedrock defense for underwriters under federal securities law, and no authority suggests that underwriters are forced to accept waiver of privilege as a prerequisite to asserting it. This defense requires underwriters to prove that they "had, after reasonable investigation, reasonable ground to believe and did believe that the statements [in the registration statement] were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.'" 15 U.S.C. § 77k(b)(3)(A); *In re Software Toolworks Inc.*, 50 F.3d 615, 622-23 (9th Cir. 1994) (summarizing defense).

The Underwriter Defendants will prove the due diligence defense by demonstrating the sufficiency of the factual investigation they carried out, including by, as part of the deal's "working group," outside counsel. Critically, however, the defense does not require, and the Underwriter Defendants will not assert, reliance on the privileged advice of counsel. *See In re Worldcom, Inc. Sec. Litig.*, 2004 WL 936320, at *1 (S.D.N.Y. May 3, 2004) (underwriters ordered to state "explicitly and unambiguously, that they do *not* intend to rely on an advice of counsel defense" to avoid discovery into privileged communications

4

when asserting due diligence defense); *United Food*, 2012 WL 2370637, at \*9; *In re Refco, Inc. Sec. Litig.*, 2010 WL 11882293, at \*2 (S.D.N.Y. Jan. 4, 2010) (underwriter defendants explained that "[t]he due diligence defense turns on the objective reasonableness of the Underwriter Defendants' investigation—not on good faith—and therefore the Underwriter Defendants could not use reliance on advice of counsel to support their defense." (internal marks omitted)).  For that reason, for decades, the distinction between "an attorney's role as legal advisor and factual investigator" has been "well-established in the context of the due diligence defense." *Zymergen Inc.*, 2025 WL 416161, at \*1–2 (citing *Escott* v. *BarChris Const. Corp.*, 283 F. Supp. 643, 697 (S.D.N.Y 1968)).

Accordingly, the Underwriter Defendants' due diligence defense may be "supported by counsel's participation in the investigation" where "documents reflecting that participation . . . are discoverable," and without effecting a "wider waiver of all attorney-client communications arising out of the investigation." *Zymergen Inc.*, 2025 WL 416161, at \*3.  This is because "[t]here is a difference between relying on counsel's work product and relying on 'advice of counsel.'"  *Refco*, 2010 WL 11882293, at \*2 (finding that underwriters did not "effect[] a subject matter waiver of confidential communications between any of the Underwriter Defendants and Cravath.").

Here, the Underwriter Defendants' counsel for the 2022 Carvana Public Offering (Davis Polk & Wardwell LLP), in their capacity as the Underwriter Defendants' lawyers, provided *legal advice* to its clients on specific issues as the need arose during the offering.  But Davis Polk was also part of the Underwriter Defendants' deal team, and worked with the Underwriter Defendants to conduct a *factual* due diligence investigation of Carvana and the subject matter of the offering documents.  The latter is not privileged and is relevant to the Underwriter Defendants' due diligence defense, but the former is both privileged and not relevant to the due diligence defense.  To the extent that any documents or communications involving counsel will be produced in discovery or submitted as evidence, they will only be materials reflecting the factual due diligence investigation, not legal advice protected by attorney-client privilege.  Indeed, the Underwriter Defendants have

5

already produced many documents involving Davis Polk that relate to the factual due diligence undertaken by the deal team.

The cases Plaintiffs cite should not be understood to require a waiver of privilege here. Plaintiffs primarily rely on *In re Charles Schwab Corp. Sec. Litig.*, 2010 WL 11937102 (N.D. Cal. Feb. 23, 2010). There, the court found waiver as to certain topics by narrowly focusing on the defendants' subjective belief in the accuracy of the registration statement. This approach has not been adopted by other courts, and contradicts the plain meaning of the statute. *See Zymergen Inc.,* 2025 WL 416161, at *3 ("After careful consideration, the Court determines that the statutory language establishing the defense should be applied holistically, rather than isolating the 'belief' factor and finding a waiver of the attorney-client privilege solely on that fragment."). And *In re WorldCom, Inc. Secs. Litig.* (S.D.N.Y. May 3, 2004) (Mot. at 5) relies on defendants *not* distinguishing between a due diligence and advice-of-counsel defense. *See* 2004 WL 936320, at *1 ("[T]o avoid such discovery, the Underwriter Defendants [may] notify the Lead Plaintiff in writing, explicitly and unambiguously, that they do not intend to rely on an advice of counsel defense."). Here, the Underwriter Defendants proffer no such advice of counsel defense.

Accordingly, the Underwriter Defendants will not waive privilege because they support their due diligence defense with documents and communications reflecting the non-privileged fact-finding by their employees and outside counsel.

## III.    CONCLUSION

For the forgoing reasons, the Underwriter Defendants respectfully request that the Court make clear in any forthcoming order that it is not ruling on the Underwriter Defendants' defenses or privilege claims, and that the assertion of a due diligence defense does not effect a waiver of the attorney-client privilege.

Dated: February 13, 2026

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

*/s/ David P. Friedman*
Susanna M. Buergel (*pro hac vice*)
David P. Friedman (*pro hac vice*)
Kristina A. Bunting (*pro hac vice*)
Michael J. Pisem (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Email: sbuergel@paulweiss.com
Email: dfriedman@paulweiss.com
Email: kbunting@paulweiss.com
Email: mpisem@paulweiss.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

*Counsel for Defendants Citigroup Global
Markets Inc. and J.P. Morgan Securities LLC*

7