**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Carvana Company, et al., <br><br> Respondents. | No. CV-22-02126-PHX-MTL <br><br> **ORDER** |

Pending before the Court is the parties' "Joint Discovery Motion" (doc. 321).[1] The parties' Joint Discovery Motion concerns the allocation of time in the parties' upcoming depositions. (Doc. 321 at 2.) Upon review of the parties' joint filing, and considering the parties' impending depositions, the Court will adjudicate the instant matter without oral argument.

Because, as a practical matter, Defendants' depositions of third-party deponents are limited to seven hours, the Court shall allocate five hours for Defendants and two hours for Plaintiffs. Furthermore, because Plaintiffs' deponents are overwhelmingly employees of Defendants, and good cause appearing, the Court shall allocate—absent a good-faith conferral by the parties—seven hours for Plaintiffs and permit Defendants an additional hour to cross-examine Plaintiffs' deponents. For all other deponents, the parties shall be allocated six hours for the noticing side and one hours for the non-noticing side. However, *if the parties agree*, they may allocate the deposition time in any manner of their choosing.

---

[1]   Discovery matters in this case have been referred to this Court by the Honorable United States District Judge Michael T. Liburdi. *See* (doc. 125.)

I.   **Parties' Arguments**.

This matter involves how the parties allotted seven hours for each scheduled deposition shall be divided. Specifically, the parties disagree on how time should be allotted for: (a) the non-noticing party; (b) cooperating deponents; and (c) for third-party deponents. (*Id.* at 2–5.)

   A. *Defendants' Arguments*.

Defendants argue for a bifurcated approach for each deposition. Namely, Defendants argue for a six-hour one-hour split[2] when only one side noticed the deposition in question, and an even split where one side has noticed the deposition and the other side has served a cross-notice. (*Id.* at 2.)

Defendants support their bifurcated approach with three arguments. First, Defendants assert that "when only one side has noticed a deposition, that side is presumptively entitled to most of the 7 hours of questioning time[.]" (*Id.*) Second, Defendants assert that any specific allocation of time for only third party deponents "is not fair at all" because "Defendants depositions are overwhelmingly of third parties, but Plaintiffs' are not." (*Id.* at 3.) Defendants assert that bifurcating depositions based on whether the deponent is or is not a third party runs counter to "the evenhanded allocation of time required by the Federal Rules." (*Id.*) Third, Defendants assert that limiting their time to depose their third-party deponents, matched with having to allocate time for "three Defendant groups," would disproportionately expand Plaintiffs' deposition "time beyond the 7-hour rule." (*Id.*)

   B. *Plaintiffs' Arguments*.

Plaintiffs oppose Defendants' rigid bifurcation approach, especially as it relates to independent, third-party deponents. Instead of Defendants' bifurcated approach, Plaintiffs propose a five-hour two-hour allocation of time for third-party deponents. (*Id.* at 4.)

Plaintiffs support their five-to-two allocation approach with three arguments. First,

---

[2]   Defendants "are not married to th[is] specific allocation," and would not be opposed to a five-hour two-hour split where the opposing party has not provided cross-notice. (Doc. 321 at 2.)

- 2 -

Plaintiffs assert that Defendants' cross-noticing argument amounts to a "pay-to-play regime [which] finds no support in the Federal Rules[.]" (*Id.*) Second, Plaintiffs' assert that their allocation of choice is the fairest option, because Defendants' "discovery strategy focuses on third parties, while [theirs] focuses on Defendants and their employees." (*Id.*) Because Plaintiffs' deponents are employees of Defendants, all the Defendants would have to do to gain additional information is request voluntary declarations from their employees. (*Id.* at 4–5.) Conversely, because Defendants' deponents are independent third parties, Plaintiffs could not compel them "to sit beyond seven hours." (*Id.* at 4.) Third, Plaintiffs assert that their proposed allocation of time "prevents the gamesmanship that Defendants' rule invites. . . . [and] provides a clear standard for independent witnesses while preserving flexibility for aligned witnesses." (*Id.* at 5.)

