ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
ERIKA L. OLIVER (CA 306614)
RACHEL A. COCALIS (CA 312376)
MATTHEW J. BALOTTA (CA 310303)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: | REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED BY THE CARVANA DEFENDANTS |
| All Actions. | ORAL ARGUMENT: FEBRUARY 23. 2026 10:00 AM |

4927-0550-5168.v1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................. 1

II.  DEFENDANTS' INTENTION TO GO BEYOND MERELY STATING THAT LAWYERS WERE RETAINED FOR THE APRIL 2022 OFFERING DUE DILIGENCE WAIVES PRIVILEGE ........................................ 2

III. EVIDENCE OR ARGUMENT IN SUPPORT OF THE GOOD FAITH DEFENSE THAT GOES BEYOND THE MERE RETENTION OF LAWYERS WAIVES PRIVILEGE ................................................................. 4

IV.  THE UNDERWRITER DEFENDANTS' "RESPONSE" IS IMPROPER ............ 8

V.   CONCLUSION .............................................................................................. 9

4927-0550-5168.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Baker v. SeaWorld Ent., Inc.*,
2020 WL 241441 (S.D. Cal. 2020) ........................................................................ 1, 6, 7

*Bittaker v. Woodford*,
331 F.3d 715 (9th Cir. 2003) ...................................................................................... 5

*In re Broadcom Corp. Sec. Litig.*,
2005 WL 1403516 (C.D. Cal. 2005) ....................................................................... 5, 6

*In re Charles Schwab Corp. Sec. Litig.*,
2010 WL 11937102 (N.D. Cal. 2010) .................................................................. 1, 3, 4

*In re Int'l Rectifier Sec. Litig.*,
1997 WL 529600 (C.D. Cal. 1997) .............................................................................. 4

*In re Lidoderm Antitrust Litig.*,
2016 WL 4191612 (N.D. Cal. 2016) ............................................................................ 4

*In re Refco, Inc. Sec. Litig.*,
2010 WL 11882293 (S.D.N.Y. 2010) .......................................................................... 8

*Melendres v. Arpaio*,
2015 WL 12911719 (D. Ariz. 2015) ............................................................................ 4

*PacifiCorp v. St. Paul Surplus Lines Ins. Co.*,
2025 WL 2838953 (D. Or. 2025) ................................................................................. 9

*Rambus Inc. v. Samsung Elecs. Co., Ltd.*,
2007 WL 3444376 (N.D. Cal. 2007) ............................................................................ 6

*Shenwick v. Twitter, Inc.*,
2021 WL 1232451 (N.D. Cal. 2021) ................................................................... 1, 6, 7

*Smilovits v. First Solar, Inc.*,
2019 WL 6698199 (D. Ariz. 2019) .................................................................. 1, 6, 7, 8

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ..................................................................................................... 9

*United Food & Com. Workers Union v.*
*Chesapeake Energy Corp.*,
2012 WL 2370637 (W.D. Okla. 2012) ..................................................................... 4, 8

- ii -

4927-0550-5168.v1

**Page**

*United States v. Amlani*,
169 F.3d 1189 (9th Cir. 1999) ........................................................................ 4

*Wang v. Zymergen Inc.*,
2025 WL 416161 (N.D. Cal. 2025) ............................................................. 3, 6

*Wang v. Zymergen Inc.*,
2025 WL 579197 (N.D. Cal. 2025) ............................................................... 6

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
§78t(a) ........................................................................................................... 4

4927-0550-5168.v1

Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan submit this reply in support of their Motion to Compel the Production of Documents Improperly Withheld as Privileged by the Carvana Defendants (ECF 301) ("Motion") and in opposition to the Carvana Defendants' Opposition to Lead Plaintiffs' Motion to Compel (ECF 323) (the "Opposition" or "Opp.") and the Underwriter Defendants' improper request for an advisory ruling (ECF 325).[1]

