**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Carvana Company, et al., <br><br> Respondents. | No. CV-22-02126-PHX-MTL <br><br> **ORDER** |

Pending before the Court is Lead Plaintiffs' Motion to Compel the Production of Documents Improperly Withheld as Privileged by the Carvana Defendants (Doc. 301). The issue is fully briefed, and the Court heard oral argument on the motion.

**I.    BACKGROUND**

This putative securities class action alleges violations of the Securities Act and the Exchange Act by Carvana and its founders, officers, directors, and underwriters.[*] The case arises out of Carvana's 2022 public offering. In their discovery responses, the Individual Defendants say that they relied on counsel in their investigation related to the offering. (Doc. 302.) Plaintiffs contend the Individual Defendants cannot use evidence of attorney involvement beyond attorney retention to establish their due diligence or good faith defenses while withholding attorney-client communications that speak to the integrity of

---

[*] Although Plaintiffs' motion is directed at the Carvana Defendants, only the Individual Defendants plan to assert the defenses at issue in the motion. (Doc. 323 at 7 n.2.) The Individual Defendants are Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan. The Court will consider this motion with respect to the Individual Defendants only.

those defenses. (Doc. 301 at 8-19.) Lead Plaintiffs move to compel the production of attorney-client communications that underlie counsel's involvement. (Doc. 301.) The Individual Defendants oppose the motion, arguing that evidence of attorney involvement supports their defenses without waiving attorney-client privilege. (Doc. 325.)

## II. LEGAL STANDARD

Federal common law governs the applicability of the attorney-client privilege in federal securities cases. *See United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009). "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." *Id.* at 607 (citation modified). The party asserting privilege bears the burden of proving the applicability of the privilege. *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977). "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

Attorney-client privilege may not be used as both a sword and shield. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). "[T]his means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). A party asserting privilege implicitly waives privilege where (1) "the party is asserting the privilege as the result of some affirmative act," (2) "the asserting party puts the privileged information at issue," and (3) "allowing the privilege would deny the opposing party access to information vital to its defense." *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (citation modified). "Implied waiver is based on the rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1117 (9th Cir. 2020) (citation modified).

. . .

. . .

## III. DISCUSSION

### A. The Underwriter Defendants

As an initial matter, the Court will address the Underwriter Defendants' response to Plaintiffs' motion. (Doc. 325.) Plaintiffs' Motion is directed solely at the Carvana Defendants, so there is no controversy for the Court to consider with respect to the Underwriter Defendants. (Docs. 325 at 1, 327 at 12.) The Court will strike the Underwriter Defendants' response (Doc. 325).

### B. The Individual Defendants' Asserted Defenses

The Individual Defendants assert due diligence and good faith defenses, exceptions to liability under Section 11, 5 U.S.C. § 77k(b)(3), and Section 20(a), 15 U.S.C. § 78t(a), respectively. (Doc. 15) The question is whether the Individual Defendants may present the fact of counsel's participation to support these defenses without putting counsel's "performance at issue during the course of litigation." *Sanmina Corp.*, 968 F.3d at 1117.

#### 1. Due Diligence Defense

To establish a due diligence defense, a defendant must demonstrate: (1) that the defendant conducted a reasonable investigation and (2) that the defendant reasonably believed the registration statement was accurate. *Hunt v. PricewaterhouseCoopers LLP*, 159 F.4th 603, 611 (9th Cir. 2025). Only the first prong is at issue, since the Individual Defendants commit to offering evidence of attorney involvement for purposes of arguing the "reasonable investigation" prong. (Doc. 323 at 13.) In evaluating whether conduct constitutes a reasonable investigation, courts consider, among other things, "[r]easonable reliance on officers, employees, and others whose duties should have given them knowledge of the particular facts." 17 C.F.R. § 230.176(f); *see also In re Int'l Rectifier Sec. Litig.*, No. CV91-3357-RMT, 1997 WL 529600, at *8 (C.D. Cal. Mar. 31, 1997) (considering numerous factors, including the defendants' familiarity with the company's operations and whether interviews were conducted with counsel). The investigation must be objectively reasonable. *See* 15 U.S.C. § 77k(c). The Individual Defendants' due diligence defense is distinct from a reliance on counsel defense. (Doc. 323 at 13); *see*

*United Food & Com. Workers Union v. Chesapeake Energy Corp.*, No. CIV-09-1114-D, 2012 WL 2370637, at *9 (W.D. Okla. June 22, 2012). The Individual Defendants' assertion of a due diligence defense does not require proof of reliance on counsel. *Id.*

