## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Respondents. | |

Pending before the Court is Defendants' "Motion to Seal Privilege Log" ("Motion") (doc. 349).[1] Defendants seek to file its privilege log, lodged by Plaintiffs at (doc. 304) pursuant to LRCiv 5.6(d), under seal because the document contain material Defendants have designated as "CONFIDENTIAL" pursuant to the District Court's Protective Order. (Doc. 299 at 2.) Plaintiffs assert that the documents should not be filed under seal. *See* (doc. 305 at 2.)

Because no response is permitted under LRCiv 5.6(d), the Court shall adjudicate this matter without a response from Plaintiffs. Although Defendants' Motion is considered late under LRCiv 5.6(d), the Court finds that it is supported by excusable neglect. Therefore, the Court will seal the exhibit.

## I.    Background.

On February 5, 2026, Plaintiffs filed a Motion to Compel the Production of Documents Improperly Withheld as Privileged by the Carvana Defendants, which was

---

[1]    Discovery matters in this case have been referred to this Court by the Honorable United States District Judge Michael T. Liburdi. *See* (doc. 125.)

briefed in accordance with LRCiv 7.2. *See* (doc. 301.) Plaintiff contemporaneously lodged Defendant Carvana's privilege log with Kirkland & Ellis. *See* (*id.*); *see also* (doc. 304.) Defendants filed their Response on February 13, 2026. *See* (doc. 323.) On February 18, 2026, Plaintiffs filed their Reply to Defendants' Response. *See* (doc. 327.) On March 5, 2026, Defendants filed the instant Motion seeking to have the privilege log filed under seal. *See* (doc. 349.)

**II.    Legal Standard**.

When considering motions to seal documents, courts within the Ninth Circuit generally apply a "compelling reasons" standard. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* at 678 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

However, "[r]ecords attached to nondispositive motions must meet the lower 'good cause' standard of Rule 26(c) . . . as such records 'are often unrelated, or only tangentially related, to the underlying cause of action.'" *Software Rights Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. 2020) (quoting *Kamakana*, 447 F.3d at 1179). To meet this good cause standard, the moving party bears the burden showing that "specific prejudice or harm" will result if the information is disclosed. *See Software Rights Archive, LLC*, 485 F. Supp. 3d at 1113 (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,'" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

**III.    Discussion**.

Because the instant motion is considered untimely under LRCiv 5.6(d), the Court shall first address the *Pioneer* factors before addressing whether to seal the privilege log.[2]

---

[2]    Defendants—in the instant Motion—did not address the Motion's tardiness. Going forward, if Defendants file late motions, they should address the *Pioneer* factors.

Pursuant to Rule 6, "[w]hen an act may or must be done within a specified time, the court may . . . extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'To determine whether a party's failure to meet a deadline constitutes excusable neglect,' the Court 'must apply [the *Pioneer*] four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 803 (D. Ariz. 2021), *aff'd*, No. 21-16105, 2023 WL 118740 (9th Cir. Jan. 6, 2023) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010)); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Mindful that a district court abuses its discretion if it does not consider each of the four Pioneer factors separately, this court will do exactly that." *Bennett*, 543 F. Supp. 3d at 804 (cleaned up).

The Court has considered the Pioneer factors and find that they weigh in favor of Defendants. First, there is little danger of prejudice to Plaintiffs because the Defendants seek to file their own privilege log under seal. Second, the length of delay has had no effect on the instant proceedings. Third, the Court finds the reason for delay was failure to follow the Local Rules of Civil Procedure. Finally, Defendants appear to have acted in good faith in filing the instant motion. Because three of the four factors weigh in favor of Defendants, the Court accordingly finds that the instant Motion is supported by excusable neglect.

The Court now turns to the merits of Defendants' Motion. the Court finds that Defendants have established good cause to seal the privilege log in question because it contains confidential information which, if disclosed, may irreparably harm the Carvana Defendants. *See, e.g.*, *Software Rights Archive, LLC*, 485 F. Supp. 3d at 1113.

Furthermore, because the District Court granted a Protective Order which rationally covers the privilege log, *see* (doc. 136), the District Court has, *ipso facto*, determined that good cause exists to protect these documents. *See, e.g.*, *Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1214 ("When a court grants a protective order for information produced during

discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").

Accordingly,

**IT IS ORDERED** that Motion to Seal Privilege Log (doc. 349) is **GRANTED**. The Clerk of Court is kindly directed to file (doc. 304) **UNDER SEAL**.

Dated this 17th day of March, 2026.

Honorable John Z. Boyle
United States Magistrate Judge