# EXHIBIT 9
# [Redacted]

**Matthew J. Peters**
Direct Dial: 1.202.637.2345
matthew.peters@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

March 4, 2026

VIA EMAIL

Mathew Andrews
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
mandrews@rgrdlaw.com

Re: *In re Carvana Co. Sec. Litig.*, No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Matthew:

I write in response to your February 21, 2026, letter regarding Carvana Defendants' Privilege Log. As set forth below, Carvana Defendants' Privilege Logs comply with Rule 26(b)(5)(A) and Ninth Circuit authority, and Plaintiffs' demands for changes to Carvana Defendants' logging practices are unwarranted. However, Carvana Defendants have already resolved two of Plaintiffs' complaints about the Privilege Logs. First, information regarding the "author" of the privileged documents has been included in the recently produced Privilege Logs and added to the previously produced Privilege Logs.[1] Second, Carvana Defendants have now provided Plaintiffs with a list of attorneys and persons acting at an attorney's direction to further facilitate your identification of these individuals on the Privilege Logs.

### A.    Carvana Defendants' Privilege Logs Are Timely

Carvana Defendants provided Plaintiffs with an initial Privilege Log concerning documents involving Carvana's outside counsel on October 31, 2025 (the "October Privilege Log"). And as Carvana Defendants explained to Plaintiffs months ago, they then focused on the review and production of responsive, non-privileged documents and would, once such efforts were mostly complete, provide an estimate of when they could produce a substantially complete

---

[1] For emails, the Log includes "From," "To," and "CC" fields that identify the sender and recipients. For standalone documents and attachments, the Log identifies the author where that information is reflected in the document's metadata. To the extent certain attachments lack author information in their metadata, that is not a deficiency of the Privilege Log but rather a reflection of how the underlying documents were created and stored.

# LATHAM&WATKINS LLP

privilege log. *See, e.g.*, Dec. 23, 2025 email from C. Word to T. Gronborg. Plaintiffs did not object to this approach. Yet, Plaintiffs subsequently demanded that Carvana Defendants immediately start providing privilege logs on a rolling basis. *See* January 15, 2026 email from S. Fallon to C. Word. Despite there being no prejudice to Plaintiffs, Carvana Defendants confirmed that they would provide privilege logs on a rolling basis and expected to begin doing so within a few weeks. *See* Jan. 28, 2026 email from C. Word. Adhering to that timeline, Carvana Defendants provided Plaintiffs with a privilege log on February 12, 2026 and a substantially complete privilege log soon thereafter, *see* February 27, 2026 email from N. Salazar. Carvana Defendants will continue to supplement that log, if needed, and/or produce documents that were designated privileged but that were subsequently determined not to be. Courts have regularly endorsed Carvana Defendants' approach in complex cases, such as this, involving massive discovery obligations. *See, e.g.*, *J.M. v. Major*, 2022 WL 20101746, at *2 (D. Or. Dec. 14, 2022) (noting the court's prior "approval of defendants 'rolling' privilege log production" and treating the rolling production as a factor weighing against waiver); *Tsantes v. BioMarin Pharma. Inc.*, 2022 WL 17974487, at *2 (N.D. Cal. Dec. 7, 2022) (noting "the parties agreed to produce privilege logs 'on a rolling basis'"); *Amazon.Com Servs. LLC v. DOJ*, 2023 WL 11921324, at *3 (W.D. Wash. Jan. 30, 2023) (ordering "privilege logs on a rolling basis"); *Starr v. Cnty. of Los Angeles*, 2013 WL 12233527, at *2 (C.D. Cal. May 9, 2013) (requiring defendants "serve a detailed privilege log concurrently with *final* document production" (emphasis added)). Discovery has not closed, indeed, substantial completion for certain materials only just occurred. And Carvana Defendants are working diligently to complete the logging process for remaining documents.

There is no Order in this litigation specifying when privilege logs must be produced and your letter cites no authority establishing that Carvana Defendants' timing is improper. Indeed, the cases you cite involved significant delays that bear no resemblance to Carvana Defendants' timely productions of privilege logs here. For example, in *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643 (D. Nev. 2010), the court found delay because the defendants did not produce a privilege log until *seven months* after the close of discovery, *id.* at 649. That delay was inconsistent with defendants' representations to the court that they had started the process of logging withheld documents months prior. *Id.* at 648-49. Nothing remotely comparable is present here. Similarly, in *Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655 (W.D. Wash. 2008), the defendants simply refused to produce a privilege log for certain withheld documents, *id.* at 659. Again, that is not the case here.

Moreover, the magnitude of this undertaking cannot be overstated. Carvana Defendants are reviewing and logging over 100,000 documents that require careful privilege analyses. This is a substantial endeavor that takes considerable time and resources. *See Bullion Monarch*, 271 F.R.D. at 645 (defendants only needed to log 30,000 *pages* of documents). Your demand for an immediate, complete privilege log ignores the practical realities of this process and Carvana Defendants' diligent efforts to meet their obligations on a rolling basis.[2]

---

[2] Plaintiffs' argument that Carvana Defendants' alleged delay in providing a privilege log may effectuate a waiver of privilege is meritless. To start, Plaintiffs have not demonstrated any delay by Carvana Defendants. And, in any event, the factors set forth in *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005), do not

LATHAM&WATKINS LLP

> **B.** Carvana Defendants' Privilege Logs Provide All Information Needed to Assess The Assertions of Privilege

You demand a document-by-document privilege log. That is precisely what Carvana Defendants' Privilege Logs are. A categorical privilege log typically only provides "(1) an *aggregate* listing of the numbers of withheld documents; (2) an identification of the time periods encompassed by the withheld documents; and (3) an affidavit containing the representation(s)" necessary to asserting privilege. *Franco-Gonzalez v. Holder*, 2013 WL 8116823, at *7 (C.D. Cal. May 3, 2013) (emphasis added) (discussing *In re Imperial Corp. of Am.*, 174 F.R.D. 475 (S.D. Cal. 1997)).

In contrast, Carvana Defendants' Privilege Logs provide detailed information *for each withheld document* including:

(1) the date the document was produced;
(2) the custodian;
(3) the author, where applicable;
(4) the sender, recipient(s), and subject line for emails;
(5) the file name, and
(6) the privilege asserted.

And each document is classified based on discrete descriptions of the documents' subject matter. This provides all the necessary information about "the nature of the [withheld] documents" to enable Plaintiffs to "assess" Carvana Defendants' asserted privilege. Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also Fox v. Arizona*, 2022 WL 17811675, at *4 (D. Ariz. Dec. 19, 2022) (Liburdi, J.) (same). Indeed, the Ninth Circuit held in *In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992), that the same information identified in Carvana Defendants' Privilege Logs complies with Rule 26(b)(5)(A)(ii):

> In *Dole*, the log identified (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated. *Id.* at 888 n. 3. The log submitted by the Corporation in this case fulfilled conditions (a), (b), (c), and (e). Furthermore, the Corporation's privilege log went beyond the *Dole* standards to provide information on the subject matter of each document. Whatever questions the Corporation's log might leave open with regard to whom the documents were shown or were intended to be shown are answered to our satisfaction by the affidavits of

---

support finding a waiver. Among the factors a court must consider in its "holistic reasonableness analysis" is "the magnitude of the document production." *Id.* Here, Carvana Defendants' privilege log and document production is a massive undertaking, which Carvana Defendants have worked diligently on.

# LATHAM&WATKINS LLP

the attorneys responsible for preparing the documents. Therefore, the Corporation has met its burden in demonstrating the applicability of the attorney-client privilege.

*Id.* at 1071 (citing *Dole v. Milonas*, 889 F.2d 885, 888 n.3, 890 (9th Cir.1989)). Notably, this Privilege Log's form is materially identical to the October Privilege Log that Carvana Defendants produced on October 31, 2025 (after Plaintiffs demanded expedited production), and to which Plaintiffs raised *no* objections.

To the extent Plaintiffs' complaint is that the detailed information Carvana Defendants' Privilege Logs provide about each document is drawn from the privileged document's metadata, this is not valid. *See, e.g.*, *N.A. Derivatives Exch., Inc. v. Dreitzer*, 2026 WL 280579, at *6 (D. Nev. Feb. 3, 2026) (ESI order requiring a "metadata privilege log"); *Brunckhorst v. Bischoff*, 2023 WL 3090950, at *5 (S.D.N.Y. Apr. 26, 2023) (allowing "metadata log"); *see also* April 16, 2025 letter to M. Peters from R. Cocalis at 6 (suggesting Plaintiffs' openness to "the potential use of metadata for privilege log entries").

You also do not explain why the descriptions about the subject of the privileged documents are inadequate. You rely upon *Burlington*, but in that case the party provided only boilerplate descriptions that failed to "convey[ ] some information about the content of the allegedly privileged material." 408 F.3d at 1148. In *LD v. United Behav. Health*, 2022 WL 4878726 (N.D. Cal. Oct. 3, 2022), the court found the descriptions insufficient because they merely stated that documents involved a "[c]ommunication reflecting impressions and strategy of [defendant's] legal department concerning legal matter," *id.* at *7. Here, however, the nine categories in the Privilege Log reflect distinct subject matters: █████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████ These categories are neither overbroad nor uninformative. Rather, they identify discrete topics for which Carvana Defendants sought and received legal advice during the relevant time period. These descriptions are more than sufficient to "enable [Plaintiffs] to assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5)(A)(ii).

Indeed, your letter reveals Plaintiffs have not had any difficulty assessing Carvana Defendants' assertions of privilege since you have been able to identify roughly two dozen documents that you believe have been incorrectly withheld as privileged. Letter at 7; *see Fox*, 2022 WL 17811675, at *4. Other than your knee-jerk request for "more," your letter identifies no additional information that is necessary to evaluate the privilege. Courts routinely reject requests to modify a privilege log when the modification would provide little additional aid in assessing the assertion of privilege. *See, e.g.*, *Games2U, Inc v. Game Truck Licensing, LLC*, 2013 WL 4046655, at *7 (D. Ariz. Aug. 9, 2013).

**LATHAM&WATKINS**LLP

      **C.**      The Privilege Log Does Not Contain Non-Privileged Documents Shared with Third Parties

Your speculation that the Privilege Log improperly withholds documents shared with third parties such that privilege is waived over these documents is unfounded. While "voluntarily disclosing privileged documents to third parties will generally destroy the privilege," *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012), involvement of a third party in a communication does not necessarily break the attorney-client privilege nor the protections of the attorney work product doctrine. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) ("The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice, as well as to communications with third parties acting as agent of the client."); *McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.*, 333 F.R.D. 638, 647 (D. Or. 2019) ("disclosure of attorney work product to a third party does not waive protection '*unless it has substantially increased the opportunity for the adverse party to obtain the information.*'"). Furthermore, the Ninth Circuit recognizes that "there is no waiver of the privilege where a party discloses privileged material to another with which it shares common interests," *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003), such as to co-parties or their counsel. Similarly, the inclusion of third-party consultants who are working in consultation with attorneys does not waive the privilege. *See United States v. Graf*, 610 F.3d 1148, 1159 (9th Cir. 2010). Plaintiffs have identified no basis to conclude that any documents on the Privilege Log were disclosed to adverse third parties in a manner that would waive privilege. To the extent Plaintiffs believe specific Privilege Log entries involve third parties and therefore cannot be protected by the attorney-client privilege, attorney work-product protections, or any other privilege, please identify them and Carvana Defendants will re-assess the relevant privilege determinations.

      **D.**      Email Chains Are Properly Withheld

Finally, your blanket suggestion that email chains should be redacted rather than withheld is misplaced. Courts have recognized that where an email forwards prior materials to counsel for legal advice, "[a] party can therefore legitimately withhold an entire e-mail *forwarding* prior materials to counsel, while also disclosing those prior materials themselves." *Muro v. Target Corp.*, 250 F.R.D. 350, 363 (N.D. Ill. 2007); *see also Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 642 (D. Nev. 2013) (discussing *Muro* and concluding that Rule 26(b)(5) did not require separate itemization of each email in a chain). Where, as here, the entire thread reflects communications seeking or providing legal advice, the email chain may properly be withheld. *See Wagner Aeronautical, Inc. v. Dotzenroth*, 2022 WL 4004188, at *3 (D. Nev. Sept. 1, 2022) (holding that email chains reflecting legal advice between clients "memorializing" privileged communications were properly withheld).

To be sure, where portions of an email chain are not privileged, "[t]he protected email farther down in the chain is not enough to confer privilege on every subsequent email in the chain; each communication must survive independent analysis." *In re Chase Bank USA, N.A. Check Loan Contract Litig.*, 2011 WL 3268091, at *5 (N.D. Cal. July 28, 2011). Carvana Defendants have applied this standard and have withheld only those email chains that are privileged in their entirety.

**March 4, 2026**
**Page 6**

LATHAM&WATKINS LLP

Where only portions of an email chain are privileged, redaction is the appropriate remedy—and that is the approach Carvana Defendants have taken.

In sum, Carvana Defendants' Privilege Log is neither untimely nor deficient. It complies with Rule 26(b)(5)(A) and applicable Ninth Circuit precedent. Carvana Defendants will continue to produce rolling privilege logs as previously committed.

Best regards,

/s/ *Matthew J. Peters*
Matthew J. Peters
of LATHAM & WATKINS LLP