EXHIBIT 11
[Redacted]

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Rachel A. Cocalis
rcocalis@rgrdlaw.com

April 22, 2026

<u>VIA EMAIL</u>

Christian Word
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004
christian.word@lw.com

      Re:    *In re Carvana Co. Securities Litigation*,
          No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Christian:

I write with regard to the Carvana Defendants' ninth in-house counsel privilege log produced on April 9, 2026 ("Privilege Log" or "Log"), the parties' prior correspondence concerning the Carvana Defendants' privilege claims, and the parties April 22, 2026 correspondence with the Mr. Sommers.[1]   As detailed below, the Privilege Log remains facially deficient and substantively unsupported, and it fails to satisfy Federal Rule of Civil Procedure 26(b)(5)(A) or governing Ninth Circuit authority.  Given that you have failed, after nine separate attempts, to provide a defensible log, Plaintiffs must seek *immediate* relief from the Court.  Consistent with the Court's directive, please let us know when you are available tomorrow to meet and confer regarding the process.

As an initial matter, the Carvana Defendants' assertion – ██████████████████████ ████████████████████████████████████████████ C. Word 03-31-26 Letter at 1) – is nonsensical and irreconcilable with the facts.[2]  The Carvana Defendants waited to produce a (partial) log concerning in-house counsel until more than ten months after serving their responses and objections to Plaintiffs' document requests and more than two months after the Carvana Defendants' substantial completion date for the first 18 custodians.  Worse yet, the Carvana Defendants did not produce that log until *three months after* their counsel represented to Judge Boyle that they had been "working . . . since *March" of 2025* collecting and reviewing documents for the first 18 custodians,

---

[1]    The "Carvana Defendants" are Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan.  Unless otherwise noted, all emphasis is added and citations are omitted.

[2]    The Carvana Defendants' contradictory assertion that ███████████████████ ████████████ (*id.*) is plainly false.  *See, e.g.*, S. Fallon 01-28-26 Email.

**Robbins Geller**
**Rudman & Dowd** LLP

Christian Word
April 22, 2026
Page 2

with "over 70 contract reviewers" assisting "them in a ***privileged review***." ECF 215 at 42:3-4, 44:10-12.[3] As such, when Plaintiffs demanded that the Carvana Defendants promptly produce a privilege log, they were seeking that to which they were entitled long ago. *See, e.g.*, *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 652 (D. Nev. 2010) (emphasis in original) (finding it "disturbing" that defense counsel "told the court at the October 5, 2009 hearing that as many as six lawyers had spent the summer reviewing the many thousands of documents for relevance and ***privilege***" and yet the log was not reviewed for another three months). Moreover, the countless errors in the Carvana Defendants' logs are, at best, a product of cutting corners. For example, the Carvana Defendants not only relied on a vendor to conduct their privilege review, but also provided that vendor with inaccurate information ***multiple times***. *See* M. Andrews 03-18-26 Ltr. at 1-2.

Moreover, your claim that the Carvana Defendants' de-designations and numerous amended logs demonstrates their ████████████████████████████ is equally nonsensical. C. Word 03-31-26 Letter at 2 (citing *S.G.D. Eng'g, Ltd. v. Lockheed Martin Corp.*, 2013 WL 2297175, at *8 (D. Ariz. 2013)). In *S.G.D. Eng'g*, unlike here, the defendant de-designated 266 documents because its "privilege claims ha[d] evolved" as it "evaluated" them over a nine month meet-and-confer process. 2013 WL 2297175, at *8. By contrast, here the Carvana Defendants produced nine different logs and de-designated more than 8,090 documents in eight weeks because they knew (and always knew) that they could not justify their inclusion on the log. For example, the Carvana Defendants removed plainly non-privileged communications from third-party data websites, such as ████████ that never should have been withheld as privileged. *See* M. Andrews 03-18-26 Ltr. at 2. The Carvana Defendants also removed communications with third parties from the Log because of a vendor issue. *Id.* at 1-2. Further, the Carvana Defendants produced multiple logs because the produced logs were riddled with errors, such as stating that a document was redacted when it was really withheld. And the logs lacked fundamental, required information, such as the author or attorney involved in the communication. *See* M. Andrews 02-21-26 Letter at 3-4.[4]

---

[3] As previously stated, Plaintiffs reserve all rights to argue waiver and seek a modification of the parties' schedule based on Defendants' unjustified delay. *See* S. Fallon 01-28-26 Email; *see also* M. Andrews 02-21-26 Letter at 3 n.1; *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 2022 WL 422824, at *16 (C.D. Cal. 2022) (finding defendants had waived privilege where they "still had not complied with the obligation to provide information supporting the privilege as of . . . three and a half months after [they] served their responses"); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (emphasis in original) (affirming district court's ruling that defendants had waived privilege where they provided their privilege log "***five months***" after their discovery responses).

[4] In fact, the Carvana Defendants' privilege logs were so error-prone that they routinely had to produce amended versions of the logs within hours or days of a log's production. For example, on March 17, 2026, the Carvana Defendants produced an amended consolidated log less than four hours

4897-2448-6564.v1

**ROBBINS GELLER**
**Rudman & Dowd LLP**

Christian Word
April 22, 2026
Page 3

At bottom, the Carvana Defendants' removal of the more than 8,090 documents – absent a meaningful change in the Carvana Defendants' view of privilege – demonstrates that they have not adequately complied with their discovery obligations.

**I.      The Carvana Defendants' Privilege Log Remains Insufficient and Unsupportable**

As discussed below, the Carvana Defendants' April 9 Privilege Log – its ninth log in eight weeks – suffers from the same core issues that Plaintiffs have been identifying, and the parties have been meeting-and-conferring over, for months.  Accordingly, these issues are ripe for resolution.

***First***, as explained ad naseum, the Carvana Defendants' categorical Privilege Log is woefully insufficient because "[b]lanket assertions of the attorney-client privilege are ***'extremely disfavored'*** *in the Ninth Circuit*."  *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 494 (C.D. Cal. 2022) (quoting *Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)); s*ee also* M. Andrews 02-21-26 Letter at 4-5 (citing authority).  Thus, the Carvana Defendants lumping of approximately 48,000 documents into a few categories with grossly overbroad categorical descriptions is irreconcilable with binding law.  In practical terms, Defendants ask Plaintiffs to accept tens of thousands of privilege determinations on faith, without the information required to test even a single one.  Such *ipse dixit* assertions do not satisfy Defendants' burden and prevent Plaintiffs from testing the validity of any individual claim of privilege.

***Second***, even if categorical logging were permissible in the Ninth Circuit (it's not), the Log's categorical descriptions are particularly impermissible here because the Log primarily concerns communications with in-house counsel, which are subject to "heightened scrutiny." *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *4 (N.D. Cal. 2011).  Indeed, because the Ninth Circuit applies the "primary purpose" test and because "[i]n-house counsel may act as integral players in a company's business decisions or activities," the Carvana Defendants "'must make a "clear showing" that the "speaker" made the communication[] for the purpose of obtaining or providing ***legal*** advice.'"  *Id.* (second alteration in original) (emphasis in original).  In your March 16, 2026 letter, you attempted to justify the Carvana Defendants' vague, categorical assertions by pointing to outlier log entries.  For example, you cited a log entry concerning an email to ██████████████████████████████ with the subject line ██████████████████████  M. Peters 03-16-26 Letter at 5.  But a cursory review of the Log, reveals that an overwhelming majority of entries neither include external counsel nor have a subject line and/or attachment title that contain any indicia of privilege.  ***Third***, despite again stating that you would re-review documents with third parties, such as the withheld communications with ██████████████, the Carvana Defendants continue to withhold these

_____

after producing their first consolidated log.  Similarly, the April 9, 2026 Log was produced just one day after the Carvana Defendants had produced a prior version.

4897-2448-6564.v1

# ROBBINS GELLER
## Rudman & Dowd LLP

Christian Word
April 22, 2026
Page 4

communications on the Log.  Plaintiffs identified these communications in February and have less than four months left to complete fact discovery, including taking 29 depositions.  *See* M. Andrews 02-21-26 Ltr. at 7.  The Carvana Defendants cannot continue to deprive Plaintiffs of critical documents for their depositions in violation of the discovery rules.  *Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655, 659 (W.D. Wash. 2008) (finding defendants' "failure to produce, until the eleventh hour, a privilege log documenting those portions of the claim file attributable to [a deponent] that it withheld on the basis of privilege, [to be a] clear violation[] of the discovery rules").  This issue must be resolved by the Court immediately.

*Fourth*, the Carvana Defendants continue to improperly withhold entire email chains and attachments rather than producing non-privileged portions of those emails and attachments.  *See* M. Andrews 02-21-26 Letter at 7-8 (citing authority).  Recognizing that this is improper, the Carvana Defendants have claimed "that every time someone is emailing an attachment to in-house counsel, they're asking in the body of the email for legal advice about the attachment," and therefore "[p]roducing such attachments . . . would reveal that the document was communicated to an attorney and disclose the topic on which legal advice was sought."  M. Andrews 03-20-26 Letter at 1-2; M. Peters 03-16-26 Letter at 9.  But that assertion is belied by the Carvana Defendants' Log.  In truth, the Carvana Defendants appear to be indiscriminately designating entire email threads and attachments simply because the withheld communication went to in-house counsel.[5]  Moreover, the Carvana Defendants' position is inconsistent with the case law.  *See* M. Andrews 02-21-26 at 7-8 (citing authority).

In sum, because Defendants' ninth Log continues to suffer from the above deficiencies, Plaintiffs intend to file a 17-page motion to compel and request the appointment of a special discovery master.

## II.    The Carvana Defendants Are Improperly Withholding Communications ███ ████



On March 20, 2026, Plaintiffs identified log entries on the March 17, 2026 Privilege Log concerning ██████████████████████, including a ███████████████████████.  *See* M. Andrews 03-20-26 Letter at 2.  During a meet and confer that same day, you stated that Defendants' counsel is unaware of any such ██████████████ because Latham & Watkins

---

[5]    We understand from your March 31, 2026 letter that Defendants are purportedly █████████ ████████████████, and that the re-review will be complete in the █████" C. Word 03-31-26 Letter at 7.  Again, for the reasons explained *supra*, Plaintiffs cannot wait for the Carvana Defendants to do what they should have done long ago.  Moreover, given the Carvana Defendants' grossly overbroad views of privilege in this case, it is highly probable that the Carvana Defendants will wrongly determine that the Board documents were properly designated at that █████ time.  *Id.*

**Robbins Geller
Rudman & Dowd** LLP

Christian Word
April 22, 2026
Page 5

LLP ("Latham") does not handle ████████████, but ████████████
████████████████████████████████████. *Id.*

Thereafter, in your March 31, 2026 letter, you provided no additional information regarding ████████████ – that is plainly relevant and responsive to Plaintiffs' document requests – and stated that you were ████████████ and would ████████████ C. Word 03-31-26 Letter at 7. More than three weeks have passed, ████████████████████████████████████ ████████████. Plaintiffs cannot continue to be prejudiced by Defendants' delay in the production of relevant documents given that the close of fact discovery is in less than four months.

In addition, Plaintiffs are extremely troubled by the Carvana Defendants' withholding and ████████████████████████████ in a privilege log with more than 63,500 entries. This is because the Carvana Defendants previously represented to Plaintiffs and Judge Boyle that there was only a "*June 2025 SEC Subpoena*" concerning Carvana's disclosures and "*a SEC Information Request*" concerning Carvana's "2019 SEC reporting" in connection with Plaintiffs' motion to compel. ECF 224 at 3-4 (emphasis in original). Accordingly, Plaintiffs intend to raise this issue in their motion, and thus, require more than 42 lines to brief the issue.

### III.    The Parties Should Brief This Issue Immediately

As demonstrated above, Defendants' April 9 log suffers from the same problems that Plaintiffs have repeatedly raised to the Carvana Defendants in telephonic meet-and-confers and in written correspondence. As you conceded to Mr. Sommers, the parties have, in fact, met and conferred extensively over the past two months, including four telephonic conferences and six detailed letters, yet those efforts have failed to resolve multiple core disputes. Thus, the above issues are ripe for resolution. Indeed, as a practical matter, because Defendants belatedly dumped a log riddled with errors on Plaintiffs nearly a year into discovery, there is not time for Defendants to materially amend their log, produce the countless non-privileged documents currently on it, and allow Plaintiffs to raise any disputes related thereto before the conclusion of fact discovery.

Plaintiffs have less than four months to complete fact discovery, including taking 29 depositions. As reflected in the chart below, the Log includes thousands of documents associated with key deponents, further underscoring the urgency of judicial intervention:

4897-2448-6564.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Christian Word
April 22, 2026
Page 6

| Custodian | Log Entries |
|---|---|
| Defendant Garcia Jr. | 1,747 |
| Christopher Olson | 28,132 |
| Mark Murphy | 20,546 |
| Wilson Munsil | 19,060 |
| Paul Breaux | 17,049 |
| Steve Keim | 8,402 |
| Jonathan Greer | 7,549 |
| Defendant Mark Jen | 6,736 |
| Steve Palmer | 6,243 |
| Josh Johnson | 3,592 |
| Margarite Halaris | 2,871 |
| Ben Huston | 2,663 |
| Mike Levin | 2,316 |
| Brian Boyd | 2,038 |
| Christina Keiser | 1,543 |
| Cristina Bruns | 752 |
| Tom Taira | 463 |
| Michael Grantham | 259 |
| Michael Maroone | 100 |
| Kevin Fitzgerald | 75 |
| Ira Platt | 75 |
| Greg Sullivan | 57 |
| Neha Parikh | 38 |

Thus, absent immediate intervention, Plaintiffs' ability to assess and test asserted privileges in deposition will be materially impaired and has already been prejudiced. *Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655, 659 (W.D. Wash. 2008) (defendants' "failure to produce, until the eleventh hour, a privilege log documenting those portions of the claim file attributable to [a deponent] that it withheld on the basis of privilege, [to be a] clear violation[] of the discovery rules"). In fact, the Carvana Defendants' continuous production of new, equally deficient logs every few days has already effectively prevented Plaintiffs from identifying a stable set of privilege assertions and seeking timely judicial relief, compounding that prejudice.

Consistent with the Court's directive, Plaintiffs will promptly confer with Defendants to provide a concise joint synopsis of the disputes and a proposed briefing schedule. However, given the scope of the deficiencies and the impending discovery deadline, these issues require prompt, full briefing rather than the truncated procedure set forth in the Scheduling Order.

4897-2448-6564.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Christian Word
April 22, 2026
Page 7

## IV.    Conclusion

In sum, Plaintiffs intend to move to compel and seek appropriate relief, including waiver, the appointment of a special master, and other available remedies.

Given the limited time remaining in fact discovery and the centrality of these issues to Plaintiffs' depositions, Plaintiffs' position is that briefing should proceed under Local Rule 7.2 or, alternatively, on an expedited schedule that permits meaningful judicial review.  Plaintiffs are prepared to file promptly.

That said, if Defendants prefer, given the pending fact deadline, Plaintiffs would agree to an expedited briefing schedule (*e.g.*, Defendants' opposition is due eight days after Plaintiffs' motion and Plaintiffs' reply is due four days later).

Please provide your availability to meet and confer on April 23, 2026 so that the parties may comply with the Court's directive.

Best Regards,

*Rachel Cocalis*

RACHEL A. COCALIS

4897-2448-6564.v1