# EXHIBIT 14
# [Redacted]

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
|---|---|---|---|---|
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Mathew Andrews
mandrews@rgrdlaw.com

March 20, 2026

<u>VIA EMAIL</u>

Christian Word
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
christian.word@lw.com

> Re:  *In re Carvana Co. Securities Litigation*,
> No. CV-22-2126-PHX-MTL (D. Ariz.)

Dear Christian:

We write to follow up on our March 20, 2026 meet and confer (the "March 20 call") concerning: (i) the significant deficiencies in the Carvana Defendants' February 12, 2026 "Categorical Privilege Log," February 27, 2026 "Second Amended Categorical Privilege Log," February 27, 2026 Amended February 12 Categorical Privilege Log (with Author), March 3, 2026 "Third Amended February Privilege Log," March 3, 2026 "Second Amended February 12 2026 Privilege Log," March 17, 2026 "2026.03.17 Consolidated Amended Carvana Defendants Privilege Log," and second March 17, 2026 "2026.03.17 Consolidated Amended Carvana Defendants Privilege Log" (the "Log" and collectively, the "Privilege Logs" or "Logs"); (ii) Plaintiffs' February 21, 2026 letter; (iii) the Carvana Defendants' March 4, 2026 letter; (iv) Plaintiffs' March 13, 2026 correspondence; (v) the Carvana Defendants' March 16, 2026 letter; and (vi) the Plaintiffs' March 19, 2026 correspondence.

During the parties' March 20 call, the parties discussed, among other things, the following six issues.

First, Plaintiffs reiterated that the Log continues to contain over 3,000 documents labeled ███████ or ███████ that have no attorney information in the to, from, or cc fields. You stated that approximately 500 of these entries appear to involve legal distribution lists that you had not previously identified. You also stated that the Carvana Defendants are still analyzing why the remainder of the entries were missing attorney information.

Second, Plaintiffs noted that the Carvana Defendants' March 16, 2026 letter states, "[I]f an employee attaches the spreadsheet to an email to in-house counsel asking, 'Could this customer sue us?,' that communication and the attachment are privileged." M. Peters 03-16-26 Letter at 9. Plaintiffs stated that, even if your interpretation of the law were correct (it's not), the Logs do not

**ROBBINS GELLER**
**Rudman & Dowd** LLP

Christian Word
March 20, 2026
Page 2

provide this level of detail.  For instance, the Logs do not include in the description, "asking for legal advice about attached document."  Plaintiffs asked whether the Carvana Defendants "are representing that every time someone is emailing an attachment to in-house counsel, they're asking in the body of the email for legal advice about the attachment."  You responded, "Yes."

Third, Plaintiffs noted that the Carvana Defendants' March 16, 2026 letter states, "[t]o the extent the attachment is identified in a context unrelated to a request for legal advice, Carvana Defendants will and have produced that standalone document."  M. Peters 03-16-26 Letter at 9. Plaintiffs stated that the Carvana Defendants have frequently failed to produce the attachments, even if they readily appear as though they should exist in a standalone context unrelated to a request for legal advice.  Contrary to the representation in the Carvana Defendants' March 16, 2026 letter, you further stated that it was not sufficient for the attached document to exist in a standalone context unrelated to a request for legal advice.  Instead, you stated that the document must also: (a) be in the possession of a custodian; (b) independently hit on a search term; and (c) be designated by Latham & Watkins ("Latham") as "responsive."  Please confirm that this is the Carvana Defendants' position.

Fourth, Plaintiffs reiterated their objection to withholding communications between ███ ███████████████ and the Carvana Defendants.  Plaintiffs asked how ███████ has an attorney-client relationship with the Carvana Defendants.  Plaintiffs previously objected to the inclusion of communications with ██████ on the Logs during the parties' March 10, 2026 meet and confer.  *See also* M. Andrews 02-21-26 Letter at 7.  You nonetheless kept these communications in the subsequent Logs.  The Carvana Defendants' March 16, 2026 letter also stated, "Plaintiffs have identified no basis to conclude that any documents on the Privilege Log were disclosed to third parties in a manner that would waive privilege."  M. Peters 03-16-26 Letter at 7.  During the March 20 call, however, you stated that you were planning to remove many or all of these communications with ███████ because you did not believe they were privileged.  You stated that you were waiting on the Carvana Defendants to give their approval for the communications' removal.

Fifth, Plaintiffs noted that the Log withholds the entirety of documents containing ████████ █████████████████████.  *See, e.g.*, PLOG00014852 - PLOG00014864; PLOG00013861 - PLOG00013865; PLOG00013866 - PLOG00013867.  Plaintiffs further stated that this is improper because ████████████ typically include a discussion of a multitude of topics beyond legal areas. The Carvana Defendants have not produced the notes attached to any of these emails, even in redacted form, and have not explained why they could not be identified in a context unrelated to a request for legal advice, such as in a readily identifiable file for ███████████.  You stated that you would look into the matter.

Lastly, Plaintiffs inquired into certain entries ████████████████████████████ ██████████████████████████████████████████████████████████  *See, e.g.*,

4915-9163-1514.v1

**Robbins Geller
Rudman & Dowd** LLP

Christian Word
March 20, 2026
Page 3

PLOG00056789, PLOG00056790, PLOG00056791.  You stated that Latham is unaware of any such ▮▮▮▮▮▮▮ because Latham does not handle Carvana's ▮▮▮▮▮.  In response, Plaintiffs noted that Latham appeared to be emailing about ▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, PLOG00056800, PLOG00056801, PLOG00056836, PLOG00056837.   The Carvana Defendants confirmed that they would look into this issue and would promptly get back to Plaintiffs.

Best regards,

*/s/ Mathew Andrews*

MATHEW ANDREWS

4915-9163-1514.v1