**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Respondents. | |

Pending before the Court is the parties' "Joint Discovery Motion."[1] (Doc. 372.) In the Motion, Defendants request a court order finding that, by expressly waiving the work-product doctrine protections as to Confidential Witness ("CW") No. 4, Plaintiffs have waived the work-product doctrine protections as to all CWs. (*Id.* at 2–3.) Plaintiffs oppose Defendants' request and assert that they have only caused a narrow waiver of the work product protections for the February 10, 2023, Investigator Memorandum (the "2023 Memo") regarding CW-4. (*Id.* at 4–5.) Because the Court finds that Plaintiffs have waived the work product protections as to all CW-4 memoranda related to Title and Registration ("T&R") matters, the Court shall grant the Motion in part and require Plaintiffs to submit the December 13, 2022, Investigator Memorandum (the "2022 Memo") and any other investigator memoranda regarding CW-4's T&R assertions for *in camera* review. The Court shall deny the remainder of Defendants' request.

//

---

[1]    Discovery matters in this action have been referred to this Court by the presiding United States District Judge. (Doc. 125.)

## I.    BACKGROUND.

This action, in which Plaintiffs aver that Defendants violated the Securities Exchange Act of 1934, is based on an alleged "pumping" and "dumping" of stock. (Doc. 105 at 2–3.) Part of Defendants' alleged misdeeds was the sale of vehicles before Defendants possessed the titles to such vehicles. (*Id.* at 2–3, 45.) Such acts, Plaintiffs have alleged, relates to Defendants' scienter—an element of a security fraud claim. (*Id.* at 41–42, 45–48.) Grounding Plaintiffs' T&R allegations were confidential witness accounts from a number of CWs, including CW-4. (*Id.* at 45–48.)

While the Presiding Judge dismissed portions of Plaintiffs' Amended Complaint, the T&R allegations that Defendants sold cars before they possessed those cars' titles remained. (*Id.* at 69–73.) This decision was based, at least in part, upon a finding that the CWs' accounts were "probative of Defendants' scienter by suggesting precisely what Plaintiffs allege—that Carvana's noncompliance with title and registration requirements was widespread and persistent, and Defendants were well aware of the issue." (*Id.* at 48.)

In the intervening time between the Presiding Judge's Order and today, the parties have embarked upon an aggressive discovery process. Recently, the parties have begun to depose the CWs in this action. (Doc. 372 at 2–3.) Particularly relevant to the instant Motion is the deposition of CW-4 on April 11, 2026. (Doc. 374-2 at 2.) During the instant deposition, CW-4 repeatedly noted that CW-4 did not remember nor was personally involved with, participated in, or observed the alleged sale of vehicles before Defendants obtained the title for such vehicles. (Doc. 374-1.) Due to this, Plaintiffs provided CW-4 and Defendants with their investigator's 2023 Memo (doc. 374-4) that memorialized CW-4's statements and assertions that were elicited during a communication between Plaintiffs' counsel and CW-4. (Doc. 372 at 4); (doc. 374-3); (doc. 374-5.) The 2023 Memo additionally referenced earlier communications and investigator memorandum, including the 2022 Memo. (Doc. 374-4 at at 1.)

Following the deposition of CW-4, the parties engaged in a meet and confer process regarding whether Plaintiffs, by providing Defendants with the 2023 Memo, waived its

work product doctrine protections as to all investigator reports on CWs. *See* (docs. 372-3, 374-2, 378-1, 378-3.) While the parties attempted to resolve the instant discovery matter amongst themselves, their meet and confer process proved unsuccessful, resulting in the parties filing the instant Joint Motion on May 5, 2026. (Doc. 372.) On the same day, the Court heard oral arguments upon the instant Motion and a separate joint discovery motion, (doc. 377).[2] (Doc. 386.)

## II.    THE PARTIES' ARGUMENTS.

### A.  Defendants.

In the instant Joint Motion, Defendants assert that Plaintiffs, by providing Defendants with the 2023 Memo regarding CW-4's prior assertions, have effectively waived their work product doctrine protections as to all investigator memorandum on all CWs. (Doc. 372 at 2–3.) Specifically, Defendants rely on Fed. R. Evid. 502(a) and *In re Symbol Techs., Inc. Sec. Litig.,* No. CV 05-3923 (DRH) (AKT), 2017 U.S. Dist. LEXIS 50530 (E.D.N.Y. Mar. 31, 2017) to support their assertion that Plaintiffs' waiver of the work product protections as to the 2023 Memo ought in fairness require the waiver of the privilege as to all of their investigator memorandum on all CWs. (*Id.* at 3.)

### B.  Plaintiffs.

Plaintiffs assert that they have only affected a narrow waiver of the work product doctrine protections as to the 2023 Memo only. (*Id.* at 4–5.) Specifically, Plaintiffs assert that the subject matter of their waiver was "narrowly confined" to the 2023 Memo, not an "expansive waiver" of all of their investigator memoranda. (*Id.*) Furthermore, Plaintiffs assert that Defendants' reliance on *Symbol Techs.* is misplaced as it is inconsistent with Ninth Circuit precedent and its reasoning was based on "extraordinary facts involving five disclosures across five depositions where plaintiffs' sole evidence was CW testimony, not the single targeted disclosure at issue here."[3] (*Id.* at 5.)

---

[2]    This discovery motion shall be addressed separately and in due course.
[3]    Plaintiffs additionally assert, both in the Joint Motion and during oral arguments, that Defendants should have objected to the introduction of the 2023 Memo to refresh CW-4's recollection. *See* (doc. 372 at 4); *see also* (doc. 386.) Defendants have no obligation under the Federal Rules of Evidence to object to Plaintiffs' decision to disclose work product protected material. Accordingly, this argument is unavailing.

III.    **LEGAL STANDARDS**.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While the Federal Rules of Civil Procedure provide a wide berth for discovery, it does provide certain express limitations on what a party generally cannot discover, including documents covered by the attorney work product doctrine. *See* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]"). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). "The work-product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. United States Dist. Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989).

To qualify for work product protection, a document must "have two characteristics: (1) [it] must be prepared in anticipation of litigation or for trial, and (2) [it] must be prepared by or for another party or by or for that other party's representative." *United States v. Christensen*, 828 F.3d 763, 805 (9th Cir. 2016) (citation omitted). This protection is not solely limited to materials created by an attorney. Rather, the protection necessarily includes materials created by an attorneys' investigators and agents. See *Nobles*, 422 U.S. at 238–39 ("One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."). This doctrine "shields both opinion and factual work product from discovery." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008).

Nonetheless, materials necessarily encompassed within the attorney work product

ambit may be discoverable by an opposing party if it were "otherwise discoverable under Rule 26(b)(1) . . . [and] the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii). "If the court orders discovery of [attorney work product] materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

The work product doctrine protection may be waived by a party. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010). For example, attorney work product protections may be waived "when an attorney attempts to use the work product as testimony or evidence, or reveals it to an adversary to gain an advantage in litigation." *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR (JSC), 2016 U.S. Dist. LEXIS 60551, at *7 (N.D. Cal. May 6, 2016) (citation omitted). When such a waiver occurs, the work product protection is waived "only as to that subject." *Hernandez*, 604 F.3d at 1100. "The party asserting immunity from production bears the burden of establishing that the work product doctrine applies and has not been waived." *Hatamian*, 2016 U.S. Dist. LEXIS 60551, at *7 (citing *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)).

**IV.    DISCUSSION**.

Considering the parties' agreement that the Plaintiffs' investigators' memorandum on all CWs are covered by the work product doctrine, the Court need not broach that matter. Instead, the Court shall focus on whether Plaintiffs, by providing Defendants with the 2023 Memo, have expressly waived their work product protections[4] as to all investigator

---

[4] Because Defendants have not asserted a substantial need argument for the CW memoranda, the Court shall not address in detail whether Defendants have a substantial need for such material. In any event, the Court does not find that Defendants have a substantial need for such material. As a general matter, "[c]ourts often find no substantial need for otherwise protected materials where the requesting party has the opportunity to depose the witness about his earlier statements." *Hatamian*, 2016 U.S. Dist. LEXIS 60551, at *18. Because Defendants, where the Plaintiffs have opened the door, have the opportunity to depose the CWs about their early statements, they do not had a substantial need for all CW investigator memoranda.

memoranda on the CWs.

The "[a]ttorney work-product privilege is not absolute and may be waived." *Erwin v. OBI Seafoods, LLC*, No. 2:22-cv-00893-JHC, 2024 U.S. Dist. LEXIS 2144, at *5 (W.D. Wash. Jan. 4, 2024). Where a party "disclos[es] a privileged communication or rais[es] a claim that requires disclosure of a protected communication results in waiver as to all other communications on the same subject." *Id.* (citing *Hernandez*, 604 F.3d at 1100). As the Federal Rules of Evidence note, "[w]hen the disclosure is made in a federal proceeding . . . [that] waives the . . . work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).

Here, the parties agree that Plaintiffs, by giving Defendants the 2023 Memo during the deposition of CW-4, have waived the work product doctrine protections as to that document. But, the parties disagree on the scope of the waiver. Defendants contend that the scope of the waiver includes all investigator memoranda on the CWs. (Doc. 372 at 2–3.) Plaintiffs assert the scope of the waiver encompasses only the 2023 Memo. (*Id.* at 4–5.) The Court finds that the proper scope of the waiver falls between the parties' assertions.

By providing Defendants with the 2023 Memo, Plaintiffs have waived all communications on the same subject as that document. The subject in question in the 2023 Memo is CW-4's statements and allegations regarding T&R violations and Defendants acquisition and sale of cars before they possessed their title. (Doc. 374-4.) This finding can be ascertained both by the purpose in which Plaintiffs relied upon the 2023 Memo and what was contained within the document itself. Regarding Plaintiffs' reliance on the 2023 Memo, the Court notes that Plaintiffs disclosed the document for the purpose of refreshing CW-4's memory on their T&R statements and assertions. (*Id.*) The contents of the 2023 Memo likewise solely related to CW-4's T&R statements and assertions. (*Id.*) Plaintiffs' limited disclosure neither provided any other protected information regarding

communications with other CWs nor did it refer to other investigator memorandum on other CWs.

In short, the contents of the 2023 Memo, and the purpose of disclosing it, solely relate to CW-4's statements and allegations regarding T&R violations by Defendants. Given this, the subject matter of the waiver solely relates to CW-4's statements and communications regarding Defendants' alleged T&R violations. Hence, Plaintiffs' other investigator memoranda regarding CW-4's T&R allegations would be encompassed in the subject matter of the waiver.

Finally, the Court shall consider what fairness requires. Regarding this final consideration, given that "[w]aivers come in various sizes and shapes," *Garcia v. Stemilt AG Servs., LLC*, No. 2:20-cv-00254-SMJ, 2022 U.S. Dist. LEXIS 133093, at *32 (E.D. Wash. Mar. 25, 2022) (citation omitted), the "court must be careful to impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *United States v. Sanmina Corp. & Subsidiaries*, 968 F.3d 1107, 1122 (9th Cir. 2020). Based upon the facts before the Court, the Court finds that fairness requires the waiver encompasses all investigator memoranda regarding CW-4's statements on Defendants' alleged T&R violations.

Here, Plaintiffs made the affirmative decision to disclose the 2023 Memo, which detailed CW-4's T&R assertions and noted other investigator memoranda on communications with CW-4. *See* (doc. 374-4.) Having done so, Plaintiffs risked that the communications and other investigator memoranda that the investigator referenced in the 2023 Memo would lose the any protections provided by the work product doctrine. In short, fairness does not permit Plaintiffs' to use the 2023 Memo as a sword while shielding information contained therein from being utilized by Defendants.

The Court is aware that Defendants' cited case, *Symbol Techs.*—where the court found that the disclosure of some investigator reports on CW interviews did result in a waiver of all investigator reports—appears to contradict the instant findings. *See Symbol Techs.*, 2017 U.S. Dist. LEXIS 50530, at *49–51. However, *Symbol Techs.*, beyond being

an out-of-district decision, is factually distinct from the instant action. In that case, the plaintiffs disclosed five CW interview memoranda out of a total of 14 CW interview memoranda. *Id.* at \*49. All 14 of the CW interview memoranda contained information ascertained by the plaintiffs' investigator that directly related to "the allegations contained in the [plaintiffs'] amended complaint." *Id.* Considering the plaintiffs had utilized over one-third of the CW interview memoranda as a proverbial 'sword,' the court found that the "unusual" nature of the case precluded the plaintiffs from "simultaneously shield[ing] the remaining nine memoranda[.]" *Id.* at \*54–55. In other words, because the plaintiffs' disclosure resulted in an "unusual situation[] in which fairness require[d] a further disclosure of related, protected information[.]" *Id.* at \*55.

The facts before the Court neither establish that Plaintiffs disclosed a wide swath of their CW investigator memorandum nor that Plaintiffs "made a choice to get the information in the record, utilizing [them] as a sword . . . . [while] simultaneously shield[ing] the remaining . . . memoranda . . . from disclosure." *See id.* at \*54. Rather, Plaintiffs selectively disclosed the 2023 Memo for the purpose of refreshing CW-4's memory on their statements on Defendants' alleged T&R violations. Although Plaintiffs' act, in fairness, waives the work product protections for other investigator memoranda—including the 2022 Memo—as they relate to their statements on Defendants' alleged T&R violations, it has not exposed all of Plaintiffs' CW investigator memoranda.

//

///

//

///

//

///

//

///

//

Accordingly,

**IT IS ORDERED** that the parties' Joint Discovery Motion (doc. 372) is **GRANTED** as to Defendants **IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs, on or before **MAY 15, 2026**, shall provide the Court, *ex parte* and under seal, with a copy of all investigator memoranda regarding CW-4 for *in camera* review. This shall include, but is not limited to, the 2022 Memo.

Dated this 8th day of May, 2026.

Honorable John Z. Boyle
United States Magistrate Judge