**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United Association National Pension Fund, et al.,

Plaintiffs,

v.

Carvana Company, et al.,

Respondents.

No. CV-22-02126-PHX-MTL

**ORDER**

Pending before the Court is the parties' "Joint Discovery Motion."[1] (Doc. 377.) In the Motion, Plaintiffs request the Court "issue a protective order barring Further [Confidential Witness ("CW")] depositions because Defendants have neither sought leave of Court nor demonstrated 'extraordinary circumstances' justifying Rule 11 discovery." (*Id.* at 3.) Considering the broad discretion the Court possess to permit or deny discovery, the Court shall allow the CW depositions to continue insofar as Defendants seek relevant Rule 26 discovery related to the CWs' knowledge of the underlying facts of the alleged securities fraud, ***not*** their participation in Plaintiffs' counsels' investigations leading up to the initiation of this action. Hence, the Court shall grant the instant Motion as to Defendants.

## I.    BACKGROUND.

As the Court previously noted:

> This action, in which Plaintiffs aver that Defendants violated the

---

[1]    Discovery matters in this action have been referred to this Court by the presiding United States District Judge. (Doc. 125.)

Securities Exchange Act of 1934, is based on an alleged "pumping" and "dumping" of stock. (Doc. 105 at 2–3.) Part of Defendants' alleged misdeeds was the sale of vehicles before Defendants possessed the titles to such vehicles. (*Id.* at 2–3, 45.) Such acts, Plaintiffs have alleged, relates to Defendants' scienter—an element of a security fraud claim. (*Id.* at 41–42, 45–48.) Grounding Plaintiffs' T&R allegations were confidential witness accounts from a number of CWs, including CW-4. (*Id.* at 45–48.)

While the Presiding Judge dismissed portions of Plaintiffs' Amended Complaint [("AC")], the T&R allegations that Defendants sold cars before they possessed those cars' titles remained. (*Id.* at 69–73.) This decision was based, at least in part, upon a finding that the CWs' accounts were "probative of Defendants' scienter by suggesting precisely what Plaintiffs allege—that Carvana's noncompliance with title and registration requirements was widespread and persistent, and Defendants were well aware of the issue." (*Id.* at 48.)

In the intervening time between the Presiding Judge's Order and today, the parties have embarked upon an aggressive discovery process. Recently, the parties have begun to depose the CWs in this action. (Doc. 372 at 2–3.)

(Doc. 394 at 2.)

During these depositions, Defendants questioned some of the CWs about their "personal knowledge" of the allegations attributed to them in the AC. (Doc. 378-1 at 3.) Due to this line of questioning, Plaintiffs requested that the parties meet and confer on whether Defendants "are pursuing improper Rule 11 discovery." (Doc. 378-3 at 5.) Following this, the parties filed the instant Discovery dispute on May 5, 2026. (Doc. 377.) On the same day, the Court heard oral arguments upon the instant Motion. (Doc. 386.)

## II.    THE PARTIES' ARGUMENTS.

### A. Plaintiffs.

In the instant Joint Motion, Plaintiffs assert that Defendants are engaging in unauthorized Rule 11 discovery, an act necessitating a protective order barring further depositions of the CWs. (Doc. 377 at 2–3.) Plaintiffs assert "[t]hat Rule 26(b)(1) permits discovery only into non-privileged matters relevant to the Parties' claims and defenses." (*Id.* at 2.) But, by inquiring into the CWs' personal knowledge of the allegations attributed to them in the AC, Plaintiffs aver that Defendants are seeking discovery solely related to

the adequacy of Plaintiffs' counsels' investigations and the allegations contained within the AC. (*Id.* at 2–3.) Hence, Plaintiffs assert that Defendants' line of question is unauthorized Rule 11 discovery, necessitating the issuance of a protective order. (*Id.*)

### B. Defendants.

Defendants assert that they are not seeking to conduct Rule 11 discovery. (*Id.* at 4–5.) Rather, Defendants assert that they are attempting to conduct discovery into information underlying the allegations contained in the AC. (*Id.*) This, they assert, "is unquestionably relevant under Rule 26 (even though it may indirectly evidence portions of Plaintiffs' investigation)." (*Id.*) (citation omitted). Hence, Defendants assert that they are seeking merits discovery in their depositions of the CWs. (*Id.*)

### III.    LEGAL STANDARDS.

The court has broad discretion regarding whether to permit or deny discovery via a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally, discoverable evidence is "any nonprivileged matter that is relevant[2] to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

While a party's right to discovery is broad, that does not mean that it is limitless. *See* Fed. R. Civ. P. 26(b)(2). Courts will limit discovery where:

> (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

Further, the Court need not pave the way for a party to conduct discovery on Rule 11 matters. *See In re Symbol Techs., Inc. Sec. Litig.*, No. CV 05-3923 (DRH) (AKT), 2017 U.S. Dist. LEXIS 50530, at *41 (E.D.N.Y. Mar. 31, 2017); *see also Hall v. Forest River,*

---

[2] Evidence is considered relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, a court may exclude relevant evidence where its probative value is substantially outweighed by the danger of confusing the issue in the present case. Fed. R. Evid. 403.

*Inc.*, No. 3:04-CV-259 RM, 2007 U.S. Dist. LEXIS 98243, at *2 (N.D. Ind. Aug. 15, 2007) ("Courts, therefore, rarely grant discovery requests relating to motions for sanctions."). Regarding Rule 11 discovery, the advisory committee "caution[s] that courts are discouraged from using Rule 11 as a basis for discovery." *Vasudevan Software, Inc. v. IBM*, No. C09-05897 RS (HRL), 2011 U.S. Dist. LEXIS 33132, at *16 (N.D. Cal. Feb. 18, 2011). Instead, as the advisory committee explained regarding the 1983 amendment to Rule 11:

> To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.

*Vasudevan Software, Inc.*, 2011 U.S. Dist. LEXIS 33132, at *16–17 (quoting Fed. R. Civ. P. 11 Advisory Committee Notes to the 1983 Amendment).

"While there is a relative dearth of case law addressing what constitutes extraordinary circumstances to justify discovery regarding the imposition of sanctions, courts are generally unsympathetic to discovery specifically dealing with Rule 11 motions (as opposed to general discovery which uncovers Rule 11 violations)." *Estate of Alvarez v. Johns Hopkins Univ.*, No. TDC-15-950, 2019 U.S. Dist. LEXIS 145462, at *28–29 (D. Md. Aug. 27, 2019) (cleaned up).

**IV.    DISCUSSION**.

The instant Motion presents a rare discovery situation in this District. While the Court must ensure that it does not unnecessarily impede upon one party's right to relevant discovery in this action, the Court must be mindful not to pave the way—absent extraordinary circumstances—for satellite litigation and discovery solely related to a prospective Rule 11 sanctions motion. *See Vasudevan Software, Inc.*, 2011 U.S. Dist. LEXIS 33132, at *16–20. Also considering that Defendants intend to conduct general discovery into the underlying facts of the alleged fraud, not discovery specifically dealing with a Rule 11 motion, the Court shall permit the CW depositions to continue.

Here, the Court notes that Plaintiffs' AC has been tested and withstood scrutiny.

(Doc. 105.) Hence, the pleadings are not at issue at the present stage of the litigation. Rather, Plaintiffs' allegations that Defendants committed securities fraud, and Defendants' denial of any wrongdoing, are at issue at this stage of the litigation. Simply put, these are the parties' claims and defenses in the instant action.

"The task before the parties now is to gather evidence to prove or disprove the Complaint's allegations[.]" *In re BofI Holding Sec. Litig.*, No. 15-cv-2324-GPC-KSC, 2021 U.S. Dist. LEXIS 156966, at *10 (S.D. Cal. July 27, 2021). Any evidence that the CWs possess on the underlying allegations of fraud—including, but not limited to, title and registration and retail sales growth—is relevant to Plaintiffs' claims and Defendants' defenses. This was the finding in *In re BofI*, where the court—albeit in the context of discovering CW identities—found that, in a securities fraud action, CWs possessed "knowledge of the inner workings of the [defendant business] during the time of the alleged fraud that is indeed plainly relevant" to the "plaintiff's allegation that defendants committed securities fraud, and [the] defendants' denial of wrongdoing." *Id.*

As such, the underlying facts of the CWs' statements on Defendants' alleged fraudulent acts are merits discovery within the ambit of Rule 26, not Rule 11 discovery. As Defendants noted, "[w]hether Carvana had a practice of improperly selling cars before receiving title in order to boost retail sales is 'unquestionably relevant since such information evidences a direct nexus to the factual issues.'" (Doc. 377 at 4) (quoting *In re Symbol Techs., Inc. Sec. Litig.*, No. CV 05-3923 (DRH) (AKT), 2017 U.S. Dist. LEXIS 50530, at *35 (E.D.N.Y. Mar. 31, 2017)). Because the factual basis that the CWs based their allegations upon—*i.e.*, that Defendants sold cars before acquiring their title—is relevant to both Plaintiffs' claims of securities fraud and Defendants' defense of no wrongdoing, the Court finds that the CW depositions are permissible general discovery that may, consequently, uncover Rule 11 violations.[3] Therefore, the Court shall not

---

[3] While the Court finds that the underlying facts that the CWs based their statements upon is properly within the bounds of merits discovery, discovery into "their participation—months or even years later—in [P]laintiff[s'] counsel[s'] prefiling investigation" is not within the ambit of Rule 26 discovery. *See In re BofI Holding Sec. Litig.*, 2021 U.S. Dist. LEXIS 156966, at *11 ("Stated another way, there is a difference between information that is 'relevan[t] to the disposition of the action' (which is

preclude Defendants from conducting valid discovery on the facts underlying the CWs' prior statements, even though there is a risk that this general discovery may uncover Rule 11 violations.[4] *See Estate of Alvarez*, 2019 U.S. Dist. LEXIS 145462, at *29.

Accordingly,

**IT IS ORDERED** that the parties' Joint Discovery Motion (doc. 377) is **GRANTED** as to Defendants for the reasons stated herein.

Dated this 8th day of May, 2026.

_____
Honorable John Z. Boyle
United States Magistrate Judge

discoverable) and information that would facilitate a 'post hoc investigation into the sourcing of a complaint's allegations' (which is not).") (quoting *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 486 (M.D. Tenn. 2018)).

[4] As a final note, the Court notes that it has exercised its discretion to permit wider discovery for both parties in light of the seriousness of the case. *See, e.g.*, (doc. 298) (compelling Defendants to use several of Plaintiffs proposed search terms—some of which relating to allegations the Presiding Judge dismissed—because they related to the remaining allegations of fraud, such as Plaintiffs' T&R allegations).