IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Respondents. | |

Pending before the Court is the parties' "Joint Discovery Motion."[1] (Doc. 390.) In the Motion, Plaintiffs request the Court reconsider its January 14, 2026 Order (doc. 264) as it relates to discovery of prior Securities and Exchange Commission ("SEC") information requests and subpoenas issued to Defendants. (*Id.* at 2–3.) Additionally, during oral arguments, Plaintiffs requested—for the first time—that the Court either amend its February 2, 2026 Order (doc. 298) regarding search terms in this action or compel Defendants to apply additional search terms. (Doc. 437.) Defendants oppose both requests. (Docs. 390, 437.) For the following reasons, the Court shall grant Plaintiffs' request to compel additional search terms in part. In all other respects, the Motion is denied.

I.    **BACKGROUND.**

The instant discovery dispute relates to multiple SEC investigations involving Defendant Carvana. (Doc. 390.) Specifically, this matter involves four distinct SEC investigations occurring in 2019, 2022, 2024, and 2025. (*Id.* at 2–3.) These

---

[1]    Discovery matters in this action have been referred to this Court by the presiding United States District Judge. (Doc. 125.)

investigations—some of which resulting in the SEC issuing subpoenas—relate to Defendant Carvana's related-party deals, the impact of Title and Registration ("T&R") delays on asset-backed securities, and historical loan sales, *etc.* (*Id.*); (doc. 264 at 8–9.) Some of the SEC investigations occurred during the class period,[2] and some did not. (Doc. 390 at 2–3); (doc. 264 at 3 n.3, 8–9.)

On January 14, 2026, the Court addressed whether materials connected to the 2019 SEC Information Request and 2025 SEC Subpoena must be produced by Defendants. (Doc. 264 at 1.) The Court compelled the production of materials related to the 2025 SEC Subpoena, but not the 2019 SEC Information Request. (*Id.* at 10.) The Court's reasoning for doing so was that the 2025 SEC Subpoena "relate[d] to conduct that occurred during the class period," whereas the 2019 SEC Information Request involved conduct occurring before the class period making the information too attenuated to compel their production. (*Id.* at 8–9.)

While the January 14, 2026 Order addressed all relevant SEC investigations of Defendants that the parties were aware of, in actuality, there were two other SEC inquiries that had occurred. Specifically, there was a 2022 SEC Investigation and related voluntary production of materials and a 2024 SEC Subpoena. (Doc. 390.) These two SEC investigations are separate and distinct from the 2019 and 2025 SEC Investigations. (Doc. 437.) These SEC matters only came to light after Defendants' counsel—following a request from Plaintiffs—conducted a search of materials in counsel's custody. (Doc. 390 at 5.) Regarding the 2022 SEC Investigation, Defendants produced all non-privilege materials to Plaintiffs. (*Id.*); (Doc. 437.) However, Defendants have not produced all materials related to the 2024 SEC Subpoena because it relates to conduct occurring outside of the class period, and as such, is irrelevant. (Doc. 390 at 5.)

Because the 2022 and 2024 SEC actions were not revealed until after this Court's January 14, 2026 Order, Plaintiffs' request the Court reconsider that order "because it rests on false representations that violated Defendants' duty of candor and tainted the Court's

---

[2]    The class period is from January 1, 2020, to February 28, 2023. (Doc. 196 at 5–6.)

ruling." (*Id.* at 2.) In doing so, Plaintiffs request the Court reconsider its finding that the 2019 SEC investigation is irrelevant in this action. (*Id.*) Additionally, during oral arguments, Plaintiffs request the Court amend its February 2, 2026 Order (doc. 298) so that it requires Defendants to run "[in To/From/CC/BCC Fields:] *@sec.gov" and "Project Twilight*"[3] against their Electronically Stored Information ("ESI") custodians' collections. (Doc. 437.)

Defendants oppose Plaintiffs' request for reconsideration in full, and oppose Plaintiffs' search term request in part. (Doc. 390 at 4–5); (doc. 437.) Defendants assert three arguments against Plaintiffs' request for reconsideration: (a) the parties' prior dispute did not concern the SEC investigations currently at issue; (b) an unclear assertion that the scope of the prior order was before and after the class period, not during it; and (c) that Defendants' counsel did not misrepresent how many SEC investigation there were nor did they hid the 2022 and 2024 SEC inquiries. (Doc. 390 at 4–5.) As for the search term requests, Defendants did not oppose applying the "[in To/From/CC/BCC Fields:] *@sec.gov" term to their ESI custodians' collections because of the *de minimis* burden. (Doc. 437.) But, Defendants do oppose running the "Project Twilight*" search term because it relates to the 2019 SEC Investigation that this Court has already found irrelevant to this action. (*Id.*)

## II.   LEGAL STANDARDS.

At issue here is whether this Court should grant reconsideration of its January 14, 2026 Order. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995); *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances[.]") (citation omitted). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence,

---

[3]   "Project Twilight" is codename Defendants used to refer to the 2019 SEC Investigation. (Doc. 437.)

(2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); LRCiv 7.2(g)(i) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). In other words, motions for reconsideration "are appropriate only in rare circumstances, such as where the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Berkadia Real Est. Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2024 U.S. Dist. LEXIS 49052, at *3 (D. Ariz. Mar. 19, 2024).

Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

**III.    DISCUSSION.**

**A. Reconsideration.**

Based upon the evidence presented to the Court, and considering Defendants' supplemental disclosure of all non-privileged documents related to the 2022 SEC investigation, the Court shall not reconsider its past order.

Here, Plaintiffs do not assert that there was an intervening change of law nor that this Court's prior order was manifestly unjust. Rather, Plaintiffs solely allege that there is newly discovered evidence—*i.e.*, the 2022 and 2024 SEC inquiries—warranting reconsideration. (Doc. 390 at 2–3.) While Plaintiffs are correct that newly discoverable evidence has surfaced in this action, the Court does not find this evidence sufficient to warrant reconsideration here. As the Ninth Circuit Court of Appeals has noted repeatedly,

motions for reconsideration should not be granted "absent highly unusual circumstances[.]" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *Kona Enters.*, 229 F.3d at 890 (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources") (citation omitted).

Although the 2022 and 2024 SEC inquiries are newly discovered evidence, this fact, on its own, is insufficient cause to grant such an extraordinary remedy for three reasons. First, the fact that the 2022 and 2024 SEC inquiries were unearthed after the January 14, 2026 Order does not mean that the Court's prior decision was based on faulty facts. Nor does it mean that Defendants and their counsel lied to or misled the Court.[4] What Plaintiffs allege as a symptom of subterfuge may, in reality, be a symptom of the sheer breadth of discovery in security fraud class-action litigations such as this. As Defendants noted, these SEC inquiries did not come to light upon searching Defendants' ESI custodians' collections. Instead, they came to light upon Defendants' counsel searching documents in their own custody following a request by Plaintiffs. (Doc. 390 at 5.) Given this, the Court does not find that Defendants purposefully mislead the Court warranting reconsideration.

This, of course, is not to say that every time a party may fail to 'paint the whole picture' to a court, such omissions were in good faith—or, at the very least, in the absence of bad faith. However, Plaintiffs have not persuaded the Court that Defendants intentionally mislead the Court by hiding evidence, which, upon being unearthed, justifies granting such an extraordinary remedy.

Second, the Court does not find that the newly discovered evidence necessitates reconsideration of its prior order as to the 2019 SEC investigation. Although Plaintiffs allege that the 2019 SEC investigation, and its codename "project Twilight," had been mentioned during the class period as late as November of 2022, brief mentioning is insufficient to warrant reconsideration. Put simply, speculation is insufficient to warrant

---

[4] The Court cautions the parties from making *ad hominin* attacks in this action.

reconsideration.

Further, this line of reasoning misunderstands this Court's prior Order. As the Court previously noted, the 2019 SEC is irrelevant because it involves historical loan sales and refinancing made by Defendants before the class period. (Doc. 264 at 9.) Put differently, the 2019 SEC investigation "do[es] not directly relate to Defendants' conduct during the class period." (*Id.*) Just because it was mentioned in communications during the class period is insufficient to undermine that finding, further militating against reconsideration.

Third, and most importantly, the Court finds that reconsideration of its prior order redundant. Regarding the 2022 SEC inquiry, Defendants have stated that all non-privileged matter has been disclosed to Plaintiffs. (Doc. 437.) To find otherwise would require the court to make two logical leaps: (1) that Defendants counsel have violated their ethical duty of candor; and (2) that there is, in fact, additional material on the 2022 SEC inquiry that Defendants are hording. The Court is unwilling to make either logical leap based upon the record before it. Turning to the 2024 SEC subpoena, Defendants have explicitly stated that they would be willing to submit the documents to the Court for *in camera* review, and have already done so.[5] Hence, there is little need for reconsideration.

In total, this Court has not been provided sufficiently newly discovered evidence to warrant reconsideration. Nor does this Court find reconsideration necessary considering Defendants' concessions during the parties' oral arguments. Given this, the Court shall deny Plaintiffs' request for reconsideration of the Court's January 14, 2026 Order.

**B. Additional Search Terms**.

The next matter the Court shall address is whether to require Defendants to apply two additional search terms. The court has broad discretion regarding whether to permit or deny discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally, discoverable evidence is "any nonprivileged matter that is *relevant*[6] *to any party's claim*

---

[5]    Regarding this matter, the Court has reviewed, *in camera*, 296 documents related to the 2024 SEC Subpoena submitted *ex parte* by Defendants. Seeing as none of the documents are relevant to this matter, the Court shall **not** require their disclosure to Plaintiffs.

[6]    Evidence is considered relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). While a party's right to discovery is broad, that does not mean that it is limitless. *See* Fed. R. Civ. P. 26(b)(2).

Generally, the party seeking to compel additional discovery bears the burden of showing that the additional discovery is relevant under Rule 26(b)(1). *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the opposing party carries "a heavy burden" in showing why such discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Based upon the parties' discussions and Defendants' concessions during the oral argument, the Court shall require Defendants to run "[in To/From/CC/BCC Fields:] *@sec.gov" but not "Project Twilight*". Respecting the "[in To/From/CC/BCC Fields:] *@sec.gov" search term, Defendants, during oral arguments, stated that they would be willing to run the term due to its *de minimis* burden. (Doc. 437.) Given this, the Court finds Defendants' non-opposition as permission to grant Plaintiffs' request as to "[in To/From/CC/BCC Fields:] *@sec.gov[.]" As to the "Project Twilight*" search term, Plaintiffs have not met their burden of establishing the search terms relevancy here. Specifically, the search term's fatal flaw is that it purely relates to the 2019 SEC investigation. *See* (doc. 391 at 3); *see also* (doc. 437.) Because the Court is not granting reconsideration of its prior order, the instant search term seeks irrelevant information. Hence, the Court shall not require Defendants to run "Project Twilight*" against their ESI custodians' collections.[7]

//

---

determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, a court may exclude relevant evidence where its probative value is substantially outweighed by the danger of confusing the issue in the present case. Fed. R. Evid. 403.

[7] As a final note, for future discovery motions, the parties are requested to limit or narrow their exhibits to matters relevant to the adjudication of the motion. The Court reminds the parties that "Judges are not like pigs, hunting for truffles buried in briefs." *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) (citation omitted). While the Court assiduously scours all submission before it, it would greatly assist expediency of review and limiting judicial resources were the parties' exhibits targeted, or at the very least, narrowed.

Accordingly,

**IT IS ORDERED** that the parties' Joint Discovery Motion (doc. 390) is **GRANTED** as to Plaintiffs' request to run the "**[in To/From/CC/BCC Fields:] *@sec.gov**" search term against Defendants' ESI custodians' ESI collections.

**IT IS FURTHER ORDERED** that, following this Court's *in camera* review, and seeing as the documents are irrelevant to this action, the Court **SHALL NOT** compel Defendants to provide any of the reviewed 2024 SEC Subpoena documents to Plaintiffs.

**IT IS FURTHER ORDERED** that the parties' Joint Discovery Motion (doc. 390) is **DENIED** in all other respects for the reasons stated herein.

Dated this 27th day of May, 2026.

_____
Honorable John Z. Boyle
United States Magistrate Judge