ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
SARA B. POLYCHRON (CA 244685)
ERIKA L. OLIVER (CA 306614)
MATTHEW J. BALOTTA (CA 310303)
RACHEL A. COCALIS (CA 312376)
CHRISTOPHER R. KINNON (CA 316850)
SARAH A. FALLON (CA 345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
spolychron@rgrdlaw.com
eoliver@rgrdlaw.com
mbalotta@rgrdlaw.com
rcocalis@rgrdlaw.com
ckinnon@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To:<br><br>　　All Actions. | LEAD PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RELATED PARTIES<br><br>**ORAL ARGUMENT REQUESTED** |

4938-0465-5013.v2

Pursuant to ¶6 of the Court's February 26, 2025 Scheduling Order (ECF 128), and the Court's July 1, 2025 Order regarding the scope of discovery, Lead Plaintiffs United Association National Pension Fund and Saskatchewan Healthcare Employees' Pension Plan ("Plaintiffs") submit this motion concerning a discovery dispute with related third-parties DriveTime Automotive Group, Inc., Bridgecrest Credit Company, LLC, and Verde Investments, Inc. (collectively, the "Related Parties"), regarding DriveTime's responses and objections ("R&Os") to the subpoenas served on DriveTime on July 22, 2025, November 14, 2025, and February 23, 2026, Bridgecrest's R&Os to the subpoena served on Bridgecrest on February 23, 2026, and Verde's R&Os to the subpoena served on Verde on February 23, 2026. Exs. 1-5 (the "Subpoenas"); Exs. 6-10 (the R&Os).

## I. PLAINTIFFS' ARGUMENT

Plaintiffs seek the production of internal documents and communications in the Related Parties' exclusive possession concerning Carvana's related-party transactions orchestrated through defendant Ernest Garcia II's ("Garcia Sr.") wholly-owned companies. These materials are indispensable because they go directly to the structure, operation, and economic substance of the transactions central to Plaintiffs' claims and are uniquely held by the Related Parties, not Defendants.[1] Because the relevance of this discovery is both undeniable and has already been confirmed by this Court, and the Related Parties have failed to meet their heavy burden to establish any legitimate basis for denial, Plaintiffs' Motion should be granted.

Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). It is "'necessarily broad in scope in order to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Leon v. URL Pharma, Inc.*, 2025 WL

---

[1] "Defendants" refers to Carvana, Ernest Garcia III, Mark Jenkins, Stephen Palmer, Ira Platt, Neha Parikh, Greg Sullivan, and Michael Maroone (the "Carvana Defendants") and Garcia Sr.

- 1 -

4938-0465-5013.v2

1723148, at *3 (C.D. Cal. 2025).[2]  The resisting party bears the burden to substantiate their objections.  *Rsch. Corp. Techs. Inc. v. Eli Lilly & Co.*, 2018 WL 11676941, at *2 (D. Ariz. 2018).  "'General and conclusory objections as to relevance, overbreadth, or burden are insufficient.'"  *Miller v. York Risk Servs. Grp.*, 2014 WL 11515634, at *2 (D. Ariz. 2014).  The Related Parties' objections fail under each of these settled principles.

***First***, this Court has already recognized that Plaintiffs are entitled to "broad discovery" into the Carvana Defendants' alleged scheme and sales drivers (ECF 172 at 20:13-14, 21:21-22:4; ECF 173 at 3-4), and specifically determined that the subject of the Subpoenas – Carvana's "related-party transaction allegations" – are "***highly relevant***."  ECF 298 at 17-18.  The 19 related-party transactions – admittedly "not negotiated at arm's length" (ECF 71, ¶299) – between Carvana and Garcia Sr.'s companies DriveTime, Bridgecrest, and Verde during the Class Period are the subject of the first artifice alleged under Plaintiffs' upheld scheme claim and are a central component of the conduct that artificially inflated Carvana's reported retail unit sales and misled investors as to the Company's true performance.  *See* Ex. 11 at 3; ECF 71, ¶¶127-129, 215(a), 215(a)(v), 296-300, 384(a), 384(a)(v).  Furthermore, all transactions between Garcia Sr.'s entities and Carvana remain discoverable in light of the surviving §20(a) claim, which places directly at issue Garcia Sr.'s exercise of control through those related-party dealings.  ECF 71, ¶¶297-301; *United Ass'n Nat'l Pension Fund v. Carvana Co.*, 759 F. Supp. 3d 926, 983-84 (D. Ariz. 2024), *reconsideration denied*, 2025 WL 371717 (D. Ariz. 2025); ECF 298 at 17-18; Ex. 12 at 1-2; Ex. 13 at 2.

In fact, this Court ordered the Carvana Defendants to run the search string DriveTime* OR DT* OR "Drive Time*," "[c]onsidering Plaintiffs' broad right to discovery, ***the highly relevant nature of the search term to Plaintiffs' related-party transaction allegations***, and [the resisting party's] 'heavy burden' to establish why discovery should be denied."  ECF 298 at 17.  That holding squarely forecloses any contention that discovery into

---

[2]  Unless otherwise noted, all emphasis is added and citations are omitted.

4938-0465-5013.v2

these related-party transactions is irrelevant or disproportionate.  Likewise, the Court ordered the Carvana Defendants to run the terms Bridgecrest* and Verde* as they targeted discovery regarding "relevant related-party transactions."  *Id.* at 17-18.[3]  The Related Parties' refusal to produce any documents concerning those same transactions is irreconcilable with the Court's prior order.

***Second***, the Related Parties have not "carrie[d] '[their] heavy burden' in showing why [this] discovery should be denied."  ECF 298 at 7 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

The Related Parties' only argument is that Plaintiffs must exhaust their party discovery before seeking these documents from non-parties.  Ex. 6 at 1-2; Ex. 7 at 1-2; Ex. 8 at 2-3; Ex. 9 at 2-3; Ex. 10 at 2-3.  Putting aside that the Related Parties are ***defendant*** Garcia Sr.'s wholly-owned companies, "there is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession."  *Viacom Int'l, Inc. v. YouTube, Inc.*, 2008 WL 3876142, at *3 (N.D. Cal. 2008); *see also* Ex. 11 at 1-2 (citing authority).  Simply put, "Plaintiffs are not required to exhaust party discovery before seeking discovery from nonparties."  *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2024 WL 3416644, at *4 (N.D. Cal. 2024).  Tellingly, other third parties – many of which are far more attenuated from the fraud than the Related Parties – have already produced thousands of documents in this case without insisting that party discovery be completed first.

Plaintiffs have already unilaterally narrowed their request to the Related Parties' ***internal*** documents by providing a search term proposal specifically designed to exclude any potentially duplicative external communications with Carvana.  *See* Ex. 14 at 11; Ex. 12 at 2-3 (proposing that the Related Parties exclude the term "*@carvana.com" and explaining why

---

[3]    The Related Parties insist that the discovery is irrelevant because Plaintiffs' lawsuit turns on the information that the Carvana Defendants had in their possession and that the Carvana Defendants allegedly failed to disclose in their disclosures (Ex. 8 at 2-3; Ex. 9 at 2-6; Ex. 10 at 2-5).  That position ignores Rule 26's breadth and improperly attempts to rewrite Plaintiffs' claims as turning solely on the Carvana Defendants' knowledge, while disregarding the independent relevance of the Related Parties' own conduct, analyses, and financial incentives.  *See* Ex. 12 at 2; Ex. 13 at 3.

- 3 -

4938-0465-5013.v2

the narrowed request sought only documents in the Related Parties' possession).  This targeted approach eliminates any purported duplication with party discovery and focuses squarely on documents uniquely within the Related Parties' control and aligns with this Court's prior holdings addressing claims of burden.  *See* ECF 298 at 10 (granting Plaintiffs' search term request as parties can utilize "operators," such as "NOT," to reduce burden).  The Related Parties say nothing to dispute this.  Plaintiffs further reduced any purported burden by limiting the custodians whose ESI is to be searched to just the individuals who had the roles of CEO or CFO of the Related Parties during the Relevant Period.  Ex. 15 at 1.  Nevertheless, the Related Parties have repeatedly refused to substantiate their conclusory and general objections.  Ex. 12 at 3-4.  Indeed, it was only after Plaintiffs specifically requested custodial hit counts ***three times*** that the Related Parties provided any custodial hit count, and even then they failed to identify the number of unique hits for the proposed search – an omission that is fatal to any undue burden objection.  Ex. 14 at 1, 7; Ex. 15 at 2.  Moreover, the Related Parties have not once offered a counter-proposal, despite having Plaintiffs' proposal for nearly two months.  As such, Plaintiffs' request does not impose an undue burden, and the Motion should be granted.  *Biotechnology Value Fund, L.P. v. Celera Corp.*, 2014 WL 4272732, at *4 (D.N.J. 2014) (finding "narrowed request does not impose an undue burden on [third party], since the request . . . goes directly to the core of the underlying case" and the third party "provides only conclusory claims that do not adequately demonstrate any undue burden it will incur in producing the requested information").

In sum, Plaintiffs' request that the Related Parties be compelled to search for and produce documents responsive to the Subpoenas, pursuant to Plaintiffs' March 27, 2026 search term proposal outlined in Exhibit 14, which reflects a reasonable, targeted, and Court-endorsed methodology with which the Related Parties have refused to meaningfully engage:

Search Term: *Carvana* AND NOT *@carvana.com [in the to/from/cc fields]

Custodians:
1.    DriveTime: Scott Worthington; Don Reese (start of the Relevant Period until his separation from DriveTime in 2020); Mary Leigh Phillips; and Dan Gaudreau.

- 4 -

4938-0465-5013.v2

2.    Bridgecrest: Don Reese (start of the Relevant Period until his separation from Bridgecrest in 2020); Mary Leigh Phillips; and Dan Gaudreau.

3.    Verde: Nancy Young; and Steven Johnson.

## CERTIFICATION

Plaintiffs, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).

DATED:  June 1, 2026                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
SARA B. POLYCHRON
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
CHRISTOPHER R. KINNON
(Admitted *pro hac vice*)
SARAH A. FALLON
(Admitted *pro hac vice*)


                                        /s/ DANIEL S. DROSMAN
                                        DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
spolychron@rgrdlaw.com
eoliver@rgrdlaw.com
mbalotta@rgrdlaw.com
rcocalis@rgrdlaw.com
ckinnon@rgrdlaw.com
sfallon@rgrdlaw.com

- 5 -

4938-0465-5013.v2

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MATHEW ANDREWS
(Admitted *pro hac vice*)
CRISTELLE R. RABBAN
(*Pro hac vice* forthcoming)
420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone: 212/432-5100
mandrews@rgrdlaw.com
crabban@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELIZABETH A. SHONSON
(Admitted *pro hac vice*)
SCOTT I. DION
(Admitted *pro hac vice*)
LUKE GOVEAS
(*Pro hac vice* forthcoming)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
eshonson@rgrdlaw.com
sdion@rgrdlaw.com
lgoveas@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: 202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

- 6 -

4938-0465-5013.v2

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

4938-0465-5013.v2