# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Respondents. | |

This matter is before the Court upon its own review. On May 22, 2026, this Court granted Plaintiffs' "Motion to Compel Production of Documents Withheld as Privileged for In Camera Review and to Appoint Special Master" (doc. 363) in part. (Doc. 467 at 6.) Specifically, the Court granted Plaintiffs' request for *in camera* review by a Special Master of the 48,666 documents withheld as privileged by Defendants. (*Id.*) The parties were directed to provide notice to the Court by June 1,2026, whether they had reached an agreement upon a proposed Special Master. (*Id.* at 7.) If not, the parties were directed to provide two candidates each. (*Id.*)

On June 1, 2026, this Court received notice that the parties were unable to mutually agree upon a proposed Special Master. (Doc. 490.) In the parties' notice, each side provided two candidates. (*Id.*) Upon reviewing the candidates, the Court selects David R. Cohen to serve as Special Master in this action to review, *in camera*, Defendants' privilege log and the 48,666 documents and materials withheld as privileged by Defendants, and resolve any discovery disputes regarding those materials.

The Court notes that all candidates proffered by the parties are eminently qualified to serve as a special master. But, Cohen's experience serving as a special master and neutral in 19 federal cases, paired with the fact that the remaining three candidates have perceived direct or indirect ties to the parties/action, makes him stand out as the superior candidate.

Accordingly,

**IT IS ORDERED** that David R. Cohen is tentatively appointed as Special Master in this action pursuant to Rule 53(a), pending Cohen's submission of an affidavit pursuant to Rule 53(b)(3)(A).

**IT IS FURTHER ORDERED** that:

1. The Special Master shall, as early as possible in the engagement, confer with the parties and file a notice with the Court regarding the amount of time necessary to review, *in camera*, Defendants' privilege log and resolve any discovery disputes regarding the 48,666 documents withheld as privileged by Defendants.

2. The Special Master's authority shall be defined as stated in Fed. R. Civ. P. 53(c)(1). The Special Master shall have authority to oversee any discovery disputes regarding the 48,666 documents withheld as privileged by Defendants before the close of discovery in this action.

3. The Special Master shall have the discretion to decide whether an in-person hearing is necessary to resolve a dispute or whether the dispute may be resolved through a telephonic or Zoom hearing.

4. The Special Master may communicate *ex parte* with this Court regarding the instant case. No Party shall communicate with the Special Master *ex parte* unless otherwise permitted by the Special Master.

5. Any decision or ruling issued by the Special Master shall be filed and served pursuant to Rule 53(d). *See* Fed. R. Civ. P. 53(d) ("A master who issues an order must file it and promptly serve a copy on each party. The clerk must enter the order on the docket."). The Special Master shall report to this Court as often as necessary to keep the Court apprised of the progress of this appointment. Any

report shall be filed and served pursuant to Rule 53(e). *See* Fed. R. Civ. P. 53(e) ("A master must report to the court as required by the appointing order. The master must file the report and promptly serve a copy on each party, unless the court orders otherwise.").

6. Any party who wishes to challenge any decision of the Special Master shall, no later than **FOURTEEN (14) DAYS** from the filing date of the Special Master's decision, file a Motion for Review of Special Master's Decision, and notice the motion for hearing in accordance with the Court's procedures. The parties shall not include—and the Court will not consider—any evidence or argument that was not presented to the Special Master. The standard of review the Court will apply to any motion for review shall be governed by Rule 53(f).

7. The Plaintiffs, as the moving party, shall bear the costs of the Special Master. Plaintiffs are entitled to reduce the number of documents to be reviewed.

8. The Special Master shall bill Plaintiffs directly for his services. Upon receipt of an invoice from the Special Master's office, counsel for Plaintiffs shall pay the Special Master no later than **SEVEN (7) CALENDAR DAYS** after the date of the invoice.

Dated this 2nd day of June, 2026.

Honorable John Z. Boyle
United States Magistrate Judge