# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Association National Pension Fund, et al., | No. CV-22-02126-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Carvana Company, et al., | |
| Respondents. | |

Pending before the Court is Carvana Defendants' ("Defendants") "Motion for Reconsideration of DKT. 467."[1] (Doc. 506.) In their Motion, Defendants request this Court reconsider its prior order addressing the scope of the Special Master's review. (*Id.* at 2.) Specifically, Defendants request this Court modify the scope of the Special Master's review from 48,666 documents withheld to "roughly 14,000 documents in categories 1, 4, 6, 8, and 9" of their privilege log. (*Id.* at 2, 7.) Due to the parties' imminent first conference with the Special Master, and considering the record before the Court, the Court shall address Defendants' Motion without a response.[2] Because the Court does not find that its prior Order was clearly erroneous or manifestly unjust, it shall deny Defendants' Motion.

---

[1]    Discovery matters in this action have been referred to this Court by the presiding United States District Judge. (Doc. 125.)

[2]    The Local Rules of Civil Procedure denote that:

[n]o response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response.

LRCiv 7.2(g)(1).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995); *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances[.]") (citation omitted). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); LRCiv 7.2(g)(i) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). In other words, motions for reconsideration "are appropriate only in rare circumstances, such as where the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Berkadia Real Est. Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2024 U.S. Dist. LEXIS 49052, at *3 (D. Ariz. Mar. 19, 2024).

Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The crux of Defendants' Motion is that this Court committed clear error or that its decision was manifestly unjust by going beyond the roughly 14,000 documents contained within categories 1, 4, 6, 8, and 9 of their privilege log. *See generally* (doc. 506.) Specifically, Defendants aver that "Plaintiffs' Motion expressly limited their challenge to

the roughly 14,000 documents in categories 1, 4, 6, 8, and 9 and presented no argument relating to documents in categories 2-3, 5, and 7," and that "Plaintiffs' Counsel acknowledged the limited scope of their challenge at oral argument[.]" (*Id.* at 2.)

As an initial matter, upon re-review of the Plaintiffs' briefing on the matter of in camera review of withheld documents, the Court does not find that Plaintiffs expressly limited their request to the roughly 14,000 documents in categories 1, 4, 6, 8, and 9. Specifically, Plaintiffs noted that Defendants' alleged failure to establish that "withheld communications were made for the primary purpose of seeking legal advice . . . surfaces most egregiously in Categories 1, 4, 6, and 8-9[.]" (Doc. 363 at 14.) Additionally, while Defendants are correct that Plaintiffs' footnote 5 stated that "[Plaintiffs] are not challenging entries related to Categories 2-3, 5, and 7," (doc. 506) (quoting (doc. 363 at 10 n.5)), Plaintiffs did clearly state that "[they] reserve the right to raise entries in these categories with the Special Master, if appointed." (Doc. 363 at 10 n.5.) Given this, the Court does not find that the Court committed clear error by developing a remedy including all 48,666 documents.

Nor does this Court find that the scope of the Special Master's review is manifestly unjust. "District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion." *Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (citation omitted); *cf. Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery[.]"). This includes, as our sister Districts have noted, the discretion "to craft[] discovery orders that may expand, limit, or differ from the relief requested." *SanDisk3D IP Holdings Ltd. v. Viasat, Inc.*, No. 22-cv-04376-HSG (PHK), 2025 U.S. Dist. LEXIS 111313, at *5 (N.D. Cal. June 11, 2025) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.")).

In crafting the instant Order, the Court was mindful—as it strives to be for every

- 3 -

discovery order it may issue—of the major polestars of discovery: relevancy, proportionality, and the limitation of undue burden. *See* Fed. R. Civ. P. 26(b)(1). The prior Order kept those principles in mind. First, the Court's Order established a process for discovery of potentially relevant matter in a manner that avoids having an indiscriminate whole-sale production of documents which may in-fact be irrelevant or privileged. Second, the prior Order was designed to avoid inflexible limits that may (1) prevent the discovery of relevant and non-privileged matter and (2) require the parties to return to the courthouse at every indicia of disagreement—a process that would exponentially increase costs for both parties, which is the antithesis of Rule 26's mandate. Third, the Order provides a healthy dose of discretion to the Special Master to decide, based off the documents before him and his legal experience, whether matters are, in fact, privileged and whether the instant documents are relevant.

Finally, this Court crafted the instant Order to avoid undue burden for Defendants. The Court was mindful of the fact that Defendants' privilege log is, to state it bluntly, massive. The Court was specifically mindful that Plaintiffs requested the review of thousands of documents, which would not be an inexpensive task. Given this, the Court specifically noted that "[b]ecause Plaintiffs are the moving party here, ***they*** shall bear the cost of the special master." (Doc. 67 at 6) (emphasis added). Hence, the Court strived to limit the fiscal burden upon Defendants in crafting its prior Order.

In any event, even assuming, *arguendo*, that Plaintiffs intend to seek *in camera* review of documents outside of categories 1, 4, 6, 8, and 9, they face a number of challenges that would make a wholly-thorough review unrealistic. First, fact discovery in this action has a firm cutoff date on October 2, 2026. (Doc. 505 at 2.) Taking into consideration the pace at which the Special Master may realistically review documents, paired with the District Judge's admonition to "the parties that it will not further extend the deadlines in the . . . for any foreseeable reason," (*id.* at 1), it is not likely that all 48,666 documents will be reviewed. Second, considering that Plaintiffs bear the costs of the Special Master, and are "entitled to reduce the number of documents to be reviewed," (doc. 467 at 7), it is likely

that they will, in an effort to limit expenses, focus only upon those documents that appear particularly relevant and proportional.

For the foregoing reasons, the Court does not find that its prior Order establishing the scope of the Special Master's review was clearly erroneous or manifestly unjust. Hence, Defendants have not met their burden of establishing the presence of "highly unusual circumstances" warranting reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Kona Enters.*, 229 F.3d at 890 (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources") (citation omitted). Therefore, the Court shall deny Defendants' Motion for Reconsideration.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration of DKT. 467 (doc. 506) is **DENIED**.

Dated this 5th day of June, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

- 5 -