ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
SARA B. POLYCHRON (CA 244685)
ERIKA L. OLIVER (CA 306614)
MATTHEW J. BALOTTA (CA 310303)
RACHEL A. COCALIS (CA 312376)
CHRISTOPHER R. KINNON (CA 316850)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
spolychron@rgrdlaw.com
eoliver@rgrdlaw.com
mbalotta@rgrdlaw.com
rcocalis@rgrdlaw.com
ckinnon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re Carvana Co. Securities Litigation | ) | No. CV-22-2126-PHX-MTL |
| | ) | |
| | ) | PLAINTIFFS' OPPOSITION TO |
| This Document Relates To: | ) | CARVANA DEFENDANTS' MOTION |
| | ) | FOR ISSUANCE OF LETTERS OF |
| | ) | REQUEST FOR INTERNATIONAL |
| All Actions. | ) | JUDICIAL ASSISTANCE |
| | ) | |

4905-8053-9582.v1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     LEGAL STANDARDS ............................................................................... 2

III.    ARGUMENT .............................................................................................. 3

        A.      The Discovery Sought Will Unduly Burden Foreign Nonparties and
                Is Not Proportional to the Needs of the Case ............................................. 3

        B.      The Requested Two-Day Deposition of Mr. Larizadeh Contravenes
                the Court's Order and Is Unduly Burdensome ............................................. 5

        C.      The Proposed Letters of Request Misstate the Applicable Law ................... 6

IV.     CONCLUSION .......................................................................................... 8

- i -

4905-8053-9582.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Accent Delight Int'l Ltd. v. Sotheby's*,
2020 WL 64758 (S.D.N.Y. 2020)...................................................................................... 6

*Blue Spike LLC v. Universal Music Grp., Inc.*,
2024 WL 3468329 (C.D. Cal. 2024) ................................................................................ 2

*Bos. Ret. Sys. v. Uber Techs., Inc.*,
2022 WL 2954937 (N.D. Cal. 2022) ................................................................................ 7

*Carey v. J.A.K.'s Puppies, Inc.*,
2026 WL 855149, at *5 (C.D. Cal. 2026).......................................................................... 7

*Energex Enters., Inc. v. Shughart, Thomson & Kilroy, P.C.*,
2006 WL 2401245 (D. Ariz. 2006).................................................................................. 6

*Fine v. Kan. City Life Ins. Co.*,
2024 WL 5440726 (C.D. Cal. 2024) ................................................................................ 3

*In re Bard IVC Filters Prods. Liab. Litig.*,
317 F.R.D. 562 (D. Ariz. 2016) ....................................................................................... 2

*In re J&J Inv. Litig.*,
2023 WL 3121922 (D. Nev. 2023),
*overruling objections by* 2023 WL 8838059 (D. Nev. 2023)....................................... 2

*In re Lyft Inc. Sec. Litig.*,
2021 WL 3711470 (N.D. Cal. 2021) ................................................................................ 5

*Kang v. Credit Bureau Connection, Inc.*,
2022 WL 16748698 (E.D. Cal. 2022).......................................................................... 2, 3

*McPhail v. First Command Fin. Plan., Inc.*,
251 F.R.D. 514 (S.D. Cal. 2008) ..................................................................................... 3

*Mielke v. Standard Metals Processing, Inc.*,
2015 WL 2152664 (D. Nev. 2015).................................................................................... 5

*Miller v. Thane Int'l, Inc.*,
519 F.3d 879 (9th Cir. 2008) ........................................................................................... 7

*MSK Covertech, Inc. v. Fevisa Indus., S.A. de C.V.*,
2023 WL 4189654 (S.D. Cal. 2023).................................................................................. 7

- ii -

**Page**

*Pino v. Cardone Cap., LLC*,
    139 F.4th 1102 (9th Cir. 2025) ................................................................................ 4, 7

*PlayUp, Inc. v. Mintas*,
    344 F.R.D. 429 (D. Nev. 2023) ...................................................................................... 5

*Scalia v. Int'l Longshore & Warehouse Union*,
    337 F.R.D. 281 (N.D. Cal. 2020) ................................................................................... 2

*Simon & Simon, PC v. Align Tech., Inc.*,
    2022 WL 16557638 (N.D. Cal. 2022) ............................................................................ 3

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
    2020 WL 12740646 (C.D. Cal. 2020) ............................................................................ 3

*Wadeea v. Mercedes-Benz USA, LLC*,
    2025 WL 2417180 (S.D. Cal. 2025) ............................................................................... 2

*Walther-Meade v. Leidos, Inc.*,
    2023 WL 3224960 (S.D. Cal. 2023) ............................................................................... 7

*Zoho Corp. Priv. Ltd. v. Freshworks, Inc.*,
    2021 WL 2769009 (N.D. Cal. 2021) .............................................................................. 3

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26(a)(1)(A)(i) ......................................................................................................... 3
    Rule 26(b) .................................................................................................................. 2, 4

- iii -

Lead Plaintiffs United Association National Pension Fund ("UANPF") and Saskatchewan Healthcare Employees' Pension Plan ("SHEPP," and together with UANPF, "Plaintiffs") submit this opposition in response to the Carvana Defendants' Motion for Issuance of Letters of Request for International Judicial Assistance (ECF 559) ("Motion" or "Mot").[1]

## I.     INTRODUCTION

The Carvana Defendants cannot have it both ways.  In opposing Plaintiffs' Motion for Class Certification, the Carvana Defendants worked covertly to obtain declarations from 24 of the 34 allocants who purchased in Carvana's April 2022 Offering, which they contend establish the allocants' contemporaneous knowledge of Carvana's title and registration problems.  ECF 451-2-451-25.  Yet after forsaking formal discovery of nearly every domestic allocant,[2] the Carvana Defendants now seek to use the Hague Evidence Convention to conduct burdensome discovery of two foreign allocants – absent class members, who the Carvana Defendants did not disclose as entities likely to have discoverable information in their initial, first amended, or second amended disclosures.

Even accepting the Carvana Defendants' (mis)characterization of the declarations, the Carvana Defendants have not shown that the requested and disfavored absent class member discovery of these two foreign nonparties is necessary or proportional to the needs of the case.  The Carvana Defendants offer no legitimate justification for burdening foreign judicial authorities and absent class members located abroad with sweeping discovery they declined to seek from nearly every other allocant, including comparably situated domestic allocants who submitted no declaration at all.  Nor do they offer any basis for 14 hours of deposition

---

[1]     The "Carvana Defendants" refers collectively to Carvana Co. ("Carvana"), Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan.  "Pelham" refers to Pelham Capital Ltd., and "LGIM" refers to Legal & General Investment Management LTD.  Unless otherwise specified, all emphasis is added and citations are omitted.

[2]     The only exceptions are the subpoenas the Carvana Defendants served on Sculptor Capital Management, Inc. ("Sculptor"), who did not provide the Carvana Defendants with a declaration.

- 1 -

4905-8053-9582.v1

testimony – *twice* the Court's seven-hour limit for third-party depositions. And their proposed letters of request misstate the governing law. Accordingly, the Motion should be denied.

## II.    LEGAL STANDARDS

"The issuance of a letter rogatory is a matter within both the authority and the discretion of the Court." *Wadeea v. Mercedes-Benz USA, LLC*, 2025 WL 2417180, at *2 (S.D. Cal. 2025). "When determining whether to exercise its discretion, the Court applies 'Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure.'" *Id.* (quoting *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 288 (N.D. Cal. 2020)). As such, courts decline to issue letters of request when the discovery is unduly burdensome, disproportionate to the needs of the case, or otherwise outside the scope of Rule 26. Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit."); *see, e.g.*, *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 565-66 (D. Ariz. 2016) (denying motion for issuance of letters for request because the "marginal" relevance of the material was outweighed by the associated burden); *see also Blue Spike LLC v. Universal Music Grp., Inc.*, 2024 WL 3468329, at *4 (C.D. Cal. 2024) (narrowing overbroad letters of request).

In addition, in the Ninth Circuit, discovery from absent class members is "'disfavored'" and "'ordinarily not permitted.'" *Kang v. Credit Bureau Connection, Inc.*, 2022 WL 16748698, at *2 (E.D. Cal. 2022). This is because it "would undermine the purpose of the class action procedures." *In re J&J Inv. Litig.*, 2023 WL 3121922, at *2 (D. Nev. 2023), *overruling objections by* 2023 WL 8838059 (D. Nev.); *see Kang*, 2022 WL 16748698, at *2.[3] In addition, absent class member discovery must be denied unless

---

[3]    Given courts' general admonition against absent class member discovery, Plaintiffs had no intention to pursue such discovery. But the Carvana Defendants injected absent class members into the litigation by appending declarations from certain allocants to their class certification opposition and issuing two subpoenas to another domestic allocant. *See* ECF

- 2 -

"'responding to discovery requests would not require the assistance of counsel.'" *Fine v. Kan. City Life Ins. Co.*, 2024 WL 5440726, at *2 (C.D. Cal. 2024).  Finally, absent class member discovery is not appropriate where the discovery sought goes directly to individual defenses and damages.  *See McPhail v. First Command Fin. Plan., Inc.*, 251 F.R.D. 514, 517-18 (S.D. Cal. 2008); *Kang*, 2022 WL 16748698, at *4 (collecting cases).

Here, as detailed below, the burden imposed by the Carvana Defendants' discovery requests of absent class members is disproportionate to the needs of the case.

## III.   ARGUMENT

### A.   The Discovery Sought Will Unduly Burden Foreign Nonparties and Is Not Proportional to the Needs of the Case

The Carvana Defendants ask this Court to seek judicial assistance from the Senior Master of the King's Bench Division of the High Court of Justice of England and Wales so that they may pursue discovery from LGIM and Pelham, two foreign allocants and absent class members located in the United Kingdom.  The Carvana Defendants insist that the requested "documentary evidence and oral testimony are highly relevant to the determination of these proceedings" and is "evidence intended for use at trial," but the record belies that characterization.  ECF 559-2 at 1; ECF 559-1 at 1.[4]  Indeed, no trial date has been set, as Defendants' own letters of request concede.  *Id.*

---

484 at 3.  As a result, to protect all absent class members, Plaintiffs sought limited document discovery from those allocants who submitted declarations and the recipient of the subpoenas, Sculptor.

[4]     While the Carvana Defendants now claim they need discovery from LGIM and Pelham at trial, they did not include them in their initial disclosures as parties "likely to have discoverable information . . . that [they] may use to support its claims or defenses" (Fed. R. Civ. P. 26(a)(1)(A)(i)) until the day after they blindsided Plaintiffs with the declarations in their opposition to Plaintiffs' Motion for Class Certification.  Further, the Carvana Defendants' authority is inapt as none involve an absent class member.  *See, e.g.*, *Simon & Simon, PC v. Align Tech., Inc.*, 2022 WL 16557638, at *4 (N.D. Cal. 2022) (depositions sought of three individuals involved with the "creation, operation, and termination of the interoperability agreement and its continued operation outside of the United States"); *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 12740646, at *2 (C.D. Cal. 2020) ("'assert[ing] the same trade secrets at issue in the instant case against Lisi Canada in a litigation that is pending in the Superior Court of Québec'"); *Zoho Corp. Priv. Ltd. v. Freshworks, Inc.*, 2021 WL 2769009, at *3 (N.D. Cal. 2021) (third parties with "first-hand

- 3 -

Tellingly, the Carvana Defendants have not sought this discovery from any of the other allocants save one. They appear entirely content with the short, one-sided declarations they obtained from 24 allocants, and they have made no effort to pursue discovery under the Federal Rules of Civil Procedure from seven of the eight remaining domestic allocants who did not sign declarations. Had this discovery truly been necessary to establish their defenses or to prepare for trial, the Carvana Defendants would have sought it from all 34 allocants. They did not. And although the Carvana Defendants assert that discovery from LGIM and Pelham is required because they were "otherwise unable to obtain the requested documentary evidence" (ECF 559-1 at 2, 10; ECF 559-2 at 2), they provide no record of any effort to obtain it, stating only that their attempts "were unsuccessful." ECF 559-1 at 9; ECF 559-2 at 9.[5] That the Carvana Defendants are satisfied with short declarations from some allocants and no information at all from others confirms that any "likely benefit" of this discovery is minimal and is therefore "outweigh[ed]" by "the burden or expense of the proposed [absent class member] discovery." Fed. R. Civ. P. 26(b).

Nor can the Carvana Defendants justify this discovery by invoking class certification. Their opposition to class certification is fully briefed, so their stated intention to use this discovery to oppose certification cannot be squared with the posture of the case – that ship has sailed. The Carvana Defendants have known of these allocants since Carvana sold them stock in the April 2022 Offering, yet they never identified LGIM or Pelham in their initial, first amended, or second amended disclosures, and they waited until nearly six weeks *after* filing their class certification opposition to seek this discovery. In any event, an investor's knowledge of publicly available information does not defeat a §11 or §12(a)(2) claim. *See Pino v. Cardone Cap., LLC*, 139 F.4th 1102, 1111 (9th Cir. 2025) ("constructive knowledge

---

knowledge regarding the circumstances regarding Freshworks' use and sharing of Zoho's CRM data" in a data misappropriation case).

[5]     Notably, despite an outstanding document request and a Court order, the Carvana Defendants have not yet agreed to produce the "allocants' responses to Defendants' counsel's communications." ECF 568 at 15.

- 4 -

does not bar recovery for §12 claims"); *In re Lyft Inc. Sec. Litig.*, 2021 WL 3711470, at *7 (N.D. Cal. 2021).

In sum, the Carvana Defendants have offered no reason why Pelham and LGIM possess information so vital to their defenses that it warrants assistance from a foreign tribunal, particularly absent class member discovery they have not pursued from the other allocants.

### B. The Requested Two-Day Deposition of Mr. Larizadeh Contravenes the Court's Order and Is Unduly Burdensome

The Carvana Defendants seek a two-day, 14-hour deposition of Mr. Larizadeh, a representative of non-party Pelham. As one of many allocants in the Offering, Pelham is an absent class member – an entity that may benefit from a future recovery, but has not involved itself in the litigation and may not even have notice that the case exists. Yet the Carvana Defendants ask for a two-day, 14-hour deposition of Mr. Larizadeh – something they have not sought from any other individual or entity in this case, including the proposed class representatives.

The Carvana Defendants' request plainly contravenes the Court's Order that "Defendants' deposition of third-party deponents is limited **to SEVEN (7) HOURS**, whereby Defendants shall have **FIVE (5) HOURS** to examine the deponent, and Plaintiffs shall have **TWO (2) HOURS** to cross-examine." ECF 326 at 8 (emphasis in original). While the Court's unambiguous Order provided that the parties could make requests for additional time only "***AS A LAST RESORT***," the Carvana Defendants fail to establish good cause for departing from the Court's Order or the presumptively reasonable seven-hour limit of Rule 30(d); *see PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 433 (D. Nev. 2023) ("'In weighing [the Rule 26] factors, and applying them to whether a deposition should be longer than seven hours, the court should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule.'"); *Mielke v. Standard Metals Processing, Inc.*, 2015 WL 2152664, at *4 (D. Nev. 2015) ("a showing of 'good cause' is necessary to justify a court order seeking to extend a deposition

- 5 -

4905-8053-9582.v1

beyond seven hours" and denying additional depositions where moving party failed to substantiate request).

The only purported good cause the Carvana Defendants offer is that Mr. Larizadeh's foreign residency prevents them from compelling his attendance at trial. Mot. at 2, 6-7. But this ignores that "'[t]he Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial'"; thus, the latter are subject to the same limits and deadlines as the former. *Energex Enters., Inc. v. Shughart, Thomson & Kilroy, P.C.*, 2006 WL 2401245, at *7 (D. Ariz. 2006).[6]

That rationale also rings hollow. The Carvana Defendants do not seek any deposition of LGIM – an identically situated foreign allocant they likewise cannot compel to appear at trial – but ask only for documents from LGIM. ECF 559-1. If documents suffice to obtain LGIM's knowledge, Defendants cannot credibly maintain that 14 hours of sworn testimony are necessary to obtain Pelham's. Nor did Defendants seek trial-preservation depositions of the many other allocants and absent class members beyond a trial subpoena's reach; indeed, before filing the Motion, they had not sought formal discovery from any of them except the single allocant who did not "voluntarily" provide a declaration. The Carvana Defendants' demand for 14 hours of testimony also cannot be reconciled with their simultaneous position that they have conclusively established an actual-knowledge defense as to other allocants through short declarations alone. *See* ECF 449 at 19; ECF 450 at 10-11.

### C.      The Proposed Letters of Request Misstate the Applicable Law

The Carvana Defendants' letters of request also misstate the governing law in ways that could mislead the foreign tribunal. For instance, their proposed letters assert that "[a]n investor's absence of knowledge of the allegedly omitted information is an element of

---

[6]      The Carvana Defendants' reliance on *Accent Delight Int'l Ltd. v. Sotheby's*, 2020 WL 64758 (S.D.N.Y. 2020) to justify their 14-hour deposition is unavailing. *Accent Delight* was not a class action and the foreign witness represented the plaintiffs in connection with the allegedly fraudulent art transactions underlying the case and was thus "a critical fact witness." *Id.* at 1.

- 6 -

Plaintiffs' Securities Act claim under Section 12(a)(2), 15 U.S.C. §77l(a)(2)." ECF 559-1 at 8. But the Ninth Circuit has enumerated the elements of a §12(a)(2) claim, and they do ***not*** include any "absence of knowledge." *Id.*; *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 885 (9th Cir. 2008) ("[T]o prevail under Section 12(a)(2), a plaintiff must demonstrate (1) an offer or sale of a security, (2) by the use of a means or instrumentality of interstate commerce, (3) by means of a prospectus or oral communication, (4) that includes an untrue statement of material fact or omits to state a material fact that is necessary to make the statements not misleading."). To the contrary, a purchaser's knowledge is an affirmative defense on which Defendants bear the burden, and only ***actual*** knowledge suffices – "constructive knowledge does not bar recovery for §12 claims." *Pino*, 139 F.4th at 1111; *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2022 WL 2954937, at *3 (N.D. Cal. 2022) ("Actual knowledge is a defense to claims under Sections 11 and 12."). That distinction is dispositive here, because the letters' document requests and examination topics fixate on publicly available news articles and other public information – precisely the sort of constructive knowledge that cannot defeat a §11 or a §12 claim. *Id.*; ECF 559-1; ECF 559-2.

Additionally, the Carvana Defendants definitively state that if a class is certified, LGIM and Pelham "will technically be a party to the litigation." ECF 559-1 at 8; ECF 559-2 at 7. But courts routinely recognize that absent class members are not parties, at least in certain respects. *See, e.g.*, *Carey v. J.A.K.'s Puppies, Inc.*, 2026 WL 855149, at *5 (C.D. Cal. 2026) ("'Absent class members are not parties and separate discovery of individual class members not representatives is normally not permitted.'").

Thus, even if the Court were inclined to grant the Carvana Defendants' Motion, it should not issue their letters which misstate the applicable law and could confuse the foreign tribunal. *See Walther-Meade v. Leidos, Inc.*, 2023 WL 3224960, at *5 (S.D. Cal. 2023) (ordering requesting party to redraft letters rogatory that invoked a non-existent Federal Rule of Evidence); *MSK Covertech, Inc. v. Fevisa Indus., S.A. de C.V.*, 2023 WL 4189654, at *2 (S.D. Cal. 2023) (refusing to issue letter of request "as currently written" and ordering changes, including "proper citations to the Docket").

- 7 -

4905-8053-9582.v1

## IV.    CONCLUSION

The Court should deny the Motion.  The Carvana Defendants' belated, one-sided, and disproportionate request would burden a foreign tribunal and two absent class members with discovery Defendants never sought from the domestic allocants – all in service of a defense their own conduct shows they do not need.  Should the Court be disinclined to deny the Motion outright, Plaintiffs respectfully request that the Court:

1.    limit any deposition of Mr. Larizadeh to seven hours, consistent with the Court's Order and Rule 30(d); and

2.    order that no letter of request be transmitted to any foreign authority unless and until it has been reviewed, corrected, and approved by the Court, and, to that end, direct that: (a) within seven days, the Carvana Defendants file revised proposed letters of request that accurately state the governing law – including by removing the assertion that an investor's "absence of knowledge" is an element of a claim under §12(a)(2) of the Securities Act, and by correctly stating that a purchaser's actual knowledge is an affirmative defense on which the Carvana Defendants bear the burden; (b) Plaintiffs file any objections or a competing redline within seven days thereafter; and (c) the Court settle the final form of any letter of request before it is signed, sealed, or transmitted, retaining jurisdiction to do so.

DATED:  July 20, 2026                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
SARA B. POLYCHRON
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
CHRISTOPHER R. KINNON
(Admitted *pro hac vice*)

s/ Daniel S. Drosman
DANIEL S. DROSMAN

- 8 -

4905-8053-9582.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
spolychron@rgrdlaw.com
eoliver@rgrdlaw.com
mbalotta@rgrdlaw.com
rcocalis@rgrdlaw.com
ckinnon@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
JONATHAN A. OHLMANN
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
iohlmann@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
MATHEW ANDREWS
(Admitted *pro hac vice*)
CRISTELLE R. RABBAN
(Admitted *pro hac vice*)
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
mandrews@rgrdlaw.com
crabban@rgrdlaw.com

4905-8053-9582.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELIZABETH A. SHONSON
(Admitted *pro hac vice*)
SCOTT I. DION
(Admitted *pro hac vice*)
LUKE GOVEAS
(Admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
eshonson@rgrdlaw.com
sdion@rgrdlaw.com
lgoveas@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
Telephone:  202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
  & BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel

- 10 -

4905-8053-9582.v1