**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United Association National | ) | |
| Pension Fund, *et al.*, | ) | **CASE NO. CV-22-02126-PHX-MTL** |
| | ) | |
| Plaintiffs, | ) | **SPECIAL MASTER COHEN** |
| | ) | |
| v. | ) | **RESPONSE REGARDING** |
| | ) | **CARVANA'S SUBMISSION AT** |
| Carvana Company, *et al.*, | ) | **DOCKET NO. 581** |
| | ) | |
| Defendants. | ) | |

On July 20, 2026, the undersigned filed an *Updated Ruling In Light of Carvana's Objection to Prior Tranche One Document Rulings* (docket no. 574). In footnotes 2 and 3 of that *Updated Ruling*, the Special Master identified unacknowledged changes in Carvana's redactions to two documents it had submitted to the Special Master. Specifically, when Carvana first submitted, for review by the undersigned, Exhibits 7 & 8 to docket no. 562, Carvana set forth certain proposed limited redactions; but when Carvana submitted the same documents to the Court with its Objection, Carvana included additional proposed redactions without declaring any changes. *See Updated Ruling* at 7 n.2 & 9 n.3 (detailing these facts); *see also* Decl. of M. Peters at 2 (docket no. 581-1, ¶7) ("The unintentional result of this error was that the versions of the documents submitted to Judge Boyle contained broader redactions than the versions submitted to the Special Master.").

In the *Updated Ruling*, the Special Master characterized these modifications as "confusing" and wrote it appeared the change in redaction "was not simple inadvertence and is troubling." *Id.* at 9 n.3. The Special Master added that the Court's Order directing the undersigned to re-review the documents at issue "cannot be read to permit Carvana to add ***new redactions*** that were not asserted previously." *Id.*

After the undersigned filed the *Updated Ruling*, counsel for Carvana contacted the Special

Master (with permission to do so *ex parte*) to explain what happened. The Special Master suggested Carvana should file on the Court's docket an explanatory declaration, which it did. *See* docket no. 581-1.

In light of the oral and written explanations provided by Carvana, the Special Master is satisfied that the changed redactions in Exhibits 7 & 8 were, in fact, inadvertent, and Carvana was not trying to add new redactions it had not previously asserted. The Special Master's original conclusion was misplaced, as it was based on the incorrect belief that Carvana had only one version of redacted documents on its privilege log, which it had already produced to plaintiffs.

That said, it remains true "that, if the Court had simply reviewed Carvana's Objection without referring the matter back to the undersigned, the Court could not have known it was being asked to review different redactions than what had been originally presented to the Special Master." *Updated Ruling* at 9 n.3. And it is clear this mistake, while apparently honest, nonetheless avoidably consumed the time and attention of counsel for both sides and the undersigned.

Given that Carvana is in the midst of a re-review of all of the documents listed on its privilege log, which may lead to creation of yet another version of redactions for many documents, the Special Master is confident Carvana will be more careful going forward when it submits challenged documents and ensure it is providing the correct version to the Special Master, the Court, and plaintiffs.

**RESPECTFULLY SUBMITTED,**

**/s/ David R. Cohen**
**David R. Cohen**
**Special Master**

**Dated:** July 28, 2026