LATHAM & WATKINS LLP
Susan E. Engel (*pro hac vice*)
Andrew B. Clubok (*pro hac vice*)
J. Christian Word (*pro hac vice*)
Matthew J. Peters (*pro hac vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: susan.engel@lw.com
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*pro hac vice*)
Kalana Kariyawasam (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. N. Grant (*pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

[*Additional counsel on signature page*]

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| In re Carvana Co. Securities Litigation | CASE NO. 2:22-cv-02126-PHX-MTL |
| --- | --- |
| | **CARVANA DEFENDANTS' OBJECTION TO ORDER AT DKT. 600** |

Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (the "Carvana Defendants") submit this Objection to the August 4, 2026 Order at Dkt. 600, pursuant to Federal Rule of Civil Procedure 72(a).

Yesterday, August 4, Magistrate Judge Boyle ordered the Carvana Defendants to produce "draft allocant declarations that were returned to Defendants by the allocants," by 12:00pm today, August 5, 2026.[1] Dkt. 600 at 5 (the "August 4 Order"). Magistrate Judge Boyle denied a stay of that order pending this appeal to this Court. *Id.* Carvana Defendants will comply with the August 4 Order today, but object to it as contrary to law. *See Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (a Magistrate Judge's objected-to legal conclusions "are reviewed *de novo*" by the District Court under Rule 72(a)).

Carvana Defendants object to the production of these draft declarations because they are protected by the work product doctrine. *See* Dkts. 522, 588 at 13-16, 594 at 5. Magistrate Judge Boyle denied work product protection for these same documents on July 16, 2026. Dkt. 568 at 10-11 (the "July 16 Order"). He incorporated that July 16 Order into the August 4 Order to again hold that the draft declarations are not protected by the work product doctrine. *See* Dkt. 600 at 1 n.1, 3. Carvana Defendants timely filed objections to the July 16 Order's work product ruling as to these draft declarations on July 30, 2026. *See* Dkt. 588 at 13-16. Because Magistrate Judge Boyle's more recent August 4 Order is based on his objected-to July 16 Order, Carvana Defendants object to the August 4 Order now on the same bases, in particular that the draft declarations are work product under the weight of authority, *see Grano v. Sodexo Mgmt., Inc.*, 2021 WL 4751181, at *5 (S.D. Cal. Oct. 12, 2021) (collecting cases), because they reflect attorney mental impressions about what facts

---

[1] As more thoroughly discussed in the Carvana Defendants' recent objection to Judge Boyle's July 16, 2026 Order at Dkt. 568, *see* Dkt. 588, the allocants were investors in Carvana, who purchased Carvana stock in an April 22, 2022 Secondary Offering that forms the basis for Plaintiffs' Securities Act claims. The allocants provided certain declarations in support of Defendants' opposition to class certification, and the parties have disagreed over whether drafts of those declarations, as well as communications between Carvana Defendants' counsel and allocants or allocants' counsel, are protected by the work product doctrine. *See* Dkts. 522, 594.

counsel thinks are or are not important to this litigation.

Carvana Defendants further object to the August 4 Order on the ground that it compels production of draft declarations from Carvana Defendants' counsel's investigative materials created during the course of defending this lawsuit. This is improper. Plaintiffs' document subpoenas did not expressly request documents from counsel; Plaintiffs themselves have refused to produce documents from their own investigative files; *see* Dkt. 588 at 3-4, and Magistrate Judge Boyle previously held that Plaintiffs cannot be compelled to produce documents, including communications from Confidential Witnesses, from their own counsel's investigative files—going so far as to prohibit questioning of Confidential Witnesses about communications that occurred during the course of Plaintiffs' investigation of this lawsuit, *see* Dkt. 192 at 7. Carvana Defendants' investigation of these claims and draft declarations communicated in the course of that investigation ought to be equally protected.

Magistrate Judge Boyle's August 4 Order further stated that the draft declarations "are not work product protected as they contain allocants' thoughts and, even if they were drafted by Defendants' counsel, they were voluntarily provided to a third party and returned by that third party." Dkt. 600 at 3 (citing Dkt. 568 at 11). To the extent that statement reflects a holding that work product protection has been waived as to the draft declarations, Carvana Defendants object to that holding as contrary to law as well. Magistrate Judge Boyle's July 16 Order (which Plaintiffs did not object to), explicitly held that Carvana Defendants had *not* waived work product protection by communicating with the allocants, Dkt. 568 at 12-13—the allocants are former and current Carvana investors, who voluntarily communicated with Carvana Defendants and attested to either their knowledge or the immateriality of the information Plaintiffs claim Carvana Defendants allegedly concealed, *see* Dkt. 588 at 2-6. Any holding to the contrary now would contradict that July 16 Order, as well as Magistrate Judge Boyle's previous ruling that Plaintiffs' work product protection over communications with third-party confidential witnesses relied upon in drafting their Complaint were not waived. *See* Dkt. 394.

For these reasons, Carvana Defendants respectfully request that the Court vacate the Magistrate Judge's Order at Dkt. 600 to the extent it compels production of draft allocant declarations, and that the Court further order the return or destruction of all documents produced in compliance with that order and subject to this objection. *See Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1226-27 (9th Cir. 2026).

Dated: August 5, 2026                    Respectfully submitted,

                                        LATHAM & WATKINS LLP

                                         */s/ Susan E. Engel*
                                        Susan E. Engel (*pro hac vice*)
                                        Andrew B. Clubok (*pro hac vice*)
                                        J. Christian Word (*pro hac vice*)
                                        Matthew J. Peters (*pro hac vice*)
                                        555 Eleventh Street, N.W., Suite 1000
                                        Washington, D.C. 20004
                                        Telephone: (202) 637-2200
                                        Email: susan.engel@lw.com
                                        Email: andrew.clubok@lw.com
                                        Email: christian.word@lw.com
                                        Email: matthew.peters@lw.com

                                        Jeff G. Hammel (*pro hac vice*)
                                        Kalana Kariyawasam (*pro hac vice*)
                                        1271 Avenue of the Americas
                                        New York, NY 10020
                                        Telephone: (212) 906-1200
                                        Email: jeff.hammel@lw.com
                                        Email: kalana.kariyawasam@lw.com

                                        Meryn C. Grant (*pro hac vice*)
                                        10250 Constellation Blvd., Suite 1100
                                        Los Angeles, CA 90067
                                        Telephone: (424) 653-5500
                                        Email: meryn.grant@lw.com

                                        FENNEMORE CRAIG, P.C.
                                        Douglas C. Northup (No. 013987)
                                        Andrea L. Marconi (No. 022577)
                                        2394 E. Camelback Road, Suite 600
                                        Phoenix, AZ 85016
                                        Telephone: (602) 916-5000

3

Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*