**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United Association National Pension Fund, et al.,

Plaintiffs,

v.

Carvana Company, et al.,

Respondents.

No. CV-22-02126-PHX-MTL

**ORDER**

Pending before the Court is Carvana Defendants' "Motion for Issuance of Letters of Request for International Judicial Assistance" ("Motion for Issuance of Letters of Request").[1] (Doc. 559.) In the Instant Motion, Defendants request the issuance of two letters of request to the appropriate judicial authority of the United Kingdom of Great Britain and Northern Ireland ("U.K.") "to procure documents from Legal & General Investment Management LTD ("LGIM") and Pelham Capital Ltd. ("Pelham") and deposition testimony from Kavyan Larizadeh ("Larizadeh"), an employee of Pelham." (*Id.* at 2.) Plaintiffs have filed a Response in opposition to Defendants' request, *see* (doc. 575), and Defendants have filed a Reply in support of their Motion. *See* (doc. 579.) Because the letters of request comply with the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), are not unduly burdensome, and do not clearly misstate the law, the Court shall grant the Motion with modifications. Namely, the Court shall modify the requesting authority and reduce the

---

[1] Discovery matters in this action have been referred to this Court by the presiding United States District Judge. (Doc. 125.)

requested deposition time from 14 hours to 10 hours.

## I. BACKGROUND.

As the Court previously noted:

> This action, in which Plaintiffs aver that Defendants violated the Securities Exchange Act of 1934, is based on an alleged "pumping" and "dumping" of stock. (Doc. 105 at 2–3.) Part of Defendants' alleged misdeeds was the sale of vehicles before Defendants possessed the titles to such vehicles. (*Id.* at 2–3, 45.) Such acts, Plaintiffs have alleged, relates to Defendants' scienter—an element of a security fraud claim. (*Id.* at 41–42, 45–48.) Grounding Plaintiffs' T&R allegations were confidential witness accounts from a number of CWs, including CW-4. (*Id.* at 45–48.)
>
> While the Presiding Judge dismissed portions of Plaintiffs' Amended Complaint [("AC")], the T&R allegations that Defendants sold cars before they possessed those cars' titles remained. (*Id.* at 69–73.) This decision was based, at least in part, upon a finding that the CWs' accounts were "probative of Defendants' scienter by suggesting precisely what Plaintiffs allege—that Carvana's noncompliance with title and registration requirements was widespread and persistent, and Defendants were well aware of the issue." (*Id.* at 48.)

(Doc. 394 at 2.)

At issue today are two proposed letters of request directed at allocants LGIM and Pelham—which, regarding the latter, contains both a request for production of documents and a request to depose Larizadeh, an employee of Pelham. (Doc. 559 at 2.) The instant discovery Motion is one of a growing list of discovery motions regarding allocants. *See* (doc. 522); *see also* (doc. 594.) The "allocants" in question are putative—*i.e.*, absent—class members, some of whom have voluntarily communicated and provided declarations supporting Defendants' defense in the instant action. *See* (doc. 568 at 11.)

Concerning allocants LGIM and Pelham, these are capital management companies located within the U.K. who had participated in Defendant Carvana's April 2022 secondary offering. (Doc. 559 at 3.) Defendants seek to procure documents from these companies because they "possess unique information regarding their respective knowledge of the allegedly omitted information that is directly relevant to the claims and defenses in this action." (*Id.*) Additionally, Defendants seek to depose Larizadeh, an employee of Pelham,

because he was involved in Pelham's decision to participate in the April 2022 secondary offering. (*Id.*)

## II. LEGAL STANDARDS.

The Hague Convention is a multilateral treaty that "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state."[2] *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist.*, 482 U.S. 522, 524 (1987). Among the procedures established in the Hague Convention "is the issuance of a formal written request sent by a domestic court to a foreign court for the purpose of obtaining evidence in a pending action." *Champion v. Feld Entm't, Inc.*, No. 20-cv-2400-JO-KSC, 2022 U.S. Dist. LEXIS 99151, at *5 (S.D. Cal. June 2, 2022) (cleaned up). In other words, "Signatory States to the Hague Convention agree that in civil or commercial matters a judicial authority of a Contracting State may, . . . request the competent authority of another Contracting State, by means of a Letter of Request,[3, 4] to obtain evidence, or to perform some other judicial act." *Multimedia Patent Tr. v. Apple Inc.*, No. 10-CV-2618-H, 2012 U.S. Dist. LEXIS 192123, at *8 (S.D. Cal. July 27, 2012) (citations omitted).

The use of the Hague Convention to seek evidence and conduct depositions abroad is neither the sole nor obligatory statutory vehicle a party may employ. *See Société Nationale*, 482 U.S. at 542. Rather, the Hague Convention "is an optional supplement to the Federal Rules to facilitate the taking of evidence abroad." *Multimedia Patent Tr.*, 2012

---

[2] The Hague Convention "is the law of the United States with the same effect and force of a federal statute." *T.R.P. Co. v. Similasan AG*, No. 2:17-cv-02197-JCM-CWH, 2019 U.S. Dist. LEXIS 56188, at *3 (D. Nev. Mar. 27, 2019) (citations omitted); *El Al Isr. Airlines v. Tsui Yuan Tseng*, 525 U.S. 155, 167 (1999) (noting that "a treaty ratified by the United States is . . . the law of the land") (citing U.S. Const. art. II, § 2).

[3] "A letter of request or letter rogatory 'is the request by a domestic court to a foreign court to take evidence from a certain witness.'" *Simon & Simon, PC v. Align Tech., Inc.*, No. 20-cv-03754-VC (TSH), 2022 U.S. Dist. LEXIS 196762, at *12 (N.D. Cal. Oct. 28, 2022) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004)).

[4] It should be noted that a letter rogatory "is synonymous with a letter of request[.]" *Desirous Parties Unlimited Inc. v. Right Connection Inc.*, No. 2:21-cv-01838-GMN-BNW, 2023 U.S. Dist. LEXIS 8437, at *2 (D. Nev. Jan. 18, 2023); *Viasat, Inc. v. Space Sys.*, No. 12-CV-0260-H (WVG), 2013 U.S. Dist. LEXIS 196700, at *35 n.1 (S.D. Cal. Jan. 14, 2013) ("The term letters rogatory is synonymous with the term letters of request.") (citations omitted).

U.S. Dist. LEXIS 192123, at *9.

"The issuance of an evidence request is a matter within both the authority and the discretion of the federal court." *Champion*, 2022 U.S. Dist. LEXIS 99151, at *6 (citing *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 288 (N.D. Cal. 2020)); *Crocs, Inc. v. La Modish Boutique*, No. CV 21-5641-SVW (KKx), 2021 U.S. Dist. LEXIS 245444, at *4 (C.D. Cal. Nov. 12, 2021) ("Whether to issue such a letter is a matter of discretion for the court.") (citation omitted). "Before issuing a letter of request, the Court must analyze the specific facts and consider the foreign jurisdiction's interests to determine if the Hague Convention procedures are appropriate and will be effective."[5] *Champion*, 2022 U.S. Dist. LEXIS 99151, at *6–7 (citing *Société Nationale*, 482 U.S. at 546 (noting that U.S. courts must "exercise special vigilance to protect foreign litigants from . . . unnecessary[] or unduly burdensome[] discovery")).

However, this review is not overly onerous, considering that "courts in the Ninth Circuit 'have held that motions requesting issuance of a letter of request or letter rogatory should generally be granted and that the opposing party must show good reason for a court to deny an application for a letter rogatory.'" *Webpros Int'l, LLC v. Asli*, No. 3:22-cv-01963-IM, 2024 U.S. Dist. LEXIS 108922, at *4–5 (D. Or. June 20, 2024) (quoting *Zoho Corp. PVT. Ltd v. Freshworks, Inc.*, No. 20-cv-01869-VC (TSH), 2021 U.S. Dist. LEXIS 124432, at *7 (N.D. Cal. July 2, 2021)). "That is because discovery by letters rogatory and requests 'is consistent with the liberal discovery provisions of Rule 26,' . . . which in turn permits discovery regarding 'any nonprivileged matter that is relevant to any party's claim

[5] As a preliminary matter, the Court notes that, because Defendants seek discovery from foreign non-parties, the circumstances of this case do not require an analysis of the five-factor comity analysis. *See Nike, Inc. v. Sketchers U.S.A., Inc.*, No. CV 23-9346 AB (PVC), 2025 U.S. Dist. LEXIS 280152, at *8 (C.D. Cal. Dec. 22, 2025) (noting that the *Société Nationale* comity factors were inapplicable where the plaintiff sought discovery from foreign nonparties—not a foreign defendant whom the court has personal jurisdiction over—so it was not a case where the "application of American law would directly affect the sovereignty of a foreign nation") (quoting *Miss. Poultry Ass'n v. Madigan*, 992 F.2d 1359, 1367 (5th Cir. 1993)); *see also Desirous Parties Unlimited Inc. v. Right Connection Inc.*, No. 2:21-cv-01838-GMN-BNW, 2023 U.S. Dist. LEXIS 8437, at *5 n.3 (D. Nev. Jan. 18, 2023) (setting out the five-factor comity analysis employed by courts within the Ninth Circuit); *Dalrada Fin. Corp. v. Bonar*, No. 24-cv-2166-BTM-BLM, 2026 U.S. Dist. LEXIS 52684, at *8 (S.D. Cal. Mar. 12, 2026) ("Consideration of the comity factors is not required.").

or defense and proportional to the needs of the case.'" *Webpros Int'l, LLC*, 2024 U.S. Dist. LEXIS 108922, at *5 (first citing *Viasat, Inc. v. Space Sys.*, No. 12-CV-0260-H (WVG), 2013 U.S. Dist. LEXIS 196700, at *36 (S.D. Cal. Jan. 14, 2013); then citing Fed. R. Civ. P. 26(b)(1)).

At a minimum, a letter of request shall identify:

> (a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
> (b) the names and addresses of the parties to the proceedings and their representatives, if any;
> (c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
> (d) the evidence to be obtained or other judicial act to be performed.

Hague Convention, art. 3, 23 U.S.T. 2555 (Oct. 7, 1972).

And, in the appropriate situation, the letter of request shall identify:

> (e) the names and addresses of the persons to be examined;
> (f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;
> (g) the documents or other property, real or personal, to be inspected;
> (h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;
> (i) any special method or procedure to be followed under Article 9.

*Id.*

Because a letter of requests "constitutes a request from the Court for assistance, not from a party, care should be taken to ensure that the synopsis of the case is not unduly argumentative, or state or suggest that the Court has reached factual conclusions at this stage of the proceedings." *Anstalt v. Bacardi & Co.*, No. CV 16-6411 CAS (FFMx), 2018 U.S. Dist. LEXIS 227414, at *10 (C.D. Cal. June 25, 2018).

## III. DISCUSSION.

The parties disagree on whether Defendants should be permitted to conduct allocant discovery via letters of request. Specifically, Plaintiffs raise four arguments in opposition to Defendants' Motion for Issuance of Letters of Request. First, Plaintiffs aver that the instant request amounts to disfavored absent class-member discovery. (Doc. 575 at 4–7.)

Second, Plaintiffs assert that the instant discovery request would unduly burden foreign allocants and would be disproportionate to Defendants' needs in this action. (*Id.* at 7–9.) Third, Plaintiffs challenge the proposed two-day deposition of Larizadeh, asserting that it violates this Court's February 17, 2026 Order (doc. 326) and would be unduly burdensome. (*Id.* at 9–10.) Fourth, Plaintiffs assert that the proposed letters of request misstate the applicable law in this action. (*Id.* at 10–12.)

The Court shall address the instant discovery dispute as follows. First, the Court shall analyze whether the instant discovery request permissibly seeks materials from the allocants, who are absent class members. Second, the Court shall address Plaintiffs' undue burden and proportionality arguments. Third, the Court shall address whether Defendants request to conduct 14 hours of deposition is or is not permissible. Finally, the Court shall address whether the letters of request are proper.

**A. Absent Class Member Discovery**.

Plaintiffs assert that Defendants are attempting to embark upon impermissible absent class-member discovery. For the following reasons, the Court disagrees.

As a general matter, "[d]iscovery from absent class members is ordinarily not permitted." *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008). This is because "an absent class-action plaintiff is not required to do anything" in a class action suit. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) (noting that an absent class member "may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection"). "Another, perhaps more compelling, reason for not subjecting absent class members to discovery is the fear that defendants will use burdensome discovery requests as a method of unfairly reducing the number of class members." *On the House Syndication, Inc. v. Fed. Express Corp.*, 203 F.R.D. 452, 456 (S.D. Cal. 2001) (citations omitted).

"Although courts do not usually allow discovery from absent class members, the rules pertaining to such discovery are flexible, especially where the proposed deponents have been identified as potential witnesses or have otherwise injected themselves into the

litigation." *Brown v. Wal-Mart Store, Inc.*, No. 09-cv-03339-EJD (SVK), 2018 U.S. Dist. LEXIS 4027, at *3 (N.D. Cal. Jan. 9, 2018) (citations omitted). Given these flexible discovery rules, "District courts . . . have discretion to allow limited discovery from absent class members if the particular circumstances of a specific case justify it." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 n.10 (9th Cir. 2017) (citing WILLIAM B. RUBENSTEIN, *Newberg on Class Actions* § 9:13 (5th ed. 2013) ("[C]ertain forms of limited discovery from absent class members may be permitted in certain circumstances.")).

Notwithstanding the Ninth Circuit's aforementioned finding, "[n]either the Supreme Court nor the Ninth Circuit have provided guidance as to when discovery on absent class members is permitted." *Johnston v. Hertz Local Edition Corp.*, 331 F.R.D. 140, 141 (E.D. Cal. 2019). In the absence of appellate guidance, courts throughout the district have adopted several tests to determine whether absent class member discovery should be permitted in a given case. *See id.* (applying a four-factor test based upon the standards articulated by the Seventh Circuit in *Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir. 1974)); *see also Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 U.S. Dist. LEXIS 112461, at *17 (N.D. Cal. July 8, 2008) ("[D]iscovery has been permitted in certain circumstances, [(1)] where the information sought is relevant, [(2)] not readily obtainable from the representative parties or other sources, and [(3)] the request is not unduly burdensome and made in good faith."); *Arredondo v. Delano Farms Co.*, No. 1:09-cv-01247 MJS, 2014 U.S. Dist. LEXIS 145562, at *12–13 (E.D. Cal. Oct. 10, 2014) ("[T]he Court concludes that as a general rule, discovery from absent class members may be permitted [(1)] when reasonably necessary, [(2)] not conducted for an improper purpose, and [(3)] not unduly burdensome in the context of the case and its issues.").

Out of the aforementioned tests, the Court finds—as several of its sister districts have found—"that the most useful test . . . is the *Arredondo* test due to its ability to 'easily encompass the more specific *Clark* factors,' as well as those of other courts." *Sun Gon Kang v. Credit Bureau Connection, Inc.*, No. 1:18-cv-01359-AWI-SKO, 2022 U.S. Dist. LEXIS 201837, at *8 (E.D. Cal. Nov. 4, 2022) (quoting *Aldapa v. Fowler Packing Co.*,

No. 1:15-cv-00420-DAD-SAB, 2019 U.S. Dist. LEXIS 35284, at *14 (E.D. Cal. Mar. 5, 2019)). And, in applying the *Arredondo* factors, the Court finds that Defendants' instant discovery request is permissible.

First, the Court finds that the proposed absent class member discovery is reasonably necessary. As Defendants note in their Motion, "LGIM and Pelham possess unique information regarding their respective knowledge of the allegedly omitted information that is directly relevant to the claims and defenses in this action." (Doc. 559 at 3); (doc. 579 at 6–7.) Similarly, Larizadeh appears to possess "unique information relevant to [Defendants'] defenses." (Doc. 559 at 3); (doc. 579 at 6–7.) Given that a class members actual knowledge may, based upon the circumstances of the case, be of consequence to either a section 11 and 12 claim or class certification, *cf. Vignola v. Fat Brands*, No. CV 18-7469 PSG (PLAx), 2020 U.S. Dist. LEXIS 73577, at *13 (C.D. Cal. Mar. 13, 2020), the Court finds the instant request relevant. Hence, the first *Arredondo* factor is satisfied.

Second, The Court does not find that Defendants are attempting to conduct the instant discovery for an improper purpose. The instant discovery request does not appear to be an attempt by Defendants to harass or take advantage of absent class members. *See Vignola v. Fat Brands*, 2020 U.S. Dist. LEXIS 73577, at *13–14. Nor does the instant discovery request appear to pose "a chilling effect on [absent class members'] willingness to be part of the class." *Antoninetti v. Chipotle, Inc.*, No. 06cv2671-BTM (WMc), 2011 U.S. Dist. LEXIS 54854, at *5 (S.D. Cal. May 23, 2011). Additionally, it is "[a]lso persuasive . . . that Defendant[s] seeks one deposition, not thousands," *Hall v. Marriott Int'l, Inc.*, No. 3:21-cv-1370-JLS-AHG, 2021 U.S. Dist. LEXIS 160965, at *22 (S.D. Cal. Aug. 25, 2021), and only documents from only two absent class members.

Third, considering that Defendants seek the production of documents from two allocants and only a single deposition, the Court does not find that the instant discovery request is unduly burdensome in the context of this case. While it is true that the instant discovery request is unique in that it seeks to obtain discovery abroad, the request's uniqueness does not render it so unduly burdensome to preclude discovery here.

Given the foregoing, the Court finds that Defendants' instant request to conduct absent class-member discovery is permissible.

**B. Undue Burden and Proportionality**.

Plaintiff next asserts that the instant letter of request "will unduly burden foreign nonparties and is not proportional to the needs of th[is] case." (Doc. 575 at 7.) This argument is unavailing because Plaintiffs lacks standing to assert either an undue burden or proportionality argument on the behalf of nonparties LGIM, Pelham, and Larizadeh.

"Like all discovery, motions for letters of request are subject to the standards of Rule 26(b), which provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," *Successor Agency to the Former Emeryville Redevelopment Agency v. Swagelok Co.*, No. 17-cv-00308-WHO, 2020 U.S. Dist. LEXIS 224963, at *5 (N.D. Cal. Dec. 1, 2020) (citation omitted), and is "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Although the scope of discovery "is broad," it is "not unlimited." *Champion*, 2022 U.S. Dist. LEXIS 99151, at *10 (citation omitted).

Here, Plaintiffs challenge the proposed letters of request on undue burden and proportionality grounds. *See* (doc. 575 at 7–9.) But, Plaintiffs are neither required to produce documents nor sit for a deposition. Rather, foreign nonparties are the targets of Defendants' letters of request. The Court notes that other courts have found that a party has no standing to challenge a letter of request issued to a foreign nonparty on the ground that such discovery would inflict an undue burden.[6] *See Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 1:24-cv-00744 (JLR), 2026 U.S. Dist. LEXIS 87621, at *12 (S.D.N.Y. Apr. 21, 2026); *see also Sahu v. Union Carbide Corp.*, 2006 U.S. Dist. LEXIS 944, at *1 (S.D.N.Y. Jan. 10, 2006) ("Plaintiffs request international assistance in the form of a Letter Rogatory to obtain documents from a third party. Defendants make several objections to the request. Absent special circumstances, however, a party may not seek a

---

[6] Because this is not a § 1782 matter, Plaintiffs cannot avail themselves of *In re Request for Judicial Assistance from Seoul Dist. Criminal Court*'s finding that "[t]he party against whom requested . . . records are to be used has standing to challenge the validity of the order to . . . produce the records." 555 F.2d 720, 723 (9th Cir. 1977).

protective order where discovery is sought from a third party."); *PkFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, 93 Civ. 5375 (SAS)(HBP), 96 Civ. 1816 (SAS)(HBP), 1996 U.S. Dist. LEXIS 15183, at *7 (S.D.N.Y. Oct. 10, 1996) ("[I]n the absence of a claim of privilege, we fail to see how PKFinans has standing to object to discovery sought from a non-party."). And, regarding proportionality, other courts within this district have found that—in the context of subpoenas—"a non-recipient party cannot move to quash or modify a subpoena on relevance, cost, or proportionality grounds." *Fed. Trade Comm'n v. Grand Canyon Educ. Inc.*, No. CV-23-02711-PHX-DWL, 2025 U.S. Dist. LEXIS 40240, at *30 (D. Ariz. Mar. 6, 2025) (citations omitted). Hence, it does not appear that Plaintiffs have standing to challenge the letters of request on undue burden and proportionality grounds.

Regardless, the "Court concludes that resolving the question of [Plaintiffs'] standing to object is not necessary for a resolution of the question of whether to issue . . . letter[s] of request." *See Brown v. State St. Corp.*, No. 05-11178-NG, 2006 U.S. Dist. LEXIS 106235, at *10 (D. Mass. Mar. 20, 2006). First, as the Court noted in *supra* section III.A, the instant requests would not impose an undue burden on nonparties. Second, the Court finds the instant discovery eminently proportional in light of the issues at stake, the parties' resources, and the importance of the instant discovery in resolving issues in this action.[7] *Cf. Assuredpartners of Cal. Ins. Servs. LLC v. Pahl*, No. CV-25-00693-TUC-RM, 2026 U.S. Dist. LEXIS 52049, at *5 (D. Ariz. Mar. 13, 2026) ("In considering whether discovery is proportional to the needs of the case, the court must consider 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

---

[7] And, in any event, questions on whether to execute the instant letters of request are for the receiving nation's court to make, not this Court. *See Orient Plus Int'l Ltd.*, 2026 U.S. Dist. LEXIS 87621, at *13 ("letters of request do not require: They request."); *see also Perceptix Techs. LLC v. Meta Platforms, Inc.*, No. 8:25-cv-01404 DOC (ADSx), 2026 U.S. Dist. LEXIS 31137, at *7 (C.D. Cal. Feb. 10, 2026) ("As such, the Republic of Korea will apply its own law to the letters of request to determine the extent to which the sought discovery is allowed[.] The Court will not attempt to predict whether that discovery will actually be obtained.") (citing *Scalia*, 337 F.R.D. at 288); *Webpros Int'l, LLC*, 2024 U.S. Dist. LEXIS 108922, at *7 ("Finally, this Court notes that, pursuant to the Convention, the German authorities ultimately will determine whether Plaintiff's requests comply with German law.").

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'") (citing Fed. R. Civ. P. 26(b)(1)).

For the foregoing reasons, the Court does not find that the instant letters of request are disproportionate or would impose an undue burden upon the foreign nonparties.

**C. Deposition Time**.

The next matter the Court will address is whether the to permit the parties to depose Larizadeh for 14 hours over the course of two days. For the following reasons, the Court will allot 10 hours of time for the deposition of Larizadeh, wherein Defendants shall be allotted seven hours and Plaintiffs three.

Rule 30 governs the procedures for conducting depositions via oral examination. *Loop AI Labs, Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2015 U.S. Dist. LEXIS 126078, at *11 (N.D. Cal. Sep. 18, 2015). Under the rule, "[a]ctions are presumptively limited to a single deposition of a part . . . lasting one day of seven hours of examination[.]" *Playup, Inc. v. Mintas*, 344 F.R.D. 429, 433 (D. Nev. 2023) (citations omitted). Hence, a hard cap of seven hours is the norm. *See* Fed. R. Civ. P. 30(d)(1).

"The Federal Rules give district courts broad discretion to manage the manner in which discovery proceeds, including the manner in which examination time is allocated among competing parties at a time-limited deposition." *United States v. Glob. Bus. Travel Grp., Inc.*, 2025 U.S. Dist. LEXIS 34030, at *4 (S.D.N.Y. Feb. 24, 2025) (cleaned up). "The Committee Notes to the 2000 Amendments to Rule 30 explain that the presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed." *Syncora Guarantee, Inc. v. EMC Mortg. Corp.*, No. C 12-80028 SI, 2012 U.S. Dist. LEXIS 30877, at *4–5 (N.D. Cal. Mar. 8, 2012) (cleaned up). The party seeking a court-ordered extension "is expected to show good cause to justify such an order." *Id.*; *Athwal v. Cnty. of Stanislaus*, No. 1:15-cv-00311-TLN-BAM, 2021 U.S. Dist. LEXIS 49269, at *5 (E.D. Cal. Mar. 15, 2021) ("A party seeking a court order for additional time must show good cause for the extension."); *accord Pierre v. City of N.Y.*, No. 1:20-cv-05116 (ALC) (VF), 2022 U.S. Dist. LEXIS 116889, at *4 (S.D.N.Y. July 1, 2022) ("In

multi-party cases, the need for each party to examine the witness may warrant additional time, *although duplicative questioning is discouraged*[.] Whether good cause exists to extend a deposition beyond the presumptive time limit of seven hours is a fact-specific determination.") (cleaned up and emphasis added).

"The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence[.]" Fed. R. Civ. P. 30(c)(1). "As the Committee Notes on Rules for the 2000 Amendment explain, it is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court[.] *Preoccupation with timing is to be avoided*." *Syncora Guarantee, Inc.*, 2012 U.S. Dist. LEXIS 30877, at *3–4 (cleaned up and emphasis added); *Sexton v. Exxon Mobil Corp.*, No. 17-482-JWD-RLB, 2020 U.S. Dist. LEXIS 19505, at *8 (M.D. La. Jan. 31, 2020) ("It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court.") (citation omitted).

Here, the parties dispute whether the deposition of Larizedah should be permitted to exceed one seven-hour day. *Compare* (doc. 575 at 9–10) *with* (doc. 579 at 10–12). Plaintiffs specifically cite to this Court's February 17, 2026, Order—which states that the parties may make requests for additional time "as a last resort," (doc. 326 at 8) (emphasis omitted)—to support their argument that extra time is unwarranted here. *See* (doc. 575 at 9–10.)

The Court finds that Defendants have established sufficient good cause to permit three additional hours of deposition time, with two hours going to Defendants and one hour going to Plaintiffs. The reason for this finding is twofold. First, the Court finds that as Larizadeh is a foreign national, extra time for questioning is because of the parties' inability to compel his testimony at trial. Second, this Court's prior Order is not so rigid as to preclude any extension of the presumptive seven-hour limit. Hence, additional time is warranted here. While additional time is warranted, the Court does not find good cause to permit seven additional hours. Specifically, the Court expresses concern that permitting seven additional hours would result in duplicative questioning. Instead, the Court finds

three additional hours warranted here. These three additional hours will be split as follows: (a) two additional hours shall be allotted to Defendants; and (b) one additional hour shall be allotted to Plaintiffs. Dividing the ten total hours of depositions seven–three preserves the 70%–30% split established in this Court's February 17, 2026, Order, and mitigates the risk of duplicative questioning.

**D. Adequacy of Letters of Request**.

Finally, the Court shall analyze whether Defendants have met their burden of showing the letters of request should be issued. "Given the liberal standard for issuance of letters of request," *Simon & Simon, PC v. Align Tech., Inc.*, No. 20-cv-03754-VC (TSH), 2022 U.S. Dist. LEXIS 196762, at *13 (N.D. Cal. Oct. 28, 2022), and for the reasons stated below, the Court finds that Defendants have met their burden of showing that the letters should be issued.

"Courts have uniformly recognized that it is appropriate for a party to invoke the Hague Evidence Convention when evidence is requested from a non-party located abroad that is not subject to the court's jurisdiction." *Webpros Int'l, LLC*, 2024 U.S. Dist. LEXIS 108922, at *5 (citations omitted). Usually, when a party requests issuance of a letter of request under the Hague Convention, a court will grant the request "absent a showing by the opposing party demonstrating good cause to deny the motion." *Parsons Xtreme Golf LLC v. Taylor Made Golf Co.*, No. CV-17-03125-PHX-JJT, 2018 U.S. Dist. LEXIS 139555, at *4 (D. Ariz. Aug. 17, 2018).

Under this liberal standard, Plaintiffs has failed to demonstrate good cause to deny the instant Motion. As an initial matter, the Court finds that Defendants' letters of request satisfy the requirements of the Hague Convention art. 3 because the letters contain: (a) "the authority requesting its execution and the authority requested to execute it"; (b) "the names and addresses of the parties to the proceedings and their representatives"; (c) "the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto"; and (d) "the evidence to be obtained or other judicial act to be performed." *See* Hague Convention, art. 3, 23 U.S.T. 2555 (Oct. 7, 1972); *see also* (doc. 559-1.) Thus,

Defendants' proposed letters satisfy the requirements of the Hague Convention.

Next, turning to Plaintiffs' main challenge to the instant letters—that they "misstate the applicable law," (doc. 575 at 10–11)—the Court does not find the instant argument persuasive. Plaintiffs, in their response, specifically argue that the instant letters misstate the elements of claim under § 12(a)(2), 15 U.S.C. § 77l(a)(2), in that the instant letters state that lack of knowledge is an element of a § 12(a)(2) claim, not an affirmative defense. (*Id.* at 11.) Given this, Plaintiffs aver that the letters of request, in their instant form, should not be issued as they misstate the applicable law to the degree that it would confuse the foreign tribunal. (*Id.*) Plaintiffs rely on *Walther-Meade v. Leidos, Inc.*, No. 22cv1777-JAH(BLM), 2023 U.S. Dist. LEXIS 77591 (S.D. Cal. May 3, 2023) and *MSK Covertech, Inc. v. Fevisa Indus., S.A. de C.V.*, No. 23cv741-DMS (MSB), 2023 U.S. Dist. LEXIS 110117 (S.D. Cal. June 26, 2023) to support their position. (*Id.*) Defendants, in turn, argue that they relied upon the statutory text in drafting the letters' statements of the case, which "imposes liability only where 'the purchaser [did] not know[] of such untruth or omission' at the time they purchased the stock." (Doc. 579 at 12) (quoting 15 U.S.C. § 77l(a)(2)).

The Court does not find Plaintiffs' argument availing. Regarding the statutory text of § 12(a)(2)—and as Defendants correctly note—it does note that liability may be had only where "the purchaser [did] not know[] of such untruth or omission" at the time of purchase. *See* 15 U.S.C. § 77l(a)(2). So, it does appear that a purchaser's knowledge would play a part in Plaintiffs' case-in-chief. *See* 15 U.S.C. § 77l(a)(2); *see also Casella v. Webb*, 883 F.2d 805, 809 (9th Cir. 1989) ("[P]urchasers may recover unless they have actual knowledge of the untruth or omission."). *But see Bos. Ret. Sys. v. Uber Techs., Inc.*, No. 19-cv-06361-RS, 2022 U.S. Dist. LEXIS 132641, at *9 (N.D. Cal. July 26, 2022) ("Actual knowledge is a defense to claims under Sections 11 and 12.").

In any event, even if actual knowledge was an affirmative defense as opposed to an element of a § 12(a)(2) claim, the distinction is not dispositive here. First, the Court does not find that the statement of the case, as currently written, would mislead the foreign tribunal. Although letters of request must comply with the dictates of the Hague

Convention, neither the Convention nor federal caselaw requires the statement of facts to be a law review article. *Cf. Webpros Int'l, LLC*, 2024 U.S. Dist. LEXIS 108922, at *6–7 ("The letter contains all of the relevant addresses and discusses the nature of the proceedings, as well as the nature of the evidence sought[.] Further, the letter is in English, which the Convention permits under Article 4. This is all sufficient under the Convention."). Regardless of whether actual knowledge is an element of a claim or an affirmative defense, it may nonetheless be "a dispositive issue as to [Plaintiffs'] Securities Act claims[.]" Doc. 559-1 at 10.) Consequently, Defendants' statement of the case does not misstate the governing law to the point it would mislead or confuse the receiving sovereign's courts.

Second, the Court does not find Plaintiffs' reliance on *Walther-Meade* or *MSK Covertech* availing here. Beginning with the latter, while the court in *MSK Covertech* refused to issue the plaintiff's letter of request as currently written, it did not due so based on concern that it would confuse a foreign tribunal. 2023 U.S. Dist. LEXIS 110117, at *3. No, it did so because the plaintiff patently failed to correctly cite documents in the record. *Id.* Thus, the *MSK Covertech* court was not called upon to interpret an unclear statutory provision, nor was its decision based upon a concern that the statement of the case would confuse a foreign tribunal. And regarding *Walther-Meade*, where the court likewise refused to issue a letter of request, the court there was not required to interpret an unclear statutory provision as this Court is required to do. *See* 2023 U.S. Dist. LEXIS 77591, at *13–14. Rather, the *Walther-Meade* court refused to issue the letters of request because the letter cited "Federal Rule of Evidence 34," a non-existent rule. *Id.* at *14. In short, neither *Walther-Meade* nor *MSK Covertech* aid Plaintiffs' argument here.

For the foregoing reasons, the Court does not find that the instant letters of request threaten to confuse tribunals in the U.K.[8]

//

---

[8] As a final note, the Court's instant finding regarding the interpretation of § 12(a)(2) ***does not*** govern how the Presiding Judge will interpret § 12(a)(2) on class certification or at trial. The Court's instant finding solely applies to the instant discovery request.

## IV. CONCLUSION.

Because Defendants' proposed letters of request the comply with the Hague Convention, are not unduly burdensome, and does not clearly misstate the law, the Court shall grant the instant Motion. However, because the Court finds that three additional deposition hours, not seven, are warranted here, the Court shall modify the instant letters accordingly. Finally, the Court shall modify the instant letters to reflect that undersigned is the sending authority.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Issuance of Letters of Request (doc. 559) are **GRANTED AS MODIFIED**. The Clerk of Court is kindly directed to provide the signed Letters of Request to Defendants' counsel Meryn C.N. Grant at: meryn.grant@lw.com. It shall be the responsibility of Defendants to deliver the letters of request and all relevant materials to the appropriate authorities in the U.K.

**IT IS FURTHER ORDERED** that Defendants' deposition of Larizedah is limited to **TEN (10) HOURS** over two days, whereby Defendants shall have **SEVEN (7) HOURS** to examine the Larizedah, and Plaintiffs shall have **THREE (3) HOURS** to cross-examine.

**IT IS FURTHER ORDERED** that the parties shall meet and confer within **FIVE (5) DAYS** to determine how the parties will divide the collective 10 deposition hours over the course of two days. ***AS A LAST RESORT***, the parties may request Court assistance on how to divide the collective 10 deposition hours over the course of two days.

Dated this 12th day of August, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

**LETTER OF REQUEST NO. 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United Association National Pension Fund, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Carvana Company, et al.,<br><br>Respondents. | No. CV-22-02126-PHX-MTL<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

**TO THE SENIOR MASTER OF THE KING'S BENCH DIVISION OF THE HIGH COURT OF JUSTICE OF ENGLAND AND WALES**:

The United States District Court for the District of Arizona respectfully requests judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), to which both the United States and the United Kingdom are parties, to obtain documentary evidence to be used at the trial of pending civil proceeding before this Court in the above-captioned matter. The United States District Court for the District of Arizona is a competent court of law and equity which properly has jurisdiction over this proceeding and has the power to compel the production of documents and the attendance of witnesses both within and outside its jurisdiction.

This Court respectfully asks that this Letter of Request be executed, and that Defendants be permitted to obtain documentary evidence sought from Legal & General Investment Management Ltd. ("LGIM").

This Court considers that the evidence sought herein is directly relevant to the issues in dispute for determination at trial, is evidence intended for use at trial, and without which the ends of justice could not be properly met. This Court also believes that this evidence is available to LGIM and not available from any other source. This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in England and Wales. In the proper exercise of its authority, this Court has determined that the documentary evidence is highly relevant to the determination of these proceedings and cannot be secured except by the intervention of the Senior Master of the King's Bench Division of the High Court of Justice of England and Wales.

1. **Sender**:

Honorable John Z. Boyle
United States Magistrate Judge
United States District Court, District of Arizona
Sandra Day O'Connor U.S. Courthouse, Suite 322
401 West Washington Street, SPC 75
Phoenix, AZ 85003-2160
United States of America

2. **Central authority of the requested state**:

The Senior Master of the King's Bench Division of the High Court
Foreign Process Section
Room E16
Royal Courts of Justice
Strand
London WC2A 2LL
United Kingdom
Tel: +44 207 947 7772
E-mail: foreignprocess.rcj@justice.gov.uk

3. **Person(s) to whom the executed request is to be returned**:

Meryn C.N. Grant
Latham & Watkins LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1.424.653.5500
Email: meryn.grant@lw.com

**4. Specification of the date by which the requesting authority requires receipt of the response to the letter request**:

**Date**: As soon as reasonably practical consistent with the receiving Court's calendar.

**Reason for Urgency**: The deadline for Defendants Carvana Co. ("Carvana"), Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, the "Carvana Defendants"), to collect all non-expert evidence for trial has been set for October 2, 2026, and Carvana Defendants have been otherwise unable to obtain the requested documentary evidence. A trial date for this litigation has not yet been set.

**5. In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request**:

a. *Requesting Authority*:
Honorable John Z. Boyle
United States Magistrate Judge
United States District Court, District of Arizona
Sandra Day O'Connor U.S. Courthouse, Suite 322
401 West Washington Street, SPC 75
Phoenix, AZ 85003-2160
United States of America

b. *To the Competent Authority of*:
The United Kingdom
The Senior Master of the King's Bench Division of the High Court
Foreign Process Section
Room E16
Royal Courts of Justice
Strand
London WC2A 2LL
United Kingdom

c. *Name of the Case and Identifying Number*:
*In re Carvana Co. Securities Litigation*
Case No. 2:22-cv-02126-PHX-MTL, pending before U.S. District Judge Michael T. Liburdi (presiding) and U.S. Magistrate Judge John Z. Boyle (referred for discovery matters) in the United States District Court for the District of Arizona

**6. Names and addresses of the parties and their representatives**:

*a. Plaintiffs*:

Saskatchewan Healthcare Employees' Pension Plan ("SHEPP") and United Association National Pension Fund ("UANPF")

**ROBBINS GELLER RUDMAN & DOWD LLP**
DANIEL S. DROSMAN
TOR GRONBORG
ERIKA L. OLIVER
RACHEL A. COCALIS
SARAH A. FALLON
DANIEL S. DROSMAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
ROBERT M. ROTHMAN
DAVID A. ROSENFELD
BRENT E. MITCHELL
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
JACOB G. GELMAN
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

jgelman@rgrdlaw.com

**O'DONOGHUE & O'DONOGHUE LLP**
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: 202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

**BONNETT FAIRBOURN FRIEDMAN & BALINT PC**
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ 85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

*b. Carvana Defendants*:

Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan

**LATHAM & WATKINS LLP**
Meryn C.N. Grant
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1.424.653.5500
Email: meryn.grant@lw.com

**LATHAM & WATKINS LLP**
Andrew B. Clubok
Susan E. Engel
J. Christian Word
Matthew J. Peters
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200
Email: aclubok@lw.com
Email: susan.engel@lw.com
Email: christian.word@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel
Kalana Kariyawasam
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Robin Spedding
99 Bishopsgate, EC2M 3XF
London
Telephone: +44.20.7710.1193
Email: robin.spedding@lw.com

Anna Kullmann
99 Bishopsgate, EC2M 3XF
London
Telephone: +44.20.7710.1135
Email: anna.kullmann@lw.com

**FENNEMORE CRAIG, P.C.**
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: +1.602.916.5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

c. *Other Parties*:

Defendant Ernest Garcia II

**DLA PIPER LLP (US)**
Madeline A. Cordray
madeline.cordray@us.dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Tel: 480.606.5100

**DLA PIPER LLP (US)**
Melanie Walker
melanie.walker@us.dlapiper.com
2000 Avenue of the Stars #400,

Los Angeles, California 90067
Tel: 310.595.3000

**DLA PIPER LLP (US)**
Yan Grinblat
yan.grinblat@us.dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312.368.4000

Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Susanna M. Buergel
David P. Friedman
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: sbuergel@paulweiss.com
Email: dfriedman@paulweiss.com

**FENNEMORE CRAIG, P.C.**
Douglas C. Northup
Andrea L. Marconi
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

**7. Nature of the proceedings**:

This is a putative class action lawsuit in which Lead Plaintiffs UANPF and SHEPP (“Plaintiffs”) allege that Carvana, a U.S. publicly-traded online used-car retailer, and other Carvana Defendants, who are officers and directors of Carvana, made materially misleading statements and omissions in violation of U.S. federal securities laws. Specifically, Plaintiffs allege Carvana Defendants concealed from investors that Carvana was systematically violating laws governing vehicle title and registration requirements, a practice which was allegedly driving Carvana’s retail sales, and also concealed that other

business practices—including certain car-buying practices, nationwide expansion, and related-party transactions—were driving Carvana's growth. Plaintiffs seek to represent individuals and entities who purchased Carvana's common stock between May 6, 2020 and October 7, 2022 and were damaged by the purported misleading statements and omissions. Plaintiffs also seek to represent individuals and entities who received Carvana stock directly through Carvana's April 22, 2022 secondary offering (the "Offering"). Plaintiffs assert claims individually and on behalf of class members pursuant to Section 10(b) and Section 20(a) of the Securities and Exchange Act of 1934 (15 U.S.C. §§78j(b) and 78t(a)), and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (15 U.S.C. §§77k, 77l(a)(2), and 77o) ("Securities Act claims"). Plaintiffs bring this action to recover damages caused by the Defendants' alleged wrongdoings. Defendants dispute the allegations and intend to argue at trial, among other things, that any allegedly omitted information was already public and indeed known by many of the investors comprising the putative class, including LGIM.

LGIM is one of thirty-four non-Carvana-affiliated investors ("allocants") who received stock directly in the Offering. As such, LGIM is a putative class member for Plaintiffs' Securities Act claims, meaning, if the class is certified and LGIM does not opt out, that LGIM will technically be a party to the litigation and certain aspects of Carvana Defendants' liability to LGIM and other putative class members will be determined at trial. An investor's absence of knowledge of the allegedly omitted information is an element of Plaintiffs' Securities Act claim under Section 12(a)(2), 15 U.S.C. § 77l(a)(2), and such knowledge is an affirmative defense to Plaintiffs' Section 11 claim,15 U.S.C. § 77k(a). Accordingly, LGIM's actual knowledge of the allegedly omitted information is a dispositive issue as to their Securities Act claims that Carvana Defendants will test at trial, and LGIM's diligence prior to participating in the Offering, including what documents and sources they reviewed, and what information was material to their decision, is also relevant to matters to be determined at trial.

Further, LGIM's knowledge regarding the allegedly omitted information, bases for

LGIM's participation in the Offering, and what sources they consulted, are also relevant to whether class-wide claims may be decided at trial at all. In this action, the U.S. court may certify a class for Plaintiffs' Securities Act claims only if it determines that common questions predominate over individual inquiries. Because investor knowledge of the allegedly-omitted information defeats the Securities Act claims, if individual inquiries into investor knowledge are necessary, they foreclose a finding of predominance and preclude class certification. *See Vignola v. Fat Brands*, 2020 WL 1934976, at *5 (C.D. Cal. Mar. 13, 2020); *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 152-54 (N.D. Tex. 2014). Accordingly, investor knowledge—including LGIM's knowledge—is determinative of what claims may be adjudicated at trial.

LGIM's transactions in Carvana securities (including its common stock) in the relevant period in and around the 2022 Offering, including any gains or losses on such purchases, are relevant to the determination of the quantum of damages LGIM may receive. *See* 15 U.S.C. § 77k(e) (setting forth a statutory formula for calculation of damages for Securities Act claims that takes into account, among other things, "the price at which such security shall have been disposed of in the market before [the] suit" was brought). LGIM's transactions in Carvana stock are also relevant to other defenses Carvana Defendants may assert to LGIM's Securities Act claims at trial, including that the claims are barred, in whole or in part, because LGIM did not lose money or property that is traceable to any wrongful act by any Carvana Defendant and/or traceable to stock purchased in Carvana's April 2022 Offering, and any of LGIM's alleged injuries, damages, or losses were caused by acts of third parties or superseding and intervening events unconnected to and outside the control of the Carvana Defendants.

**8. Evidence to be obtained**:

*a. Evidence to be obtained or other judicial act to be performed*:

Carvana Defendants seek documentary evidence from LGIM concerning LGIM's diligence and decision to participate in the Offering, and LGIM's transactions in Carvana securities in the relevant period around the 2022 Offering. In particular, LGIM researched

and considered information in connection with LGIM's decision to participate in the Offering. And LGIM's transactions in Carvana securities are information uniquely in LGIM's possession that are directly relevant to the trial determination of any damages for LGIM's Securities Act claims. As such, LGIM possesses evidence that is relevant and material to the outcome of Plaintiffs' claims for the reasons given in Section 7 above. Carvana Defendants have attempted to request the documents and information they now seek directly from LGIM but were unsuccessful.

In particular, Carvana seeks production of the documents described in the attached Schedule A below. Each of the categories of documents described in Schedule A is directly relevant to the dispute before this Court.

b. *Purpose of the evidence of judicial act sought*:

Each of the categories of documents described in Schedule A is directly relevant to the claims Plaintiffs assert against Carvana Defendants in this litigation and to Carvana Defendants' responses and defenses to those claims. Accordingly, the evidence Carvana Defendants seek is needed to evaluate the merits of Plaintiffs' claims. Further, the evidence sought is or is likely to be, in the possession, custody, or power of LGIM. Carvana Defendants have been unable to obtain the requested evidence from other sources, notwithstanding its efforts. The Court considers that it is necessary for the purposes of justice and the determination of the matters in dispute that the documents described at Schedule A below are produced in these proceedings.

9. **Identity and address of entity and deponents to provide evidence**:

a) Legal General Investment Management Limited
One Coleman Street London, EC2R 5AA
United Kingdom

10. **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined**:

None

11. **Documents or other property to be inspected**:

The documents described in the attached Schedule A below.

It is requested that LGIM produce the documents requested in the attached Schedule A no later than fourteen (14) days after service of the order of the High Court giving effect to the Letter of Request.

**12. Any requirement that the evidence be given on oath or affirmation and any special form to be used**:

None

**13. Special Methods or Procedure to be Followed**:

It is respectfully requested that the documents listed in Schedule A that are within the possession, custody, or control of LGIM be produced electronically to Carvana's counsel at the following e-mail addresses no later than forty-five (45) days after receipt of the Request: meryn.grant@lw.com, ashley.gebicke@lw.com, anna.kullmann@lw.com and robin.spedding@lw.com. If electronic production to Carvana's counsel via e-mail is not possible, LGIM shall produce documents responsive to the Request through another method of production to be agreed between the Defendants and LGIM.

**14. Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of any Person to be Notified**:

The following counsel shall be notified regarding the time and place for the execution of the Request:

**LATHAM & WATKINS LLP**
Meryn C.N. Grant
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1.424.653.5500
Email: meryn.grant@lw.com

**LATHAM & WATKINS LLP**
Andrew B. Clubok
Susan E. Engel
J. Christian Word
Matthew J. Peters
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

Email: aclubok@lw.com
Email: susan.engel@lw.com
Email: christian.word@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel
Kalana Kariyawasam
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Robin Spedding
99 Bishopsgate, EC2M 3XF
London
Telephone: +44.20.7710.1193
Email: robin.spedding@lw.com

Anna Kullmann
99 Bishopsgate, EC2M 3XF
London
Telephone: +44.20.7710.1135
Email: anna.kullmann@lw.com

15. **Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request**:

None

16. **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**:

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds not applicable here also exist, such as certain communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized

outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation. Neither this Letter of Request, nor the transmission or provision of any evidence pursuant hereto, shall waive, or be deemed to have waived, any of the foregoing privileges, protections, or immunities, nor any other privileges, protections, or immunities that may apply to such evidence under the laws of England and Wales, the laws of the United States, the laws of Arizona, or of any applicable State.

**17. Fees and Costs**:

Any fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Hague Evidence Convention will be borne by Carvana, through its counsel of record: Meryn C.N. Grant, Latham & Watkins LLP, 10250 Constellation Blvd., Suite 1100 Los Angeles, CA 90067. Carvana's payment of such fees and costs (if any) is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in this proceeding.

**18. Date of Request**:

August 12th, 2026

**19. Signature of Requesting Authority**:

Honorable John Z. Boyle
United States Magistrate Judge

# SCHEDULE A: DOCUMENT REQUESTS

## I. DEFINITIONS

1. "Action" shall mean the legal action *In re Carvana Co. Securities Litigation*, No. 2:22-cv-02126-PHX-MTL, United States District Court, District of Arizona, filed on August 3, 2022.

2. "Amended Complaint" shall refer to the operative Amended Consolidated Complaint filed in this Action on March 29, 2024, Dkt. No. 71.

3. "All," "any," and "each" shall mean and each be construed as encompassing any and all.

4. "And" and "or" shall mean and be construed either disjunctively or conjunctively, as necessary by the context, to bring within the scope of the topic for examination all responses that might otherwise be construed to be outside of its scope by any other construction.

5. "Carvana" shall refer to Defendant Carvana Co.

6. "Communication(s)" shall mean and refers to all evidence of the transmission of information (in the form of facts, ideas, inquiries, or otherwise), record in LGIM's possession, custody, or control, transmitted between any Person or Persons and any other Person or Persons, by or through any mode or medium, including but not limited to the spoken word, written or electronic correspondence, electronic mail (e-mail), instant messaging, telephone, facsimile, face-to-face meetings, through third Persons, and/or via electronic recordings.

7. Concern," "concerning," "reflect," "reflecting," "related," "relating," "relate(s)," "refer," or "referring," and other variations thereof, as used herein shall be construed in their broadest possible sense, and shall mean without limitation and whether in whole or in part: referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, dealing with, relating to, or having any logical or factual connection whatsoever with the subject addressed,

regardless of whether the factual connection is favorable to or adverse to You.

8. "Document(s)" shall have the full meaning ascribed in Federal Rule of Civil Procedure 34 and shall include every writing or record in LGIM's possession, custody, or control (including Electronically Stored Information) of every type and description such as communications, correspondence, speech, writings, memoranda, stenographic or handwritten notes, language (machine, foreign, or otherwise), studies, publications, books, pamphlets, reports, financial statements, calculations, analyses, films, video tape, photographs, graphs, symbols, signs, voice recordings, sound, radio and/or video signal, telephone, teletype, telecommunication, photographic film of any type, e-mail, computer electronics of any kind, computer files or all other data, compilations from which information can be obtained, including electromagnetically sensitive stored media such as hard discs, magnetic disks, and magnetic tapes, any preliminary versions, drafts or revisions of any of the foregoing, and all copies of every such writing or record (or a draft thereof) whenever a copy of a Document is not an identical copy of the original or where such copy contains any commentary, notes or markings whatsoever that do not appear on the original. The term Document(s) specifically includes Electronically Stored Information.

9. "DriveTime" shall mean DriveTime Automotive Group Inc. and all of its predecessors, affiliates, parents, and subsidiaries, including but not limited to DriveTime Automotive Group Inc., as well as all agents, attorneys, consultants, directors, employees, investors, members, managers, officers, principals, representatives, trustees, and all other persons acting or purporting to act on behalf or under the control of the foregoing.

10. "Electronically Stored Information" or "ESI" shall mean and refers to information that is stored electronically, regardless of the media or whether it is in the original format in which it was created, as opposed to stored in hard copy (*i.e.*, on paper). ESI carries the broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001. For the avoidance of doubt, any electronic Documents or data shall include their associated metadata.

11. “Expansions and Growth Strategies” shall refer to business strategies employed by Carvana, such as: (1) prioritization of growth over profitability; (2) expansion nationwide, including into new markets; (3) selling cars awaiting title and/or registration; (4) increases in inventory, including by purchasing or permitting trade-ins of lower quality cars; and (5) pass-through sales agreements with DriveTime.

12. “Including” shall mean “including, but not limited to” and shall not limit the scope of any topic for examination.

13. “Individual Defendants” “Individual Defendants” shall refer to the following individual defendants in the legal action *In re Carvana Co. Securities Litigation*, No. 2:22-cv-02126-PHX-MTL, United States District Court, District of Arizona, filed on August 3, 2022: Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan.

14. “LGIM” shall mean Legal & General Investment Management Ltd. and all of its predecessors, affiliates, parents, and subsidiaries, including but not limited to well as all agents, attorneys, consultants, directors, employees, investors, members, managers, officers, principals, representatives, trustees, and all other persons acting or purporting to act on behalf or under the control of the foregoing.

15. “Offering” shall refer to Carvana’s April 22, 2022 secondary offering of Class A common stock.

16. “Purchase” or “Sell” or “Sale” shall mean purchase, sell, trade, convert, otherwise acquire or otherwise dispose of, particularly with respect to Securities, whether for Your own account or benefit, or for the account or benefit of any other Person.

17. “Refer(s)” or “Relate(s)” shall mean and refers to comprise, concern, describe, evidence, constitute, reflect, record, identify, memorialize, diminish, refute, discuss, explain, specify, consider, embody, evaluate, analyze, review, respect, state, establish, bolster, show, support, contradict, note, contain, mention, study, pertain to, report on, comment on, impinge upon or impact the subject matter of the topic for examination, in whole or in part, either directly or indirectly.

18. "Relating to" shall mean and refers to relating to, pertaining to, referring to, evidencing, in connection with, reflecting, respecting, concerning, compromising, based upon, stating, showing, considering, establishing, supporting, bolstering, explaining, contradicting,refuting, diminishing, constituting, describing, recording, noting, embodying, memorializing, containing, mentioning, reviewing, studying, analyzing, evaluating, reporting, commenting, discussing, specifying, identifying, impinging upon or impacting in any other way bearing on the matter addressed in the topics for examination, in whole or in part, either directly or indirectly.

19. "Security" or "Securities" shall mean any common stock, preferred stock, debenture, option, or other debt or equity interest, and any direct or indirect, legal, or beneficial interest.

20. "Transaction(s)" shall mean any purchases, acquisitions, sales, dispositions, tenders, donations, receipt, gifts, transfers, puts, call, short sales, execution of any option contracts, or any other means by which You acquired or disposed of any interest in Securities, whether for Your own account or benefit or for the account or benefit of any other Person.

21. "You," and "Your" shall mean and refer to LGIM, as defined herein.

22. The use of the singular form of any word shall include the plural form of the same word and vice versa.

All defined terms shall retain their meaning even if not capitalized in these topics for examination.

## II. INSTRUCTIONS

The following instructions apply to each document request set forth below.

1. All Requests shall be construed pursuant to the applicable Federal Rules of Civil Procedure, except to the extent incompatible with English law.

2. In responding to these Requests, You are required to furnish Documents that are in Your possession, custody, or control, including Documents in the possession of Your present and former attorneys, accountants, advisors, representatives, agents, or employees

(to the extent these are in Your control). All Documents that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

3. If there are no Documents or things responsive to a particular Request, You should so state in writing.

4. Each and every copy of a Document, that is different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate Document that must be produced.

5. If You produce any tape, disk, card, wire, or other electronic or mechanical recording or transcript, or any computer program in response to any Request, You shall also produce such documents, software, and instructions as are necessary for the decoding, playing back, printing, and/or interpretation thereof, and any other documents that are necessary to convert said information into a useable format.

6. If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Request which is not privileged, and for each item of information contained in a Document or Communication to which a claim of privilege is made, identify such Document or Communication with sufficient particularity for purposes of a motion to compel, such identification to include at least the basis on which the privilege is claimed.

## III. REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

All Documents and Communications in LGIM's possession, custody, or control Concerning Your knowledge and research Relating to Carvana Securities from May 6, 2020 through October 7, 2022, including analyst reports, articles, recommendations, notes, memoranda, opinions, ratings, valuations, and investor materials (such as road show decks, shareholder letters).

**REQUEST FOR PRODUCTION NO. 2**:

All Documents and Communications in LGIM's possession, custody, or control

Concerning Your knowledge, analysis, and research of Carvana's compliance with state and local title and registration laws, including any lawsuits or regulatory actions related thereto, from May 6, 2020 through October 7, 2022.

**REQUEST FOR PRODUCTION NO. 3**:

All Documents and Communications in LGIM's possession, custody, or control Concerning Your knowledge, analysis, and research of Carvana's retail unit sales, including drivers of its sales growth from May 6, 2020 through October 7, 2022.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents in LGIM's possession, custody, or control sufficient to reflect Your Transactions in Carvana Securities and any accompanying gains or losses from May 6, 2020 through October 7, 2022, such as, for example, a trading list.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents and Communications in LGIM's possession, custody, or control from May 6, 2020 through April 26, 2022, Concerning the basis for Your decision to participate in the Offering, including any Documents You relied upon, consulted, or considered.

**REQUEST FOR PRODUCTION NO. 6**:

All Documents and Communications in LGIM's possession, custody, or control Concerning any gains or losses from May 6, 2020 through October 7, 2022 on Your investments in Carvana Securities purchased in the Offering.

**REQUEST FOR PRODUCTION NO. 7**:

All Documents and Communications in LGIM's possession, custody or control Concerning public disclosures from May 6, 2020 through October 7, 2022 made by, or on behalf of Carvana, or other publicly available news articles, reports, or other information, regarding:

(i) Carvana's compliance with state and local title and registration laws, including any lawsuits or regulatory actions related thereto;

(ii) Carvana's retail unit sales, including drivers of its sales growth; and

(iii) Carvana's Expansion and Growth Strategies.

**LETTER OF REQUEST NO. 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United Association National Pension Fund, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Carvana Company, et al.,<br><br>Respondents. | No. CV-22-02126-PHX-MTL<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

**TO THE SENIOR MASTER OF THE KING'S BENCH DIVISION OF THE HIGH COURT OF JUSTICE OF ENGLAND AND WALES**:

The United States District Court for the District of Arizona respectfully requests judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), to which both the United States and the United Kingdom are parties, to obtain documentary evidence and oral testimony to be used at the trial of pending civil proceeding before this Court in the above-captioned matter. The United States District Court for the District of Arizona is a competent court of law and equity which properly has jurisdiction over this proceeding and has the power to compel the production of documents and the attendance of witnesses both within and outside its jurisdiction.

This Court respectfully asks that this Letter of Request be executed, and that Defendants be permitted to obtain documentary evidence sought from Pelham Capital Ltd. ("Pelham") and oral testimony from Kavyan Larizadeh, an employee of Pelham.

This Court considers that the evidence sought herein is directly relevant to the issues in dispute for determination at trial, is evidence intended for use at trial, and without which the ends of justice could not be properly met. This Court also believes that this evidence is available to Pelham and Mr. Larizadeh and not available from any other source. This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in England and Wales. In the proper exercise of its authority, this Court has determined that the documentary evidence and oral testimony are highly relevant to the determination of these proceedings and cannot be secured except by the intervention of the Senior Master of the King's Bench Division of the High Court of Justice of England and Wales.

1. **Sender**:

Honorable John Z. Boyle
United States Magistrate Judge
United States District Court, District of Arizona
Sandra Day O'Connor U.S. Courthouse, Suite 322
401 West Washington Street, SPC 75
Phoenix, AZ 85003-2160
United States of America

2. **Central authority of the requested state**:

The Senior Master of the King's Bench Division of the High Court
Foreign Process Section
Room E16
Royal Courts of Justice
Strand
London WC2A 2LL
United Kingdom
Tel: +44 207 947 7772
E-mail: foreignprocess.rcj@justice.gov.uk

3. **Person(s) to whom the executed request is to be returned**:

Meryn C.N. Grant
Latham & Watkins LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1.424.653.5500
Email: meryn.grant@lw.com

4. **Specification of the date by which the requesting authority requires receipt of the response to the letter request**:

**Date**: As soon as reasonably practical consistent with the receiving Court's calendar.

**Reason for Urgency**: The deadline for Defendants Carvana Co. ("Carvana"), Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan (collectively, the "Carvana Defendants"), to collect all non-expert evidence for trial has been set for October 2, 2026, and Carvana Defendants have been otherwise unable to obtain the requested documentary evidence and testimony. A trial date for this litigation has not yet been set.

5. **In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request**:

a. *Requesting Authority*:
Honorable John Z. Boyle
United States Magistrate Judge
United States District Court, District of Arizona
Sandra Day O'Connor U.S. Courthouse, Suite 322
401 West Washington Street, SPC 75
Phoenix, AZ 85003-2160
United States of America

b. *To the Competent Authority of*:
The United Kingdom
The Senior Master of the King's Bench Division of the High Court
Foreign Process Section
Room E16
Royal Courts of Justice
Strand
London WC2A 2LL
United Kingdom

c. *Name of the Case and Identifying Number*:
<u>*In re Carvana Co. Securities Litigation*</u>
Case No. 2:22-cv-02126-PHX-MTL, pending before U.S. District Judge Michael T. Liburdi (presiding) and U.S. Magistrate Judge John Z. Boyle (referred for discovery matters) in the United States District Court for the District of Arizona

**6. Names and addresses of the parties and their representatives**:

a. *Plaintiffs*:

Saskatchewan Healthcare Employees' Pension Plan ("SHEPP") and United Association National Pension Fund ("UANPF")

**ROBBINS GELLER RUDMAN & DOWD LLP**
DANIEL S. DROSMAN
TOR GRONBORG
ERIKA L. OLIVER
RACHEL A. COCALIS
SARAH A. FALLON
DANIEL S. DROSMAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
eoliver@rgrdlaw.com
rcocalis@rgrdlaw.com
sfallon@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
ROBERT M. ROTHMAN
DAVID A. ROSENFELD
BRENT E. MITCHELL
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
bmitchell@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
JACOB G. GELMAN
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545

415/288-4534 (fax)
jgelman@rgrdlaw.com

**O'DONOGHUE & O'DONOGHUE LLP**
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: 202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

**BONNETT FAIRBOURN FRIEDMAN & BALINT PC**
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ 85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

*b. Carvana Defendants*:

Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan

**LATHAM & WATKINS LLP**
Meryn C.N. Grant
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1.424.653.5500
Email: meryn.grant@lw.com

**LATHAM & WATKINS LLP**
Andrew B. Clubok
Susan E. Engel
J. Christian Word
Matthew J. Peters
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200
Email: aclubok@lw.com
Email: susan.engel@lw.com
Email: christian.word@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel
Kalana Kariyawasam
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Robin Spedding
99 Bishopsgate, EC2M 3XF
London
Telephone: +44.20.7710.1193
Email: robin.spedding@lw.com

Anna Kullmann
99 Bishopsgate, EC2M 3XF
London
Telephone: +44.20.7710.1135
Email: anna.kullmann@lw.com

**FENNEMORE CRAIG, P.C.**
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: +1.602.916.5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

c. *Other Parties*:

Defendant Ernest Garcia II

**DLA PIPER LLP (US)**
Madeline A. Cordray
madeline.cordray@us.dlapiper.com
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Tel: 480.606.5100

**DLA PIPER LLP (US)**
Melanie Walker
melanie.walker@us.dlapiper.com

2000 Avenue of the Stars #400,
Los Angeles, California 90067
Tel: 310.595.3000

**DLA PIPER LLP (US)**
Yan Grinblat
yan.grinblat@us.dlapiper.com
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312.368.4000

Defendants Citigroup Global Markets Inc. and J.P. Morgan Securities LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Susanna M. Buergel
David P. Friedman
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: sbuergel@paulweiss.com
Email: dfriedman@paulweiss.com

**FENNEMORE CRAIG, P.C.**
Douglas C. Northup
Andrea L. Marconi
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

**7. Nature of the proceedings**:

This is a putative class action lawsuit in which Lead Plaintiffs UANPF and SHEPP ("Plaintiffs") allege that Carvana, a U.S. publicly-traded online used-car retailer, and other Carvana Defendants, who are officers and directors of Carvana, made materially misleading statements and omissions in violation of U.S. federal securities laws. Specifically, Plaintiffs allege Carvana Defendants concealed from investors that Carvana was systematically violating laws governing vehicle title and registration requirements, a practice which was allegedly driving Carvana's retail sales, and also concealed that other

business practices—including certain car-buying practices, nationwide expansion, and related-party transactions—were driving Carvana's growth. Plaintiffs seek to represent individuals and entities who purchased Carvana's common stock between May 6, 2020 and October 7, 2022 and were damaged by the purported misleading statements and omissions. Plaintiffs also seek to represent individuals and entities who received Carvana stock directly through Carvana's April 22, 2022 secondary offering (the "Offering"). Plaintiffs assert claims individually and on behalf of class members pursuant to Section 10(b) and Section 20(a) of the Securities and Exchange Act of 1934 (15 U.S.C. §§78j(b) and 78t(a)), and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (15 U.S.C. §§77k, 77l(a)(2), and 77o) ("Securities Act claims"). Plaintiffs bring this action to recover damages caused by the Defendants' alleged wrongdoings. Defendants dispute the allegations and intend to argue at trial, among other things, that: any allegedly omitted information was already public and indeed known by many of the investors comprising the putative class, including Pelham.

Pelham is one of thirty-four non-Carvana-affiliated investors ("allocants") who received stock directly in the Offering. As such, Pelham is a putative class member for Plaintiffs' Securities Act claims, meaning, if the class is certified and Pelham does not opt out, that Pelham will technically be a party to the litigation and certain aspects of Carvana Defendants' liability to Pelham and other putative class members will be determined at trial. To Carvana Defendants' knowledge, Mr. Kavyan Larizadeh was the primary contact at Pelham with respect to Pelham's decision to participate in the Offering. An investor's absence of knowledge of the allegedly omitted information is an element of Plaintiffs' Securities Act claim under Section 12(a)(2), 15 U.S.C. § 77l(a)(2), and such knowledge is an affirmative defense to Plaintiffs' Section 11 claim,15 U.S.C. § 77k(a). Accordingly, Pelham's actual knowledge of the allegedly omitted information is a dispositive issue as to their Securities Act claims that Carvana Defendants will test at trial, and Pelham and Mr. Larizadeh's diligence prior to participating in the Offering, including what documents and sources they reviewed, and what information was material to their decision, is also relevant

to matters to be determined at trial.

Further, Pelham and Mr. Larizadeh's knowledge regarding the allegedly omitted information, bases for Pelham's participation in the Offering, and what sources they consulted, are also relevant to whether class-wide claims may be decided at trial at all. In this action, the U.S. court may certify a class for Plaintiffs' Securities Act claims only if it determines that common questions predominate over individual inquiries. Because investor knowledge of the allegedly-omitted information defeats the Securities Act claims, if individual inquiries into investor knowledge are necessary, they foreclose a finding of predominance and preclude class certification. *See Vignola v. Fat Brands*, 2020 WL 1934976, at *5 (C.D. Cal. Mar. 13, 2020); *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 152-54 (N.D. Tex. 2014). Accordingly, investor knowledge—including LGIM's knowledge—is determinative of what claims may be adjudicated at trial.

Pelham's transactions in Carvana securities (including its common stock) in the relevant period in and around the 2022 Offering, including any gains or losses on such purchases, are relevant to the determination of the quantum of damages Pelham may receive. *See* 15 U.S.C. § 77k(e) (setting forth a statutory formula for calculation of damages for Securities Act claims that takes into account, among other things, "the price at which such security shall have been disposed of in the market before [the] suit" was brought). Pelham's transactions in Carvana stock are also relevant to other defenses Carvana Defendants may assert to Pelham's Securities Act claims at trial, including that the claims are barred, in whole or in part, because Pelham did not lose money or property that is traceable to any wrongful act by any Carvana Defendant and/or traceable to stock purchased in Carvana's April 2022 Offering, and any of Pelham's alleged injuries, damages, or losses were caused by acts of third parties or superseding and intervening events unconnected to and outside the control of the Carvana Defendants.

**8. Evidence to be obtained**:

*a. Evidence to be obtained or other judicial act to be performed*:

Carvana Defendants seek documentary evidence from Pelham, and oral evidence

from Kavyan Larizadeh concerning Pelham's diligence and decision to participate in the Offering, and Pelham's transactions in Carvana securities in the relevant period around the 2022 Offering. In particular, Pelham and, to Carvana Defendants' knowledge, Mr. Larizadeh, researched and considered information in connection with Pelham's decision to participate in the Offering. And Pelham's transactions in Carvana securities are information uniquely in Pelham's possession that are directly relevant to the trial determination of any damages for Pelham's Securities Act claims. As such, Pelham and Mr. Larizadeh possess evidence that is relevant and material to the outcome of Plaintiffs' claims for the reasons given in Section 7 above. Carvana Defendants have attempted to request the documents and information they now seek directly from Pelham but were unsuccessful.

In particular, Carvana seeks production of the documents described in the attached Schedule B below. Each of the categories of documents described in Schedule B is directly relevant to the dispute before this Court. Carvana also seeks oral testimony from Mr. Larizadeh in accordance with the examination topics described in the attached Schedule A below. Each of the examination topics described in Schedule A is directly relevant to the dispute before this Court.

*b. Purpose of the evidence of judicial act sought*:

Each of the examination topics described in Schedule A and each of the categories of documents described in Schedule B are directly relevant to the claims Plaintiffs assert against Carvana Defendants in this litigation and to Carvana Defendants' responses and defenses to those claims. Accordingly, the evidence Carvana Defendants seek is needed to evaluate the merits of Plaintiffs' claims and to defend against them at trial. Further, the evidence sought is or is likely to be, in the possession, custody, or power of Pelham, and known by Mr. Larizadeh. Carvana Defendants have been unable to obtain the requested evidence from other sources, notwithstanding its efforts. The Court considers that it is necessary for the purposes of justice and the determination of the matters in dispute that the deposition testimony set out at Schedule A and the documents described at Schedule B

below are produced in these proceedings.

**9. Identity and address of entity and deponents to provide evidence**:

a) Pelham Capital Limited
25 Bury Street
London, SW1Y 6AL
United Kingdom

b) Kavyan Larizadeh
25 Bury Street
London, SW1Y 6AL
United Kingdom

**10. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined**:

See Schedule A (TOPICS FOR EXAMINATION).

**11. Documents or other property to be inspected**:

The documents described in the attached Schedule B below.

It is requested that Pelham produce the documents requested in the attached Schedule A no later than fourteen (14) days prior to the date scheduled for the examination of Mr. Larizadeh.

**12. Any requirement that the evidence be given on oath or affirmation and any special form to be used**:

This Court requests that the witness to be examined be placed under oath before answering questions. The requested form of the oath is: "Do you solemnly state that the testimony you will give in this deposition proceeding will be the truth, the whole truth, and nothing but the truth?"

**13. Special Methods or Procedure to be Followed**:

This Court respectfully requests that the following special procedures be observed in respect of the oral testimony of Mr. Larizadeh:

1) That only the parties' representatives or their designees, interpreters, a court reporter or stenographer, a videographer, and counsel for the witness, if so desired by the witness, be permitted to attend and participate

at the examination.

2) That the witness be placed under oath pursuant to the United States Federal Rules of Civil Procedure, and that the examination be taken under the United States Federal Rules of Civil Procedure, except to the extent that such procedure is incompatible with English law.

3) That counsel for the witness, if so desired by the witness, be permitted to defend the examination pursuant to the United States Federal Rules of Civil Procedure, except to the extent that such procedure is incompatible with English law.

4) That Plaintiffs' counsel, with authorization of this Court, be permitted to attend and participate in the witness's examination, and that Carvana's counsel (including United States counsel), as well as counsel for other Defendants in the action, with authorization of this Court, be permitted to attend and participate in the witness's examination, and to conduct examination, cross-examination and re-examination of the witness (including asking open, closed, and leading questions).

5) That a court reporter be present to record verbatim the witness's examination for the purpose of preparing a true and correct transcript of the examination.

6) That the witness be required to review, correct, and sign the verbatim transcript within 14 days after the transcript is furnished to the witness.

7) That the oral examination be video recorded.

8) That objections that may be raised during the examination, including as to the admissibility of testimony or propriety of a question or the manner in which a question is asked, be noted for the record but not otherwise resolved during the examination.

9) That the witness be examined as soon as practical.

10) That the testimony be allowed to continue until completed, except that

the testimony shall not exceed seven hours on the record per day and more than two days for the witness. Additionally, the testimony shall be limited to 10 hours total.

11) That the examination shall take place at Latham & Watkins' London Office, 99 Bishopsgate, London EC2M 3XF, United Kingdom.

12) That the Stipulated Protective Order in this action (Dkt. No. 130) governs the use, disclosure, and confidentiality of any documents, testimony, or evidence provided pursuant to this letter of request and that any party may designate such testimony or evidence as Confidential or Highly Confidential.

13) That, to the extent that any portion of this Letter of Request cannot be granted, it is respectfully requested that the remaining parts be granted.

Furthermore, if Mr. Larizadeh has any grounds to claim privilege under English or United States law, he may assert such privilege during the examination. The issue of whether potential testimony is privileged under United States law shall be submitted to the United States District Court for the District of Arizona for its ruling. If Mr. Larizadeh objects to providing testimony on the grounds that the testimony is privileged under English law, the issue shall be submitted to and determined by the High Court of England and Wales.

As to Carvana's document requests, it is respectfully requested that the documents listed in Schedule B that are within the possession, custody, or control of Pelham be produced electronically to Carvana's counsel at the following e-mail addresses no later than forty-five (45) days after receipt of the Request: meryn.grant@lw.com, ashley.gebicke@lw.com, anna.kullmann@lw.com and robin.spedding@lw.com. If electronic production to Carvana's counsel via e-mail is not possible, Pelham shall produce documents responsive to the Request through another method of production to be agreed between the Defendants and Pelham.

//

**14. Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of any Person to be Notified**:

As to the deposition of Mr. Larizadeh, it is respectfully requested that the examination take place as soon as reasonably possible but in no case later than ten (10) weeks after the date signed below. Further, the examination can be conducted at the following address: **Latham & Watkins' London Office, 99 Bishopsgate, London EC2M 3XF, United Kingdom** or, if that is not possible, at a location determined to be mutually agreeable to Mr. Larizadeh and the parties.

The following counsel shall be notified regarding the time and place for the execution of the Request:

**LATHAM & WATKINS LLP**
Meryn C.N. Grant
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1.424.653.5500
Email: meryn.grant@lw.com

**LATHAM & WATKINS LLP**
Andrew B. Clubok
Susan E. Engel
J. Christian Word
Matthew J. Peters
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200
Email: aclubok@lw.com
Email: susan.engel@lw.com
Email: christian.word@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel
Kalana Kariyawasam
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Robin Spedding
99 Bishopsgate, EC2M 3XF
London
Telephone: +44.20.7710.1193
Email: robin.spedding@lw.com

Anna Kullmann
99 Bishopsgate, EC2M 3XF
London
Telephone: +44.20.7710.1135
Email: anna.kullmann@lw.com

15. **Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request**:

None

16. **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**:

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds not applicable here also exist, such as certain communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation. Neither this Letter of Request, nor the transmission or provision of any evidence pursuant hereto, shall waive, or be deemed to have waived, any of the foregoing privileges, protections, or immunities, nor any other privileges, protections, or immunities that may apply to such evidence under the laws of England and Wales, the laws of the United States, the laws of Arizona, or of any applicable State.

//

**17. Fees and Costs**:

Any fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Hague Evidence Convention will be borne by Carvana, through its counsel of record: Meryn C.N. Grant, Latham & Watkins LLP, 10250 Constellation Blvd., Suite 1100 Los Angeles, CA 90067. Carvana's payment of such fees and costs (if any) is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in this proceeding.

**18. Date of Request**:

August 12th, 2026

**19. Signature of Requesting Authority**:

Honorable John Z. Boyle
United States Magistrate Judge

## SCHEDULE A: SWORN EXAMINATION TOPICS

## I. DEFINITIONS

1. "Action" shall mean the legal action *In re Carvana Co. Securities Litigation*, No. 2:22-cv-02126-PHX-MTL, United States District Court, District of Arizona, filed on August 3, 2022.

2. "Amended Complaint" shall refer to the operative Amended Consolidated Complaint filed in this Action on March 29, 2024, Dkt. No. 71.

3. "All," "any," and "each" shall mean and each be construed as encompassing any and all.

4. "And" and "or" shall mean and be construed either disjunctively or conjunctively, as necessary by the context, to bring within the scope of the topic for examination all responses that might otherwise be construed to be outside of its scope by any other construction.

5. "Carvana" shall refer to Defendant Carvana Co.

6. "Communication(s)" shall mean and refers to all evidence of the transmission of information (in the form of facts, ideas, inquiries, or otherwise), transmitted between any Person or Persons and any other Person or Persons, by or through any mode or medium, including but not limited to the spoken word, written or electronic correspondence, electronic mail (e-mail), instant messaging, telephone, facsimile, face-to-face meetings, through third Persons, and/or via electronic recordings.

7. "Document(s)" shall have the full meaning ascribed in Federal Rule of Civil Procedure 34 and shall include every writing or record (including Electronically Stored Information) of every type and description such as communications, correspondence, speech, writings, memoranda, stenographic or handwritten notes, language (machine, foreign, or otherwise), studies, publications, books, pamphlets, reports, financial statements, calculations, analyses, films, video tape, photographs, graphs, symbols, signs, voice recordings, sound, radio and/or video signal, telephone, teletype, telecommunication, photographic film of any type, e-mail, computer electronics of any kind, computer files or

all other data, compilations from which information can be obtained, including electromagnetically sensitive stored media such as hard discs, magnetic disks, and magnetic tapes, any preliminary versions, drafts or revisions of any of the foregoing, and all copies of every such writing or record (or a draft thereof) whenever a copy of a Document is not an identical copy of the original or where such copy contains any commentary, notes or markings whatsoever that do not appear on the original. The term Document(s) specifically includes Electronically Stored Information.

8. "DriveTime" shall mean DriveTime Automotive Group Inc. and all of its predecessors, affiliates, parents, and subsidiaries, including but not limited to DriveTime Automotive Group Inc., as well as all agents, attorneys, consultants, directors, employees, investors, members, managers, officers, principals, representatives, trustees, and all other persons acting or purporting to act on behalf or under the control of the foregoing.

9. "Electronically Stored Information" or "ESI" shall mean and refers to information that is stored electronically, regardless of the media or whether it is in the original format in which it was created, as opposed to stored in hard copy (*i.e.*, on paper). ESI carries the broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001. For the avoidance of doubt, any electronic Documents or data shall include their associated metadata.

10. "Expansions and Growth Strategies" shall refer to business strategies employed by Carvana, such as: (1) prioritization of growth over profitability; (2) expansion nationwide, including into new markets; (3) selling cars awaiting title and/or registration; (4) increases in inventory, including by purchasing or permitting trade-ins of lower quality cars; and (5) pass-through sales agreements with DriveTime.

11. "Including" shall mean "including, but not limited to" and shall not limit the scope of any topic for examination.

12. "Pelham" shall mean Pelham Capital Ltd. and all of its predecessors, affiliates, parents, and subsidiaries, including but not limited to well as all agents, attorneys, consultants, directors, employees, investors, members, managers, officers, principals,

representatives, trustees, and all other persons acting or purporting to act on behalf or under the control of the foregoing.

13. “Offering” shall refer to Carvana’s April 22, 2022 secondary offering of Class A common stock.

14. “Purchase” or “Sell” or “Sale” shall mean purchase, sell, trade, convert, otherwise acquire or otherwise dispose of, particularly with respect to Securities, whether for Your own account or benefit, or for the account or benefit of any other Person.

15. “Refer(s)” or “Relate(s)” shall mean and refers to comprise, concern, describe, evidence, constitute, reflect, record, identify, memorialize, diminish, refute, discuss, explain, specify, consider, embody, evaluate, analyze, review, respect, state, establish, bolster, show, support, contradict, note, contain, mention, study, pertain to, report on, comment on, impinge upon or impact the subject matter of the topic for examination, in whole or in part, either directly or indirectly.

16. “Relating to” shall mean and refers to relating to, pertaining to, referring to, evidencing, in connection with, reflecting, respecting, concerning, compromising, based upon, stating, showing, considering, establishing, supporting, bolstering, explaining, contradicting,refuting, diminishing, constituting, describing, recording, noting, embodying, memorializing, containing, mentioning, reviewing, studying, analyzing, evaluating, reporting, commenting, discussing, specifying, identifying, impinging upon or impacting in any other way bearing on the matter addressed in the topics for examination, in whole or in part, either directly or indirectly.

17. “Security” or “Securities” shall mean any common stock, preferred stock, debenture, option, or other debt or equity interest, and any direct or indirect, legal, or beneficial interest.

18. “Transaction(s)” shall mean any purchases, acquisitions, sales, dispositions, tenders, donations, receipt, gifts, transfers, puts, call, short sales, execution of any option contracts, or any other means by which You acquired or disposed of any interest in Securities, whether for Your own account or benefit or for the account or benefit of any

other Person.

19. "You," and "Your" shall mean and refer to Mr. Kavyan Larizadeh.

20. The use of the singular form of any word shall include the plural form of the same word and vice versa.

defined terms shall retain their meaning even if not capitalized in these topics for examination.

## I. TOPICS FOR EXAMINATION

1. Your knowledge of the basis for Pelham's Transactions in Carvana Securities, from and including May 6, 2020 through October 7, 2022, including any returns or losses on such investments.[1]

2. Your understanding of the basis for Pelham's decision to participate in the April 22, 2022 Offering of Carvana Securities, including any research, diligence, or analysis Pelham relied upon or considered to inform that decision from May 6, 2020 through April 26, 2022, the date of the closing of the Offering.

3. Your understanding, as pertinent to Pelham's Transactions in Carvana Securities from and including May 6, 2020 through October 7, 2022, of Pelham's research, knowledge and understanding of:

a. Carvana's business model;

b. The industry in which Carvana operates as a used car dealer and e-commerce retailer;

c. Carvana's expansion and growth strategies, including the alleged Expansion and Growth Strategies, and the impact of those strategies on inventory, costs, revenues and profitability;

d. Carvana's U.S. Securities and Exchange Commission filings and public statements, including statements related specifically to (i) Carvana's compliance with state and local title and registration laws; (ii) Carvana's retail unit sales, including drivers of its sales growth; and (iii) Carvana's

---

[1] Plaintiffs have sought class certification for investors who purchased or acquired Carvana common stock from May 6, 2020 through October 7, 2022.

expansion and growth strategies, including alleged Expansion and Growth Strategies;

e. The regulatory regime governing Carvana's car sales, including state and local title and registration laws; and

f. The material risks and benefits related to investments in Carvana Securities, to the extent that these relate to the matters alleged in the Amended Complaint.

4. Your understanding, as pertinent to Pelham's Transactions in Carvana Securities from and including May 6, 2020 through October 7, 2022, of Pelham's research, knowledge and analysis of publicly available information or news, regarding Carvana's compliance with state and local title and registration laws, including:

a. News coverage on or around August 9-11, 2021, regarding North Carolina's suspension of the dealer license at Carvana's Wake Country location;

b. The October 22, 2021 Wall Street Journal article, entitled "Carvana Faces Government Scrutiny and Fines Following Consumer Complaints";

c. The June 24, 2022 Barron's article, entitled "Carvana Sought to Disrupt Auto Sales. It Delivered Undriveable Cars.";

d. The October 7, 2022 Michigan Department of State press release, entitled "Department of State suspends Novi dealership"; and

e. Any other new reports criticizing Carvana's compliance with state and local title and registration laws.

5. Your knowledge, monitoring, analysis, reporting, Transactions, or other actions taken as a result of or related to any gains or losses on investments in Carvana Securities made by Pelham, from and including May 6, 2020 through October 7, 2022.

6. Pelham's record-keeping, file maintenance, Document management, Document preservation or Document retention policies and practices with respect to Electronically Stored Information related to Carvana.

## SCHEDULE B: DOCUMENT REQUESTS

## I. DEFINITIONS

1. "Action" shall mean the legal action *In re Carvana Co. Securities Litigation*, No. 2:22-cv-02126-PHX-MTL, United States District Court, District of Arizona, filed on August 3, 2022.

2. "Amended Complaint" shall refer to the operative Amended Consolidated Complaint filed in this Action on March 29, 2024, Dkt. No. 71.

3. "All," "any," and "each" shall mean and each be construed as encompassing any and all.

4. "And" and "or" shall mean and be construed either disjunctively or conjunctively, as necessary by the context, to bring within the scope of the topic for examination all responses that might otherwise be construed to be outside of its scope by any other construction.

5. "Carvana" shall refer to Defendant Carvana Co.

6. "Communication(s)" shall mean and refers to all evidence of the transmission of information (in the form of facts, ideas, inquiries, or otherwise), record in Pelham's possession, custody, or control, transmitted between any Person or Persons and any other Person or Persons, by or through any mode or medium, including but not limited to the spoken word, written or electronic correspondence, electronic mail (e-mail), instant messaging, telephone, facsimile, face-to-face meetings, through third Persons, and/or via electronic recordings.

7. Concern," "concerning," "reflect," "reflecting," "related," "relating," "relate(s)," "refer," or "referring," and other variations thereof, as used herein shall be construed in their broadest possible sense, and shall mean without limitation and whether in whole or in part: referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, discussing, analyzing, studying, summarizing, dealing with, relating to, or having any logical or factual connection whatsoever with the subject addressed,

regardless of whether the factual connection is favorable to or adverse to You.

8. "Document(s)" shall have the full meaning ascribed in Federal Rule of Civil Procedure 34 and shall include every writing or record in Pelham's possession, custody, or control (including Electronically Stored Information) of every type and description such as communications, correspondence, speech, writings, memoranda, stenographic or handwritten notes, language (machine, foreign, or otherwise), studies, publications, books, pamphlets, reports, financial statements, calculations, analyses, films, video tape, photographs, graphs, symbols, signs, voice recordings, sound, radio and/or video signal, telephone, teletype, telecommunication, photographic film of any type, e-mail, computer electronics of any kind, computer files or all other data, compilations from which information can be obtained, including electromagnetically sensitive stored media such as hard discs, magnetic disks, and magnetic tapes, any preliminary versions, drafts or revisions of any of the foregoing, and all copies of every such writing or record (or a draft thereof) whenever a copy of a Document is not an identical copy of the original or where such copy contains any commentary, notes or markings whatsoever that do not appear on the original. The term Document(s) specifically includes Electronically Stored Information.

9. "DriveTime" shall mean DriveTime Automotive Group Inc. and all of its predecessors, affiliates, parents, and subsidiaries, including but not limited to DriveTime Automotive Group Inc., as well as all agents, attorneys, consultants, directors, employees, investors, members, managers, officers, principals, representatives, trustees, and all other persons acting or purporting to act on behalf or under the control of the foregoing.

10. "Electronically Stored Information" or "ESI" shall mean and refers to information that is stored electronically, regardless of the media or whether it is in the original format in which it was created, as opposed to stored in hard copy (*i.e.*, on paper). ESI carries the broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001. For the avoidance of doubt, any electronic Documents or data shall include their associated metadata.

11. "Expansions and Growth Strategies" shall refer to business strategies employed by Carvana, such as: (1) prioritization of growth over profitability; (2) expansion nationwide, including into new markets; (3) selling cars awaiting title and/or registration; (4) increases in inventory, including by purchasing or permitting trade-ins of lower quality cars; and (5) pass-through sales agreements with DriveTime.

12. "Including" shall mean "including, but not limited to" and shall not limit the scope of any topic for examination.

13. "Individual Defendants" "Individual Defendants" shall refer to the following individual defendants in the legal action *In re Carvana Co. Securities Litigation*, No. 2:22-cv-02126-PHX-MTL, United States District Court, District of Arizona, filed on August 3, 2022: Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan.

14. "Pelham" shall mean Pelham Capital Ltd. and all of its predecessors, affiliates, parents, and subsidiaries, including but not limited to well as all agents, attorneys, consultants, directors, employees, investors, members, managers, officers, principals, representatives, trustees, and all other persons acting or purporting to act on behalf or under the control of the foregoing.

15. "Offering" shall refer to Carvana's April 22, 2022 secondary offering of Class A common stock.

16. "Purchase" or "Sell" or "Sale" shall mean purchase, sell, trade, convert, otherwise acquire or otherwise dispose of, particularly with respect to Securities, whether for Your own account or benefit, or for the account or benefit of any other Person.

17. "Refer(s)" or "Relate(s)" shall mean and refers to comprise, concern, describe, evidence, constitute, reflect, record, identify, memorialize, diminish, refute, discuss, explain, specify, consider, embody, evaluate, analyze, review, respect, state, establish, bolster, show, support, contradict, note, contain, mention, study, pertain to, report on, comment on, impinge upon or impact the subject matter of the topic for examination, in whole or in part, either directly or indirectly.

18. “Relating to” shall mean and refers to relating to, pertaining to, referring to, evidencing, in connection with, reflecting, respecting, concerning, compromising, based upon, stating, showing, considering, establishing, supporting, bolstering, explaining, contradicting,refuting, diminishing, constituting, describing, recording, noting, embodying, memorializing, containing, mentioning, reviewing, studying, analyzing, evaluating, reporting, commenting, discussing, specifying, identifying, impinging upon or impacting in any other way bearing on the matter addressed in the topics for examination, in whole or in part, either directly or indirectly.

19. “Security” or “Securities” shall mean any common stock, preferred stock, debenture, option, or other debt or equity interest, and any direct or indirect, legal, or beneficial interest.

20. “Transaction(s)” shall mean any purchases, acquisitions, sales, dispositions, tenders, donations, receipt, gifts, transfers, puts, call, short sales, execution of any option contracts, or any other means by which You acquired or disposed of any interest in Securities, whether for Your own account or benefit or for the account or benefit of any other Person.

21. “You,” and “Your” shall mean and refer to Pelham, as defined herein.

22. The use of the singular form of any word shall include the plural form of the same word and vice versa.

All defined terms shall retain their meaning even if not capitalized in these topics for examination.

## II. INSTRUCTIONS

The following instructions apply to each document request set forth below.

1. All Requests shall be construed pursuant to the applicable Federal Rules of Civil Procedure, except to the extent incompatible with English law.

2. In responding to these Requests, You are required to furnish Documents that are in Your possession, custody, or control, including Documents in the possession of Your present and former attorneys, accountants, advisors, representatives, agents, or employees

(to the extent these are in Your control). All Documents that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

3 If there are no Documents or things responsive to a particular Request, You should so state in writing.

4. Each and every copy of a Document, that is different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate Document that must be produced.

5. If You produce any tape, disk, card, wire, or other electronic or mechanical recording or transcript, or any computer program in response to any Request, You shall also produce such documents, software, and instructions as are necessary for the decoding, playing back, printing, and/or interpretation thereof, and any other documents that are necessary to convert said information into a useable format.

6. If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Request which is not privileged, and for each item of information contained in a Document or Communication to which a claim of privilege is made, identify such Document or Communication with sufficient particularity for purposes of a motion to compel, such identification to include at least the basis on which the privilege is claimed.

## III. REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

All Documents and Communications in Pelham's possession, custody, or control Concerning Your knowledge and research Relating to Carvana Securities from May 6, 2020 through October 7, 2022, including analyst reports, articles, recommendations, notes, memoranda, opinions, ratings, valuations, and investor materials (such as road show decks, shareholder letters).

**REQUEST FOR PRODUCTION NO. 2**:

All Documents and Communications in Pelham's possession, custody, or control

Concerning Your knowledge, analysis, and research of Carvana's compliance with state and local title and registration laws, including any lawsuits or regulatory actions related thereto, from May 6, 2020 through October 7, 2022.

**REQUEST FOR PRODUCTION NO. 3**:

All Documents and Communications in LGIM's possession, custody, or control Concerning Your knowledge, analysis, and research of Carvana's retail unit sales, including drivers of its sales growth from May 6, 2020 through October 7, 2022.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents in Pelham's possession, custody, or control sufficient to reflect Your Transactions in Carvana Securities and any accompanying gains or losses from May 6, 2020 through October 7, 2022, such as, for example, a trading list.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents and Communications in Pelham's possession, custody, or control from May 6, 2020 through April 26, 2022, Concerning the basis for Your decision to participate in the Offering, including any Documents You relied upon, consulted, or considered.

**REQUEST FOR PRODUCTION NO. 6**:

All Documents and Communications in Pelham's possession, custody, or control Concerning any gains or losses from May 6, 2020 through October 7, 2022 on Your investments in Carvana Securities purchased in the Offering.

**REQUEST FOR PRODUCTION NO. 7**:

All Documents and Communications in Pelham's possession, custody or control Concerning public disclosures from May 6, 2020 through October 7, 2022 made by, or on behalf of Carvana, or other publicly available news articles, reports, or other information, regarding:

(i) Carvana's compliance with state and local title and registration laws, including any lawsuits or regulatory actions related thereto;

(ii) Carvana's retail unit sales, including drivers of its sales growth; and

(iii) Carvana's Expansion and Growth Strategies.