LATHAM & WATKINS LLP
Andrew B. Clubok (*Pro Hac Vice*)
J. Christian Word (*Pro Hac Vice*)
Susan E. Engel (*Pro Hac Vice*)
Matthew J. Peters (*Pro Hac Vice)*
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: aclubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*Pro Hac Vice*)
Kalana Kariyawasam (*Pro Hac Vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. Grant (*Pro Hac Vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

*Counsel for Defendants Carvana Co., Ernest Garcia, III Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To:<br><br>All Actions. | OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION |

**REDACTED**

At 7:00 p.m. the Friday night before Labor Day weekend Plaintiffs cut short the parties' ongoing meet and confer discussions and filed a 17-page motion for sanctions with an accompanying motion to expedite the briefing schedule over the holiday. This timing gamesmanship is inappropriate and unnecessary.

The motion for sanctions is really just a disguised motion to extend fact discovery again. But gaming the schedule so that Defendants have only 4 business days to respond to it, over a holiday weekend, is plainly improper. There is no urgency. Plaintiffs have known the issues they are complaining about for weeks, sat on their hands, and now pretend there is urgency to extend the fact discovery schedule. Defendants request that the Court hear this motion on the default schedule under L.R. Civ. 7.2, with Defendants' Opposition due on Friday, September 18, 2026.

## I. ARGUMENT

***Legal Standard***. By filing a motion to expedite the evening before a federal holiday, Plaintiffs' motion violates Rule 12 of the District of Arizona Standards for Professional Conduct, which provides that parties shall not "time the filing or service of motions" to limit their adversary's "opportunity to respond." Exactly this gamesmanship has also been expressly forbidden in other courts. *See* Ex. 1, Central District of California Oath of Civility, B.3 (attorneys shall not "serve papers in order to take advantage of an opponent's known absence . . . such as late on Friday afternoon or the day preceding a . . . holiday.").

Setting aside Plaintiffs' professional uncivility, Plaintiffs' motion ignores the legal standard for expedited briefing. The standard is "good cause." Order Den. Pl.'s Mot. to Expedite, *Vital Pharmaceuticals Incorporated v. PepsiCo Incorporated*, 2:22-cv-00591, Dkt. 21 (D. Ariz. April 11, 2022) (finding no good cause to deviate from the ordinary briefing schedule). Plaintiffs do not meet it for at least three reasons: (1) Plaintiffs manufactured the urgency they now claim as potential harm; (2) Plaintiffs abandoned the parties' meet and confer discussions then delayed this motion until the eve of a holiday;

and (3) Plaintiffs only recently noticed the last-minute depositions they now claim require expedited intervention.

***Plaintiffs Manufactured This Urgency***. Plaintiffs delayed their discovery demands and now seek expedited relief from a crisis of their own making. Their claimed urgency rests on two categories of recent document productions—both the result of Plaintiffs' litigation tactics, and neither warranting expedited consideration:

- [redacted] **<u>Productions</u>**: Near the end of the Relevant Period for discovery, a [redacted] *See* Sanctions Mot., Dkt. 668, at 2. Defendants had produced documents related to the [redacted] in *2025* when they hit on the Court-ordered search terms, from the Court-ordered discovery period, and were located in the custodial files of Court-ordered document custodians—before the Court-ordered substantial completion deadline in December 2025. *See* Ex. 2 at 2. Months later, in July 2026, Plaintiffs asserted that Defendants' productions were insufficient because those productions did not also contain [redacted] documents **from *outside* the Court-Ordered discovery period and *outside* the Court-ordered custodians' files.** Defendants considered Plaintiffs position and (rather than ask Magistrate Boyle to resolve the dispute) agreed to ***voluntarily*** produce additional [redacted] documents. Ex. 2 at 2. That production was in July, and Plaintiffs have not explained why they waited two months to ask the Court to extend the fact discovery period based on Defendants' productions. *See* Dkt. 670-9.[1]

- **<u>Privilege Re-Review</u>**: Carvana produced its privilege log in February 2026. Plaintiffs requested, and Magistrate Boyle appointed at Plaintiffs' sole expense, a Special Master to review Defendants' privilege claims four months later—in June 2026. *See* Dkt. 500. The Special Master noted that assessing privilege is "messy in practice," and reached different privilege conclusions a volume of Carvana's documents. Dkt. 552 at 3. On July 1, 2026, Defendants ***voluntarily***

---

[1] After Defendants produced [redacted] documents in July, Plaintiffs moved the goalposts and began demanding additio[redacted]tions and prod[redacted]e counsel's files, productions about [redacted] 3.5 years of extra discovery [redacted]. *See, e.g.*, Dkt. 639. Plaintiffs never explained why they waited until the elev[redacted] to make these demands, and they never refuted Defendants' contention that these shifting demands reflect the weaknesses in Plaintiffs' substantive allegations, not a discovery failure.

re-assessed their privilege determinations in line with the Special Master's narrower view of privilege. *See* Ex. 3. The Special Master ordered Defendants to complete their review and production of non-privileged documents by August 31, 2026, and Defendants met that deadline. *See* Exs. 4, 5.

None of these productions or their timing stemmed from Defendants' delays. Both relate to Defendants' undertaking voluntary additional discovery in good faith. Plaintiffs have known about these productions for months yet waited until now to complain about the timing of them and seek sanctions—and claim there is some urgency that should cut short Defendants' time to respond to their sanctions motion. Plaintiffs knew about the additional [redacted] documents because Defendants produced them in July. Dkt. 670-9. And Plaintiffs acknowledged *since June* that the Special Master process would result in tens of thousands of additional produced documents. *See* Dkt. 484 at 1. If Plaintiffs needed more time with any of these documents, they could have asked to extend fact discovery or take depositions after the fact discovery cutoff months ago—not over Labor Day weekend with just four weeks left in fact discovery.

***Plaintiffs Abandoned The Parties' Ongoing Meet and Confer***. Plaintiffs' Motion to expedite is even more suspect given their conduct in the parties' meet and confer. As Plaintiffs acknowledge, Defendants addressed their requested remedies on August 27, 2026—but Plaintiffs omit what that letter said: ***Defendants agreed to consider Plaintiffs' request to re-open depositions if they identified witnesses and recently produced documents, and Plaintiffs never responded***. *See* Ex. 6 at 2, Aug. 27, 2026, Ltr. from Defs. to Pls. ("Defendants intend to evaluate Plaintiffs' requests to reopen depositions on a deponent-by-deponent basis based on any documents Plaintiffs identify. We have explained this offer before, and our offer still stands."). Indeed, before Plaintiffs even threatened sanctions, Defendants had agreed to reopen the deposition of Carvana employee Jonathan Greer based on relevant documents produced after his deposition. *See id.* But unlike Mr. Greer, Plaintiffs have identified no basis to reopen *all* other depositions. *Id.*[2] If

[2] For example, Plaintiffs hand-selected eight "new" documents from Defendants recent productions and claimed that these "new" documents required re-opening depositions.

Plaintiffs intended to move for sanctions all along, they have no explanation for stringing Defendants along in sham meet-and-confer discussions or abandoning those discussions on the eve of Labor Day weekend.

***Depositions Do Not Require An Expedited Schedule***. Plaintiffs' final justification for expedited briefing—upcoming depositions—is also meritless. In their motion for sanctions, Plaintiffs seek preapproval for a blanket reopening of sixteen depositions scheduled later in September. Sanctions Mot. at 16. Yet Plaintiffs simultaneously claim that the Court will lose the "ability to grant meaningful relief" after those depositions occur. Mot. to Expedite at 1. That makes no sense: the Court can of course permit the reopening of a deposition whenever it chooses. And Plaintiffs' accompanying request to reopen *every deposition they have already taken* is proof of both the Court's authority to grant meaningful relief on the default schedule and Plaintiffs' real strategy in its sanctions motion: endless discovery. Mot. for Sanctions at 16 (requesting "reopening of completed depositions"). That Plaintiffs served deposition notices for many of these September depositions *after* they received documents they now complain of underscores their game-playing: they knew all along about the documents that were voluntarily being produced, noticed the depositions anyway, and then changed their mind and assert that somehow this situation warrants expedited sanctions. *See, e.g.*, Dkt. 648, 659; *see also* Ex. 7. This is complete nonsense.

***The Default Schedule Is Reasonable***. Hearing Plaintiffs' motion on the usual schedule, with Defendants having 14 days to respond, is reasonable. Having sat on their hands, Plaintiffs filed sprawling accusations about a contentious, multi-year discovery record. And the severity of the requested remedies—including monetary sanctions and "log-wide waiver"—demand that Defendants receive a full and fair opportunity to be heard on these issues. *See* Sanctions Mot. at 16. Plaintiffs have made no showing warranting a

---

Defendants analyzed these documents and informed Plaintiffs that they had: (i) produced thousands of documents covering the same topics; and (ii) for many "new" emails, had produced near-identical versions of those emails months ago. Plaintiffs have yet to respond to this letter, other than to move for sanctions.

departure from the usual briefing schedule or any prejudice that the usual schedule would cause them.

## II. CONCLUSION

Defendants respectfully request their opposition brief to Plaintiffs' motion for sanctions be due on September 18, 2026, pursuant to L.R. 7.2(c).

Dated: September 8, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

*/s/ Matthew J. Peters*

Matthew J. Peters (*pro hac vice*)
Andrew B. Clubok (*pro hac vice*)
J. Christian Word (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
Email: christian.word@lw.com
Email: susan.engel@lw.com
Email: matthew.peters@lw.com

Jeff G. Hammel (*pro hac vice*)
Kalana Kariyawasam (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jeff.hammel@lw.com
Email: kalana.kariyawasam@lw.com

Meryn C. N. Grant (*pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Email: meryn.grant@lw.com

FENNEMORE CRAIG, P.C.
Douglas C. Northup (No. 013987)
Andrea L. Marconi (No. 022577)

2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000
Email: dnorthup@fennemorelaw.com
Email: amarconi@fennemorelaw.com

*Counsel for Defendants Carvana Co., Ernest Garcia III, Mark Jenkins, Stephen Palmer, Michael Maroone, Neha Parikh, Ira Platt, and Greg Sullivan*