**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United Association National Pension Fund, et al.,<br>Plaintiffs,<br>v.<br>Carvana Company, et al.,<br>Respondents. | No. CV-22-02126-PHX-MTL<br>**ORDER** |

Pending before the Court is Lead Plaintiffs' Motion for Sanctions, in which Plaintiff accuses counsel for the Carvana Defendants, Latham & Watkins LLP, of obstructing discovery. (Doc. 661.) The Motion is fully briefed, and the Court heard oral argument.

Plaintiffs move for sanctions based on Defendants' conduct in discovery over the past year. They argue that Defendants' rolling productions of documents pertaining to an investigation and successive revisions to their privilege log reflect bad faith and lack substantial justification. Plaintiffs contend that sanctions are therefore warranted under Rules 26(g)(3) and 37(c)(1), Fed. R. Civ. P., and the Court's inherent authority.

The Court finds that Plaintiffs have not established that Defendants have acted in bad faith or that Defendants' conduct lacked substantial justification or was interposed for an improper purpose. The record does not support Plaintiffs' contention that Defendants actively concealed documents. The timing of each of Defendants' productions of documents reflected Defendants' reasonable and voluntary reassessment of the scope of discovery, particularly in light of Judge Boyle's January 14, 2026, Order (Doc. 264) and

the Special Master's assessments of privilege designations. Defendants' delay in producing certain documents and voluntary revisions to its privilege designations do not demonstrate bad faith or a lack of substantial justification; they reflect the ordinary difficulty of responding to numerous discovery requests and applying privilege in a complex case of this magnitude. *See S.G.D. Eng'g Ltd. v. Lockheed Martin Corp., Inc.*, No. CV-11-02493-PHX-DGC, 2013 WL 2297175, at *8-9 (D. Ariz. May 24, 2013). The Court therefore finds that sanctions are unwarranted under the Federal Rules or pursuant to the Court's inherent authority.

The Court, however, finds that relief is nonetheless appropriate to address the consequences of late-produced discovery on the eve of the fact discovery cutoff. The Court will allow Plaintiffs to reopen the deposition of certain individuals who have already been deposed.

**IT IS THEREFORE ORDERED** that Lead Plaintiffs' Motion for Sanctions (Doc. 661) is **DENIED** insofar as it seeks the imposition of sanctions. The Motion (Doc. 661) is **GRANTED** insofar as it seeks the reopening of certain depositions.

**IT IS FURTHER ORDERED** that Plaintiffs are permitted to re-depose six of the following individuals that have already been deposed: Teresa Aragon, Wilson Munsil, Jonathan Greer, Mark Murphy, Josh Johnson, Stephen Keim, Brian Boyd, and Paul Breaux. Depositions are limited to two hours on the record and must be conducted no later than **October 23, 2026**. Questioning must be limited to information produced to Plaintiffs after the deponent was originally deposed.

**IT IS FURTHER ORDERED** that Plaintiffs and the Carvana Defendants must file a joint notice, no later than **September 24, 2026**, indicating which six individuals will have their depositions reopened.

**IT IS FURTHER ORDERED** that the Motions to Seal (Docs. 679, 711, 733) are **GRANTED**. The Clerk of Court must file Docs. 668, 669, 670, 671, 672, 673, 675, 680, 712, and any enclosed exhibits **UNDER SEAL**.

. . . .

**IT IS FURTHER ORDERED** that, no later than **October 9, 2026**, the parties must file a joint motion to seal or unseal the lodged documents identified by the Court during oral argument (Docs. 378, 408, 462, 491, 492, 520, 539, 540).

**IT IS FURTHER ORDERED** that Defendant Citigroup's Unopposed Motion to Modify the Scheduling Order (Doc. 683) is **GRANTED**. Defendant Citigroup's Rule 30(b)(6) representative may be deposed after the October 2, 2026, fact discovery cutoff, but no later than **October 21, 2026**.

**IT IS FURTHER ORDERED** setting oral argument on Plaintiffs' Motion for Class Certification (Doc. 356) for **November 5, 2026, at 9:00 a.m.**, before United States District Judge Michael T. Liburdi, in Courtroom 504, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Counsel presenting argument must appear in person.

**IT IS FINALLY ORDERED** that the parties must file a joint notice, no later than **October 9, 2026**, indicating whether the parties request that the Court hold an evidentiary hearing on Plaintiffs' Motion for Class Certification (Doc. 356).

Dated this 22nd day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge