ROBBINS GELLER RUDMAN
& DOWD LLP
DANIEL S. DROSMAN (CA 200643)
TOR GRONBORG (CA 179109)
SARA B. POLYCHRON (CA 244685)
ERIKA L. OLIVER (CA 306614)
MATTHEW J. BALOTTA (CA 310303)
RACHEL A. COCALIS (CA 312376)
CHRISTOPHER R. KINNON (CA 316850)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
spolychron@rgrdlaw.com
eoliver@rgrdlaw.com
mbalotta@rgrdlaw.com
rcocalis@rgrdlaw.com
ckinnon@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re Carvana Co. Securities Litigation | No. CV-22-2126-PHX-MTL |
| This Document Relates To: All Actions. | LEAD PLAINTIFFS' MOTION TO COMPEL INTERROGATORY RESPONSES FROM CARVANA CO. (SUBPARTS OBJECTIONS) |

Pursuant to ¶6 of the Court's February 26, 2025 Scheduling Order (ECF 128), Lead Plaintiffs United Association National Pension Fund ("UANPF") and Saskatchewan Healthcare Employees' Pension Plan ("SHEPP," and together with UANPF, "Plaintiffs") submit this motion concerning a discovery dispute regarding defendant Carvana Co.'s ("Carvana") Responses and Objections to Plaintiffs' Interrogatories ("ROGs") 4 and 6-25, in particular, that these ROGs contain subparts and render ROGs 9-25 over the 25-interrogatory limit under Federal Rule of Civil Procedure ("Rule") 33. Ex. 1 at 4-7; Ex. 2 at 4-9; Ex. 3 at 7-13; Ex. 4 at 6-52.[1]

## I. PLAINTIFFS' ARGUMENT

Plaintiffs served a total of 25 numbered interrogatories. Carvana nevertheless declares the limit exhausted before ROG 9 by atomizing ordinary identifying details into scores of imagined interrogatories. The objection fails at the threshold. Rule 33(a)(1) gives each "party" 25 interrogatories. *See* Ex. 5 at 1-2 & n.2. UANPF and SHEPP were therefore each permitted to serve Carvana with 25, for 50 total. *NAACP of San Jose/Silicon Valley v. City of San Jose*, 2022 WL 17436497, at *7 (N.D. Cal. 2022); *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614-15 (N.D. Cal. 2006). They never approach that limit under any supported count.

Carvana's counting is indefensible. Subparts logically or factually subsumed within the primary inquiry count as one. *Estados Unidos Mexicanos v. Diamondback Shooting Sports Inc.*, 2025 WL 2977928, at *8-*10 (D. Ariz. 2025). Courts reject "the formalism of labeling" because "added specificity in interrogatories is ***desirable***." *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195, 198 (E.D. Tex. 2016) (citing *Ginn v. Gemini, Inc.*, 137 F.R.D. 320, 321-22 (D. Nev. 1991)). Thus, facts, documents, and knowledgeable persons supporting one contention remain one interrogatory. *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 298-99 (N.D. Cal. 2016). Carvana's overly restrictive approach would prematurely exhaust Plaintiffs' allotment, impede fact-finding, and

[1] Unless otherwise noted, all emphasis is added and internal citations are omitted.

contradict this Court's "broad" and "liberal" treatment of discovery. ECF 173 at 4; ECF 734 at 9 n.6; *In re NetBank, Inc. Sec. Litig.*, 259 F.R.D. 656, 678-79 (N.D. Ga. 2009).

ROGs 4 and 9 expose Carvana's error. ROG 4 asks Carvana to identify one set of CFO monthly financial results meetings; dates, attendees, and documents merely identify details. Nevertheless, Carvana counts that single request as three interrogatories – one each for the dates, attendees, and documents. But Rule 33's Advisory Committee Note makes plain that time, place, participants, and contents of communications should be treated as one interrogatory. ROG 9 likewise identifies one universe of governmental title-and-registration matters; its eleven fields simply describe each matter. *Trevino*, 232 F.R.D. at 614 (counting a request for caption, court, action number, and result as one inquiry); *see also* Ex. 5 at 3, 5. Carvana counts details, not discrete inquiries.

Carvana's most obscene counting exposes its game. It would multiply communication and Board-material categories by every Garcia Entity; at least seven plan fields by every employee and plan; and every transaction field by every qualifying sale. Under that theory, one interrogatory's count expands with the number of responsive records. That is the "absurd[]" counting that *Ginn* expressly disapproved of – treating a subpart as containing still more separately counted subparts. 137 F.R.D. at 322 & n.5. Rule 33 limits questions, not responsive facts. The Court should overrule Carvana's numerical-limit objections and compel complete responses to ROGs 9-25. In the event the Court agrees with Carvana, Plaintiffs respectfully "seek[] leave of Court to extend the number of interrogatories" and an order requiring Carvana to answer all interrogatories that Plaintiffs propounded. ECF 128 at 2 n.2; *SEC v. Zufelt*, 2015 WL 4424811, at *2 (D. Utah 2015) ("grant[ing] leave to serve the additional interrogatories," as "[t]he Court will not engage in a prolonged analysis to calculate the precise number of interrogatories because the Court's true interest is to move this case along").

## CERTIFICATION

Plaintiffs, by and through their undersigned counsel, hereby confirm that they have attempted to resolve the foregoing matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j).).

DATED: October 1, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
DANIEL S. DROSMAN
(Admitted *pro hac vice*)
TOR GRONBORG
(Admitted *pro hac vice*)
SARA B. POLYCHRON
(Admitted *pro hac vice*)
ERIKA L. OLIVER
(Admitted *pro hac vice*)
MATTHEW J. BALOTTA
(Admitted *pro hac vice*)
RACHEL A. COCALIS
(Admitted *pro hac vice*)
CHRISTOPHER R. KINNON
(Admitted *pro hac vice*)



ERIKA L. OLIVER

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ddrosman@rgrdlaw.com
torg@rgrdlaw.com
spolychron@rgrdlaw.com
eoliver@rgrdlaw.com
mbalotta@rgrdlaw.com
rcocalis@rgrdlaw.com
ckinnon@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ROBERT M. ROTHMAN
(Admitted *pro hac vice*)
DAVID A. ROSENFELD
(Admitted *pro hac vice*)
JONATHAN A. OHLMANN
(Admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
johlmann@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
MATHEW ANDREWS
(Admitted *pro hac vice*)
CRISTELLE R. RABBAN
(Admitted *pro hac vice*)
420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone: 212/432-5100
mandrews@rgrdlaw.com
crabban@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ELIZABETH A. SHONSON
(Admitted *pro hac vice*)
SCOTT I. DION
(Admitted *pro hac vice*)
LUKE GOVEAS
(Admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
eshonson@rgrdlaw.com
sdion@rgrdlaw.com
lgoveas@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
DINAH S. LEVENTHAL
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: 202/362-0041
202/362-2640 (fax)
dleventhal@odonoghuelaw.com

Additional Counsel for Lead Plaintiffs

BONNETT FAIRBOURN FRIEDMAN
& BALINT PC
ANDREW FRIEDMAN
7301 N. 16th Street, Suite 102
Phoenix, AZ 85020
Telephone: 602/274-1100
602/274-1199 (fax)
afriedman@bffb.com

Local Counsel