**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United Association National Pension Fund, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Carvana Company, et al.,<br><br>Respondents. | No. CV-22-02126-PHX-MTL<br><br>**ORDER** |

Pending before the Court is the parties' "Joint Motion for Discovery" (doc. 765) and Plaintiffs' "Motion Regarding the Scope of the Special Master's Authority Under the Appointment Order (ECF 500)" ("Motion to Clarify Special Master's Authority") (doc. 767).[1] In the Joint Motion for Discovery, Defendants' request the Court compel Plaintiffs to respond to their contention interrogatories by or shortly after the October 2, 2026, close of fact discovery. *See* (doc. 765 at 2–3); *see also* (doc. 505 at 2.) In the Motion to Clarify Special Master's Authority, Plaintiffs request the Court clarify whether Special Master David Cohen (the "Special Master") has the authority to: (1) determine whether deposition conduct waived privilege over documents logged on Defendants' 48,666-entry privilege log; and (2) review 28 documents related to a Security and Exchange Commission ("SEC") investigation that Defendants have claimed privilege over but had failed to list on their 48,666-entry privilege log. *See* (Doc. 768 at 3.)

Given the imminent fact discovery cut-off in this action, Plaintiffs are in a position

[1] Discovery matters in this action have been referred to this Court by the Presiding United States District Judge. (Doc. 125.)

to meaningfully respond to Defendants' contention interrogatories. Thus, the parties' Joint Discovery Motion is granted as to Defendants. Plaintiffs shall respond to Defendants contention interrogatories 9 through 13 within 10 days of this Order. Plaintiffs shall respond to contention interrogatories 14 through 25 within 21 days of this order. Furthermore, because the Court finds that the requests for in camera review for privilege by the Special Master rationally falls within this Court's appointment Order, the Court shall grant Plaintiff's Motion to Clarify Special Master's Authority and order the Special Master to address the Jenkins deposition waiver and SEC document matters.

## I. LEGAL STANDARDS.

"The purpose of discovery is to make trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible,' . . . and to narrow and clarify the issues in dispute." *U.S. Equal Emp. Opportunity Comm'n v. ABM Indus.*, 261 F.R.D. 503, 506 (E.D. Cal. 2009) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). In theory, the discovery process "should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). However, where theory does not reflect realty—such as when "disclosures aren't made or cooperation breaks down"—Rule 37 provides the proper mechanism to compel the disclosure of materials from a party involved in the litigation. *See id.*

The court has broad discretion regarding whether to permit or deny discovery via a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally, discoverable evidence is "any nonprivileged matter that is relevant[2] to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

While a party's right to discovery is broad, that does not mean that it is limitless. *See* Fed. R. Civ. P. 26(b)(2). Courts will limit discovery where:

[2] Evidence is considered relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, a court may exclude relevant evidence where its probative value is substantially outweighed by the danger of confusing the issue in the present case. Fed. R. Evid. 403.

> (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

## II. DISCUSSION.

### A. Defendants' Contention Interrogatories.

In the instant discovery dispute, Defendants' request the Court compel Plaintiffs to respond to several contention interrogatories in the immediate future, not 28 days after the close of fact discovery. (Doc. 765 at 2–3.) Plaintiffs assert that they will respond to Defendants' contention interrogatories, but only "at the appropriate time." (*Id.* at 3.) Specifically, Plaintiffs assert that the appropriate time to respond is "one week after the October 23, 2026 deposition deadline." (*Id.* at 5.) The Court agrees with Defendants here.

The use of interrogatories in federal litigation is governed by Rule 33. *See* Fed. R. Civ. P. 33. "The purpose of interrogatories is to facilitate trial preparation, to provide facts, to narrow the issues, and to reduce the chance of surprise." *Boston v. Clubcorp USA, Inc.*, No. CV 18-3746 PSG (SS), 2019 U.S. Dist. LEXIS 72975, at *18 (C.D. Cal. Mar. 11, 2019) (citations omitted).

"Contention interrogatories are governed primarily by Rule 33(a)(2), which provides that the court 'may order that a contention interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.'" *Doe v. Univ. of S.F.*, No. 22-cv-01559-LB, 2026 U.S. Dist. LEXIS 174910, at *6 (N.D. Cal. Aug. 5, 2026) (cleaned up) (quoting Fed. R. Civ. P. 33(a)(2)). "The purpose of contention interrogatories is to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Retiree Support Grp. v. Contra Costa Cnty.*, No. 12-cv-00944-JST (MEJ), 2014 U.S. Dist. LEXIS 175095, at *8–9 (N.D. Cal. Dec. 18, 2014) (citation omitted); *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989) ("The Courts generally approve of appropriately timed

contention interrogatories as they tend to narrow issues, avoid wasteful preparation, and, it is hoped, expedite a resolution of the litigation.").

"While courts are reluctant to allow contention interrogatories when the responding party has not yet obtained enough information through discovery to respond, courts recognize that contention interrogatories served after substantial discovery is complete may be appropriate." *Id.* at *9. This is because the responding party "is in a position to provide meaningful answers," their responses would "advance the litigation" by pinning down issues, and would mean that the party requesting responses would not be left in the dark regarding the responding party's positions. *See Tennison v. City & Cnty. of S.F.*, 226 F.R.D. 615, 618 (N.D. Cal. 2005). Of course, prematurely issued contention interrogatories need not be answered then and there, *see, e.g.*, *City & Cnty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003), but, after discovery has become substantially complete, contention interrogatories become ripe for response. *See In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *7 (N.D. Cal. Dec. 11, 2008); *see also Clubcorp USA, Inc.*, 2019 U.S. Dist. LEXIS 72975, at *20 ("Plaintiff's contention interrogatory is not premature in light of the imminent discovery cut-off."); *Tennison*, 226 F.R.D. at 618 (compelling answer to contention interrogatories because "[a]t th[e] juncture" of the motion, "discovery [was] nearly complete, and hence Plaintiff [was] in a position to provide meaningful answers"); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("Thus there is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period.").

The Court finds that requiring responses to Defendants' contention interrogatories now as opposed to later is warranted based upon the facts of this case and the aforementioned case law. The instant action is not new. This is not a situation where the parties are still attempting to ascertain the 'lay of the land' for discovery. No, this case is nearly four years old, with all parties engaging in an aggressive discovery campaign to support their claims or defenses. Based upon the fact that fact discovery closes today, it is

not an impermissible assumption to conclude that Plaintiffs are in a position to meaningfully answer Defendants' contention interrogatories. Moreover, requiring responses to contention interrogatories on or near the deadline for fact discovery is eminently proper considering the aforementioned case law. Finally, the Court finds that compelling Plaintiffs to respond now as opposed to nearly a month later would not inflict the substantial prejudice which Plaintiffs have opined of.

Therefore, the Joint Motion for Discovery is granted as to Defendants. The Court shall bifurcate Plaintiffs' response deadlines as follows: (1) Plaintiffs shall respond to Defendants' contention interrogatories 9 through 13 within 10 days of this order; and (2) Plaintiffs shall respond to Defendants' contention interrogatories 14 through 25 within 21 days of this Order.

**B. Special Master Review**.

The next issue is the Special Master's scope in this action. "The appointment of a Special Master, with appropriately defined powers, is within both the inherent equitable powers of the court and the provisions of Rule 53 of the Federal Rules of Civil Procedure." *Madrid v. Gomez*, 889 F. Supp. 1146, 1282 (N.D. Cal. 1995) (citation omitted). While Special Masters are to be "used sparingly," *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 560 (N.D. Cal. 1987), the Court has "inherent power to provide [itself] with appropriate instruments required for the performance of [its] duties," *Ex Parte Peterson*, 253 U.S. 300, 312 (1920), including the aid of a special master to aid its performance of duties in addressing discovery here.

Regarding Plaintiffs' Motion to Clarify Special Master's Authority, given that the Special Master was directed "to review, *in camera*, Defendants' privilege log and ***resolve any discovery disputes*** regarding the 48,666 documents withheld as privileged by Defendants," (doc. 500 at 2) (emphasis added), the Special Master's jurisdiction rationally includes the review of whether deposition responses by Defendant Mark Jenkins waived privilege assertions as to any document within Defendants' privilege log. Additionally, because the SEC documents relate to matters that should have been provided on Defendants

privilege log pursuant to Rule 26(b)(5), this likewise falls within the Special Master's jurisdiction. Finally, and in any event, given that the purpose of appointing the Special Master in this action was to assist the Court in the efficient and expeditious resolution of discovery matters in this action, ordering Special Master review of the aforementioned materials falls squarely within the spirt of the Court's appointment order. Thus, Plaintiffs' Motion to Clarify Special Master's Authority is granted.

Accordingly,

**IT IS ORDERED** that the parties' Joint Discovery Motion (doc. 765) is **GRANTED AS TO DEFENDANTS**. Plaintiffs are directed to provide responses to contention interrogatories 9 through 13 within **TEN (10) DAYS OF THIS ORDER**. Further, Plaintiffs shall provide responses to contention interrogatories 14 through 25 within **TWENTY-ONE (21) DAYS OF THIS ORDER**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Clarify Special Master's Authority (doc. 767) is **GRANTED** for the reasons stated herein.

Dated this 2nd day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge