**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **United Association National Pension Fund, *et al.*,** | ) | |
| | ) | **CASE NO. CV-22-02126-PHX-MTL** |
| **Plaintiffs,** | ) | |
| | ) | **SPECIAL MASTER COHEN** |
| **v.** | ) | |
| | ) | **RULING REGARDING TRANCHE FOUR OF CARVANA DOCUMENTS** |
| **Carvana Company, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This Honorable Court appointed the undersigned as Special Master to review *in camera* documents withheld as privileged by Defendants. *See* docket no. 500 ("Appointment Order"). The Special Master earlier issued rulings on three prior Tranches of documents. *See* docket nos. 552, 587, 650.

Plaintiffs identified a Fourth Tranche of bellwether documents for *in camera* review, consisting of 809 documents. Carvana responded by re-reviewing these documents, withdrawing entirely its privilege claims for 569 of them, and producing the remaining documents *in camera* to the Special Master.[1] (During its re-review, Carvana also apparently reduced the *extent* of its privilege claims for some of the remaining 185 documents before submitting them—for example, by reducing the number of redactions—but the Special Master does not have data on this detail.)

---

[1] Tranche 4 contained 55 documents that were part of a prior SEC production, which became the subject of a dispute regarding the Special Master's review authority. *See* docket no. 807 (Order confirming Special Master's authority to review the prior SEC production). Because of this dispute, these 55 SEC documents are not yet ripe for the Special Master's review and are not included in the attached chart. The Special Master understands that Carvana is in the process of re-reviewing the SEC production and will log those documents with updated privilege claims; plaintiffs may or may not thereafter submit those documents for review.

In the attached chart, the Special Master now provides rulings on Carvana's privilege claims for the remaining 185 documents.[2] The Special Master applied the legal standards earlier set forth in the Tranche One and Tranche Two Rulings. *See* docket no. 552 at 2–9; docket no. 587 at 2-3.

**RESPECTFULLY SUBMITTED,**

**/s/ David R. Cohen_**
**David R. Cohen**
**Special Master**

**Dated: October 9, 2026**

---

[2] In the attached chart, the Special Master repeatedly used the following language in the "Special Master Reasoning" column:

> Carvana has produced many iterations of this email thread (e.g., multiple replies and forwards). Even though these iterations contain identical language, certain text is redacted in some of those documents and not others. Any redacted text in a document that was not redacted in another iteration of the document is overruled. Each of these documents must be redacted only and always to the same extent as the least redacted document.

Read strictly, this language requires Carvana to re-review each of the documents to which this ruling applies, amend and align the redactions to match a "least redacted document," and reproduce the document. The Special Master is not convinced, however, that this exercise is fully necessary. Plaintiffs already have access to all the unredacted langauge, just not always in each and every similar document. The Special Master directs the parties to examine each similar document to which this ruling applies and then meet and confer and come to agreement on which, if any, specific document or documents plaintiffs believe they ***need*** to have appropriately unredacted to pursue their case on the merits. The Special Master suspects plaintiffs need only a small handful of "least redacted documents," and it is possible Carvana has already produced single documents that are sufficiently unredacted. The parties should contact the undersigned if this needs further explanation.