**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United Association National Pension Fund, et al.,

Plaintiffs,

v.

Carvana Company, et al.,

Respondents.

No. CV-22-02126-PHX-MTL

**ORDER**

Pending before the Court are Plaintiffs' motions to compel interrogatory responses (docs. 775, 777, 780, 782, 784, 786) and motions to compel request for admission responses (docs. 788, 790), and a Joint Discovery Motion (doc. 794).[1] "This case has produced an unprecedented number of discovery disputes,[2] which has expended a considerable amount of the Court's limited judicial resources." *Gjovik v. Apple Inc.*, No. 3:23-cv-04597-EMC (KAW), 2026 U.S. Dist. LEXIS 68340, at *1 (N.D. Cal. Mar. 30, 2026). Based upon the briefings, the Court finds oral arguments unnecessary and unhelpful in resolving the instant discovery disputes.

As a preliminary matter, several of Plaintiffs' claims throughout these motions are legally and factually meritless—such as their arguments asserting that they are entitled to

---

[1] Discovery matters in this action have been referred to this Court by the Presiding United States District Judge. (Doc. 125.)

[2] To date, this Court has issued ***twenty-two substantive discovery orders***—not including the instant order—alone in this action, not to mention numerous orders on procedural matters and minor discovery disputes this Court has issued. *See* (docs. 173, 192, 196, 212, 255, 264, 298, 313, 326, 394–95, 432, 467, 471, 513, 532, 568, 600, 633, 656, 734, 807.)

50 interrogatories and that Defendants, because of a singular Request for Production ("RFA"), are obligated to authenticate 8,536 documents. Suffice to say, these arguments have wasted limited judicial resources to address. Nevertheless, the Court has addressed all issues contained within the motions.

First, the Court finds that Plaintiffs' Interrogatory Nos. 4 and 9 are impermissibly compound, resulting in Plaintiffs' exceeding their interrogatory limit by 12 interrogatories. The Court will not excuse this failure to comply with Fed. R. Civ. P. 33's dictates. given that Plaintiffs have exceeded their interrogatory limit by 12 interrogatories, the Court shall deny (docs. 777, 780, 782, 784, 786) without prejudice and require Plaintiffs to select 25 of their 37 interrogatories to be addressed by Defendants. Thereafter, the parties shall ***meet and confer in good faith*** on the selection to attempt to resolve this matter without judicial intervention as is required by the Local Rules of Civil Procedure.

Second, the Court finds that RFA No. 3 is unduly burdensome given that requests Defendants authenticate 8,536 documents. Consequently, Plaintiffs may select up to 250 documents that they would like to have authenticated. Then, the parties shall ***meet and confer in good faith*** to determine whether authentication may be done via stipulation or via a singular RFA.

Third, Plaintiffs' request to compel responses related to RFA Nos. 50, 54, 85, 89, 93, 99, 118, 150–51 is granted in part because several of Defendants' responses are noncompliant with Fed. R. Civ. P. 36(a)(4).

Finally, the Court shall deny Plaintiffs' request for confidential and private settlement materials and communications between Defendants and an individual state attorney general related to the non-public State Investigative Matter (the "Investigation"). Specifically, the Court does not find that Plaintiffs' proffered reasons for seeking private settlement negotiations meets their heightened burden here.

The parties may, ***AS A LAST RESORT***, seek future judicial guidance on the interrogatory and authentication matters. However, the parties are put on notice that (a) bringing meritless discovery requests and (b) failing to meet and confer in good faith are

***sanctionable conduct that may result in cost shifting of attorneys' fees***. *See* LRCiv 7.2(j); *see also* Fed. R. Civ. P. 37(a)(5)(A), (B).

## I. Background.

As the Court previously noted:

> This action, in which Plaintiffs aver that Defendants violated the Securities Exchange Act of 1934, is based on an alleged "pumping" and "dumping" of stock. (Doc. 105 at 2–3.) Part of Defendants' alleged misdeeds was the sale of vehicles before Defendants possessed the titles to such vehicles. (*Id.* at 2–3, 45.) Such acts, Plaintiffs have alleged, relates to Defendants' scienter—an element of a security fraud claim. (*Id.* at 41–42, 45–48.)
>
> * * *
>
> While the Presiding Judge dismissed portions of Plaintiffs' Amended Complaint [("AC")], the T&R allegations that Defendants sold cars before they possessed those cars' titles remained. (*Id.* at 69–73.) This decision was based, at least in part, upon a finding that the CWs' accounts were "probative of Defendants' scienter by suggesting precisely what Plaintiffs allege—that Carvana's noncompliance with title and registration requirements was widespread and persistent, and Defendants were well aware of the issue." (*Id.* at 48.)

(Doc. 394 at 2.)

Since the Presiding Judge's order on the motions to dismiss Plaintiffs' AC, the parties have engaged in a scorched earth campaign to obtain discovery in this action. The nine currently pending discovery motions are a representation of the parties' aggressive discovery campaign—these motions in question were all filed on the same day, October 1, 2026, one day before the written discovery deadline. *See* (doc. 505 at 2.)

## II. Legal Standards.

### A. Interrogatories.

Rule 33 governs the use of interrogatories. "The purpose of interrogatories is to limit and clarify the issues for the parties as they prepare for further trial proceedings." *Bragel Int'l, Inc. v. Kohl's Dep't Stores*, No. CV 17-7414 RGK (SSx), 2018 U.S. Dist. LEXIS 224955, at *17-18 (C.D. Cal. Nov. 14, 2018) (citing *Soria v. Oxnard Sch. Dist. Bd. of Trs.*, 488 F.2d 579, 587 (9th Cir. 1973)). "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all

discrete subparts." Fed. R. Civ. P. 33(a)(1).

"A responding party must respond to interrogatories under oath to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity." *Bragel Int'l, Inc.*, 2018 U.S. Dist. LEXIS 224955, at *18. "Answers to interrogatories must be responsive, full, complete and un[-]evasive." *Moore v. Garnand*, No. CV-19-00290-TUC-RM (LAB), 2021 U.S. Dist. LEXIS 51457, at *7 (D. Ariz. Mar. 17, 2021). Courts generally reject interrogatory answers that are non-specific. *See id.* "An interrogatory response is improper if it merely references information contained in declarations, pleadings, or other discovery responses." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 305 (D. Nev. 2019) (citations omitted). "Similarly, an interrogatory response may not simply refer to the litigation record in an underlying action." *Id.* "The sufficiency of an interrogatory response must be analyzed on a case-by-case basis in light of the particular question being asked." *Id.*

**B. Requests for Admissions**.

Under Rule 36, "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either[,] and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

In answering an RFA, a party must be mindful of the following:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry[3] and that the information it knows or can readily obtain is insufficient

---

[3] "'Reasonable inquiry' is limited to persons and documents within the responding party's control[.] It does not require the responding party to interview or subpoena records

to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"Generally, qualification is permitted if the statement, although containing some truth, standing alone out of context of the whole truth conveys unwarranted and unfair inferences." *Creative Photographers, Inc. v. Line Fin. Health Network*, No. CV 23-5419 JFW (RAOx), 2024 U.S. Dist. LEXIS 75987, at *6 (C.D. Cal. Apr. 24, 2024) (citations omitted). However, parties should be on notice that "Rule 36(a) provides that a matter may be deemed admitted if the answer does not comply with the requirements of this rule." *Asea, Inc.*, 669 F.2d at 1245.

"A party may not avoid responding based on technicalities." *United States ex rel. Englund v. Los Angeles*, 235 F.R.D. 675, 684 (E.D. Cal. 2006). "[A] party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation." *Id.* "When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request."

**C. Motion to Compel**.

"The purpose of discovery is to make trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible,' . . . and to narrow and clarify the issues in dispute." *U.S. Equal Emp. Opportunity Comm'n v. ABM Indus.*, 261 F.R.D. 503, 506 (E.D. Cal. 2009) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). In theory, the discovery process "should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). However, where theory does not reflect realty—such as when "disclosures aren't made or cooperation breaks down"—Rule 37 provides the proper mechanism to compel the disclosure of materials from a party involved in the litigation. *See id.*

The court has broad discretion regarding whether to permit or deny discovery via a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally,

---

from independent third parties in order to admit or deny a Request for admission." *United States ex rel. Englund v. Los Angeles*, 235 F.R.D. 675, 685 (E.D. Cal. 2006).

discoverable evidence is "any nonprivileged matter that is relevant[4] to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

While a party's right to discovery is broad, that does not mean that it is limitless. *See* Fed. R. Civ. P. 26(b)(2). Courts will limit discovery where:

> (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

Generally, the party seeking to compel additional discovery bears the burden of showing that the additional discovery is relevant under Rule 26(b)(1). *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the opposing party carries "a heavy burden" in showing why such discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## III. DISCUSSION.

At the current juncture, the parties dispute ***every*** one of Defendants' responses to Plaintiffs' twenty-five propounded interrogatories. (Docs. 775, 777, 780, 782, 784, 786.) Additionally, the parties dispute ten responses Plaintiffs received in response to their RFAs propounded upon Carvana Defendants. (Docs. 788, 790.) Furthermore, the parties have filed a Joint Discovery Motion wherein Plaintiffs request the Court compel Defendants to produce all communications related to settlement negotiations between Defendants and an individual state attorney general untethered from the Investigation (Doc. 794.)

These motions boil down to seven arguments, namely: (1) whether Plaintiffs violated Rule 7.2(j) of the Local Rules of Civil Procedure by failing to sincerely confer with Defendants regarding (docs. 775, 777, 780, 782, 784, 786, 788, 790); (2) whether

---

[4] Evidence is considered relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, a court may exclude relevant evidence where its probative value is substantially outweighed by the danger of confusing the issue in the present case. Fed. R. Evid. 403.

Plaintiffs are entitled to fifty interrogatories; (3) whether Plaintiffs' interrogatories are impermissible compound interrogatories; (4) the merits of Defendants' objections—beyond compound objections—to each interrogatory; (5) whether Plaintiffs' RFA No. 3 impermissibly seeks authentication of 8,563 documents; (6) whether Defendants' responses to RFA Nos. 50, 54, 85, 89, 93, 99, 118, 150, and 161 satisfy the dictates of Rule 36; and (7) whether Defendants are entitled to a protective order regarding settlement negotiations between Defendants and individual state attorneys general involved in the Investigation, and, if not, whether Defendants must produce documents related to these negotiations to Plaintiffs. The Court shall address each argument in turn.

**A. Meet and Conferral Requirement**.

Whether Plaintiffs exhausted their requisite LRCiv 7.2(j) meet-and-confer process is a close question.

Rule 7.2(j) of the Local Rules of Civil Procedure states that:

> [n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions.

LRCiv 7.2(j).

"The requirement to confer contained in LRCiv 7.2(j) is designed to avoid unnecessary litigation of discovery issues that the parties should be able to resolve themselves." *Lapin v. Nortonlifelock Inc.*, No. CV-22-00759-PHX-MTL, 2022 U.S. Dist. LEXIS 188238, at *3 (D. Ariz. Oct. 14, 2022) (citation omitted). "When the court must resolve a dispute that the parties themselves could have resolved, ***it must needlessly expend resources that it could better utilize elsewhere***." *Id.* at *3 (emphasis added) (*Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 302 (D. Kan. 1996)).

The Local Rules of Civil Procedure are not permissive guidelines nor are they idle threats. No, the Local Rules of Civil Procedure "have the force of law and are binding upon

the parties and the court." *Rehfeldt v. United States Dep't of Homeland Sec.*, No. 23-15240, 2024 U.S. App. LEXIS 7119, at *2 (9th Cir. Mar. 26, 2024) (citation omitted); *Weil v. Neary*, 278 U.S. 160, 169 (1929) ("It is clear that a rule of court thus authorized and made has the force of law.").

Here, the conferral process between the parties regarding Plaintiffs' eight discovery motions, (docs. 775, 777, 780, 782, 784, 786, 788, 790), appears to be as follows. First, the parties conducted a singular phone call on September 25, 2026, during which it is disputed whether the parties addressed all of Plaintiffs' arguments which made their way into the eight pending discovery disputes. *Compare* (doc. 776-2) *with* (doc. 811 at 2–4). Second, Plaintiffs submitted a sixteen-page letter to Defendants, which was submitted in the waning hours of September 28, 2026—that is, at 11:30 p.m. MST. (Doc. 776-2); (doc. 811). Again, Defendants opine that not all arguments contained within the letter were addressed in the parties' phone call. *Compare* (doc. 776-2) *with* (doc. 811 at 2–4). Thereafter, Plaintiffs filed the instant discovery disputes on October 1, 2026. *See* (docs. 775, 777, 780, 782, 784, 786, 788, 790.)

At first glance, it appears that Plaintiffs failed to comply with the dictates of LRCiv 7.2(j) in bringing forth their claims in (docs. 775, 777, 780, 782, 784, 786, 788, 790), which is sufficient grounds for this Court to disregard these motions. *See Bustamante v. Graco, Inc.*, No. CV 03-182 TUC JMR, 2005 U.S. Dist. LEXIS 49768, at *3 (D. Ariz. Dec. 1, 2005). However, taking this exchange out of isolation, and viewing it in the broader course of this litigation, it does appear that Plaintiffs rapid press to file the instant motions was based upon the impending close of written discovery on October 2, 2026. Thus, the Court will excuse the lack of professional curtesy and compliance with the Local Rules of Civil Procedure this one time. However, this is not a blank check going forward.[5]

"***The Court advises counsel to do better***. The Court's conferral requirement serves an important function in 'encouraging parties to resolve amicably disputes when possible, preserving judicial resources for those matters that require the court's intervention.'"

[5] The Court, in its discretion, will not strike Plaintiffs' sixteen-page letter attached as an exhibit to (doc. 775).

*Bowers v. State Farm Fire & Cas. Co.*, No. 6:25-cv-01615-MTK, 2026 U.S. Dist. LEXIS 100961, at *6 (D. Or. May 6, 2026) (cleaned up and emphasis added) (quoting *Thompson v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004) (noting that for a rule requiring meeting and conferring in good faith "to mean anything at all, at least the spirit of its substantive requirements must be met.")); *Edwards v. Sakir*, No. 2:25-cv-03135-VBF-SP, 2026 U.S. Dist. LEXIS 69304, at *5 (C.D. Cal. Mar. 24, 2026 ("Filing discovery motions in blatant disregard of the Local Rules is a waste of valuable judicial resources.")); *Wunderlich v. Allred*, No. 2:24-cv-001847 TLN CKD (PC), 2026 U.S. Dist. LEXIS 156943, at *5 (E.D. Cal. July 14, 2026) ("It is not the court's job to micromanage the production of requested documents in the absence of any conversation or cooperation between the parties. Rather, the moving party in a discovery motion is required to meet and confer so that such issues can be ironed out without judicial intervention."). More to the point, future failures to meet and confer may lead to the issuance of sanctions. *See* LRCiv 7.2(j) ("Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions.").

**B. Number of Interrogatories Plaintiffs are Entitled**.

While the prior issue was a close call, the instant issue is not. Full stop.

The Federal Rules of Civil Procedure note that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Commentary and caselaw have noted that permitting the maximum number of allowable interrogatories on each named defendant does not always accord with the purpose of Rule 33's limitation." *Gaby's Bags, LLC v. Mercari, Inc.*, No. 20-cv-00734-WHA (TSH), 2021 U.S. Dist. LEXIS 45961, at *2–3 (N.D. Cal. Mar. 8, 2021) (citation omitted). Rather, numerous district courts in the Ninth Circuit have applied a 25-interrogatory-per-side rule "when the parties to an action are nominally separate." *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, No. 22-cv-00676-H-MSB, 2023 U.S. Dist. LEXIS 108433, at *4 (S.D. Cal. June 22, 2023) (cleaned up) (collecting cases). "Parties may be considered nominally separate when

represented by a single attorney, when there is unity of action, or when there is a legal relationship between parties." *21X Capital Ltd. v. Werra*, No. C06-04135 JW (HRL), 2007 U.S. Dist. LEXIS 75487, at *2–3 (N.D. Cal. Oct. 2, 2007) (citation omitted).

This is not a close question. Plaintiffs—*i.e.*, United Association National Pension Fund ("UANPF") and Saskatchewan Healthcare Employees' Pension Plan ("SHEPP")—are nominally separated, entitling them to only 25 interrogatories. First, UANPF and SHEPP are represented by the same counsel. Second, the history of this litigation establishes that UANPF and SHEPP have always been treated collectively, not individually. *See, e.g.*, (doc. 71) (treating the parties together as a single unit); *Freedom Found. v. Sacks*, No. 3:19-cv-05937-RBL, 2020 U.S. Dist. LEXIS 69188, at *9 (W.D. Wash. Apr. 20, 2020) (treating the defendants as nominally separated because "the Complaint consistently refers to 'Defendants' as a single unit"). Third, there is clear unity of action here based on the sharing of counsel and interest in the same outcome. Fourth, there is a legal relationship between UANPF and SHEPP as joint lead Plaintiffs. *See* (doc. 20 at 4.)

In short, Plaintiffs UANPF and SHEPP's attempt to backdoor additional interrogatories is unavailing given that, throughout the discovery process, they have always been treated collectively. Thus, Plaintiffs are only entitled to 25 interrogatories.

**C. Compound Interrogatories**.

Unlike the prior question addressed, the instant question does present a close call. To address this matter, the Court has parsed through all 25 of Plaintiffs' interrogatories propounded upon Defendants, and has reached the following conclusion. The Court agrees with Defendants' that Plaintiffs have exceeded their 25-interrogatory limit because they have propounded impermissible compound interrogatories. The Court However, the Court disagrees with Defendants' contention that Plaintiffs' have propounded 70 interrogatories.

Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Interrogatories that contain discrete subparts are compound and not permitted." *Kleovoulos v. Semtech*

*Corp.*, No. 2:25-cv-01474-MCS-AYP, 2026 U.S. Dist. LEXIS 172523, at *6 (C.D. Cal. July 31, 2026). However, "[i]nterrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (cleaned up) (quoting *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685 (D. Nev. 1997)). In other words, genuine subparts are not counted as individual interrogatories, whereas discrete or separate questions are. *See Safeco Ins. Co.*, 181 F.R.D. at 445.

"Courts have formulated various tests for determining when subparts are actually a separate interrogatory." *Warren v. Bastyr Univ.*, No. 2:11-cv-01800-RSL, 2013 U.S. Dist. LEXIS 50408, at *4 (W.D. Wash. Apr. 8, 2013). "Interrogatory subparts are counted as a single interrogatory if 'they are logically or factually subsumed within and necessarily related to the primary question.'" *Id.* (quoting *Safeco Ins. Co.*, 181 F.R.D. at 445). "A single question asking for several bits of information relating to the same topic counts as one interrogatory. (E.g., 'State the name, address and telephone number of each person present at the meeting.')." *Hasan v. Johnson*, No. 1:08-cv-00381-GSA-PC, 2012 U.S. Dist. LEXIS 21578, at *13 (E.D. Cal. Feb. 21, 2012). "However, questions seeking information about separate subjects count as several interrogatories. (E.g., 'Were you ever discharged from any employment for incompetency or did you ever sue a former employer for any reason?')." *Id.* (citing *Kendall*, 174 F.R.D. at 686). "For example, Interrogatories requesting (1) facts (information about a certain event), (2) persons (identify each person who knew), and (3) documents (identify documents in support) have three discrete subparts, with different themes." *Hasan*, 2012 U.S. Dist. LEXIS 21578, at *13 (citing *Superior Communs. v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) ("Interrogatory no. 1 still has at least three discrete subparts: facts; persons; and documents.")).

Here, Defendants argue that several of Plaintiffs' interrogatories are impermissible compound interrogatories. (Doc. 811 at 6–7); (doc. 812-1.) Defendants opine that Plaintiffs exceeded their interrogatory limit by Interrogatory No. 8, pointing to Interrogatory No. 4

as an example of an interrogatory containing "two separate requests." (Doc. 811 at 6.)

The Court, upon parsing through all 25 interrogatories, disagrees with Defendants' impermissible compound interrogatory count as to all interrogatories other than Interrogatory Nos. 4 and 9. Regarding Plaintiffs' Interrogatory No. 4, it states the following:

> Identify all CFO monthly financial results meetings during the Relevant Period (*see, e.g.*, CVNA_CA_00019978, GT_Carvana_00001061, CVNA_CA_00037866, CVNA_CA_00037674), including:
> (a) the date on which each meeting occurred;
> (b) the attendees at each such meeting; and
> (c) all documents prepared for, used at, distributed at, memorializing, or otherwise concerning each such meeting.

(Doc. 776 at 5.)

Interrogatory No. 4 is impermissible as it has two discrete subparts. The first subpart contains subsections (a) and (b), which ask for facts regarding the financial result meetings held during the relevant period. The second discrete subpart is subsection (c), which asks for documents prepared for, used at, distributed at, memorializing, or otherwise concerning those financial result meeting. As past district court precedent establishes, asking for facts and documents are two discrete subparts with different themes, rendering Interrogatory No. 4 as impermissibly compound. *See Hasan*, 2012 U.S. Dist. LEXIS 21578, at *13; *see also Figuerola v. Nationwide Agribusiness Ins. Co.*, No. 2:19-cv-07491-FMO-MAA, 2020 U.S. Dist. LEXIS 272194, at *23 (C.D. Cal. Aug. 28, 2020) (noting that a interrogatory requesting all facts, address and contact information for persons with knowledge of these facts, and all documents that support responses to the prior two categories "must be counted as three separate interrogatories"); *Makaeff v. Trump Univ.*, LLC, No. 10-CV-0940-GPC (WVG), 2014 U.S. Dist. LEXIS 94732, at *25–26 (S.D. Cal. July 11, 2014) ("Further, the discrete subsections in ROG No. 32 would count as individual ROGs.").

Interrogatory No. 9 is a starker example of an impermissible compound interrogatory. Interrogatory No. 9, which spans more than two pages, asks for a plethora of information regarding:

> each formal or informal investigation, inquiry, examination, audit, notice of violation, complaint, demand, administrative proceeding, disciplinary or enforcement action, consent order or agreement, settlement, or other matter, whether resolved or unresolved, by, before, or with any state, territory, the District of Columbia, or political subdivision thereof, or any agency, department, commission, board, bureau, regulator, licensing authority, motor vehicle or dealer-licensing agency, attorney general, consumer protection authority, administrative body, court, or law-enforcement authority of any such jurisdiction, relating in whole or in part to Carvana's T&R Issues that occurred during the Relevant Period, in which any Sanction against or applicable to Carvana was proposed, sought, threatened, negotiated, assessed, levied, imposed, ordered, issued, entered, agreed to, or paid. The response must include any such matter that began before or after the Relevant Period, and any Sanction proposed, sought, threatened, negotiated, assessed, levied, imposed, ordered, issued, entered, agreed to, paid, or resolved before or after the Relevant Period, if the matter or Sanction relates in whole or in part to T&R Issues that occurred during the Relevant Period.

(Doc. 780-1 at 8–10.)

Following this paragraph are 11 subsections requiring matters such as the date Defendants first learned of each matter and participated in or supervised a response or negotiation to the number of vehicle sales, customer transactions, titles, *etc.*, at issue in formal or informal investigation, inquiry, examination, audit, *etc.* (*Id.*) Suffice to say, this two-page interrogatory is not, in fact, one singular interrogatory. Rather, each subsection is its own separate interrogatory given that each request seeks different subject matter based on with different themes—*i.e.*, subsection (a) requires information based on every state or jurisdiction involved in an investigation, which is a different theme than subsection (b) which seeks the date they first learned of the matter and the employee or officer who received notice of the investigation. Consequently, the Court agrees with Defendants that Interrogatory No. 9 is an impermissible compound interrogatory that amounts to 12 individual interrogatories.

Based upon the following, the Court finds that Plaintiffs have propounded 37 interrogatories upon Defendants. Thus, Plaintiffs have exceeded their limit by 12 interrogatories. Furthermore, while the Court may grant leave to file additional

interrogatories, *see* Fed. R. Civ. P. 33(a)(1), Plaintiffs have neither made a particularized showing for such a need based on the expansive discovery they have already obtained and given the fact that the instant motions were filed on the eve of the written discovery deadline. Thus, the Court does not excuse Plaintiffs' actions in exceeding Rule 33's interrogatory limitations.

**D. Merits of Defendants' Objections in Response to Interrogatories**.

Given the immediately prior finding, the Court shall not address the merits of Plaintiffs' claims as to Defendants' objections to their propounded interrogatories. Doing so would be unproductive and a waste of scarce judicial resources.

Rather, the Court will direct Plaintiffs to select 25 of their interrogatories that they would like Defendants to respond to. Thereafter, the parties shall meet and confer in ***good faith***, *see supra* section III.A., to address Defendants' objections and whether supplemental responses are in order. To aid in this endeavor, the Court shall provide three notes. First, the Court reiterates what it has already stated before, that pure, boilerplate or generalized objections bereft of any detailed analysis or explanation are insufficient and are "tantamount to not making any objection at all." *Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC (WVG), 2013 U.S. Dist. LEXIS 34974, at *18 (S.D. Cal. Mar. 12, 2013) (quoting *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)); (doc. 734 at 16.) However, where Defendants have provided explanations regarding their objections, such as their assertion that Interrogatory No. 24 is unduly burdensome, *see* (doc. 782-1 at 48–49), Plaintiffs should truly ponder the fruitfulness of challenging such an objection. *Cf. Becker v. TIG Ins. Co.*, No. 3:21-cv-05185-JHC, 2022 U.S. Dist. LEXIS 193508, at *7 (W.D. Wash. Oct. 24, 2022) ("Courts confronting overbroad interrogatories need not impose limiting constructions but may instead deny the request to compel responses."); *Plata v. Lands' End, Inc.*, No. 5:24-cv-00723-MEMF-SP, 2026 U.S. Dist. LEXIS 21421, at *14 (C.D. Cal. Feb. 2, 2026) ("Plaintiff may need discovery throughout the proposed class period, but that does not mean he needs every document concerning every sale during that period at this stage.").

Second, the Court will not consider any motion where it appears that the parties have not conferred in good faith to seek resolution outside of the courtroom. *See Bustamante*, 2005 U.S. Dist. LEXIS 49768, at *3. And third, if this matter cannot be resolved absent judicial intervention, the parties are forewarned that any side's arguments and requests lacking merit may result in cost shifting. *See* Fed. R. Civ. P. 37(a)(5)(A), (B); *see also Byzantine Catholic Eparchy of Phx. v. Burri Law PA*, No. CV-20-00779-PHX-ROS, 2022 U.S. Dist. LEXIS 153140, at *4 (D. Ariz. June 17, 2022) ("The losing party to a discovery motion bears the burden of demonstrating substantial justification or unjust circumstances."); *cf. Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) ("We have not required a finding of bad faith on the part of the attorney before imposing sanctions under Rule 37.").

For the foregoing reasons, Plaintiffs' motions to compel interrogatory responses (docs. 775, 777, 780, 782, 784, 786) are denied without prejudice.

**E. RFA No. 3**.

The next issue the Court must address is whether it shall compel Defendants to respond to RFA No. 3. (Doc. 788.) Plaintiffs' RFA No. 3 requests Defendants "[a]dmit the genuineness and authenticity, within the meaning of Rule 901 of the Federal Rules of Evidence, of each document identified in the chart attached hereto as Exhibit A." (Doc. 789-1 at 9.) The 'exhibit A' in question is 194-pages long, containing 8,536 documents that Plaintiffs request Defendants authenticate via RFA No. 3. *See* (doc. 78-2 at 39–233.)

Plaintiffs aver that "Rule 36 expressly authorizes requests concerning 'the genuineness of any described documents[.]'" (Doc. 788 at 2) (quoting Fed. R. Civ. P. 36(a)(1)(b)). Plaintiffs are correct in this assertion. *See K.C.R. v. Cnty. of L.A.*, No. CV 13-3806 PSG (SSx), 2014 U.S. Dist. LEXIS 98278, at *14 (C.D. Cal. July 14, 2014) ("Rule 36(a) specifically provides that a party may serve a written request on another party to admit the genuineness of any described documents, not sentences or passages of documents[.] Once a document is authenticated, all of its contents are necessarily authenticated, and the purpose of Rule 36(a) of narrowing the range of issues for trial is

furthered.") (citations omitted). Plaintiffs also assert that the volume of documents requested to be authenticated is not an issue either. *See* (doc. 788 at 2–3.) On this matter, the Court disagrees.

As an initial matter, the Court finds that Defendants' undue burden argument specific enough to render it non-boilerplate. *See* (doc. 789-1 at 9–10.) Thus, Defendants' undue burden argument is proper here. *See A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as overly burdensome and harassing are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.").

More to the point, the Court agrees that requiring Defendants to authenticate 8,536 documents of varying page lengths—wherein the list containing all the document names alone is 139-pages long—is unduly burdensome. *See, e.g.*, *Thompson v. C&H Sugar Co.*, No. 12-cv-00391 NC, 2014 U.S. Dist. LEXIS 42618, at *3 (N.D. Cal. Mar. 28, 2014) ("Plaintiffs ask Defendants, through either a request for admissions or a 30(b)(6) witness, to authenticate the genuineness of all the documents C&H has produced in this litigation, which amount to over 14,000 pages. Plaintiffs do not explain the need to authenticate every document produced in this case, and the Court will not order defendants to undergo that burden."); *Satchell v. FedEx Express*, Nos. C 03-02659 SI, C 03-2878 SI, 2006 U.S. Dist. LEXIS 76246, at *19 (N.D. Cal. Oct. 6, 2006) ("By requesting defendant to make admissions regarding hundreds of deposition exhibits, or paper personnel files, plaintiffs inappropriately put the burden on defendant to sift through the voluminous discovery in this case.") (cleaned up); *Klopman-Baerselman v. Air & Liquid Sys. Corp.*, No. 3:18-cv-05536-RJB, 2019 U.S. Dist. LEXIS 188349, at *9–10 (W.D. Wash. Oct. 30, 2019) ("Although portions of the materials referenced in RFA No. 15 may be relevant and important to Plaintiff's claims, authentication of more than 11,000 pages of various materials does not appear proportional to the needs of this case."). The cases in which Plaintiffs have relied upon to rebut this finding are unavailing given that the number of documents requested to be authenticated collectively does not exceeds 500 documents. *See*

*Mirae Asset Sec. Co. v. Ryze Renewables Holdings, LLC*, No. 2:23-cv-01492-APG-NJK, 2026 U.S. Dist. LEXIS 123604, at *4–5 (D. Nev. June 3, 2026) (requesting authentication for two documents); *see also Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943 LAB (JMA), 2018 U.S. Dist. LEXIS 101719, at *3–6 (S.D. Cal. June 15, 2018) (requesting authentication for three documents); *Adobe Sys. v. Christenson*, No. 2:10-cv-00422-LRH-GWF, 2011 U.S. Dist. LEXIS 16977, at *23–24 (D. Nev. Feb. 7, 2011) (discussing 20 RFAs that requested authentication for one website posting each, for a total of 30 website postings); *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 442 (N.D. Ind. 1986) (requesting authentication for 244 exhibits); *Est. of Manship v. United States*, 232 F.R.D. 552, 559 (M.D. La. 2005) (requesting authentication for four documents).

Plaintiffs must select 250 or less documents for authentication that are most likely to be relevant to any dispositive motion and trial. These documents must not have been created by non-Carvana sources. *See* ("An affiant seeking to authenticate a document via personal knowledge under Federal Rule of Evidence . . . 901(b)(1) must be a witness who wrote it, signed it, used it, or saw others do so." *Sullivan v. City of Marysville*, No. C13-0803JLR, 2014 U.S. Dist. LEXIS 14318, at *6 (W.D. Wash. Feb. 5, 2014) (citations omitted). Once Plaintiffs have selected their subset of document, the parties shall meet and confer in good faith on whether authentication by stipulation or a request for admissions is the most efficient manner of authentication. Hence, Plaintiffs' "Motion to Compel Responses from Carvana Co. to Request for Admission No. 3" (doc. 788) is granted in part as to Plaintiffs and granted in part as to Defendants.

**F. RFA Nos. 50, 54, 85, 89, 93, 99, 118, 150, and 161**.

Because several of Defendants' responses do not fairly respond to the substance of Plaintiffs' RFAs at issue, the Court shall grant the instant Motion in part.

Rule 36 requires the following when a party responds to an RFA:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4).

Here, Defendants' responses to RFA Nos. 50, 54, and 118 are evasive and fail to fairly respond to the substance of Plaintiffs' requests. Specifically, RFA No. 50 requests Defendants:

> [a]dmit that on August 5, 2020, during an earnings call, [Defendant] Jenkins stated:
>
> [T]here are definitely some exciting trends in retail GPU. I think the most exciting is that, as I mentioned earlier, in July, we bought more than 100% as many cars from customers as we sold to customers. . . .
>
> I think that's obviously a positive, that drives wholesale GPU, that drives incremental retail GPU, because cars that you acquire from customers are typically more profitable than cars that you acquire at auction.

(Doc. 789-1 at 27.)

Similarly, RFA Nos. 54 and 118 contained edited portions of Form 10-Ks filed by Defendants with the Security and Exchange Commission. *See* (*id.* at 28, 45–46.) Defendants' sole response to these RFAs was "denied." (*Id.* at 27–28, 45–46.) Given that these are direct quotes, albeit with modifications, from statements and documents created by Defendants, the Court finds that a denial without explanation does not fairly respond to the substance of the matter as required by Rule 36(a)(4). Thus, Defendants must supplement their responses.

The Court turns next to RFA Nos. 85, 89, and 93. These RFAs request Defendants to admit several statements made by Defendant Jenkins at an August 11, 2021, J.P. Morgan Auto Conference. *See* (*id.* at 36–39.) Defendants' response to each includes the following language:

> Defendant incorporates each of the General Objections and Objections to Definitions and Instructions as if fully set forth in this Response. Subject to and without waiving the foregoing objections, Defendant states that after a reasonable inquiry the information he knows or can readily obtain is insufficient to enable him to admit or deny, due to lack of recollection of specific statements made at a J.P. Morgan Auto Conference on August 11, 2021, and on that basis denies the Request.

(*Id.*)

The Court shall deny Plaintiffs' request as to RFA Nos. 85, 89, and 93. Defendants' responses comply with Rule 36(a)(4) as the responses note that Defendants conducted a reasonable inquiry and that, due to lack of recollection, are unable to admit or deny the statements. *See Bingham v. Marriott Int'l, Inc.*, No. 8:21-cv-00836-JLS (JDEx), 2022 U.S. Dist. LEXIS 55447, at *5 (C.D. Cal. Feb. 17, 2022) ("If an answering party asserts lack of knowledge or information as a reason for failing to admit or deny, the party must state 'that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.'") (quoting Fed. R. Civ. P. 36(a)(4)).

Finally, the Court turns to RFA Nos. 99, 150, and 161. In these RFAs, Plaintiffs request that Defendants admit or deny that a Wall Street Journal exposé quotes a Carvana Spokeswoman with a specific quote of that spokeswoman as well as a request to admit or deny that that Michigan Department of State made a specific announcement on October 7, 2022. (Doc. 789-1 at 40, 55, 58–59.) Defendants file objections to RFA Nos. 99 and 161, wherein they note that after a reasonable investigation they are unable to admit or deny the request. (*Id.* at 58–59.) Defendants, in response to RFA No. 150, solely write "denied." (*Id.* at 55.) Defendants' response to RFA No. 99 and 161 comply with Rule 36(a)(4), but their response to RFA No. 150 does not because a denial without explanation in this situation does not fairly respond to the substance of the matter as required by Rule 36(a)(4). Thus, Defendants shall be directed to supplement their responses to RFA No. 150.

**G. The Parties' Joint Motion for Discovery**.

The final matter the Court shall address is whether Plaintiffs are entitled to private settlement communications and documents between Defendants and a state attorney general formerly associated with the Investigation. (Doc. 794.) The Court shall deny Plaintiffs request because they have failed to meet their heightened burden in this matter.

Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Generally, courts construe this rule broadly "because wide access to relevant facts serves the integrity and fairness of

the judicial process by promoting the search for the truth." *Epstein v. MCA*, 54 F.3d 1422, 1423 (9th Cir. 1995) (citation omitted). "However, the right of a party to obtain discovery is not unlimited." *Id.* For example, courts in this Circuit "have granted protective orders to protect confidential settlement agreements" in the context of discovery. *Phillips v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citing *Kalinauskas v. Wong*, 151 F.R.D. 363, 365–67 (D. Nev. 1993)).

"On a motion to compel discovery, the moving party carries the initial burden of demonstrating relevance." *Muzi Gao v. Campus 150 Venture II*, No. 8:20-01355 DDP (ADSx), 2021 U.S. Dist. LEXIS 246093, at *6 (C.D. Cal. Oct. 29, 2021). Regarding whether a confidential settlement agreement is discoverable, courts within the Ninth Circuit apply a heightened burden upon the party seeking discovery. *See Big Baboon Corp. v. Dell, Inc.*, No. CV 09-01198 SVW (SSx), 2010 U.S. Dist. LEXIS 108027, at *18 (C.D. Cal. Oct. 8, 2010) ("Several courts in the Ninth Circuit have recognized that even though settlement agreements may be discoverable in some circumstances, the public policy favoring efficient settlements supports heightened scrutiny regarding their production."); *see also Zucchella v. Olympusat, Inc.*, No. CV 19-7335-DSF (PLAx), 2020 U.S. Dist. LEXIS 210859, at *26–27 (C.D. Cal. Nov. 2, 2020) (same); *cf. Thomasian v. Wells Fargo Bank, N.A.*, No. 03:12-cv-01435-HU, 2013 U.S. Dist. LEXIS 119554, at *3 (D. Or. Aug. 22, 2013) ("A strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated.") (citation omitted); *T1 Payments, LLC v. New U Life Corp.*, No. 2:19-cv-01816-APG-DJA, 2021 U.S. Dist. LEXIS 222830, at *19 (D. Nev. Nov. 17, 2021) ("Although not amounting to a recognized privilege, public policy generally favors confidential settlements because they often assist parties in resolving their disputes by mutual agreement. Accordingly, the secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection.") (cleaned up).

Plaintiffs have not met their heightened burden here. Particularly, the Court finds that Plaintiffs assertions that "[t]hese communications concern Class Period T&R failures

and bears on falsity, materiality, and knowledge," (doc. 794 at 4), insufficient for lack of any particularized explanation. Moreover, while this Court has construed relevancy broadly and liberally in this action, it appears too far attenuated to find Defendants' settlement negotiations with a singular state's attorney general at all relevant towards Defendants' knowledge and scienter during the relevant period. *See Big Baboon Corp.*, 2010 U.S. Dist. LEXIS 108027, at *18 (C.D. Cal. Oct. 8, 2010) ("It is axiomatic that [a party] is not required to produce confidential information that is not relevant to the parties' claims or defenses in this action.").

All told, while the Court disagrees with Defendants' assertion that Plaintiffs are attempting to interject themselves into private settlement negotiations, the Court nevertheless finds that Plaintiffs are not entitled to access materials and communications related to those settlement agreements. Given this, and considering the "broad latitude" the Court is invested with "to grant protective orders" under Rule 26(c), *Phillips*, 307 F.3d at 1211, the Court shall grant the Joint Discovery Motion as to Defendants.

## IV. CONCLUSION.

For the foregoing reasons, (doc. 775) is granted as to Defendants, (docs. 777, 780, 782, 784, 786) are denied without prejudice, (docs. 788, 790) are granted in part as to each party, and (doc. 794) is granted as to Defendants. The parties are directed to meet and confer in good faith within the next 14 days regarding Plaintiffs interrogatories and RFAs as limited by this order. The parties may seek judicial guidance on these matters ***AS A LAST RESORT***. However, the parties are put on notice that (a) the presentation of factually or legally meritless claims and (b) the failure to meet and confer in good faith may result in sanctions, including shifting some, if not all of the costs for litigating or defending such motion(s).[6]

---

[6] As a final matter, the Court shall grant Defendants' "Motion to Seal and/or Redact Joint Discovery Motion and Exhibits" ("Motion to Seal") (doc. 795.) The Court shall do so because the District Court granted a Protective Order which rationally covers these documents. *See* (doc. 136.) Hence, the District Court has, *ipso facto*, determined that good cause exists to protect these documents. *See, e.g.*, *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1214 (9th Cir. 2002) ("When a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing

Accordingly,

**IT IS ORDERED** that (doc. 775) is **GRANTED** as to Defendants for the reasons stated herein.

**IT IS FURTHER ORDERED** that (docs. 777, 780, 782, 784, 786) are **DENIED WITHOUT PREJUDICE** for the reasons stated herein. Plaintiffs are directed to select 25 of their 37 interrogatories, and thereafter meet with Defendants within 14 days regarding the same. The parties shall meet and confer in good faith. The failure to do so may result in immediate denial of any discovery motion on the matter or sanctions.

**IT IS FURTHER ORDERED** that (doc. 788) is **GRANTED IN PART** as to Plaintiffs and **GRANTED IN PART** as to Defendants for the reasons stated herein. The parties must meet and confer in good faith within 14 days on a subset of 250 or less documents chosen by Plaintiffs for authentication. These documents must not have been created by non-Carvana sources.

**IT IS FURTHER ORDERED** that (doc. 790) is **GRANTED IN PART** as to Plaintiffs and **GRANTED IN PART** as to Defendants for the reasons stated herein. Defendants are directed to supplement their responses to RFA Nos. 50, 54, 118, 150 within 14 days.

**IT IS FURTHER ORDERED** that (doc. 794) is **GRANTED** as to Defendants.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal (doc. 795) is **GRANTED**. The Clerk of Court is kindly directed to file (doc. 796) and the enclosed exhibits **UNDER SEAL**.

Dated this 9th day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

---

the needs for discovery against the need for confidentiality.").