## II. Legal Standards.

Rule 30 governs the procedures for conducting depositions via oral examination. *Loop AI Labs Inc v. Gatti*, No. 15-cv-00798-HSG (DMR), 2015 WL 5522166, at *4 (N.D. Cal. Sept. 18, 2015). Absent stipulation by the parties or court order, depositions are limited to "one day of 7 hours." Fed. R. Civ. P. 30(d)(1). "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence[.]" Fed. R. Civ. P. 30(c)(1). "As the Committee Notes on Rules for the 2000 Amendment explain, it is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court[.] *Preoccupation with timing is to be avoided.*" *Syncora Guarantee Inc. v. EMC Mortg. Corp.*, No. C 12-80028 SI, 2012 WL 12505608, at *1 (N.D. Cal. Mar. 8, 2012) (cleaned up and emphasis added); *Sexton v. Exxon Mobil Corp.*, No. CV 17-482-JWD-RLB, 2020 WL 515852, at *3 (M.D. La. Jan. 31, 2020) ("It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court.") (citation omitted).

"Moreover, '*there is no formal requirement* for a party seeking to cross-examine a deponent to serve a notice.'" Loop AI Labs Inc., 2015 WL 5522166, at *4 (cleaned up and emphasis added) (quoting *F.C.C. v. Mizuho Medy Co. Ltd.*, 257 F.R.D. 679, 681–82 (S.D.

Cal. 2009)). Notably, "[i]n a multi-party lawsuit, one party may notice the deposition and other parties may attend and cross-examine the deponent without . . . having to notice the deposition." *F.C.C.*, 257 F.R.D. at 682 (citing *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 642 (N.D. Ind. 1991)); *accord Longino v. City of Cincinna*, No. 1:12-CV-424, 2013 WL 831738, at *5 (S.D. Ohio Mar. 6, 2013) ("Rule 30 provides that a witness at a deposition is subject to both direct and cross-examination as such questioning would proceed at trial. . . . This means that counsel for both parties of a civil action are permitted to question witnesses during depositions, regardless of which party noticed the deposition.").

"The Federal Rules give district courts broad discretion to manage the manner in which discovery proceeds, including the manner in which examination time is allocated among competing parties at a time-limited deposition." *United States v. Glob. Bus. Travel Grp., Inc.*, No. 25 CIV. 215 (VM) (GS), 2025 WL 602982, at *2 (S.D.N.Y. Feb. 25, 2025) (cleaned up). "The Committee Notes to the 2000 Amendments to Rule 30 explain that the presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed." *Syncora Guarantee Inc.*, 2012 WL 12505608, at *2 (cleaned up). The party seeking a court-ordered extension "is expected to show good cause to justify such an order." *Id.*; *accord Pierre v. City of New York*, No. 120CV05116ALCVF, 2022 WL 2384150, at *1 (S.D.N.Y. July 1, 2022) ("In multi-party cases, the need for each party to examine the witness may warrant additional time, *although duplicative questioning is discouraged*[.] Whether good cause exists to extend a deposition beyond the presumptive time limit of seven hours is a fact-specific determination.") (cleaned up and emphasis added).

### III. Discussion.

There are three issues implicated in the instant motion: (a) the allocation of time for a non-noticing party; (b) the allocation of time for cooperating deponents; and (c) the allocation of time for a third-party deposition. Each issue will be addressed below.

//

**A. *Noticing Party*.**

The first point of disagreement between the parties is on whether time should be allocated differently based on whether the party has or has not noticed a deposition. Defendants support such an approach, asserting that *Syncora Guarantee Inc.*—which divided both parties' time evenly for an important witness—corroborates their position, whereas Plaintiffs oppose this approach. *See* (doc. 321 at 2, 4.)

The Court finds that allocating time strictly based on whether a party gave notice or cross-notice of a deposition is unwarranted under the federal rules. Upon review of federal caselaw, the Court finds a dearth of examples where a district court has required different allocations of time depending on whether the parties have noticed and cross-noticed a deposition. Instead, federal precedent reiterates time and time again that "[t]here is no formal requirement for a party seeking to cross-examine a deponent to serve a notice. . . . and other parties may attend and cross-examine the deponent without also having to notice the deposition." *F.C.C.*, 257 F.R.D. at 681–82; *Longino*, 2013 WL 831738, at *5 ("[C]ounsel for both parties of a civil action are permitted to question witnesses during depositions, regardless of which party noticed the deposition."); *cf. United States v. AT&T Inc.*, No. 1:11-CV-01560 (ESH), 2011 WL 13242960, at *2 (D.D.C. Nov. 27, 2011) ("There can be no serious disagreement that the 7-hour limit contemplates some degree of questioning by the non-noticing party.").

Furthermore, the Court finds Defendants invocation of *Syncora Guarantee Inc.* inapplicable, as the court in that action divided the parties deposition time evenly based on the specific deponents "central importance to th[e] litigation[,]" not based on notice.[3] *Syncora Guarantee Inc.*, 2012 WL 12505608, at *2. Hence, the Court will not strictly bifurcate depositions based on notice or the lack thereof.

//

---

[3] Although both parties noticed the deposition, the court did not rely on this factor in coming to its decision to extend the depositions to *two days* evenly split by the parties. *Syncora Guarantee Inc.*, 2012 WL 12505608, at *1–2. Rather, the court based it on the deponent's central importance to the action and because both parties' counsel would have to travel to depose that deponent. *Id.* at *2.

**B. *Cooperating Deponents*.**

The next issue involves whether Plaintiffs' proposed allocation of time for their deponents, who by and large are Defendants' employees, is permissible. Plaintiffs appear to argue that they should be allotted all seven hours to depose Defendants' employees. (Doc. 321 at 4–5.) Defendants oppose such an allocation, claiming that it is inapposite with the federal rules and fundamental fairness. (*Id.* at 3.) The Court disagrees with Defendants.

As our sister courts have noted on multiple occasions, "[c]ourts recognize that giving one party more time to depose a nonparty witness may be justified where the other party enjoys or has enjoyed greater access to the witness." *Glob. Bus. Travel Grp., Inc.*, 2025 WL 602982, at \*2; *Loop AI Labs Inc.*, 2015 WL 5522166, at \*4 (addressing whether a deponent is cooperating with a party in regards to allocation of deposition time) *Oasis Med., Inc. v. I-Med Pharma USA Inc.*, No. 23MC206ALCBCM, 2023 WL 6301728 (S.D.N.Y. Sept. 1, 2023) (discussing allegiances of a deponent in determining the allocation of time for the deposition); *City of Almaty, Kaz. v. Ablyazov*, No. 15CV05345AJNKHP, 2018 WL 11270086 (S.D.N.Y. July 13, 2018) (discussing plaintiff's advantage in terms of a cooperating agreement with a deponent when determining whether additional time should be provided to the opposing side); *Univ. Tenn. Rsch. Found. v. Caelum Biosciences, Inc.*, No. 3:19-CV-508-CEA-DCP, 2023 WL 27872, at \*2 (E.D. Tenn. Jan. 3, 2023) ("The Court declines to enter Plaintiff's proposal to split the time evenly because . . . [the deponent] appears to be cooperating with Plaintiff given that they share counsel[.]"). *But see Sexton*, 2020 WL 515852, at \*3 (refusing to address the split of time between parties for a cooperating deponent because "the [c]ourt [was not] in a position to make a strictly proportional allocation of time in light of the record before it").

Considering the federal precedent on this matter, the Court finds the proper course is to permit Plaintiff to use seven hours to depose *current employees*[4] of Defendants.

---

[4] Where a party is no longer an employee of the opposing party, the Court finds that they are no longer under the control of that party and are, in effect, no longer cooperating with that party. *Cf. Longino*, 2013 WL 831738, at \*5 (noting that when an individual has retired, they are "no longer under [the party's] control[.]"). Consequently, if Plaintiffs have noticed depositions for former employees of Defendants, Plaintiffs shall be permitted six hours and Defendants shall be permitted one hour to examine the deponent.

However, because good cause is shown to extend the depositions for these cooperating deponents, Defendants may, at their discretion, extend the depositions by another hour so that they may cross-examine those deponents.[5]

### C. Third Party Deponents.

The final issue the Court will address is whether Plaintiffs' proposed five-two split for third party deponents or Defendants' six-one approach will apply. The Court notes that the law and analysis here is, by and large, an amalgamation of the preceding analyses. Because the deponents in question are independent from either party in this action, they cannot be considered to be 'cooperating' with either party,[6] necessitating a reasonable split between the party noticing the deposition and the opposing party—irrespective of cross-notice.[7] Pairing these considerations with a time-limited deposition where it may be impracticable to require a third party deponent to sit beyond seven hour, the Court must strike a reasonable balance of time between the parties.

Here, that reasonable balance is a five-two split, whereby Defendants shall have five hours to depose their deponents, and Plaintiffs shall have two hours thereafter. Such a division appears to be a fair compromise between Defendants' interest in sufficiently deposing their deponents and Plaintiffs' interest having sufficient time to cross-examine said deponents. Furthermore, this divide comports with our sister district's allocation of time in *Loop AI Labs Inc.*, which similarly allocated a five-two split for a non-cooperating independent deponent. *See Loop AI Labs Inc.*, 2015 WL 5522166, at *4.

While the Court recognizes that there are three groupings of Defendants that seek to examine each noticed deponent, the Court notes that they "have many aligned interests," making it appropriate that they share each five-hour period "in any way [the parties] deem appropriate." *Hunt Constr. Grp., Inc. v. Cobb Mech. Contractors, Inc.*, No. A-17-CV-215-

---

[5] "While neither party to the litigation moved for an extension of the deposition, the Court finds that granting an extension falls within its broad discretion to manage discovery." *Syncora Guarantee Inc.*, 2012 WL 12505608, at *2 n.1 (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials.")).

[6] *See supra* section III.B.

[7] *See supra* section III.A.

LY, 2018 WL 6834511, at *2 (W.D. Tex. Dec. 21, 2018). This finding is of course caveated by the fact that the parties may, upon agreement, allocate the seven hours as they so wish.

Accordingly,

**IT IS ORDERED** that the parties' Joint Discovery Motion (doc. 321) is **GRANTED** as to **PLAINTIFFS IN PART AND DEFENDANTS IN PART**.

**IT IS FURTHER ORDERED** that Defendants' deposition of third-party deponents is limited to **SEVEN (7) HOURS**, whereby Defendants shall have **FIVE (5) HOURS** to examine the deponent, and Plaintiffs shall have **TWO (2) HOURS** to cross-examine.

**IT IS FURTHER ORDERED** that Plaintiffs' depositions of **CURRENT EMPLOYEES** of Defendants shall be limited to **EIGHT (8) HOURS**, whereby Plaintiffs shall have **SEVEN (7) HOURS** to examine the deponent, and Defendants shall have **ONE (1) HOUR** to cross-examine.

**IT IS FURTHER ORDERED** that, for all other deponents, the noticing party shall be allocated **SIX (6) HOURS** to examine a deponent, and the opposing party shall have **ONE (1) HOUR** to cross-examine the deponent. However, **IF THE PARTIES AGREE**, they may allocate the deposition time in any manner of their choosing. ***AS A LAST RESORT***, the parties **MAY** submit a request for additional time to depose a deponent.

Dated this 17th day of February, 2026.

Honorable John Z. Boyle
United States Magistrate Judge