## I.    INTRODUCTION

The Carvana Defendants' Opposition ends with the lament that if Plaintiffs prevail they will be faced with the "untenable and nonsensical" choice of whether to: "(1) assert the Good Faith and Due Diligence defenses completely and waive privilege; (2) assert the defenses, but . . . not tell the whole truth about [Carvana's] processes; or (3) abandon the defenses." Opp. at 15. That framing misstates the issue. No one is forcing Defendants to abandon their defenses. They are simply being required to make the same election that courts consistently require in this Circuit: either limit themselves to a narrow, non-prejudicial fact that counsel was retained, or, if they intend to rely on counsel's participation to bolster their defenses, produce the materials necessary to test that claim. That is what the court in *Twitter* held when faced with the same issue (and the same arguments Defendants make here). It is also what the court in *SeaWorld* said. And the court in *First Solar*. And the court in *Charles Schwab*.

If, as the Carvana Defendants claim, the only evidence they intend to introduce is the bare fact that lawyers were part of a process at Carvana, then the solution is simple: the jury can be provided with a limited, stipulated fact – that lawyers were retained as part of Carvana's process to review the Company's Registration Statement and its system for supervision and internal control of public disclosures – and no additional evidence or argument from Defendants about the "involvement" of the lawyers would be necessary or permitted. To be clear, that would leave Plaintiffs free to argue that there is no evidence

---

[1]    All capitalized terms have the same meaning as set forth in Plaintiffs' Motion and, unless otherwise stated, all citations are omitted and emphasis is added.

Carvana's lawyers actually investigated the underlying facts or approved anything. That is the strategic choice the Carvana Defendants must make.

As evidenced by the Carvana Defendants' non-limiting use of the term "involvement" and the exhibits Defendants attach to their Opposition, it is clear they do not want to make that choice. The Carvana Defendants want the sword and the shield. They want to introduce evidence and argument designed to compel only one conclusion: that Carvana's lawyers actually reviewed and approved of the statements at issue in this case. Yet Plaintiffs are blocked from refuting that conclusion because the Carvana Defendants have used the claim of privilege to thwart discovery into documents reflecting what the lawyers actually did, what information they had or lacked, and what conclusions, if any, they actually reached.

Carvana's proposed solution – a limiting instruction telling the jury not to assume what counsel concluded – only underscores the prejudice. A jury instruction cannot restore fairness where Defendants place counsel's "involvement" before the jury in a manner that invites a sign-off inference, while withholding the very materials capable of rebutting that inference. That is the prejudice that has led court after court to reject Defendants' position.

## II. DEFENDANTS' INTENTION TO GO BEYOND MERELY STATING THAT LAWYERS WERE RETAINED FOR THE APRIL 2022 OFFERING DUE DILIGENCE WAIVES PRIVILEGE

The Carvana Defendants claim that they "will exclusively point to attorneys for the process-focused 'reasonable investigation' prong" of the due diligence defense and argue "merely telling the jury that 'counsel was consulted'" does not waive privilege. Opp. at 7. If that is true, then Defendants should have no problem agreeing to Plaintiffs' proposal that the parties stipulate to the fact that Carvana retained lawyers as part of the April 2022 offering due diligence process. Any other evidence or argument from Defendants about what those lawyers' "involvement" was in the due diligence process would be unnecessary and, thus, excluded.

Plaintiffs doubt the Carvana Defendants will sign off on this simple solution. That is because Defendants do not merely want the jury to know lawyers were retained, they want the jury to infer that those lawyers substantively reviewed the Registration Statement and

- 2 -

4927-0550-5168.v1

affirmatively approved the disclosures at issue. That is not "process." That is implied legal endorsement.

The Carvana Defendants' own submission confirms this intent. For example, Exhibit 5 to the Declaration of Kalana Kariyawasam contains an April 22, 2022 email from Kirkland & Ellis that reads "carvana and K&E [Kirkland & Ellis] are signed off go ahead with this one." ECF 324-5 at -373 (referencing the April 2022 offering memorandum). That language is not evidence of mere retention. It is proof that Defendants intend to suggest substantive review and affirmative approval by counsel. The sole purpose for offering such a document is to show the jury what Kirkland & Ellis purportedly did (reviewed the April 2022 offering materials) and the conclusion that the Defendants want the jury to draw (that counsel "signed off" on the April 2022 offering documents).

Once Defendants cross the line from "we retained counsel" to "counsel reviewed and signed off," they place counsel's substantive role squarely at issue. The legal advice Kirkland & Ellis provided to Carvana – that they had approved the contents of the April 2022 offering document – is exactly what the Carvana Defendants are putting at issue with this evidence. Consequently, they must either produce the Kirkland & Ellis due diligence materials they have withheld or be precluded from using any evidence suggesting anything other than the mere fact that Kirkland & Ellis was retained as part of the due diligence process.

Defendants' central case, *Wang v. Zymergen Inc.*, 2025 WL 416161 (N.D. Cal. 2025), squarely supports Plaintiffs. *Zymergen* recognized that "if the [due diligence] defense is supported by counsel's participation in the investigation, then documents reflecting that participation, including communications with Defendants as to what they were learning in the investigation are discoverable." *Id.* at *3. That is precisely the circumstance here. Defendants have identified counsel as participants in the investigation and intend to rely on that participation to establish their due diligence defense.

The same principle governs *In re Charles Schwab Corp. Sec. Litig.*, 2010 WL 11937102 (N.D. Cal. 2010). Judge Alsup held that a defendant may not go beyond merely

- 3 -

saying "competent counsel had been employed." *Id.* at *1. If a defendant relies on what counsel did, investigated, reviewed, or said, then there will be a waiver of privilege as to, *inter alia*, "the investigative process used to prepare the registration statement," "the scope of the engagement," and "the registration statement itself." *Id.*[2] Defendants here are attempting to do exactly what *Charles Schwab* prohibits: suggesting substantive attorney review and approval while withholding the underlying communications.

Once again, if the Carvana Defendants want to offer argument or evidence about what their lawyers' involvement in due diligence entailed, then they waive privilege as to the documents regarding that involvement. If they do not want to waive privilege, then they are limited to simply saying they retained lawyers as part of the due diligence process. It is their choice and a choice they must make now.

### III.    EVIDENCE OR ARGUMENT IN SUPPORT OF THE GOOD FAITH DEFENSE THAT GOES BEYOND THE MERE RETENTION OF LAWYERS WAIVES PRIVILEGE

The Carvana Defendants argue that, for their good faith defense to Plaintiffs' §20(a) Exchange Act claim, all they need to do is show they "'maintained and enforced a reasonable and proper system of supervision and internal control'" and that they will only reference attorneys to show "[t]heir [i]nclusion in a '[s]ystem.'" Opp. at 9-10. Based on that, Defendants do not need anything more than what Plaintiffs have already said they will

---

[2] None of the other cases cited by the Carvana Defendants provides any support for the contention that they can offer evidence about what their lawyers purportedly did or concluded without triggering a waiver of privilege. *In re Int'l Rectifier Sec. Litig.*, 1997 WL 529600 (C.D. Cal. 1997), says nothing at all about any reliance on the involvement of lawyers in due diligence and did not deal with any dispute about waiver. *Melendres v. Arpaio*, 2015 WL 12911719 (D. Ariz. 2015), does not involve the due diligence (or good faith) defense and merely stands for the proposition that saying legal counsel was consulted does not, on its own, necessarily waive privilege. And *United Food & Com. Workers Union v. Chesapeake Energy Corp.*, 2012 WL 2370637 (W.D. Okla. 2012), simply found no waiver in the specific circumstances there. Moreover, the Tenth Circuit law relied upon by the *Chesapeake Energy* court contradicts Ninth Circuit authority where the question of implicit waiver is not what the party raising the privilege intends to rely on but rather that "'the privilege would deny the opposing party access to information.'" *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999); *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at *4 (N.D. Cal. 2016) ("Contrary to defendants' position, the actual use of attorney client information in prosecuting or defending this case is not necessary to effect an implied waiver" in the Ninth Circuit.).

- 4 -

stipulate to: that Defendants retained lawyers as part of Carvana's system or process for supervision and internal control.  Anything beyond that would, at a minimum, suggest that the Company's lawyers actually approved of the statements at issue, severely prejudicing Plaintiffs if the relevant documents are kept hidden behind the claim of privilege.[3]

Implicitly admitting their plan to go beyond the mere fact of retention, the Carvana Defendants argue that they should be able use evidence about their lawyers' involvement in reviewing and approving public disclosures.  They argue that this strategy would not trigger a waiver because they are not relying on any specific communications. Opp. at 10.  That is legal fiction.  In the Ninth Circuit, a defendant does not need to rely on any specific communication or specific advice from a lawyer to implicitly waive privilege.  A waiver of privilege is triggered where a party "assert[s] claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).

The court in *In re Broadcom Corp. Sec. Litig.*, 2005 WL 1403516 (C.D. Cal. 2005), applied *Bittaker* to the good faith defense under virtually identical facts.  In *Broadcom*, the defendants argued that they were not relying on any specific communications and would only testify that the

> disclosure document was reviewed by the company lawyers, defendants are not lawyers and don't have company responsibility for making the ultimate decision of what is legally required under applicable laws, the lawyers involved in the process were competent and skilled, and defendants understood and expected the lawyers faithfully and competently did their job.

2005 WL 1403516, at *2.  The fact that the defendants were not relying on any specific communication or advice did not prevent the waiver of privilege.  Rather, the court recognized:

---

[3]    The Carvana Defendants have acknowledged that they "do not intend [to] point to attorneys to prove their state of mind."  Opp. at 10.  But Defendants fail to explain why invoking the involvement of attorneys results in a waiver in the context of assessing Defendants' scienter – which Defendants tacitly admit – but does not do so in the context of their due diligence and good faith defenses.

- 5 -

> In effect, defendants are saying they relied on their excellent attorney to do a good job examining all the documents to tell them if anything was wrong, and their lawyers never said anything was wrong, with the unmistakable inference defendants felt assured the lawyers thought everything was legal.

*Id.* As a result, privilege was waived. *Id.* at *3; *see also Rambus Inc. v. Samsung Elecs. Co., Ltd.*, 2007 WL 3444376, at *3 (N.D. Cal. 2007) (rejecting argument that a party must attempt to utilize privileged material before there is a waiver of privilege).

Defendants again rely heavily on rulings in *Wang v. Zymergen Inc.* Opp. at 10-11. While the analysis is sparse, the Magistrate Judge's good faith ruling there appears to have hinged on whether "Defendants are relying on communications with counsel." *Wang v. Zymergen Inc.*, 2025 WL 579197, at *2 (N.D. Cal. 2025). To the extent that is true, then it runs afoul of the Ninth Circuit's rule, discussed above, on what triggers a waiver.

Defendants suggest that *Smilovits v. First Solar, Inc.*, 2019 WL 6698199 (D. Ariz. 2019), supports their position. Opp. at 10. But Judge Campbell strictly limited the defendants to introducing evidence that corporate disclosures were reviewed by an attorney and expressly barred anything that "would leave the impression that the lawyers provided unqualified approval of all that Defendants did." *First Solar*, 2019 WL 6698199, at *2. As Judge Tigar recognized in *Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *4 (N.D. Cal. 2021), even the limited scope of the *First Solar* decision is hard to discern since there is no discussion of the evidence underlying the decision.[4] Finally, to argue that the order in *Baker v. SeaWorld Ent., Inc.*, 2020 WL 241441, at *1 (S.D. Cal. 2020) was later altered, Defendants offer snippets of a hearing transcript containing the court's back-and-forth with the parties while omitting Judge Anello's final ruling: "I'm going to confirm the tentative as to motion number three." Transcript of Motion Hearing at 104:18-19, *Baker v. SeaWorld Ent., Inc.*, No. 3:14-cv-02129 (S.D. Cal. Jan. 24, 2020), ECF 512. That order categorically

---

[4]    Unable to refute or distinguish the directly-on-point holding in *Twitter*, the Carvana Defendants appear to suggest that there was no §20(a) claim in the case. Opp. at 12. That is wrong. *See* Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws, ¶¶169-170, *Shenwick v. Twitter, Inc.*, 4:16-cv-05314 (N.D. Cal. Mar. 3, 2017), ECF 81 (§20(a) claim).

- 6 -

4927-0550-5168.v1

excluded all "evidence or argument that: (i) lawyers were involved in the disclosure process [and] (ii) lawyers prepared, reviewed, or approved documents, statements or conduct at issue." *SeaWorld*, 2020 WL 241441, at *1.

*First Solar*, *SeaWorld*, *Twitter*, and the other cases Plaintiffs identified in their opening brief are all consistent in finding that a plaintiff would be prejudiced when evidence regarding the involvement or approval of counsel is permitted while the documents regarding that involvement or approval are withheld on the basis of privilege. The Carvana Defendants' own argument reinforces this point. They claim that "Plaintiffs are free to critique the non-privileged aspects of the Individual Defendants' system of supervision and investigation – including the extent to which they consulted lawyers – to argue their actions were inadequate." Opp. at 13-14. That assertion is absurd. The Carvana Defendants have hamstrung Plaintiffs by withholding the 1,278 documents logged in Category 1 of their privilege log that purportedly reflect Kirkland & Ellis' review of investor communications and SEC filings. ECF 303-5 (Exhibit 15 to the Declaration of Sarah A. Fallon). Without these materials, Plaintiffs cannot know whether any of the press releases or SEC financial filings at issue were even sent to Carvana's counsel, what instructions counsel received, or what information counsel actually possessed. Defendants cannot pick and choose only the "non-privileged aspects" of their purported supervision for Plaintiffs to critique. That is the quintessential use of the attorney client privilege as both a sword and a shield.

As with the due diligence defense, the Carvana Defendants must make a choice. If they intend to introduce argument or evidence describing their lawyers' involvement in Carvana's system of supervision and internal controls for public statements, then they necessarily waive privilege as to the documents regarding that involvement. Conversely, if they wish to maintain their privilege, they must be limited the bare fact that counsel was retained as part of Carvana's system of supervision and internal controls. Defendants cannot have it both ways; they may not wield counsel's purported oversight as a sword to prove their good faith while using privilege as a shield to suppress the evidence necessary to test that claim.

4927-0550-5168.v1

## IV.    THE UNDERWRITER DEFENDANTS' "RESPONSE" IS IMPROPER

Perhaps recognizing the infirmities with the Carvana Defendants' position, the Underwriter Defendants (Citigroup Global Markets Inc. and J.P. Morgan Securities LLC) filed an improper request for an advisory opinion in response to Plaintiffs' Motion. They ask the Court to preemptively decide what they can or cannot present to the jury and, accordingly, what they must produce to Plaintiffs or can withhold as privileged. ECF 325 ("Underwriters' Response").

The Underwriters' Response is improper for three fundamental reasons. ***First***, despite having the opportunity to request leave to submit a brief in a dispute that did not involve them, the Underwriters never did so. The Court's Order authorizing a response was strictly limited to the ***Carvana Defendants***. *See* ECF 297 at 1.

***Second***, the Underwriter Defendants admit they have yet to produce a privilege log. *See* ECF 325 at 3-4. Furthermore, they have failed to disclose the factual basis for their due diligence defense. For example, until the filing of the Response, the Underwriters had not previously claimed that they would prove the sufficiency of their factual investigation by including evidence of the investigation by outside counsel. *See id.* at 4. Any dispute about the Underwriters' defenses and waiver is premature. *See id.* at 5.[5]

***Third***, because Plaintiffs' Motion is directed solely at the Carvana Defendants, there is no ripe controversy involving the Underwriters. *See* Motion. The Underwriters have not identified which documents they are withholding, as discussed *supra*. As such, Plaintiffs have not (yet) moved to compel any documents withheld by the Underwriters. The Underwriters explicitly concede this lack of ripeness, admitting there are "no ripe disputes for the Court to resolve relating to the Underwriter Defendants' defense." *See* ECF 325 at 1.

---

[5]    The applicability of the Underwriters' authority is merely hypothetical at this point. Underwriters' Response at 4-6 (citing, *inter alia*, *In re Refco, Inc. Sec. Litig.*, 2010 WL 11882293, at *2 (S.D.N.Y. 2010); *Chesapeake Energy*, 2012 WL 2370637, at *9). Nevertheless, it is notable that the Underwriters, like the Carvana Defendants, are relying on out-of-Circuit authority that applies waiver requirements different from that applied in the Ninth Circuit. *See supra*, §III.

4927-0550-5168.v1

Nevertheless, the Underwriters "request that the Court make clear in any forthcoming order . . . that the assertion of a due diligence defense does not effect a waiver of the attorney-client privilege." *Id.* at 6.  This is a textbook request for an impermissible advisory opinion.  *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021) ("[F]ederal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission to publicly opine on every legal question. . . .  And federal courts do not issue advisory opinions.").  The Court cannot proactively make a conclusion of law based on the Underwriters' hypothetical facts.  *See PacifiCorp v. St. Paul Surplus Lines Ins. Co.*, 2025 WL 2838953, at *5 (D. Or. 2025) (denying the plaintiff's "requests for clarification" because it asked the court "to rule in the hypothetical without adequate briefing, *i.e.*, issue an advisory opinion" and "'Federal courts are constitutionally prohibited from issuing advisory opinions'").  Granting this request would prejudice Plaintiffs by stripping them of the right to challenge the application of law to actual documents once a log is finally produced.

## V.   CONCLUSION

The Carvana Defendants must make a choice.  They can either stipulate that the sole evidence concerning lawyers they intend to proffer is the narrow, non-prejudicial fact that counsel was retained, or they must produce the withheld discovery.  If Defendants wish to maintain privilege, they must agree that the only evidence involving lawyers relevant to their due diligence and good faith defenses is the narrow, non-prejudicial fact that counsel was retained as part of Carvana's process to review the Registration Statement and system for supervision and internal control of public disclosures, and that no additional evidence or argument suggesting the substantive involvement or approval of those lawyers shall be permitted by the Carvana Defendants.  But absent that confirmation (or abandoning the defenses), Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and order the Carvana Defendants to produce all documents regarding the involvement of their lawyers in the April 2022 offering due diligence and any review or approval of Carvana's Registration Statement and public disclosures.  Finally, Plaintiffs urge the Court to strike or disregard the

- 9 -

4927-0550-5168.v1

Underwriters' unauthorized Response and decline to issue any advisory opinion based upon that hypothetical record.

DATED:  February 18, 2026　　　　　　　Respectfully submitted,

ROBBINS GELLER RUDMAN
　& DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


　　　　　　　　　　　s/ Tor Gronborg
　　　　　　　　　　TOR GRONBORG

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
mbalotta@rgrdlaw.com
sfallon@rgrdlaw.com

ROBBINS GELLER RUDMAN
　& DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

- 10 -

4927-0550-5168.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
MATHEW ANDREWS
(Admitted *pro hac vice*)
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
mandrews@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT I. DION
(Admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdion@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 11 -

4927-0550-5168.v1