The Individual Defendants admit that they relied on counsel for the asserted "reasonable investigation" and as a basis for their "good faith belief." (Docs. 302.) A "court may focus on the 'belief' component of the statutory defense and, where counsel was involved in the due diligence investigation, find a basis for a limited, implicit waiver of the privilege." *Wang v. Zymergen ("Zymergen I")*, No. 21-cv-06028-PCP, 2025 WL 416161, at *1-2 (N.D. Cal. Feb. 6, 2025). The court did so in *In re Charles Schwab Corp. Sec. Litig.*, No. 3:08-cv-01510-WHA, 2010 WL 11937102 (N.D. Cal. Feb. 23, 2010), the primary case that Plaintiffs rely upon for the proposition that privilege is waived with respect to the due diligence defense. The court found a waiver of privilege where attorney involvement was offered to prove "subjective state of mind." *Id.* at *1. But again, the Individual Defendants will argue counsel's participation to prove the "reasonable investigation" prong, not to prove their belief in the accuracy of the offering materials. (Doc. 323 at 13.) *In re Charles Schwab* does not apply to the present case where the Individual Defendants will not use attorney participation to prove their belief.

The fact that attorneys participated in the due diligence process does not necessarily implicate the substance or veracity of that participation. "[T]here is no automatic implied waiver from asserting the due diligence defense where the assertion of privilege is narrowly drawn to protect only communications of legal advice as distinguished from counsel's non-privileged participation in the due diligence process." *Wang v. Zymergen Inc. ("Zymergen II")*, No. 21-CV-06028-PCP (SVK), 2025 WL 579197, at *3 (N.D. Cal. Feb. 21, 2025), reconsideration denied, No. 21-CV-06028-PCP (SVK), 2025 WL 2978393 (N.D. Cal. Oct. 22, 2025). In their discovery responses, the Individual Defendants admit that they relied on counsel in their investigation and identify the counsel relied upon. (Doc. 302.) That information, routinely disclosed in public filings pursuant to U.S.C. § 77aa(23), amounts only to counsel's non-privileged participation in the due diligence process. The Individual

Defendants do not categorically waive privilege by introducing the fact of attorney involvement to demonstrate the objective reasonableness of their investigation.

### 2. Good Faith Defense

The Individual Defendants assert a good faith defense, an exception to liability under Section 20(a). 15 U.S.C. § 78t(a). The Individual Defendants must demonstrate that they (1) "acted in good faith," and (2) "did not directly or indirectly induce the act or acts constituting the violation or cause of action." *Id.* The Individual Defendants seek to submit evidence of attorney participation to prove the first prong. (Doc. 323 at 15-16.) To demonstrate that they acted in "good faith," the Individual Defendants must show they "maintained and enforced a reasonable and proper system of supervision and internal control." *Hollinger v. Titan Corp.*, 914 F.2d 1564, 1576 (9th Cir. 1990).

The Individual Defendants plan to offer evidence at trial of attorney participation to demonstrate a system of supervision and internal control. (Doc. 323 at 16-17.) As with the due diligence defense, offering evidence of attorney involvement to demonstrate an objective process is not the same as showing reliance on the substance of attorney communications. *Zymergen II*, 2025 WL 579197, at *2; *see also Smilovits v. First Solar, Inc.*, 2019 WL 6698199 (D. Ariz. Dec. 9, 2019). The Court therefore finds that the Individual Defendants do not waive attorney-client privilege by offering evidence of attorney participation solely to demonstrate the reasonableness of their system of supervision and internal control.

### C. Evidence Beyond Participation

The Individual Defendants will not be permitted to submit evidence or present argument beyond the fact of attorney participation. Nor may they offer evidence of attorney participation for a purpose other than demonstrating the reasonableness of the Individual Defendants' investigation and system. For example, Plaintiffs point to an April 22, 2022, email where Kirkland & Ellis attorneys state that they have "signed off" on the offering memorandum. (Doc. 327 at 7.) Plaintiffs contend that "cross[ing] the line from 'we retained counsel' to 'counsel reviewed and signed off,'" places the substance of counsel's

performance at issue. (Doc. 327 at 7.) That is what the court concluded in *First Solar* when it found that the defendants were permitted to "present evidence that counsel reviewed corporate disclosures and stock-sale plans or attended meetings," but were not permitted to "present evidence that counsel approved the disclosures or plans or that Defendants relied on what the lawyers said about the disclosures or plans." *First Solar*, 2019 WL 6698199, at *2. The Court adopts the same boundary outlined in *First Solar*.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Lead Plaintiff's Motion to Compel (Doc. 301) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must strike the Underwriter Defendants' response (Doc. 325).

Dated this 24th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge